1   CARLOS HOLGUÍN (Cal. Bar No. 90754)
    Center for Human Rights and Constitutional Law
2   256 South Occidental Blvd.
    Los Angeles, CA 90057
3   Telephone: (213) 388-8693, ext. 309
    Facsimile: (213) 386-9484
4   email: crholguin@centerforhumanrights.org

5   *Listing continued on next page*
    *Attorneys for Plaintiffs*

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                            WESTERN

11

12  LUCAS R., by his next friend MADELYN        Case No. 2:18-cv-05741
    R.; DANIELA MARISOL T., by her next
13  friend KATHERINE L.; MIGUEL ANGEL           **EX PARTE APPLICATION FOR**
    S., by his next friend GERARDO S.;          **LEAVE TO PROCEED USING**
14  GABRIELA N., by her next friend ISAAC       **PSEUDONYMS AND**
    N.; JAIME D., by his next friend REYNA      **SUPPORTING**
15  D.; SAN FERNANDO VALLEY REFUGEE             **MEMORANDUM**
    CHILDREN CENTER, INC.;
16  UNACCOMPANIED CENTRAL AMERICAN
    REFUGEE EMPOWERMENT,
17
                        Plaintiffs,
18
            v.
19
    ALEX AZAR, Secretary of U.S.
20  Department of Health and Human
    Services; E. SCOTT LLOYD, Director,
21  Office of Refugee Resettlement of the
    U.S. Department of Health & Human
22  Services,

23                      Defendants.

24

25

26

27

28

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON CIESLAK (Cal. Bar No. 268951)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email: swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-cv-05741

1
2

## EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS

3   Pursuant to Local Rule 7-19, Plaintiffs respectfully apply to this Court ex parte
4   for permission to use pseudonyms for the named Plaintiffs and Next Friends who
5   bring the above-captioned action.

6   This application is based upon the accompanying Memorandum, a Declaration
7   of Counsel submitted pursuant to Local Rule 7-19.1, Attachment A to this Ex Parte
8   Application, which Plaintiffs simultaneously seek to file under seal, and all other
9   matters of record.  Defendants have represented to Plaintiffs that they do not oppose
10  this application.

## MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS

11
12

13  Plaintiffs seek permission to use pseudonyms for the named Plaintiffs and Next
14  Friends who bring this suit.[1]  The named Plaintiffs are minors who currently are in the
15  immigration detention custody of the Office of Refugee Resettlement ("ORR").  The
16  claims and allegations in the Complaint implicate several highly private interests for
17  the named Plaintiffs who are identified, and thus protection of their identities and
18  those of their Next Friends is warranted.  The named Plaintiffs have an interest in
19  maintaining their privacy while in immigration custody and in their private medical
20  and mental health information.  Plaintiffs seek to use pseudonyms for the named
21  Plaintiffs and their Next Friends to avoid the negative consequences the public may
22  attribute to being in immigration custody and to requiring psychological and
23  psychiatric care, and to avoid negative reprisals from their custodians for speaking out
24  regarding their treatment while in immigration detention.  Plaintiffs have advised
25  Defendants' counsel[2] of this application, and Defendants' counsel has indicated that

26
27
28

---

[1] Plaintiffs set forth the proposed pseudonyms and corresponding true names of the named Plaintiffs and their Next Friends in Attachment A, which Plaintiffs simultaneously seek leave to file under seal.
[2] Sarah Fabian, Senior Litigation Counsel, PO Box 868, Ben Franklin Station,

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-CV-05741

1    they would not oppose the application.

2        The Court has discretion to allow the named Plaintiffs and their Next Friends to

3    proceed using pseudonyms.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d

4    1058, 1068 (9th Cir. 2000); *see also Doe v. Lincoln Unified Sch. Dist.*, 188 Cal. App.

5    4th 758, 766 (2010) (noting the "United States Supreme Court has also implicitly

6    endorsed the use of pseudonyms to protect a plaintiff's privacy") (collecting cases);

7    *Flores v. Sessions*, No. 85-cv-04544-DMG-AGR (C.D. Cal.) (ECF No. 416), Order

8    Granting Plaintiffs' Ex Parte Application for Leave to Proceed Using Pseudonyms.

9    The Ninth Circuit recognizes that parties may "use pseudonyms in the 'unusual case'

10   when nondisclosure of the party's identity is necessary to protect a person from

11   harassment, injury, ridicule, or personal embarrassment."  *Does I thru XXIII*, 214 F.3d

12   at 1067-68.  The Ninth Circuit has endorsed a balancing test to assess whether a

13   litigant may preserve his anonymity.  *Id.*  Under that test, the court looks to whether

14   "the party's need for anonymity outweighs prejudice to the opposing party and the

15   public's interest in knowing the party's identity."  *Id.*

16       Courts have identified several common features in cases in which parties have

17   been permitted to proceed under a fictitious name, including "(1) when identification

18   creates a risk of retaliatory physical or mental harm . . . ; (2) when anonymity is

19   necessary 'to preserve privacy in a matter of sensitive and highly personal nature' . . .;

20   and (3) when the anonymous party is 'compelled to admit [his or her] intention to

21   engage in illegal conduct, thereby risking criminal prosecution.'"  *Id.* (internal

22   citations omitted) (collecting cases); *see also Sealed Plaintiff v. Sealed Defendant #1*,

23   537 F.3d 185, 189-90 (2d Cir. 2008) (identifying several additional factors and noting

24   that "this list is non-exhaustive and district courts should take into account other

25   factors relevant to the particular case under consideration").

26       The named Plaintiffs' and their Next Friends' identities should be protected

27

28   Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov.

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-cv-05741

because the claims raised in the Complaint concern several matters of sensitive and highly personal nature. Moreover, identification of the named Plaintiffs' Next Friends could lead easily to the identification of the named Plaintiffs.

First, some allegations of the Complaint implicate personal information of the named Plaintiffs, their Next Friends and other family members, and their potential sponsors, including their immigration statuses and histories of trauma. The claims and information that will likely arise during this suit also implicate the details of the named Plaintiffs' immigration detention and asylum claims, and those of their Next Friends. Federal law and policy maintain personally identifying information related to such matters confidential, particularly for minors in the custody of ORR. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies … to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, *Unaccompanied Alien Children Released to Sponsors by State* (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed June 29, 2018). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or "may have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual children that could compromise the child's location or identity." *Id.*

Second, the claims raised in Plaintiffs' Complaint address the private mental and physical health information and treatment of many of the named Plaintiffs. Courts have recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). The Complaint provides information

regarding how many of the named Plaintiffs were treated for mental health disorders, information that is very private and public disclosure of which could be stigmatizing and traumatizing for them. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual") (citation omitted).

Third, the Complaint discusses the negative treatment that some Plaintiffs have experienced by the government contractors who are acting as their physical custodians, and Plaintiffs reasonably expect that further allegations will be raised in the course of the litigation. Public disclosure of the named Plaintiffs' identities and the identities of their Next Friends could put those Plaintiffs and their Next Friends at risk of retaliation.

Fourth, the identities of the named Plaintiffs and their Next Friends should be protected because the named Plaintiffs are minors and the sensitive subject matter at issue – including their private health information and immigration detention – is based exclusively on their experiences as minors. Courts consider the age of a plaintiff to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff*, 537 F.3d at 190 (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Finally, the fact that the accompanying Complaint is brought against the government also weighs in favor of permitting the named Plaintiffs and their Next Friends to proceed using pseudonyms. *See, e.g.*, *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016). Courts have observed that it is more appropriate to allow parties to proceed anonymously when they are challenging the validity of government action. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne &*

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-CV-05741

1  *Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (explaining that, unlike suits against private
2  entities which may injure their reputation, suits challenging the validity of government
3  action "involve no injury to the Government's 'reputation'").

4          "[T]he public's interest in the case [would not be] best served by requiring that
5  the litigants reveal their identities, because here, party anonymity [will] not
6  significantly obstruct the public's view of issues joined or the court's performance in
7  resolving them." *Doe v. Ayers*, 789 F.3d 946 (9th Cir. 2015) (internal quotation marks
8  and brackets omitted).  Federal Rule of Civil Procedure 5.2(a)(3) entitles the named
9  Plaintiffs to use their initials rather than their full names, and thus the general public
10  will not lose much information by allowing the children and their Next Friends to
11  proceed with pseudonyms instead.  Other relevant information important to Plaintiffs'
12  presentation of the issues, including the content of the Plaintiffs' and Next Friends'
13  experiences and their claims, would still be maintained in the public record, and the
14  Court's resolution of these Plaintiffs' claims will be public as well.

15          The use of pseudonyms is the least restrictive method of ensuring the named
16  Plaintiffs' and Next Friends' privacy while permitting the public access to the
17  maximum amount of information.  Proceeding through their true initials alone, as
18  permitted by Federal Rule of Civil Procedure 5.2(a)(3), is not sufficient to protect the
19  named Plaintiffs' privacy or the privacy of their Next Friends, as knowledgeable
20  people – including the local entities in whose physical custody the named Plaintiffs
21  still reside – would still be able to identify the named Plaintiffs and their Next Friends
22  with that information.  Accordingly, Plaintiffs seek permission to use pseudonyms for
23  the named Plaintiffs and their Next Friends.

24          Moreover, allowing the named Plaintiffs and their Next Friends to use
25  pseudonyms in publicly-filed documents would cause no prejudice to Defendants.
26  Plaintiffs simultaneously seek to file under seal Attachment A to this motion, which
27  contains a list of the named Plaintiffs' and Next Friends' true names and the
28  corresponding proposed pseudonyms for the Court and Defendants.  *Cf. Doe v. United*

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-CV-05741

*States*, 210 F. Supp. 3d at 1173 (finding no prejudice to the government in allowing plaintiffs to use pseudonyms where it can learn the plaintiffs' identities through other means).  All that the Plaintiffs seek in this motion is permission to use pseudonyms for the named Plaintiffs and Next Friends in the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to [a] defendant . . . where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

A. Granting them leave to proceed in this matter with the use of pseudonyms for the named Plaintiffs and their Next Friends;

B. Ordering that Defendants will not publicly disclose the names or personal identifying information of the named Plaintiffs and their Next Friends after Defendants learn their names and personal identifying information; and

C. Ordering that all parties shall submit pleadings, briefing, and evidence using the named Plaintiffs' and their Next Friends' pseudonyms instead of their real names, initials, and other personally identifying information.

1

Dated: June 29, 2018.                          Respectfully submitted,

2

3                                              /s/ Leecia Welch
                                               LEECIA WELCH
4                                              NEHA DESAI
                                               POONAM JUNEJA
5                                              CRYSTAL ADAMS
                                               National Center for Youth Law
6

7                                              HOLLY COOPER
                                               CARTER WHITE
8                                              University of California Davis School
                                               of Law
9
                                               CARLOS R. HOLGUÍN
10                                             Center for Human Rights &
                                               Constitutional Law
11

12                                             SUMMER WYNN
                                               MARY KATHRYN KELLEY
13                                             JON CIESLAK
                                               Cooley LLP
14
                                               Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR LEAVE TO PROCEED
USING PSEUDONYMS AND SUPPORTING
MEMORANDUM - 2:18-CV-05741