1  CARLOS HOLGUÍN (Cal. Bar No. 90754)
   Center for Human Rights and Constitutional Law
2  256 South Occidental Blvd.
   Los Angeles, CA 90057
3  Telephone: (213) 388-8693, ext. 309
   Facsimile: (213) 386-9484
4  email: crholguin@centerforhumanrights.org

5  *Listing continued on next page*
   *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D., by his next friend REYNA D.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services, <br><br> Defendants. | Case No. 2:18-cv-05741 <br><br> APPLICATION TO FILE UNDER SEAL ATTACHMENT A TO APPLICATION TO USE PSEUDONYMS |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
　　　　ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
　　　　ndesai@youthlaw.org
　　　　pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON CIESLAK (Cal. Bar No. 268951)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email: swynn@cooley.com
　　　　mkkelley@cooley.com
　　　　jcieslak@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

# APPLICATION FOR LEAVE TO FILE UNDER SEAL ATTACHMENT A TO APPLICATION TO USE PSEUDONYMS

Plaintiffs submit this unopposed[1] Application seeking leave from the Court to file under seal Attachment A to their Application to Use Pseudonyms, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. Attachment A to the Application to Use Pseudonyms contains a list of proposed pseudonyms and the corresponding true names of the named Plaintiffs and their Next Friends. As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this Application the declaration of Leecia Welch and a proposed order.

The named Plaintiffs are minors in the immigration detention custody of the Office of Refugee Resettlement ("ORR"). These youth have an interest in maintaining their privacy while in immigration custody and in their private medical and mental health information.

## **LEGAL STANDARD**

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.

---

[1] Defendants' counsel (Ms. Sarah Fabian, Senior Litigation Counsel, Office of Immigration Litigation, PO Box 868, Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov) has informed Plaintiffs that Defendants will not oppose this Application.

Cooley LLP
Attorneys At Law
San Francisco

3.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

2006) (internal quotation marks and citations omitted).  The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal Attachment A to Plaintiffs' Application to Use Pseudonyms.  The information contained in Attachment A contains only the full true names of the minor named Plaintiffs and their Next Friends, as well as the corresponding pseudonyms that Plaintiffs propose to use for these individuals during the course of this litigation.  Plaintiffs separately move for permission to proceed using pseudonyms.

The claims raised in the Complaint and the information likely to arise during the course of this litigation involve highly personal information regarding the named Plaintiffs and their Next Friends, and disclosure of this information would cause them significant harm.

I. <u>Compelling reasons support the sealing of the true names of the named Plaintiffs and their Next Friends.</u>

As addressed more fully in Plaintiffs' Application to Use Pseudonyms, Plaintiffs' claims implicate several highly private interests for the named Plaintiffs and their Next Friends, and thus protection of their identities is warranted.

First, the claims address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of many of the named Plaintiffs.  Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases).  Disclosing the named Plaintiffs' names and initials in conjunction with this information would subject them to potential stigma and humiliation.  *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual.") (citation omitted).

Second, the claims and information likely to arise during the course of this suit implicate the details of the named Plaintiffs' immigration detention and asylum claims, as well as of those of their Next Friends. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of ORR. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating to," immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, Unaccompanied Alien Children Released to Sponsors by State (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed June 29, 2018).

Further, the named Plaintiffs' identifying information should also be protected because the sensitive subject matter at issue – including their private mental health and trauma information and immigration detention – is based exclusively on their experiences as minors. Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Finally, many of the named Plaintiffs disclose in the Complaint or will likely disclose during the course of this litigation mistreatment or other negative experiences that they have experienced in the care of the government contractors acting as their

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

physical custodians. Many of them remain in the custody of these contractors, and public disclosure of their identities could put them at risk of retaliation.

Sealing the named Plaintiffs' initials as well as their full names is necessary to protect their identities. Federal Rule of Civil Procedure 5.2(a)(3) entitles the minor named Plaintiffs to use their initials rather than their full names; however, that measure is not sufficient to protect their identities. Many of the named Plaintiffs currently are or recently were detained in facilities that house relatively small numbers of youth. If the named Plaintiffs' initials were disclosed, knowledgeable members of the public – including the government contractors in whose physical custody the named Plaintiffs still reside – would be able to identify them. Thus, sealing the named Plaintiffs' initials as well as their full names is necessary to protect their highly personal information as well as to protect them from the risk of negative reprisals from their custodians or former custodians.

To protect the named Plaintiffs' identities effectively, it is also necessary to protect the names of their Next Friends, who are close family members of the named Plaintiffs. Identification of those individuals could lead easily to the identification of the named Plaintiffs.

II.    <u>Plaintiffs' sealing request is narrowly tailored.</u>

Plaintiffs seek only a limited sealing order that permits them to file Attachment A to the Application to Use Pseudonyms under seal. Attachment A contains only a list of the true names and corresponding proposed pseudonyms of the named Plaintiffs and Next Friends. Other relevant information important to Plaintiffs' presentation of the issues would still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, sealing Attachment A is the least restrictive method of ensuring the named Plaintiffs' and their Next Friends' privacy while permitting the public access to the maximum amount of information.
COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal Attachment A to the Application to Use Pseudonyms.

Dated:    June 29, 2018              Respectfully submitted,

*/s/ Leecia Welch*
LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

CARLOS R. HOLGUÍN
Center for Human Rights & Constitutional Law

SUMMER WYNN
MARY KATHRYN KELLEY
JON CIESLAK
Cooley LLP

*Attorneys for Plaintiffs*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

APPLICATION FOR LEAVE
TO FILE UNDER SEAL
2:18-CV-05741