

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LUCAS R., et al.

          Plaintiff(s),

    v.

ALEX AZAR, et al.

          Defendant(s).

CASE NO:
2:18−cv−05741−DMG−PLA

INITIAL STANDING ORDER

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

**CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

COUNSEL FOR PLAINTIFFS SHALL SERVE THIS ORDER

IMMEDIATELY ON ALL PARTIES AND/OR THEIR COUNSEL, INCLUDING

ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED

FROM STATE COURT, DEFENDANT WHO REMOVED THE CASE SHALL

SERVE THIS ORDER ON ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge Dolly M. Gee. Both

the Court and counsel bear responsibility for the progress of this litigation in

federal court. To "secure the just, speedy, and inexpensive determination"of this

case, as called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to

−1−

become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

## 1.    SERVICE OF THE COMPLAINT

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m) shall be dismissed from the action without prejudice.

## 2.    ASSIGNMENT TO A MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form.

## 3.    DISCOVERY

### a.    Discovery Matters Referred to Magistrate Judge

All discovery matters have been referred to the assigned United States Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk to schedule matters for hearing. Please comply with Local Rule 37 and deliver mandatory chambers copies of discovery-related papers to the Magistrate Judge assigned to this case rather than to this Court

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 72-2. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days

of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's courtroom deputy clerk at the time of filing.

### b.   Compliance with Fed. R. Civ. P. 26(a)

Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, **it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference**. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

### 4.   MOTIONS - GENERAL REQUIREMENTS

### a.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 7. This Court hears motions on **Fridays, beginning at 9:30 a.m.** If Friday is a national holiday, motions will be heard on the next Friday. It is not necessary to clear a hearing date with the court clerk before filing a motion, except for motions for summary judgment or preliminary injunction. If the motion date selected is not available, the Court will issue a minute order continuing the date.

### b.   Pre-Filing Requirement To Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the

conference. The *pro se* status of one or more parties does not negate this requirement.

**c.    Length and Format of Motion Papers**

Memoranda of points and authorities shall not exceed 25 pages. *See* Local Rule 11-6. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. **No supplemental brief shall be filed without prior leave of Court.**

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds 200 pages, the documents shall be placed in a Slant D-Ring binder, with an index and with each item of evidence separated by a tab divider on the right side.

**d.    Citations to Case Law**

Citations to case law must identify not only the case cited, but the specific page referenced.

**e.    Citations to Other Sources**

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

**f.    Oral Argument**

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

**5.    SPECIFIC MOTION REQUIREMENTS**

**a.    Motions Pursuant to Rule 12**

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is

granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See, e.g. *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

### b.     Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall:   (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

Counsel shall electronically file a "Notice of Lodging," attaching the proposed amended pleading as a document separate from the motion, and shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

### c.     Motions for Class Certification

Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation, during the

1  Scheduling Conference, or in a Scheduling Order. No request for relief from Local

2  Rule 23-3 is necessary.

3         **d.    Summary Judgment Motions**

4         Parties need not wait until the motion cutoff to bring motions for summary

5  judgment or partial summary judgment. The hearing on any such motion shall be

6  set for a date in advance of the Final Pretrial Conference. Each side may bring **one**

7  motion for summary judgment or partial summary judgment. The parties shall not

8  attempt to evade the page limitations for briefs by filing multiple motions.

9  **Whenever possible, the party moving for summary judgment should provide**

10  **more than the minimum 28-day notice for motions.** The parties should prepare

11  papers in a fashion that will assist the Court in absorbing the mass of facts (e.g.,

12  generous use of tabs, tables of contents, headings, indices, pinpoint citations, etc.).

13  The parties are to comply with Local Rule 56-1 through 56-2, taking into account

14  the Court's additional requirements described below.

15         **i.    Statements of Uncontroverted Facts and Genuine Disputes**

16         The Separate Statement of Uncontroverted Facts required under Local Rule

17  56-1 shall be prepared in a two-column format. The left-hand column sets forth

18  the allegedly undisputed fact. The right-hand column sets forth the evidence that

19  supports the factual statement. The factual statements should be set forth in

20  sequentially numbered paragraphs. Each paragraph should contain a narrowly

21  focused statement of fact. Each numbered paragraph should address a single

22  subject as concisely as possible. The "Conclusions of Law" portion of the

23  Statement should be inserted after the Statement of Uncontroverted Facts.

24         The opposing party's Statement of Genuine Disputes of Material Fact must

25  be in two columns and track the movant's separate statement exactly as prepared.

26  The left-hand column must restate the allegedly undisputed fact, and the right-hand

27  column must state either that it is undisputed or disputed. The oppposing party may

28  dispute all or only a portion of the statement, but if disputing only a portion, it

must clearly indicate what part is being disputed, followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of Genuine Disputes of Material Fact and Additional Material Facts. For each fact, the Response shall restate the allegedly undisputed fact and state whether the fact is disputed or undisputed by the opposing party. If the fact is undisputed, no further response is required.

If the fact is disputed, the Response shall restate the opposing party's evidence and reason for disputing the asserted fact. The moving party may provide a response to the opposing party's reason for dispute, including any reason why the evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact. This response may either be presented in three columns, with the response appearing in the right-hand column, or in two columns, with a response provided below each fact.

The Response may also include any response to additional material facts asserted by the non-moving party, and this response shall follow the format described above for the Statement of Genuine Disputes of Material Fact. The response to these additional facts shall continue in sequentially numbered paragraphs, and shall not restart the numbering.

1    All facts asserted by either party, whether disputed or undisputed, and all

2    supporting evidence cited, shall be included in the Response. **DO NOT REPEAT**

3    **DESCRIPTIONS OF AND CITATIONS TO THE EVIDENCE**. If you have

4    already described and cited the evidence once, simply refer to the earlier citation

5    succinctly (e.g., *See* supra, Fact # 1). See PDF samples on Judge Gee's Procedures

6    and Schedules website for preferred formatting examples.

7          **ii.    Supporting Evidence**

8    No party shall submit evidence other than the specific items of evidence or

9    testimony necessary to support or controvert a proposed statement of undisputed

10   fact. For example, entire deposition transcripts, entire sets of interrogatory

11   responses, and documents that do not specifically support or controvert material in

12   the separate statement shall not be submitted in opposition to a motion for

13   summary judgment.

14   Evidence submitted in support of or in opposition to a motion should be

15   submitted either by way of stipulation or as exhibits to declarations sufficient to

16   authenticate the proffered evidence, and should not be attached to the

17   memorandum of points and authorities. Documentary evidence as to which there

18   is no stipulation regarding foundation must be accompanied by the testimony,

19   either by declaration or properly authenticated deposition transcript, of a witness

20   who can establish authenticity.

21         **iii.    Objections to Evidence**

22   If a party disputes a fact based in whole or in part on an evidentiary

23   objection, the ground of the objection should be succinctly stated in a separate

24   statement of evidentiary objections in a two-column format. The left column

25   should identify the items objected to (including page and line number if applicable)

26   and the right column should set forth a concise objection (e.g., hearsay, lacks

27   foundation, etc.) with a citation to the Federal Rules of Evidence or, where

28   applicable, a case citation.

## 6.    PROPOSED ORDERS

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the Proposed Order in Word or WordPerfect format shall be emailed to Judge Gee's generic chambers e-mail address using the CM/ECF System on the day the document is e-filed.

## 7.    COURTESY COPIES

All original filings are to be filed electronically pursuant to Local Rule 5-4. The Court requires ONE mandatory chambers copy of **only** the following filed documents to be delivered to the Clerk's Office Window on the 4th floor (350 West 1st Street) no later than 12:00 p.m. the next business day after filing:

    a.  All motions and related documents and exhibits;

    b.  Criminal matters: all motions and related documents and exhibits, plea agreements, and sentencing position papers.

See below for instructions regarding courtesy copies of *ex parte* applications and related documents. Courtesy copies **DO NOT** need to be blue-backed. All mandatory chambers copies shall be two-hole punched at the top.

## 8.    TELEPHONIC HEARINGS

The Court may permit appearances or arguments by way of telephone conference calls upon a showing that a personal appearance will cause undue hardship. If you wish to appear by telephone, you must (a) email the courtroom deputy clerk and copy opposing counsel at least three (3) days in advance of the scheduled appearance; (b) use a landline to call into the bridge line provided by the clerk; and (c) be available at that number for at least 15 minutes before the time of the scheduled hearing.

## 9.    *EX PARTE* APPLICATIONS

The Court considers *ex parte* applications on the papers and does not usually

1    set these matters for hearing. If a hearing is necessary, the parties will be notified.

2    *Ex parte* applications are solely for extraordinary relief and should be used with

3    discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See*

4    *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488

5    (C.D. Cal. 1995).

6           Counsel's attention is directed to the Local Rules. *Ex parte* applications that

7    fail to conform to Local Rule 7-19 and 7-19.1, **including a statement of opposing**

8    **counsel's position**, will not be considered except on a specific showing of good

9    cause. The moving party shall electronically serve the opposing party, if possible.

10   A party is considered served once the *ex parte* application has been e-filed (all

11   parties set up for electronic service are sent a notification of ECF filing each time a

12   document is e-filed with a link to the document for one free view). Parties set up

13   for service by fax or mail must be served the *ex parte* application by fax or

14   personal service.

15          Following service of the *ex parte* papers by electronic service, fax, or

16   personal service, the moving party shall notify the opposition that opposing papers

17   must be filed no later than twenty-four (24) hours following service. **On the day**

18   **the documents are e-filed**, a conformed courtesy copy of moving, opposition, or

19   notice of non-opposition papers are to be delivered to the Clerk's Office Window

20   on the 4th floor (350 West 1st Street). Counsel will be notified by the clerk of the

21   Court's ruling. If counsel does not intend to oppose an *ex parte* application, he or

22   she must inform the courtroom deputy clerk at (213) 894-5452.

23          **10.    CONTINUANCES**

24          This Court has a strong interest in keeping scheduled dates certain. Changes

25   in dates are disfavored. Trial dates set by the Court are firm and will rarely be

26   changed. Therefore, a stipulation to continue or extend the date of any matter

27   before this Court **must** be supported by a sufficient factual basis that demonstrates

28   good cause why the change in the date is essential. Without such compelling

factual support and a showing of due diligence, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance or extension of time must electronically file a stipulation and lodge a proposed order including a **detailed** declaration of the grounds for the requested continuance or extension of time. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. **Counsel should avoid submitting requests for continuance or extension of time less than five (5) court days prior to the expiration of the scheduled date.** A request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.

**11.   ORDER SETTING SCHEDULING CONFERENCE**

Pursuant to Fed. R. Civ. P.16(b), the Court will issue an Order setting a Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

**IT IS SO ORDERED.**

DATED: July 9, 2018

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE