CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D. by his next friend REYNA D.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services, <br><br> Defendants. | Case No. CV 2:18-CV-05741-DMG <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DOCUMENTS SUBMITTED IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

1    *Counsel for Plaintiffs, continued*

2    HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic

3    CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic

4    University of California Davis School of Law
One Shields Ave. TB 30

5    Davis, CA 95616
Telephone: (530) 754-4833

6    Email:   hscooper@ucdavis.edu
           ccwhite@ucdavis.edu

7

8    LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)

9    POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law

10    405 14th Street, 15th Floor
Oakland, CA 94612

11    Telephone: (510) 835-8098
Email:   lwelch@youthlaw.org

12             ndesai@youthlaw.org
            pjuneja@youthlaw.org

13

14    CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law

15    1313 L St. NW, Suite 130
Washington, DC 20005

16    Telephone: (202) 868-4785
Email:   cadams@youthlaw.org

17

18    SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)

19    JON CIESLAK (Cal. Bar No. 268951)
MEGAN DONOHUE (Cal. Bar No. 266147)

20    Cooley LLP
4401 Eastgate Mall

21    San Diego, CA 92121-1909
Telephone: (858) 550-6000

22    Email:   swynn@cooley.com
            mkkelley@cooley.com

23             jcieslak@cooley.com
            mdonohue@cooley.com

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order (ECF 18), Plaintiffs submit this unopposed[1] Application seeking leave to file under seal portions of Exhibits 10-22 and 24-27 ("Exhibits") in support of their Motion for Class Certification.  As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Leecia Welch, a proposed order, and redacted and unredacted versions of the Exhibits.

The portions of the Exhibits that Plaintiffs seek to seal include:

- the full names or initials of the Named Plaintiffs, their Next Friends, and class members in *Flores v. Sessions*, No. 85-cv-4544,
- their alien registration numbers,
- their full birth dates, and/or
- the names of their relatives or potential sponsors and associated individuals.

*See* Welch Decl. ¶ 2 (table specifying information Plaintiffs seek to seal for each Exhibit).

These Named Plaintiffs and *Flores* class members are minors in the immigration detention custody of the Office of Refugee Resettlement (ORR).  These youth have an interest in maintaining their privacy while in immigration custody and in their private medical and mental health information.

## I.   LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1096-97.  Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

---

[1] Defendants' counsel (Marina C. Stevenson, marina.c.stevenson@usdoj.gov) has informed Plaintiffs that Defendants will not oppose this Application.

APPLICATION FOR LEAVE TO FILE UNDER SEAL
CV 2:18-CV-05741

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted).  The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## II.   ARGUMENT

### A.   There are compelling reasons to seal the portions of the documents that Plaintiffs seek to protect from public disclosure.

These documents and the related Motion for Class Certification contain highly personal information regarding the Named Plaintiffs, their Next Friends, and *Flores* Class Members, and disclosure of this information would cause them significant harm. Indeed, the Court already determined that there are compelling reasons to seal this information when it granted Plaintiffs' Ex Parte Application for Leave to Proceed Using Pseudonyms,  (ECF 18), and when it sealed some of the same declarations in *Flores v. Sessions*, No. 85-cv-4544, Dkt. No. 417.

First, the Exhibits address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of many of the Named Plaintiffs, Next Friends, and *Flores* Class Members.  Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information.  *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibits implicate the details of the Named Plaintiffs, Next Friends, and *Flores* Class Members' immigration detention and asylum claims, including their alien registration numbers.  Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement.  *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting

release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Third, the Named Plaintiffs and *Flores* Class Members' identifying information should also be protected because the sensitive subject matter at issue – including their private mental health and trauma information and immigration detention – is based exclusively on their experiences as minors. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing.").

Sealing of the Named Plaintiffs and *Flores* Class Members' initials as well as their full names is necessary to protect their identities. Many of the Named Plaintiffs and *Flores* Class Members currently are or recently were detained in facilities that house relatively small numbers of youth. If the Named Plaintiffs and *Flores* Class Members' initials were disclosed, knowledgeable members of the public – including the government contractors in whose physical custody many of the Named Plaintiffs and Flores Class Members still reside – would be able to identify them. Thus, sealing the Named Plaintiffs and *Flores* Class Members' initials as well as their full names is necessary to protect their highly personal information as well as to protect them from the risk of negative reprisals from their custodians or former custodians.

To protect the Named Plaintiffs and *Flores* Class Members' identities effectively, it is also necessary to protect the names and identifying information of their family members and potential sponsors. Identification of those individuals could lead easily to the identification of the Named Plaintiffs and *Flores* Class Members. Further, some of the Exhibits implicate personal information of the Named Plaintiffs and *Flores* Class Members' family members and potential sponsors, including their immigration status and histories of trauma.

**APPLICATION FOR LEAVE TO FILE UNDER SEAL**
**CV 2:18-CV-05741**

**B.**     **Plaintiffs' sealing request is narrowly tailored.**

Plaintiffs seek only a limited sealing order that permits them to file unredacted versions of the Exhibits under seal and redacted versions of the Exhibits in the public record.  Other relevant information important to Plaintiffs' presentation of the issues, including the content of the Named Plaintiffs, Next Friends, and *Flores* Class Members' statements and other documents, would still be maintained in the public record, and the Court's resolution of these matters will be public as well.  Plaintiffs do not seek to seal the entirety of the Exhibits, but rather specific portions necessary to protect the highly confidential and personal information of the Named Plaintiffs, Next Friends, and *Flores* Class Members.  Accordingly, filing portions of the Exhibits under seal is the least restrictive method of ensuring the Named Plaintiffs, Next Friends, and *Flores* Class Members' and their family members' privacy while permitting the public access to the maximum amount of information.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal the complete, unredacted versions of the Exhibits and to file redacted versions of the Exhibits in the public record.

//
//
//
//
//
//
//
//
//
//
//

4.

Dated: August 2, 2018.

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of
Law

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

SUMMER WYNN
MARY KATHRYN KELLEY
JON CIESLAK
MEGAN DONOHUE
Cooley LLP

*/s/ Carlos Holguin*

Carlos Holguín

*/s/ Leecia Welch*

Leecia Welch

*/s/ Holly Cooper*

Holly Cooper

*/s/ Summer Wynn*

Summer Wynn

*Attorneys for Plaintiffs*

**APPLICATION FOR LEAVE TO FILE UNDER SEAL**
**CV 2:18-CV-05741**