CHAD A. READLER
Acting Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone:  (202) 305-7816
    Fax:  (202) 616-4950
    andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>ALEX AZAR, Secretary of U.S. Dep't of Health and Human Services, *et al.*,<br>Defendants. | Case No.: 2:18-CV-05741-DMG-PLA<br><br>DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>Hearing on Motion:<br>August 31, 2018 at 9:30am<br><br>Honorable Dolly Gee |

APPLICATION FOR LEAVE TO FILE UNDER SEAL - 1

Defendants submit this Application seeking leave from the Court to file under seal 46 to 61 ("Exhibits") in support of their Opposition to Motion to Enforce the Settlement Agreement, filed concurrently herewith, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. As required by Local Rule 79-5.2.2(a), Defendants submit concurrently with this application the declaration of Andrew Insenga, a proposed order, and unredacted copies of the Exhibits.

On August 10, 2018, counsel for Defendants contacted counsel for Plaintiffs, Carlos Holguin, by telephone regarding Defendants' proposed filing, and Mr. Holguin stated that Plaintiffs do not oppose Defendants' request to file these materials under seal.

The Exhibits that Defendants seek to seal are as follows:

46. Significant Incident Report February 27, 2018
47. Significant Incident Report April 3, 2018
48.  Significant Incident Report May 22, 2018
49. New patient history and physical assessment, May 23, 2018
50. Significant Incident Report, July 17, 2018
51. Psychiatric progress note, July 10, 2018
52. Thirty-day case review
53. Thirty-day case review
54. UAC Assesment
55. Discharge notification
56. Home study
57. UAC sponsor information
58. UAC sponsor information
59. Release request, July 19, 2018 update

60. Release request, August 8, 2018 update
61. Transfer request

These records contain personally identifiable information and other highly personal information regarding class members, and in some cases regarding other individuals who are proposed sponsors of these class members or members of the proposed sponsors' households. Given the sensitive nature of the information in these records, there is compelling reason to file them under seal in order to protect the privacy of the individuals identified in these records and to avoid stigma or embarrassment to those individuals. Moreover, because of the detailed and intricate nature of the information provided in these documents, Defendants cannot be sure which information, if disclosed, might allow identification of the individuals referenced in the documents or cause embarrassment or stigma to any individual. Therefore Defendants seek to seal these documents in their entirety.

## ARGUMENT

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir.2003). Accordingly, the default rule is that "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption [in favor of access to court

records] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006).

Compelling reasons support sealing these exhibits. They contain highly personal information regarding class members, and in some cases their sponsors or other members of the sponsors' households. Specifically, these Exhibits contain sensitive information regarding the individuals' mental and physical health, medical treatment, and sensitive family relationships. Courts have recognized individuals' interest in the protection of such information. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). Moreover, because of the volume of detailed information provided in these documents, and the intricate nature of this information, Defendants cannot be sure which information, if disclosed, might allow identification of the individuals referenced in the documents, or cause stigma or embarrassment to the individuals referenced in these documents. Therefore Defendants seek to seal these documents in their entirety. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (granting motion to file under seal because "nearly every document in the volume at issue includes the name of, and/or personal and private medical information relating to, [Plaintiff-Appellant's] minor son."); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990) (affirming decision to seal court records containing "testimony of psychologists

and psychiatrists as to [child's] mental status" to prevent child from being "stigmatized and humiliated").

        CHAD A READLER
        Acting Assistant Attorney General
        Civil Division
        ERNESTO H. MOLINA, JR.
        Deputy Director
        BENJAMIN MARK MOSS
        Trial Attorney
        MARINA STEVENSON
        Trial Attorney

          /s/  Andrew B. Insenga
        ANDREW B. INSENGA
        Trial Attorney
        Office of Immigration Litigation
        Civil Division
        U.S. Department of Justice
        P.O. Box 878
        Ben Franklin Station
        Washington, DC 20044
        Phone:  (202) 305-7816
        Fax:  (202) 616-4950
        andrew.insenga@usdoj.gov
        Attorneys for DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system. Documents associated with this filing that are proposed to be filed under seal will further be served on Plaintiffs' counsel of record by other means.

/s/ *Andrew B. Insenga*
ANDREW B. INSENGA
U.S. Department of Justice
Office of Immigration Litigation

Attorney for Defendants