1  CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
   Center for Human Rights & Constitutional Law
2  256 South Occidental Boulevard
   Los Angeles, CA 90057
3  Telephone: (213) 388-8693
   Email: crholguin@centerforhumanrights.org
4

5  *Listing continues on next page*

6  *Attorneys for Plaintiffs*

7
8                  UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
10

11 | LUCAS R., *et al.*, | Case No. CV 2:18-CV-05741-DMG |
12 | Plaintiffs, | **APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION RE: PLAINTIFF GABRIELA N.** |
13 | v. |
14 | ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*, |
15 |  |
16 | Defendants. |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
       ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
       ndesai@youthlaw.org
       pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON F. CIESLAK (Cal. Bar No. 268951)
MEGAN L. DONOHUE (Cal. Bar No. 266147)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email: swynn@cooley.com
       mkkelley@cooley.com
       jcieslak@cooley.com
       mdonohue@cooley.com

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order granting leave to use pseudonyms (ECF 18), Plaintiff Gabriela N. submits this unopposed[1] Application seeking leave to file under seal the entirety of Exhibits 28, 32, and 34, and portions of Exhibits 2-5, 7-27, 29-31, and 33 ("Exhibits") in support of her Motion for Preliminary Injunction. As required by Local Rule 79-5.2.2(a), Plaintiff submits concurrently with this application the declaration of Leecia Welch, a proposed order, redacted and unredacted versions of Exhibits 2-5, 7-27, 29-31, and 33, unredacted Exhibits 28, 32, and 34, and proposed order.

Exhibits 28, 32, and 34, and the portions of Exhibits 2-5, 7-27, 29-31, and 33 that Plaintiff seeks to seal include:

- the full names or initials and birth dates of Gabriela and her Next Friend, Isaac N.,
- Gabriela's alien registration numbers, medical record number, and case numbers,
- Isaac's address and telephone number,
- Gabriela's picture, and
- the names, full birth dates, addresses, and telephone numbers of their relatives, Gabriela's other potential sponsors, and other associated individuals.

*See* Welch Decl. ¶ 3 (table specifying information Plaintiff seek to seal for each Exhibit).

Exhibits 28, 32, and 34, which Plaintiff seeks to seal in their entirety, contain a psychological evaluation of Gabriela and home studies of Isaac. Due to the detailed nature of these documents, the sensitive information contained in these documents

---

[1] Defendants' counsel (Benjamin M. Moss, benjamin.m.moss2@usdoj.gov@usdoj.gov) has informed Plaintiffs that Defendants will not oppose this Application.

cannot be separated from other information therein, and therefore Plaintiff seeks to seal the documents in their entirety.

Gabriela is a minor in the immigration detention custody of the Office of Refugee Resettlement (ORR). She has an interest in maintaining her privacy while in immigration custody and in her private medical and mental health information.

## I. LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## II. ARGUMENT

### A. There are compelling reasons to seal the information that Plaintiff seeks to protect from public disclosure.

These documents and the related Motion for Preliminary Injunction contain highly personal information regarding Plaintiff Gabriela N., and disclosure of her identifying and similar information would cause her significant harm. Indeed, the Court already determined that there are compelling reasons to protect this and similar information previously. (ECF 18, 28, 36.)

First, the Exhibits address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of Gabriela. Courts have recognized a constitutionally protected interest

in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibits implicate the details of Gabriela's immigration detention and asylum claims, including her alien registration numbers and case numbers. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Third, Gabriela's identifying information should also be protected because the sensitive subject matter at issue – including her private mental health and trauma information and immigration detention – is based exclusively on her experience as a minor. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing.").

To protect Gabriela's identity effectively, it is also necessary to protect the names and identifying information, such as the telephone numbers and home addresses, of her family members and potential sponsors. Identification of those individuals could lead easily to the identification of Gabriela. Further, some of the Exhibits implicate personal information of Gabriela's family members and potential sponsors, including their immigration status and histories of trauma.

### B. Plaintiff's sealing request is narrowly tailored.

Plaintiff seeks only a limited sealing order that permits her to file unredacted versions of Exhibits 2-5 and 7-34 under seal and redacted versions of Exhibits 2-5, 7-27, 29-31, and 33 in the public record. Other relevant information important to Plaintiff's presentation of the issues, including the content of Gabriela's statements and other documents, would still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, filing these Exhibits and portions of thereof under seal is the least restrictive method of ensuring Gabriela's and her family members' privacy while permitting the public access to the maximum amount of information.

## III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests leave to file the entirety of Exhibits 28, 32, and 34 and the unredacted versions of Exhibits 2-5, 7-27, 29-31, and 33 under seal, and to file redacted versions of the Exhibit 2-5, 7-27, 29-31, and 33 in the public record.

| | | |
|---|---|---|
| Dated: | August 17, 2018. | CARLOS HOLGUÍN<br>Center for Human Rights &<br>Constitutional Law<br><br>HOLLY COOPER<br>CARTER WHITE<br>University of California Davis School of Law<br><br>LEECIA WELCH<br>NEHA DESAI<br>POONAM JUNEJA<br>CRYSTAL ADAMS<br>National Center for Youth Law<br><br>SUMMER WYNN<br>MARY KATHRYN KELLEY<br>JON CIESLAK<br>MEGAN L. DONOHUE<br>Cooley LLP<br><br>*/s/ Leecia Welch*<br>Leecia Welch<br><br>*Attorneys for Plaintiffs* |