1  CHAD A READLER
   Acting Assistant Attorney General
2  Civil Division
   ERNESTO H. MOLINA, JR.
3  Deputy Director
   BRIENA L. STRIPPOLI
4  Senior Litigation Counsel
   BENJAMIN MARK MOSS
5  Trial Attorney
   MARINA STEVENSON
6  Trial Attorney
   ANDREW B. INSENGA
7  Trial Attorney
   Office of Immigration Litigation
8  U.S. Department of Justice - Civil Division
        P.O. Box 878
9       Ben Franklin Station
        Washington, DC 20044
10      Phone: (202) 305-7816
        Fax:   (202) 616-4950
11      andrew.insenga@usdoj.gov
   Attorneys for DEFENDANTS

12

UNITED STATES DISTRICT COURT
13  FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                                           )  Case No.: 2-18-CV-05741
    LUCAS R., et al.,                        )
15  Plaintiffs,                              )  MOTION TO DISMISS AND
                                             )  OPPOSITION TO CLASS
                                             )  CERTIFICATION
16          vs.                              )
                                             )  Hearing on Motion to Dismiss and Class
17  ALEX AZAR, Secretary of U.S. Dep't of    )  Certification:
    Health and Human Services, et al.,       )  September 14, 2018
18  Defendants                               )
                                             )  Honorable Judge Dolly Gee
19  _____      )

20

# **TABLE OF CONTENTS**

INTRODUCTION

BACKGROUND

   I.   Plaintiffs' Complaint.......................................................................2

   II.   The *Flores* litigation .......................................................................4

ARGUMENT

   I.   The Court should dismiss this action for improper venue............................5

      A.   The *Flores* Settlement does not create venue in this district for every possible lawsuit or complaint by a *Flores* class member ..................6

      B.   This District is not the proper venue for any other complaints, whether viewed as putative a class action or habeas actions.........................7

   II.   This action is duplicative of *Flores*, and the Court should dismiss this action under Fed. R. Civ. P. 12(b)(6) and deny class certification..............13

# TABLE OF AUTHORITIES

## CASES

*Adams v. Cal. Dep't of Health Servs.*,
    487 F.3d 684 (9th Cir. 2007) ................................................................ 13, 14, 17

*Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*,
    793 F.3d 991 (9th Cir. 2015) ...........................................................................11

*Christopher v. United States*,
    No. 01-3613, 2001 WL 1256915 (N.D. Cal. Oct. 12, 2001) ................................9

*Clardy v. Pinnacle Foods Grp., LLC*,
    No. 16-CV-04385, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017)...........................13

*Clements v. Airport Auth. of Washoe County*,
    69 F.3d 321 (9th Cir. 1995) ...........................................................................17

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ..........................................................................5

*Flores v. Lynch*,
    828 F.3d 898 (9th Cir. 2016) ...........................................................................16

*Flores v. Sessions*,
    862 F.3d 863 (9th Cir. 2017) ...........................................................................16

*Jenkins v. West*,
    No. 95-0789, 1995 WL 704018 (D.D.C. Oct. 23, 1995) ......................................9

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952)..................................................................................... 14, 16

*Kim v. McHugh*,
    No. 13-00616, 2014 WL 1580614 (D. Haw. Apr. 18, 2014) ................................9

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
    787 F.3d 1237 (9th Cir. 2015) .........................................................................13

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ...............................................................11

*Nat'l Ass'n of Home Builders v. EPA*,
   675 F. Supp. 2d 173 (D.D.C. 2009)........................................................8

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ..................................................................17

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ..............................................................5, 6

*Plack v. Cypress Semiconductor*,
   864 F. Supp. 957 (N.D. Cal. 1994) ................................................. 13, 14

*Reuben H. Donnelley Corp. v. F.T.C.*,
   580 F.2d 264 (7th Cir. 1978) ............................................................9, 10

*Rubio v. Monsanto Co.*,
   181 F. Supp. 3d 746 (C.D. Cal. 2016) ..................................................12

*Rumsfeld v. Padilla*,
   542 U.S. 426 (2004)................................................................................8

*Saleh v. Titan Corp.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005)..................................................11

*Saracia v. Sessions*,
   280 F. Supp. 3d 1168 (N.D. Cal. 2017) ..................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..............................................................................16

## **STATUTES**

6 U.S.C. § 279 .........................................................................................2

8 U.S.C. § 1232 .......................................................................................2

28 U.S.C. § 1391(e)(1).......................................................................6, 10

28 U.S.C. § 1406(a) ...........................................................................................11

28 U.S.C. §§ 84(b) .............................................................................................8

## **RULES**

Fed. R. Civ. P. 12(b)(3)..................................................................................2, 6

Fed. R. Civ. P. 12(b)(6)................................................................................2, 16

Fed. R. Civ. P. 60(b)(5)...................................................................................20

**INTRODUCTION**

Defendants move to dismiss the Complaint (Compl.), ECF No. 1, and oppose the pending Motion for Class Certification (Mot.), ECF No. 25.  The Court should dismiss this putative class action lawsuit under Fed. R. Civ. P. 12(b)(3) for improper venue.  In the alternative, the Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for being duplicative of the litigation in *Flores v. Sessions*, 85-cv-4544 (DMG) (C.D. Cal.).  As Plaintiffs' Complaint is improperly filed, the Court should also deny Plaintiffs' Motion for Class Certification.

The overarching problem with this action is that it bases its venue and jurisdiction on the *Flores* litigation while simultaneously circumventing the requirements of the settlement agreement ("*Flores* Settlement") in that case.  Ultimately, whatever the merits of Plaintiffs' underlying claims, this lawsuit is not the proper mechanism to raise the complaints.

**BACKGROUND**

**I.**   **Plaintiffs' Complaint**

Plaintiffs are five minors of varying ages and two legal assistance organizations.  Compl. ¶ 10-16.  In their action, they seek to represent a class defined as:

> All children in ORR custody pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232 —
> (a) whom ORR refuses to release to parents or other available custodians within thirty days of the proposed custodian's submitting a

complete family reunification packet on the ground that the proposed custodian is or may be unfit;

(b) who have been, are or will be placed in a secure facility, medium-secure facility, or RTC, or continued in any such facility for more than thirty days, without being afforded notice and an opportunity to be heard before a neutral and detached decision-maker regarding the grounds for such placement; or

(c) who have been or will be administered psychotropic medication without procedural safeguards, including obtaining informed consent or court authorization prior to medicating a child, involving a neutral decision-maker in the initial determination of whether to prescribe psychotropics to a child in ORR custody, and involving a neutral decision-maker to conduct periodic reviews of those medications as treatment continues; or

(d) who are natives of non-contiguous countries and to whom ORR blocks legal assistance in legal matters or proceedings involving their custody, placement, release, and/or non-consensual consumption of psychotropic drugs.  Compl. ¶ 70.

They seek to present four claims to this Court:  (1) that ORR violates their due process rights by unnecessarily delaying the release of children without a meaningful opportunity to be heard regarding the sponsor's fitness; (2) that ORR violates due process by placing the Plaintiffs in secure facilities without a meaningful opportunity to be heard before or after such placement; (3) that ORR violates their due process rights by administering medications without proper authorization; and (4) that ORR violates their due process rights by blocking legal assistance in matters relating to custody, medication, and release.  Compl. ¶ 37-39.

1

2    **II.    The *Flores* litigation**

3         The original *Flores* case was based on various allegation about the former

4    Immigration and Naturalization Service's (INS) practices involving the detention

5    of minors.  One allegation was that "defendants make no effort to assess the

6    qualifications of other adult relatives or friends regardless of how qualified and

7    responsible such adults may be."  *See Flores v. Sessions*, No. 85-cv-0544, 1985

8    Compl., ECF No. 1, ¶ 6.  Another allegation was that the INS's failure to provide

9    "prompt, mandatory, neutral and detached review following arrest of the suitability

10   of any available adult" violated the Due Process clause.  *Flores*, 1985 Compl.,

11   ECF No. 1, ¶ 69(b).  In settling the matter, class members agreed that the *Flores*

12   Settlement "constitutes a full and complete resolution of the issues raised in this

13   action."  Preamble at 4.  The *Flores* Settlement created a rudimentary process to

14   address each of the concerns involved is this current action.  Since the *Flores*

15   Settlement came to fruition, class members have filed various motions to enforce

16   its terms.

17        On July 31, 2018, the Court granted, in part, and denied, in part, the *Flores*

18   class members' most recent Motion to Enforce.  *See Flores*, July 31, 2018 Order,

19   ECF No. 409, at 27.  Pertinent here, Plaintiffs complained about:  ORR's

20   placement procedures, the nature of the licensed treatment centers, and the

1   administration of medications for mental health issues. *Id*. at 9-21.  First, the Court

2   found that the Texas facility at issue in that case was not appropriate for minors

3   who had not been deemed a risk to themselves or others. *Id*. at 14.  Second, the

4   Court ordered ORR to provide written notice of any decision to place the minor in

5   a restricted setting and to not use admitted gang affiliation as a basis to place a

6   minor in such a setting. *Id*. at 19-20.  Third, the Court ordered ORR to follow

7   Texas law in administering mental health medication. *Id*. at 24.  Fourth, for release

8   of minors to a sponsor, the Court ordered ORR to cease requiring the approval of

9   high-level officials and ordered that ORR not apply a blanket rule that post-release

10   services be in place. *Id*. at 27-21.  While that Motion was pending, the *Flores*

11   members also filed this Complaint as "an adjunct and supplement to enforce their

12   rights under the *Flores* Settlement."  *See* Compl. ¶ 2.

## ARGUMENT

13

14   **I.**      **The Court should dismiss this action for improper venue.**

15            This Court is the improper venue to pursue this class action lawsuit under

16   Fed. R. Civ. P. 12(b)(3).  In moving to dismiss for improper venue, "pleadings

17   need not be accepted as true, and facts outside the pleadings may be considered."

18   *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  Plaintiffs bear the

19   "burden of showing that venue [is] properly laid in" this Court.  *Piedmont Label*

20   *Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979).  In a suit

1  against the United States, its officers, or its agencies, a civil action "may, except as

2  otherwise provided by law, be brought in any judicial district in which (A) a

3  defendant in the action resides, (B) a substantial part of the events or omissions

4  giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property

5  is involved in the action."  28 U.S.C. § 1391(e)(1).

### A.    The *Flores* Settlement does not create venue in this district for every possible lawsuit or complaint by a *Flores* class member

Plaintiffs incorrectly assert that this Court is the proper "venue" under
Paragraph 37 of the *Flores* Settlement for their claims in this putative class action.
Compl. ¶ 8.  To the contrary, Paragraph 37 only allows a *Flores* class member to
enforce in this Court any purported violation of the provisions of *that* Settlement.
*Flores* Settlement ¶ 37.  That is not a sweeping grant of venue.

Paragraph 24B of the *Flores* Settlement specifically addresses where proper
venue lies.  It provides that one who disagrees with aspects of their placement or
treatment "may seek judicial review in any United States District Court *with
jurisdiction and venue* over the matter to challenge that placement determination or
to allege noncompliance."  *Flores* Settlement ¶ 24B (emphasis added).  In such a
case, "the United States District Court is limited to entering an order solely
affecting the individual claims of the minor bringing the action."  *Id.*  This Court is

not the venue for these complaints.[1]  Indeed, the *Flores* court has recently

reaffirmed that principle.  *See Flores*, July 31, 2018 Order, ECF No. 409, at 27

("To the extent that a particular Class Member challenges that placement

determination, he or she may seek judicial review of the decision in accordance

with Paragraph 24B.").

     Moreover, as discussed further below, any other claims based on the *Flores*

Settlement must be brought in that action—this Court is not the venue for *every*

possible lawsuit by a member of the existing *Flores* class.  Plaintiffs must,

therefore, demonstrate venue under an applicable statute.

### B.    This District is not the proper venue for any other complaints, <u>whether viewed as putative a class action or habeas actions.</u>

     Plaintiffs' superficial assertions of venue, for any issue outside of *Flores*, do

not meet their burden to demonstrate that this district is the proper venue under the

statute.  Plaintiffs suggest that this District is the proper venue because "acts

complained of herein occurred in this district, Defendants have offices in this

district."  Compl. ¶ 8.  The Complaint fails to state what event—and what

"substantial" event under the statute—occurred in this District.  Otherwise, Federal

---

[1]    Paragraph 24C of the Flores Settlement states, "With respect to placement decisions reviewed under this paragraph, the standard of review for the [former] INS's exercise of its discretion shall be the abuse of discretion standard of review. with respect to all other matters for which this paragraph provides judicial review, the standard of review shall be de novo review."

defendants do not "reside" in every possible district—or else there would be no need for the statue to establish venue through other means.

First, Plaintiffs bald assertion that some "relevant" event occurred in this District lacks any support.  Compl. ¶ 8.  They challenge the purported "unlawful policies and practices" of Defendants, Compl. ¶ 1, but they fail to illustrate how any "policy or practice" occurred in this District.  To the extent polices are challenged, an action is generally appropriate where the agency's decision-making activities took place, in the District of the District of Columbia.  *See*, *e.g*., *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009) ("In cases brought under the APA, courts generally focus on where the decision making process occurred to determine where claims arose.").

To the extent that a petition for writ of habeas corpus is sought, then only a district court with jurisdiction over a warden is appropriate:  That writ is "issuable only in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *see Saracia v. Sessions*, 280 F. Supp. 3d 1168, 1187 (N.D. Cal. 2017) (following *Padilla* to find the official tasked with enforcing contract for UAC facilities was most "immediately responsible" official).  The minors are held in HHS's custodial care in Texas, New York, Michigan, and California, but in the Eastern District.  Comp. ¶ 10-14.  None are in this district.  *See* 28 U.S.C. §§ 84(b),

102, 112, 124.  Thus, under whatever theory dominates Plaintiffs' complaint, this District is not the site of any "substantial" event.

Second, the Defendants do not "reside" in this District.  A Federal government agency generally resides where it is headquartered:  Washington, DC. *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978).[2]  In addressing the expansion of the venue rules, the Seventh Circuit recognized that it cannot simply find venue simply because an agency has an office in that district: "To hold that a federal agency can be sued . . . wherever it maintains an office would, as a practical matter, render [the other routes to venue] superfluous. With the vast growth of the federal bureaucracy, federal agencies undoubtedly have offices in most, if not all, judicial districts.  *Reuben H. Donnelley Corp.*, 580 F.2d at 267.  The Seventh Circuit concluded that there "is nothing inequitable in limiting the residence of a federal agency to the District of Columbia.  That has

---

[2]    District courts have often found that such claims against policies or practices of the Federal government are appropriately filed where the head of the agency is located, even if there is a local office.  *See*, *e.g.*, *Kim v. McHugh*, No. 13-00616, 2014 WL 1580614, at *2 (D. Haw. Apr. 18, 2014) ("although the headquarters of the United States Army, Pacific may be located in Hawaii, the Defendant in this action is the Secretary of the United States Army, John McHugh, whose principal office is the Pentagon located in the Eastern District of Virginia"); *Christopher v. United States*, No. 01-3613, 2001 WL 1256915, at *1 (N.D. Cal. Oct. 12, 2001) (dismissing for improper venue a lawsuit against heads of the military, located around Washington DC, and where pertinent events occurred in different district); *Jenkins v. West*, No. 95-0789, 1995 WL 704018, at *4 (D.D.C. Oct. 23, 1995) (same).

been the settled law for decades." *Id*.  In that case, the Seventh Circuit ultimately concluded that the local district was not the appropriate venue to sue the Federal Trade Commission, despite that Agency having a local office in the district.  *Id*. at 266-67.

Plaintiffs rely on Defendants having some unspecified office in this district. Compl. ¶ 8.  That is insufficient.  If that were the standard, then venue to challenge any agency policy would be appropriate in nearly every district in the United States.  Such a reading would render superfluous the other routes to venue:  where plaintiffs reside or where pertinent events or omissions occurred.  *See* 28 U.S.C. § 1391(e)(1).  This does not, therefore, provide this Court with jurisdiction.

Third, the institutional Plaintiffs—located in Los Angeles—do not provide this Court with venue as they are not members of the proposed class.  The filings here assert four possible classes of individuals, but all four classes contain the phrase "All children in the custody. . . ."  Compl. ¶ 70; Mot. for Class Cert., ECF No. 25, at 9.  These institutions are not "children."

Indeed, the Complaint is unclear as to how these institutions have suffered any meaningful harm.  For example, they suggest "UCARE has an actual stake in this litigation because the funding of UCARE's member organizations is largely determined by the number of youth they serve."  Compl. ¶ 18.  That "stake" is tangential, at best, to the procedural due process claims alleged.  Otherwise, the

venue issues are particularly problematic as this purports to be a class action: "the

Ninth Circuit, like other courts, has noted that the weight to be given the plaintiff's

choice of forum is discounted where the action is a class action." *Saleh v. Titan*

*Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing *Lou v. Belzberg*, 834

F.2d 730, 739 (9th Cir. 1987) ( "[W]hen an individual brings a derivative suit or

represents a class, the named plaintiff's choice of forum is given less weight.")).

The Court should not transfer because the contradictory filings in this case

do not reflect any clear venue.  The Court "shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could have been

brought."  28 U.S.C. § 1406(a).  "[N]ormally transfer will be in the interest of

justice because normally dismissal of an action that could be brought elsewhere is

time-consuming and justice-defeating." *Amity Rubberized Pen Co. v. Mkt. Quest*

*Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (citations omitted).

Here, however, venue would be determined by whatever claims Plaintiffs

are actually pursuing.  If release is sought for the individually named Plaintiffs,

then the proper route and venue is to file proper habeas petitions in New York,

Texas, Michigan, and the Eastern District of California.  The nature of the filings

in this case demonstrate that this is primarily an improperly filed group of habeas

actions:  Plaintiffs have now filed two preliminary injunction motion within one

week, and neither seek relief for the *class*.  In the individual injunction for Lucas

R., Plaintiffs seek an order "requiring his immediate *release*."  Mot. for Prelim.

Inj. 1 (emphasis added).  This Complaint alleges that there are hundreds of

individuals in their proposed group.  Compl. ¶ 71.  Yet, Plaintiffs expect this Court

to individually analyze the complexities of each individual's sponsors, apparently

at a rate of one per week.  Courts in other Districts are amply able to handle such

claims in proper actions.[3]

       If the class action is entirely new, then again one of the above jurisdictions

or Washington DC, would be a proper venue.  Otherwise, as an action to enforce

the *Flores* Settlement, then the proper route is either to enforce that settlement in

this Court, which, as noted below has already been done on most of the issues

raised in this lawsuit, or seek to modify the originally bargained-for terms of the

*Flores* Settlement.  *See* Compl. ¶ 2 (asserting this is "an adjunct and supplement to

*enforce* their rights under the *Flores* Settlement") (emphasis added); Mot. for Class

Cert., ECF No. 25, at 2 (plaintiffs "contend[] that the foregoing policies and

practices violate the [*Flores*] settlement").  As this District is the improper venue

---

[3]    Even if joinder were permitted, these claims for release do not have a core of
common questions:  Each sponsor and child have different situations.  *See Rubio v.
Monsanto Co.*, 181 F. Supp. 3d 746, 758-59 (C.D. Cal. 2016) (severing claims
where each plaintiff claimed a herbicide actually caused their cancer and
concluding "neither Plaintiff's rights will be prejudiced by severance, as each is
free to proceed with his or her individual claims").

1   for this case, the Court should dismiss, and Plaintiffs should file lawsuits in the

2   appropriate venue for their claims.

3   **II.     This action is duplicative of *Flores*, and the Court should dismiss this**
        **action under Fed. R. Civ. P. 12(b)(6) and deny class certification.**

4

5       Plaintiffs seek to re-write or re-bargain the *Flores* Settlement by way of a

6   separate cause of action ironically alleging violations of *Flores*.  They cannot do so

7   merely by filing a *different* litigation.

8       The Ninth Circuit has held that "Plaintiffs generally have no right to

9   maintain two separate actions involving the same subject matter at the same time in

10  the same court and against the same defendant." *Adams v. Cal. Dep't of Health*

11  *Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  "[I]n assessing whether the second

12  action is duplicative of the first, we examine whether the causes of action and relief

13  sought, as well as the parties or privies to the action, are the same." *Adams*, 487

14  F.3d at 689.  Two causes of action are considered the same if they "share a

15  common transactional nucleus of facts" and rely on substantially the same

16  evidence." *Id.*  In addition, "[t]he parties in both cases need not be identical, only

17  substantially similar." *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-CV-04385,

18  2017 WL 57310, at *3 (N.D. Cal. Jan. 5, 2017) (citing *Kohn Law Grp., Inc. v. Auto*

19  *Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015)).

20      This putative class action is duplicative and inappropriate.  Filing a

    "successive, identical class action qualifies as abusive regardless of whether class

1    certification was granted or denied in an earlier case; both scenarios entail

2    unnecessary duplication."  *Plack v. Cypress Semiconductor*, 864 F. Supp. 957, 959

3    (N.D. Cal. 1994).  "A class action identical in scope to an earlier certified class

4    action is unnecessary because the class members' claims are already being litigated

5    in the earlier action."  *Id.*  "Dismissal of the duplicative lawsuit, more so than the

6    issuance of a stay or the enjoinment of proceedings, promotes judicial economy

7    and the 'comprehensive disposition of litigation.'"  *Adams*, 487 F.3d at 692-93

8    (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183

9    (1952)).

10          Here, there is no doubt that the classes are the same.  The filings repeatedly

11   concede that the "named Plaintiffs are . . . members of the class protected under the

12   settlement in *Flores*."  Compl. ¶ 2; *see* Mot. for Class Cert., ECF No. 25, at 2 n.3, 5

13   n.5.  Moreover, as the Court is well aware, Plaintiffs alleged very similar claims in

14   the *Flores* litigation.  *See Flores*, July 31, 2018 Order, ECF No. 409, at 1.  In many

15   ways, the *Flores* litigation has mooted many of the claims in this case, as this

16   Court granted extensive relief applicable to the *Flores* class pursuant to the *Flores*

17   Settlement.

18          Plaintiffs may not re-negotiate the *Flores* Settlement by filing another

19   action.  That would be inefficient and would only undermine any reason to settle a

20   lawsuit.  As this Court is aware, the original *Flores* case was based on various

complaints about the former INS's practices involving the detention of minors.

One of the general complaints was that "defendants make no effort to assess the

qualifications of other adult relatives or friends regardless of how qualified and

responsible such adults may be." *See Flores*, July 31, 2018 Order, ECF No. 409, at

1; *Flores* 1985 Compl., ECF No. 1, ¶ 6.  Another was that the INS's failure to

provide "prompt, mandatory, neutral and detached review following arrest of the

suitability of any available adult" violated the Due Process clause.  *Flores* 1985

Compl., ECF No. 1, ¶ 69(b).  In settling the matter, *Flores* class members agreed

that the Settlement "constitutes a full and complete resolution of the issues raised

in this action." *Id*. Preamble at 4.  The *Flores* Settlement created a rudimentary

process to address each of the concerns involved is this current action.  Since the

Settlement came to fruition, *Flores* class members have filed various motions to

enforce its terms.  They may continue to do so for any remaining claims about

purported violations of the terms of the *Flores* Settlement.

This Court's most recent July 30, 2018 Order does not allow a new,

duplicative lawsuit.  Plaintiffs attempt to sidestep this conclusion in a footnote of

their Motion for Class Certification.  Mot. for Class Cert., ECF No. 25, at 5 n.5.

They assert that this action remains valid because the Court's Order "ruled that the

*Flores* Settlement does not entitle members to the procedural protections for

substantive rights the consent decree confers." *Id.* (citing *Flores*, July 31, 2018

1    Order, ECF No. 409, at 4-6).  However, this Court did not state that Plaintiffs may

2    file new litigation *in this Court* in order to re-write the *Flores* Settlement.

3    Plaintiffs asked for "more robust procedural protections [t]o mitigate the risk of

4    erroneous deprivation of Class Members' substantive rights."  July 31, 2018 Order,

5    ECF No. 409, at 5.  As the Court observed, "[w]hatever the merits of this claim, it

6    has no place in a motion to enforce the consent decree."  *Id.*

7         Plaintiffs only have the rights explicitly provided for in the Settlement.

8    *Flores v. Lynch*, 828 F.3d 898, 908 (9th Cir. 2016).  This does not leave the parties

9    with no recourse:  If either party desires to change that bargain, a process exists.

10   *Id.* at 909-10 (discussing motions for relief from judgment under Fed. R. Civ. P.

11   60(b)(5)).  The Ninth Circuit has stated, "The *Flores* Settlement is the reflection of

12   *both parties'* bargained-for positions."  *Flores v. Sessions*, 862 F.3d 863, 879 (9th

13   Cir. 2017) (emphasis added).  The Court continued, "The process for detaining and

14   releasing unaccompanied minors may result in a complicated set of determinations,

15   but it is the one the government agreed to when it signed the Settlement in 1997."

16   *Id.*  This is also the process to which Plaintiffs agreed to when it signed the

17   Settlement in 1997.  Plaintiffs agreed to receive only the protections outlined in the

18

19

20

*Flores* Settlement that this lawsuit seeks to modify.  This Court cannot undo that bargain in a separate litigation.[4]

Ultimately, this Court is not the clearinghouse for all possible claims by a *Flores* member.  They latch onto the *Flores* Settlement and assert vague allegations to create venue, but that does not make this District the place to seek their individual "release."   Regardless of the sympathetic nature of the situations, Congress created legal requirements for lawsuits, and the Court should not follow Plaintiffs' lead in disregarding them.  Otherwise, this putative class action is duplicative of *Flores*.  Plaintiffs may be dissatisfied with the bargain they struck in *Flores*, but a separate class action is not an appropriate route to re-negotiate an old settlement.  Instead, Plaintiffs should decide which inconsistent relief is the focus

---

[4]   For similar reasons, the first-filed rule and claim-splitting doctrines preclude Plaintiffs from certifying a class identical to *Flores*.  As *Flores* class members, they cannot opt out.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-62 (2011) (noting that Rule 23(b)(2) contains no opt-out provision, in part because classwide-injunctive relief that ends the offending conduct should indivisibly benefit either all or none of the class members).  As they admit they are class members, the well-established "first-filed" rule permits a district court to decline jurisdiction over an action when a similar complaint has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  What Plaintiffs seek also constitutes impermissible claim-splitting, which bars duplicative litigation under principles similar to res judicata.  *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995).  This doctrine protects defendants from addressing repetitive actions based on the same controversy.  *Id.* at 328; *Adams*, 487 F.3d at 687.

1    of these claims and file appropriate actions.  This District is not the proper venue to

2    seek the "release" of potentially "hundreds" of children, each with unique and

3    complicated situations.

4                                                    CHAD A READLER
                                                     Acting Assistant Attorney General
5                                                    Civil Division
                                                     ERNESTO H. MOLINA, JR.
6                                                    Deputy Director
                                                     BRIENA L. STRIPPOLI
7                                                    Senior Litigation Counsel
                                                     BENJAMIN MARK MOSS
8                                                    Trial Attorney
                                                     MARINA STEVENSON
9                                                    Trial Attorney

10                                                      /s/  Andrew B. Insenga
                                                     ANDREW B. INSENGA
11                                                   Trial Attorney
                                                     Office of Immigration Litigation
12                                                   Civil Division
                                                     U.S. Department of Justice
13                                                   P.O. Box 878
                                                     Ben Franklin Station
14                                                   Washington, DC 20044
                                                     Phone:  (202) 305-7816
15                                                   Fax:  (202) 616-4950
                                                     andrew.insenga@usdoj.gov
16                                                   Attorneys for DEFENDANTS

17

18

19

20