CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*,<br><br>    Defendants. | Case No. CV 2:18-CV-05741-DMG<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION RE: PLAINTIFF LUCAS R.** |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
         ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
         ndesai@youthlaw.org
         pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order granting leave to use pseudonyms (ECF 18), Plaintiff Lucas R. submits this unopposed[1] Application seeking leave to file under seal the entirety of Exhibit 63, in support of his Reply to the Opposition to the Motion for Preliminary Injunction. As required by Local Rule 79-5.2.2(a), Plaintiff submits concurrently with this application the declaration of Carlos Holguin, unredacted Exhibit 63 and a proposed order.

Exhibit 63, which Plaintiff proposes to seal in its entirety, is Dr. Amy Cohen's Psychiatric Assessment for Plaintiff Lucas R. dated August 16, 2018. The assessment contains a psychological evaluation of Lucas R. Due to the detailed nature of this document, the sensitive information contained in the document cannot be separated from other information therein, and therefore Plaintiff seeks to seal the document in its entirety.

Lucas is a minor in the immigration detention custody of the Office of Refugee Resettlement (ORR). He has an interest in maintaining his privacy while in immigration custody and in his private medical and mental health information.

## I.   LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

---

[1] Defendants' counsel, Mr. Benjamin Moss (Benjamin.M.Moss2@usdoj.gov), has informed Plaintiff that Defendants will not oppose this Application.

## II. ARGUMENT

### A. There are compelling reasons to seal the information that Plaintiff seeks to protect from public disclosure.

This document contains highly personal information regarding Lucas R. Disclosure of this information would cause him significant harm. Indeed, the Court already determined that there are compelling reasons to protect this and similar information previously. (ECF 18, 28, 36.)

First, the Exhibit addresses a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of Lucas. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibit implicates the details of Lucas R.'s immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Third, the sensitive subject matter at issue – including private mental health and trauma information and immigration detention – is based exclusively on Lucas R.'s experience as a minor. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat

to the juvenile's physical safety or wellbeing.").

### B. Plaintiff's sealing request is narrowly tailored.

Plaintiff seeks to seal the entirety of Exhibit 63, a comprehensive psychiatric evaluation of Lucas R., as the highly personal information therein, including psychological and medical information, are so prevalent as to make redaction impracticable. Accordingly, filing this Exhibit under seal is the least restrictive method of ensuring Lucas R.'s privacy while permitting the public access to the maximum amount of information.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests leave to file the entirety of Exhibit 63 under seal.

Dated:   August 17, 2018.

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law


*/s/ Carlos Holguin*
Carlos Holguin

*One of the Attorneys for Plaintiffs*