CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*, <br><br> Defendants. | No. CV 2:18-CV-05741-DMG-PLA <br><br> EX PARTE APPLICATION TO RECONSIDER *SUA SPONTE* ORDER CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION (ECF 29). <br><br> Hearing: None requested. |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
          ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
          ndesai@youthlaw.org
          pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COMES NOW PLAINTIFF LUCAS R. and respectfully applies ex parte for an order restoring his motion for a preliminary injunction (ECF 29) for hearing on August 31, 2018, at 9:30 a.m., or as soon thereafter as counsel may be heard.[1]

As appears in the annexed memorandum and the supporting exhibits filed herewith, Defendants' confining Plaintiff Lucas R. for an additional four weeks threatens him with long-term and potentially catastrophic injury. Defendants' refusing to reunify Lucas with his Next Friend and sister is inimical to his welfare and violates this Court's order of July 30, 2015, in *Flores v. Sessions*, No. 85-4544-DMG (ECF 470).

Plaintiff has arranged to have his expert, Dr. Amy Cohen, as well as his sister and Next Friend, Madelyn R., present in court on August 31, 2018. But given the urgent need to end Lucas's confinement, Plaintiff requests the Court take his motion for preliminary injunction under submission and rule on it without hearing as soon as possible should the Court not wish to examine Dr. Cohen or Madelyn R. and be unable to hear the argument of counsel on August 31.

/ / /

---

[1] On August 23, 2018, the Court *sua sponte* continued hearing on Plaintiff Lucas R.'s motion for preliminary injunction from August 31, 2018, to September 21, 2018 (ECF 61).

1     This application is based upon the accompanying memorandum in support of
2 ex parte application and declaration of counsel pursuant to Local Rule 7-19 and is
3 brought on the grounds that material facts have emerged which the Court did not
4 consider prior to issuing its order of August 23, 2018.

5   Dated: August 27, 2018.

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

                              */s/  Carlos Holguín*
                              Carlos Holguín

                              *One of the Attorneys for Plaintiffs*

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

1. <u>Counsel for Defendants</u>.

Benjamin Mark Moss, Benjamin.M.Moss2@usdoj.gov; Marina Stevenson, Marina.C.Stevenson@usdoj.gov; Andrew B. Insenga, Andrew.Insenga@usdoj.gov; Office of Immigration Litigation, P.O. Box 878 Ben Franklin Station, Washington, DC 20044; (202) 305-7816.

2. <u>Reasons for seeking ex parte order; points and authorities</u>.

Plaintiff Lucas R. is a child from Guatemala whom Defendant Office of Refugee Resettlement ("ORR") has detained and separated from his family since February 2018.

On August 3, 2018, Lucas moved the Court to issue a preliminary injunction requiring ORR to place him with his next friend and sister, Madelyn R., without further delay. (ECF 29.) On August 10, 2018, Defendants filed their opposition (ECF 44), and on August 17, 2018, Plaintiff filed his reply (ECF 53). The matter is accordingly fully briefed and ready for decision.

On August 23 and 24, 2018, Plaintiff's counsel and his expert, Dr. Amy Cohen, visited the Shiloh Residential Treatment Center ("Shiloh RTC") in Manvel, Texas. The purposes of the visit were two: (i) to assess whether class members housed at Shiloh RTC following the Court's order of July 30, 2018 in *Flores v. Sessions*, No. CV85-4544-DMG (C.D. Cal.), pose a risk of harm to themselves or others; and (ii) to evaluate Lucas's mental health. Dr. Cohen assessed 10 of the 25 children then detained at Shiloh RTC, including Lucas, whom she evaluated on the morning of August 23, 2018. Declaration of Dr. Amy Cohen, August 26, 2017, filed herewith ("Cohen").

Dr. Cohen found that "ORR detention has significantly worsened [Lucas's] PTSD symptoms and caused him to develop Adjustment Disorder with Anxiety and Depressed Mood. As a consequence, his feelings of anger, mistrust, isolation, and

despondency associated with both diagnoses have intensified. In short, Lucas's deterioration was—and is—entirely iatrogenic: that is, a consequence of prolonged detention, family separation, and improper mental health 'treatment' ORR has given him, all of which are making Lucas sicker." *Id*. ¶ 4.

Dr. Cohen relates that upon learning of the Court's order postponing hearing on his motion for a preliminary injunction, she and counsel met with Lucas on Friday, August 24, to inform him of the Court's action. *Id*. ¶ 3. She observed as follows:

> Children suffering from PTSD often struggle to internalize psychological distress as a means to keep from losing control of overwhelming emotions. I carefully observed Lucas's reaction to the news that he may have to spend an additional four weeks in confinement away from his family. He became notably withdrawn and quiet, turning inward, shutting down, putting his earbuds back in his ears. Unlike in our other interviews he was unable to speak directly of the feelings generated by this news, suggesting that these feelings were too overwhelming to address directly. His body language—a shrug and pulling back from the table—suggested that this news had left him feeling more hopeless, less trustful in the system which might allow him relief— perhaps even in those of us he's counted on to help him—more isolated. *These are all factors which increase his risk of deterioration into a dangerous state*.

*Id*. ¶ 14.

According to Dr. Cohen, "ORR's treatment of Lucas and other children at Shiloh RTC continues to fall far short of both accepted mental health care standards and the 'risk of harm' and informed consent standards set out in the Court's order of July 30 [in *Flores v. Sessions*]." *Id*. ¶ 15.[2] "*These failures create an unreasonable risk*

---

[2] On August 23, 2018, Shiloh's Program Director, Douglas Plaeger, stated to Plaintiff's counsel and expert that someone from the Public Health Service had spent two days during the week of August 13, 2018, reviewing case files for Shiloh's

*that Lucas will suffer serious harm should he remain in ORR detention for an additional four weeks.*" *Id*. (emphasis added).

Dr. Cohen concludes that "unless the Court acts promptly to remove Lucas from Shiloh and reunite him with his family, the ongoing decline detention is causing in his psychological well-being *may very well prove catastrophic.*" *Id*. ¶ 3 (emphasis added).

Plaintiff appreciates the demands the parties' several pending motions place on the Court's time and attention. But the uncontroverted evidence demonstrates that extending Lucas's detention and separation from his family for another four weeks threatens him with grave injury. The Court should accordingly give priority to Lucas's motion for preliminary injunction. *See, e.g., Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) ( "awkwardness of balancing a hearing in this case with the demands of other cases . . . insufficient" reason to delay hearing on motion for preliminary injunction).

For the foregoing reasons, the Court should reconsider its order continuing hearing on Lucas's motion for preliminary injunction such that it may be heard on August 31, 2018. If the Court is unable to hear the motion on that date, it should take

---

current detainees to determine whether they pose a risk of harm to themselves or others, but had only spoken to about three children. Cohen ¶ 8.

He further indicated that as of August 23, 2018—24 days after the Court's July 30th order in *Flores*—ORR had not informed Shiloh of the results of its file review and had yet to transfer *any* child to another facility based on a determination that they do not pose a risk of harm to themselves or others. *Id*.

Mr. Plaeger also stated that as far as Shiloh is concerned, ORR continues to act as detained children's "guardian," and the facility continues to administer children psychotropic medications on a non-emergent basis without parental consent or court authorization provided ORR gives it permission to do so. *Id*. ¶ 9.

the motion under submission and decide it on the basis of the briefs and evidence of record.

Dated: August 27, 2018.

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

/s/ *Carlos Holguín*
Carlos Holguín

*One of the Attorneys for Plaintiffs*

DECLARATION RE: NOTICE OF EX PARTE APPLICATION

I, Carlos Holguín, declare and say as follows:

1.  I am an attorney admitted to the bar of the United States District Court for the Central District of California. I am one of the attorneys for Plaintiffs. My business address is 256 S. Occidental Blvd., Los Angeles, California, 90057.

2.  On March 4, 2008, I spoke via telephone with Andrew Insenga, one of the attorneys for Defendants in the within-entitled action, to ask whether Defendants would oppose the instant ex parte application and whether defendants wish to be present when the ex parte application is presented. Mr. Insenga advised that Defendants oppose this ex parte application to the extent it asks the Court to restore Plaintiffs' motion for hearing on August 31, 2018, but do not oppose the Court's deciding the motion without hearing on the basis of the briefs and evidence of record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of August, 2018, at Santa Clarita, California.

s/ *Carlos Holguín*
Carlos Holguin

/ / /