CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*, | Case No.  CV 2:18-CV-05741-DMG |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*, | |
| Defendants. | |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
          ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
          ndesai@youthlaw.org
          pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON F. CIESLAK (Cal. Bar No. 268951)
MEGAN L. DONOHUE (Cal. Bar No. 266147)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email: swynn@cooley.com
          mkkelley@cooley.com
          jcieslak@cooley.com
          mdonohue@cooley.com

# Table of Contents

**Page**

I.  INTRODUCTION ............................................................................................1

II.  STATEMENT OF FACTS ...........................................................................2

III.  LEGAL STANDARD.....................................................................................3

IV.  ARGUMENT...................................................................................................4

A.  Defendants have waived any objection to venue by failing to raise it in opposition to Plaintiffs' motion for preliminary injunction. .............4

B.  Venue is proper in this Court because multiple Plaintiffs reside in this District. ............................................................................................5

C.  Venue is also proper because a substantial portion of the events occurred in the Central District. ...........................................................7

D.  The Court has the discretion to exercise pendant venue. ......................11

E.  This action is not duplicative of *Flores* and alleges new, separate causes of action.....................................................................................12

V.  CONCLUSION ............................................................................................17

**OPPOSITION TO MOTION TO DISMISS**
**CV 2:18-CV-05741**

# Table of Authorities

**Page(s)**

**Cases**

*Adab v. United States Citizenship & Immigration Servs.*,
No. 14-cv-04597-CAS(AGRx), 2015 WL 6249563 (C.D. Cal. Feb. 9,
2015) ................................................................................................9, 10

*Adams v. Cal. Dep't of Health Servs.*,
487 F.3d 684, 689 (9th Cir. 2007).........................................................12

*Aftab v. Gonzalez*,
597 F. Supp. 2d 76 (D.D.C. 2009) ..........................................................9

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000)..................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................3

*Bautista-Perez v. Holder*,
681 F. Supp. 2d 1083 (N.D. Cal. 2009)....................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................3

*Beltran v. Cardall*,
222 F. Supp. 3d 476 (E.D. Va. 2016) ....................................................14

*Californians for Renewable Energy v. United States Envtl. Prot. Agency*,
No. C 15-3292 SBA, 2018 WL 1586211 (N.D. Cal. Mar. 30, 2018)..................5, 6

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,
959 F.2d 742 (9th Cir. 1991)....................................................................7

*Fair Hous. of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002)....................................................................7

*Flores v. Lynch*,
828 F.3d 898 (9th Cir. 2016).............................................................12, 14

**Table of Authorities**
(continued)

**Page(s)**

*Flores v. Meese*,
No. 85-cv-4544-DMG-AGR ........................................................................*passim*

*Gulf Ins. Co. v. Glasbrenner*,
417 F. 3d 353 (2d Cir. 2005)................................................................10

*Havens Realty Corp. v. Coleman*,
455 U.S. 363 (1982)..........................................................................7

*Hawkins v. Davis*,
No. 00–cv–01077–DDP–CWZ, 2000 WL 33936254 (C.D. Cal. Aug.
10, 2000)...................................................................................10

*Ibrahim v. Chertoff*,
No. 06–cv–2071–L–POR, 2007 WL 1558521 (S.D. Cal. May 25,
2007) ......................................................................................10

*Immigrant Assistance Project of Los Angeles County Federation of
Labor (AFL-CIO) v. I.N.S.*,
306 F.3d 842 (9th Cir. 2002)................................................................6

*L.V.M. v. Lloyd*,
No. 18 Civ. 1453 (PAC), 2018 U.S. Dist. LEXIS 107692 (S.D.N.Y.
June 27, 2018)..............................................................................14

*Maldonado v. Lloyd*,
2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. 2018) ...................................................14

*Martensen v. Koch*,
942 F. Supp. 2d 983 (N.D. Cal. 2013)........................................................11

*Mohammedi v. Scharfen*,
609 F. Supp. 2d 14 (D.D.C. 2009) ...........................................................9

*Ms. L. v. U.S Immigration & Customs Enf't*,
302 F. Supp. 3d 1149 (S.D. Cal. 2018) ....................................................6, 12

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004)...............................................................3

**OPPOSITION TO MOTION TO DISMISS**
**CV 2:18-CV-05741**

**Table of Authorities**
(continued)

**Page(s)**

*OSU Student All. v. Ray*,
   699 F.3d 1053 (9th Cir. 2012)................................................................3

*Rodriguez v. Cal. Highway Patrol*,
   89 F. Supp. 2d 1131 (N.D. Cal. 2000)..................................................11

*Santos v. Smith*,
   260 F. Supp. 3d 598 (W.D. Va. 2017)..................................................14

*Saravia v. Sessions*,
   280 F. Supp. 3d 1168 (N.D. Cal. 2017)................................................14

*Sidney Coal Co. v. Soc. Sec. Admin.*,
   427 F.3d 336 (6th Cir. 2005).................................................................5

*Trs. of Cent. Laborers' Welfare Fund v. Lowery*,
   924 F.2d 731 (7th Cir. 1991).................................................................5

*U.S. Tower Corp. v. STS Int'l, Inc.*,
   No. 08–cv–0228–AWI–SMS, 2008 WL 2074463 (E.D. Cal. May 15,
   2008) ...................................................................................................10

*Zhang v. Chertoff*,
   No. 08–cv–02589–JW, 2008 WL 5271995 (N.D. Cal. Dec. 15, 2008)...................9

**Statutes**

8 U.S.C.
   § 1232..................................................................................................13
   § 1232(c)..............................................................................................14

28 U.S.C.
   § 1391(c)................................................................................................5
   § 1391(e)................................................................. 1, 5, 7, 11, 12

Cal. Welf. & Inst. Code
   § 369.5(a)...............................................................................................8
   § 739.5(a)...............................................................................................8

**Table of Authorities**
(continued)

Page(s)

William Wilberforce Trafficking Victims Protection Reauthorization Act
  of 2008, 110 Pub. L. 457, 122 Stat. 5044 ("TVPRA") ....................... 13, 14, 15, 16

**Other Authorities**

Cal. Rule of Court 5.640(b) ............................................................8

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and
  Procedure § 1391 (3d ed. 2004) ...............................................4

Federal Rule of Civil Procedure
  12..............................................................................................1, 4
  12(b)(3)..........................................................................................3
  12(b)(5)..........................................................................................5
  12(b)(6)..........................................................................................3
  12(h) .........................................................................................4, 5

# I.   INTRODUCTION

Venue is not at issue in this litigation.  Defendants waived this defense when they failed to raise it in their first responsive filing invoking defenses under Federal Rule of Civil Procedure 12, their Opposition to the Motion for Preliminary Injunction Re: Plaintiff Lucas R.  (ECF No. 44.)  Even were that not so, venue is undoubtedly proper in this District because two of the named Plaintiffs reside here.  If even one plaintiff resides in a District, venue is proper as to all plaintiffs and all claims under 28 U.S.C. § 1391(e)(1)(C).  Further, this District is where the Office of Refugee Resettlement ("ORR") took actions that form a substantial part of injuries suffered by two of the named Plaintiffs.  Specifically, named Plaintiff Daniela Marisol T. was placed in a shelter in this District for several months and informed by ORR that it was a secure or staff secure facility.  While there she suffered deprivations and violations of her rights as alleged in the Complaint.  Similarly, named Plaintiff Lucas R. was denied placement in the least restrictive setting, when ORR conducted a home study of his proposed custodian and Next Friend Madelyn R. at her home in Los Angeles, thereby prolonging his placement and the many violations he has suffered as a result, including violation of his due process rights.  Under 28 U.S.C. § 1391(e)(1)(B), venue is also proper based on these substantial events and provides venue for all other Plaintiffs in this action.  At the very least, the Court may exercise its discretion under the pendant venue doctrine to consider all claims by all plaintiffs so long as even one plaintiff is properly before it.  The government does not argue otherwise.

Further, the present dispute is not duplicative of the *Flores* Settlement.  As this Court held, the Settlement does not provide certain procedural protections for substantive rights conferred by the consent decree.  (*Flores v. Meese*, No. 85-cv-4544-DMG-AGR, ECF No. 470.)  Indeed, the government argued in opposition to the *Flores* plaintiffs' Motion to Enforce that separate litigation was *required*.  (*Flores*, ECF No. 425.)  It is too late for the government to reconsider and declare that any and all rights raised in this Complaint are subject to the *Flores* Settlement.

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

## II.   STATEMENT OF FACTS

Four of the named Plaintiffs have significant connections to the Central District of California, making venue entirely appropriate in this matter.  First, San Fernando Valley Refugee Children Center, Inc. ("Children Center") has its principal place of business in North Hills, California.  (Compl. ¶ 15.)  Its "mission is to provide comprehensive social services, including mental health care, shelter, transitional living assistance and legal aid, to children, youth, and families who have come in search of refuge from persecution and endemic violence in the Northern Triangle of Central America (El Salvador, Honduras, and Guatemala)."  (*Id*.)  Unfortunately, Defendants' "policies and practices … make it substantially more difficult for the Children Center to carry out its mission."  (*Id*.)  For example, the additional trauma that Defendants' restrictive detention and involuntary medication inflicts on the children and youth that the Children Center serves "requires the Children Center to devote commensurately greater resources, particularly mental health resources, to assist such children and youth to recover."  (*Id*.)  In addition, the greater resources the Children Center is required to devote to a single child means that it is able to serve a smaller population, which directly affects its ability to raise funds, which "depends in part on the raw number of children and youth it helps."  (*Id*. ¶ 16.)

Plaintiff Unaccompanied Central American Refugee Empowerment ("UCARE") also has its principal place of business in Los Angeles, California.  (*Id*. ¶ 17.)  Its "mission is to advocate for and provide legal and social services to immigrant and refugee minors, many of whom are or have been in [Defendants'] custody."  (*Id*.)  As part of its work, "UCARE arranges free representation and assistance to youth [in immigration proceedings]."  (*Id*.)  "Defendants' challenged policies and practices deny or delay children's release," making UCARE's assistance and legal representation "substantially more difficult and render UCARE's work less effective."  (*Id*.)

Although not a current resident of the District, named Plaintiff Daniela Marisol

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

T. endured a placement in an ORR facility in La Verne, California, just outside of Los Angeles, in early 2018. (*Id.* ¶ 35.) ORR gave her notice that the shelter was a secure or staff secure facility. (Declaration of Jonathan Mulligan in support of Opposition to Motion to Dismiss ("Mulligan Decl."), Ex. A.) While there, she suffered numerous deprivations and violations that form the basis for her claims, including the improper administration of psychotropic drugs contrary to California law. (*Id.*)

Lastly, ORR's actions within the Central District of California prevented Lucas R.'s placement with his sister and Next Friend Madelyn R., lengthening his stay in secure detention and resulting in continued improper administration of psychotropic drugs. During the entirety of ORR's custody of Lucas R., Madelyn R. has resided in Los Angeles, California. (*Id.* ¶ 25.) It was there that ORR conducted a home study, and despite finding that Madelyn R. could provide a suitable home for Lucas R. within this District, determined that reunification between Lucas R. and his sister was not possible. This decision was based solely on the fact that a visitor to the house (who was present during the home study but did not reside there) did not submit to ORR's demands that he appear for fingerprinting. (*Id.* ¶ 26.)

### III.   LEGAL STANDARD

In a challenge to venue under Rule 12(b)(3) the court may look outside of the pleadings, but "must draw all reasonable inferences . . . and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). Under Rule 12(b)(6), this Court must take all well-pled facts as true and "construe them in the light most favorable to plaintiffs." *OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). The complaint must allege facts supporting a "plausible" claim, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## IV.   ARGUMENT

### A.   Defendants have waived any objection to venue by failing to raise it in opposition to Plaintiffs' motion for preliminary injunction.

"A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed.R.Civ.P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000).  Rule 12(h) provides that defenses based on venue, among others, are waived in certain circumstances, including by failing to include the defense in a Rule 12 motion or in a responsive pleading.  Fed. R. Civ. P. 12(h).  As explained by the Ninth Circuit, "[t]he essence of Rule 12— embodied in the combined language of 12(g) and 12(h)—is that a party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job." *Hayhurst*, 227 F.3d at 1107 (internal quotation marks and citation omitted).  Thus, if a defendant "raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h)." *Id.* (emphasis in original).

Here, Defendants' "first significant defensive move," 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004), was responding to Plaintiffs' Motion for Preliminary Injunction Re: Plaintiff Lucas R. (ECF No. 44.)   In that filing, Defendants made a variety of arguments against granting the requested relief, but never raised venue as a defense.[1]  Accordingly, Defendants have waived any objections to venue in this Court. *See Hayhurst*, 227 F.3d at 1107-08 (finding defendant waived objection to personal jurisdiction by failing to include it in his first filing with the court—a Rule 55 motion); *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1093 (N.D. Cal. 2009) (finding "Government

---

[1] In fact, the word "venue" does not appear once in Defendants' brief.

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

waived … venue objection by failing to raise it in opposition to Plaintiffs' motion for preliminary injunction") (citing Fed. R. Civ. P. 12(h)); *see also Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 733-34 (7th Cir. 1991) (finding waiver of defense under Rule 12(b)(5) based on defendant's conduct despite the fact that no formal pleading was filed).  Defendants' motion to dismiss for improper venue is untimely and should be denied on this ground alone.

### B. Venue is proper in this Court because multiple Plaintiffs reside in this District.

Even if the Court finds that Defendants have not waived their venue objections, the motion to dismiss should be denied because venue is clearly appropriate in the Central District of California.

In civil actions against agencies, officers, or employees of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, … or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  "If the case falls within one of these three categories, venue is proper." *Californians for Renewable Energy v. United States Envtl. Prot. Agency*, No. C 15-3292 SBA, 2018 WL 1586211, at *5 (N.D. Cal. Mar. 30, 2018).  As relevant here, "the residency requirement of [28 U.S.C. § 1391(e)(1)(C)] is satisfied if at least one plaintiff resides in the district in which the action has been brought." *Sidney Coal Co. v. Soc. Sec. Admin.*, 427 F.3d 336, 345-46 (6th Cir. 2005).

It is undisputed that Plaintiffs Children Center and UCARE—the two institutional Plaintiffs named in the complaint—are located within this District.  (*See* ECF No. 51-1 at 14.)  For purposes of the venue statute, both Plaintiffs therefore reside within the Central District of California.  *See* 28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside … if a plaintiff, only in the judicial district in which it maintains its principal place of business"); *see also* Compl.

¶¶ 15, 17 (alleging both Plaintiffs' principal places of business are within the Central District of California).  The fact that at least one plaintiff named in the Complaint resides in this District is sufficient to establish venue for the entirety of the action.  *See Ms. L. v. U.S Immigration & Customs Enf't*, 302 F. Supp. 3d 1149, 1158-59 (S.D. Cal. 2018) (in putative class action, finding venue proper where one of the two named plaintiffs resided in the district); *Californians for Renewable Energy*, 2018 WL 1586211, at *5 (finding venue proper where some but not all plaintiffs resided in the district because "the clear weight of federal authority holds that venue is proper in a multi-plaintiff case if *any* plaintiff resides in the District") (emphasis in original).

Defendants ignore this clear precedent, making the unsupported argument that Children Center and UCARE "do not provide this Court with venue as they are not members of the proposed class."  (ECF No. 51-1 at 14.)  Nothing in the venue statute looks at the claims or relief requested by the various plaintiffs to determine the propriety of the court's adjudication.  *See, e.g., Californians for Renewable Energy*, 2018 WL 1586211, at *6 (denying motion to dismiss for lack of venue where some but not all plaintiffs resided in the district, which was, "standing alone, sufficient to establish that venue is proper—irrespective of whether their claims and claims of the remaining Plaintiffs are related").

Indeed, Defendants' position directly contradicts established case law.  In *Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.*, for example, the Ninth Circuit considered a complaint brought by various individuals and institutional plaintiffs seeking relief on behalf of a class of undocumented immigrants.  306 F.3d 842, 849 (9th Cir. 2002).  Some of the plaintiffs were individual immigrants directly affected by the complained of policies; others "were organizations who alleged that they provided legal and other assistance to aliens seeking legalization …."  *Id.*  Of the numerous plaintiffs named in the complaint, only two resided in the Western District of Washington, one individual plaintiff and one organizational plaintiff.  *Id*. at 868.  Nonetheless, the Ninth Circuit held that ***if either***

plaintiff could establish the jurisdictional requirements of the statute at issue, "venue in the Western District of Washington will be proper for all purposes." *Id.* The Ninth Circuit did not consider whether the organizational plaintiff was directly included in the proposed class definition and, importantly, did not attempt to parse out or even look at the various claims and relief requested. Defendants' attempt to do so here contradicts established precedent and should be rejected.[2] The Court need look no further—venue is proper based on the residence of named Plaintiffs Children Center and UCARE.

### C. Venue is also proper because a substantial portion of the events occurred in the Central District.

Even if the government were correct that the properly named institutional Plaintiffs do not satisfy venue in this matter, venue is also proper because "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(e)(1)(B). Both Daniela Marisol T. and Lucas R. suffered a considerable portion of the violations alleged in the Complaint within the Central District of California.

First, Daniela was transferred from Shiloh RTC into another facility just outside

---

[2] Defendants also make a half-hearted argument that it is "unclear" if the institutional Plaintiffs "have suffered any meaningful harm." (ECF No. 51-1 at 14.) As discussed *supra*, the relief requested by any subset of plaintiffs is irrelevant to the venue inquiry. Further, and as alleged in the Complaint, Defendants' policies and practices have impaired the institutional Plaintiffs' ability to provide services and frustrated their missions. (*See* Section II, *supra*; *see also* Compl. ¶¶ 15-17.) As such, there is no question that the institutional Plaintiffs named in the Complaint have standing. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) (holding that where the defendants' "practices have perceptibly impaired [the organizational plaintiff's] ability to provide [the services it was formed to provide] ... there can be no question that the organization has suffered the requisite injury in fact"); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (holding that organizational plaintiff had "direct standing to sue because it showed a drain on its resources from both a diversion of its resources and frustration of its mission"); *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 748 (9th Cir. 1991) ("The allegation that the [government's] policy frustrates these goals [of helping refugees obtain asylum and withhold deportation] and requires the organizations to expend resources … they otherwise would spend in other ways is enough to establish standing."). Indeed, Defendants do not even attempt to argue otherwise.

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

of Los Angeles, the David and Margaret Shelter ("David and Margaret") in La Verne, California. (Mulligan Decl. Ex. A.) ORR gave her notice that, like Shiloh, this was a secure or staff secure facility. (*Id.*) During her stay of more than three months, she was not released to her sister Katherine, was given no opportunity to challenge the grounds of her secure placement, and received no legal counsel regarding these issues, continuing the same statutory and constitutional deprivations she had experienced at Shiloh RTC. In addition, she was improperly compelled to take psychotropic medications in violation of state law at David and Margaret. Specifically, Daniela was administered two psychotropic medications, Prozac and Seroquel, while at David and Margaret without any consent by a parent or guardian. (*Id.*, Ex. B.) In the absence of parental or guardian consent, California law requires that a juvenile court authorize the administration of psychotropic medications to dependent children. Cal. Welf. & Inst. Code §§ 369.5(a)(1), 739.5(a)(1); *see also* Cal. Rule of Court 5.640(b); Judicial Council of California, Forms JV-220 & JV-220(B) (requiring that a court be informed fully of the potential consequences of psychotropics prior to authorizing their administration to dependent minors). The authorizations signed by Defendant ORR Director Scott Lloyd, however, did not adhere to these protections and instead authorized the "the care provider," *i.e.*, David and Margaret, to dispense prescription medicine. (Mulligan Decl., Exs. C & D.) Daniela believed that she needed to take the medicine as a prerequisite to being released from government custody. (Compl. ⁋ 37.)

Second, ORR's actions within the Central District of California prevented Lucas R.'s release to his sister and Next Friend Madelyn R., lengthening his stay in secure detention and resulting in ongoing improper administration of psychotropic drugs. During the entirety of ORR's custody of Lucas R., Madelyn R. has resided in Los Angeles, California. (*Id.* ⁋ 25.) Within approximately ten (10) days of Lucas R.'s placement, Madelyn R. submitted a complete family reunification packet with required documentation from Los Angeles. (*Id.* ⁋ 21.) It was there, six weeks after Madelyn R. requested custody, that ORR conducted a home study. (*Id.* ⁋ 25.) The

investigator found her home suitable but noted that all residents of the home would need to appear for fingerprinting.  (*Id.* ¶ 26.)  Madelyn R. advised the investigator that one of the adults present during the home study, her roommate's brother, did not reside there but was merely visiting.  (*Id.*)  All of the residents of Madelyn R.'s home duly appeared for fingerprinting, except for her roommate's brother, who did not reside there and therefore had no reason to submit to fingerprinting under ORR regulations.  (*Id.*)  One month later, ORR orally advised Madelyn R. that because her roommate's brother did not appear for fingerprinting that it would not release Lucas R. to her custody.  (*Id.*)  ORR informed Madelyn R. that its decision was final and did not provide any avenue to appeal.  (*Id.*)  In addition, ORR failed to provide Madelyn R. with a written decision or explanation.  (*Id.*)  All of these events occurred while Madelyn R. was residing at her current home in Los Angeles.  As a direct result of ORR's actions and inactions within this District, Lucas R. remains in custody without the opportunity to challenge ORR's decisions regarding his sister's suitability as a custodian, without the ability to challenge his secure placement, and where he was administered psychotropic drugs in violation of state law.  Thus, crucial events regarding ORR's actions that give rise to Lucas R.'s claims arose in this District.

These events are more than sufficient to establish venue in this matter.  Courts in immigration-related challenges find the "substantial part of the events or omissions" test "satisfied where an office in the relevant district took significant action …, even if significant actions were also undertaken elsewhere." *Adab v. United States Citizenship & Immigration Servs.*, No. 14-cv-04597-CAS(AGRx), 2015 WL 6249563, at *4 (C.D. Cal. Feb. 9, 2015) (citing *Mohammedi v. Scharfen*, 609 F. Supp. 2d 14, 18 (D.D.C. 2009) (finding venue proper in Maryland where the plaintiff reported to the Baltimore USCIS office for fingerprinting and an interview); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009) (finding venue proper in the Northern District of Texas where an office in that district processed an applicant's application by gathering evidence and fingerprints, and communicated with the applicant); *Zhang*

*v. Chertoff*, No. 08–cv–02589–JW, 2008 WL 5271995, at *4 (N.D. Cal. Dec. 15, 2008) (transferring case to this district because plaintiff filed petition with office located herein)).  The mere fact that ORR has taken some actions regarding its custody of Daniela Marisol T. and Lucas R. in other districts cannot disqualify the Central District of California as an appropriate venue in this matter.

And Plaintiffs need not establish that the events in this District predominate or that the chosen district is the best venue, merely that the events in question form a substantial part of the claim.  *Gulf Ins. Co. v. Glasbrenner*, 417 F. 3d 353, 356 (2d Cir. 2005); *Adab*, 2015 WL 6249563, at *5 (citing *U.S. Tower Corp. v. STS Int'l, Inc*., No. 08–cv–0228–AWI–SMS, 2008 WL 2074463, at *2 (E.D. Cal. May 15, 2008); *Hawkins v. Davis*, No. 00–cv–01077–DDP–CWZ, 2000 WL 33936254, at *1 (C.D. Cal. Aug. 10, 2000) ("A substantial part of the events may arise, and venue may be appropriate, in more than one judicial district."); *Ibrahim v. Chertoff*, No. 06–cv–2071–L–POR, 2007 WL 1558521, at *5 (S.D. Cal. May 25, 2007) ("Petitioner is not limited to the district where the most substantial events or omissions giving rise to the action occurred.")).

Here, there is no question that the events occurring within the District are a substantial part of Daniela Marisol T. and Lucas R.'s claims. Daniela Marisol T.'s claims arise from her placement in secure and staff secure facilities, including the David and Margaret facility in La Verne, California.  ORR's refusal to release her to her sister Katherine, her inability to challenge her secure placement, ORR's improper administration of psychotropic drugs, and the absence of legal representation are all related to her placement at David and Margaret.  And the events during her time in La Verne are all sufficient, in and of themselves, to support Daniela Marisol T.'s claims that she suffered due process and statutory violations and was deprived of the protections afforded to her by the *Flores* Settlement.  While similar events also occurred during Daniela Marisol T.'s placement elsewhere, that does not eliminate this District as a proper venue.  Similarly, Lucas R.'s placement in Shiloh RTC is

directly linked to ORR's actions in this District.  But for ORR's actions in Los Angeles, *i.e.*, refusing to release Lucas R. to his sister Madelyn R. despite the suitability of her home, he would have been released many months ago and would have suffered far fewer of the due process and statutory violations that underlie his claims.

And because there is venue for Daniela Marisol T. and Lucas R.'s claims under 28 U.S.C. § 1391(e)(1)(B), venue is also proper for the other named Plaintiffs whose claims allege violations of the same practices and policies.  *See Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000) (holding that even though the alleged civil rights violation occurred in different districts for different plaintiffs, because a substantial part of the events affecting one plaintiff occurred in the Northern District, venue was proper as to named plaintiffs making similar claims). Thus, even if the residence of the institutional Plaintiffs in this matter were not sufficient to establish venue (and it is), venue would also be proper under 28 U.S.C § 1391(e)(1)(B).

### D.   The Court has the discretion to exercise pendant venue.

Lastly, the government does not (and cannot) dispute that this Court has the discretion to hear all claims in this matter under the pendant venue doctrine, as long as even one claim is properly before it.  The pendent venue doctrine says that if all claims asserted *arise out of the same transaction or occurrence* ("a common nucleus of operative facts"), a claim properly venued before the Court can support venue as to other claims.  *Martensen v. Koch*, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013) ("[T]he pendent venue doctrine … holds that if venue is proper on one claim, the court may find pendent venue for claims that are closely related.").  In deciding whether to exercise pendent venue, "[a] court may consider the principles of judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." *Id.*

Here, there is no question that the institutional Plaintiffs have venue for their claims.  Similarly, because substantial events occurred in this District as to the claims

brought by Lucas R. and Daniela Marisol T., venue is proper for their claims.  Thus, all of the claims at issue in the Complaint, including the class action claims, are already properly before this Court for multiple reasons.  Judicial economy, convenience, and the avoidance of piecemeal litigation all support this Court adjudicating the entire matter in this District.  Even if the Court determined that, despite the authority discussed *supra*, it did not have venue for the entire action under 28 U.S.C §§ 1391(e)(1)(B) & (C), it should use its discretion to adjudicate the claims brought by the other named Plaintiffs, including their individual claims for immediate release via preliminary injunction.[3]

### E. This action is not duplicative of *Flores* and alleges new, separate causes of action.

The government next alleges that this action is duplicative of *Flores*.  (ECF No. 51-1 at 17-22.)  To assess whether the actions are duplicative the Court must look to whether this litigation alleges the same causes of action and seeks the same relief against the same parties as does *Flores*.  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 55 U.S. 880, 904 (2008).  For several reasons, it does not.

First, on multiple occasions, this Court and the Ninth Circuit have held that the *Flores* Settlement confers no rights or benefits beyond what the agreement provides.

---

[3] The government is wrong that the present disputes, including the motions for preliminary injunction for Lucas R. and Gabriela Marisol T., are habeas petitions that must be venued where each plaintiff is currently in custody.  As addressed in Plaintiffs' Reply in Support of its Motion for Preliminary Injunction for Lucas R., Plaintiffs do not challenge their detention but rather their placement without the protections required by the Constitution, relevant statutes, and the *Flores* Settlement.  (ECF No. 53 at 12-14.)  Further, a court has already rejected the argument that due process violations involving ICE decisions must be adjudicated in each venue in which they occurred.  *See Ms. L.*, 302 F. Supp. at 1158-59 (rejecting ICE's argument that constitutional due process challenges needed to brought as habeas petitions in the district where each plaintiff was detained, instead holding that venue was proper as to all plaintiffs if one plaintiff resided in the district under 28 U.S.C. § 1391(e)).

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

In *Flores v. Lynch*, 828 F.3d 898, 908 (9th Cir. 2016), for example, the Ninth Circuit held, "The fact that the [*Flores*] Settlement grants class members a right to preferential release to a parent over others does not mean that the government must also make a parent available" by considering release of the family together.

In its order of July 27, 2017, this Court ruled that DHS's interference with *Flores* class members' access to counsel does not breach the Settlement because "there is no provision of the *Flores* Agreement that establishes class members' right to counsel." (*Flores*, ECF No. 363 at 31-32.)

Again in its order of July 30, 2018, this Court held that *Flores* class members' rights under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044, *codified in pertinent part* at 8 U.S.C. § 1232 ("TVPRA"), and the U.S. Constitution are unavailing in proceedings to enforce the *Flores* Settlement:

> Plaintiffs seek certain procedural remedies that are not set forth in the *Flores* Agreement, including an order requiring ORR to: provide notice and an opportunity to be heard by an immigration judge before a Class Member may be transferred to an RTC, staff-secure facility, or secure facility; obtain a court order or informed written consent prior to the administration of psychotropic drugs to a Class Member; and release a Class Member to a proposed sponsor or refer the proposed sponsor's suitability determination to a state juvenile authority within 30 days of receiving a complete family reunification packet. Plaintiffs contend that this Court has the authority to provide them such relief in the context of the instant motion to enforce. The Court concludes that, on this motion to enforce, *Plaintiffs are entitled to only such relief as is explicitly or implicitly authorized by the* Flores *Agreement.*

(*Flores*, ECF No. 470 at 3-4 (emphasis added and citations and footnotes omitted); *see also id*. at 5 ("The vindication of a constitutional right is not coterminous with the enforcement of a contractual provision."); *id*. at 5-6 ("nothing in the Agreement . . . suggests that the parties' agreement to these terms was based on any requirement that [Defendants] would provide such counsel, or that such agreement was contingent on

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

access to counsel in any way.') (internal quotation marks and citation omitted).)[4]

Nor does Defendants' characterization of the 1997 *Flores* Settlement as the exclusive fount of detained children's rights square with Congress's having enacted the TVPRA in 2008, some eleven years later.

Although the TVPRA "partially" codified the *Flores* Settlement, *Flores,* 828 F.3d at 904, it plainly vests Plaintiffs with explicit rights the *Flores* Settlement does not, including the right to counsel in "legal proceedings or matters," 8 U.S.C. § 1232(c)(5); the right to placement in the least restrictive setting consistent with a minor's best interests, *id.*, § 1232(c)(2)(A); and the right to procedural protection against wrongful placement in a secure facility*id.*  Plaintiffs are clearly entitled to assert these statutory claims in this proceeding and independently of *Flores*.

Next, numerous courts have entertained—and are now entertaining—lawsuits challenging ORR's treatment of *Flores* class members as violative of the TVPRA and the Constitution, separate and apart from the *Flores* Settlement itself.  *E.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168 (N.D. Cal. 2017) (ORR enjoined from confining *Flores* class members re-arrested on allegations of gang involvement without hearing); *Beltran v. Cardall*, 222 F. Supp. 3d 476 (E.D. Va. 2016) (ORR enjoined from refusing to release *Flores* class member to mother as violative of due process); *Santos v. Smith*, 260 F. Supp. 3d 598 (W.D. Va. 2017) (same); *Maldonado v. Lloyd*, No. 18 Civ. 3089 (JFK), 2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. 2018) (same); *L.V.M. v. Lloyd*, No. 18 Civ. 1453 (PAC), 2018 U.S. Dist. LEXIS 107692 (S.D.N.Y. June 27, 2018) (ORR enjoined from detaining *Flores* class members while waiting for director review as violative of the TVPRA).

---

[4] Opposing the motion that led to the Court's July 30, 2018 order in *Flores*, ORR argued that the *Flores* Settlement does not itself create procedural protections against wrongful step-up or detention, and that the *Flores* plaintiffs should seek such relief "in separate litigation . . . ."  (*Flores*, ECF No. 425 at 17, 30.)  Now that Plaintiffs do so, ORR pivots.

1       Implicit in all these cases is that children in ORR custody have rights beyond

2   those the *Flores* Settlement confers, rights they may freely assert in independent

3   actions such as this one.

4       Further, this case raises distinct claims from the original *Flores* action.   The

5   complaint in *Flores* alleged seven causes of action:  (1) unlawfully conditioning bail

6   on parent or legal guardian's personal appearance; (2) imposition of bond conditions

7   without due process of law; (3) unlawful denial of education; (4) unlawful denial of

8   recreation; (5) unlawful denial of reasonable visitation; (6) unlawful incarceration

9   with unrelated adults; and (7) unlawful strip searches.  (*Flores*, ECF No. 1; *see also*

10   Second Amended Complaint 22-27, Flores v. Meese, No. 85-cv-4544-RJK (Px) (C.D.

11   Cal. Mar. 1988).)  The relief sought was limited to the claims raised and sought a

12   declaration that the former INS's practices were unlawful, and an order enjoining

13   those unlawful practices.  (*Id.*)  However, the present case alleges four distinct

14   constitutional and statutory claims:  (1) that ORR violates due process rights by

15   unnecessarily delaying the release of children without a meaningful opportunity to be

16   heard regarding the sponsor's fitness; (2) that ORR violates due process by placing

17   Plaintiffs in secure facilities without a meaningful opportunity to be heard before or

18   after such placement; (3) that ORR violates due process by administering

19   psychotropic medications without proper authorization; and (4) that ORR violates

20   Plaintiffs' due process rights by blocking legal assistance in matters relating to

21   custody, medication, and release.  (ECF No. 1 at 39-41.)

22       Plaintiffs' case also raises facts that are distinct from those raised in *Flores*.

23   Plaintiffs have nowhere alleged that bail is conditioned upon a parent or guardian's

24   personal appearance or made claims regarding the unlawful conditions that

25   approximate those alleged in the original *Flores* complaint.  Rather, the complaint in

26   this case alleges violations regarding access to counsel and a denial of fair processes

27   regarding sponsor reunification, placement in unlicensed detention centers, and

28   administration of psychotropic medications.  Moreover, Plaintiffs allege violations of

**OPPOSITION TO MOTION TO DISMISS**
**CV 2:18-CV-05741**

1    TVPRA—a statute not even in existence when the original *Flores* complaint was

2    filed.  Thus, not only are the claims distinct, but one of the statutory schemes

3    challenged in the Complaint did not even exist during the original *Flores* litigation.

4         The *Flores* class also prudently attempted to bring three related claims before

5    this Court in a Motion to Enforce the *Flores* Settlement.  In that Motion, the *Flores*

6    plaintiffs alleged, in part, that the *Flores* Settlement required more robust procedural

7    protections before administering psychotropic medications, when determining

8    custodial fitness, and when placing children in non-licensed detention centers.

9    (*Flores,* ECF No. 409.)  The government in its response, however, contended that the

10   procedural protections requested were beyond the scope of the *Flores* Settlement.

11   (*Flores*, ECF No. 425 at 17-18).  This Court ultimately held that the *Flores* Settlement

12   does not entitle the *Flores* class members to certain procedural protections for the

13   substantive rights conferred by the consent decree.  (*Flores,* ECF No. 470.)  While the

14   Court did find the government in violation of the consent decree, it found providing

15   more procedural protections was beyond the scope of the Settlement.  (*Id.*)   The

16   Court's finding that the Settlement was silent as to procedural protections for

17   decisions concerning custodial fitness, placements, and medication administration,

18   only underscores that the present claims are not duplicative of the original *Flores*

19   litigation.

20        Moreover, that the complaint alleges, in part, violations of the *Flores*

21   Settlement does nothing to further the government's claim that this action is

22   duplicative.  The *Flores* Settlement explicitly provides for its enforcement in this

23   District Court pursuant to ¶ 37.  Thus, issues implicating potential violations of the

24   *Flores* Settlement are properly before this Court whether or not they are duplicative of

25   claims raised in *Flores* (they are not).

26

27

28

OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741

**V.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

Dated:        August 29, 2018.                CARLOS HOLGUÍN
                                              Center for Human Rights &
                                              Constitutional Law

                                              HOLLY COOPER
                                              CARTER WHITE
                                              University of California Davis School of
                                              Law

                                              LEECIA WELCH
                                              NEHA DESAI
                                              POONAM JUNEJA
                                              CRYSTAL ADAMS
                                              National Center for Youth Law

                                              SUMMER WYNN
                                              MARY KATHRYN KELLEY
                                              JON F. CIESLAK
                                              MEGAN L. DONOHUE
                                              Cooley LLP


                                              */s/ Leecia Welch*
                                              ─────────────────────
                                              Leecia Welch

                                              *One of the Attorneys for Plaintiffs*

**OPPOSITION TO MOTION TO DISMISS
CV 2:18-CV-05741**