1  CENTER FOR HUMAN RIGHTS &
   CONSTITUTIONAL LAW
2  CARLOS R. HOLGUIN (90754)
   256 South Occidental Boulevard
3  Los Angeles, CA 90057
   Telephone: (213) 388-8693
4  Email: crholguin@centerforhumanrights.org

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on signature page*

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN

11

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D., by his next friend REYNA D.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services,<br><br>　　　　　　　　Defendants. | Case No. 2:18-CV-05741<br><br>**CLASS ACTION**<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Complaint Filed: June 29, 2018<br>Trial Date: None Set<br>Judge: Hon. Dolly M. Gee |

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order granting leave to use pseudonyms (ECF 18), Plaintiffs submit this unopposed[1] Application seeking leave to file under seal portions of Exhibits 1, 2, 3, and 4 submitted in support of their Opposition to the Motion to Dismiss. As required by Local Rule 79-5.2.2(a), Plaintiffs submits concurrently with this application the declaration of Megan Donohue, redacted and unredacted versions of the Exhibits, and a proposed order.

Exhibits A-D include the full name of Daniela Marisol T. and her Next Friend, Daniela Marisol's birthdate, her alien registration number, and the names of other family members. Daniela Marisol is a minor in the immigration detention custody of the Office of Refugee Resettlement (ORR). She has an interest in maintaining her privacy while in immigration custody and in her private medical and mental health information.

## I. LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

---

[1] Defendants' counsel, Ms. Marina Stevenson (Marina.C.Stevenson@usdoj.gov), has informed Plaintiffs that Defendants will not oppose this Application.

## II. ARGUMENT

### A. There are compelling reasons to seal the information that Plaintiffs seek to protect from public disclosure.

This document contains highly personal information regarding Daniela Marisol. Disclosure of this information would cause her significant harm. Indeed, the Court already determined that there are compelling reasons to protect this and similar information previously. (ECF 18, 28, 36, 46, 56, 57.)

First, the Exhibits addresses a number of very sensitive and personal matters, including the private health information and treatment of Daniela Marisol. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibits implicates the details of Daniela Marisol's immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Third, the sensitive subject matter at issue – including private health information and immigration detention – is based exclusively on Daniela Marisol's experience as a minor. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's

physical safety or wellbeing.").

### B. Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek only a limited sealing order that permits them to file unredacted versions of Exhibits A-D under seal and redacted versions of Exhibits A-D in the public record. Other relevant information important to Plaintiffs presentation of the issues, will still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, filing portions of these Exhibits under seal is the least restrictive method of ensuring Daniela Marisol's and her family members' privacy while permitting the public access to the maximum amount of information.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file portions of Exhibits A-D under seal.

| | |
|---|---|
| Dated:  August 29, 2018 | COOLEY LLP<br>SUMMER J. WYNN (240005)<br>MARY KATHRYN KELLEY (170259)<br>JON F. CIESLAK (268951)<br>MEGAN L. DONOHUE (266147)<br><br>By: *s/Megan L. Donohue*<br>     Megan L. Donohue (266147)<br><br>4401 Eastgate Mall<br>San Diego, CA  92121<br>Telephone: (858) 550-6000<br>Facsimile:  (858) 550-6420<br>Email:  swynn@cooley.com<br>         mkkelley@cooley.com<br>         jcieslak@cooley.com<br>         mdonohue@cooley.com<br><br>HOLLY S. COOPER (197626)<br>Co-Director, Immigration Law Clinic<br>CARTER C. WHITE (164149)<br>Director, Civil Rights Clinic<br>University of California Davis School of Law<br>One Shields Ave. TB 30<br>Davis, CA 95616<br>Telephone: (530) 754-4833<br>Email: hscooper@ucdavis.edu<br>        ccwhite@ucdavis.edu<br><br>NATIONAL CENTER FOR YOUTH LAW<br>LEECIA WELCH (208741)<br>NEHA DESAI (CAL. RLSA NO. 803161)<br>POONAM JUNEJA (300848)<br>405 14th Street, 15th Floor<br>Oakland, CA 94612<br>Telephone: (510) 835-8098<br>Email: lwelch@youthlaw.org<br>        ndesai@youthlaw.org<br>        pjuneja@youthlaw.org<br><br>NATIONAL CENTER FOR YOUTH LAW<br>CRYSTAL ADAMS (308638)<br>1313 L St. NW, Suite 130<br>Washington, DC 20005<br>Telephone: (202) 868-4785<br>Email:  cadams@youthlaw.org<br><br>*Attorneys for Plaintiffs* |