# **EXHIBIT 62**

1

2

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4   LUCAS R., *et al.*,
    Plaintiffs,

5                                        Case No.: 2:18-CV-05741-DMG-PLA

6        vs.

7   ALEX AZAR, Secretary of U.S. Dep't of
    Health and Human Services, *et al.*,
    Defendants.

8

9

10          **DECLARATION OF JAMES S. DE LA CRUZ,**

11   James S. De La Cruz, pursuant to the provisions of 28 U.S.C. § 1746, declares,

12   under penalty of perjury, as follows:

13          1.      I am the Senior Field Program Specialist Supervisor for the Office

14   of Refugee Resettlement ("ORR"), an Office within the Administration for

15   Children and Families ("ACF"), Department of Health and Human Services

16   ("HHS"). The following statements are based on my review of HHS records

17   and information contained therein, and information supplied to me by current

18   HHS employees pertaining to Gabriela N.  "Gabriela N." is a pseudonym for an

19   unaccompanied alien child ("UAC") in the care of ORR.

20

OPPOSITION TO THE MOTION FOR PRELIMINARY INJUNCTION - 1

2.     Gabriela N. is a 17-year old girl from El Salvador who is currently in the custody of ORR at Catholic Charities St. Michael's Home for Children, located in Houston, Texas.

3.     On January 8, 2017, ORR initially placed Gabriela N. in the Southwest Key Hacienda del Valle shelter in Texas where she remained until September 7, 2017.  During her placement at that facility, on August 21, 2017, Gabriela N. was seen by a psychiatrist at the Texas Tech University Health Sciences Center, Child and Adolescent Division, Psychiatry in El Paso, Texas who diagnosed her severe symptoms of depression and Post Traumatic Stress Disorder (PTSD).  The psychiatrist recommended that Gabriela N. be placed in a Residential Treatment Center (RTC).

4.     On September 7, 2017, Gabriela N. was transferred to a placement at Shiloh RTC as a result of her significant mental health symptoms, including suicidal ideation.  During her placement in Shiloh RTC, on November 21, 2017, Gabriela N. received a psychological evaluation.  Gabriela's attending psychiatrist made the referral for the evaluation to assess her cognitive and adaptive functioning in order to rule out or confirm suspected borderline intellectual functioning, as well as to determine the severity of her then-presenting psychiatric symptoms, and to determine necessary levels of care and intensity of services.

5.      Results of the November 2017 psychological evaluation indicated that Gabriela N. has cognitive and academic deficits that might be inherent in nature, or as a result of limited educational history, past traumatic experiences, or a combination of social, economic, and/or cultural factors.  Gabriela N.'s testing determined that she functions at a 7-3 age equivalent level.  However, the evaluation indicated that her diagnosed attention deficit hyperactive disorder (ADHD), combined type and limited educational services could be influencing her low scores in the evaluation.  Consistent with this latter interpretation, the ORR Federal Field Specialist currently working with Gabriela N. has noted that she entered ORR care with no prior formal education and that she presents as a bright, outspoken young woman who appears to be functioning at her age level, although she is somewhat immature and impulsive.

6.      The  psychological examiner also provided several recommendations in the 2017 evaluation for Gabriela N., including:  the continuation of individual therapy services focusing on identifying and developing personal strengths, goals, skills and talents; consistent daily routines at home such as regular bed and eating times; psychotropic medication management; and a more comprehensive educational evaluation once she is released to the community and placed in a home setting to determine service needs.

7.      Later, when her psychiatric symptoms improved sufficiently so that she stabilized, Gabriela was stepped down to her current shelter placement on April 26, 2018.

8.      In the meantime, ORR has investigated the potential for reunifying Gabriela R. with her grandfather who lives in Oakland, California as she requested.  However, he was twice denied by ORR as an unsuitable sponsor.

9.      When Gabriela N. was placed at Shiloh RTC, ORR conducted a mandatory home study under the Trafficking Victims Protection Reauthorization Act (TVPRA) of the grandfather's home given her several significant mental health diagnoses.  A home study report submitted in February 2018 reached a negative conclusion about placement of Gabriela N. with her grandfather.

10.     The home study case worker detailed Gabriela N.'s troubled history which includes physical and verbal abuse (by her mother and step father) and gang rape in her home country, as well as suicidal ideation and a report of self-harm.  Gabriela likewise had an unstable home environment including out of home placement in her home country.  Additionally, Gabriela has revealed a history of association with gang members and consensual sexual relationships with adults which could indicate that she is a trafficking victim.  Further, as noted, Gabriela has multiple mental health diagnoses and she

requires ongoing psychotropic medication management.  She will continue to

need such mental health and psychiatric services on a regular basis in the

community upon release from ORR custody.  While the grandfather evidently

cares for Gabriela N., the home study case worker expressed a concern that the

grandfather has demonstrated a lack of understanding of Gabriela's mental

health diagnoses and her corresponding service needs.

11.    Likewise, the home study case worker reported several risk factors

concerning the grandfather's potential sponsorship that have not been

satisfactorily mitigated since that time.  These are:

   a. The grandfather has a history of incarceration in El Salvador
      (although criminal charges for kidnapping have later allegedly
      been rebutted with a letter of exoneration) and negative
      associations with convicted criminals.

   b. He has an extensive period of alcohol abuse and has not provided
      adequate proof of rehabilitation to support his claim of
      longstanding sobriety in more recent years.

   c. He is receiving Chemotherapy treatments for cancer (Chronic
      Lymphotic Leukemia).  His prognosis and medical care
      requirements are unclear.

   d. The grandfather lacks parenting experience and skills, and a
      support system.   He also has limited finances.

   e. The grandfather also has a questionable work schedule which may
      adversely impact his ability to adequately serve as a sole caregiver
      and meet Gabriela's significant behavioral and mental health
      needs.

12.     No alternative relative sponsors are available to care for Gabriela N.  Of note is that a 19 year old cousin was determined to be too young to do so.

13.     While in placement ORR care providers worked with the Office of Trafficking in Persons (OTIP) to establish trafficking eligibility. OTIP did find her eligible.  Her eligibility provides her with the potential benefits for case management, independent living, medical, psychiatric, and medical services. For these services to be effective, Gabriella N. needs to be in a stable environment.

14.     In lieu of sponsorship by the grandfather or another relative, ORR has submitted an unaccompanied refugee minor program (URM) application for Gabriela N. on July 20, 2018, which ORR has requested be expedited.  Participants in the URM program receive the full range of assistance, care and services available to all foster children in the state where the child is placed.  Services provided include:  indirect financial support for housing, food, clothing, medical care and other necessities; intensive case management by social workers; educational supports including educational training vouchers; English language training; career/college counseling and training; mental health services; assistance adjusting immigration status; cultural activities; recreational

opportunities; support for social integration; and cultural and religious
preservation.  *See* http://www.acf.hhs.gov/orr/program/urm/about
(describing URM program).

15.    Notably, the ORR Federal Field Specialist working with Gabriela,
her child advocate from the Young Center for Immigrant Children's
Rights in Houston, Texas and her immigration attorney are all in
agreement that Gabriela N.'s release to such a URM placement prior to
her 18th birthday would be in her best interests.  The hope is to find an
appropriate placement in Northern California close to where Gabriela's
grandfather lives in order to maintain that family connection.

Dated: Washington D.C.

*August 29, 2018*

_____
James De La Cruz