CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D., by his next friend REYNA D.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services, <br><br> Defendants. | Case No.  2:18-CV-05741 <br><br> **CLASS ACTION** <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> Date: September 21, 2018 <br> Room: 8C <br> Hearing:  9:30 A.M. <br><br> Complaint Filed: June 29, 2018 <br> Trial Date: None Set <br> Judge: Hon. Dolly M. Gee |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | DEFENDANTS HAVE WAIVED OBJECTION TO PLAINTIFFS' SHOWING THAT THIS ACTION MEETS ALL RULE 23 REQUIREMENTS | 1 |
| III. | THIS ACTION IS NOT "DUPLICATIVE" OF FLORES | 2 |
| | A. Neither res judicata nor collateral estoppel preclude Plaintiffs' instant claims | 3 |
| | B. "Duplicativeness" is immaterial to whether class certification is appropriate | 7 |
| IV. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Adams v. Cal. Dep't of Health Servs.*,
  487 F.3d 684 (9th Cir. 2007) ................................................................................ 6

*Allen v. McCurry*,
  449 U.S. 90 (1980) ................................................................................................ 2

*Balbirer v. Austin*,
  790 F.2d 1524 (11th Cir. 1986) ............................................................................ 3

*Beltran v. Cardall*,
  222 F. Supp. 3d 476 (E.D. Va. 2016) ................................................................... 6

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ................................................................................ 8

*Clements v. Airport Auth. of Washoe Cty.*,
  69 F.3d 321 (9th Cir. 1995) ............................................................................. 6, 7

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .............................................................................................. 7

*Flores v. Sessions*,
  No. CV 85-4544-DMG (C.D. Cal.) ............................................................ *passim*

*Frank v. United Airlines, Inc.*,
  216 F.3d 845 (9th Cir. 2000) ................................................................................ 2

*Gen. Motors Corp. v. Superior Court*,
  12 Cal. App. 4th 435 (1993) ................................................................................ 3

*Hiser v. Franklin*,
  94 F.3d 1287 (9th Cir. 1996) ...................................................................... 2, 3, 4, 5

*Jenkins v. Cty. of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) .............................................................................. 1

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
  787 F.3d 1237 (9th Cir. 2015) .............................................................................. 6

**TABLE OF AUTHORITIES**
**(continued)**

Page

*L.V.M. v. Lloyd*,
  No. 1:18-cv-01453-PAC, 2018 U.S. Dist. LEXIS 107692 (S.D.N.Y.
  June 27, 2018) ................................................................................................ 6

*Maldonado v. Lloyd*,
  No. 1:18-cv-3089-JFK, 2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. May
  4, 2018) ........................................................................................................... 6

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
  465 U.S. 75 (1984) .......................................................................................... 2

*Norfolk S. Corp. v. Chevron, U.S.A., Inc.*,
  371 F.3d 1285 (11th Cir. 2004) ...................................................................... 3

*Pacesetter Sys. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ............................................................................ 6

*Plack v. Cypress Semiconductor*,
  864 F. Supp. 957 (N.D. Cal. 1994) ................................................................. 6

*Santos v. Smith*,
  260 F. Supp. 3d 598 (W.D. Va. 2017) ............................................................ 6

*Saravia v. Sessions*,
  280 F. Supp. 3d 1168 (N.D. Cal. 2017) .......................................................... 6

*Sportscare of Am., P.C. v. Multiplan, Inc.*,
  No. 2:10-4414, 2011 WL 589955 (D.N.J. Feb. 10, 2011) ............................. 1

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .......................................................................... 7

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  802 F. Supp. 2d 1125 (C.D. Cal. 2011) .......................................................... 1

*United States v. City of Miami*,
  664 F.2d 435 (5th Cir. 1981) .......................................................................... 3

*United Steel Workers v. Conoco Phillips Co.*,
  593 F.3d 802 (9th Cir. 2010) .......................................................................... 8

# TABLE OF AUTHORITIES
## (continued)

Page

*Villacres v. ABM Indus. Inc.*,
  189 Cal. App. 4th 562 (2010) .................................................................................. 3

**Statutes**

8 U.S.C.
  § 1232 ....................................................................................................................... 4
  § 1232(c)(2)(A) ......................................................................................................... 4
  § 1232(c)(5) .............................................................................................................. 4

28 U.S.C.
  § 1391(e)(1)(B) ......................................................................................................... 2
  § 1391(e)(1)(C) ......................................................................................................... 2

William Wilberforce Trafficking Victims Protection Reauthorization Act
  of 2008, 110 Pub. L. 457, 122 Stat. 5044 ................................................................ 4

**Other Authorities**

Restatement (Second) of Judgments § 24(1) (1982) ....................................................... 4

Rule 23 .............................................................................................................. 1, 2, 7, 8

Rule 23(b)(2) .................................................................................................................. 2

## I. INTRODUCTION

Though opposing class certification, Defendants nowhere contest that Plaintiffs' instant action satisfies all Rule 23 requirements. Motion to Dismiss and Opposition to Class Certification, Aug. 17, 2018 (ECF 52) ("Opp."). Instead, in a combined memorandum supporting dismissal and opposing class certification, Defendants urge the Court to deny certification because this action is "duplicative" of *Flores v. Sessions*, No. CV 85-4544-DMG (C.D. Cal.), and not because it fails to satisfy Rule 23. Opp. at 17-22. As will be seen, Defendants' argument is fundamentally directed against the merits of Plaintiffs' claims and accordingly furnishes no valid reason to deny class certification.

Even were the arguments Defendants marshall against class certification germaine, they would remain meritless. This action is plainly not duplicative of *Flores*, and neither res judicata nor collateral estoppel preclude Plaintiffs from seeking relief the *Flores* Settlement does not provide. None of the authorities Defendants cite is at all to the contrary.

Plaintiffs have carried their burden under Rule 23. Accordingly, the Court should certify this action for class treatment as Plaintiffs propose.

## II. DEFENDANTS HAVE WAIVED OBJECTION TO PLAINTIFFS' SHOWING THAT THIS ACTION MEETS ALL RULE 23 REQUIREMENTS

Defendants nowhere deny that this action meets all of Rule 23's requirements for class certification. *See* Opp. at 17-22.

"In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quoting *Sportscare of Am., P.C. v. Multiplan, Inc.,* No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)); a*ccord Jenkins v. Cty. of Riverside,* 398 F.3d 1093, 1095 n.4 (9th Cir.2005) (plaintiff abandoned claims

by not raising them in opposition to motion for summary judgment);[1] *cf.*, *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000) (noting that parties had "stipulated to class certification, and the district court certified a Rule 23(b)(2)" class thereon).

Defendants accordingly waive any objection to Plaintiffs' showing that all Rule 23 requirements are satisfied here.

### III. THIS ACTION IS NOT "DUPLICATIVE" OF *FLORES*

Though nowhere grounded in Rule 23, Defendants oppose class certification on the ground that this action is purportedly "duplicative" of *Flores v. Sessions*. Opp. at 17. Defendants further suggest—if only via the authorities they cite—that the *Flores* Settlement operates as res judicata or collateral estoppel to preclude the claims Plaintiffs assert in this action.[2] Even were they relevant to class certification, Defendants' arguments would remain meritless.

Res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The effects of former litigation comprise "two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996). "Claim

---

[1] Local Rule 7-9 requires an opposing brief to include "a statement of *all the reasons* in opposition" to a motion. L.R. 7-9 (emphasis added).

[2] To the extent Defendants argue that the Court should deny class certification because of improper venue, Plaintiffs have elsewhere established that Defendants waived this argument by failing to raise it in opposing Plaintiffs' Motion for Preliminary Injunction Re: Lucas R. *See* ECF 67 at 4-5.

And regardless of waiver, Plaintiffs have also shown that venue is proper in this district under 28 U.S.C. § 1391(e)(1)(C) because two of the named Plaintiffs reside in this district, and under 28 U.S.C. § 1391(e)(1)(B), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. Dismiss Opp. at 5-11.

Plaintiffs have also shown that this Court may and should hear all claims in this matter under the pendent venue doctrine. *Id.* at 11-12.

preclusion refers to the effect of a judgment in foreclosing relitigation" of a claim that was not decided because it should have been advanced in an earlier suit. *Id.*

Neither res judicata nor claim preclusion is applicable here, and neither bars class certification. This Court has already implicitly found that Plaintiffs' claims are not "duplicative" or coextensive with the consent decree in *Flores v. Sessions*. And even if they were, that would not be a valid reason to deny class certification.

### A. Neither res judicata nor collateral estoppel preclude Plaintiffs' instant claims

When parties settle, their agreement, and not the original complaint, fixes the metes and bounds of res judicata. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). Consent decrees therefore preclude re-litigating only those matters upon which the parties consented to the entry of judgment. *United States v. City of Miami*, 664 F.2d 435, 440 (5th Cir. 1981) (en banc) (Rubin, J., concurring) ("Even in a two-party litigation the parties may agree on as much as they can, ask the court to incorporate that agreement into a consent decree, and call upon the court to decide the issues they cannot resolve.").

The intent of the parties, as it appears in the settlement itself,[3] determines the extent to which a consent-based judgment has preclusive effect. *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir. 1986) ("[A] consent judgment cannot constitute collateral estoppel unless the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue.").

Applying these principles to the case at bar, it is readily apparent that the *Flores* Settlement in no way forecloses Plaintiffs' instant claims.

---

[3] Under California law, "'the interpretation of a release or settlement agreement is governed by the same principles applicable to any other contractual agreement.'" *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 598 (2010) (quoting *Gen. Motors Corp. v. Superior Court*, 12 Cal. App. 4th 435, 439 (1993)).

1    To begin, the *Flores* plaintiffs could not possibly have intended to settle
2    Plaintiffs' instant claims under the William Wilberforce Trafficking Victims Protection
3    Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044, *codified in pertinent part*
4    at 8 U.S.C. § 1232 ("TVPRA"), because the TVPRA did not exist in 1986, when *Flores*
5    commenced, nor even in 1997, when the *Flores* Settlement was executed. The *Flores*
6    Settlement is wholly silent with respect to an administrative procedure by which
7    detained children may contest ORR's compliance with the TVPRA's command that it
8    place them in the least restrictive setting consistent with their best interests. *See* 8 U.S.C.
9    § 1232(c)(2)(A). Nor does the *Flores* Settlement oblige ORR to provide proposed class
10   members counsel "to the greatest extent practicable" in "legal proceedings or matters,"
11   whereas the TVPRA does. 8 U.S.C. § 1232(c)(5).

12   Next, Plaintiffs' constitutional claims involving due process and freedom of
13   association duplicate nothing in the *Flores* Settlement, nor may they properly be said to
14   be part of the same "transaction, or series of connected transactions, out of which the
15   action arose." Restatement (Second) of Judgments § 24(1) (1982).

16   The Ninth Circuit's decision in *Hiser* forecloses Defendants' argument to the
17   contrary. 94 F.3d 1287. In *Hiser*, a prisoner sued for equitable relief and damages
18   contending that prison officials had refused to photocopy his legal documents in
19   violation of his constitutional right to access the courts. *Id*. at 1289. The plaintiff was a
20   member of a class of inmates, present and future, protected by a comprehensive consent
21   decree settling claims over prison conditions. *Id*. Although the settlement devoted some
22   nine pages to detailing class members' rights with respect to accessing the courts, it did
23   not include photocopying. *Id*.

24   The district court reasoned that photocopying could have been included in the
25   class action settlement, and held the plaintiff's claim barred by res judicata. *Id*. The
26   Ninth Circuit reversed:

27   > Arguably, everything related to prison life could conceivably be deemed
28   > part of "a series of transactions" when a broad-based class action is
     > brought, but if this is how claim preclusion is defined in the class action

context, it would essentially make class actions obsolete. After one prisoner class action had been filed, no "related" claims could ever be filed. No responsible attorney would file a class action challenging a prison condition, because by doing so, all future claims by prisoners challenging an unconstitutional condition could be barred— even if the specific issue was never raised in the previous litigation.

*Id*. at 1293.

Defendants' instant argument is indistinguishable from that the Ninth Circuit rejected in *Hiser*, where the plaintiff sued for relief an earlier class action settlement did not supply, though he was an unnamed class member in the earlier litigation and the resulting class action settlement benefitted him in other ways.

Similarly here, nothing in the *Flores* Settlement specifies what administrative process is due children whom ORR detains because it thinks their proposed custodians may be unfit. *Flores v. Sessions*, No. 2:85-cv-04544-DMG-AGR, Order, July 30, 2018 (ECF 470), at 2-3. Nor does the *Flores* consent decree directly require ORR to afford detained children notice and an opportunity to be heard before they are "stepped up" from a licensed, dependent care shelter to a staff-secure or secure facility. *Id*.

The *Flores* agreement nowhere protects detained children's right to counsel to help them challenge ORR's placement decisions, *Flores v. Sessions*, No. 2:85-cv-04544-DMG-AGR, Order, June 27, 2017 (ECF 363), at 31-32, whereas the TVPRA does. Finally, unless ORR chooses to place children in facilities where state law requires it, the *Flores* Settlement posits no requirement that ORR obtain informed parental consent or judicial authorization before administering detained children psychotropic drugs.

Holding all these claims precluded by a 21-year-old consent decree that resolves none of them would be indistinguishable from what the Ninth Circuit disapproved in *Hiser*. If anything, Plaintiffs' instant claims are even less amenable to preclusion than were the plaintiff's in *Hiser*, who asserted no claims under subsequent legislation.

Further, Defendants' claim that the *Flores* Settlement was the final, compendious resolution of *all* its class members' rights belies the fact that numerous courts all around

5.   REPLY ISO MOTION FOR CLASS CERTIFICATION
CASE NO. 2:18-CV-05741

the country have allowed *Flores* class members to bring claims against ORR. *See, e.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168 (N.D. Cal. 2017) (ORR enjoined against confining *Flores* class members re-arrested on allegations of gang involvement without hearing); *Beltran v. Cardall*, 222 F. Supp. 3d 476 (E.D. Va. 2016) (ORR enjoined against refusing to release *Flores* class member to mother as violative of due process); *Santos v. Smith*, 260 F. Supp. 3d 598 (W.D. Va. 2017) (same); *Maldonado v. Lloyd*, No. 1:18-cv-3089-JFK, 2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. May 4, 2018) (same); *L.V.M. v. Lloyd*, No. 1:18-cv-01453-PAC, 2018 U.S. Dist. LEXIS 107692, at *25 (S.D.N.Y. June 27, 2018) (ORR enjoined against detaining *Flores* class members in New York State while its director approves release as violative of the TVPRA).

Defendants' authority compels no different result. Indeed, *none* of their authorities even discusses the preclusive effect of a class-wide settlement on the ability of unnamed class members to seek redress for future injury based on subsequent legislation.[4]

---

[4] In *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), the plaintiff filed a second complaint "in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint."

In *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1238-39 (9th Cir. 2015), a lien holder sued first in Mississippi and then in California to recover the value of materials and services furnished under a construction contract.

In *Plack v. Cypress Semiconductor*, 864 F. Supp. 957 (N.D. Cal. 1994), the court held that the plaintiff's time-barred claims could not be saved by filing new class actions re-asserting identical claims, where "[t]he claims of the class members whom Plack desires to represent are in the process of being litigated by court-certified representatives and counsel. As such, suspending the limitations period to permit Plack's duplicative class claims to proceed would serve no purpose . . . ." *Id.* at 959.

In *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982), parties to a patent infringement dispute "brought essentially identical actions in district courts in Florida and California . . . ." "The California district court, concluding that the litigation filed first in the Florida court would fully resolve the dispute, declined to exercise jurisdiction over the second-filed action and dismissed it."

In *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321 (9th Cir. 1995), plaintiffs sued in state court, alleging that an airport authority had terminated them for whistle-blowing. The state court reviewed the airport's decision for abuse of discretion. *Id.* at 326. While the state court action was pending, the plaintiffs brought suit in federal court alleging that their terminations violated the First Amendment and the Due Process guarantee of the Fourteenth Amendment. *Id.* at 325. The Ninth Circuit held claim preclusion waived, but that the plaintiffs were properly barred from re-litigating *factual*

1   Defendants' present argument is also fundamentally inconsistent with the Court's recent construction of the *Flores* Settlement. When the *Flores* plaintiffs sought due process protections against secure confinement and protracted detention in lieu of release to available custodians, the Court found that "[w]hatever the merits of this claim, it has no place in a motion to enforce the consent decree. The vindication of a constitutional right is not coterminous with the enforcement of a contractual provision." *Flores v. Sessions*, No. 2:85-cv-04544-DMG-AGR, Order July 30, 2018 (ECF 470), at 5. Defendants sought this ruling, yet would now leverage *Flores* to strip detained children of rights the Constitution and the TVPRA independently confer.

### B. "Duplicativeness" is immaterial to whether class certification is appropriate

Defendants' argument against class certification is misplaced for another reason: potential claim-preclusion is nowhere mentioned in Rule 23, and it is well established that class certification is proper whether or not Plaintiffs are likely to prevail on the merits of their claims.

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather *whether the requirements of Rule 23 are met*[,]" and "nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (emphasis added; quotation marks and citation omitted).

Although certification inquiries such as commonality, typicality, and predominance sometimes call for substantive inquiry, "[t]he court may not go so far . . . as to judge the validity of these claims." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). "[N]either the possibility that a plaintiff will be unable to prove his

---

issues "actually litigated and necessarily decided" in the state court proceeding. *Id.* at 330.

allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies [Rule 23]." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975); *see also United Steel Workers v. Conoco Phillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (reversing district court's denial of class certification on the ground that "'there can be no assurances that [plaintiffs] w[ould] prevail . . .'" (emphasis omitted)).

Here, Defendants oppose class certification exclusively on grounds wholly unrelated to Rule 23's requirements. Doubts about Plaintiffs' claims—whether grounded in res judicata or otherwise—are not proper reasons to deny class certification.

## IV.  CONCLUSION

For the foregoing reasons, the Court should certify the class as Plaintiffs propose, appoint the named Plaintiffs as class representatives, and appoint Plaintiffs' counsel to serve as class counsel.

Dated:  August 31, 2018

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)


By: *s/Carlos R. Holguin*
　　　Carlos R. Holguin (90754)

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
　　　　ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
　　　　ndesai@youthlaw.org
　　　　pjuneja@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email:  swynn@cooley.com
　　　　mkkelley@cooley.com
　　　　jcieslak@cooley.com
　　　　mdonohue@cooley.com

*Attorneys for Plaintiffs*