1    CENTER FOR HUMAN RIGHTS &
     CONSTITUTIONAL LAW
2    CARLOS R. HOLGUÍN (90754)
     256 South Occidental Boulevard
3    Los Angeles, CA 90057
     Telephone: (213) 388-8693
4    Email: crholguin@centerforhumanrights.org

5    *Attorneys for Plaintiffs*

6    *Additional counsel listed on following page*

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN

11

12   LUCAS R., by his next friend            Case No.  2:18-CV-05741 DMG PLA
     MADELYN R.; DANIELA MARISOL
13   T., by her next friend KATHERINE L.;    **CLASS ACTION**
     MIGUEL ANGEL S., by his next
14   friend GERARDO S.; GABRIELA N.,         **APPLICATION FOR LEAVE TO**
     by her next friend ISAAC N.; JAIME      **FILE UNDER SEAL DOCUMENTS**
15   D., by his next friend REYNA D.; SAN    **SUBMITTED IN SUPPORT OF**
     FERNANDO VALLEY REFUGEE                 **REPLY TO OPPOSITION TO**
16   CHILDREN CENTER, INC.;                  **MOTION FOR PRELIMINARY**
     UNACCOMPANIED CENTRAL                   **INJUNCTION RE: PLAINTIFF**
17   AMERICAN REFUGEE                         **GABRIELA N.**
     EMPOWERMENT,
18                                           Complaint Filed: June 29, 2018
                   Plaintiffs,              Trial Date: None Set
19                                           Judge: Hon. Dolly M. Gee
            v.
20
     ALEX AZAR, Secretary of U.S.
21   Department of Health and Human
     Services; E. SCOTT LLOYD, Director,
22   Office of Refugee Resettlement of the
     U.S. Department of Health & Human
23   Services,

24                 Defendants.

25

26

27

28

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
       ndesai@youthlaw.org
pjuneja@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email:  swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

*Attorneys for Plaintiffs*

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order granting leave to use pseudonyms (ECF 18), Plaintiff Gabriela N. submits this unopposed[1] Application seeking leave to file under seal the entirety of Exhibit 36 and portions of Exhibits 35 and 37 ("Exhibits") in support of her Reply to Opposition to Motion for Preliminary Injunction.  As required by Local Rule 79-5.2.2(a), Plaintiff submits concurrently with this application the declaration of Leecia Welch, a proposed order, redacted and unredacted versions of Exhibits 35 and 37, unredacted Exhibit 36, and a proposed order.

The portions of Exhibits 35 and 37 that Plaintiff seeks to seal include the full names of Gabriela N. and her Next Friend, Isaac N.  *See* Welch Decl. ¶ 3 (table specifying information Plaintiff seeks to seal for each Exhibit).

Exhibit 36, which Plaintiff seeks to seal in its entirety, contains the Young Center for Immigrant Children's Rights' Best Interests Recommendation, which discusses home studies of Isaac in detail.  Due to the detailed nature of this document, the sensitive information it contains cannot be separated from other information therein, and therefore Plaintiff seeks to seal it in its entirety.

Gabriela is a minor in the immigration detention custody of the Office of Refugee Resettlement (ORR).  She has an interest in maintaining her privacy while in immigration custody and in her private mental health information.

## I.   LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (internal quotation marks omitted).  Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public

---

[1] Defendants' counsel (Marina Stevenson, marina.c.stevenson@usdoj.gov) has informed Plaintiffs that Defendants will not oppose this Application.

policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## II.   ARGUMENT

### A.   There are compelling reasons to seal the information that Plaintiff seeks to protect from public disclosure.

These documents and the related Reply to Opposition to Motion for Preliminary Injunction contain highly personal information regarding Plaintiff Gabriela N., and disclosure of her identifying and similar information would cause her significant harm. Indeed, the Court already determined that there are compelling reasons to protect this and similar information previously. (ECF 18, 28, 36.)

First, the Exhibits address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental health information and treatment of Gabriela. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibits implicate the details of Gabriela's immigration detention and asylum claims, including her alien registration number. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

APPLICATION FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

1  Third, Gabriela's identifying information should be protected because the
2  sensitive subject matter at issue – including her private mental health and trauma
3  information and immigration detention – is based exclusively on her experience as a
4  minor.  Federal courts recognize the importance of protecting minors' identities and
5  personal information in court proceedings.  *Doe v. Kamehameha Schs./Bernice Pauahi*
6  *Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from
7  denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's
8  interest in learning their names, even when there is no particular threat to the juvenile's
9  physical safety or wellbeing.").

10  To protect Gabriela's identity effectively, it is also necessary to protect the
11  identity of her Next Friend and potential sponsor.  Identification of this individual could
12  lead easily to the identification of Gabriela.  Further, one of the Exhibits implicates
13  personal information about Gabriela's Next Friend, including his health history.

14  **B.    Plaintiff's sealing request is narrowly tailored.**

15  Plaintiff seeks only a limited sealing order that permits her to file unredacted
16  versions of Exhibits 35-37 under seal and redacted versions of Exhibits 35 and 37 in the
17  public record.  Other relevant information important to Plaintiff's presentation of the
18  issues, including the content of Gabriela's statements and other documents, would still
19  be maintained in the public record, and the Court's resolution of these matters will be
20  public as well.  Accordingly, filing Exhibit 36 and portions of Exhibits 35 and 37 under
21  seal is the least restrictive method of ensuring Gabriela's and her family members'
22  privacy while permitting the public access to the maximum amount of information.

23  **III.  CONCLUSION**

24  For the reasons set forth above, Plaintiff respectfully requests leave to file the
25  entirety of Exhibit 36 and the unredacted versions of Exhibits 35 and 37 under seal, and
26  to file redacted versions of Exhibits 35 and 37 in the public record.

27
28

APPLICATION FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

1    Dated:  September 5, 2018      NATIONAL CENTER FOR YOUTH LAW

2                                           LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)

3                                           POONAM JUNEJA (300848)

4

5                                      By: *s/Leecia Welch*
                                            Leecia Welch (208741)

6                                           405 14th Street, 15th Floor
Oakland, CA 94612

7                                           Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

8                                                     ndesai@youthlaw.org
pjuneja@youthlaw.org

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28