JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-7816
    Fax: (202) 616-4950
    andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., *et al.*, <br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Dep't of Health and Human Services, *et al.*, <br> Defendants. | Case No.: 2:18-CV-05741-DMG-PLA <br><br> REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS <br><br> Hearing on Motion: <br> September 21, 2018 at 9:30am <br><br> Honorable Dolly Gee |

Plaintiffs' response to Defendants' motion to dismiss continues to reflect the ambiguous nature of Plaintiffs' claims. The response only highlights that this action is either an improperly filed group of petitions for writs of habeas corpus or an action duplicative of the *Flores* litigation.

**I.    Defendants preserved the venue defense in their opposition to the first preliminary injunction, and Plaintiffs essentially concede that point**

First, Defendants did not waive their venue defense. Defendants' position has consistently been that "[t]his motion is properly understood as a petition for a writ of habeas seeking the release and *must be brought in the Southern District of Texas*." Opp. to First Prelim. Inj., ECF. No. 44, at 10 (emphasis added). While Defendants expanded upon those concerns in the motion to dismiss, venue has been the primary basis for Defendants' filings.

In opposing the first motion for a preliminary injunction, Defendants' referred to "jurisdiction." Opp. to First Prelim. Inj., ECF No. 44, at 10-11. Defendants did so because the habeas statute uses the word "jurisdiction" to reflect a venue concern. As the Supreme Court stated in analyzing the habeas statute: "The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004)); *id.* 458 (Stevens, J. dissenting) ("It bears emphasis that the question of the proper forum to determine the legality of [petitioner's]

| | |
|---|---|
| 1 | incarceration . . . is one of *venue*.") (emphasis added); *see also Braden v. 30th* |
| 2 | *Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493-95 (1973) (place of detention is |
| 3 | question of venue); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (Section |
| 4 | 2241's discussion of "jurisdiction" is "venue").  Defendants reiterated that venue |
| 5 | argument in the motion to dismiss, though with more detail. |
| 6 |      Plaintiffs' assertion that Defendants did not use the word "venue" fails to |
| 7 | appreciate that their motion for a preliminary injunction only asked for habeas- |
| 8 | style relief.  As such, Defendants responded to that request.  Otherwise, Plaintiffs |
| 9 | cite to no case that requires the incantation of a magic word to avoid confusion. |
| 10 | Nor was there any confusion:  Plaintiffs' opposition to the motion to dismiss |
| 11 | reflects that they understood the Defendants' initial argument on venue.  The |
| 12 | opposition to the motion to dismiss notes that it previously disagreed with the |
| 13 | argument that these are "habeas petitions that must be venued where each plaintiff |
| 14 | is in custody"—and cites their reply to the Defendants' opposition to the first |
| 15 | preliminary injunction.  Opp. to Mot. to Dismiss, ECF No. 67, at 12 n.3.  Plaintiffs' |
| 16 | current waiver claim is belied by their admitted understanding of the arguments to |
| 17 | be venue-based. |
| 18 |      Relatedly, Plaintiffs' argument that their suit is only asking for "placement" |
| 19 | and not "release" is disingenuous and should be disregarded as mere semantics. |
| 20 | Opp. to Mot. to Dismiss, ECF No. 67, at 12 n.3.  The Complaint protests about |

incarceration . . . is one of *venue*.") (emphasis added); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493-95 (1973) (place of detention is question of venue); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (Section 2241's discussion of "jurisdiction" is "venue"). Defendants reiterated that venue argument in the motion to dismiss, though with more detail.

      Plaintiffs' assertion that Defendants did not use the word "venue" fails to appreciate that their motion for a preliminary injunction only asked for habeas-style relief. As such, Defendants responded to that request. Otherwise, Plaintiffs cite to no case that requires the incantation of a magic word to avoid confusion. Nor was there any confusion: Plaintiffs' opposition to the motion to dismiss reflects that they understood the Defendants' initial argument on venue. The opposition to the motion to dismiss notes that it previously disagreed with the argument that these are "habeas petitions that must be venued where each plaintiff is in custody"—and cites their reply to the Defendants' opposition to the first preliminary injunction. Opp. to Mot. to Dismiss, ECF No. 67, at 12 n.3. Plaintiffs' current waiver claim is belied by their admitted understanding of the arguments to be venue-based.

      Relatedly, Plaintiffs' argument that their suit is only asking for "placement" and not "release" is disingenuous and should be disregarded as mere semantics. Opp. to Mot. to Dismiss, ECF No. 67, at 12 n.3. The Complaint protests about

*policies* that impact release.  *See*, *e.g.*, Compl., ECF No. 1, at ¶ 123 (asserting that Defendants "refuse to release children").  Tellingly, Plaintiffs have not filed a preliminary injunction reflecting the classes' complained about policies.  Instead, they have filed individual preliminary injunctions that have been clear:  "Plaintiffs seek a preliminary injunction requiring his immediate *release*."  Mot. for Prelim. Inj., ECF No. 25, at 1 (emphasis added); *see also* Mot. for Prelim. Inj., ECF No. 48-1, at 1 (Defendants have violated the Flores Settlement's "general policy favoring *release*") (emphasis added).  Ultimately, Defendants properly raised venue and "jurisdiction" concerns in responding to a request for release and a Complaint specifically relying on the habeas statute; and Plaintiffs' reply to the opposition to the first preliminary injunction reflected their understanding of those arguments.

## II. The Court should reject Plaintiffs' attempts to modify the allegations in their Complaint by way of motions and declarations

On the merits, Plaintiffs' venue arguments fail to demonstrate venue and continue to reflect that this is not a properly pleaded class action.  The opposition relies on the location of the institutional Plaintiffs—San Fernando Valley Refugee Children Center and Unaccompanied Central American Refugee Empowerment.  Opp. to Mot. to Dismiss, ECF No. 67, at 5-7.  Yet, the allegations in the Complaint and subsequent motion for class certification ignore the institutional Plaintiffs.  Plaintiffs propose a class of "children" in ORR's custody.  *See* Mot. for Class

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS -- 3

Cert., ECF No. 25-1, at 9.  Further the motion for class certification asserts that the group overlaps with *Flores* members—who are all children.  *Id.* at 2 n.3, 5 n.5.  Plaintiffs' filings outside of venue ignore the institutional Plaintiffs for good reason:  These institutions are not children.  Ignoring these institutions is particularly stark in the motion for class certification.  The motion for class certification makes no reference to these institutions.  *See*, *generally*, *id*.

If these institutions are the basis for venue, then this is not a class action.  If those institutional Plaintiffs desire to bring a lawsuit seeking redress for some still unarticulated injury, then they may do so on their own behalf.  Defendants and this Court do not have an obligation to guess at the nature of these institutions' involvement when they are not class members.

Further, Plaintiffs' attempts to modify their Complaint's venue allegations for the individual children only emphasize that these are habeas petitions or a *Flores* action.  The Complaint relied on some unspecified government office being located in this District.  Compl., ECF No. 1, at ¶ 8.  Plaintiffs now change tack:  They rely on new allegations not included in the Complaint to manufacture venue.

Plaintiffs now rely on one named Plaintiff's three-month placement in a shelter she no longer resides in—alleging issues on medication, placement and release.  This period occurred before this lawsuit was filed, and the claims made do not establish venue.  Opp. to Mot. to Dismiss, ECF No. 67, at 8.  David and

1  Margaret Shelter is neither a staff-secure, nor a secure shelter.  *See* Def. Ex. 63,

2  Decl. of James De La Cruzat 3-4.  It is a non-secure shelter for which notice of

3  placement in a restrictive setting is not required.  *Id*. at 4.  Plaintiffs have failed to

4  show how any of the relevant decision to the class occurred in this facility.  Claims

5  on medication also are *exactly* the sorts of claim recently decided by this Court in

6  *Flores* under Texas law.  *See Flores v. Sessions*, No. 85-cv-0544, July 31, 2018

7  Order, ECF No. 409, at 27.  If that is the complaint for this particular minor—and

8  pertinent only to her—then that is a *Flores* complaint.  It does not alone create

9  venue for a separate class action based on decisions that were not taken in this

10 District; the due process complaints and other complaints are based on decisions

11 and policies occurring in other Districts competent to handle these matters.

12      They also rely on home studies for non-parental *sponsors* that occurred in

13 this District.  Opp. to Mot. to Dismiss, ECF No. 67, at 8-9.  That reliance is

14 misplaced for several reasons.  Under Federal Rule of Civil Procedure 17, the

15 sponsors are not parties.  *See Wilson v. Lane*, 697 F. Supp. 1489, 1492 (S.D. Ill.

16 1988).  As next friends, they "merely stand[] in the shoes" of the plaintiffs.

17 *Guadalupe-Salazar v. Napolitano*, No. 10-01173, 2010 WL 2640471, at *2 (N.D.

18 Cal. June 30, 2010) (citing *Adem v. Bush*, 425 F.Supp.2d 7, 11 (D.D.C. 2006)).

19 Thus, their location does not generally have any bearing on venue.  Moreover, to

20 the extent they complain on their own behalf, they have no standing to challenge

1 venue. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992) ("non-
2 parties usually lack standing to challenge venue dispositions"). Plaintiffs fail to
3 explain how these sponsors are relevant in the context of a putative class action
4 that seeks to represent minors, not sponsors.

5 The alleged actions on home studies may be relevant "to Lucas R.'s claims,"
6 Opp. to Mot. to Dismiss, ECF No. 67, at 9, but they are not relevant to the
7 purported class claims about *policies* affecting the entire *Flores* class. Reliance on
8 minimal actions when the Complaint is based on policies outside of this District
9 raise concerns about forum shopping. *See In re Ferrero Litig.*, 768 F. Supp. 2d
10 1074, 1078 (S.D. Cal. 2011) (minimizing deference to plaintiff's choice to guard
11 against forum shopping). "An administrative claim is said to arise in the district if
12 it was drafted, signed, and published in this district, and if the controversy 'stems
13 from the formulation of national policy on an issue of national significance.'"
14 *Oceana, Inc. v. Prizker*, 58 F. Supp. 3d 2, 6 (D.D.C. 2013) (citation omitted).
15 Plaintiffs do not allege that any of these polices were drafted, signed, or published
16 in this District. Taken as a whole, Plaintiffs' attempts to re-write and improperly
17 supplement their Complaint emphasize that this is not a properly pleaded class
18 action.

19 Finally, Plaintiffs to demonstrate that this action is not duplicative of the
20 *Flores* litigation. This action is either a matter to be decided under *Flores*, or to be

1 adjudicated in a properly pleaded class action or habeas petitions. Again, the Court
2 should look at Plaintiffs' Complaint: "Plaintiffs file this complaint as an adjunct
3 and supplement to their motion to enforce their rights under the Flores Settlement."
4 Compl., ECF No. 1, at ¶ 2. Further, Plaintiffs specifically listed *Flores* as related
5 to this case, and this case was re-assigned from the initially assigned judge to this
6 Court due to a related case. *See* Notice of Related Cases, ECF No. 5; Order re:
7 Transfer Pursuant to General Order, ECF No. 13.

8 Plaintiffs assert that they do not have all of the requested rights under the
9 *Flores* Settlement. Opp. to Mot. to Dismiss, ECF No. 67, at 12-14. Defendants do
10 not disagree, but that merely sidesteps the issue. If they desire more rights under
11 the *Flores* litigation, then they must proceed in that litigation; if they desire to file
12 a separate class action or habeas petitions, then they must find an appropriate
13 venue. The fact that they did not win in a *motion to enforce* does not allow them to
14 re-litigate *Flores* in a different lawsuit within the same District Court.

15 Plaintiffs' reliance on other courts addressing *habeas petitions* is misplaced.
16 The Opposition's parenthetical descriptions of these cases incorrectly describes the
17 cases as involving the entire *Flores* class. None of these cases involved requesting
18 rights for the entire *Flores* class. Nor did they seek to tie their cases to the *Flores*
19 litigation. *See L.V.M. v. Lloyd*, No. 18-CIV-1453, 2018 WL 3133965, at *2
20 (S.D.N.Y. June 27, 2018) (certifying class of children detained in "New York

State" and finding likely violation of TVPRA—not *Flores*); *Maldonado v. Lloyd*, No. 18 CIV. 3089 , 2018 WL 2089348, at *1 (S.D.N.Y. May 4, 2018) (individual habeas petition); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) (habeas brought by children suspected of being gang members); *Santos v. Smith*, 260 F. Supp. 3d 598, 600 (W.D. Va. 2017) (individual habeas petition); *Beltran v. Cardall*, 222 F. Supp. 3d 476, 479 (E.D. Va. 2016) (same).  Plaintiffs' suggestion that Defendants have pivoted by arguing in opposition to the *Flores* Motion to Enforce that Plaintiffs must seek the rights they sought in case in separate litigation in this Court is incorrect.  They may seek to amend *Flores*, they may file habeas petitions in the correct jurisdictions, or they must pursue an appropriately filed litigation.  The course of action depends on what relief Plaintiffs ultimately are seeking—relief that varies from filing to filing.  For all the reasons in Defendants' motion to dismiss, the Complaint in this case fails to demonstrate that this District is the proper venue for Plaintiffs' claims.

**CONCLUSION**

For the reasons in Defendants' motion to dismiss and opposition to class certification, the Court should dismiss this action.

Respectfully submitted,

JOSEPH J. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney

   /s/  Andrew B. Insenga
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
Phone:  (202) 305-7816
Fax:  (202) 616-4950
andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

September 5, 2018

# CERTIFICATE OF SERVICE

I certify that, on September 5, 2018, I caused the foregoing to be filed via the CM/ECF system. That system caused a copy to be served on Plaintiffs' counsel of record.

JOSEPH J. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney

　/s/  Andrew B. Insenga
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
Phone:  (202) 305-7816
Fax:  (202) 616-4950
andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS