UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-5741-DMG (PLAx)** | Date | September 6, 2018 |

| | | | |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 1 of 9 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF LUCAS R.'S MOTION FOR PRELIMINARY INJUNCTION [29]**

On June 29, 2018, Plaintiffs Lucas R., Daniela Marisol T., Miguel Angel S., Gabriela N., Jaime D., San Fernando Valley Refugee Children Center, Inc., and Unaccompanied Central American Refugee Empowerment filed a Class Action Complaint for Declaratory, Injunctive, and Nominal Monetary Relief ("CAC") against Alex Azar, the Secretary of the U.S. Department of Health and Human Services ("HHS"), and E. Scott Lloyd, the Director of the Office of Refugee Resettlement ("ORR"). [Doc. # 1.] The CAC alleges that ORR maintains certain policies and/or practices relating to the detention of alien minors that violate (*inter alia*) the Due Process Clause of the Fifth Amendment, the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the consent decree issued in *Flores v. Sessions*, No. CV 85-4544-DMG (AGRx) (C.D. Cal.) [Doc. # 101] ("*Flores* Agreement"). CAC at 1–5, 39–41.[1]

On August 3, 2018, Plaintiff Lucas R. filed a motion for preliminary injunction, wherein he seeks an order requiring ORR to immediately release him to Madelyn R., his next friend and sister. [Doc. # 29.] The motion for preliminary injunctive relief has since been fully briefed. [Doc. ## 44, 53.] Having duly considered the parties' written submissions, the Court **DENIES, without prejudice,** Lucas R.'s motion for the reasons set forth below.

**I.
FACTUAL BACKGROUND**

Lucas R. is a native and citizen of Guatemala who entered the United States in February 2018. *See* CAC at ¶ 10; Opp'n re Lucas R.'s MPI at 2; Pls.' Class Cert. Mot., Ex. 21 at ¶ 2 (Lucas R. Decl.) [Doc. # 35-12]; CAC at ¶ 21; Opp'n re Lucas R.'s MPI at 2; Opp'n re Lucas R.'s MPI, Ex. 45 at ¶ 7 (De La Cruz Decl.) [Doc. # 44-1]. On or about February 12, 2018, ORR assumed custody of Lucas and placed him in the Southwest Key Hacienda del Sol shelter in

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-5741-DMG (PLAx)** | Date | September 6, 2018 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 2 of 9 |

Youngtown, Arizona.[2]  *See* Lucas R's. MPI, Ex. 33 at 2 (Admission Record) [Doc. # 39-1]; Opp'n re Lucas R.'s MPI, Ex. 45 at ¶ 8 (De La Cruz Decl.) [Doc. # 44-1].  On May 21, 2018, ORR transferred Lucas to Shiloh Residential Treatment Center ("Shiloh RTC") in Manvel, Texas.  Lucas R.'s MPI, Ex. 42 at 2–3 (ORR Transfer Request and Tracking Form) [Doc. # 39-9].  To this day, ORR continues to detain Lucas at Shiloh RTC.  *See* Lucas R.'s MPI at 9; Opp'n re Lucas R.'s MPI at 10–11; Opp'n re Lucas R.'s MPI, Ex. 45 at ¶¶ 13, 20, 22 (De La Cruz Decl.) [Doc. # 44-1].

In mid-February 2018, Madelyn R. asked ORR to release Lucas to her custody.  *See* Pls.' Class Cert. Mot., Ex. 22 at ¶ 6 (Madelyn R. Decl.) [Doc. # 35-13].  In March 2018, ORR conducted a home study to determine whether Madelyn was a suitable custodian for Lucas.  *See id.* at ¶ 10.  The social worker visited Madelyn's home on several more occasions over the next two weeks.  *See id.* at ¶¶ 11–12.  Approximately one month after the social worker's final visit, she informed Madelyn that ORR denied her request because an individual suspected of being a resident of the home had refused to be fingerprinted.  *See id.* at ¶ 13.  Although the social worker stated that this decision was final, she failed to provide Madelyn with a written decision or explain whether Madelyn could appeal ORR's denial of her request.  *See id.*

Lucas claims that he is entitled to release from custody under Paragraphs 14 and 18 of the *Flores* Agreement, which require ORR to release a minor from its custody without unnecessary delay, *see Flores* Agreement at ¶¶ 14, 18, and under Section 235(c)(2)(A) of the TVPRA, which obligates ORR to promptly place an unaccompanied alien child in the least restrictive setting that is in the best interest of the child, *see* 8 U.S.C. § 1232(c)(2)(A).  Lucas further contends that ORR has deprived him of his constitutional rights to physical liberty, family unity, and familial association without due process of law by failing to provide Lucas or Madelyn with "any meaningful process by which they may contest ORR's [decision that] Madelyn [is] an unfit custodian."  *See* Lucas R.'s MPI at 23–26.  Lucas argues that these constitutional violations warrant his immediate release to Madelyn because ORR "cannot be reasonably expected to fashion" an adequate hearing procedure "without protracting Lucas's detention even more and causing him even greater irreparable injury."  *See* Reply re Lucas R.'s MPI at 13–14.

---

[2] The TVPRA provides that HHS is responsible for the custody of all unaccompanied alien children.  *See* 8 U.S.C. § 1232(b)(1).  ORR is the division of HHS that has been entrusted with that responsibility.  *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1178 (N.D. Cal. 2017).  There is no dispute that Lucas is an unaccompanied alien child.  *See* Compl. at ¶ 10; Opp'n re Lucas R.'s MPI at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741-DMG (PLAx) | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 3 of 9 |

## II.
## LEGAL STANDARD

A plaintiff seeking preliminary injunctive relief must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). An injunction is also appropriate when a plaintiff raises "serious questions going to the merits," demonstrates that "the balance of hardships tips sharply in [his or her] favor," and "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

## III.
## DISCUSSION

Lucas R. identifies three jurisdictional bases for his request for preliminary injunctive relief: (1) the *Flores* Agreement, (2) 28 U.S.C. section 2241 (*i.e.*, the habeas statute for federal prisoners), and (3) the Administrative Procedure Act ("APA").[3] *See* Reply re Lucas R.'s MPI at 9–17. None of these authorities, however, permits this Court to grant Lucas the relief he seeks—*i.e.*, his release from ORR's custody. *See* Notice of Lucas R.'s MPI at 3 [Doc. # 29]; Lucas R.'s MPI at 6 ("Plaintiffs seek a preliminary injunction requiring [Lucas's] immediate release.").

---

[3] Lucas R. also argues that the TVPRA and 28 U.S.C. section 1331 "vest[] th[is] Court with full authority to compel ORR to place [him] in the least restrictive setting consistent with his best interests and to do so without further delay." *See* Reply re Lucas R.'s MPI at 15. Admittedly, the TVPRA does provide that "an unaccompanied alien child in the custody of [ORR] shall be promptly placed in the least restrictive setting that is in the best interest of the child." *See* 8 U.S.C. § 1232(c)(2)(A). Nonetheless, Lucas. R. does not identify any provision of the TVPRA that confers jurisdiction on this Court to release him from custody, nor is it apparent that any such provision exists. Further, 28 U.S.C. section 1331 does not authorize this Court to compel Lucas R.'s release. Rather, it simply confers jurisdiction over causes of action created by federal law and certain state law claims that are predicated on federal law. *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008). Moreover, Section 1331, standing alone, does not waive ORR's sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("Section 1331 does not waive the government's sovereign immunity from suit."); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741-DMG (PLAx) | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 4 of 9 |

A.   **The *Flores* Agreement Does Not Authorize This Court to Release Lucas R.**

Lucas R. asserts that this Court has jurisdiction to hear his motion for preliminary injunction pursuant to Paragraph 37 of the *Flores* Agreement. *See* Reply re Lucas R.'s MPI at 9–12. Paragraph 37 provides in pertinent part: "This paragraph provides for the enforcement, in this District Court, of the provisions of this Agreement except for claims brought under Paragraph 24." *Flores* Agreement at ¶ 37.

In turn, Paragraph 24B of the Agreement provides:

> Any minor who disagrees with the INS's determination to place that minor in a particular type of facility, or who asserts that the licensed program in which he or she has been placed does not comply with the standards set forth in Exhibit 1 attached hereto, may seek judicial review in any United States District Court with jurisdiction and venue over the matter to challenge that placement determination or to allege noncompliance with the standards set forth in Exhibit 1. In such an action, the United States District Court shall be limited to entering an order solely affecting the individual claims of the minor bringing the action.

*Id.* at ¶ 24B.

Lucas R. argues that Paragraph 24B is inapplicable because it governs only challenges to a minor's placement in a particular ORR facility. *See* Reply re Lucas R.'s MPI at 9 & n.2. An objection to ORR's refusal to release a particular *Flores* Class Member from its custody, however, also constitutes a challenge to the agency's decision to place the Class Member in an ORR facility rather than release the minor to a proposed custodian. This conclusion is reinforced by certain provisions of the *Flores* Agreement that indicate that release and placement decisions are not mutually exclusive. *See, e.g.*, *Flores* Agreement at ¶ 11 (providing that the purpose of the Agreement is to ensure that ORR "place[s] each detained minor in the least restrictive setting appropriate to the minor's age and special needs," which suggests that declining to release a minor is a "placement" decision); *see also Powerine Oil Co. v. Superior Court of L.A. Cty.*, 37 Cal. 4th 377, 391 (2003) ("[L]anguage in a contract must be construed in the context of that instrument as a whole . . . ." (quoting *Bank of the West v. Superior Court of Contra Costa Cty.*, 2 Cal. 4th 1254, 1265 (1992)) (internal quotation marks omitted));[4] 8 U.S.C. § 1232(c)(2)(A) (providing that ORR shall review "[t]he placement of a child in a secure facility" on a monthly basis, implying that continuing to detain a minor is a "placement" decision). In fact, in an attempt to show that a

---

[4] California contract law governs the interpretation of the *Flores* Agreement. *See O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004).

Case 2:18-cv-05741-DMG-PLA   Document 79   Filed 09/06/18   Page 5 of 9   Page ID #:3046

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5741-DMG (PLAx)** | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 5 of 9 |

petition for writ of habeas corpus is not the only means by which he can obtain the relief sought, Lucas concedes that he challenges ORR's decision not to *place* him in the least restrictive setting— *i.e.*, in the custody of Madelyn R. *See* Reply re Lucas R.'s MPI at 12 ("[Lucas R.'s] claim that ORR's refusing to place him with Madelyn violates the TVPRA is not about 'release' at all. Rather, it is about *placement* in the least restrictive setting consistent with his best interests." (emphasis added)); *see also* Proposed Order re Lucas R.'s MPI at 3 ("IT IS ORDERED that Defendants shall *place* Lucas with his sister, Madelyn R., by no later than September 3, 2018." (emphasis added)) [Doc. # 53-4]. It follows that no matter how Lucas chooses to frame the relief he seeks, it falls within the scope of Paragraph 24B and is excluded from Paragraph 37's general grant of jurisdiction to this Court.

In arriving at this conclusion, the Court does not suggest that *all* disputes relating to the release of *Flores* Class Members must be brought in the "United States District Court with jurisdiction and venue over the matter[.]" *Flores* Agreement at ¶ 24B. The text of Paragraphs 24B and 37 establishes that: (1) such courts have the exclusive authority to hear *a particular* minor's assertion that he or she should be released from ORR custody or afforded the benefits of a licensed program, and (2) this Court is empowered to remedy *systemic* violations of the Agreement that affect multiple Class Members (*e.g.*, a class-wide challenge to an ORR policy affecting the release rights of all minors in the agency's custody based on the nationwide standards of the *Flores* Agreement). Specifically, Paragraph 24B discusses "that minor['s]" (*i.e.*, the minor bringing a claim covered by that provision) placement and Exhibit 1 challenges, and provides that the district court hearing those claims "shall be limited to entering an order solely affecting the *individual* claims of the minor bringing the action." *See id.* (emphasis added); *see also MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 653 (2003) (holding that the "plain meaning" of a contract term is controlling); *Flores v. Lynch*, 828 F.3d 898, 903 (9th Cir. 2016) ("The [*Flores* Agreement] generally provides for the enforcement in the Central District of California, but allows *individual* challenges to placement or detention conditions to be brought in any district court with jurisdiction and venue." (emphasis added) (citations omitted) (citing *Flores* Agreement at ¶¶ 24B, 37)).

The apparent purpose of Paragraph 24B further supports this interpretation. *See MacKinnon*, 31 Cal. 4th at 653 (holding that the "purpose" of a clause is relevant to its interpretation, although it is not determinative). If a minor asserts that he or she should be released (*e.g.*, because a particular custodian is suitable) or that he or she has been denied the protections of Exhibit 1 to the Agreement (*e.g.*, the class member was administered psychotropic medication in violation of state child welfare laws), then a court must undertake an *individualized* (as opposed to class-wide) analysis of such claims. In such cases, the convenience of the parties and witnesses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741-DMG (PLAx) | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 6 of 9 |

would most often weigh in favor of requiring the minor to bring the action in one particular forum—*i.e.*, the district court that otherwise has jurisdiction and venue.[5]

In sum, the Court lacks jurisdiction over Lucas R.'s claim that he is entitled to release under the *Flores* Agreement because it does not fall within the scope of Paragraph 37. Rather, his claim is governed by Paragraph 24B, and must therefore be brought in the "United States District Court with jurisdiction and venue over the matter[.]" *See Flores* Agreement at ¶ 24B.

**B.     This Court Lacks Jurisdiction to Release Lucas R. Under 28 U.S.C. § 2241**

"[I]n habeas challenges to present physical confinement—'core challenges'—*the default rule* is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."[6] *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (emphasis added). The rationale for this so-called "immediate custodian rule" is that the habeas statute "contemplate[s] a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge that he may be liberated if no sufficient reason is shown to the contrary." *See id.* at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)) (internal quotation marks omitted). In cases in which this rule applies, only the district court with territorial jurisdiction over the custodian may entertain a habeas petition. *See id.* at 436, 442–47 (holding that the U.S. District Court for the District of South Carolina had exclusive jurisdiction over a habeas petition because that was the location of the commander of the brig in which Padilla was confined).

Although *Rumsfeld* did not explicitly decide whether the immediate custodian rule applies to habeas petitions filed by detained aliens, *see id.* at 435–36 & n.8, "[t]here is no compelling distinction between criminal custody and immigration custody" that warrants a departure from the default rule. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1185 (N.D. Cal. 2017); *see also Drakoulis v. Ashcroft*, 356 F. Supp. 2d 367, 369–71 (S.D.N.Y. 2005) (applying the immediate custodian rule to a habeas petition filed by an alien, which requested release from the custody of Immigration and Customs and Enforcement); *Deng v. Garcia*, 356 F. Supp. 2d 367, 374–75 (E.D.N.Y. 2005) (same). If the immediate custodian rule did not apply to the latter, then *any* alien

---

[5] If a minor raises such claims in a habeas petition, then the appropriate forum is the district in which the immediate custodian is located. *See infra* Part III.B; *cf.* 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States . . . .").

[6] Although *Padilla* did not define the precise contours of "core challenges," the Court held that a request for release from custody constitutes such a challenge. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) ("[T]he traditional rule [is] that a prisoner seeking release from confinement must sue his 'jailer.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741-DMG (PLAx) | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 7 of 9 |

could name a high-level supervisory official (*e.g.*, the HHS Secretary or the Director of ORR) as a respondent, "a result 'the statutory language, established practice, and [Supreme Court] precedent' counsel against." *See Saravia*, 280 F. Supp. 3d at 1187 (alteration in original) (quoting *Padilla*, 542 U.S. at 439–40). Additionally, if an alien is detained by a state, local, or private entity at the behest of the federal government, then the "immediate custodian" is "the federal official tasked with ensuring that [the facility] complies with the requirements of its contract . . . ." *See id.* at 1186. This is because the alien is in custody "pursuant to the power and authority of the federal government[,]" which is authorized to produce the alien before the court. *See id.* Moreover, the state, local, or private entity has less incentive to defend the detention of the alien than does the federal official charged with overseeing the contract with the facility. *See id.*

The non-binding decisions that Lucas relies upon for the proposition that the immediate custodian rule does not apply to immigration cases are either unpersuasive or arise in sharply distinguishable contexts. *Bogarin-Flores v. Holder*, No. CV 12-0399 JAH(WMc), 2012 WL 3283287 (S.D. Cal. Aug. 10, 2012), declined to apply the immediate custodian rule because the warden of the private detention facility at issue had no legal authority to release the petitioner and no binding Ninth Circuit authority explicitly holds that the rule applies in the immigration context. *See id.* at *1–2. Yet, *Padilla* rejected the proposition that the proper respondent is an individual who exercises "legal control" over the petitioner. 542 U.S. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). As *Saravia* points out, the federal official responsible for enforcing the contract—and not the warden of a private contract facility—is the immediate custodian. *See Saravia*, 280 F. Supp. 3d at 1186–87 (concluding that the federal official responsible for enforcing the contract "exercises more immediate control over a contract facility than the Attorney General or another department head"). Furthermore, the absence of direct controlling authority is not a persuasive reason to depart from *Padilla*'s "default rule." *See, e.g., Bracamontes-Reyes v. Sessions*, No. CV 18-01301-PHX-DLR (JZB), 2018 U.S. Dist. LEXIS 76756, at *4 (D. Ariz. May 4, 2018) (declining to apply the immediate custodian rule simply because of "the absence of any Ninth Circuit authority precluding [the alien] from naming the Attorney General, the Secretary of Homeland Security, or the ICE Phoenix Field Office Director as Respondents").

Further, *Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wash. 2015), does not mandate a departure from the default rule because that case did not involve a "core" habeas claim. There, the plaintiff challenged a policy under which all requests for conditional parole were denied, and she sought a class-wide order granting aliens new bond hearings in which immigration judges would properly consider such requests. *See id.* at 543–44, 548 & n.1. This distinction between core and non-core habeas challenges is essential because *Padilla* explicitly held that "the immediate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5741-DMG (PLAx)** | Date | September 6, 2018 |
|---|---|---|---|

| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 8 of 9 |
|---|---|---|---|

physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *See Padilla*, 542 U.S. at 438; *see also Saravia*, 280 F. Supp. 3d at 1180–82, 1190 (concluding that the immediate custodian was the proper respondent for a habeas petition seeking release from custody, but that she was not the proper defendant on a claim requesting a hearing before an immigration judge).

Accordingly, the Court concludes that the immediate custodian rule applies to Lucas R.'s request for on order releasing him from ORR's custody. *Saravia* found that where, as here, ORR detained a minor in a facility operated by a contractor, *see* Lucas R.'s MPI at 15 n.3; Opp'n re Lucas R.'s MPI at 10, the immediate custodian was the ORR Federal Field Specialist responsible for enforcing the contract with that facility, *see Saravia*, 280 F. Supp. 3d at 1186. The ORR Federal Field Specialist responsible for managing the agency's contract with Shiloh RTC is Micaela Vergara, who is located in the Southern District of Texas. *See* De La Cruz Decl. at ¶ 2 [Doc. # 73-1]; 28 U.S.C. § 124(b)(2). Because this official is not located within the territorial jurisdiction of this Court and cannot be named as a party herein, Section 2241 does not authorize this Court to order Lucas's release.

**C.     This Court Lacks Jurisdiction to Release Lucas R. Under the APA**

The APA permits judicial review of an agency action only if "there is no other adequate remedy in a court[,]" *see* 5 U.S.C. § 704, which means that a federal court lacks jurisdiction over an APA claim if another statute would allow a court to review the allegedly unlawful agency action, *see Coos Cty. Bd. of Cty. Cm'rs v. Kempthorne*, 531 F.3d 791, 810 (9th Cir. 2008) (citing 5 U.S.C. § 704); *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004–05 (9th Cir. 1998) ("Under APA § 10(c), codified at 5 U.S.C. § 704, federal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.' * * * 'If a plaintiff can bring suit against the responsible federal agencies under [another statute], this action precludes an additional suit under the APA.'" (quoting *Envtl. Def. Fund v. Tidwell*, 837 F. Supp. 1344, 1356 (E.D.N.C. 1992))). An adequate alternative to an APA challenge brought in this Court is available to Lucas R.—*i.e.*, a petition for writ of habeas corpus filed in the United States District Court for the Southern District of Texas.[7] *See* 28 U.S.C. § 2241(c)(3) (providing that the writ is available to

---

[7] To the extent that the APA authorizes Lucas R. to seek release from custody, he may raise such claims in a habeas petition. *See* 5 U.S.C. § 703 ("The form of proceeding for judicial review is . . . any applicable form of legal action, including actions for . . . habeas corpus."); *Cornejo-Barreto*, 218 F.3d 1004, 1015 n.12 (9th Cir. 2000) ("[H]abeas corpus is an appropriate form of action under the APA."), *overruled in part on another ground by Trinidad y Garcia v. Thomas*, 683 F.3d 952, 957 (9th Cir. 2012) (*en banc*). Any such habeas petition, however, cannot be entertained by this Court. *See supra* Part III.B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741-DMG (PLAx) | Date | September 6, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 9 of 9 |

prisoners "in custody in violation of the Constitution or laws or treaties if the United States"); *Trinidad y Garcia*, 683 F.3d at 956 ("The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention."); *see also* Reply re Lucas R.'s MPI at 13 n.6 (conceding that "aliens may challenge detention via habeas corpus provided they are not under a final order of removal"). Therefore, the APA does not authorize Lucas R. to challenge his present physical confinement in this judicial district.[8]

### IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES, without prejudice,** Lucas R.'s motion for preliminary injunction, due to lack of jurisdiction. This Order in no way precludes Lucas R. from seeking appropriate relief in the United States District Court for the Southern District of Texas against ORR Federal Field Specialist Micaela Vergara.

**IT IS SO ORDERED**.

---

[8] Lucas R. nonetheless insists that "the principles animating habeas relief as an exclusive remedy have no application here." *See* Reply re Lucas R.'s MPI at 13 n.6. In particular, he asserts that *Preiser v. Rodriguez*, 411 U.S. 475 (1973), held only that a state prisoner may not challenge his or her custody via a claim under 42 U.S.C. section 1983 but must instead file a habeas petition under 28 U.S.C. section 2254. *See* Reply re Lucas R.'s MPI at 13 n.6. The Court agrees that *Preiser* has no bearing on Lucas's motion. *See Preiser*, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."). Nevertheless, as explained above, Lucas cannot obtain the relief he seeks from this Court.