UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741-DMG (PLAx) | Date | September 10, 2018 |
| Title | Lucas R., et al. v. Alex Azar, et al. | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)   Attorneys Present for Defendant(s)
None Present                          None Present

**Proceedings: IN CHAMBERS - ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [51] AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [25]**

On June 29, 2018, Plaintiffs filed a Class Action Complaint ("CAC") alleging four causes of action: (1) denial of due process arising out of the Office of Refugee Resettlement's ("ORR's") policies and practices concerning custodians' fitness; (2) denial of due process arising out of ORR's policies and practices relating to the restrictive placement of alien minors; (3) a cause of action arising out of ORR's unlawful administration of psychotropic drugs; and (4) a cause of action arising out of ORR's policy and practice of blocking legal assistance in matters relating to custody, medication, and release. [Doc. # 1.] On August 2, 2018, Plaintiffs filed a motion seeking certification of certain classes of alien minors who are subject to the policies and practices alleged in the CAC. [Doc. # 25.] On August 17, 2018, Defendants filed a motion to dismiss the CAC. [Doc. # 51.] The motion for class certification and the motion to dismiss are set for a hearing on September 21, 2018 at 9:30 a.m. [Doc. # 61.]

On September 7, 2018, Plaintiffs filed a First Amended Class Action Complaint ("FAC") as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). [Doc. # 81.] Among other things, the FAC: (1) joins two new Plaintiffs to this action (*i.e.*, Sirena P. and Benjamin F.), *see* FAC at 1,[1] (2) includes a fifth cause of action for discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act, *see id.* at 56–57, and (3) indicates that Plaintiffs intend to represent two new classes of alien minors whom ORR has allegedly discriminated against on the basis of their disabilities, *see id.* at 30–31.

In light of Plaintiffs' FAC, the Court **DENIES** as **moot** Defendants' motion to dismiss.[2] *See In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893–94 (C.D.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] The FAC contends that "the Court should construe Defendants' Motion [to Dismiss the CAC] as one to dismiss this [FAC] in order to avoid needlessly delaying this action" because "the amendments made herein do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741-DMG (PLAx) | Date | September 10, 2018 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 2 of 2 |

Cal. 2012) ("[A]n 'amended complaint supersedes the original, the latter being treated thereafter as nonexistent.' * * * '[A]n amended pleading is a new round of pleadings . . . [and] is subject to the same challenges as the original (*i.e.*, motion to dismiss, to strike, for more definite statement).'"). The Court further **DENIES without prejudice** Plaintiffs' motion for class certification. Given that Defendants seek the dismissal of this action, it is appropriate to resolve any such motion to dismiss before or at the same time that the Court determines whether to certify Plaintiffs' proposed classes. *See* Manual for Complex Litigation, Fourth, at § 21.133 (footnote omitted) ("Precertification rulings frequently dispose of all or part of the litigation. . . . [C]ourts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action. Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits."). Additionally, because Plaintiffs intend to represent two new proposed classes, the interests of judicial economy and efficiency counsel against ruling on the pending class certification motion. If Defendants intend to move to dismiss the FAC, then the forthcoming motion to dismiss and motion for class certification shall both be noticed for a hearing at the **same date and time**.

**IT IS SO ORDERED**.

---

affect the arguments raised in Defendants' pending Motion to Dismiss." FAC at 1 n.1 (citing *Martin v. Weed*, No. CV 18-00027-TUC-RM, 2018 WL 2431837, at *1 n.1 (D. Ariz. May 30, 2018)). *Martin* is of no assistance to Plaintiffs. There, a district court construed a motion to dismiss the original complaint as a motion seeking dismissal of the amended pleading because all parties conceded that the defendant's motion was not moot and it was apparent that the amended pleading did not affect the motion. *See Martin*, 2018 WL 2431837, at *1 n.1. Defendants to this action have not made such a concession, and the FAC expands the scope of the litigation by adding new parties and a fifth cause of action.