CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D., by his next friend REYNA D.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services,<br><br>Defendants. | Case No. 2:18-CV-05741 DMG PLA<br><br>**CLASS ACTION**<br><br>**EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS AND SUPPORTING MEMORANDUM**<br><br>Complaint Filed: June 29, 2018<br>Trial Date: None Set<br>Judge: Hon. Dolly M. Gee |

Pursuant to Local Rule 7-19, Plaintiffs respectfully apply to this Court ex parte for permission to use pseudonyms for the two new named Plaintiffs and Next Friends in the above-captioned action, as well as the sibling of named Plaintiff Benjamin F. The Court previously granted a similar application for the original named Plaintiffs and their Next Friends. ECF No. 18.

This application is based upon the accompanying Memorandum, a Declaration of Counsel submitted pursuant to Local Rule 7-19.1, Attachment A to this Ex Parte Application, which Plaintiffs simultaneously seek to file under seal, and all other matters of record. Defendants have represented to Plaintiffs that they do not oppose this application.

## MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS

Plaintiffs seek permission to use pseudonyms for the named Plaintiffs and Next Friends who bring this suit, as well as the sibling of named Plaintiff Benjamin F.[1] The named Plaintiffs are minors who currently are or recently were in the immigration detention custody of the Office of Refugee Resettlement ("ORR"). The claims and allegations in the Complaint implicate several highly private interests for the named Plaintiffs who are identified, and thus protection of their identities and those of their Next Friends and family members is warranted. The named Plaintiffs have an interest in maintaining their privacy while in immigration custody and/or proceedings and in their private medical and mental health information. Plaintiffs seek to use pseudonyms for the named Plaintiffs and their Next Friends and family members to avoid the negative consequences the public may attribute to being in immigration custody and to requiring psychological and psychiatric care, and to avoid negative reprisals from their custodians for speaking out regarding their treatment while in immigration detention.

---

[1] Plaintiffs set forth an updated list of proposed pseudonyms and corresponding true names of the named Plaintiffs and their Next Friends and family members in Attachment A, which Plaintiffs simultaneously seek leave to file under seal.

Plaintiffs have advised Defendants' counsel[2] of this application, and Defendants' counsel has indicated that they would not oppose the application.

The Court has discretion to allow the named Plaintiffs and their Next Friends and family members to proceed using pseudonyms. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Doe v. Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th 758, 766 (2010) (noting the "United States Supreme Court has also implicitly endorsed the use of pseudonyms to protect a plaintiff's privacy") (collecting cases); *Flores v. Sessions*, No. 85-cv-04544-DMG-AGR (C.D. Cal.) (ECF No. 416), Order Granting Plaintiffs' Ex Parte Application for Leave to Proceed Using Pseudonyms; *Lucas R. v. Azar*, No. 18-cv-5741-DMG (C.D. Cal.) (ECF No. 18), Order Granting Plaintiffs' Ex Parte Application for Leave to Proceed Using Pseudonyms. The Ninth Circuit recognizes that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII*, 214 F.3d at 1067-68. The Ninth Circuit has endorsed a balancing test to assess whether a litigant may preserve his anonymity. *Id*. Under that test, the court looks to whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Courts have identified several common features in cases in which parties have been permitted to proceed under a fictitious name, including "(1) when identification creates a risk of retaliatory physical or mental harm . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature' . . .; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (internal citations omitted) (collecting cases); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008) (identifying several additional factors and noting that "this

---

[2] Benjamin Moss, Trial Attorney, PO Box 878, Ben Franklin Station, Washington, DC 20044, (202) 307-8675, Benjamin.M.Moss2@usdoj.gov.

list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration").

The named Plaintiffs' and their Next Friends' and family members' identities should be protected because the claims raised in this action concern several matters of a sensitive and highly personal nature. Moreover, identification of the named Plaintiffs' Next Friends and family members could lead easily to the identification of the named Plaintiffs.

First, some allegations in this action implicate personal information of the named Plaintiffs, their Next Friends and other family members, and their potential sponsors, including their immigration statuses and histories of trauma. The claims and information that will likely arise during this suit also implicate the details of the named Plaintiffs' immigration detention and asylum claims, and those of their Next Friends and family members. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of ORR. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies … to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, *Unaccompanied Alien Children Released to Sponsors by State* (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed Sept. 11, 2018). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or "may have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual children that could compromise the child's location or identity." *Id.*

Second, the claims raised in Plaintiffs' First Amended Complaint address the

private mental and physical health information and treatment of the named Plaintiffs. Courts have recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). The First Amended Complaint provides information regarding how many of the named Plaintiffs were treated for mental health disorders, information that is very private and public disclosure of which could be stigmatizing and traumatizing for them. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual") (citation omitted).

Third, the First Amended Complaint discusses the negative treatment that some Plaintiffs have experienced by the government contractors who are acting as their physical custodians, and Plaintiffs reasonably expect that further allegations will be raised in the course of the litigation. Public disclosure of the named Plaintiffs' identities and the identities of their Next Friends and family members could put those Plaintiffs and their Next Friends and family members at risk of retaliation.

Fourth, the identities of the named Plaintiffs and their Next Friends and family members should be protected because the named Plaintiffs are minors and the sensitive subject matter at issue – including their private health information and immigration detention – is based exclusively on their experiences as minors. Courts consider the age of a plaintiff to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff*, 537 F.3d at 190 (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Finally, the fact that the accompanying First Amended Complaint is brought against the government also weighs in favor of permitting the named Plaintiffs and their

Next Friends and family members to proceed using pseudonyms.  *See, e.g.*, *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016).  Courts have observed that it is more appropriate to allow parties to proceed anonymously when they are challenging the validity of government action.  *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (explaining that, unlike suits against private entities which may injure their reputation, suits challenging the validity of government action "involve no injury to the Government's 'reputation'").

"[T]he public's interest in the case [would not be] best served by requiring that the litigants reveal their identities, because here, party anonymity [will] not significantly obstruct the public's view of issues joined or the court's performance in resolving them."  *Doe v. Ayers*, 789 F.3d 946 (9th Cir. 2015) (internal quotation marks and brackets omitted).  Federal Rule of Civil Procedure 5.2(a)(3) entitles the named Plaintiffs to use their initials rather than their full names, and thus the general public will not lose much information by allowing the children and their Next Friends to proceed with pseudonyms instead.  Other relevant information important to Plaintiffs' presentation of the issues, including the content of the Plaintiffs' and Next Friends' experiences and their claims, would still be maintained in the public record, and the Court's resolution of these Plaintiffs' claims will be public as well.

The use of pseudonyms is the least restrictive method of ensuring the named Plaintiffs' and their Next Friends' and family members' privacy while permitting the public access to the maximum amount of information.  Proceeding through their true initials alone, as permitted by Federal Rule of Civil Procedure 5.2(a)(3), is not sufficient to protect the named Plaintiffs' privacy or the privacy of their Next Friends and family members, as knowledgeable people – including the local entities in whose physical custody the named Plaintiffs still reside – would still be able to identify the named Plaintiffs and their Next Friends with that information.  Accordingly, Plaintiffs seek permission to use pseudonyms for the named Plaintiffs and their Next Friends and family members.

5.

Ex Parte Application for Leave to Proceed
Using Pseudonyms
Case No. 2:18-CV-05741 DMG PLA

Moreover, allowing the named Plaintiffs and their Next Friends and family members to use pseudonyms in publicly-filed documents would cause no prejudice to Defendants. Plaintiffs simultaneously seek to file under seal Attachment A to this motion, which contains an updated list of the true names of the named Plaintiffs, their Next Friends, and named Plaintiff Benjamin F.'s sibling, as well as the corresponding proposed pseudonyms for the Court and Defendants. *Cf. Doe v. United States*, 210 F. Supp. 3d at 1173 (finding no prejudice to the government in allowing plaintiffs to use pseudonyms where it can learn the plaintiffs' identities through other means). All that the Plaintiffs seek in this motion is permission to use pseudonyms for the named Plaintiffs, Next Friends, and named Plaintiff Benjamin F.'s sibling in the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to [a] defendant . . . where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

A. Granting them leave to proceed in this matter with the use of pseudonyms for the two new named Plaintiffs, their Next Friends, and named Plaintiff Benjamin F.'s sibling;

B. Ordering that Defendants will not publicly disclose the names or personal identifying information of the named Plaintiffs and their Next Friends and family members after Defendants learn their names and personal identifying information; and

Ordering that all parties shall submit pleadings, briefing, and evidence using the named Plaintiffs' and their Next Friends' and family members' pseudonyms instead of their real names, initials, and other personally identifying information.

Dated: September 13, 2018

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)

By: *s/Leecia Welch*
    Leecia Welch (208741)

405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
    ndesai@youthlaw.org
    pjuneja@youthlaw.org

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
    ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: swynn@cooley.com
    mkkelley@cooley.com
    jcieslak@cooley.com
    mdonohue@cooley.com

*Attorneys for Plaintiffs*