# Exhibit 13

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Exhibit 13
Page 205

I, ███████████████████████████████, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about these facts.

2. I am the father of ███████████████████████, who is currently detained at Yolo County Detention Center.

3. I am currently living in an apartment in San Jose, California with my brother, ███████████. There is enough room for ███ to live comfortably in the apartment with us.

4. I work as a construction worker for a general contracting company.

5. I have never been arrested or charged with a crime in the United States or any other country. I have lived in the United States since 2002, and I am from Mexico.

6. I want to be ███████ sponsor because he is my son and I want to care for him. ███████ and I have a close relationship. When he lived in Mexico, I talked to him on the phone often. I always sent money back to Mexico to help support him financially. I think I would be a good sponsor for ███████ because I want to take care of him and can do so.

7. I started the ORR sponsorship application process almost a year ago, when ███████ was first detained in San Diego. I don't remember exactly when I submitted all the required documents, but I think it was about seven months ago, in October 2017. I sent in copies of my birth certificate, identification card, and lots of forms. I also had my fingerprints taken. My brother ███████████ also had his fingerprints taken and submitted his birth certificate, identification card, and forms.

8. ███████ case workers at Shiloh told me that my neighbor, ███████████, had to submit documentation as well. ███████ rents the apartment across the hallway and has been a close friend of my brother and I for about twenty years. ORR asked me to provide information on anyone that could take care of ███████, so ███████ had to send in his information. ███████ also had his fingerprints taken and submitted his birth certificate,

1

Exhibit 13
Page 206

identification card, and forms. He submitted all of his documentation at the same time that my brother and I submitted our documentation – in October 2017.

9. In December 2017, a home investigator came to my apartment to conduct a home study. The investigator asked me a lot of questions and had me fill out a lot of paperwork. The investigator looked through the entire apartment and took photos of everything. It seemed like the home study went really well. The investigator told me to look up a school in the area for ▮ to attend, and said that ▮ would probably be released in the first few weeks of January to come and live with me.

10. I didn't hear anything from ORR or ▮ case workers at Shiloh for all of January and February 2018. Then, in March 2018, ▮ case worker called and told me that ▮ got upset and struck a wall. She said that ▮ was under observation and that the doctors wouldn't let him be released.

11. When ▮ was detained at Shiloh, I was only allowed to talk to ▮ on the phone twice a week for 15 minutes each time. When I talked to ▮ on the phone, he sounded very sad.

12. ▮ was transferred to Yolo in April 2018. His case worker told me that ▮ was being transferred because he needed more specialized services, but they did not give me any more information.

13. In early May 2018, ▮ case worker at Yolo told me that they needed proof of school enrollment and the name of a psychiatric clinic for him to be released. I have not been able to get proof of school enrollment because the local school says that ▮ needs to be physically present to be able to enroll in school. I have not yet been able to find a psychiatric clinic that will allow me to make an appointment, but I am working hard to try and make him an appointment. ▮ case worker told me to keep making psychiatric appointments and then cancel them if ▮ is not released in time to attend the appointment.

14. On May 25, 2018, ▮ case worker requested that myself, my brother ▮ and ▮ submit our fingerprints again. The case worker has not yet

sent me the official request for fingerprints. The case worker told me that the fingerprints expire every six months, so we all have to submit them a second time. It costs $25.00 per person to submit fingerprints.

15. I have completed all of the reunification requirements that ORR has requested of me. ORR has never officially told me that they are looking at other sponsors for ▮ or that my application has been rejected. I have been trying to reunify with him for about one year.

16. I believe that I would be the best sponsor for ▮. ▮ does not have any other family members in the United States that could be his sponsor.

17. ▮ did not take any medications when he lived in Mexico, and he did not have any mental health problems. He has only started having problems with depression and anxiety since he has been detained by ORR.

18. ▮ was placed on medication at Shiloh and is still taking medication at Yolo.

19. I never signed anything giving my permission for ▮ to be given medication.

20. No one at Shiloh or Yolo has ever spoken to me about the risk of the medications that ▮ is taking.

21. I do not know if ORR, Shiloh staff, or Yolo staff went to a judge to get permission to give ▮ medication.

22. I just want my son to come and live with me. I think that if he is able to live with me, his mental health will improve and he will feel much better. ▮ is desperate to get out of detention and to come and live with me. Whenever I talk to him on the phone I am able to help him calm down and overcome his feelings of anxiety.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of May, 2018, at Oakland, California.

# CERTIFICATE OF TRANSLATION

My name is Itzel Almazan and I swear that I am fluent in both the English and Spanish languages and I translated the foregoing declaration from English to Spanish to the best of my abilities.

Dated: May 29, 2018

Itzel Almazan