CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*,<br><br>　　　　　Defendants. | Case No. CV 2:18-CV-05741<br><br>**[PROPOSED] ORDER CERTIFYING CLASS ACTION**<br><br>Hearing:　November 2, 2018<br>Time:　　 9:30 a.m.<br>Room:　　1st St. Courthouse<br>　　　　　Courtroom 8C |

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email:  hscooper@ucdavis.edu
        ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON F. CIESLAK (Cal. Bar No. 268951)
MEGAN L. DONOHUE (Cal. Bar No. 266147)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email:  swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

This matter came on regularly for hearing on Plaintiffs' motion for class certification. The Court has considered the briefs, evidence, and argument in support of and in opposition to Plaintiffs' motion and now rules on said motion as follows:

Plaintiffs move the Court to certify this case as a class action pursuant to Rule 23(b)(2), Fed.R.Civ.Proc., on behalf of the following classes of similarly situated persons:

All children in the custody of the Office of Refugee Resettlement of the U.S. Department of Health and Human Services ("ORR") pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232 —

1) who are or will be placed in a secure facility, medium-secure facility, or RTC, or continued in any such facility for more than thirty days, without being afforded notice and an opportunity to be heard before a neutral and detached decisionmaker regarding the grounds for such placement; or

2) whom ORR is refusing or will refuse to release to parents or other available custodians within thirty days of the proposed custodian's submitting a complete family reunification packet on the ground that the proposed custodian is or may be unfit; or

3) who are or will be prescribed or administered one or more psychotropic medications without procedural safeguards, including but not limited to obtaining informed consent or court authorization prior to medicating a child, involving a neutral decisionmaker in the initial determination of whether to prescribe psychotropics to a child in ORR custody, and involving a neutral decision-maker to conduct periodic reviews of those medications as treatment continues; or

4) who are natives of non-contiguous countries and to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs.

5)     who have or will have a behavioral, mental health, intellectual, and/or developmental disability as defined in 29 U.S.C. § 705, and who are or will be placed in a secure facility, medium-secure facility, or Residential Treatment Facility because of such disabilities.

Rule 23 outlines a two-step process for determining whether class certification is appropriate. First, Rule 23(a) sets forth four prerequisites that must be met for any class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ. Proc. 23(a). *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Second, the party seeking class certification must demonstrate that the action falls within one of the three kinds of actions permitted under Rule 23(b). *Id.* at 153.

The Court finds that plaintiffs have met the numerosity, commonality, typicality, and adequacy of representation prongs of Rule 23(a), as well as the requirement of Rule 23(b)(2) that "the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..."

For the foregoing reasons, IT IS HEREBY ORDERED that this action is certified as a class action pursuant to Rule 23(b), Fed.R.Civ.Proc. The class shall be defined as set forth above.

/ / /

/ / /

IT IS FURTHER ORDERED pursuant to Rule 23(g), Fed.R.Civ.Proc., that Carlos R. Holguín of the Center for Human Rights & Constitutional Law; Leecia Welch, Neha Desai, and Poonam Juneja of the National Center for Youth Law; Holly S. Cooper and Carter C. White of the University of California Davis School of Law, and Summer Wynn, Mary Kathryn Kelley, Jon Cieslak, and Megan Donohue of Cooley LLP are appointed class counsel.

Dated: _____, 2018.

_____
United States District Judge