JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-7816
    Fax:   (202) 616-4950
    andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., et al.,<br>Plaintiffs,<br><br>    vs.<br><br>ALEX AZAR, Secretary of U.S. Dep't of Health and Human Services, et al.,<br>Defendants | Case No.: 2-18-CV-05741<br><br>MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER<br><br>Hearing on Motion to Dismiss and Class Certification:<br>November 2, 2018<br><br>Honorable Judge Dolly Gee |

## Table of Contents

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................1

    I.   Plaintiffs' Amended Complaint ..................................................................1

    II.  The *Flores* litigation..................................................................................2

ARGUMENT .......................................................................................................3

    I.   The Court should dismiss the institutional Plaintiffs as they are not members of the proposed class and fail all the standing requirements.........3

    II.  The Court should dismiss this action for improper venue. ...........................7

        A.    The *Flores* Settlement does not create venue in this district for every possible lawsuit or complaint by a *Flores* class member.....................8

        B.    This District is not the proper venue as a class action. ........................9

    III. The Court should transfer this putative class action to the District for the District of Columbia as the appropriate venue. ............13

    IV. Even assuming venue, the Court should dismiss each claim for failing to state a claim upon which relief can be granted due to a vague complaint...16

        A.    The Complaint's allegations about the *Flores* litigation fail to state a legally cognizable claim in this separate class-action litigation. ........17

        B.    The Complaint's various TVPRA claims fail to state a legally cognizable claim as there is no cause of action under that statute......18

        C.    The Complaint's due process allegations fail to provide the requisite allegations for a cognizable claim.....................................................18

        D.    The Complaint's APA claims lack a cognizable basis in law for failing to explain what type of actions is being sought to have reviewed and which statute creates a mandatory duty to act. .............21

        E.    The Complaint's Rehabilitation Act allegations lack a legal basis.....22

1
2

# **Table of Authorities**

## **Cases**

3
4

*Adams v. Cal. Dep't of Health Servs.*,
   487 F.3d 684 (9th Cir. 2007) ...............................................................17

5
6

*Adem v. Bush*,
   425 F.Supp.2d 7 (D.D.C. 2006) ..........................................................12

7

*Alexander v. Sandoval*,
   532 U.S. 275 (2001)............................................................................18

8
9

*Allen v. Wright*,
   468 U.S. 737 (1984)..............................................................................6

10
11

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
   666 F. Supp. 2d 1109 (C.D. Cal. 2009) ................................. 14, 15, 16

12
13

*Ashcroft v. Iqbal*,
   556 U.S. 662, (2009).........................................................................17

14
15

*Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*,
   793 F.3d 991 (9th Cir. 2015) .............................................................13

16

*Angov v. Lynch*,
   788 F.3d 893 (9th Cir. 2015) ..................................................... 20, 21

17
18

*AOL LLC*,
   552 F.3d 1077 (9th Cir. 2009) .............................................................7

19
20

*Ball v. Union Carbide Corp.*,
   212 F.R.D. 380 (E.D. Tenn. 2002) ......................................................3

21
22

*Balis Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
   883 F.2d 1286 (7th Cir. 1989) ..........................................................16

23

*Bd. of Regents of State Colleges v. Roth*,
   408 U.S. 564 (1972)...........................................................................20

24

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................17

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ...............................................................16

*Ball v. Union Carbide Corp.*,
  376 F.3d 554 (6th Cir. 2004) ..................................................................3

*Christopher v. United States*,
  No. 01-3613, 2001 WL 1256915 (N.D. Cal. Oct. 12, 2001) ...............12

*Coons v. Lew*,
  762 F.3d 891 (9th Cir. 2014) ..................................................................4

*Eclipse IP LLC v. Volkswagen Grp. of Am., Inc.*,
  No. EDCV 12-2087, 2013 WL 9935572 (C.D. Cal. May 10, 2013)...................14

*Fiallo v. Bell*,
  430 U.S. 787 (1977)................................................................................19

*Flores v. Lynch*,
  828 F.3d 898 (9th Cir. 2016) ..............................................................8, 9

*Flores v. Sessions*,
  862 F.3d 863 (9th Cir. 2017) ..................................................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000)..................................................................................4

*Gratz v. Bollinger*,
  539 U.S. 244 (2003)..................................................................................4

*Guadalupe-Salazar v. Napolitano*,
  No. 10-CV-01173 JW, 2010 WL 2640471 (N.D. Cal. June 30, 2010) ..............11

*In re Bozic*,
  888 F.3d 1048 (9th Cir. 2018) ................................................................9

*In re Horseshoe Entertainment*,
   337 F.3d 429 (5th Cir.2003) ...............................................................14

*Jenkins v. West*,
   No. 95-0789, 1995 WL 704018 (D.D.C. Oct. 23, 1995)......................................12

*Kim v. McHugh*,
   No. 13-00616, 2014 WL 1580614 (D. Haw. Apr. 18, 2014) ............................12

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ..............................................................14

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).......................................................................4

*Lujan v. Nat'l Wildlife Fed'n*,
   497 U.S. 871 (1990).......................................................................21

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ...........................................................17

*Martin v. California Dep't of Veterans Affairs*,
   560 F.3d 1042 (9th Cir. 2009) ...........................................................22

*Mathews v. Elkridge*,
   424 U.S. 319 (1976).......................................................................20

*Min. Co. v. Babbitt*,
   105 F.3d 502 (9th Cir. 1997) ............................................................22

*Nat'l Ass'n of Home Builders v. EPA*,
   675 F. Supp. 2d 173 (D.D.C. 2009)....................................................10

*Neal v. Au*,
   No. CV-13-00406-PHX-MHB, 2015 WL 12552045 (D. Ariz. Mar. 18, 2015)....5

*Norton v. S. Utah Wilderness Alliance*,
   542 U.S. 55 (2004).......................................................................22

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ............................................................7, 8

*Reno v. Flores*,
   507 U.S. 292 (1993)..........................................................................6, 19

*Reuben H. Donnelley Corp. v. F.T.C.*,
   580 F.2d 264 (7th Cir. 1978) ........................................................ 12, 13

*Saleh v. Titan Corp.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005)................................................14

*Senne v. Kansas City Royals Baseball Corp.*,
   114 F. Supp. 3d 906 (N.D. Cal. 2015)...................................................4

*Serena v. Mock*,
   547 F.3d 1051 (9th Cir. 2008) ..............................................................7

*Simon v. Eastern Kentucky Welfare Rights Organization*,
   426 U.S. 26 (1976).................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)..............................................................................17

*U.S. v. Barajas-Alvarado*,
   655 F.3d 1077 (9th Cir. 2011) ..............................................................21

*United States ex rel. Mezei*,
   345 U.S. 206 (1953).............................................................................20

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*,
   435 U.S. 519 (1978).............................................................................20

*Warth v. Seldin*,
   422 U.S. 490 (1975)................................................................................3

*Washington v. Glucksberg*,
   521 U.S. 702 (1997).............................................................................19

*Washington Envtl. Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013) ...................................................................6

*Wilson v. Walgreen Co.*,
  No. C-11-2930, 2011 WL 4345079 (N.D. Cal. Sept. 14, 2011).........................15

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990)....................................................................................4

*Wolfson v. Brammer*,
  616 F.3d 1045 (9th Cir. 2010) ...................................................................6

*Zhang v. Chertoff*,
  No. 08-CV-02589, 2008 WL 5271995 (N.D. Cal. Dec. 15, 2008) ....................13

## Statutes

5 U.S.C. § 706(1) ..........................................................................................21

6 U.S.C. § 279 ................................................................................................1

8 U.S.C. § 1232 .........................................................................................1, 18

18 U.S.C. § 1595 ...........................................................................................18

28 U.S.C. § 1331 ...........................................................................................21

28 U.S.C. § 1391(e)(1).................................................................................8, 13

28 U.S.C. § 1406(a) .......................................................................................13

29 U.S.C. § 794(a) .........................................................................................22

## Rules

Fed. R. Civ. P. 12(b)(3).................................................................................1, 7

Fed. R. Civ. P. 12(b)(6).............................................................................1, 16, 17

Fed. R. Civ. P. 60(b)(5).................................................................................9

# **INTRODUCTION**

Defendants move to dismiss the First Amended Complaint (Comp. ¶), ECF No. 81.[1]  The Court should dismiss the institutional Plaintiffs for two distinct reasons:  They are not class members and they lack standing.  The Court should dismiss the entire lawsuit for improper venue under Fed. R. Civ. P. 12(b)(3).  If the Court were to dismiss, it may transfer this action to the district for the District of Columbia.  In the alternative, the Complaint fails to plead sufficient facts or a cognizable legal theory as to how the Defendants violated the statutes and Constitution in the manner alleged, and the Court should dismiss each individual claim under Fed. R. Civ. P. 12(b)(6).

# **BACKGROUND**

## I.    **Plaintiffs' Amended Complaint**

Plaintiffs are unaccompanied alien minors of varying ages and two legal assistance organizations.  Comp. ¶ ¶ 10-16.  In their action, they seek to represent a class defined as:  "All children in ORR custody pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232" with six sub classes.  Comp. ¶ 96.  They seek to present five general claims to this Court, that:  (1) ORR violates the *Flores* Settlement, various statutes, and due process by delaying the release of children to sponsors, including non-parental sponsors, without providing a meaningful opportunity to be heard regarding the sponsor's fitness, even before any final determination has been made; (2) ORR violates the *Flores* Settlement, various statutes, and due process by

---

[1]     This brief is filed on behalf of the agency and official-capacity Defendants. The undersigned do not represent any Defendant in his or her personal capacity.

placing the Plaintiffs in various facilities without a meaningful opportunity to be heard before or after such placement; (3) ORR violates the *Flores* Settlement, various statutes, and due process with respect to the administration of psychotropic medications; (4) ORR violates the *Flores* Settlement, various statutes, and due process by allegedly blocking Federally funded contractors providing legal assistance to unaccompanied minors from representing such minors in matters relating to placement, medication, and release; and (5) ORR violates Section 504 of the Rehabilitation Act by placing some of the class members in Residential Treatment Centers, secure facilities or staff-secure facilities or by not releasing them as quickly as desired because of an alleged disability.  Comp. ¶ 179-94.

## II.    The *Flores* litigation

The original *Flores* case was based on various allegations about the former Immigration and Naturalization Service's (INS) practices about the detention of minor aliens.  One allegation was that "defendants make no effort to assess the qualifications of other adult relatives or friends regardless of how qualified and responsible such adults may be."  *See Flores v. Sessions*, No. 85-cv-0544, 1985 Comp. ECF No. 1, ¶ 6.  Another allegation was that the failure to provide "prompt, mandatory, neutral and detached review following arrest of the suitability of any available adult" violated the Due Process clause.  *Flores*, 1985 Comp. ¶, ECF No. 1, ¶ 69(b).  In settling the matter, class members agreed that the *Flores* Settlement "constitutes a full and complete resolution of the issues raised in this action."  Preamble at 4.  The *Flores* Settlement created a rudimentary process to address each of the concerns in this current action.  Since the *Flores* Settlement came to fruition, class members have filed various motions to enforce its terms.

On July 31, 2018, the Court granted, in part, and denied, in part, the *Flores* class members' most recent Motion to Enforce. *See Flores*, July 31, 2018 Order, ECF No. 409, at 27. Pertinent here, the Court ordered ORR to follow Texas law in administering mental health medication. *Id*. at 24. Also, for release of minors to a sponsor, the Court ordered ORR to cease requiring the approval of high-level officials and ordered that ORR not apply a blanket rule that post-release services be in place. *Id*. at 27-31.

## ARGUMENT

I.   **The Court should dismiss the institutional Plaintiffs as they are not members of the proposed class and fail all the standing requirements.**

The Court should disregard any allegation by the institutional Plaintiffs. As an initial and straightforward problem, the institutional Plaintiffs—Children Center and UCARE—are not members of the proposed class. The class is defined as "[a]ll children in ORR's custody. . . ." Comp. ¶ 96. However, the institutions are not "children." Even if proposed classes are sufficient, the institutions are not a proper plaintiff. *Cf. Ball v. Union Carbide Corp.*, 212 F.R.D. 380, 390 (E.D. Tenn. 2002), *aff'd*, 376 F.3d 554 (6th Cir. 2004) (rejecting class, in part, when "at least two named plaintiffs are not even members of the plaintiffs' proposed class").

In addition to not being class members, they lack standing. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Id.* at 508. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, however, "unadorned

speculation will not suffice to invoke the federal judicial power." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 44 (1976). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990).

The institutional Plaintiffs must satisfy "the irreducible constitutional minimum of standing" by demonstrating:  (1) they have suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) there is a causal connection between the injury and the conduct complained of— that is, the injury is "fairly traceable" to the challenged action of the defendant; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).[2]

The institutional Plaintiffs fail all three requirements.  First, they have identified no injury in fact.[3]   A plaintiff's "injury must be concrete, particularized, and actual or imminent." *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014), *as*

[2]      The institutions state that the suit is not on behalf of the children they serve. Comp. ¶ 17-19.  Thus, they do not seek "representational standing."  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

[3]      There is "tension" in class actions about whether uncertainty of injury is a standing issue or a problem with Rule 23's "commonality" requirement.  *Senne v. Kansas City Royals Baseball Corp.*, 114 F. Supp. 3d 906, 918 (N.D. Cal. 2015) (quoting *Gratz v. Bollinger*, 539 U.S. 244, 263 & 263, n. 15 (2003)).  Here, the institutional plaintiffs fail both—though the focus of this motion is on lack of standing.  However, since the institutional plaintiffs are not "children," they cannot have issues that are common to the class.

1  *amended* (Sept. 2, 2014).  Each of these organizations provides some manner of

2  service to children.  Comp. ¶ 17-19.  They "seek only *prospective* equitable relief

3  and nominal damages."  Comp. ¶ 18.  As such, the alleged harm apparently is in

4  the future.  The injury is entirely speculative.  The Complaint assumes that some

5  child in ORR custody may eventually use their services for which they may receive

6  funds or for which they may have to provide extra treatment.  *See* Comp. ¶ 19

7  ("ORR has placed many unaccompanied children in the *communities*" that the

8  organizations serve) (emphasis added).  That argument suggests some speculative

9  loss of a client or customer.  For example, in a similar case, plaintiffs who ran a

10  corporation alleged that defendants made false statements that would harm the

11  corporation's sales.  *Neal v. Au*, No. CV-13-00406-PHX-MHB, 2015 WL

12  12552045, at *4 (D. Ariz. Mar. 18, 2015).  However, the Court concluded "that

13  Plaintiffs, as owners, will lose income, is too speculative to establish an injury in

14  fact to Plaintiffs, and to cure the [complaint's deficiencies]."  *Id*.

15       They assert that their ability to "raise funds" depends on the children they

16  serve—though how they raise these funds is unclear.  *See* Comp. ¶ 17, 18, 19.

17  However, they suffer no injury from the alleged delay.  Even if ORR actions were

18  improper, the child would eventually be served by the organization.  Any

19  purportedly delay would not decrease their funding.  As such, the institutions

20  would receive their desired funding.  The institutional Plaintiffs also suggest that

21  the policies "deny" them the "opportunity to serve them."  *See* Comp. ¶ 19.

22  However, that is illogical; when a child is released, the organizations have their

23  opportunity to serve them and receive funds. Ultimately, the supposed loss of

24  income and opportunities to meet their goals is speculative.

1    For the second and third requirements, the Complaint fails to allege harm

2   that is fairly traceable to ORR's alleged actions and that would be redressed by a

3   favorable decision.  The "fairly traceable" and "redressability" requirements are

4   related and are "two facets of a single causation requirement."  *Washington Envtl.*

5   *Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (quoting *Allen v. Wright*,

6   468 U.S. 737, 753 n. 19 (1984)).  Causality examines the connection between the

7   alleged misconduct and injury, and redressability examines the connection between

8   the alleged injury and requested judicial relief.  *Id.*  Redressability does not require

9   certainty, but a substantial likelihood that the injury will be redressed by a

10  favorable decision.  *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010).

11   Here, no relationship exists between the alleged misconduct and the

12  speculative injury.  Again, the delay of children would not impact their funding,

13  even assuming some child eventually uses their services.  The only other allegation

14  of harm misunderstands ORR's role, and fails to demonstrate any relationship

15  between ORR's actions and the alleged injury.  Plaintiff Children Center asserts a

16  chain of injury:  that the children suffer by traveling through Mexico and then

17  suffer being arrested for violating immigration law and then suffer being in

18  "immigration detention."  Comp. ¶ 17.  But the children in ORR's custody are not

19  in *immigration detention*—they are in ORR's temporary custody in order to protect

20  them and find an appropriate caretaker.  *See Reno v. Flores*, 507 U.S. 292, 298

21  (1993) ("'Legal custody' rather than 'detention' more accurately describes the

22  reality of the arrangement, however, since there are not correctional institutional

23  but facilities that meet 'state licensing requirements for the provision of shelter

24  care, foster care, group care, and related services to depending children.'").  Taken

at face value, no harm is "fairly traceable" to the allegations.  Any harm that the *child* faced from ORR's attempts to find an appropriate sponsor is attenuated to the harms Children Center alleges.

The claims also fail to show a "substantial likelihood" that success would redress the alleged injury.  *See Serena v. Mock*, 547 F.3d 1051, 1054 (9th Cir. 2008) (plaintiff must show "substantial likelihood that the requested relief will redress or prevent the alleged injury").  Again, even assuming a child would eventually use their services, a favorable decision would not undo any supposed harm.  The children would still travel through Mexico, they would still be arrested by immigration authorities, and they would still be transferred to ORR's custody for placement.  Even if ORR's responsibility were changed by a decision, there is no change:  The institutions still receive their funding for ultimately serving a child.  Accordingly, the institutional Plaintiffs fail to meet any of the three required prongs, and the Court should sever and dismiss them from this action.

## II.    The Court should dismiss this action for improper venue.

This Court is the improper venue to pursue this class action lawsuit under Fed. R. Civ. P. 12(b)(3).  In moving to dismiss for improper venue, "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  Plaintiffs bear the "burden of showing that venue [is] properly laid in" this Court.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In a suit against the United States, its officers, or its agencies, a civil action "may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions

giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).

**A.   The *Flores* Settlement does not create venue in this district for <u>every possible lawsuit or complaint by a *Flores* class member.</u>**

Plaintiffs incorrectly assert that this Court is the proper "venue" under Paragraph 37 of the *Flores* Settlement for their claims in this putative class action. Comp. ¶ 8.  That is incorrect.  Paragraph 37 only allows a *Flores* class member to enforce in this Court any purported violation of the provisions of *that* Settlement. *Flores* Settlement ¶ 37.  That is not a sweeping grant of venue.  If Plaintiffs' goal is to validate rights in that action, then it must proceed in that action.

Plaintiffs' individually filed preliminary injunctions and this Court's subsequent orders reflect that this is not a meaningful class action.  These individualized claims belong in other courts.  Paragraph 24B of the *Flores* Settlement specifically addresses where proper venue lies.  It provides that one who disagrees with aspects of their placement or treatment "may seek judicial review in any United States District Court *with jurisdiction and venue* over the matter to challenge that placement determination or to allege noncompliance."  *Flores* Settlement ¶ 24B (emphasis added).  In such a case, "the United States District Court is limited to entering an order solely affecting the individual claims of the minor bringing the action."  *Id.*  This Court is not the proper venue for any individualized complaints.  It is only the proper venue for complaints under Paragraph 37 of the *Flores* Settlement.

Plaintiffs only have the rights explicitly provided for in the *Flores* Settlement.  *Flores v. Lynch*, 828 F.3d 898, 908 (9th Cir. 2016).  This does not

1   leave the parties with no recourse:  If either party desires to change that bargain, a

2   process exists.  *Id*. at 909-10 (discussing motions for relief from judgment under

3   Fed. R. Civ. P. 60(b)(5)).  The Ninth Circuit has stated, "The *Flores* Settlement is

4   the reflection of *both parties'* bargained-for positions."  *Flores v. Sessions*, 862

5   F.3d 863, 879 (9th Cir. 2017) (emphasis added).  The Court continued, "The

6   process for detaining and releasing unaccompanied minors may result in a

7   complicated set of determinations, but it is the one the government agreed to when

8   it signed the Settlement in 1997."  *Id*.  This is also the process to which Plaintiffs

9   agreed to in 1997.  Plaintiffs agreed to receive only the protections outlined in the

10  *Flores* Settlement that this lawsuit seeks to modify.  This Court cannot undo that

11  bargain in a separate litigation.  Plaintiffs must, therefore, demonstrate venue under

12  an applicable statute.

13              **B.      This District is not the proper venue as a class action.**

14              Plaintiffs' superficial assertions of venue for any issue outside of *Flores* do

15  not meet their burden to demonstrate that this district is the proper venue under the

16  statute.  As an initial matter, Plaintiffs Lucas R., Sirena P., and Benjamin F. have

17  been mooted by their release to a sponsor.  *See* Declaration, ECF No. 100.  As

18  such, their allegations have no bearing on the issues surrounding this class action—

19  no evidence relevant to them would have any bearing on a class of children "in"

20  ORR's custody.  Comp. ¶ 96.  To be clear, Defendants are not suggesting that the

21  *entire* lawsuit is moot for the above reason.  However, for venue, the Court should

22  consider the relevant events for the named plaintiffs with an active controversy, as

23  "the 'events' in question are only those involving the named plaintiffs."  *In re*

24  *Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018).  As such, the Court should disregard

any of their claims in considering venue.  Likewise, the institutional Plaintiffs—who all reside in Los Angeles—have no bearing on venue.  They are mere interlopers in this class action and are not relevant to any aspect of this action.

The Complaint superficially suggests that this District is the proper venue because "acts complained of herein occurred in this district, Defendants have offices in this district."  Comp. ¶ 8.  The Complaint fails to state what event—and what "substantial" event under the statute—occurred in this District.  Otherwise, Federal defendants do not "reside" in every possible district—or else there would be no need for the statue to establish venue through other means.[4]

First, Plaintiffs bald assertion that some "relevant" event occurred in this District lacks any support.  Comp. ¶ 8.  They challenge the purported "unlawful policies and practices" of Defendants, Comp. ¶ 1, but they fail to illustrate how any "policy or practice" occurred in this District.  To the extent polices are challenged, an action is appropriate where the agency's decision-making took place:  in the District of Columbia.  *See Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009) ("under the APA, courts generally focus on where the decision making process occurred to determine where claims arose").

The only events that occurred in this District are not pertinent to a *class action*.  For the class-action claim about placement with sponsors, the Complaint relies on policies set forth on ORR's website.  Comp. ¶ 109.  However, that website clearly reflects that ORR is based in Washington, D.C.—not the Central

---

[4]     As this Court has already recognized in denying the preliminary injunction in this action, a petition for writ of habeas corpus must be brought in a district court with jurisdiction over a warden is appropriate.  *See* Orders, ECF Nos. 79, 82.

1    District of California.  *See* https://www.acf.hhs.gov/orr (last visited September 25,

2    2018).  To complain about the policies set by ORR is to complain about actions

3    outside of this District.

4         For the class-action claim about improper placement, the Complaint again

5    relies on the policies on ORR's website.  Comp. ¶ 123.  Again, no relevant action

6    on those policies occurred in this District.  For the class-action claims about

7    providing psychiatric medications and representation by counsel, the Complaint

8    relies on policies and actions that, again, did not take place in this District.  Finally

9    the Rehabilitation Claims fail to allege any harm in any particular locale.  *See*

10   Comp. ¶ 153-77.  But, again, if they object to policies, there is no reason to assert

11   these occurred in this District.  Although Plaintiffs' actions of individual

12   Preliminary Injunctions have cast doubt on to the actual nature of this lawsuit, this

13   District is an improper venue for a class action.

14        The only incidents with any tangential relationship to this District have no

15   bearing on any claim related to the class action.  For example, while Lucas R. was

16   in Texas, ORR declined to place him with his sister who lived in this District.

17   However, that is not relevant as Lucas R. is no longer a relevant actor in this

18   litigation given his release and the residence of his sister has no bearing on venue.

19   Even if Lucas R. were a relevant actor, there is no claim that the policies and

20   practices regarding his release were developed in this District; no claim that

21   decisions about release and suitability were made in this District; no claim that

22   decision about medications were made in this District.  There is no claim that

23   anything pertinent to the class occurred in this District.  Moreover, to the extent,

24   the sister suggests some harm to her, she is not a plaintiff.  *Cf. Guadalupe-Salazar*

*v. Napolitano*, No. 10-CV-01173 JW, 2010 WL 2640471, at *2 (N.D. Cal. June 30,
2010) ("Since Mr. Prasad, as a 'next friend,' merely stands in the shoes of
Petitioner, he must bring the action where venue would have otherwise been proper
if the real party in interest (Petitioner) had brought the action on his own behalf.")
(citing *Adem v. Bush*, 425 F.Supp.2d 7, 11 (D.D.C. 2006)).  Therefore, no
substantial, relevant event to this class action occurred in this District.

Second, ORR and HHS do not "reside" in this District.  A Federal agency
generally resides where it is headquartered:  In this case, Washington, D.C.
*Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978).[5]  In
addressing the expansion of the venue rules, the Seventh Circuit recognized that it
cannot find venue merely because an agency has an office in the district:  "To hold
that a federal agency can be sued . . . wherever it maintains an office would, as a
practical matter, render [the other routes to venue] superfluous.  With the vast
growth of the federal bureaucracy, federal agencies undoubtedly have offices in
most, if not all, judicial districts.  *Reuben H. Donnelley Corp.*, 580 F.2d at 267.
The court concluded that there "is nothing inequitable in limiting the residence of a
federal agency to the District of Columbia.  That has been the settled law for

---

[5]      Courts have often found that such claims against policies or practices of the
Federal government are appropriately filed where the head of the agency is located,
even if there is a local office. *See*, *e.g.*, *Kim v. McHugh*, No. 13-00616, 2014 WL
1580614, at *2 (D. Haw. Apr. 18, 2014) ("although the headquarters . . . may be
located in Hawaii, the Defendant in this action is the Secretary of the United States
Army, John McHugh, whose principal office is the Pentagon located in the Eastern
District of Virginia"); *Christopher v. United States*, No. 01-3613, 2001 WL
1256915, at *1 (N.D. Cal. Oct. 12, 2001) (same); *Jenkins v. West*, No. 95-0789,
1995 WL 704018, at *4 (D.D.C. Oct. 23, 1995) (same).

1  decades." *Id*.  In that case, the Seventh Circuit ultimately concluded that the local

2  district was not the appropriate venue to sue the Federal Trade Commission,

3  despite that Agency having a local office in the district.  *Id*. at 266-67; *see Zhang v.*

4  *Chertoff*, No. 08-CV-02589, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008).

5       Plaintiffs rely on Defendants having some unidentified, unknown "office" in

6  this district.  Comp. ¶ 8.  That is insufficient.  If that were the standard, then venue

7  to challenge any agency policy would be appropriate in nearly every district in the

8  United States.  *See Reuben H. Donnelley Corp.*, 580 F.2d at 267.  Such a reading

9  would render superfluous the other routes to venue:  where plaintiffs reside or

10  where pertinent events or omissions occurred.  *See* 28 U.S.C. § 1391(e)(1).  This

11  does not, therefore, provide this Court with venue.[6]  Accordingly, Plaintiffs have

12  failed to satisfy the requirement that this case should be litigated in this District.

13  **III.   The Court should transfer this putative class action to the**
        <u>**District for the District of Columbia as the appropriate venue.**</u>

14

15       As this District is not the proper venue, the Court "shall dismiss, or if it be in

16  the interest of justice, transfer such case to any district or division in which it could

17  have been brought."  28 U.S.C. § 1406(a).  "[N]ormally transfer will be in the

18  interest of justice because normally dismissal of an action that could be brought

19  elsewhere is time-consuming and justice-defeating."  *Amity Rubberized Pen Co. v.*

20  *Mkt. Quest Grp. Inc*., 793 F.3d 991, 996 (9th Cir. 2015) (citations omitted).  The

21  Court must weigh a variety of factors, "including (1) the plaintiff's choice of

22  forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4)

23

24  _____

[6]     As discussed above, the institutional Plaintiffs—located in Los Angeles—do
not provide this Court with venue as they are not members of the proposed class.

the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009).

Taken together, the District for the District of Columbia is the most appropriate forum. First, Plaintiff's choice of forum does not favor this District. Ordinarily, a plaintiff's choice of venue is given deference. *Allstar Mktg.*, 666 F. Supp. 2d at 1131. However, "the Ninth Circuit, like other courts, has noted that the weight to be given the plaintiff's choice of forum is discounted where the action is a class action." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). That deference is even less "when the plaintiff elects to pursue a case outside its home forum." *Allstar Mktg.*, 666 F. Supp. 2d at 1131. Here, the remaining named Plaintiffs reside in a variety of Districts. Comp. ¶ 10-14. This factor does not favor this District.

Second, the convenience of the parties does not favor any particular forum. As noted above, no named Plaintiffs resides in this District—instead, they reside in a variety of Districts. Indeed, no District contains more than one party—if the Defendants are considered as one group. The strongest relationship to this District is that of Plaintiffs' attorneys, but that is not a proper consideration. *Eclipse IP LLC v. Volkswagen Grp. of Am., Inc.*, No. EDCV 12-2087, 2013 WL 9935572, at *5 (C.D. Cal. May 10, 2013) (citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.2003) (holding location of counsel "irrelevant and improper for consideration in determining the question of transfer of venue")). Indeed, as the Northern District of California has recognized, there is "another reason to discount

the location of counsel—namely, it would be easy to manipulate venue simply by obtaining counsel in the venue of choice." *Wilson v. Walgreen Co*., No. C-11-2930, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011) (citation omitted).

Third and fourth, the convenience of the witnesses and location of books and record favors the District for the District of Columbia. The location of witnesses is "often the most important factor" though the convenience of party witnesses is not as compelling. *Allstar Mktg.*, 666 F. Supp. 2d at 1132; *see Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (transferring action to the SDNY where "the majority of potential witnesses are in the New York area"). This is a class action about ORR's alleged "policy and practice." *See* Comp. ¶ 180, 183, 186, 189, 192. As noted above, ORR is headquartered in Washington, D.C.—where the policies were created. As such, the relevant witnesses and any records would be located in that area. As reflected in the Court's denial of the preliminary injunctions, this case is not about individual matters:  transfer would not favor where any one child is located. Accordingly, the third and fourth factors favor the District for the District of Columbia.[7]

The final factors are neutral. *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1130. The relevant-law factor is irrelevant as this is Federal law. The interests of justice factor is neutral, outside of the convenience of parties that favors the District of Columbia. "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the

---

[7]    Although this motion is filed solely on behalf of the agency and official-capacity Defendants, the witnesses and Defendant for the *Bivens* claim would also be located in the Washington, D.C., metropolitan area. *See* Comp. ¶ 22.

applicable law try the case." *Id.* at 1134 (quoting *Heller Financial, Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1293 (7th Cir. 1989)).  Speed is not a concern as this case is still in the beginning stages and any individual issues can be raised as the Court has stated.  *See* Orders, ECF Nos. 79, 82.  Moreover, as this cannot be a *Flores* claim, then the District's relationship to that litigation is not compelling.  Finally, for administrative convenience, Defendants are unaware of any court whose docket is "less congested" than any other court's docket.  *See Allstar Mktg*., 666 F. Supp. 2d at 1134.

Ultimately, the Central District of California is not a proper venue for this action.  The only other possible Districts are in the Eastern District for California, Western District for Michigan, Southern District for New York, Southern District for Texas, or Washington, D.C.  As this case is about the policies and practices that were created in the Washington metropolitan area and the witnesses are in that area, transfer is most appropriate to the District for the District of Columbia.

## IV.   Even assuming venue, the Court should dismiss each claim for failing to state a claim upon which relief can be granted due to a vague complaint.

If the Court were to not transfer this action, then the Court should dismiss each individual claim for various failures of pleading.  Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a

light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). In ruling on a motion to dismiss, a court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Each claim raised in the Complaint rests upon insufficiently plead facts or upon an unclear legal theory thus dismissal under Fed. R. Civ. P. 12(b)(6) is proper.

### A.   The Complaint's allegations about the *Flores* litigation fail to state a legally cognizable claim in this separate class-action litigation.

Any claim based on *Flores* is necessarily not before this Court in a separate cause of action. The first four claims for relief explicitly assert a violation of *Flores*. *See* Comp. ¶ 181, 184, 187, 190. Those necessarily fail to state a claim upon which relief can be granted. Plaintiffs may not re-write or re-bargain the *Flores* Settlement by way of a separate cause of action. The Ninth Circuit has held that "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). If Plaintiffs' believe that the complained of policies and practices violate *Flores*, then they must proceed in that action. Indeed, the court already granted some of the relief sought regarding placement and administration of medication for

mental health issues.  *See Flores*, July 31, 2018 Order, ECF No. 409, at 27.  The Court should dismiss any *Flores*-related complaint.

**B.    The Complaint's various TVPRA claims fail to state a legally <u>cognizable claim as there is no cause of action under that statute.</u>**

The Court should also dismiss any claim based on the TVPRA.  Plaintiffs do not credibly support their position that they can bring their first, second, third, and fourth claims under 8 U.S.C. § 1232, TVPRA § 235, without an express cause of action.  Plaintiffs fail to carry their burden to establish such a right here.  *Alexander v. Sandoval*, 532 U.S. 275, 301 n.8 (2001).  They point to no "rights creating language" in the statute, undertake no structural analysis to explain how Congress may have implied a right of action here, and point to no specific purpose in the statute that evinces a desire to allow suit under the statute.  No part of the section allows for any party to sue based solely on that section.  *See generally* 8 U.S.C. § 1232.  The only explicit cause of action created by the TVPRA was to allow a civil lawsuit by victims against those perpetrating illegal trafficking or slavery.  *See* 18 U.S.C. § 1595.  In the absence of evidence of any cause of action, Plaintiffs fail to establish that section 1232 contains an implied right of action, and, thus, cannot rely on that statue as a basis for their claims.  Accordingly, the claims based on *Flores* and the TVPRA necessarily fail.

**C.    The Complaint's due process allegations fail to provide the <u>requisite allegations for a cognizable claim.</u>**

Plaintiffs' unelaborated assertions about the Fifth Amendment fail to state a claim.  Initially, the Complaint has not identified the substantive right being violated.  "Substantive due process analysis must begin with a careful description

of the asserted right, for [t]he doctrine of judicial self-restraint requires us to

exercise the utmost care whenever we are asked to break new ground in this field."

*Reno v. Flores*, 507 U.S. at 302.  While Plaintiffs assert a "fundamental right[]," 

they fail to identify it.  Comp. ¶ 180.  That failure is problematic in light of 

Supreme Court's admonition against a substantive due process right in this 

situation:  "We are unaware, however, that any court—aside from the courts 

below—has ever held that a child has a constitutional right not to be placed in a 

decent and humane custodial institution if there is available a responsible person 

unwilling to become the child's legal guardian but willing to undertake temporary 

legal custody.  The mere novelty of such a claim is reason enough to doubt that 

'substantive due process' sustains it."[8]  *Id*.  When fundamental liberty interests are 

not involved, the governmental action is judged by the "standard of rationally 

advancing some legitimate government purpose."  *Id*.  Thus, it is important that the 

liberty interest at issue be carefully described at the outset of a substantive due 

process analysis.  *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997).

In this Complaint, however, the allegation is simply an assertion of a 

violation of "the procedural and substantive components of the Due Process clause 

of the Fifth Amendment."  *See* Compl. ¶ 181.  The failure to plead a substantive 

right is fatal to the various procedural due process claims.  "Procedural due process 

is implicated where "government decisions [ ] deprive individuals of 'liberty' or 

---

[8]     That admonition is particularly important in the context of arriving aliens: 
"Congress regularly makes rules that would be unacceptable if applied to citizens." 
*Fiallo v. Bell*, 430 U.S. 787, 792 (1977).

'property' interests." *Mathews v. Elkridge*, 424 U.S. 319, 332 (1976). Plaintiffs must identify the possessed protected liberty interest and identify how they were deprived of that interest without process to which they were constitutionally entitled. *Bd. of Regents of State Colleges v. Roth*. 408 U.S. 564, 569 (1972). But, "[t]he range of interests protected by procedural due process is not infinite." *Id.* at 570. To emphasize, the only procedural claims fall under procedural due process, as Plaintiffs have explicitly disavowed a right to a procedure under the Flores Settlement of the TVPRA. Comp. ¶ 105. That explicit disavowal is proper as the Supreme Court has rejected attempts to manage agencies without clear authority: "this much is absolutely clear. Absent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978). Failing to plead procedural due process, there is nothing left to mandate a particular process.

Plaintiffs' claim concerns only procedures to be employed regarding the ORR custody of non-admitted aliens who are only "arriving aliens." *United States ex rel. Mezei*, 345 U.S. 206, 214 (1953). Arriving aliens do not have the substantial pre-existing connections to this country which are held by other aliens. , As the Ninth Circuit recognized in *Agnov*, "an alien who has never formally entered the United States" has no constitutional right to procedural due process. *Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 896, 193 L. Ed. 2d 789 (2016). In this situation, "procedural due process is simply

'whatever the procedure authorized by Congress' happens to be." *Id*. (internal citation omitted).

Finally, to the extent Plaintiffs argue that they are entitled to procedural due process rights beyond those provided by Congress on the basis that they initially evaded U.S. Customs and Border Protection by not presenting themselves at a port of entry, their initial apprehension close in time and geography to the border precludes their argument because they are "assimilated" to the status of an arriving alien. *See U.S. v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011). Accordingly, the due process claim is insufficiently plead.

### D.     The Complaint's APA claims lack a cognizable basis in law for failing to explain what type of actions is being sought to have <u>reviewed and which statute creates a mandatory duty to act.</u>

The Complaint has failed to identify the legal basis for the APA claim. When linked to 28 U.S.C. § 1331, the APA vests the Court with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Complaint does not explain if it seeks review of a final agency action or an action unreasonably delayed.

Section 704 requires that review of any agency action be of a final agency action. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). The reference to a "final" action deals with a purportedly final decision about release for Lucas R. to one single sponsor; with a complaint that ORR did not provide the sponsor "with a written decision." Comp. ¶ 29. However, as he is not a Plaintiff and the only "final action" is his release, the finality of that decision has no bearing.

To invoke jurisdiction under the APA for an "unreasonable delay" claim, a petitioner must show that:  (1) an agency had a nondiscretionary duty to act, and (2) the agency unreasonably delayed in acting on that duty.  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004).  The primary allegation of delay appears to stem from the Flores' litigation settlement that a child will be released "without unnecessary delay."  Comp. ¶ 103.  However, if the complaint is based on *Flores*, then litigation in that case, not under the APA is appropriate.

Problematically, the Complaint repeatedly suggests delay in *individual* cases, but it does not link that delay to a nondiscretionary duty to act towards the class as a whole.  Even assuming Defendants have a nondiscretionary duty to take an action, without identifying the underlying violation, the Court cannot undertake the so-called "TRAC" analysis—that analysis requires the identification for the statutory scheme.  *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).  Ultimately, Plaintiffs do not like where they are placed—or that they are not placed with the sponsor the next friend would prefer—but they have failed to identify the statutory scheme requiring such results.

## E.     <u>The Complaint's Rehabilitation Act allegations lack a legal basis</u>.

Plaintiffs have failed to plead a sufficient legal claim or identify sufficient facts to support such a claim.  The Rehabilitation Act prohibits discrimination by federally-funded programs "solely" on the basis of disability.  *See* 29 U.S.C. § 794(a).  The Ninth Circuit has recognized that the "causal standard for the Rehabilitation Act is even stricter" than the American with Disabilities Act; it "demand[s]" proof that an action was taken "solely by reason of a [complainant's] disability."  *Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1049

(9th Cir. 2009) (quoting 29 U.S.C. § 794(a)).  Even assuming the named Plaintiffs are "disabled" under the statute, Plaintiffs have failed to either legally state or identify facts that suggest ORR was motivated to take the actions challenged here "solely by reason" of such alleged disabilities.  *See* Comp. ¶ 191-94.

In sum, the Court should dismiss this putative class action lawsuit case for lack of venue.  However, the Court may transfer this case to an appropriate venue.  Under the caselaw, the most appropriate district would be the District for the District of Columbia.  Finally, even if the Court were to not transfer, the Court should deny the individual claims for failing to be properly plead as a class action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney

   /s/  Andrew B. Insenga
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
Phone:  (202) 305-7816
Fax:  (202) 616-4950
andrew.insenga@usdoj.gov

Attorneys for DEFENDANTS