CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*, <br><br> Defendants. | Case No. CV 2:18-CV-05741-DMG <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
      ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
      ndesai@youthlaw.org
      pjuneja@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON F. CIESLAK (Cal. Bar No. 268951)
MEGAN L. DONOHUE (Cal. Bar No. 266147)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email: swynn@cooley.com
      mkkelley@cooley.com
      jcieslak@cooley.com
      mdonohue@cooley.com

APPLICATION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
CV 2:18-CV-05741

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 79-5, and the Court's Order granting leave to use pseudonyms (ECF 18), Plaintiffs submit this Application seeking leave to file under seal portions of Exhibits 1, 2, 3, and 4 submitted in support of their Opposition to the Motion to Dismiss. As required by Local Rule 79-5.2.2(a), Plaintiffs submits concurrently with this application the declaration of Megan Donohue, redacted and unredacted versions of the Exhibits, and a proposed order.

Exhibits 1-4 include the full name of Daniela Marisol T. and her Next Friend, Daniela Marisol's birthdate, her alien registration number, and the names of other family members. Daniela Marisol is a minor in the immigration detention custody of the Office of Refugee Resettlement (ORR). She has an interest in maintaining her privacy while in immigration custody and in her private medical and mental health information.

## I.   LEGAL STANDARD

"[A] court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## II.   ARGUMENT

### A.   There are compelling reasons to seal the information that Plaintiffs seek to protect from public disclosure.

This document contains highly personal information regarding Daniela Marisol.

Disclosure of this information would cause her significant harm. Indeed, the Court already determined that there are compelling reasons to protect these same documents (ECF 74) and similar information previously. (ECF 18, 28, 36, 46, 56, 57.)

First, the Exhibits addresses a number of very sensitive and personal matters, including the private health information and treatment of Daniela Marisol. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest).

Second, the Exhibits implicates the details of Daniela Marisol's immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Third, the sensitive subject matter at issue – including private health information and immigration detention – is based exclusively on Daniela Marisol's experience as a minor. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing.").

**B.     Plaintiffs' sealing request is narrowly tailored.**

Plaintiffs seek only a limited sealing order that permits them to file unredacted versions of Exhibits 1-4 under seal and redacted versions of Exhibits 1-4 in the public

record. Other relevant information important to Plaintiffss presentation of the issues, will still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, filing portions of these Exhibits under seal is the least restrictive method of ensuring Daniela Marisol's and her family members' privacy while permitting the public access to the maximum amount of information.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file portions of Exhibits 1-4 under seal.

Dated:     October 5, 2018.

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

SUMMER WYNN
MARY KATHRYN KELLEY
JON F. CIESLAK
MEGAN L. DONOHUE

/s/ Carlos Holguin
Carlos Holguin

*One of the Attorneys for Plaintiffs*