JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
ANDREW B. INSENGA
Trial Attorney
MARINA C. STEVENSON
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-3797
    Fax:   (202) 616-4950
    Marina.c.stevenson@usdoj.gov
Attorneys for DEFENDANTS

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., et al.,<br>Plaintiffs,<br><br>    vs.<br><br>ALEX AZAR, Secretary of U.S. Dep't of<br>Health and Human Services, et al.,<br>Defendants | Case No.: 2-18-CV-05741<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER<br><br>Hearing on Motion to Dismiss and Class Certification:<br>November 2, 2018<br><br>Honorable Judge Dolly Gee |

1
2

# <u>TABLE OF CONTENTS</u>

3

**TABLE OF CONTENTS** ....................................................................i

4

**TABLE OF AUTHORITIES** .............................................................. ii

5

**INTRODUCTION**.............................................................................1

6

   I.   Defendants have preserved their venue defense at every stage of this

7
       litigation.................................................................................2

8

   II.  The institutional Plaintiffs are not a proper basis for venue in this Court and

9
       they do not have standing .............................................................3

10

   III. Individual plaintiffs fail to demonstrate venue is appropriate in this Court ..6

11

   IV. Plaintiffs' amended complaint fails to state *any* valid claim upon which

12
       relief can be granted. ..................................................................11

13

       A.    Plaintiffs have conceded that they cannot re-litigate claims brought
             under *Flores* in this separate class action litigation. ...........................11

14

       B.    Plaintiffs fail to state a legally cognizable claim under the TVPRA as
15
             that statute plainly provides no cause of action and none is implied..11

16

       C.    Plaintiffs do not state a valid claim that ORR's challenged "policies"
17
             and "practices" are in violation of the APA........................................13

18

       D.    Plaintiffs' vague claims that ORR's policies and practices violate
             constitutional due process are factually unsupported and not legally
19
             cognizable.............................................................................14

20

       E.    Plaintiffs fail to plead sufficient, particularized facts to support a
21
             viable Section 504 claim. .................................................................14

**CONCLUSION** ..............................................................................16

22

**CERTIFICATE OF SERVICE** ...........................................................18

23
24

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Adem v. Bush*,
4
    425 F. Supp. 2d 7 (D.D.C. 2006) ........................................................................7

5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................5
6

*Bell Atl. Corp. v Twombly*,
7
    550 U.S. 544 (2007) .....................................................................................5, 16

8

*Braden v. 30th Judicial Cir. Ct. of Ky.*,
9
    410 U.S. 484 (1973) ............................................................................................2

10

*Cannon v. University of Chi.*,
11
    441 U.S. 677 (1979) .................................................................................... 11, 12

12

*County of Riverside v. McLaughlin*,
    500 U.S. 44 (1991) ..............................................................................................9
13

*Dunakin v. Quigley*,
14
    99 F. Supp. 3d 1297 (W.D. Wash. 2015) .........................................................15

15

*Genesis Healthcare Corp. v*. Symczyk,
16
    569 U.S. 66 (2013) ..........................................................................................8, 9

17

*Gerstein v. Pugh*,
18
    420 U.S. 103 (1975) ............................................................................................9

19

*Guadalupa-Salazar v. Naplitano*,
    No. 10-01173, 2010 WL 2640471 (N.D. Cal. June 30, 2010) ...........................7
20

*La Asociation de Trabajadores de Lake Forest v. City of Lake Forrest*,
21
    624 F.3d 1083 (9th Cir. 2010) ............................................................................5

22

*Lujan v. Defenders of Wildlife*,
23
    504 U.S. 555 (1992) ............................................................................................4

24

ii

*Lujan v. Nat'l Wildlife Fed'n*,
   497 U.S. 871 (1990) ............................................................................. 13, 14

*Moore v. Olson*,
   368 F.3d 757 (7th Cir. 2004) ..................................................................2

*Muskrat v. United States*,
   219 U.S. 346 (1911)................................................................................10

*Perez v. Nidek Co., Ltd.*,
   711 F.3d 1109 (9th Cir. 2013) ...............................................................4

*Rumsfield v. Padilla*,
   542 U.S. 426 (2004)..................................................................................2

*Wilson v. Lane*,
   697 F. Supp. 1489 (S.D. Ill. 1988)..........................................................7

*Ziglar v. Abbasi*,
   137 S. Ct. 1843, (June 19, 2017) ..........................................................12

**Statutes**

5 U.S.C. § 553(e) ........................................................................................13
5 U.S.C. § 706(1) ........................................................................................13
8 U.S.C. § 1232 ...........................................................................................11
18 U.S.C. § 1595 .........................................................................................12
28 U.S.C. § 1367(c)(2)..................................................................................5
28 U.S.C. § 2241(a) ......................................................................................2
Pub. L. No. 110-457 § 235..........................................................................11
United States Constitution." 28....................................................................5

**Rules**

Fed. R. Civ. P. 27(a)(3)(4) ...........................................................................9
Federal Rule of Civil Procedure 17 ............................................................7

# **INTRODUCTION**

Plaintiffs, in their second attempt at this improperly venued and essentially duplicative class action lawsuit, once again fail to demonstrate how this reconvened *Flores* class action is appropriately before this Court.  At its core, this purported class action is an attempt by the *Flores* class to renegotiate the contours of the *Flores* Settlement Agreement to include protections and rights beyond those that they originally negotiated.  *See* Notice of Related Case, ECF No. 5 ("This case and *Flores* are "related actions" . . . because they arise from closely related events and call for *the determination of nearly identical questions of fact and law*.") (emphasis added).  Plaintiffs—by way of this purportedly "new" class action represented by attorneys who are also *Flores* class counsel—request this *specific* Court re-litigate issues most of which have already been adjudicated within *Flores*.  *See id.* (outlining recent issues raised in *Flores*).  For the reasons raised in Defendants' Motion to Dismiss and discussed below, this Court should either dismiss this case as duplicative of *Flores*, and/or, for improper venue, and/or *for* failing to state a claim upon which relief can be granted, or transfer it to a court with proper jurisdiction over the matter, the District Court for the District of Columbia.

## I.   Defendants have preserved their venue defense at every stage of this litigation.

Contrary to Plaintiffs' unsupported assertions, Defendants have challenged venue since their initial opposition to Plaintiffs' initial improper Motion for Preliminary Injunction—and in every filing thereafter. *See generally* ECF Nos. 44, 51, 52, 71, 73, 78, and 101. Defendants have consistently argued that this case cannot be brought in this Court. *See* Opp'n to Prelim. Inj., ECF No. 44, 201 ("This motion is properly understood as a petition for a writ of habeas seeking release and *must be brought in the Southern District of Texas*.") (emphasis added).

In opposing the motion for lack of jurisdiction and citing to *Rumsfield v. Padilla*, 542 U.S. 426 (2004), Defendants' referred to "jurisdiction" as the habeas statute contemplates the word—to reflect a venue concern. As the Supreme Court stated when considering the confines of the habeas statute:

> The word "jurisdiction," of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court.

*Id.* at 434 n.7; *id.* at 458 (Stevens, J. dissenting) ("It bears emphasis that the question of the proper forum to determine the legality of [petitioner's] incarceration . . . is one of *venue*.") (emphasis added); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493–95 (1973) (place of detention is question of venue); *Moore*

1  *v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (Section 2241's discussion of

2  "jurisdiction" is "venue").

3        Indeed, Plaintiffs' Opposition to Defendants' First Motion to Dismiss,

4  acknowledges that they, too, understood that Defendants were challenging venue in

5  this Court.  *See* Opp'n to Mot. to Dismiss ("Opp'n"), ECF No. 67, at 12 n.3

6  (conceding that Plaintiffs had previously disagreed with the argument that these are

7  "habeas petitions that must be venued where each plaintiff is in custody" and citing

8  to Defendant's opposition to Lucas R.'s motion for preliminary injunction).  That

9  Plaintiffs do not make this same acknowledgement in opposing the most recent

10  motion to dismiss does not negate this earlier concession.

11  **II.    The institutional Plaintiffs are not a proper basis for venue in this
         Court and they do not have standing**

12        Plaintiffs fail to respond meaningfully to Defendants' arguments that the

13  institutional Plaintiffs do not have standing to be included in this lawsuit and

14  cannot provide a basis for venue in this Court.  Defendants have spilled much ink

15  contesting the inclusion of the institutional Plaintiffs, while Plaintiffs continue to

16  ignore their relevance in each key filing in this case, to include the First Amended

17  Complaint and both motions for class certification.  It is only when Defendants'

18  raise legitimate challenges to venue that Plaintiffs parade the institutional plaintiffs

19  before the Court.  In fact, aside from four paragraphs in the First Amended

20  Complaint introducing the Court to the parties, the institutional plaintiffs'

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

3

involvement in this suit has been largely ignored by Plaintiffs.  *See* First Amended

Complaint ("FAC") ¶¶ 17–20.

The apparent nominal inclusion of the institutional plaintiffs for the sole

purpose of establishing venue notwithstanding, nothing included in the opposition

and the First Amended Complaint, aside from a generic recitation unaccompanied

by specifically-plead facts that the institutional plaintiffs suffered a diversion of

their resources and a frustration of their mission, actually supports these

conclusory assertions.  *See generally* FAC; *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 561 (1992) (holding that in order to establish the elements required for

standing, a plaintiff must support its claims "in the same way as any other matter

on which the plaintiff bears the burden of proof").  Moreover, as Defendants noted

in their motion, the institutional plaintiffs amorphously claim that their ability to

"raise funds" purportedly depends on the children they serve, but the First

Amended Complaint fails to explain:  (1) how these organizations raise their funds;

(2) how the complained of policies deny them the opportunity to serve the children

upon release; and (3) how their claims are not entirely collateral to Plaintiffs'

claims.[1]  *See Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1113 (9th Cir. 2013) ("A

---

[1] Plaintiffs suggest that the venue for the institutional claims would permit to Court to hear the individual plaintiffs' claims (and class claims) through supplemental (pendant) jurisdiction.  *See* Opp'n to Mot. to Dismiss, ECF No. 67, at 13.  However, pendant jurisdiction is a discretionary authority that the Court may use where "they form part of the same case or controversy under Article III of the

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

4

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)) (second alteration in original).

And Plaintiffs utterly ignore the crux of Defendants' arguments that the institutional plaintiffs do not have standing because there is no relationship between the Defendants' alleged misconduct and the institutional plaintiffs' speculative injury—specifically with respect to the asserted chain of injury.  Mem. at 6–7; *see La Asociation de Trabajadores de Lake Forest v. City of Lake Forrest*, 624 F.3d 1083, 1088 (9th Cir. 2010) ("[A]n organization may sue only if it was forced to choose between suffering an injury and diverting resources to counteract the injury."); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").  Nor do they demonstrate how the First Amended Complaint shows a substantial likelihood that success in this suit would redress the alleged attenuated injury.

---

United States Constitution."  28 U.S.C. 1367(a).  Indeed, as an exception to such jurisdiction, Congress provided that the Court may decline to use such jurisdiction where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  Here, the institutional interests are entirely collateral of the issues that predominate as the basis for the class action and injunction, as is shown by the fact that the institutional plaintiffs' claims had no role in either of the motions for a preliminary injunction or the motion for class certification., and the Court should decline Plaintiffs'' invitation.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

Therefore, the Court should dismiss the institutional plaintiffs from this action thereby eliminating any consideration of their location for the purpose of assessing whether this Court is the appropriate venue for this action.

## III.   Individual plaintiffs fail to demonstrate venue is appropriate in this Court

Plaintiffs continue to rely on Daniela Marisol T.'s three-month placement in David and Margaret Shelter as the basis for venue for the entire class.  *See* Opp'n at 9.  But, as Plaintiffs are well aware, the security level of David and Margaret Shelter is not encompassed within the allegations of the Complaint—a "secure facility, medium-secure facility, or RTC," FAC ¶¶ 96(b), 96(e), and thus, Daniela's placement there is simply not relevant to this case, *see id.* ¶ 4(a) ("ORR violates the foregoing requirements . . . [by] confin[ing] children in medium secure facilities, residential treatment centers . . . , and secure facilities . . . .).  It is a non-secure shelter for which notice of placement is not required.  *Id.* at 4.  Plaintiff's unsupported position that because Daniela received notice of her placement at the David and Margaret Shelter brings her placement there within the ambit of this litigation is unavailing.

Moreover, the allegations that Daniela was improperly administered psychotropic medication while she resided at David and Margaret Shelter is *exactly* the sort of claim recently decided by this Court in *Flores*, and supports Defendants' arguments that this case is largely duplicative of *Flores*.  *See Flores v.*

*Sessions*, No., 85-cv-0544, July 30, 2018 Order, ECF No. 409, at 27.  If that is the

complaint for this particular minor—and pertinent only to her—then that is a

*Flores* complaint.  It does not alone create venue for an entire separate—and nearly

identical—class action.

Plaintiffs also rely on home studies for potential sponsors—each relevant to

individual plaintiffs, Benjamin F. and Sirena P., who have been released and

thereby mooted from this cause of action—that occurred in this District.[2]  That

reliance is misplaced for several reasons.  First, under Federal Rule of Civil

Procedure 17, the sponsors are not parties to this litigation.  *See Wilson v. Lane*,

697 F. Supp. 1489, 1492 (S.D. Ill. 1988).  As next friends, they "merely stand[] in

the shoes" of the plaintiffs.  *Guadalupa-Salazar v. Naplitano*, No. 10-01173, 2010

WL 2640471, at *2 (N.D. Cal. June 30, 2010) (citing *Adem v. Bush*, 425 F. Supp.

2d 7, 11 (D.D.C. 2006)).  Thus, their location does not generally have any bearing

on venue.  Nor does the fact that after they were no longer in ORR's custody some

of the named Plaintiffs chose to reside in this District.

---

[2] Notably, Plaintiffs rely heavily on home study of the residence of Lucas R.'s
sister, Madelyn R. It is worth emphasizing that Lucas R. was not placed with
Madelyn R. due, in part, to his own allegations of abuse by his sister in their home
country.  *See* ECF 44-1 ¶ 5.  That Plaintiffs continue to cite to this home study
when Lucas R. has been released to, and currently resides with, his half-brother,
not Madelyn R., emphasizes how minimal their connections to this District actually
are.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

Second, the three minors whose *potential sponsors* had home studies within this District have received full relief and were released from ORR custody prior to any class certification.  Thus, any marginal connection their non-party potential sponsors may have had with this District are no longer relevant.  That Plaintiffs assert in a footnote that they "have elsewhere established that these Plaintiffs' claims are not moot and that they may continue to serve as class representatives," Opp'n at 11 n.4, ignores established law.  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (recognizing an exception to mootness in the class action context when "the named plaintiff's individual claims become moot *after*" the district court rules on class certification) (emphasis in original).  By no fault of Defendants, the issues of class certification had to be rebriefed and to date, there is not yet a class certification ruling by this Court.  Thus, because Lucas R., Sirena P., or Benjamin F., were released from ORR custody well before the second motion for class certification was ever filed,[3] they are not properly parties to this action.

---

[3] In fact, Lucas R. was released prior to Plaintiffs filing the First Amended Complaint, and Sirena and Benjamin were released to their sponsors prior to Plaintiffs filing their second motion for class certification.  Perhaps Plaintiffs' arguments that "the release of individual Plaintiffs does not prevent the Court from certifying a class or appointing these Plaintiffs as class representatives," Opp'n at 11, had marginal merit when the initial class certification was filed, but Plaintiffs chose to amend their complaint and thereby delay resolution of class certification.

8

To the extent Plaintiffs rely on the "inherently transitory" exception *elsewhere* in this litigation, such an argument is equally unsupported.[4]  Lucas R., Sirena P., and Benjamin F.'s applicability to this litigation—and thus reliance on them to establish venue—is not saved by the "inherently transitory" exception. This exception applies for claims that "are 'so inherently transitory that the trial court will not have enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"  *Genesis Healthcare Corp*, 569 U.S. at 76 (citation omitted); *see County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (applying exception in context of individuals held without probable cause determinations); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (same).  Here, Plaintiffs' primary allegation pertains to the *prolonged* amount of time Plaintiffs spend in ORR custody.  Plaintiffs cannot have it both ways.  They cannot dedicate *pages* of the Complaint and subsequent briefings arguing that ORR "prolong[s] detention and family separation," holding them in custody for "long periods," *see* FAC ¶¶ 4(b), 4(f), 30, 33, 56, 65, 83, 93, 99, 102, 105, 109, 109(e)–(f), 112, 114(a), 115(a), 116, 121, 129, 150, 172–78, and then argue that each plaintiff's claims are so "inherently transitory" to prevent the Court from ruling on

---

[4] Because Plaintiffs appear to incorporate by reference the arguments raised in their class certification motion to respond to Defendants' position that Lucas R., Sirena P., and Benjamin F.'s claims and allegations are moot, Defendant responds accordingly.  *See* Fed. R. Civ. P. 27(a)(3)(4) (permitting a reply to address matters related to the opposition).

the class certification, thereby making Lucas R., Sirena P., and Benjamin F.'s

claims still relevant to this litigation. Opp'n at 11 n.4; *see also* Plaintiffs' Motion

for Class Certification, ECF 97-1 at 19–21.  In fact, proposed class members

remaining in ORR custody—but none of the remaining potential class members

have any relevant connection with this District.

Moreover, Plaintiffs fail to respond to Defendants' challenge to venue based

on the allegations within the four corners of the First Amended Complaint.  This is

a lawsuit purportedly challenging "unlawful policies and practices."  FAC ¶ 1.

But, as Defendants argued, and as Plaintiffs appear to concede through silence,

Plaintiffs "fail to illustrate how any [of the complained of] 'policy and practices'

occurred in this District," or how any relevant "agency[] decision-making took

place" in this District.  Mem. at 10.

Thus, Plaintiffs have utterly failed to demonstrate that venue is appropriate

in this District.  As this Court is not the appropriate venue, any decision it renders

would be impermissibly advisory in nature.  *See Muskrat v. United States*, 219

U.S. 346 (1911).  The Court, therefore, should either dismiss this action in its

entirety *or* transfer it to the District Court for the District of Columbia.

10

**IV.    Plaintiffs' amended complaint fails to state *any* valid claim upon which relief can be granted.**

**A.    Plaintiffs have conceded that they cannot re-litigate claims brought under *Flores* in this separate class action litigation.**

As Defendants argued, and Plaintiffs concede, ECF No. 107 at 16 n.10, this Court has already rejected claims that the *Flores* Settlement Agreement demands the imposition of unspecified procedural remedies for alleged violations of the agreement's negotiated placement and release provisions, *see Flores v. Sessions*, No. CV-85-4544 DMG, Docket Entry 470 (C.D. Cal. July 30, 2018) ("July 30 Order") at 2–6.  Plaintiffs may not re-litigate in this class action issues already decided in this Court's July 30 Order and Plaintiffs cannot by this lawsuit alter the contractual terms of the settlement—or create a competing settlement agreement—which the parties bargained for and negotiated more than twenty years ago.

**B.    Plaintiffs fail to state a legally cognizable claim under the TVPRA as that statute plainly provides no cause of action and none is implied.**

Plaintiffs do not dispute that the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457 § 235, 122 Stat. 5044, 5074-5082 (Dec. 23, 2008) (codified at 8 U.S.C. § 1232), does not expressly provide a private right of action, but instead argue that the statute impliedly authorizes private enforcement.  Plaintiffs' incomplete discussion of *Cannon v.*

1   *University of Chi.*, 441 U.S. 677 (1979), Opp'n at 18, ignores the subsequently

2   developed case law.

3        The U.S. Supreme Court, in considering *Cannon*, 441 U.S. 677, "cautioned

4   that, where Congress 'intends private litigants to have a cause of action,' the 'far

5   better course' is for Congress to confer that remedy in explicit terms." *Ziglar v.*

6   *Abbasi*, 137 S. Ct. 1843, (June 19, 2017) (citing *Cannon*, 441 U.S. at 717).

7   Subsequent to *Cannon* and the caution regarding implied causes of action

8   expressed therein,

9

10       the Court clarified in a series of cases that, when deciding whether to
         recognize an implied cause of action, the determinative question is one
11       of statutory intent . . . . If the statute itself does not display an intent to
         create a private remedy, then a cause of action does not exist and courts
12       may not create one, no matter how desirable that might be as a policy
         matter, or how compatible with the statute.

13

14  *Ziglar*, 137 S. Ct. at 1843. (internal quotation marks and citations omitted).  In this

15  case, and contrary to Plaintiffs' assertions, in enacting the TVPRA, Congress could

16  have, but did not, explicitly provide for a private right of action.

17       Thus, because the First Amended Complaint's various TVPRA claims failed

18  to state a legally cognizable claims because, contrary to Plaintiffs assertions

19  otherwise, [t]he only explicit cause of action created by the TVPRA was to allow a

20  civil lawsuit by victims against those perpetrating illegal trafficking or slavery."

21  Mem. at 18 (citing 18 U.S.C. § 1595).

22

23

24

                                                                                  12

### C.     Plaintiffs do not state a valid claim that ORR's challenged "policies" and "practices" are in violation of the APA.

Plaintiffs argue somewhat vaguely that ORR has adopted and applied five different alleged "policies" or "practices" which they say deny children the protections of the TVPRA and constitute final agency actions which are reviewable for substantive violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), *see* Opp'n at 20.  None of these purported disparate ORR policies or practices, however, actually constitute a "final" agency action within the meaning of Section 704 of the APA.  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); Mem. at 21–22.  And contrary to Plaintiffs' assertions, they fail to identify ORR's purported sweeping policies and practices "to arbitrarily step up children to unlicensed placements, administer them psychotropic drugs without procedural protections, deny them release to qualified custodians, or deny them the assistance of counsel."[5]  Opp'n at 19.

---

[5] If Plaintiffs truly believe that ORR's policies and practices are inadequate, nothing is barring them, as interested persons, from petition ORR for the issuance, amendment, or repeal of a rule under the APA.  *See* 5 U.S.C. § 553(e).  To date, they have not done so.

**D.      Plaintiffs' vague claims that ORR's policies and practices violate constitutional due process are factually unsupported and not legally cognizable.**

Plaintiffs have alleged that they have several different substantive "rights" under the U.S. Constitution, the TVPRA, and the *Flores* Settlement Agreement which necessitate constitutional procedural due process protection. *See* Opp'n at 21. Aside from a generalized reference to the professed need for notice and a meaningful opportunity to be heard as to these vaguely construed substantive "rights," Plaintiffs completely fail to describe what procedures they think the Constitution actually requires. *Id.* Instead, they argue that Plaintiffs are entitled consist of: release to qualified custodians; placement of children in licensed facilities; prescription of psychotropic drugs only when necessary; and the assistance of legal counsel in such matters. But Plaintiffs do not cite any legal authority to support their conclusory arguments that children in ORR custody are entitled to constitutional procedural protections concerning their placement in licensed facilities and the prescription of psychotropic drugs.

**E.      Plaintiffs fail to plead sufficient, particularized facts to support a viable Section 504 claim.**

Finally, Plaintiffs' section 504 claims must be dismissed for failure to state a claim. First, Plaintiffs appear to argue that merely placing a minor in a Residential Treatment Center ("RTC") for children with intensive mental health needs violates the Rehabilitation Act because it results in "segregation." Opp'n at 25.

Furthermore, this Court's July 30 Order supports the view that secure placements in an RTC such as Shiloh in Manvel, Texas is warranted and appropriate where a child "poses a risk of harm to self or others" as determined  by a licensed psychologist or psychiatrist and thus requires intensive mental health services in a restrictive setting.  July 30 Order at 14, 30.

The case cited by Plaintiffs, *Dunakin v. Quigley*, supports the evaluation ORR already performs, to determine that alternative placements are not already available.  *See* 99 F. Supp. 3d 1297, 1319–20 (W.D. Wash. 2015).  Indeed, were ORR not to have RTCs available for children who require them, ORR could be seen as neglecting its duty to make placement in such centers available specifically in order to treat intensive psychiatric or psychological needs.

Plaintiffs have likewise failed to state a claim under Section 504 for "policies and practices" that "needlessly prolong detention of youth" *solely* due to disability.  Interestingly, Plaintiffs' Complaint appears to contain no factual allegations regarding any detention that was "needlessly prolonged due to disability."  *See* FAC ¶¶ 153–77, 191–94 (containing legal arguments or conclusory statements).  In fact, they appear to suggest that all that needs to be pled at this stage are conclusory "alleg[ations] that ORR discriminates against youth 'in violation of Section 504, [] and in turn quote" the legal standard.  *See* Opp'n at 15.  But, the Court need not credit "legal conclusions couched as factual allegations."

15

1    *See Twombly*, 550 U.S. at 555–56 ("To survive dismissal, the complaint must

2    allege sufficient facts to state a claim for relief that is plausible on its face.").

3        Because, as Defendants' argued, the First Amended Complaint has failed to

4    plead any facts supporting the claim that Plaintiffs were discriminated "solely by

5    reason of a disability," Mem. at 22, a fact Plaintiffs' concede, Opp'n at 24 n.15,

6    this claim must be dismissed for failure to state a claim upon which relief can be

7    granted.

8

9                                   **CONCLUSION**

10       Thus, for all of the above reasons, as well as the reasons articulated in the

11   Motion to Dismiss, Defendants' Motion to Dismiss should be granted.  In the

12   alternative, this matter should be transferred to the District Court for the District of

13   Columbia.

14
                                JOSEPH H. HUNT
15                              Assistant Attorney General
                                Civil Division
16                              ERNESTO H. MOLINA, JR.
                                Deputy Director
17                              BRIENA L. STRIPPOLI
                                Senior Litigation Counsel
18                              BENJAMIN MARK MOSS
                                Trial Attorney
19                              ANDREW B. INSENGA
                                Trial Attorney
20

21

22

23

24
                                                                        16

1

2
                                     /s/  Marina C. Stevenson
                                  MARINA C. STEVENSON

3
                                  Trial Attorney
                                  Office of Immigration Litigation

4
                                  Civil Division
                                  U.S. Department of Justice

5
                                  P.O. Box 878

6
                                  Ben Franklin Station
                                  Washington, DC 20044

7
                                  Phone:  (202) 305-3797
                                  Fax:  (202) 616-4950

8
Attorneys for DEFENDANTS              marina.c.stevenson@usdoj.gov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

# <u>CERTIFICATE OF SERVICE</u>

I certify that, on October 12, 2018, I caused the foregoing documents to be filed via the CM/ECF system, which caused a copy to be served on Plaintiff's counsel of record.

DATED:  October 12, 2018.                    Respectfully submitted,

                                                           /s/  Marina C. Stevenson
                                                         MARINA C. STEVENSON
                                                         Trial Attorney
                                                         Office of Immigration Litigation
                                                         Civil Division
                                                         U.S. Department of Justice
                                                         P.O. Box 878
                                                         Ben Franklin Station
                                                         Washington, DC 20044
                                                         Phone:  (202) 305-3797
                                                         Fax:  (202) 616-4950
                                                         Marina.c.stevenson@usdoj.gov