1  CENTER FOR HUMAN RIGHTS &
   CONSTITUTIONAL LAW
2  CARLOS R. HOLGUIN (90754)
   256 South Occidental Boulevard
3  Los Angeles, CA 90057
   Telephone: (213) 388-8693
4  Email: crholguin@centerforhumanrights.org

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on signature page*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN

11

12 | LUCAS R., et al.,                | Case No.  2:18-CV-05741 DMG PLA

13 |              Plaintiffs,          | **CLASS ACTION**

14 |         v.                        | **REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

15 | ALEX AZAR, SECRETARY OF U.S.
   | DEPARTMENT OF HEALTH AND         | Complaint Filed: June 29, 2018
16 | HUMAN SERVICES, et al.,          | Trial Date: None Set
17 |              Defendants.          | Judge: Hon. Dolly M. Gee

18                                       Hearing:   November 2, 2018
19                                       Time:      9:30 a.m.
                                         Room:      1st St. Courtroom 8C
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     PLAINTIFFS ARE ENTITLED TO SEEK RELIEF THE FLORES
        SETTLMENT DOES NOT PROVIDE, INCLUDING RELIEF
        SUBSEQUENT LEGISLATION AFFORDS DETAINED CHILDREN .......... 2

        A.      Neither res judicata nor collateral estoppel preclude Plaintiffs'
                instant claims............................................................................................. 2

        B.      "Duplicativeness" is immaterial to whether class certification is
                appropriate................................................................................................. 6

III.    THIS ACTION SATISFIES ALL RULE 23 REQUIREMENTS ..................... 7

        A.      Differences in proposed class members' individual facts and
                circumstances are irrelevant to the Court's resolution of the
                proposed class claims................................................................................ 7

        B.      UCARE Coalition and Refugee Children Center may represent the
                proposed class. ......................................................................................... 12

        C.      Plaintiffs have carried their burden to show that named Plaintiffs
                are adequate class representatives........................................................... 13

                1.      None of the individual Plaintiffs has antagonistic or
                        conflicting interests with those of the proposed class. ................. 13

                2.      The named Plaintiffs include children who have personally
                        suffered the injuries for which this action seeks class-wide
                        relief. ............................................................................................. 15

IV.     CONCLUSION ............................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adams v. California Department of Health Services.*,
   487 F.3d 684 (9th Cir. 2007), *cert. denied*, 552 U.S. 1076 (2007) .......................... 6

*Allen v. McCurry*,
   449 U.S. 90 (1980)........................................................................................... 2

*Balbirer v. Austin*,
   790 F.2d 1524 (11th Cir. 1986) ....................................................................... 3

*Ball v. Union Carbide Corp.*,
   212 F.R.D. 380 (E.D. Tenn. 2002) ................................................................. 12

*Beltran v. Cardall*,
   222 F. Supp. 3d 476 (E.D. Va. 2016) ................................................................ 5

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ........................................................................... 7

*California Rural Legal Assistance, Inc., v. Legal Servs. Corp.*,
   917 F.2d 1171 (9th Cir. 1990) ....................................................................... 12

*Chen v. Allstate Ins. Co.*,
   819 F.3d 1136 (9th Cir. 2016*)* ...................................................................... 15

*Cmtys. for Equity v. Michigan High Sch. Athl. Ass'n*,
   192 F.R.D. 568 (W.D. Mich. 1999*)*................................................................ 12

*Eastern Paralyzed Veterans Ass'n, Inc. v. Veterans' Admin.*,
   762 F. Supp. 539 (S.D.N.Y. 1991) ................................................................. 12

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974)....................................................................................... 7, 9

*Flores v. Sessions*,
   No. 2:85-cv-04544-DMG-AGR, Order, July 30, 2018 .................................... 5

*Flores v. Sessions*,
   No. 85-cv-4544-DMG .................................................................................... 6

# TABLE OF CONTENTS
## (continued)

Page

*Flores v. Sessions*,
No. CV 85-8544-DMG (C.D. Cal.) ................................................................*passim*

*Frank v. United Airlines, Inc.*,
216 F.3d 845 (9th Cir. 2000) ........................................................................ 9

*Gayle v. Warden Monmouth Cty. Corr. Inst.*,
No. 12-cv-02806(FLW), 2017 U.S. Dist. LEXIS 188498 (D.N.J. Nov.
15, 2017) ................................................................................................. 11

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ................................................................. 8, 14

*Henry v. Lehman Commer. Paper, Inc.*,
471 F.3d 977 (9th Cir. 2003) .................................................................... 8

*Hernandez v. Medows*,
209 F.R.D. 665 (S.D. Fla. 2002)................................................................ 11

*Hiser v. Franklin*,
94 F.3d 1287 (9th Cir. 1996) .............................................................. 2, 4, 5

*Klemme v. Shaw*,
No. 2:05-CV-01263-PMP-LRL, 2007 U.S. Dist. LEXIS 55631 (D.
Nev. May 2, 2007) ..................................................................................... 14

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
787 F.3d 1237 (9th Cir. 2015) ................................................................... 6

*L.V.M. v. Lloyd*,
318 F. Supp. 3d 601 (S.D.N.Y. 2018) ................................................... 6, 11

*Lerwill v. Inflight Motion Pictures, Inc.*,
582 F.2d 507 (9th Cir. 1978) .................................................................... 14

*Maldonado v. Lloyd*,
2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. 2018) ......................................... 6

*McNeill v. N.Y. City Housing Authority*,
719 F. Supp. 233 (S.D.N.Y. 1989) ............................................................. 8

# TABLE OF CONTENTS
### (continued)

Page

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
    465 U.S. 75 (1984)..................................................................................2

*Norfolk S. Corp. v. Chevron, U.S.A., Inc.*,
    371 F.3d 1285 (11th Cir. 2004) ...........................................................2

*Pacesetter Sys. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ..................................................................6

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ..........................................................9, 10

*Santos v. Smith*,
    260 F. Supp. 3d 598 (W.D. Va. 2017)..................................................6

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd* __F.3d _, 2018 U.S.
    App. LEXIS 27779 (9th Cir. Oct. 1, 2018) ......................................5, 11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................7

*Stichting Pensioenfonds ABP v. Countrywide Fin.*,
    802 F. Supp. 2d 1125 (C.D. Cal. 2011)................................................9

*U.S. v. Truckee-Carson Irrigation Dist.*,
    71 F.R.D. 10 (D. Nev. 1975) ..............................................................12

*United States v. Miami*,
    664 F.2d 435 (5th Cir. 1981) (en banc) (Rubin, J., concurring) ............2

*United Steel Workers v. ConocoPhillips Co.*,
    593 F.3d 802 (9th Cir. 2010) ................................................................7

*Upper Valley Assoc. for Handicapped Citizens v. Mills*,
    168 F.R.D. 167 (D. Vt. 1996)..............................................................12

*Vietnam Veterans of Am. v. C.I.A.*,
    288 F.R.D. 192 (N.D. Cal. 2012) ........................................................12

# TABLE OF CONTENTS
## (continued)

Page

*Villacres v. ABM Indus. Inc.*,
189 Cal. App. 4th 562 (2010) ...................................................................... 3

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ............................................................................... 7, 8

*Walters v. Reno*,
145 F.3d 1032 (9th Cir. 1998) ................................................................. 14

*Wilson v. City of Evanston*,
No. 14 C 8347, 2017 U.S. Dist. LEXIS 139248 (N.D. Ill. Aug. 30,
2017) ..................................................................................................... 11

*Women's Comm. for Equal Emp't. Opportunity v. Nat'l Broad. Co., Inc.*,
71 F.R.D. 666 (S.D.N.Y. 1976) ................................................................. 12

**Statutes**

8 U.S.C. § 1232 ........................................................................................... 3

29 U.S.C. § 794 ................................................................................. 4, 10, 11

William Wilberforce Trafficking Victims Protection Reauthorization Act
of 2008, 110 Pub. L. 457, 122 Stat. 5044 ......................................... 3, 6, 11

**Other Authorities**

Rule 23 ............................................................................................. *passim*

REPLY ISO MOTION FOR CLASS CERTIFICATION
CASE NO. 2:18-CV-05741 DMG PLA

## I.   INTRODUCTION

Defendants' Opposition to Class Certification (ECF 106, "Opp.") provides no reason to deny Plaintiffs' motion for class certification.

Defendants' principal argument against class certification is that the instant action is "duplicative" of *Flores v. Sessions*, No. CV 85-8544-DMG (C.D. Cal.). That, however, is an argument that goes to the merits of Plaintiffs' claims and is therefore irrelevant to class certification.

Even were it germane, Defendants' argument would remain meritless. This action is plainly not duplicative of *Flores*, and neither res judicata nor collateral estoppel preclude Plaintiffs from seeking relief the *Flores* Settlement does not provide. None of the authorities Defendants cite is to the contrary.

Defendants also argue that Plaintiffs have failed to satisfy Rule 23's requirements that this action present common questions. But the policies and practices Plaintiffs challenge here—ORR's (i) declaring detained children's parents and other available custodians unfit without due process; (ii) denying them licensed placement without due process; (iii) administering them psychotropic drugs without due process; (iv) segregating children with disabilities in inappropriate facilities, thereby prolonging their detention; and (v) hobbling lawyers whom Congress has said detained children should have, are all claims amenable to class-wide resolution. Variations in the circumstances of individual members of the proposed class are entirely irrelevant to whether all proposed class members are entitled to basic procedural fairness.

Defendants' final argument is that Plaintiffs will not adequately represent the proposed class. Each of the individual named Plaintiffs, as well as the UCARE Coalition and the San Fernando Valley Refugee Children Center, however, fully satisfies the Ninth Circuit's test for adequacy of representation.

Plaintiffs have carried their burden under Rule 23. The Court should accordingly certify this action for class treatment.

**II.    PLAINTIFFS ARE ENTITLED TO SEEK RELIEF THE *FLORES* SETTLMENT DOES NOT PROVIDE, INCLUDING RELIEF SUBSEQUENT LEGISLATION AFFORDS DETAINED CHILDREN**

Though nowhere grounded in Rule 23, Defendants oppose class certification on the theory that this action is "duplicative" of *Flores v. Sessions*. Opp. at 5. Defendants seem to suggest that the *Flores* Settlement operates as res judicata or collateral estoppel to preclude the claims Plaintiffs assert in this action. But neither "duplicativeness" nor issue preclusion are proper reasons to deny class certification. Even if they were, however, Defendants' argument would remain meritless: this action is simply *not* duplicative of *Flores*.

**A.    Neither res judicata nor collateral estoppel preclude Plaintiffs' instant claims.**

Res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The effects of former litigation comprise "two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996). Claim preclusion refers to the effect of a judgment in foreclosing relitigation of a claim that was not decided because it should have been advanced in an earlier suit. *Id*. Neither res judicata nor claim preclusion is applicable here, and neither bars class certification.

When parties settle, their agreement, and not the original complaint, fixes the metes and bounds of res judicata. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). Consent decrees therefore preclude re-litigating only those matters upon which the parties consented to the entry of judgment. *United States v. Miami*, 664 F.2d 435, 440 (5th Cir. 1981) (en banc) (Rubin, J., concurring) ("Even in a two-party litigation the parties may agree on as much as they can, ask the court to incorporate that agreement into a consent decree, and call upon the court to decide the

1   issues they cannot resolve.").

2   The intent of the parties, as it appears in the settlement itself,[1] determines the

3   extent to which a consent-based judgment has preclusive effect. *Balbirer v. Austin*, 790

4   F.2d 1524, 1528 (11th Cir. 1986) ("[A] consent judgment cannot constitute collateral

5   estoppel unless the party pleading collateral estoppel proves from the record of the prior

6   case or through extrinsic evidence that the parties intended the consent judgment to

7   operate as a final adjudication of a particular issue.").

8   Applying these principles to the case at bar, it is readily apparent that the *Flores*

9   Settlement in no way forecloses Plaintiffs' instant claims.

10   To begin, the *Flores* plaintiffs could not possibly have intended to settle

11   Plaintiffs' instant claims under the William Wilberforce Trafficking Victims Protection

12   Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044, *codified in pertinent part*

13   at 8 U.S.C. § 1232 ("TVPRA"), because the TVPRA did not exist in 1986, when *Flores*

14   commenced, nor even in 1997, when the *Flores* Settlement was executed.

15   The *Flores* Settlement requires no administrative procedure by which detained

16   children may secure ORR's compliance with the TVPRA's command that it place them

17   in the least restrictive setting consistent with their best interests. *See* 8 U.S.C. §

18   1232(c)(2)(A). Nor does the *Flores* Settlement oblige ORR to provide proposed class

19   members counsel "to the greatest extent practicable" in "legal proceedings or matters,"

20   whereas the TVPRA does. 8 U.S.C. § 1232(c)(5).

21   Next, Plaintiffs' constitutional due process and freedom of association claims

22   duplicate nothing in the *Flores* Settlement, nor may they properly be said to be part of

23   the same "transaction, or series of connected transactions, out of which the action

24   arose." Restatement (Second) of Judgments § 24. Nor does the *Flores* Settlement

25   address Plaintiffs' claim that ORR holds children in prolonged detention because of

---

[1] Under California law, "'the interpretation of a release or settlement agreement is governed by the same principles applicable to any other contractual agreement.'" *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 598 (2010) (quoting *Gen. Motors Corp. v. Superior Court*, 12 Cal. App. 4th 435, 439 (1993)).

1  disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794,
2  a statute that has never been at issue in *Flores*.

3      The Ninth Circuit's decision in *Hiser v. Franklin*, *supra*, 94 F.3d 1287 (9th Cir.
4  1996), forecloses Defendants' argument to the contrary. In *Hiser*, a prisoner sued,
5  contending that prison officials had refused to photocopy his legal documents in
6  violation of his constitutional right to access the courts. *Id*. at 1289.  The plaintiff was
7  a member of a class of inmates protected by an earlier comprehensive consent decree
8  settling claims over prison conditions. *Id*. Although the consent decree devoted some
9  nine pages to detailing class members' rights with respect to accessing the courts, it did
10 not afford them any right to photocopying. *Id*.

11     The district court reasoned that photocopying could have been included in the
12 settlement and that the plaintiff's claim was therefore barred by res judicata. *Id*. The
13 Ninth Circuit reversed:

14         Arguably, everything related to prison life could conceivably
15         be deemed part of "a series of transactions" when a broad-
16         based class action is brought, but if this is how claim
17         preclusion is defined in the class action context, it would
18         essentially make class actions obsolete. After one prisoner
19         class action had been filed, no "related" claims could ever be
20         filed. No responsible attorney would file a class action
21         challenging a prison condition, because by doing so, all future
22         claims by prisoners challenging an unconstitutional condition
23         could be barred— even if the specific issue was never raised
24         in the previous litigation.

25 *Id*. at 1293.

26     Defendants' instant contention is indistinguishable from that the Ninth Circuit
27 rejected in *Hiser*, where, though the plaintiff was a class member an earlier settlement
28 protected, he sued for relief the settlement did not supply.

**REPLY ISO MOTION FOR CLASS CERTIFICATION**
**CASE NO. 2:18-CV-05741 DMG PLA**

This Court has ruled that nothing in the *Flores* Settlement specifies what administrative process is due to children whom ORR detains because it thinks their proposed custodians may be unfit. *Flores v. Sessions*, No. 2:85-cv-04544-DMG-AGR, Order, July 30, 2018 (ECF 470), at 2-3. This Court also ruled that the *Flores* consent decree does not require ORR to afford detained children notice and an opportunity to be heard before they are "stepped up" from a licensed, dependent care shelter to a staff-secure or secure facility, *id*., and further, that the *Flores* agreement does not protect detained children's right to counsel to help them challenge ORR decisions that profoundly impact their lives and well-being, *Flores v. Sessions*, No. 2:85-cv-04544-DMG-AGR, Order, June 27, 2017 (ECF 363), at 31-32.

Unless ORR chooses to place children in facilities where state law requires it, the Court's interpretation of the *Flores* Settlement does not require ORR to obtain informed parental consent or judicial authorization, or indeed, observe any other procedural protections, before it administers detained children psychotropic drugs.  And finally, although the *Flores* Settlement does generally require ORR to place detained minors in facilities licensed to care for dependent children, it does not protect them from prolonged detention on the basis of disability in violation of the Rehabilitation Act.

Holding all these claims precluded by a 21-year-old consent decree that resolves none of them would be indistinguishable from what the Ninth Circuit disapproved in *Hiser*. If anything, Plaintiffs' instant claims are even less amenable to preclusion than were the plaintiff's in *Hiser*, who asserted no claims under subsequent or independent legislation.

Numerous courts have allowed *Flores* class members to seek additional relief against ORR. *E.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1199 (N.D. Cal. 2017), *aff'd* __F.3d _, 2018 U.S. App. LEXIS 27779 (9th Cir. Oct. 1, 2018) (ORR enjoined against confining *Flores* class members re-arrested on allegations of gang involvement without hearing); *Beltran v. Cardall*, 222 F. Supp. 3d 476 (E.D. Va. 2016) (ORR enjoined against refusing to release *Flores* class member as violative of due process);

*Santos v. Smith*, 260 F. Supp. 3d 598 (W.D. Va. 2017) (same); *Maldonado v. Lloyd*, 2018 U.S. Dist. LEXIS 75902 (S.D.N.Y. 2018) (same); *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) (ORR enjoined against detaining *Flores* class members in New York State until its director approves release as violative of the TVPRA). Were the *Flores* Settlement the exclusive, compendious resolution of *all* its class members' rights, none of these actions could have proceeded.[2]

Defendants' authority compels no different result. Indeed, *none* of their authorities even discusses the preclusive effect of a class-wide settlement on the right of unnamed class members to seek redress for future injury based on subsequent or independent legislation.[3]

## B. "Duplicativeness" is immaterial to whether class certification is appropriate.

Defendants' opposition to class certification is misguided for another reason: claim-preclusion is nowhere mentioned in Rule 23, and it is well established that whether Plaintiffs are likely to prevail on the merits of their claims is irrelevant to class certification.

---

[2] Defendants' present argument is also fundamentally inconsistent with what they have previously argued in *Flores*. When the *Flores* plaintiffs sought due process protections against secure confinement and protracted detention in lieu of release to available custodians, the Court, at Defendants' behest, ruled that "[w]hatever the merits of this claim, it has no place in a motion to enforce the consent decree. The vindication of a constitutional right is not coterminous with the enforcement of a contractual provision." *Flores v. Sessions*, No. 85-cv-4544-DMG (AGRx), ECF 470. Defendants would now leverage *Flores* to strip detained children of rights the Constitution, the TVPRA, and the Rehabilitation Act independently confer.

[3] In *Adams v. Cal. Dep't of Health Servs*, 487 F.3d 684, 688 (9th Cir. 2007), *cert. denied*, 552 U.S. 1076 (2007), the plaintiff filed a second complaint "in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint." In *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982), parties to a patent infringement dispute "brought essentially identical actions in district courts in Florida and California. . . ." "The California district court, concluding that the litigation filed first in the Florida court would fully resolve the dispute, declined to exercise jurisdiction over the second-filed action and dismissed it." In *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1238-39 (9th Cir. 2015), a lien holder sued first in Mississippi and then in California to recover the value of materials and services furnished under a construction contract.

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather *whether the requirements of Rule 23 are met*[,]" and "nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (emphasis added; quotation marks and citation omitted).

Although certification inquiries such as commonality, typicality, and predominance sometimes call for substantive inquiry, "[t]he court may not go so far . . . as to judge the validity of these claims." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). "[N]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies [Rule 23]." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975); *see also United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (reversing district court's denial of class certification on ground that "'there can be no assurances that [plaintiffs] w[ould] prevail . . .'" (emphasis omitted)).

In sum, Defendants' argument is wholly divorced from Rule 23's requirements. Defendants' attacking the merits of Plaintiffs' claims—whether grounded in res judicata or otherwise—is not a proper reason to deny class certification.

## III.   THIS ACTION SATISFIES ALL RULE 23 REQUIREMENTS

### A.   Differences in proposed class members' individual facts and circumstances are irrelevant to the Court's resolution of the proposed class claims.

Defendants next argue that Plaintiffs' claims fail to present common questions of fact or law suitable for class-wide resolution. Opp. at 14-21.

But as Plaintiffs have previously shown, to meet Rule 23's commonality requirement "even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (citation, quotation marks, and alterations omitted). "The

7.

existence of shared legal issues *with divergent factual predicates is sufficient*, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*; *see also Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d 977, 990 (9th Cir. 2003) (this court has followed an approach that favors class treatment of fraud claims stemming from a *"common course of conduct," quoting Blackie*, 524 F.2d at 902 (emphasis added)). Stated otherwise, commonality is satisfied where the "claims of all proposed class members derive from the same [] policies and procedures, and are based on the same legal theories." *McNeill v. N.Y. City Housing Auth.*, 719 F. Supp. 233, 252 (S.D.N.Y. 1989). The Ninth Circuit has described Rule 23's commonality requirement as "minimal." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here the claims Plaintiffs propose for class certification are plainly amenable to class-wide adjudication and remediation:

- May ORR step up detained children to unlicensed facilities without giving them notice or opportunity to be heard? A common answer—that ORR must provide notice and opportunity to be heard when it dispatches a child to an unlicensed placement—is clearly proper.

- May ORR declare detained children's parents and other proposed custodians unfit without notice or opportunity to be heard? Again a common answer is readily apparent: *i.e.*, ORR must provide notice and opportunity to be heard when it declares potential custodians unfit.

- May ORR administer detained children psychotropic drugs without parental consent or the lawful equivalent thereof? This question, too, is properly answered for all proposed class members: ORR must provide notice and opportunity to be heard whenever it administers psychotropic drugs.

- May ORR step up detained children to unnecessarily restrictive settings, prolonging their detention, because of disability?  Again, ORR may not segregate

1   any child and protract his or her confinement on account of disability.[4]

2   Arguing that the first of these questions fails commonality, Defendants

3   misunderstand or misrepresent Plaintiffs' claims and the relief they seek.  Defendants

4   argue that not all step-ups are to the same type of facility: *i.e.*, that ORR summarily

5   dispatches some children to secure facilities, while it consigns others to psychiatric or

6   "staff-secure" institutions. Opp. at 15-16. Defendants contend that ORR's choosing

7   among these placements is "highly individualized" and depends on "the particular

8   constellation of symptoms and behaviors presented by a child." *Id.* at 16. Defendants

9   argue much the same against Plaintiffs' claims that more process is due when ORR

10  declares detained children's parents and other available custodians unfit and that ORR

11  discriminates unlawfully when it unnecessarily steps up children because they have a

12  disability.[5] None of these differences negates commonality.

13  In *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014), the Ninth Circuit upheld the

14  district court's certifying a class of inmates who challenged numerous policies and

15  practices of the Arizona Department of Corrections that governed medical, dental, and

16  mental health care, as well as conditions of confinement. *Id.* at 662. On appeal, the

17  government challenged commonality, arguing that "[t]he very individualized nature of

18  inadequate health care and conditions-of-confinement claims makes it very difficult, if

19  not impossible, to satisfy *Wal–Mart's* 'one stroke' standard." *Id.* at 1045. The Ninth

20  Circuit disagreed:

21  [4] Defendants do not contest commonality in Plaintiffs' challenge to ORR's hobbling
22  lawyers from representing detained children with respect to placement, release, and
    medicating. They thereby waive objection to Plaintiffs' showing. L.R. 7-9; *Stichting*
23  *Pensioenfonds ABP v. Countrywide Fin.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011);
    *cf.*, *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000) (noting that parties
    had "stipulated to class certification, and the district court certified a Rule 23(b)(2)"
24  class thereon).

25  [5] Defendants' arguments against commonality in ORR's (i) vetting parents and other
    available custodians; (ii) administering psychotropic drugs to detained children; and
26  (iii) unnecessarily stepping up children with disabilities include a defense of ORR's
    extant procedures, but that amounts to an attack the merits of Plaintiffs' claims.

27  As has been seen, whether Plaintiffs are likely to prevail on the merits of their claims is
28  irrelevant to whether commonality—or any other Rule 23 requirement—has been met.
    *Eisen v. Carlisle & Jacquelin*, *supra*, 417 U.S. at 177.

1  As the district court recognized, although a presently existing
2  risk may ultimately result in different future harm for different
3  inmates—ranging from no harm at all to death—every inmate
4  suffers exactly the same constitutional injury when he is exposed
5  to a single statewide ADC policy or practice that creates a
6  substantial risk of serious harm. . . . The factual and legal
7  questions that [the plaintiffs] present can be answered "yes" or
8  "no" in one stroke as to the entire class, dissimilarities among
9  class members do not impede the generation of common answers
10  to those questions, and the capacity of classwide proceedings to
11  drive the resolution of this litigation cannot be doubted.

12  *Parsons*, 754 F.3d at 678-684 (citations omitted).

13      *Parsons* illustrates the flaw in Defendants' argument. Plaintiffs allege that ORR,
14  as a matter of national policy and practice, provides *no* proposed class member a
15  meaningful opportunity to be heard regarding their "particular constellation of
16  symptoms and behaviors" regardless of the type of unlicensed facility to which ORR
17  dispatches them. Whether ORR's peremptorily denying children licensed placement
18  comports with due process is clearly a common question amenable to a common
19  remedy. Better process is required precisely so that a child's "particular constellation of
20  symptoms and behaviors," and an appropriate placement, may be determined fairly and
21  responsibly.

22      The same is true with respect to the dearth of process in ORR's summarily
23  declaring parents and other potential custodians unfit and administering children
24  psychotropic drugs. The question presented for class-wide resolution is not whether any
25  given parent is fit, but whether ORR's practices for determining fitness supply due
26  process.  Similarly, Plaintiffs' Section 504 claim asks not whether individual children
27  should or should not be stepped up, but rather whether ORR systematically segregates
28  children with disabilities and whether its practices prolong the detention of children

REPLY ISO MOTION FOR CLASS CERTIFICATION
CASE NO. 2:18-CV-05741 DMG PLA

with disabilities in violation of Section 504.

Numerous courts have certified for class resolution procedural due process claims indistinguishable from those at bar. *E.g.*, *Saravia*, 280 F. Supp. 3d at 1203-04, *aff'd* __F.3d __, 2018 U.S. App. LEXIS 27779 (9th Cir. Oct. 1, 2018) (certifying class-wide due process challenge to ICE's summarily re-arresting minors for alleged gang activity; inquiry is not "whether every class member should be released from ORR custody [but] whether DHS and ORR policies violate class members' rights in a systematic way. This basic question is common to all class members, and the answer is the same for each."); *L.V.M.*, 318 F. Supp. 3d at 615 ("(1) whether [ORR] director review [of children's release] is lawful under the APA, or under the APA and TVPRA; (2) whether the process used to institute the director review policy was lawful under the APA; and (3) whether the addition of systemic delay to an already too long release process is lawful under the APA and TVPRA. The answers to these questions are common to all putative class members, and do not involve any analysis of independent facts attributable only to individual plaintiffs."); *Hernandez v. Medows*, 209 F.R.D. 665, 669 (S.D. Fla. 2002) (common questions include "whether the Defendant has violated . . . procedural due process . . . by failing to ensure Plaintiffs the opportunity to pursue pretermination hearings when their prescription drug coverage is reduced or terminated."); *Gayle v. Warden Monmouth Cty. Corr. Inst.*, No. 12-cv-02806(FLW), 2017 U.S. Dist. LEXIS 188498, at *43-44 (D.N.J. Nov. 15, 2017) (certifying "common question over whether the burden [in immigration detention] hearing is properly allocated to the detainee or the Government, which the Named Plaintiffs challenge in their procedural due process claim."); *see generally, Wilson v. City of Evanston*, No. 14 C 8347, 2017 U.S. Dist. LEXIS 139248, at *30-32 (N.D. Ill. Aug. 30, 2017) (in determining what process due, courts look to "aggregate concerns. . ." including "the general nature of the private interest at issue, . . . the risk of erroneous deprivation and value of requiring [better procedures], and weigh these concerns with the City's interest motivating its policy. This task will not involve individualized inquiries, but instead the common application

of *Mathews* to Plaintiffs' claim."). Defendants offer no valid reason for this Court to rule differently.

**B.   UCARE Coalition and Refugee Children Center may represent the proposed class.**

Defendants assume, but never actually argue, that "[t]he institutional Plaintiffs—the Children Center and UCARE—are not members of the proposed class and thus cannot adequately represent the class per Rule 23(a)."  (Opp. at 8 n.7.)  That assumption is incorrect and inconsistent with binding Ninth Circuit authority.

The Ninth Circuit holds that organizations with associational standing may serve as class representatives even if they are not themselves members of the class. *California Rural Legal Assistance, Inc., v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990); *see also Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 205 (N.D. Cal. 2012) ("the Ninth Circuit . . . allow[s] associations to represent classes"); *U.S. v. Truckee-Carson Irrigation Dist.*, 71 F.R.D. 10, 16 (D. Nev. 1975) ("organization composed of the members of the class" an appropriate class representative).[6] An organization with standing may represent the interests of its members when doing so furthers the oganization's mission. *Cmtys. for Equity*, 192 F.R.D. at 573; *Eastern Paralyzed Veterans Ass'n, Inc.*, 762 F. Supp, at 547.[7]

UCARE and Refugee Children Center allege that the children and youth they serve are the functional equivalent of their members. When ORR subjects such children

---

[6] The Ninth Circuit is not alone in so holding.  *See, e.g., Cmtys. for Equity v. Michigan High Sch. Athl. Ass'n*, 192 F.R.D. 568, 573 (W.D. Mich. 1999); *Upper Valley Assoc. for Handicapped Citizens v. Mills*, 168 F.R.D. 167, 171 (D. Vt. 1996) ("Numerous decisions have recognized the ability of associations . . . to act as class representatives under Rule 23."); *Eastern Paralyzed Veterans Ass'n, Inc. v. Veterans' Admin.*, 762 F. Supp. 539, 547 (S.D.N.Y. 1991); *Women's Comm. for Equal Emp't. Opportunity v. Nat'l Broad. Co., Inc.*, 71 F.R.D. 666, 668-71 (S.D.N.Y. 1976).

[7] Defendants' lone citation to *Ball v. Union Carbide Corp.*, 212 F.R.D. 380, 390 (E.D. Tenn. 2002) for the proposition that the institutional Plaintiffs cannot adequately represent the proposed class is inapposite. *Ball* does not address whether an organization may adequately represent a class.  *Id.*  Of course, even if *Ball* stood for Defendants' proposition, it is an out-of-circuit district court case that cannot contravene binding Ninth Circuit authority.

to the policies and practices Plaintiffs challenge, it injures these Plaintiffs' members by, *inter alia*, impairing their mental and physical health. Plaintiffs, both institutional and individual, seek prospective relief on behalf of all proposed class members and without regard to their individual circumstances. The Court may adjudicate the lawfullness of ORR's challenged policies and practices with the participation of individually aggrieved children. UCARE and Children Center may accordingly serve as class representatives.

**C. Plaintiffs have carried their burden to show that named Plaintiffs are adequate class representatives.**

Defendants next argue that none of the named Plaintiffs is an adequate class representative. Defendants are wrong.

**1. None of the individual Plaintiffs has antagonistic or conflicting interests with those of the proposed class.**

Defendants first attack the adequacy of the individual named Plaintiffs' proposed representation because they have not "express[ed a] willingness or ability to prosecute this action" or attested that they will appear for deposition or trial. Opp. at 22. Defendants nowhere contend that any named Plaintiff's interests conflict with those of the proposed class, nor do they offer any legal authority that their objection disqualifies Plaintiffs from serving as class representatives.

To the contrary, the Ninth Circuit recognizes adequate representation when two elements are established:

> With reference to the ability of the named plaintiffs to represent the interests of the class, two criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class.

1    *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *accord*,

2    *Hanlon*, 150 F.3d at 1020; *see also Klemme v. Shaw*, No. 2:05-CV-01263-PMP-LRL,

3    2007 U.S. Dist. LEXIS 55631, at *17 (D. Nev. May 2, 2007) (proposed class

4    representatives need not demonstrate "financial means to absorb the costs of litigating

5    a class action" or that they "are honest, conscientious, and know or understand what the

6    case is about."). Defendants do not contest that the named Plaintiffs satisfy both prongs

7    of the Ninth Circuit's formulation.

8         In all events, the named Plaintiffs do wish to prosecute this action;[8] their having

9    initiated this action in and of itself demonstrates their resolve. Nor is there any reason

10   to doubt it: Defendants do not deny that ORR subjected each of the named Plaintiffs to

11   months of unlicensed confinement, prolonged their separation from family, or placed

12   several of them on psychotropic drugs. It would be nonensensical to assume that

13   Plaintiffs wanted this mistreatment or have no desire to seek redress for the injuries it

14   caused them.

15        Plaintiffs have shown that "attorneys for the class representatives [are] well

16   qualified and  . . . the class representatives themselves . . . [are] not antagonistic to the

17   interests of the class and [are] 'interested and involved in obtaining relief.'" *Walters v.*

18   *Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998). They have accordingly satisfied Rule 23's

19   requirements.[9]

20   ─────────────

21   [8] Attached to this Reply are three declarations wherein several of the named Plaintiffs and their Next Friends state explicitly that they intend to prosecute the action vigorously on behalf of the class and will appear for depositions, discovery, or trial. *See* Exs. 33-

22   35.  These are the declarations Plaintiffs were able to gather in the week allotted for Reply but they are willing to further supplement the record with declarations from other

23   named Plaintiffs if the Court would like.

24   [9] Defendants also impugn the ability of Plaintiffs' Lucas R., Sirena P., and Benjamin F. to represent the proposed class because ORR has now released them. In their opening

25   brief, Plaintiffs established that these Plaintiffs' claims are not moot. *See* Plaintiffs' Motion for Class Certification (Dkt. No. 97-1 at 19-21).  Defendants misconstrue the

26   inherently transitory doctrine, which looks not at the timing of Plaintiffs' motion for class certification but at the nature of the claims and conditions being challenged and

27   whether they are likely to repeat.  (*Id.*)  That is the case here.  Indeed, just this morning, Plaintiffs learned that ORR released named Plaintiff Miguel Angel S.  The ability of

28   Defendants to selectively moot named Plaintiffs claims is the very reason why they can

### 2. The named Plaintiffs include children who have personally suffered the injuries for which this action seeks class-wide relief.

Defendants lastly contend it is "impossible" to determine which of the individual named Plaintiffs assert claims representative of those they propose for class treatment. (Opp. at 23.) Identifying appropriate representatives for each of Plaintiffs' five claims, however, is not difficult.

Unfit Custodian Claim. ORR prolonged Lucas R.'s, Daniela Marisol T.'s, and Gabriela N.'s detention on suspicion their parents or other available custodians might be unfit, but afforded neither these children nor their proposed custodians any meaningful or timely opportunity to be heard regarding the proposed custodians' fitness. (First Amended Compl. ¶¶ 24, 29 (Lucas R.), 45 (Daniela Marisol T.), 66-67, 69 (Gabriela N.)). These three Plaintiffs, as well as the UCARE Coaltion and San Fernando Valley Children's Center, will therefore adequately represent the proposed class with respect to Plaintiffs' First Claim for Relief.

Step Up Claim. ORR "stepped up" each of the individual Plaintiffs from shelters to unlicensed facilities without affording them even the most rudimentary procedural protections. (First Amended Compl. ¶¶ 31 (Lucas R.), 41 (Daniela Marisol T.), 52 (Miguel Angel S.), 64 (Gabriela N.), 72 (Jaime D.), 81 (Sirena P.), 90 (Benjamin F.)). All of the individual and organizational Plaintiffs are accordingly adequate representatives with respect to Plaintiffs' Second Claim for Relief.

Drug Administration Claim. ORR routinely administered Lucas R., Gabriela N., Sirena P., and Benjamin F., and is continuing to administer Daniela Marisol T., and Miguel Angel S., psychotropic drugs without lawful authority or constitutionally required due process. (First Amended Compl. ¶¶ 26, 32 (Lucas R.), 42 (Daniela Marisol

still serve as class representatives.  Moreover, the Ninth Circuit has expressly held that the authority cited by Defendants, *Genesis v. Healthcare Corp. v. Symczyk*, is inapplicable to class actions under Rule 23 and did not alter the rule announced in *Pitts* that Defendants' litigation strategy may create an inherently transitory claim. *See Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1143-44 (9th Cir. 2016).

REPLY ISO MOTION FOR CLASS CERTIFICATION
CASE NO. 2:18-CV-05741 DMG PLA

T.), 48-50 (Miguel Angel S.), 64, 68 (Gabriela N.), 80, 82 (Sirena P.), 89, 92 (Benjamin F.)). Along with UCARE and Children Center, each of these Plaintiffs would adequately represent the proposed class.

Legal Representation Claim. ORR blocked lawyers from representing Lucas R., Daniela Marisol T., Gabriela N., Jaime D., and Sirena P. with respect to placement, administration of psychotropic medications, or release to available custodians. (First Amended Compl. ¶¶ 35 (Lucas R.), 46 (Daniela Marisol T.), 69 (Gabriela N.), 77 (Jaime D.), 85 (Sirena P.)). These five Plaintiffs, as well as UCARE and Children Center, will adequately represent the proposed class with respect to Plaintiffs' Fourth Claim for Relief.

Disability Claim. ORR segregated Lucas R., Miguel Angel S., Gabriela N., Sirena P., and Benjamin F. because these named Plaintiffs have or were perceived to have a behavioral, mental health, intellectual, and/or developmental disability, denied them placement in a setting appropriate for their needs, and needlessly prolonged secure or semi-secure confinement. (First Amended Compl. ¶¶ 30-31, 33 (Lucas R.), 48, 56 (Miguel Angel S.), 64-65 (Gabriela N.), 81, 83-84 (Sirena P.), 90, 93-95 (Benjamin F.)). These individual Plaintiffs, as well as the institutional Plaintiffs, will adequately represent the class with respect to Plaintiffs' final claim for relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court should certify this action pursuant to Rule 23, Fed. R. Civ. Proc., appoint the named Plaintiffs as class representatives, and appoint Plaintiffs' counsel to serve as class counsel.

REPLY ISO MOTION FOR CLASS CERTIFICATION
CASE NO. 2:18-CV-05741 DMG PLA

1   Dated:  October 12, 2018

2

CARLOS HOLGUÍN
Center for Human Rights &
Constitutional Law

3

4

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

5

6

7

LEECIA WELCH
NEHA DESAI
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

8

9

10

SUMMER WYNN
MARY KATHRYN KELLEY
JON CIESLAK
MEGAN DONOHUE
Cooley LLP

11

12

/s/  *Leecia Welch*
Leecia Welch

13

*Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28