JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-7816
    Fax:   (202) 616-4950
    andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., et al.,<br>Plaintiffs,<br><br>vs.<br><br>ALEX AZAR, Secretary of U.S. Dep't of Health and Human Services, et al.,<br>Defendants | Case No.: 2:18-CV-05741<br><br>MOTION TO RECONSIDER<br><br>Hearing on Motion:<br>December 14, 2018<br><br>Honorable Judge Dolly Gee |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER

# INTRODUCTION

Under Local Rule 7-18 and Federal Rule of Civil Procedure 59(e), Defendants move the Court to reconsider class certification of two of the five classes of unaccompanied alien children (UAC) in its November 2, 2018 Order.[1] ECF No. 126. The Order reflected a "failure to consider material facts" in granting certification as to: class (d), the "legal representation class" and class (e), the "disability class." The Court failed to analyze the legal representation class as defined by Plaintiffs. Instead, the Order re-wrote the proposed class definition. That was prejudicial error as it denied the Defendants the opportunity to address the newly created class. Because the Court re-wrote the definition, the Court effectively eliminated the burden on the Plaintiffs to demonstrate how the requirements for class certification are met. Further, it failed to consider how the partial grant of Defendant's Motion to Dismiss impacted the class definition as proposed: That grant left only VERA-related claims.

For the disability class, both the Plaintiffs and Court premised the class definition on a legal standard that applies under the Americans with Disabilities Act (ADA), and is materially different from the legal standard that applies under the Rehabilitation Act. The Court also failed to explain how the named Plaintiffs

---

[1] This brief is filed on behalf of the agency and official-capacity Defendants. The undersigned do not represent any Defendant in his or her personal capacity.

1  can be adequate class representatives given the use of the ADA standard and not

2  the narrower standard of the Rehabilitation Act.

3     Finally, the Court should reconsider its prejudicial and unsupported

4  allegation that Defendants engaged in a supposedly transparent attempt to moot out

5  named Plaintiffs.  The UAC program places UAC with suitable sponsors—it does

6  not exist to enable litigation.  ORR found suitable sponsors for the named Plaintiffs

7  here, which is what they wanted.  The Court should therefore reconsider its Order.

8  **ARGUMENT**

9  **I.   The Court should reconsider the legal representation class; it failed to consider the class as proposed or consider dismissal of the *Flores* claim.**

10 The Court failed to consider the material fact of the definition of the

11 proposed "legal representation" class.  It is axiomatic that *Plaintiffs* bear the

12 burden of showing that they have met each of the four requirements of Rule 23(a).

13 *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d

14 1266 (9th Cir. 2001) (emphasis added).  The Supreme Court has unambiguously

15 stated that, "A party seeking class certification must affirmatively

16 demonstrate . . . compliance with the Rule[.]"  *Wal-Mart Stores, Inc. v. Dukes*, 564

17 U.S. 338, 350 (2011).  Bearing the burden, Plaintiffs must provide a class

18 definition that is "precise, objective, and presently ascertainable," that is, the class

19 must be "definite enough so that it is administratively feasible for the court to

20

ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (citation and quotation marks omitted).

In the Order, the Court failed to consider and analyze the "legal representation class" as Plaintiffs actually defined the class. In Plaintiffs' First Amended Complaint, they defined the class, in relevant part, as consisting of minors "who are natives of non-contiguous countries and to whom ORR *blocks* legal assistance in legal matters or proceedings involving their custody, placement, release, and/or non-consensual consumption of psychotropic drugs." FAC ¶ 96(d) (emphasis added). The motion for class certification proposed the group of children "who are natives of non-contiguous countries and to whom ORR *is blocking or will block* legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs. Mot. for Class Cert. at 13 (emphasis added).

However, the Court certified a different class: minors in ORR custody "to whom ORR *is impeding or will impede* legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs." Order at 28 (emphasis added). In modifying the proposed class, the Court certified a broader class than was originally proposed by re-writing the class definition for Plaintiffs. The Court should have restricted its Order to the class definition that was proposed and subjected to the adversarial process. *See*

*Califano v. Yamasaki*, 442 U.S. 682, 702-03 (1979) ("[A] federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate . . . and that certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts."); *see also Rodriguez v. RCO Reforesting, Inc.*, No. CV 2:16-2523, 2017 WL 2618751, at *3 (E.D. Cal. June 16, 2017) ("It is not for the court to rewrite the request to certify a different class than the one requested.").

By doing so, the Court denied Defendants a meaningful opportunity to respond to the newly created class definition. The Court should address the sufficiency of Plaintiffs' proposed legal representation class. That class fails for the reasons discussed in Defendants' filings. This problem alone is fatal.

The Court also failed to consider the impact of its partial grant of Defendants' Motion to Dismiss. The FAC contained a sub-section (VI)(D) with nine paragraphs alleging that ORR "obstructed Plaintiffs' access to counsel." FAC ¶¶ 143-52. That sub-section made two legal representation claims: (1) a claim under *Flores* about legal representation *generally*, FAC ¶ 143, and (2) a claim under TVPRA about VERA-funded representation *specifically*, FAC ¶ 144-52. The Court dismissed any *Flores*-related claim. Order at 9-10. All that is left,

therefore, is the TVPRA claim about VERA-funded attorneys specifically.[2] The certified representation class fails to consider that dismissal—and should be limited to VERA-funded attorneys.

As the remaining claims only deal with VERA-funded attorneys, the Court failed to consider that no named Plaintiffs are adequate. None alleged they were blocked access to *VERA-funded* counsel. *See*, *generally*, FAC ¶¶ 24-95 (paragraphs describing "Named Plaintiffs' Experiences in ORR Custody"). Instead of focusing on the named Plaintiffs, as it must, the Court relied on the generalized statement of a VERA-funded attorney. Order at 21. Ultimately, the Court failed to consider the consequences of its dismissal of the generalized Flores claim and that the named Plaintiffs do not belong to the specific VERA claim.

II. **The Court should reconsider its grant certification of the disability class for failing to consider the proper legal standard.**

For the disability class, the Court failed to consider the proper Rehabilitation Act standard at any point in its Order. It did not do so in addressing the first aspect of its decision—Defendants' motion to dismiss—leading to a material oversight in its analysis of the disability class under Rule 23. Order at 24.

---

[2] This is reinforced by Plaintiffs filings and the Court Order. The FAC's fourth claim for relief—the sole claim on legal representation—states that "As a matter of policy and practice, ORR blocks [VERA]-funded lawyers from representing Plaintiffs. . . ." FAC ¶ 189. The Motion for Class Certification also relied on allegations about VERA-funded attorneys. Mot. for Class Cert. at 11. Indeed, the Court relies solely on the specific allegations that "ORR blocks VERA-funded legal services." Order at 23.

The proposed disability class and the Court's order certifies a class with the incorrect standard. The Rehabilitation Act prohibits discrimination by federally-funded programs "*solely*" on the basis of disability. *See* 29 U.S.C. § 794(a). A plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007). The Ninth Circuit has recognized that the "causal standard for the Rehabilitation Act is even stricter" than the American with Disabilities Act; it "demand[s]" proof that an action was taken "'*solely*' by reason of a [complainant's] disability." *Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1049 (9th Cir. 2009) (quoting 29 U.S.C. § 794(a) (emphasis added)). That failure to recognize the correct standard potentially has far reaching implications in discovery, motions, and subsequent aspects of this case.

Further, the Court failed to identify clearly how any named Plaintiff is an adequate representative. This stems from the Court's broad application of "disability." However, the Ninth Circuit has observed that disability involves many possibilities and each particular disability requires a named Plaintiff. For example, in *Armstrong v. Davis*, the court noted that a disability needs to be linked to a supposed harm to a named Plaintiff—in that case how a supposed action

1  harmed someone with a kidney disability.  275 F.3d 849, 870 (9th Cir. 2001).

2  Plaintiffs' motion for class certification suggests they want a class including those

3  "perceived" to have a disability, which the statute generally allows as one

4  "regarded" to have a disability.  *See* 42 U.S.C. § 12102(1)(C).  Yet, the class

5  definition Plaintiffs proposed did not include that expansion.  *Compare* Mot. for

6  Class Cert. at 16 (asserting class is too numerous due to those with "perceived"

7  disabilities), *with id.* at 13 (defining the class with "perceived").  As such, each

8  named Plaintiff has generally alleged *actual* disability—yet, it is unclear how each

9  named Plaintiff is actually disabled or "otherwise qualified" for a benefit such that

10 they are an adequate representative.  *See Simmons v. Navajo Cty.*, Ariz., 609 F.3d

11 1011, 1021-22 (9th Cir. 2010) (rejecting chain of causation allegations that

12 government actions were motivated by depression); *see also John S. v. Cty. of*

13 *Orange*, 222 F. App'x 582, 583 (9th Cir. 2007) (unpublished) ("Nor was granting

14 summary judgment on the merits error.  Len S. *failed to raise a material fact that*

15 *his conduct and depressive disorders were disabilities* under . . . the Rehabilitation

16 Act.") (emphasis added).  The Court's Order reflects this uncertainty as it only

17 named five of the named Plaintiffs as representatives of this disability class.  *See*

18 Order at 26.  Importantly, while the Court may assume the truth of the pleadings

19 for purposes of a 12(b)(6) motion, in the context of certifying a class, Plaintiffs are

20 obliged to make an affirmative showing.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."). Of course, this they have not done. Consequently, because of the uncertainty of the disability class in light of the Court's failure to apply the proper standard, the Court should reconsider whether the named Plaintiffs are adequate representatives, and should conclude that they are not. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018) (questioning whether a grant of class certification in light of possibility that an outcome would not benefit the class).

### III. The Court should amend its prejudicial and unsupported assertion that Defendants engaged in "transparent attempts to thwart" class.

This Court should amend its discussion on the transitory nature of the claims. The Court should, at a minimum, remove the assertion that Defendants engaged in a "transparent" attempt to moot out the named Plaintiffs. Order at 25. The assertion is both prejudicial and unsupported by meaningful evidence.

The assertion is prejudicial as it suggests that ORR acted with some nefarious purpose. It places ORR in an untenable position: release the children after a lengthy process to find a suitable sponsor or continue to keep them in legal custody lest it be accused of inappropriate actions. Indeed, it ignores that Plaintiffs filed preliminary injunction demanding the release of two of the named Plaintiffs.

1   ECF Nos. 29, 48.  Yet, when ORR finds an appropriate sponsor, ORR is accused

2   of attempting to "thwart" the judicial process.  By accusing Defendants of

3   "transparent" manipulation, the Court prejudiced Defendants by publically

4   suggesting inappropriate behavior.

5       The assertion also lacks objective evidentiary support.  The Court does not

6   point to any direct evidence of some transparent action.  The Court's error appears

7   to stem from its narrow focus on a declaration by James S. de la Cruz.  In a

8   footnote, the Court suggests the declaration does not support the argument that the

9   release process was underway when they were added as named Plaintiffs.  Order at

10  25 n.25.  While the declaration focuses on the UAC's release and not when the

11  process began, the process to find a sponsor did not begin when the named

12  Plaintiffs filed suit.  While Defendants acknowledge that the declaration was their

13  primary support for the process, the Court's narrow focus on the declaration fails

14  to appreciate the lengthy process for all named Plaintiffs.  For example, Plaintiffs

15  state that Sirena P. was placed in ORR's custody on April 14, 2018, and the

16  process began "[s]hortly thereafter."  *See* FAC ¶¶ 7-8.  Further, Plaintiffs asserted

17  that Benjamin F. was placed in legal custody on June 2, 2018, and the process for

18  placement began "immediately."  FAC ¶¶ 86, 88.  While Plaintiffs may not like the

19  purported delay or lack of desired process, they do not deny that the process began

20  well before these named Plaintiffs were added to this action.

1  That understanding would also undermine the Court's perfunctory treatment of Defendants argument on the "transitory" nature of the named Plaintiffs' claims. Order at 25-26 n.25.  Plaintiffs repeatedly complain about their lengthy time in custody, but then the Court finds that time is so short as to be transitory.  That argument and conclusion are at odds, and the Court should reconsider its perfunctory rejection of Defendants' arguments.  At a minimum, the Court should delete the assertion of the prejudicial and unsupported accusation directed at ORR.

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
BRIENA L. STRIPPOLI
Senior Litigation Counsel
BENJAMIN MARK MOSS
Trial Attorney
MARINA STEVENSON
Trial Attorney

   /s/  Andrew B. Insenga
ANDREW B. INSENGA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
Phone:  (202) 305-7816
Fax:  (202) 616-4950
andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS