1  CENTER FOR HUMAN RIGHTS &
   CONSTITUTIONAL LAW
2  CARLOS R. HOLGUIN (90754)
   256 South Occidental Boulevard
3  Los Angeles, CA 90057
   Telephone: (213) 388-8693
4  Email: crholguin@centerforhumanrights.org

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on next page*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN

11

12  LUCAS R., et al.,                    | Case No.  2:18-CV-05741 DMG PLA

13              Plaintiffs,              | **OPPOSITION TO MOTION FOR
                                          RECONSIDERATION OF ORDER
14         v.                             CERTIFYING CLASS**

15  ALEX AZAR, Secretary of U.S.
    Department of Health and Human       | Complaint Filed: June 29, 2018
16  Services; E. SCOTT LLOYD, Director,   | Trial Date: None Set
    Office of Refugee Resettlement of the | Judge: Hon. Dolly M. Gee
17  U.S. Department of Health & Human
    Services,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of
Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
FREYA PITTS (295878)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email:  swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION. .................................................................................... 1

II.   LEGAL STANDARD. .............................................................................. 1

III.  THE COURT DID NOT MANIFESTLY FAIL TO CONSIDER ANY FACT MATERIAL TO CERTIFICATION OF THE LEGAL REPRESENTATION CLASS. ............................................................. 2

IV.  DEFENDANTS PROVIDE NO VALID REASON TO RECONSIDER CERTIFICATION OF THE DISABILITY CLASS. ......... 4

V.   DEFENDANTS' DISAGREEING WITH THE COURT'S VIEW OF THE FACTS REGARDING MOOTNESS IS NOT A VALID GROUND FOR RECONSIDERATION. ...................................................... 7

VI.  CONCLUSION. ....................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001) .................................................................. 3, 5

*Arnott v. U.S. Citizenship & Immigration Servs.,*
   290 F.R.D. 579 (C.D. Cal 2012) ................................................................... 6

*Carroll v. Nakatani,*
   342 F.3d 934 (9th Cir. 2003) ......................................................................... 2

*Defs. of Wildlife v. Browner,*
   909 F. Supp. 1342 (D. Ariz. 1995) ........................................................... 2, 7

*Jennings v. Rodriguez,*
   138 S. Ct. 830 (2018) ...................................................................................... 6

*John S. v. Cty. of Orange,*
   222 F. App'x 582 (9th. Cir. 2007) (unpublished op.) ................................. 6

*Kona Enters. v. Estate of Bishop,*
   229 F.3d 877 (9th Cir. 2000) ......................................................................... 2

*Penk v. Oregon State Bd. of Higher Educ.,*
   816 F.2d 458 (9th Cir. 1987) ......................................................................... 3

*Rodriguez v. RCO Reforesting, Inc.,*
   No. CV 2:16-2523, 2017 WL 2618751 (E.D. Cal. June 16, 2017) ............ 3

*Shapiro v. Midwest Rubber Reclaiming Co.,*
   626 F.2d 63 (8th Cir. 1980) ........................................................................... 3

*Simmons v. Navajo County, Ariz.,*
   609 F.3d 1011 (9th Cir. 2010) ....................................................................... 6

*Sullivan v. Faras-RLS Grp., Ltd.,*
   795 F. Supp. 305 (D. Ariz. 1992) ................................................................. 2

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) ........................................................................................ 6

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Zamani v. Carnes*,
 491 F.3d 990 (9th Cir. 2007) ........................................................................ 8

**Statutes**

6 U.S.C. section 279 ........................................................................................ 5

8 U.S.C. section 1232 ...................................................................................... 5

8 U.S.C. § 1232(c)(5) ...................................................................................... 3

29 U.S.C. § 705 ............................................................................................... 7

29 U.S.C. § 705(9)(B) ..................................................................................... 6

42 U.S.C. § 12102(1): *i.e* .............................................................................. 6

**Other Authorities**

Federal Rule of Civil Procedure
 7(b)(1)(A) .................................................................................................... 2
 23(b)(2) ....................................................................................................... 6

Local Rule
 7-3 ................................................................................................................ 8
 7-18 ...................................................................................................... 1, 4, 7
 7-18(c) .......................................................................................................... 2

Merriam-Webster Dictionary .......................................................................... 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION.

Defendants' motion to reconsider the Court's order of November 2, 2018, certifying this action as a class action, Order (Nov. 2, 2018) [Doc. # 126] ("Nov. 2 Order"), fails to meet the requirements of Local Rule 7-18 and should be denied.

First, Defendants take issue with the definition of the legal representation class, arguing that some imperceptible difference between "block" and "impede" warrants reconsideration. Defendants were on notice that the class could be defined with "impede"—it was used in Plaintiffs' motion and proposed order—and failed to argue it at the proper time. In any case, the Court has discretion when defining the class. This Court's discretion certainly covers the immaterial difference between "block" and "impede."

Second, there is no basis for the Court to reconsider certification of the disability class. Contrary to Defendants' inappropriately raised arguments, the Court properly considered the causal standard applicable under the Rehabilitation Act and assessed the adequacy of the class representatives.

Third, Defendants are not entitled to reconsideration of the Court's finding that Defendants engaged in "transparent attempts" to moot the named Plaintiffs' claims simply because they disagree with it. In any event, removing that finding would make no difference to class certification, and even were it possible for the Court to have failed to consider its own finding, it could not have failed to consider a material fact.

## II. LEGAL STANDARD.

Local Rule 7-18 provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision,

or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Defendants argue neither new nor materially different law or facts; the sole ground for reconsideration available to them is accordingly that set out in L.R. 7-18(c): *i.e.*, that the Court manifestly failed to consider material facts. As movants, Defendants bear the burden of making a manifest showing that the Court failed to consider such facts. *See* Fed. R. Civ. P. 7(b)(1)(A) ("A request for a court order must be made by motion. The motion must: . . . be in writing unless made during a hearing or trial[.]").

Defendants' burden is heavy. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (same). Motions for reconsideration "should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citation omitted); *Sullivan v. Faras-RLS Grp., Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992) (same). Defendants have failed to discharge that burden.

## III. THE COURT DID NOT MANIFESTLY FAIL TO CONSIDER ANY FACT MATERIAL TO CERTIFICATION OF THE LEGAL REPRESENTATION CLASS.

Defendants first fault the Court for using "impede," rather than "block," in defining the class of children to whom ORR unlawfully impedes legal assistance. Motion to Reconsider [Doc. 127-1] ("Motion") at 3. Defendants' argument is meritless.

First, *both* Plaintiffs' motion for class certification and proposed order used "impede," the very term Defendants now contend comes as if a bolt out of the blue. *See* Notice of Mot. for Class Cert. [Doc. # 97] at 2; [Proposed] Order Certifying Class Action [Doc. #97-37] at 1. If Defendants failed to argue against the Court's certifying

a class of children whose legal representation ORR "impedes," it is not because they had no "meaningful opportunity" to do so. Motion at 4.

Second, just how using "impede" amounts to the Court's "re-writing the class definition for Plaintiffs," Motion at 3, is impossible to discern. To "block" means "to hinder the passage, progress, or accomplishment of by or as if by interposing an obstruction." Merriam-Webster Dictionary (Online), *available at* www.merriam-webster.com/dictionary/block (last visited Nov. 29, 2018). To "impede" means "to interfere with or slow the progress of." *Id.*, *available at* www.merriam-webster.com/dictionary/impede (last visited Nov. 29, 2018). For their part, Defendants wholly fail to explain how using "impede" makes any practical difference, much less amounts to "fatal" error, Motion at 4, or an evisceration of "the adversarial process." *Id.* at 3.

Under Rule 23, this Court's "discretion extends to defining the scope of the class." *Shapiro v. Midwest Rubber Reclaiming Co.,* 626 F.2d 63, 71 (8th Cir. 1980); *accord Armstrong v. Davis,* 275 F.3d 849, 871 n. 28 (9th Cir. 2001) (citing *Penk v. Oregon State Bd. of Higher Educ.,* 816 F.2d 458, 467 (9th Cir. 1987)) ("Where appropriate, the district court may redefine the class . . ."). The Court's certifying a class of children whose legal representation ORR impedes is squarely within this discretion. Defendants offer no authority to the contrary.[1]

In all events, the Court's order itself forecloses any possibility that it failed to consider using "block" over "impede." The Court's awareness of both terms is manifest.

---

[1] In *Rodriguez v. RCO Reforesting, Inc.,* No. CV 2:16-2523, 2017 WL 2618751 (E.D. Cal. June 16, 2017); 2017 U.S. Dist. LEXIS 93308 (E.D. Cal. June 16, 2017), the plaintiff's proposed class definition included persons who were not "subjected to defendants' alleged FLSA wage violations." 2017 U.S. Dist. LEXIS 93308 at *6. Given this fundamental defect, the court declined to re-cast the plaintiff's class definition. Here, in contrast, it makes no difference whether ORR "blocks" or "impedes" counsel from representing class members with respect to release, placement, or drugging: whatever material difference there may be between the two words—and there is none— ORR would remain in violation of its obligation to "ensure, to the greatest extent practicable" that children in its custody have legal representation in "legal proceedings or matters." 8 U.S.C. § 1232(c)(5).

*Compare* Nov. 2 Order at 12 ("The FAC identifies several ORR policies and/or practices, which concern (*inter alia*) . . . *blocking* lawyers from representing minors . . ." (emphasis added)), *with id.* at 28 (defining class as children "to whom ORR is impeding or will impede legal assistance . . .").[2]

## IV.   DEFENDANTS PROVIDE NO VALID REASON TO RECONSIDER CERTIFICATION OF THE DISABILITY CLASS.

Defendants' motion to reconsider certification of Plaintiffs' disability class runs afoul of Local Rule 7-18 in three ways: Defendants (i) impermissibly repeat arguments the Court considered in resolving the motion to dismiss; (ii) offer new legal arguments they could have presented in their original briefing, but did not; and (iii) make no showing that the Court manifestly failed to consider material facts presented before its decision.

First, Defendants contend that the Court failed to recognize the proper standard for disability discrimination, rehashing their discussion of the "stricter" causal standard for Rehabilitation Act claims compared with those under the Americans with Disabilities Act. *Compare* Motion at 6 *with* Mot. to Dismiss [Doc. #101-2] at 22-23; *see also* Opp. to Mot. to Dismiss [Doc. #107] at 24-25. Contrary to Defendants' argument, the class certification order articulated the proper legal standard, considered Defendants' argument that Plaintiffs failed to meet this standard, and determined that "Defendants' assertion is flatly contradicted by the FAC's allegations," which "plausibly state a claim that ORR has taken action against alien minors 'solely by reason of' their disabilities." Nov. 2 Order at 16.

Next, Defendants argue that "the Court failed to identify clearly how any named Plaintiff is an adequate representative." Motion at 6. Yet the Court appointed the five

---

[2] Much the same answers Defendants' argument that the Court failed "to consider the impact of its partial grant of Defendants' Motion to Dismiss." Motion at 4. Obviously, the Court itself created the very "fact"—its own ruling—Defendants argue it manifestly failed to consider. That the Court could have failed to "consider" its own ruling is a logical impossibility.

representatives of the disability class Plaintiffs had identified, *compare* Nov. 2 Order at 28 *with* Reply in Support of Mot. for Class Certification [Doc. #114] at 16, after determining they would adequately represent the class. Nov. 2 Order at 24-26. None of Defendants' arguments—all of which they could have presented in opposition to the original class certification motion—calls into question the Court's conclusion that the representatives of the disability class satisfy the requirements of Rule 23(a)(4).

Defendants cite *Armstrong v. Davis*, 275 F.3d 3849, 869-70 (9th Cir. 2001), for the proposition that "each particular disability requires a named Plaintiff," suggesting that Plaintiffs need an individual representative for each distinct disability a class member might have. Motion at 6-7. Not only could Defendants have raised this argument earlier, it is incorrect because *Armstrong* does not reach so far.

In *Armstrong*, the Ninth Circuit, unable to determine from the record what injuries, if any, prisoners or parolees with kidney disabilities might suffer as a result of the challenged conduct, disallowed their inclusion in a class comprising people with dissimilar sight, hearing, learning, developmental, and mobility disabilities absent a named plaintiff with a kidney disability who could represent those claims. 275 F.3d at 869-70. Here, in contrast, the disability class is limited to children with similar behavioral, mental health, intellectual, and/or developmental disabilities, all of whom are injured *in the same way* by ORR's practice of placing them in secure facilities, medium-secure facilities, or RTCs because of their disabilities. *See* Nov. 2 Order at 16, 24.

Defendants also take issue with the purported "expansion" of the disability class to include children with "perceived disabilities," Motion at 7, but this argument rests on a misunderstanding of the statute. Plaintiffs proposed, and the Court certified, a class comprising —

all minors in ORR custody pursuant to 6 U.S.C. section 279 and/or 8 U.S.C. section 1232 . . . who have or will have a behavioral, mental health, intellectual, and/or developmental disability *as defined in 29 U.S.C.*

**OPP. TO MOTION FOR RECONSIDERATION
CASE NO. 2:18-CV-05741 DMG PLA**

1    [section] 705, and who are or will be placed in a secure facility, medium-

2    secure facility, or [RTC] because of such disabilities.

3    Nov. 2 Order at 27-28; Mot. for Class Certification [Doc. #97-1] at 12-13 (emphasis

4    added).

5         29 U.S.C. § 705(9)(B) incorporates the definition of "disability" set out in 42

6    U.S.C. § 12102(1): *i.e.*, "a physical or mental impairment that substantially limits one

7    or more major life activities of such individual"; *or* "a record of such an impairment";

8    *or* being "regarded as having such an impairment." *Id.*  In other words, children who

9    actually have disabilities and children who are perceived to have disabilities are all

10   children with disabilities "*as defined in 29 U.S.C. [section] 705.*"

11        Finally, Defendants suggest that Plaintiffs failed to make an adequate showing

12   that each class representative has a disability and is otherwise qualified for a benefit

13   such that they may serve as adequate class representatives. Motion at 7-8 (citing *Wal-*

14   *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).[3] Yet Defendants have never

15   disputed that "ORR transferred [class representatives] Lucas R., Gabriela N., Sirena P.,

16   and Benjamin F. to Shiloh RTC because of their mental health needs," nor have they

17   ever "contest[ed] that ORR placed Miguel Angel S. in Yolo County Juvenile Detention

18   Center and Shiloh RTC because of his mental health needs." Nov. 2 Order at 24; *see*

19   *also* First Amended Compl. [Doc. #81] ¶¶ 30-31, 33 (Lucas R.), 48, 56 (Miguel Angel

20   S.), 64-65 (Gabriela N.), 81, 83-84 (Sirena P.), 90, 93-95 (Benjamin F.).

21        Given Plaintiffs' uncontested allegations, the Court's certifying the disability

22   class as it did was well within its discretion. *See Arnott v. U.S. Citizenship &*

---

[3] The remaining cases Defendants cite are inapposite. In *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-1022 (9th Cir. 2010), the Ninth Circuit did not reach the question of whether the plaintiff had a disability under the Americans with Disabilities Act, but was instead concerned with the causal link between the alleged disability and the alleged harm.

*John S. v. Cty. of Orange*, 222 F. App'x 582, 583 (9th. Cir. 2007) (unpublished op.), concerns a plaintiff's burden at summary judgment. And the cited discussion in *Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018), speaks to the requirements of Federal Rule of Civil Procedure 23(b)(2), rather than 23(a)(4), concerning adequacy of representation.

OPP. TO MOTION FOR RECONSIDERATION
CASE NO. 2:18-CV-05741 DMG PLA

*Immigration Servs.*, 290 F.R.D. 579, 584 (C.D. Cal 2012) (class certification "committed to the trial court's broad discretion."). Defendants have not and still do not contest that the class representatives each have a disability within the meaning of 29 U.S.C. § 705, or that they were otherwise qualified to benefit from ORR's programs and/or activities as unaccompanied alien children whose placement, care, custody, and release were the responsibility of ORR.

Accordingly, Defendants make no showing that the Court manifestly failed to consider material facts before certifying the disability class and there is no basis for the Court to reconsider its decision.

## V. DEFENDANTS' DISAGREEING WITH THE COURT'S VIEW OF THE FACTS REGARDING MOOTNESS IS NOT A VALID GROUND FOR RECONSIDERATION.

Defendants' final argument for reconsideration does not appear to seek any change in the Court's class certification order at all. Rather, Defendants importune the Court to take back its statement that Defendants sought to moot the claims of the individual named plaintiffs. Motion at 8-10. The greatest contortion could not bring Defendants' argument within the ambit of Local Rule 7-18.

First, the Court's stating a fact cannot possibly amount to a failure to consider that selfsame fact— rather, it bespeaks the polar opposite. As for Defendants' complaint that the Court misinterpreted the Declaration of James de la Cruz [Doc. #123-1], Motion at 9, Defendants do not and could not credibly argue that the Court failed to consider Mr. de la Cruz's declaration. Defendants' disagreeing with the Court's reading of that declaration is not a valid ground for reconsideration. *Defs. of Wildlife v. Browner*, *supra*, 909 F. Supp. at 1351 (reconsideration "should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" (internal citation omitted)).

Second, though they decry the Court's position on mootness as grievously "prejudicial," Defendants nowhere argue that the class certification order itself would have to be amended were the wounding passage removed; it is too late to do so now.

1   Nov. 2 Order at 15 n.15 (quoting *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)

2   ("The district court need not consider arguments raised for the first time in a reply

3   brief.")). If removing a statement would have zero affect on the substance of the Court's

4   order, it could not possibly amount to failure to consider a *material* fact.[4]

5   **VI.   CONCLUSION.**

6          For the foregoing reasons, the Court should deny Defendants' motion for

7   reconsideration.

8   Dated:  December 7, 2018          CENTER FOR HUMAN RIGHTS &
                                       CONSTITUTIONAL LAW
9                                      CARLOS R. HOLGUIN (90754)

10
                                       By: *s/Carlos R. Holguin*
11                                           Carlos R. Holguin (90754)

12

13

14

15

16

17

18

19

20

21

22   _____

23   [4] Defendants also failed to comply with Local Rule 7-3, which requires that "counsel
     contemplating the filing of any motion shall first contact opposing counsel to discuss
     thoroughly, preferably in person, the substance of the contemplated motion and any
24   potential resolution. The conference shall take place at least seven (7) days prior to the
     filing of the motion."

25   By email dated November 9, 2018, Defendants requested to confer, but advised that
     their "assessment is ongoing" and that they had "some concerns about the court's
26   discussion of adequacy and commonality as well as how the court's order articulated
     the classes." Email exchange, Nov. 9–16, 2018, Attachment A. Defendants never
27   articulated "any potential resolution" of their instant motion prior to filing, nor did they
     articulate "the substance of the contemplated motion" until November 16, the same day
28   they filed their instant motion. *Id.*