CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., by his next friend MADELYN R.; DANIELA MARISOL T., by her next friend KATHERINE L.; MIGUEL ANGEL S., by his next friend GERARDO S.; GABRIELA N., by her next friend ISAAC N.; JAIME D., by his next friend REYNA D.; SIRENA P., by her next friend EDUARDO P.; BENJAMIN F., by his next friend ISABELLA F.; SAN FERNANDO VALLEY REFUGEE CHILDREN CENTER, INC.; UNACCOMPANIED CENTRAL AMERICAN REFUGEE EMPOWERMENT,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; E. SCOTT LLOYD, Director, Office of Refugee Resettlement of the U.S. Department of Health & Human Services,<br><br>    Defendants. | Case No.  2:18-CV-05741 DMG PLA<br><br>**JOINT STIPULATION RE PLAINTIFFS' MOTION TO INITIATE DISCOVERY**<br><br>Date:  January 4, 2019<br>Room: 8C<br>Hearing:  9:30 A.M.<br><br>Complaint Filed: June 29, 2018<br>Discovery Cutoff Date: N/A<br>Pretrial Conference Date: N/A<br>Trial Date: None Set<br>Judge: Hon. Dolly M. Gee |

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
       ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
FREYA PITTS (295878)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email:  swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

*Attorneys for Plaintiffs*

## I. PLAINTIFFS' POSITION AND ARGUMENT[1]

Plaintiffs ask this Court for an order immediately commencing discovery, having tried and failed to get Defendants' voluntary agreement to begin normal and necessary discovery as directed by this Court. Despite the Court's Initial Standing Order [ECF Doc. # 17 at 3], directing the parties to actively conduct discovery prior to any Scheduling Conference, Defendants refuse to schedule a Fed. R. Civ. P. 26(f) conference or to otherwise begin the discovery process. Having survived Defendants' efforts to dismiss the operative complaint, Plaintiffs have the right and obligation to begin discovery of the serious allegations contained therein. Accordingly, Plaintiffs respectfully seek this Court's intervention.[2]

The Court's Initial Standing Order [ECF Doc. # 17 at 3] advises the parties to "begin to conduct discovery actively before the Scheduling Conference"; to "comply fully with the letter and spirit of Fed. R. Civ. P. 26(a)"; to "obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery." [ECF Doc. # 17 at 3]. Additionally, according to Fed. R. Civ. P. 26(f), "the parties must confer as soon as practicable." Fed. R. Civ. P. 26(f)(1).

In compliance with the Court's order, Plaintiffs have attempted three times to schedule a Fed. R. Civ. P. 26(f) conference with Defendants so that the parties can

---

[1] Plaintiffs are amenable to have this Motion decided on the papers and are willing to waive oral argument.

[2] Plaintiffs filed an amended complaint on September 7, 2018, alleging that Defendants, the Secretary of the U.S. Department of Health and Human Services and the Director of the Office of Refugee Resettlement ("ORR"), pursued illegal practices relating to the detention of undocumented immigrant or refugee minors in violation of the minors' constitutional and statutory rights. [ECF Doc. # 81.] On November 2, 2018, the Court granted Plaintiffs' Motion for Class Certification. [ECF Doc. # 97.] On November 16, 2018, Defendants filed a Motion for Reconsideration of that order, which is currently pending before the Court. [ECF Doc. # 127-1.] Defendants' deadline to file an Answer is January 4, 2019.

Because this Motion addresses the Court's calendar, in addition to discovery, it is directed to the Hon. Dolly M. Gee. Alternately, Plaintiffs are happy to address these issues with the Hon Mag. Paul. L. Abrams.

immediately commence discovery.  *See* Declaration of Jon Cieslak ("Cieslak Decl.") ¶¶ 2-6.  Defendants have refused, asserting a Rule 26(f) conference would be premature due to their deadline to file an Answer on January 4, 2019, the pendency of Defendants' Motion for Reconsideration with regard to class certification, and the fact that no date has been set for a Scheduling Conference.  *See* Cieslak Decl. Exh. A.

None of these issues will impact Plaintiffs' right to discovery and the Defendants' position is inconsistent with the Initial Standing Order's directive to "actively begin discovery before the Scheduling Conference" and "produce most of what would be produced in the early stage of discovery."  [ECF Doc. #17 at 3.]  Indeed, Defendants' Motion for Reconsideration only addresses elements of the Court's class certification order and Plaintiffs will be entitled to discovery regardless of whether the class is certified.  Similarly, the answer will not alter the allegations in the operative complaint or the allegations therein that outline the fundamental topics for discovery in this action.  Plaintiffs are seeking discovery, for themselves and class members, to address serious constitutional and statutory deprivations due to the government actions alleged in the complaint. [ECF Doc. # 81.]  With the population of children in the government's custody skyrocketing to over 14,000—the highest number in history—and with more than 6,000 children in unlicensed placements, including in tent cities in the desert, it is urgent and crucial that discovery proceed so that this litigation can move forward.

Plaintiffs are respectful of the Court's general practice of setting a Scheduling Conference after Defendants file their Answer.  Plaintiffs are also sensitive to the time constraints during the holiday season and have sought to work cooperatively with counsel for Defendants.  During the parties' meet and confer on December 7, 2018, Plaintiffs made the significant concession of delaying the Fed. R. Civ. P. 26(f) conference until Defendants' preferred date of January 23, 2019, so long as Defendants agreed to allow Plaintiffs to promulgate discovery no later than January 11, 2019.  *See* Cieslak Decl. ¶ 6.  Defendants refused this compromise and insisted

that they could not even begin responding to discovery requests until after the date of the long-awaited Rule 26(f) conference. *Id*.

Plaintiffs filed this case nearly six months ago, and this Court has denied Defendants' efforts to dismiss it. Plaintiffs' counsel have obligations to the named plaintiffs and the class to move forward with discovery. While this Court has granted Defendants' request for additional time to answer, that does not afford Defendants a basis for halting all other aspects of the case. Among other matters, Plaintiffs are increasingly concerned about the egregious delays in releasing children to their sponsors and unlawfully placing children in unlicensed facilities. Promptly obtaining information regarding these and other alarming developments is vital to Plaintiffs' case. Accordingly, Plaintiffs respectfully ask this Court for an order immediately commencing discovery. *See* Fed. R. Civ. P 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except . . . by court order*." Fed. R. Civ. P. 26(d)(1)) (emphasis added).[3]

## II. DEFENDANTS' POSITION AND ARGUMENT

This is a scheduling dispute, not a discovery dispute, and thus Local Rule 37-2 and related rules are not the appropriate vehicle for resolving it. Defendants therefore respectfully decline to join this purported stipulation.

Moreover, the parties have met and conferred and have agreed to conduct their Federal Rule of Civil Procedure 26(f) conference on January 23, 2019, at 10:00 a.m. Pacific time. This means setting a Scheduling Conference "at least 21 days" later. *See* Fed. R. Civ. P. 26(f)(1); *see also* Fed. R. Civ. P. 16.

Defendants also agree that under Rule 26(d)(2), Plaintiffs may deliver early Rule 34 requests. The parties appear to diverge as to the due date for responding to

---

[3] Plaintiffs are also amenable to having a Scheduling Conference on or before January 28, 2019, which would similarly allow for the commencement of discovery in early January.

any such early requests, and as to when discovery may commence in general.

Defendants will have thirty days *from the date of the agreed upon Rule 26(f) conference*—that is Friday, February 22, 2019—to respond to any appropriate early Rule 34 requests. *See* Fed. R. Civ. P. 26(d)(2)(B) ("The [early Rule 34 request] is considered to have been served at the first Rule 26(f) conference.").

To the extent Plaintiffs seek an order setting a Scheduling Conference earlier than twenty-one days after the January 23, 2019 Rule 26(f) conference—and to the extent Plaintiffs seek the immediate initiation of discovery—Defendants oppose any such request as not required by the rules, and as impracticable.[4] Further, any such request must be brought by properly filed motion, not by Local Rule 37 and related rules.

---

[4] Defendants reserve the right to file a separate filing and/or declaration elaborating on and supporting their positions.

|  |  |
|---|---|
| Dated:  December 14, 2018 | CARLOS HOLGUIN<br>Center for Human Rights &<br>Constitutional Law<br><br>SUMMER WYNN<br>MARY KATHRYN KELLEY<br>JON CIESLAK<br>MEGAN DONOHUE<br>Cooley LLP<br><br>HOLLY COOPER<br>CARTER WHITE<br>University of California Davis School of Law<br><br>LEECIA WELCH<br>NEHA DESAI<br>FREYA PITTS<br>CRYSTAL ADAMS<br>National Center for Youth Law<br><br>By: */s/Megan Donohue*<br>        Megan Donohue (266147) |
| Dated:  December 14, 2018 | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division<br>ERNESTO MOLINA<br>Deputy Director<br>BENJAMIN MARK MOSS<br>Trial Attorney<br>MARINA STEVENSON<br>Trial Attorney<br>ANDREW B. INSENGA<br>Trial Attorney<br>Office of Immigration Litigation<br>Civil Division, U.S. Department of Justice<br><br>By: */s/ Benjamin Moss*<br>        Benjamin Mark Moss<br>        Trial Attorney<br>        United States Department of Justice<br>        Attorney for Defendants |

## CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

Dated: December 14, 2018  COOLEY LLP

            */s/Megan Donohue*
            Megan Donohue (266147)

            *Attorneys for Plaintiffs*