# Exhibit A

| | |
|---|---|
| **From:** | Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov> |
| **Sent:** | Friday, December 14, 2018 1:36 PM |
| **To:** | Leecia Welch |
| **Cc:** | Cieslak, Jon; Carlos Holguín; Holly S Cooper; Donohue, Megan; Freya Pitts; Neha Desai; Insenga, Andrew (CIV); Soanes, Sherry (CIV); Stevenson, Marina C. (CIV); Strippoli, Briena (CIV) |
| **Subject:** | RE: Rule 26(f) conference |
| **Attachments:** | Defendants' Position re Initiating of Discovery 2018 12 14.docx |

Hi Leecia,

Thank you for keeping us posted on your plans.  While we do not believe L.R. 37-2.2 and related rules are the proper vehicle for resolving this issue, we have prepared a short statement which we ask you to please include.  Please see attached.

We'd be happy to chat further about any of these issues if you think helpful.

Best wishes,
Ben

--
Benjamin Mark Moss
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044-0878
Telephone: (202) 307-8675
Facsimile: (202) 307-8781
Email:  benjamin.m.moss2@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may contain law enforcement sensitive materials or privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete this e-mail and any attachments.


**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Friday, December 14, 2018 1:08 PM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguin <crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>; Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>
**Subject:** Re: Rule 26(f) conference

Hi Ben,

Thank you for your response.  It appears that your position is unchanged from our meet and confer, as you refuse to initiate your participation in discovery until January 23, 2018.  We continue to disagree, for the reasons described in our draft motion and during the meet and confer.  Under C.D. Cal. Local Rule L.R. 37-2.2, any opposition you would like to offer to our discovery motion is due by the end of the day today.  If you plan on opposing, please provide your argument by 2 p.m. Pacific Time and we will incorporate it and return for your signature.  If we do not receive your opposition by 2 p.m. Pacific Time, we will note as much for the Court and file the Motion today.

Best, Leecia

On Fri, Dec 14, 2018 at 7:41 AM Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov> wrote:

Hi all,

Thanks for chatting with us last week.  We are committed to working with you and to fulfilling our discovery obligations once discovery commences.

It seems to us that what you are asking for is best viewed as a request for a Rule 16(b)(1) scheduling order.  In this case, a scheduling order did not issue within the default time contemplated by Rule 16(b)(2), and has not yet issued.  We assume that the reason a scheduling order has not yet issued is that, as the rules provide, the judge may "find good cause for delay."  Indeed, the 2015 Advisory Committee Notes for Rule 16 contemplate that in cases involving "complex issues, multiple parties, and large organizations, public or private," the normal time for issuing a scheduling order may not suit the needs of the case because extra time is needed for the parties to adequately prepare for a meaningful Rule 26(f) conference.  This case involves complex issues and multiple parties against a large public organization.  Further complicating this litigation is the *Bivens* claim, which requires coordination with the USAO.

That said, to help this case move forward, we would support the issuance of a scheduling order.  Once issued, the scheduling order should trigger a cascade of deadlines which will include steps which will enable discovery to begin.  We propose that we join together in a motion requesting that the court issue a scheduling order.

We looked at your draft filing—thank you for sending that.  We do not view this as a discovery dispute of the type for which that sort of procedure is, in our view, appropriate—a dispute within the discovery process—but rather, a request that the court permit discovery to begin in the first place, which we believe is best accomplished by requesting that a scheduling order be issued.   In light of that, we are disinclined to join you in the draft filing you proposed, but instead we would be happy to join in a motion requesting a scheduling order if that is agreeable.

We believe that a request for a scheduling order should include a request accommodating the timing we discussed for the 26(f) conference. To confirm, in our discussion of possible dates on the phone last Friday, we identified Wednesday, Jan. 23, 2019, and you offered to send confirmation emails / Outlook calendar invitations.

Defendants identified January 23, 2019, as the first realistic date for the 26(f) conference for a variety of practical reasons, some of which include:

- The class-certification reconsideration motion is pending; a ruling could materially impact the scope of discovery;

- Our answer is not due until January; the extent of Defendants' admissions or denials could materially impact the scope of discovery;

- A Rule 16 scheduling order has not yet issued;

- We are obligated to confer with the agency so that we may have a productive conference, but, because HHS is such a large organization, obtaining pre-26(f) information from the agency requires conferring with a variety of people, and personnel schedules around the holidays materially and adversely impact that ability;

- Depending on the scope of Plaintiffs' discovery requests, the process of preserving, collecting, and reviewing documents for responsiveness and privilege is predicted to considerably exceed the agency's current capacity; ample time is needed for the agency to engage adequate additional litigation support resources to handle the anticipated demands of this complex case. While HHS is a large organization, it presently has very limited litigation support resources relative to the high discovery and other litigation demands being placed on it at this time pertaining to ORR's UAC program. Notably, the small 11-person Children Families and Aging Division (CFAD) of the Office of the General Counsel within HHS presently has 30-35 pending litigations challenging UAC issues, ten of which are putative class actions. HHS is already working diligently to put in place additional litigation resources, but those resources are not ready to immediately begin discovery in this case, particularly when the scope of such discovery has not yet been clearly determined; and

- Until the agency's efforts to put into place litigation support resources are complete, we will not be in a position to productively engage with you at the 26(f) conference on important topics such as predicting time needed for discovery, collaborating on search terms and production forms, and the like.

In addition, looking ahead to the 26(f) conference, we wanted to highlight some other things that we view as prerequisites to the parties engaging in discovery, but that we could hopefully work together on to facilitate discovery. In particular, given the children's sensitive personal information involved, we believe there is a need for a protective order, including or as well as a clawback provision under Fed. R. Evid. 502. In addition, given the sensitive health information that is likely to be involved, we also wanted to flag the anticipated need for a HIPAA protective order. We are happy to take the lead on drafting these. Does that sound good? We can send you drafts for your review when ready.

Moreover, while the scope of discovery is broader that what is admissible at trial, under the revised rules, it must be proportional to the needs of the case. We also have to carefully consider the likely costs when drafting a discovery

plan.  This plan will govern the life of this litigation, and therefore, we believe it important to jointly draft a plan that will meets the discovery needs of the litigation, before engaging in discovery.

We believe the topics above are precursors to engaging in a productive 26(f) conference that will enable the efficient, orderly, and amicable conduct of discovery in this case.   For the same reasons, we continue to believe that it would be improper and counterproductive to commence discovery at this time.

That said, if Plaintiffs would like to propound document production requests, interrogatories, and requests for admissions to Defendants in their official capacities before January 23, we would not oppose that as long as Defendants' time for responding would not begin to run until January 23.   Although there are operational limitations on the agency's ability to respond to discovery requests at this time, we believe that knowing what Plaintiffs will be seeking in discovery could help facilitate the efficient production of discovery responses once the agency is equipped to do so.

We know that Plaintiffs are considering filing what is in essence a request to expedite discovery to make Defendants' discovery obligations begin to run earlier than January 23.  As discussed above, we would oppose that motion, and if you file it, we would plan to file a response.  We are hopeful that further dialogue will enable us to resolve this question amicably.

Happy to chat further, and with best wishes,

Ben

--

Benjamin Mark Moss

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation

P.O. Box 878

Ben Franklin Station

Washington, D.C. 20044-0878

Telephone: (202) 307-8675

Facsimile: (202) 307-8781

Email:  benjamin.m.moss2@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may contain law enforcement sensitive materials or privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete this e-mail and any attachments.

**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Friday, December 07, 2018 7:15 PM
**To:** Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>
**Cc:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>; Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>
**Subject:** Re: Rule 26(f) conference

Hi all:

Thanks for taking the time to meet and confer with us today.

We have considered Defendants' position and concluded that we cannot agree to delay discovery for another 7 weeks. I'm attaching a draft of the document we will file with the court seeking a ruling on the parties' discovery dispute  - with a placeholder for Defendants' position. You have until next Friday to provide a response.

We remain open to trying to work this matter out. Please let me know if you think further conversation would be helpful.

Best wishes, Leecia

On Thu, Dec 6, 2018 at 11:33 PM Strippoli, Briena (CIV) <Briena.Strippoli@usdoj.gov> wrote:

  Thank you, Leecia.

Briena L. Strippoli

Senior Litigation Counsel

Office of Immigration Litigation

Civil Division

U.S. Department of Justice

P.O. Box 878, Ben Franklin Station

Washington, D.C. 20044

t. (202) 305-7029

f. (202) 353-7224


**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Friday, December 07, 2018 12:30 AM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>; Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>
**Subject:** Re: Rule 26(f) conference


Hi all:


Here's the information for tomorrow's call at 12 pm pacific/3 pm eastern:

Dial in:                   +1 669 900 6833 (US Toll)
                           +1 646 558 8656 (US Toll)
                           +1 877 853 5257 (US Toll Free)

Meeting ID:            223 434 9745

On Thu, Dec 6, 2018 at 12:33 PM Leecia Welch <lwelch@youthlaw.org> wrote:

HI Ben - The time frame was meant as a range of availability. 3 pm eastern/12 pacific works on our end. I can't imagine the call will last more than 30 minutes.

We understand your position regarding the timing of a Rule 26(f) conference, and we are not suggesting that this call would be one. We want to use the call as an opportunity to meet and confer regarding plaintiffs' intention of moving ahead with discovery.  We intend to seek leave from the court to do so should we not reach an agreement with Defendants on a mutually agreeable timeline.

With the population of children in ORR custody skyrocketing to over 14,000 - the highest number in history - and more than 6,000 children in unlicensed placements - including tent cities in the desert - we view these issues as urgent and intend to seek appropriate discovery as soon as possible.

We look forward to discussing these matters with you.  Thanks, Leecia

On Thu, Dec 6, 2018 at 12:16 PM Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov> wrote:

Hi Leecia,

Thanks for following up.  Yesterday was the national day of mourning, and today we have been trying to coordinate schedules.  Yes, while we believe holding the Rule 26(f) conference would be premature at this point (as noted in our November 28 email), we are available at noon Pacific, 3:00 p.m. Eastern on Friday (tomorrow) to talk about other matters, but not to hold the Rule 26(f) conference.  What topics would you like to cover tomorrow?

Wasn't sure if you meant noon to 2:00 p.m. Pacific as a range of times when we could start the call, or if you anticipated the call lasting 2 hours.  We are available for about an hour tomorrow, and if needed, we can find another time to talk further after that.

What's a good number to reach you tomorrow?  We can request access to a conference line if that would be helpful.

Best wishes,

Ben

--

Benjamin Mark Moss

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation

P.O. Box 878

Ben Franklin Station

Washington, D.C. 20044-0878

Telephone: (202) 307-8675

Facsimile: (202) 307-8781

Email:  benjamin.m.moss2@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may contain law enforcement sensitive materials or privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete this e-mail and any attachments.

**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Thursday, December 06, 2018 2:43 PM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>; Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>
**Subject:** Re: Rule 26(f) conference

Hi Ben- Just checking back in regarding meeting tomorrow. If the proposed time isn't workable, can you please give us another option? Thanks, Leecia

On Wed, Dec 5, 2018 at 10:14 AM Leecia Welch <lwelch@youthlaw.org> wrote:

Hi Ben- Can we aim for Friday from 12-2 pacific? Thanks, Leecia

Enviado desde mi iPhone

El dic. 3, 2018, a la(s) 2:56 p. m., Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov> escribió:

Hi Leecia,

Sure, we are available to chat.  Tomorrow and Thursday we have conflicts, and Wednesday it looks like our office may be closed for the day of mourning.  How does Friday look?

Best wishes,
Ben

--

Benjamin Mark Moss

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation

P.O. Box 878

Ben Franklin Station

Washington, D.C. 20044-0878

Telephone: (202) 307-8675

Facsimile: (202) 307-8781

Email:  benjamin.m.moss2@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may contain law enforcement sensitive materials or privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete this e-mail and any attachments.

**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Monday, December 03, 2018 5:09 PM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.org>;
Holly S Cooper <hscooper@ucdavis.edu>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>;
Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV)
<mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>; Donohue,
Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>; Neha Desai
<ndesai@youthlaw.org>
**Subject:** Re: Rule 26(f) conference

Thanks for the response. Are you all available for a meet and confer call tomorrow between
2-3:30 eastern?

El nov. 28, 2018, a la(s) 12:18 p. m., Moss, Benjamin M. (CIV)
<Benjamin.M.Moss2@usdoj.gov> escribió:

> Dear all,
>
> We hope you had a nice holiday as well.  Thanks for reaching out.
>
> On this message chain on November 16, 2018, we responded to your request for a
> Rule 26(f) conference as being, in our view, premature, and gave as reasons the
> pending motion for reconsideration on class certification, that our answer is not
> due until January, that a Rule 16 scheduling order has not yet issued, and that we
> are obligated to confer with the agency so that we may have a productive
> conference.
>
> As you are aware, Rules 16 and 26 require the parties to discuss among other
> things discovery, amendment of pleadings and joinder deadlines at the 26(f)
> conference.  That discussion will entail discussing a discovery plan, including the
> timing, extent, and scope of discovery.  We will need to discuss the nature and
> basis of the claims and defenses.  Thus, we submit that the motion for
> reconsideration can greatly impact defining the scope of discovery and its limits.
>
> While the scope of discovery is broader that what is admissible at trial, under the
> revised rules, it must be proportional to the needs of the case.  We also have to
> carefully consider the likely costs when drafting a discovery plan.  This plan will

10

govern the life of this litigation, and therefore, we have to draft a plan that will meets the needs of the litigation.  In order to do so, we need time to meaningfully collaborate with agency personnel who can supply the information needed to participate in a 26(f) conference in a useful way.  We see no need to rush into a plan before we obtain clarity from the court on the motion for reconsideration.  In fact, the 2015 Advisory Committee Notes for Rule 16 contemplates that in cases involving "complex issues, multiple parties, and large organizations, public or private," the normal time for issuing a scheduling order may not suit the needs of the case because extra time is needed for the parties to adequately prepare for a meaningful Rule 26(f) conference.  This case involves complex issues and multiple parties against a large public organization.  Further complicating this litigation is the *Bivens* claim, which requires coordination with the USAO.

We do not view this as an issue of entitlement to discovery, but rather as the prudency of the timing you request for a conference given the complex issues and information gathering needed on our part.  This and next week does not work for us.  We are juggling other obligations, and religious observances, and vacations because of the impending holidays.  We have suggested January 2019, as we anticipate that a decision would be rendered on the motion for consideration, and a scheduling order would have issued.

We have every intention of complying with our obligations under the rules and to working with you, and we hope that we will be able to amicably resolve this pre-discovery issue.

Sincerely,
Ben


--

Benjamin Mark Moss

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation

P.O. Box 878

Ben Franklin Station

Washington, D.C. 20044-0878

Telephone: (202) 307-8675

Facsimile: (202) 307-8781

Email: benjamin.m.moss2@usdoj.gov


**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may
contain law enforcement sensitive materials or privileged attorney/client
communications or work product, and is not subject to disclosure. It is solely for the
use of the intended recipients. Unauthorized interception, review, use or disclosure is
prohibited. If you believe that you have received this e-mail in error, please notify the
sender immediately, and permanently delete this e-mail and any attachments.


**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Tuesday, November 27, 2018 6:55 PM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Cieslak, Jon <jcieslak@cooley.com>; Carlos Holguín
<crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>;
Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Soanes, Sherry (CIV)
<ssoanes@CIV.USDOJ.GOV>; Stevenson, Marina C. (CIV)
<mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>;
Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>;
Neha Desai <ndesai@youthlaw.org>
**Subject:** Rule 26(f) conference


Dear Counsel,


Hope you all had a nice holiday.


We are writing again to request that the parties schedule a Rule 26(f) conference.
Under the Court's order, the parties are encouraged "**to begin to conduct
discovery actively before the Scheduling Conference.**" (ECF 17 at 3 (emphasis in
original).) We understand your motion for reconsideration is pending, but we are
entitled to discovery regardless of whether the class is certified. Likewise, your
request for additional time to file an answer has no bearing on plaintiffs'
entitlement to discovery.

Accordingly, please advise us of times later this week or early next week that
Defendants' counsel are available to conduct the Rule 26(f) conference.


Best wishes,
Leecia


On Fri, Nov 16, 2018 at 2:36 PM Soanes, Sherry (CIV)
<Sherry.Soanes@usdoj.gov> wrote:

> Thank you for letting us know.  Under the local rules, today is the last possible day
> to file the motion for reconsideration so we will be filing the motion today for the
> reasons stated in our previous messages.  thanks.

---

**From:** Cieslak, Jon <jcieslak@cooley.com>
**Sent:** Friday, November 16, 2018 1:23 PM
**To:** Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Leecia Welch
<lwelch@youthlaw.org>; Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>;
**Cc:** Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper
<hscooper@ucdavis.edu>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>;
Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Strippoli, Briena (CIV)
<bstrippo@CIV.USDOJ.GOV>; Donohue, Megan <mdonohue@cooley.com>; Freya
Pitts <fpitts@youthlaw.org>
**Subject:** RE: Meet and confer on potential motion to reconsider / clarify re
adequacy, commonality, court's articulation of classes


Sherry,


Unfortunately, Plaintiffs are not available today due to other case
obligations.  Would you please let us know your availability on Monday and
Tuesday of next week, and we can find a time that works?  Thanks.


**Jon Cieslak**

Cooley LLP

---

**From:** Soanes, Sherry (CIV) <Sherry.Soanes@usdoj.gov>
**Sent:** Friday, November 16, 2018 8:14 AM

**To:** Leecia Welch <lwelch@youthlaw.org>; Moss, Benjamin M. (CIV)
<Benjamin.M.Moss2@usdoj.gov>
**Cc:** Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper
<hscooper@ucdavis.edu>; Cieslak, Jon <jcieslak@cooley.com>; Insenga, Andrew
(CIV) <Andrew.Insenga@usdoj.gov>; Stevenson, Marina C. (CIV)
<Marina.C.Stevenson@usdoj.gov>; Strippoli, Briena (CIV)
<Briena.Strippoli@usdoj.gov>; Donohue, Megan <mdonohue@cooley.com>;
Freya Pitts <fpitts@youthlaw.org>
**Subject:** RE: Meet and confer on potential motion to reconsider / clarify re
adequacy, commonality, court's articulation of classes

Good Morning:

We apologize for the delay in responding.  Ben is out today, Andrew, Briena and I
are available today.  How would it work for everyone's schedule for a call after
11am PST (2pm EST) to confer on the motion for reconsideration with regard to
the class certification?   We are focusing on sub classes c-e, the medication, legal
representation and disability classes.

c. who are or will be prescribed or administered one or more psychotropic
medications without procedural safeguards;

d. who are natives of non-contiguous countries and to whom ORR is impeding or
will impede legal assistance in legal matters or proceedings involving their
custody, placement, release, and/or administration of psychotropic drugs (i.e.,
the "legal representation class"); and

e. who have or will have a behavioral, mental health, intellectual, and/or
developmental disability as defined in 29 U.S.C. [section] 705, and who are or will
be placed in a secure facility, medium-secure facility, or [RTC] because of such
disabilities (i.e., the "disability class").

It is our position that the court committed legal error in certifying those sub-
classes.

With regard to a time to confer pursuant to Rule 16 and Rule 26, such a
conference would be premature at this time and we would want to have a
decision on our motion for reconsideration with regard to class certification, and
file our answer before discussing discovery issues as a scheduling has not yet
issued.  We also are obligated to confer with the agency first in order to have a

14

productive conference with you.  Thus, we can set a time for early next year once the court issues her scheduling order.


Sherry


Sherry D. Soanes

Trial Attorney

United States Department of Justice

Civil Division

Office of Immigration Litigation

Liberty Square Building

450 5th Street, N.W. Room 2314

Washington, D.C. 20001

Telephone No.: (202) 532-4108

sherry.soanes@usdoj.gov


This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

**From:** Leecia Welch <lwelch@youthlaw.org>
**Sent:** Wednesday, November 14, 2018 4:48 PM
**To:** Moss, Benjamin M. (CIV) <bmoss@CIV.USDOJ.GOV>
**Cc:** Carlos Holguín <crholguin@centerforhumanrights.org>; Holly S Cooper <hscooper@ucdavis.edu>; Cieslak, Jon <jcieslak@cooley.com>; Insenga, Andrew (CIV) <AInsenga@civ.usdoj.gov>; Stevenson, Marina C. (CIV) <mstevens@CIV.USDOJ.GOV>; Soanes, Sherry (CIV) <ssoanes@CIV.USDOJ.GOV>; Strippoli, Briena (CIV) <bstrippo@CIV.USDOJ.GOV>; Donohue, Megan <mdonohue@cooley.com>; Freya Pitts <fpitts@youthlaw.org>
**Subject:** Re: Meet and confer on potential motion to reconsider / clarify re adequacy, commonality, court's articulation of classes

Hi Ben:

Thanks for checking in with us, and sorry for the delay in responding.

Is there a time tomorrow or Friday that would work for your team to set up a meet and confer call? Also, to make the call most productive, it would be helpful to have a better sense of the bases for your potential motion to reconsider. As I'm sure you're aware, this Court does not look favorably on such motions.

We would also like to schedule a time for a Rule 26(f) conference in late November.

Thanks, Leecia

On Fri, Nov 9, 2018 at 3:35 PM Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov> wrote:

Dear Counsel,

Following up on a call with Jon today, although we anticipate that you will likely be opposed, we wanted to meet and confer and solicit your position on a potential motion to reconsider / clarify Judge Gee's recent order.

Our assessment is ongoing, but we have some concerns about the court's

16

discussion of adequacy and commonality as well as how the court's order articulated the classes.

Today being Friday afternoon on a holiday weekend, perhaps we could further connect by email or phone next week.

Best wishes for a good weekend,
Ben


--

Benjamin Mark Moss

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation

P.O. Box 878

Ben Franklin Station

Washington, D.C. 20044-0878

Telephone: (202) 307-8675

Facsimile: (202) 307-8781

Email:  benjamin.m.moss2@usdoj.gov


**CONFIDENTIALITY NOTICE:** This communication (and any attachments) may contain law enforcement sensitive materials or privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete this e-mail and any attachments.

--

**Leecia Welch** (<u>Pronouns</u>: *she / her / hers*)

**Senior Director, Legal Advocacy and Child Welfare**

National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612

Phone: (510) 835-8098 ext. 3023

Fax: (510) 835-8099

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

--

**Leecia Welch** (<u>Pronouns</u>: *she / her / hers*)

**Senior Director, Legal Advocacy and Child Welfare**

National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612

Phone: (510) 835-8098 ext. 3023



Fax: (510) 835-8099

--

**Leecia Welch** (*Pronouns*: *she / her / hers*)

**Senior Director, Legal Advocacy and Child Welfare**

National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612

Phone: (510) 835-8098 ext. 3023

Fax: (510) 835-8099

  

--

***Leecia Welch** (<ins>Pronouns</ins>: she / her / hers)*

***Senior Director, Legal Advocacy and Child Welfare***

National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612

Phone: (510) 835-8098 ext. 3023

Fax: (510) 835-8099

  

--

***Leecia Welch** (<ins>Pronouns</ins>: she / her / hers)*

***Senior Director, Legal Advocacy and Child Welfare***

National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612

Phone: (510) 835-8098 ext. 3023

Fax: (510) 835-8099

  

--

**Leecia Welch** (<u>Pronouns</u>: *she / her / hers*)
**Senior Director, Legal Advocacy and Child Welfare**
National Center for Youth Law

405 14th Street, 15th Floor, Oakland, CA 94612
Phone: (510) 835-8098 ext. 3023
Fax: (510) 835-8099

