JOSEPH H. HUNT
Assistant Attorney General
United States Department of Justice
Civil Division
ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation
BRIENA L. STRIPPOLI
Senior Litigation Counsel
ANDREW B. INSENGA
Trial Attorney
BENJAMIN MARK MOSS
Trial Attorney
SHERRY D. SOANES
Trial Attorney
MARINA C. STEVENSON
Trial Attorney
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4108
Facsimile: (202) 616-4950
Electronic mail: sherry.soanes@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R. *et al*,<br><br>          Plaintiffs,<br><br>     v.<br><br>ALEX AZAR, Secretary of U.S. Dep't of Health and Human Services, *et al*.,<br><br>          Defendants, | Case No.: 2-18-CV-05741 DMG (PLA)<br><br>Defendants' Supplemental Memorandum Pursuant to L.R. 37-2.3 in Response to Plaintiffs' Motion To Initiate Discovery<br><br>Date:  January 4, 2019<br>Room:  8C<br>Hearing:  9:30AM |

Defendants reserved the right to file a separate filing and/or declaration regarding Plaintiffs' Motion to Initiate Discovery.  ECF No. 131-1 at 6 n.4. Accordingly, to the extent that the Court views this as a discovery dispute and not

a scheduling issue, pursuant to L.R. 37-2.3, Defendants file this supplemental memorandum.

Defendants have repeatedly committed to cooperating in discovery, and have never refused to cooperate in scheduling the Rule 26(f) conference. ECF No. 131-3 at 3-5, 8, 11-12, 15-16 (emails attached to Plaintiffs' counsel's declaration). Indeed, even though no Rule 16(b)(1) scheduling order has issued, Defendants agreed to schedule a Rule 26(f) conference on January 23, 2019. *Id*. Because this case involves complex issues, multiple parties, a *Bivens* claim, a large public organization, and five different subclasses, Defendants need sufficient time to adequately prepare for a meaningful and productive Rule 26(f) conference. ECF No. 131-3 at 3-5, 11-12. This is not unreasonable, as the 2015 Advisory Committee Notes to Rule 16 contemplate this very situation. *See* Rule 16 of the Federal Civil Procedure 2015 Advisory Committee Notes. Regrettably, Plaintiffs have nevertheless insisted on filing this motion.

Defendants have no intention to shirk their discovery obligations. To discharge these obligations, Defendants' counsel must first conduct due diligence and engage in meaningful discussions with agency personnel with knowledge of document retention, production, and review capabilities as well as those with information pertaining to the claims and defenses in this case. *See* Fed. R. Civ. P. 16 & 26 (requiring parties to discuss amendment of pleadings and joinder deadlines, discovery plan, including the timing, extent, and scope of discovery at the 26(f) conference). This task is impeded by the demands placed on scarce agency resources: At this time, the two career agency counsel assigned to this litigation are also responsible for myriad other complex litigation. *See* Declaration of Brian Stimson, Principal Deputy General Counsel, Office of the General Counsel ("OGC"), U.S. Department of Health and Human Services ("HHS"), attached hereto as Exhibit A. In addition to responding to litigation requests, one

of OGC's core missions is to serve as in-house counsel for HHS's Administration for Children and Families and Community Living. This entails advising at least fifteen different program offices. *See* Decl. at 2-3. Currently, there are at least 25 pending cases involving unaccompanied alien minors, ten of which are putative or certified class actions. *Id*. at 4. While HHS is working diligently to add more resources, at this time personnel are stretched, and counsel's ability to prepare for and engage in discovery before January 23, 2019 are limited. *See id*. at 4-5.

Moreover, additional factors make engaging in discovery impractical before the January 23, 2019 Rule 26(f) conference:

- Until the agency's efforts to put litigation support resources in place are complete, Defendants' counsel will not be in a position to productively discuss with Plaintiffs important topics such as predicting the time needed for discovery, collaborating on search terms and production forms, and the like;
- A motion to reconsider the Court's class-certification order is pending, and resolution of this motion could materially impact the scope of discovery;
- Defendants' Rule 7(a)(2) answer is pending, and the extent of Defendants' admissions or denials could materially impact the scope of discovery;
- Given sensitive health and other personal information likely to be sought in discovery, appropriate protective orders are necessary before Defendants can make certain discovery disclosures. Defendants offered to prepare draft proposed protective orders, and Plaintiffs' counsel have not yet responded to that offer.

ECF No. 131-3 at 4-5.

These and other factors illustrate that, notwithstanding the Court's standing order urging the parties to "begin to conduct discovery actively before the Scheduling Conference," Initial Standing Order, Jul. 7, 2018, ECF 17 at 3, under

the circumstances of this case, engaging in discovery before the January 23, 2019 Rule 26(f) conference occurs would be not only premature, but impracticable. Thus, good cause supported the Court's decision not to issue a scheduling order within the default time contemplated by the rules. *See* Fed. R. Civ. P. 16(b)(2) (for good cause, Court need not issue scheduling order within default time).[1]

## CONCLUSION

Defendants look forward to working with Plaintiffs to orderly, efficiently, and amicably fulfil their discovery obligations once discovery commences. To that end, Defendants ask that the Court issue a scheduling order. As the Court contemplates such an order, Defendants respectfully request that the Court take into consideration the unavailability of key personnel during the intervening holidays and the current burdens on the agency, and:

1. schedule the Rule 16 conference no earlier than February 13, 2019; and
2. deny Plaintiffs' request that discovery commence before the January 23, 2019 Rule 26(f) conference.

---

[1] Regardless, especially when weighed against the considerable burdens on HHS if discovery were to start immediately and without the benefit of necessary planning through the Rule 26(f) process, Plaintiffs fail to show good cause for expedited discovery. "A party *may not* seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by Court order." Fed. R. Civ. P. 26(d)(1) (emphasis supplied). "Expedited discovery is not the norm. Plaintiffs must make some *prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). For instance, the circumstances Plaintiffs refer to (alleging "tent cities in the desert"), ECF. 131-1 at 2, go beyond the classes certified in this case and do not justify putting the cart before the horse. *See* ECF 126 at 27-28.

                              Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
United States Department of Justice
ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation
BRIENA L. STRIPPOLI
Senior Litigation Counsel
ANDREW B. INSENGA
Trial Attorney
SHERRY D. SOANES
Trial Attorney
MARINA C. STEVENSON
Trial Attorney

      /s/ Benjamin Mark Moss
BENJAMIN MARK MOSS
Trial Attorney
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-8675
Facsimile: (202) 307-8781
benjamin.m.moss2@usdoj.gov

Dated: December 17, 2018   Attorneys for Defendants