1 | JOSEPH H. HUNT
Assistant Attorney General
2 | Civil Division
ERNESTO H. MOLINA, JR.
3 | Deputy Director
BRIENA L. STRIPPOLI
4 | Senior Litigation Counsel
BENJAMIN MARK MOSS
5 | Trial Attorney
MARINA STEVENSON
6 | Trial Attorney
ANDREW B. INSENGA
7 | Trial Attorney
Office of Immigration Litigation
8 | U.S. Department of Justice - Civil Division
    P.O. Box 878
9 |   Ben Franklin Station
    Washington, DC 20044
10 |  Phone: (202) 305-7816
    Fax:   (202) 616-4950
11 |  andrew.insenga@usdoj.gov
Attorneys for DEFENDANTS

12

UNITED STATES DISTRICT COURT

13 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 |                                    ) Case No.: 2:18-CV-05741
LUCAS R., et al.,                       )
15 | Plaintiffs,                         ) MOTION TO RECONSIDER
                                        )
16 |        vs.                          ) Hearing on Motion:
                                        ) WAIVED PER COURT ORDER
17 | ALEX AZAR, Secretary of U.S. Dep't of )
Health and Human Services, et al.,      ) Honorable Judge Dolly Gee
18 | Defendants                          )
                                        )
19 | _____    )

20

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER

1

## **ARGUMENT**

2    Defendants respond to a footnote in Plaintiffs' response to the motion for

3    reconsideration.  On the substance of the motion for reconsideration, the previously

4    filed memorandum adequately reflects the substance of Defendants' position.

5    Plaintiffs' footnote argues that Defendants failed to properly meet and

6    confer under Local Rule 7-3.  *See* Plaintiffs' Opp. to Mot. for Recon. 8 n.4.  That

7    Rule states that the party contemplating a motion "shall first contact opposing

8    counsel" to discuss various matters.  Local Rule 7-3.  Defendants satisfied the rule.

9    Defendants "contact[ed]" Plaintiffs' counsel by phone and email to discuss the

10   motion; Plaintiffs do not deny that.  However, Plaintiffs—who are represented by

11   several attorneys—were unable to confer.  Apportioning blame to Defendants

12   when Plaintiffs' counsel were unable to meet is misplaced.

13   Indeed, the footnote ignores stipulated facts.  On November 20, 2018,

14   Plaintiffs filed a Joint Stipulation on behalf of the parties to change the briefing

15   schedule.  That Joint Stipulation states:   "*Despite diligent efforts by both Plaintiffs*

16   *and Defendants*, the Parties were unable to meet and confer prior to Defendants

17   filing their Motion. . . ."  *See* Joint Stipulation at ¶ 2, ECF No. 128 (emphasis

18   added).  The parties' accurate stipulation speaks for itself:  The parties attempted to

19   confer.  Thus, the Court should not deny the motion on that basis and should

20   reconsider its prior order for the reasons in the motion.

1  JOSEPH H. HUNT
   Assistant Attorney General
2  Civil Division
   ERNESTO H. MOLINA, JR.
3  Deputy Director
   BRIENA L. STRIPPOLI
4  Senior Litigation Counsel
   BENJAMIN MARK MOSS
5  Trial Attorney
   MARINA STEVENSON
6  Trial Attorney

7      /s/  Andrew B. Insenga
   ANDREW B. INSENGA
8  Trial Attorney
   Office of Immigration Litigation
9  Civil Division
   U.S. Department of Justice
10 P.O. Box 878
   Ben Franklin Station
11 Washington, DC 20044
   Phone:  (202) 305-7816
12 Fax:  (202) 616-4950
   andrew.insenga@usdoj.gov
13 Attorneys for DEFENDANTS
   December 21, 2018
14

15

16

17

18

19

20