UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5741-DMG (PLAx)** | Date | December 27, 2018 |
|---|---|---|---|

| Title | _**Lucas R., et al. v. Alex Azar, et al.**_ | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER DENYING PLAINTIFF'S MOTION TO INITIATE DISCOVERY [131]**

On December 14, 2018, Plaintiffs filed a "Motion to Initiate Discovery" pursuant to Federal Rule of Civil Procedure 26(d)(1), which seeks an order permitting Plaintiffs to conduct discovery even though a scheduling order has not yet been issued.  [Doc. # 131.]   On December 17, 2018, Defendants filed a Supplemental Memorandum in Response to Plaintiffs' Motion.  [Doc. # 132.]

The Court may grant leave to conduct the early discovery Plaintiffs request "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  _See Semitool, Inc. v. Tokyo Electron Am., Inc._, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  These factors do not weigh in favor of granting Plaintiffs' request for early discovery, absent a stipulation between the parties to do so.  As a practical matter, considering the intervening holidays, the government shut-down, the January 4, 2019 hearing date on this motion, the Court's practice of issuing an order setting a scheduling conference immediately after the filing of Defendants' Answer, and the parties' own stipulation that they will conduct their Rule 26(f) conference on January 23, 2019, a due date of February 22, 2019 for Defendants' response to Plaintiffs' discovery requests is not unreasonable, especially since Plaintiffs have not made a particularized showing why the brief delay would cause them harm. Additionally, because Plaintiffs have not identified with any specificity the scope of the early discovery that they seek, Defendants may very well need to "engage . . . additional litigation support resources to handle the anticipated demands of this complex case" before they can properly respond to Plaintiffs' discovery requests.  _See_ Cieslak Decl., Ex. A at 4 (email correspondence from Defense Counsel) [Doc. # 131-1].   Accordingly, the Court **DENIES** Plaintiffs' Motion and **VACATES** the January 4, 2019 hearing.

**IT IS SO ORDERED**.