UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741 DMG (PLAx) | Date | December 27, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION [127]**

On November 2, 2018, the Court held a hearing on Defendants' Motion to Dismiss the First Amended Complaint and Plaintiffs' Motion for Class Certification, wherein both sides submitted on a tentative ruling that would have granted in part and denied in part Defendants' Motion to Dismiss and granted Plaintiffs' Motion for Class Certification. [Doc. # 125.] Later that day, the Court issued an Order that was nearly identical to the tentative ruling ("November 2, 2018 Order").[1] [Doc. # 126.] On November 16, 2018, Defendants filed a Motion for Reconsideration of the November 2, 2018 Order ("MFR"). [Doc. # 127.] The MFR has since been fully briefed. [Doc. ## 130, 134.] For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MFR, and concurrently **ISSUES** an amended version of the November 2, 2018 Order.

Under Local Rule 7-18, a party may seek reconsideration "only on the grounds of (a) a material difference in fact or law from that presented to the court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision, or (b) the emergence of new material facts or a change of law occurring after the time of the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before the decision." C.D. Cal. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* "Whether to grant a motion for

---

[1] At the hearing, Defense Counsel requested only two changes to the tentative ruling: (1) a provision affording Defendants 60 days to file an Answer to the First Amended Complaint, and (2) the inclusion of a citation to James S. De La Cruz's Supplemental Declaration. The Court granted the first request and denied the second request as moot because the tentative ruling already cited the De La Cruz Supplemental Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-5741 DMG (PLAx)** | Date | December 27, 2018 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 2 of 5 |

reconsideration under Local Rule 7-18 is a matter within the court's discretion."[2]  *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

Defendants claim that the November 2, 2018 Order erred in certifying the legal representation and disability classes and in concluding that the Office of Refugee Resettlement ("ORR") engaged in "transparent attempts to thwart" class certification.  *See* MFR at 3–11.[3]  With one minor exception, Defendants' arguments are without merit.[4]

First, Defendants argue that the Court changed Plaintiffs' proposed definition of the legal representation class, thereby denying them a "meaningful opportunity to respond to the newly created class definition."  *See id.* at 4–5.  The formulations of the proposed class definition in Plaintiffs' First Amended Complaint and their Memorandum of Points and Authorities differ slightly from the disability class's definition (*i.e.*, these definitions used the term "block" instead of "impede").  *Compare* First Am. Compl. at ¶ 96.d [Doc. # 81], *and* Pls.' Mem. of P. & A. re Class Cert. at 23 [Doc. # 97-1], *with* Nov. 2, 2018 Order at 27–28.  Nonetheless, the proposed class definition in Plaintiffs' Notice of Motion and in the Proposed Order read as follows:  "All children in the custody of [ORR] pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232 . . . who are natives of non-contiguous countries and to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs."  Notice of Mot. for Class Cert. at 2 [Doc. # 97]; Proposed Order at 2 [Doc. # 97-38].  The November 2, 2018 Order utilized that class definition verbatim.  *See* Nov. 2, 2018 Order at 27–28.  Defendants therefore had fair notice of the class definition that the Court ultimately adopted.  Defendants also contend that the legal representation class definition is too broad because Plaintiffs' Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") claims concern only ORR's interference with Vera-funded attorneys, and not the agency's attempts to obstruct class members' access to other providers of legal assistance.  *See* MFR at 5–6.  But Plaintiffs' uncontroverted evidence shows that "there are *few* free legal

---

[2] Defendants claim that reconsideration is appropriate under Federal Rule of Civil Procedure 59(e).  *See* MFR at 2.  That Rule is inapplicable because it concerns only motions to alter or amend judgments, and the November 2, 2018 Order did not enter judgment in favor of any party.

[3] All page references herein are to page numbers inserted by the CM/ECF system.

[4] Plaintiffs claim that the instant MFR should be denied because Defendants failed to adequately meet and confer with them prior to filing it.  *See* Opp'n at 13 n.4.  According to the parties' joint stipulation, "[d]espite diligent efforts by both Plaintiffs and Defendants, the [p]arties were unable to meet and confer prior to Defendants filing their Motion to Reconsider on November 16, 2018."  *See* Jt. Stip. at 4 [Doc. # 128].  Although the Court would have preferred that the parties meet and confer in compliance with Local Rule 7-3 prior to the filing of the MFR, it exercises its discretion to decide the motion on its merits as it already has been fully briefed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741 DMG (PLAx) | Date | December 27, 2018 |
| Title | Lucas R., et al. v. Alex Azar, et al. | Page | 3 of 5 |

services available to minors in ORR custody *other than* Vera-funded providers . . . ." *See* Nov. 2, 2018 Order at 21 (emphasis added). Defendants do not identify any other free legal service providers available to the legal representation class members, nor have Plaintiffs contended that Defendants impeded their access to these providers. Thus, the record shows that the legal representation class's definition is not overbroad.[5]

      Second, Defendants contend that the Court should reconsider its appointment of Lucas R., Miguel Angel S., Gabriela N., Sirena P., and Benjamin F. as representatives of the disability class because "it is unclear how each [of them] is actually disabled or 'otherwise qualified' for a benefit such that they are . . . adequate class representative[s]." *See* MFR at 7–8. At the class certification stage, Defendants did not contest the fact that all five class representatives had been transferred to Shiloh RTC because of their mental health needs, *see* Nov. 2, 2018 Order at 24, which ORR considers to be a restrictive setting, *see* Pls.' Mot. for Class Cert., Ex. 4 at 1 (Notice of Placement in Restrictive Setting) [Doc. # 97-7]. Nor did they contest Plaintiffs' assertion that ORR has a policy or practice of placing children "who have or are perceived to have a behavioral, mental health, intellectual, and/or developmental disability . . . in secure, medium secure and psychiatric facilities, *instead of the most appropriate setting for their needs*, thereby further prolonging their detention due to heightened administrative barriers to release from such facilities." *See* Pls.' Mem. of P. & A. re Class Cert. at 12 (emphasis added) [Doc. # 97-1]; *see also id.* at 21 (advancing the uncontested assertion that, "[a]s a matter of policy and practice, ORR steps up children who need mental health services and supports, or whom staff believe need such services and supports, to more restrictive placements, including children who require services *that could be provided effectively in a shelter setting*" (emphasis added)). Further, Lucas R., Miguel Angel S., Gabriela N., Sirena P., and Benjamin F. are adequate class representatives because the undisputed facts show that they were subjected to the same aforementioned policy or practice as the absent class members, even though the precise circumstances under which they suffered their respective injuries may differ (*e.g.*, their particular perceived or actual disabilities, the precise settings that are more appropriate for their respective needs). *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) ("[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.") (quoting *Hanlon v. Chrysler*

---

[5] Defendants also revive their argument that Plaintiffs are not adequate representatives of this class because "[n]one [of them] alleged they were blocked access to VERA-funded counsel." *See* MFR at 6. Defendants offer no reason for the Court to revisit its rejection of that argument. *See id.*; Nov. 2, 2018 Order at 24 ("ORR's alleged policy or practice of discouraging [Vera-funded legal] programs from taking any legal action against the agency by its very nature inflicts a systemic injury—*i.e.*, it deprives detained minors of an opportunity to challenge placement, detention, and medication decisions. Whether any of the Individual Plaintiffs were subjectively aware of that fact is beside the point.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741 DMG (PLAx) | Date | December 27, 2018 |
| Title | Lucas R., et al. v. Alex Azar, et al. | Page | 4 of 5 |

*Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998))). Further, Defendants' failure to raise this issue in their briefing or in response to the Court's tentative ruling is an adequate independent reason to reject this belated argument.

  Defendants do correctly point out, however, that the November 2, 2018 Order defined the disability class using the Americans with Disabilities Act ("ADA") legal standard instead of the narrower Rehabilitation Act test. *See* MFR at 6–7. The Ninth Circuit has held that "[t]he causal standard for the Rehabilitation Act is even stricter" than that employed by the ADA, given that the Rehabilitation Act calls for a showing that the plaintiff "was denied services '*solely by reason of*' [his or] her disability." *See Estate of Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1049 (9th Cir. 2009) (emphasis added) (quoting 29 U.S.C. § 794(a)). The November 2, 2018 Order did not restrict the scope of the disability class such that it encompassed only class members who satisfy the Rehabilitation Act standard. *See* Nov. 9, 2018 Order at 28 (certifying a class comprised of children "who have or will have a behavioral, mental health, intellectual, and/or developmental disability as defined in 29 U.S.C. [section] 705, and who are or will be placed in a secure facility, medium-secure facility, or [RTC] because of such disabilities" (emphasis added) (alteration in original)). Thus, the Court shall modify the class definition accordingly. This modification does not undermine the class representatives' adequacy, because Defendants admitted that a child is placed in an RTC if he or she "require[s] intensive mental health services which cannot be provided on an outpatient basis[.]" *See id.* at 19 (quoting Opp'n re Mot. for Class Cert. at 20 [Doc. # 106]).

  Lastly, Defendants challenge the Court's finding that they transparently attempted to thwart class certification by releasing all of the Individual Plaintiffs before the November 2, 2018 hearing. *See* MFR at 9–11. As explained in the November 2, 2018 Order, none of the Individual Plaintiffs were released until after they were named as parties in the First Amended Complaint. Nov. 2, 2018 Order at 25. Defendants later released Lucas R., Sirena P., and Benjamin F. and *sought to benefit from that decision* by arguing that their claims were moot. *See id.* Then, *the night before the hearing on the motion*, Defendants informed the Court that they released *all* of the other Individual Plaintiffs. *See* De La Cruz Suppl. Decl. at ¶¶ 3, 6–8 [Doc. # 123-1]. The only explanation Defendants provide for these supposed coincidences is that the process for securing Sirena P.'s and Benjamin F.'s release began shortly after they were detained in April and June 2018, respectively.[6] *See* MFR at 10. Defendants have thus failed to show that they would have released the Individual Plaintiffs even if they had not been joined to this class action suit. And there is no inconsistency between the Individual Plaintiffs' complaints

---

[6] Defendants also point out that Lucas R. and Gabriela N. had moved for their immediate release from ORR custody. *See* MFR at 9–10. The Court ultimately denied these *opposed* motions. [Doc. ## 79, 82.] Therefore, these motions had no apparent bearing on Defendants' own decision to finally release these two Plaintiffs.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741 DMG (PLAx) | Date | December 27, 2018 |
|---|---|---|---|
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 5 of 5 |

regarding their lengthy time in custody and the Court's finding that their claims are inherently transitory. *See* Nov. 2, 2018 Order at 25 ("The Ninth Circuit has held that 'a named plaintiff's claim is "transitory in nature and may otherwise evade review"' *if a defendant employs a 'tactic of "picking off" lead plaintiffs to avoid a class action*.'" (emphasis added) (quoting *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1143 (9th Cir. 2016))).

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MFR, and concurrently **ISSUES** an amended version of the November 2, 2018 Order.

**IT IS SO ORDERED**.