1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  DAVID PINCHAS (Cal. Bar No. 130751)
   Assistant United States Attorney
6         Federal Building, Suite 7516
          300 North Los Angeles Street
7         Los Angeles, California 90012
          Telephone: (213) 894-2920
8         Facsimile: (213) 894-7819
          E-mail: David.Pinchas@usdoj.gov
9
   Attorneys for Defendant Scott Lloyd, sued
10 in his individual capacity as an officer
   of the United States
11
12              UNITED STATES DISTRICT COURT
13         FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                   WESTERN DIVISION

| | |
|---|---|
| 15  LUCAS R., et al, | No. CV 2:18-cv-05741 DMG (PLA) |
| 16         Plaintiff, | ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL |
| 17         v. | |
| 18  ALEX AZAR, Secretary of the U.S. Dep't of Health and Human Services, et al. | |
| 19 | |
| 20         Defendants | |

21
22
23
24
25
26
27
28

Defendant E. Scott Lloyd, former Director of the Office of Refugee Resettlement ("ORR") of the United States Department of Health and Human Services sued in his individual capacity ("Defendant"), hereby responds to Plaintiffs' First Amended Complaint.

1.    The legal conclusions in Paragraph one should not require a response, and the statutes referenced speak for themselves.  To the extent this Paragraph contains any factual allegations, Defendant denies the allegations.

2.    With respect to Paragraph two, Defendant admits that Plaintiffs were in ORR's custody, and that by law unaccompanied alien children are referred to the agency's care.  Defendant presently lacks information and knowledge sufficient to determine whether Plaintiffs have applied for asylum.  The remaining allegations in Paragraph two constitute legal conclusions that should not require a response.  To the extent a response is deemed necessary, Defendant further avers that the terms of Flores Settlement speaks for themselves.

3.    Paragraph three consists of legal conclusions that should not require a response.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement and TVPRA speak for themselves.

4.    Paragraph four contains legal conclusions that should not require a response.  To the extent a response is deemed necessary, Defendant denies that ORR violated the Flores Settlement Agreement, the TVPRA, the Due Process Clause of the Fifth Amendment of the U.S. Constitution, the Freedom of Association Clause of the First Amendment to the U.S. Constitution, and Section 504 of the Rehabilitation Act of 1973.

5.    Paragraph five contains Plaintiffs' description of their action and, as such, should not require a response.  To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to any relief against him whatsoever.

6.    Paragraph six consists of legal conclusions that should not require a response.  To the extent a response is deemed necessary, Defendant denies that the Court

1

1    has subject matter jurisdiction over the claims against him.

2    7.    Paragraph seven consists of legal conclusions that should not require a

3    response.  To the extent a response is deemed necessary, Defendant responds that

4    Plaintiffs' claims for declaratory relief have no application to him.

5    8.    Paragraph 8 consists of legal conclusions that should not require a response.

6    To the extent a response is deemed necessary, Defendant denies that venue is proper as

7    to him.

8    9.    Paragraph nine contains legal conclusions that should not require a

9    response, and the Flores Settlement Agreement and the Administrative Procedure Act

10   speak for themselves.  To the extent a response is deemed necessary, Defendant denies

11   that Plaintiffs have a private right of action against him under these statutes.

12   10.  Defendant lacks sufficient information and knowledge in his individual

13   capacity to determine the truth of the allegations of Paragraphs 10-20, and on that basis,

14   denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a

15   response to these Paragraphs.

16   11.    With respect to Paragraph 21, Defendant admits that Alex Azar is the

17   Secretary of HHS and that he is sued in his official capacity.  The remaining legal

18   conclusions should not require a response.  To the extent a response is deemed

19   necessary, Defendant responds that the terms of 6 U.S.C. § 279 speak for themselves and

20   are the best evidence of their contents.

21   12.    With respect to Paragraph 22, Defendant denies that he is the Director of

22   ORR.  Rather, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jonathan

23   H. Hayes, Acting Director of the Office of Refugee Resettlement, in his official capacity,

24   is automatically substituted as a defendant Director of ORR.   The remaining legal

25   conclusions should not require a response.  To the extent that a response is deemed

26   necessary, Defendant denies that he is liable in any way to Plaintiffs.

27   13.    With respect to Paragraph 23, Defendant denies that he breached any duties

28   in pursuing the policies and practices challenged in this Amended Complaint.

14.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 24-36, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

15.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 37-46, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

16.     Defendant lacks sufficient information in his individual capacity to determine the truth of the allegations of Paragraphs 47-58, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

17.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 59-69, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

18.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 70-77 and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

19.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 78-85, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

20.     Defendant lacks sufficient information and knowledge in his individual capacity to determine the truth of the allegations of Paragraphs 86-95, and on that basis, denies the allegations.  Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

21.     Plaintiffs allegations in Paragraphs 96-101 concern Plaintiffs' class action which relates to Defendants other than Defendant.  Therefore, Defendant directs Plaintiffs to the answer of Secretary Azar, for a response to these Paragraphs.

22.     Defendant presently lacks information and knowledge sufficient to determine the truth of the allegations of Paragraph 102 and on that basis, denies the allegations, except that Defendant specifically denies that children held in government custody apart from their primary caregivers always suffer profound and long-lasting injuries.

23.     Paragraph 103 consists of legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement speak for themselves and are the best evidence of their contents.

24.     Paragraph 104 consists of legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the TVPRA speak for themselves and are the best evidence of their contents.

25.     Paragraph 105 consists of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the cited authorities speak for themselves and are the best evidence of their contents.

26.     Paragraph 106 consists of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant denies he violated Plaintiffs' liberty rights.

27.     Paragraph 107 consists of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant denies he violated Plaintiffs' rights.

28.     Defendant denies the allegations of Paragraph 108.

29.     With respect to Paragraph 109, Defendant admits that the ORR Policy Guide was issued without notice and comment and does not appear in the Federal Register.  Defendant denies the allegation that when ORR believes proposed custodians

4

may be suitable sponsors, ORR affords Plaintiffs and their proposed class members little or no procedural protections against prolonged custody.  Defendant further denies that ORR's procedures for vetting detained children's parents or other proposed custodians are "nominal."  Defendant also denies the implication that the decision makers exercised a lack of neutrality.  With respect to ORR's procedures for vetting detained children's parents or other proposed custodians, Defendant admits that there is no absolute time frame regarding suitability of potential custodians as each case is based on its unique facts, but avers that its release procedures contain explicit timeframes for parts of the release process.  Defendant further denies the implication that the decision makers exercised a lack of neutrality. Defendant denies the remaining allegations of this Paragraph.

30.    Paragraph 110 consists of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant presently lacks information and knowledge sufficient to determine the truth of the allegations in this Paragraph, and on that basis, denies the allegations.

31.    With respect to Paragraph 111, the phrase "a neutral and detached decisionmaker under defined and consistent legal standards" is a legal conclusion to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the implication that the decision makers exercised a lack of neutrality and denies that the decision makers did not follow "consistent legal standards." Defendant admits that ORR provides for a formal appeals process before the Assistant Secretary when the denied sponsor is a parent or legal guardian, but does not provide the same formal appeal for non-parental/guardian potential sponsors.  Defendant further admits that ORR does not appoint and fund counsel or guardians ad litem for children in custody for such hearings, but avers that Child Advocates are appointed in some cases to submit independent recommendations to ORR, based on the children's best interests. Defendant denies the remaining allegations of this Paragraph.

//

5

32.     Defendant denies the allegations of Paragraph 112.

33.     Defendant denies the allegations of Paragraph 113.

34.     Defendant denies the allegations of Paragraph 114.

35.     Defendant denies the allegations of Paragraph 115.

36.     Defendant denies the allegations of Paragraph 116.

37.     The allegations in paragraph 117 consist of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement speak for themselves and are the best evidence of their contents.

38.     The allegations in paragraph 118 consist of legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of TVPRA speak for themselves and are the best evidence of their contents.

39.     The allegations in paragraph 119 consist of legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of TVPRA speak for themselves and are the best evidence of their contents.

40.     Paragraph 120 contains legal conclusions and argument cast as fact to which no response should be required.  To the extent a response is deemed necessary, Defendant presently lacks information and knowledge and knowledge sufficient to determine the truth of the allegations Paragraph 120, and on that basis, denies the allegations except that Defendant specifically denies that ORR incarcerates children, or that it does so "needlessly."

41.     Defendant lacks sufficient information and knowledge to determine the truth of the allegations in the first sentence of paragraph 121.  The remainder of the allegations of this Paragraph contain argument cast in the form of facts, and should not require a response.  To the extent a response is deemed necessary, Defendant admits that ORR often places children with "the greatest mental health needs" in RTC facilities in

6

which children so placed have been determined by a licensed psychiatrist or psychologist to pose a risk of harm to self or others and denies the remaining allegations of this Paragraph.

42.     The allegations in Paragraph 122 contain legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant denies that he violated Plaintiffs' Constitutional rights.

43.     Paragraph 123 consists of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant admits that ORR's criteria for placement are not found in the Federal Register but are found on the ORR website.  Defendant denies the remaining allegations of this Paragraph.

44.      With respect to Paragraph 124, Defendant admits that sections 1.1-1.4 of the ORR Policy Guide contain policies regarding placement of unaccompanied alien children and how they may administratively challenge a placement, and that section 2.9 of the Policy Guide contains provisions for judicial review of certain placements. Defendant denies the remaining allegations of this Paragraph.

44.     Paragraph 125 contains legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement are the best evidence of their contents and denies the remaining allegations of this Paragraph.

46.     Defendant lacks information and knowledge sufficient to determine the truth of the allegations of Paragraph 126, and on that basis, denies the allegations.

47.     Paragraph 127 contains legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph.

48.     Defendant denies the allegations of Paragraph 128.

49.     Paragraph 129 contains argument cast in the form of factual allegations to which no response should be required.  To the extent a response is deemed necessary,

7

Defendant denies that dangerous children were unnecessarily detained and avers that the policy referenced to in the first sentence of this Paragraph no longer exists.

50.     Defendant denies the allegations of Paragraph 130.

51.     Paragraph 131 consists of argument cast in the form of factual allegations to which no response should be required.  To the extent a response is deemed necessary, Defendant denies that ORR's criteria is superfluous, erroneous, excessive or against the best interests of children.

52.     The allegations in paragraph 132 consist of legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement speak for themselves and are the best evidence of their contents.

53.     The allegations in paragraph 133 consist of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, as to the first sentence of this Paragraph, Defendant avers that the terms of the TVPRA speak for themselves and are the best evidence of their contents and denies the second sentence of this Paragraph.

54.     Defendant lacks information and knowledge sufficient to determine the truth of the allegations of the second sentence of Paragraph 134 and, on that basis, denies them. With respect to the remaining allegation of this Paragraph, Defendant avers that the terms of the Flores Settlement speak for themselves and are the best evidence of their contents.

55.     Paragraph 135 contains legal conclusions to which no response should be required. To the extent a response is deemed necessary, Defendant avers that the terms of the Texas Code speak for themselves and are the best evidence of their contents.

56.     Paragraph 136 contains legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the California Welfare and Institutions Code speak for themselves and are the best evidence of their contents.

57.     The allegations of Paragraph 137 consist of legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant denies that he violated Plaintiffs' Constitutional rights.

58.     The allegations of Paragraph 138 consist of arguments and statements of Plaintiffs' opinion to which no response should be required.  To the extent a response is deemed necessary, Defendant admits that it is generally considered appropriate to prescribe psychotropic medications only in the usual course of professional medical practice and that such medications should not be used as "chemical straightjackets to control behavior."

59.     Defendant lacks sufficient information and knowledge to determine the truth of the allegations of the first three sentences of Paragraph 139.  With respect to the remaining allegations of this Paragraph, Defendant admits that when children are prescribed psychotropic medications, careful monitoring is generally considered to be appropriate.

60.     Defendant denies the allegations of Paragraph 140 except that at the time of the First Amended Complaint, the authorization of the Director, along with the clinical judgment of treating clinicians was considered sufficient documentation and protocol for prescribing medications.

61.     Defendant denies the allegations of Paragraph 141.

62.     Defendant denies the allegations of the first sentence of Paragraph 142.  Defendant admits that one of the psychiatrists who prescribed psychotropic medications to children at ORR's Shiloh RTC is Dr. Javier Ruíz-Nazario, and that according to press reports, Dr. Javier Ruíz-Nazario has received payments or perhaps meals from drug companies that manufacture psychotropic drugs.  Defendant denies the remaining allegations of this Paragraph.

63.     The allegations in paragraph 143 contain legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the Flores Settlement speak for themselves and are the best

9

evidence of their contents.

64.     The allegations of paragraph 144 contain legal conclusions to which no response should be required.  To the extent a response is deemed necessary, Defendant avers that the terms of the cited authorities speak for themselves and are the best evidence of their contents.

65.     Defendant admits the substantial truth of the allegations of Paragraph 145.

66.     Defendant lacks information and knowledge sufficient to determine the truth of the allegations of Paragraph 146, and on that basis, denies the allegations.

67.     Defendant denies the allegations of Paragraph 147.

68.     Defendant denies the allegations of Paragraph 148.

69.     Paragraph 149 contains legal conclusions and argument to which no response should be required.  To the extent a response is deemed necessary, Defendant presently lacks sufficient information and knowledge to determine the truth of the allegations, and on that basis, denies the allegations.

70.     Defendant denies the allegations of Paragraph 150.

71.     Defendant denies the allegations of Paragraph 151.

72.     Defendant denies the allegations of Paragraph 152.

73.     Paragraphs 153-77 contain claims and allegations under the Rehabilitation Act which can only be asserted against Secretary Azar, to which no response from Defendant should be required.  Defendant refers Plaintiffs to the Secretary's responses in his Answer to the Amended Complaint.

74.     Defendant denies the allegations of Paragraph 178.

75.     Defendant hereby incorporates by this reference his responses to Paragraphs 1-178 as if fully set forth herein.

76.  Defendant denies the allegations of Paragraph 180.

77.  Paragraph 181 contains legal conclusions, as well as argument and authorities that are directed at parties other than the Defendant, to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the allegations

of this Paragraph.  Defendant also refers Plaintiffs to the Secretary's response to this Paragraph.

78.  Defendant hereby incorporates by this reference his responses to Paragraphs 1-178 as if fully set forth herein.

79.  Defendant denies the allegations of Paragraph 183.

80.  Paragraph 184 contains legal conclusions, as well as argument and authorities that are directed at parties other than the Defendant, to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph.  Defendant also refers Plaintiffs to the Secretary's response to this Paragraph.

81.  Defendant hereby incorporates by this reference his responses to Paragraphs 1-178 as if fully set forth herein.

82.  Defendant denies the allegations of Paragraph 186.

83.  Paragraph 187 contains legal conclusions, as well as argument and authorities that are directed at parties other than the Defendant, to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph.  Defendant also refers Plaintiffs to the Secretary's response to this Paragraph.

84.  Defendant hereby incorporates by this reference his responses to Paragraphs 1-178 as if fully set forth herein.

85.  Defendant denies the allegations of Paragraph 189.

86.  Paragraph 190 contains legal conclusions, as well as argument and authorities that are directed at parties other than the Defendant, to which no response should be required.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph.  Defendant also refers Plaintiffs to the Secretary's Answer to this Paragraph.

87.  Defendant hereby incorporates by this reference his responses to Paragraphs 1-178 as if fully set forth herein.

88.  The legal arguments and conclusions in Paragraph 192 can only be asserted against the Secretary and thus should not require a response.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph and refers Plaintiffs to the Secretary's Answer to this Paragraph.

89.  The legal arguments and conclusions in Paragraph 193 can only be asserted against the Secretary and thus should not require a response.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph and refers Plaintiffs to the Secretary's Answer to this Paragraph.

90.  The legal arguments and conclusions in Paragraph 194 can only be asserted against the Secretary and thus should not require a response.  To the extent a response is deemed necessary, Defendant denies the allegations of this Paragraph and refers Plaintiffs to the Secretary's Answer to this Paragraph.

91.  The remainder of the Complaint contains Plaintiffs' prayer for relief to which no response should be required.  To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to any relief against him, and requests that Plaintiffs' Amended Complaint should be dismissed with prejudice.  All allegations that have not been specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1.  The First Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

2.  Defendant is entitled to qualified immunity from this lawsuit.

3.  Defendant cannot be liable under a respondeat superior theory of recovery.

4.  Plaintiffs cannot recover for any acts taken by Defendant for which the statute of limitations has lapsed.

5.  The Court lacks venue over the Defendant.

WHEREFORE, Defendant respectfully requests the Court to enter judgment dismissing the action against him in its entirety and with prejudice; that the Plaintiffs

//

take nothing by way of their Amended Complaint; and for such other and further relief as the Court deems just and proper.

DEFENDANT REQUESTS A JURY TRIAL OF ALL CLAIMS AGAINST HIM.

Dated:  January 9, 2019                       Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_____/s/ *David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Defendant E. Scott Lloyd

13