NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DAVID PINCHAS (Cal. Bar No. 130751)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2920
    Facsimile: (213) 894-7819
    E-mail: david.pinchas@usdoj.gov

Attorneys for Defendant E. Scott Lloyd

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX AZAR, et al.,<br><br>    Defendants. | No. CV 18-5741 DMG (PLAx)<br><br>**DEFENDANT E. SCOTT LLOYD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS; DECLARATION OF E. SCOTT LLOYD**<br><br>Honorable Dolly M. Gee<br><br>Date: April 26, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>    First Street Courthouse |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

PLEASE TAKE NOTICE that, on April 26, 2019 at 9:30 a.m., or as soon as possible thereafter, in the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, Federal Defendant E. Scott Lloyd, sued in his individual capacity as an officer and employee of the United States will, and hereby does, move to dismiss the Plaintiffs' Complaint and action against him pursuant to Federal Rules of Civil Procedure 8(a)(1), 12(b)(2), and 12(c) on the grounds that Plaintiffs' Complaint fails to establish the Court's personal jurisdiction over him, fails to give notice of the claims against him, fails to state a claim upon which relief can be granted against him, and fails to defeat his qualified immunity from this suit.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and such other evidence or argument as the Court may consider. This motion follows the meeting of counsel pursuant to Local Rule 7-3 which took place on January 24, 2019.

Dated: March 22, 2019

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
*/s/ David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Defendant E. Scott Lloyd

i

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs' 59-page first amended complaint (the "Complaint") seeks injunctive and declaratory relief regarding policies and practices of the Department of Health and Human Services' Office of Refugee Resettlement ("ORR") which Plaintiff claims cause "harm to children detained for alleged civil violations of the Immigration and Nationality Act." Complaint ¶ 1. The Complaint alleges that ORR's policies and practices violate the settlement in Flores v. Sessions, CV 85-4553 DMG, as well as the due process clause of the Firth Amendment to the U.S. Constitution, the Freedom of Association Clause of the First Amendment and the Rehabilitation Act of 1973. Complaint ¶¶ 2-4.

Defendant E. Scott Lloyd, the former Director of ORR, is sued in his individual capacity for nominal damages pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Complaint ¶ 22. Mr. Lloyd is only referred to by name once in the Complaint, in paragraph 22 thereof. Possibly Mr. Lloyd is also included in section VI of the Complaint, which alleges that ORR's policy and practices violate due process (Complaint at pages 31-46). It is unclear whether Plaintiffs also purport to sue Mr. Lloyd under section VII of the Complaint, for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 294 (Complaint at 46-51).[1] or under section VIII for injunctive relief.[2]

## II.   ARGUMENT

### A.   The Complaint Fails to State a Claim Against Mr. Lloyd

The Complaint is bereft of any allegations as to what Mr. Lloyd personally did to

---

[1] Secretary Azar is the only proper defendant in a Rehabilitation Act case. See Johnston v. Horne, 875 F.2d 1415, 1419 (9th Cir. 1989), overruled on other grounds, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990).

[2] Mr. Lloyd is no longer Director of ORR. See Lloyd declaration ¶ 1. Thus, he cannot be the subject of a claim for injunctive relief regarding ORR's policies and practices.

- 1 -

1 violate Plaintiffs' constitutional rights. To state a <u>Bivens</u> claim, Plaintiffs must set forth
2 specific factual allegations showing that Mr. Lloyd was personally involved in violating
3 their clearly established rights. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("each
4 Government official, his or her title notwithstanding, is only liable for his or her own
5 misconduct. In the context of determining whether there is a violation of a clearly
6 established right to overcome qualified immunity, purpose rather than knowledge is
7 required to impose <u>Bivens</u> liability on…an official charged with violations arising from
8 his or her superintendent responsibilities."); <u>Kwai Fun Wong v. United States</u>, 373 F.3d
9 952, 966-79 (9th Cir. 2004) (complaint must set forth what each Defendant did to cause
10 constitutional violation); <u>Oksner v. Blakely</u>, 2007 WL 3238659 at * 8 (N.D. Cal. Oct.
11 31, 2007) (mere assertion that official implemented or enforced unlawful policies is
12 insufficient to state a <u>Bivens</u> claim).

13 Plaintiff's failure to state a <u>Bivens</u> claim also implicates Mr. Lloyd's qualified
14 immunity from this action. <u>Iqbal</u>, 556 U.S. at 672-73. In order to defeat a government
15 official's claim of qualified immunity, a plaintiff must demonstrate that the official's
16 actions violated a constitutional right, that the right was clearly established at the time of
17 the violation, and that a reasonable official would have known that his conduct violated
18 that right. See <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-819 (1982). The Complaint fails
19 to satisfy Plaintiff's burden and thus Mr. Lloyd's qualified immunity should be
20 respected.

21 Moreover, the Complaint's lack of any substantive and specific allegations
22 regarding Mr. Lloyd's conduct amounts to impermissible "shotgun pleading." See
23 <u>Sollberger v. Wachovia Securities, LLC</u>, 2010 WL 2674456 at * 4 (C.D. Cal. Aug. 3,
24 2017) (dismissing complaint which failed to identify what the particular defendants did
25 wrong as shotgun pleading). See also <u>Destfino v. Kennedy</u>, 2009 WL 63566 at * 6 (E.D.
26 Cal. Jan. 8, 2009)  (a pleading which fails to distinguish what each defendant did fails to
27 satisfy the notice requirements of Federal Rule of Civil Procedure 8).
28 Accordingly, the Complaint should be dismissed pursuant to Rules 8 and 12(c).

**B.     The Court Lacks Personal Jurisdiction Over Mr. Lloyd**

As explained in the attached declaration of Mr. Lloyd, he has never lived in California, nor has he been employed here.  Lloyd declaration ¶ 3.  At all relevant times, Mr. Lloyd's office has been in Washington, D.C.  Id. ¶ 2.  Thus, he is only subject to personal jurisdiction in this Court if he has certain minimum contacts "such that maintenance of this suit does not offend traditional notions of fair play and substantial justice."  International Shoe v. Washington, 326 U.S. 310, 316 (1945) (citation omitted).

Plaintiff has the burden of establishing that the Court has personal jurisdiction over a nonresident defendant.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Here, the Complaint is as silent as to Mr. Lloyd's connection to California as it is to what, if anything, he supposedly did to violate Plaintiffs' constitutional rights.

The Court's personal jurisdiction over Mr. Lloyd cannot be based solely on his supervisory status.  Indeed, in Stone v. Derosa, 2009 WL 798930 at *1 (D. Arizona Mar. 25, 2009), the court rejected the recommendation of a Magistrate Judge that the court assert personal jurisdiction over the Director of the Federal Bureau of Prisons ("BOP"), who worked and resided in the Washington D.C. area, in a suit in which BOP policy was at issue, even though the Director was responsible for enforcement of BOP policies.  The Stone court found such an expansive view of personal jurisdiction violated traditional notions of fair play and substantial justice which would "inevitably open the floodgates to universal jurisdiction by federal courts."

Many other courts have ruled similarly.  See Hill v. Pugh, 75 Fed.Appx. 715, 719 (10th Cir. 2003) ("it is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within the forum state"); Munns v. Clinton, 822 Supp.2d 1048, 1078 (E.D. Cal. 2011) (allegations of national policy implementation and oversight are insufficient to establish personal jurisdiction); McCabe v. Basham, 450 Fed.Supp.2d 916, 926-27 (N.D. Iowa Feb. 16, 2006) (collecting cases establishing that

personal jurisdiction cannot be premised on supervisory status).

Plaintiffs bear the burden of demonstrating that Mr. Lloyd "purposely availed himself of the privilege of conducting activities" in California or "purposely directed his activities" toward California. Schwarzenegger 374 F.3d at 802. Plaintiffs must also establish that their claim against Mr. Lloyd arises *from* his forum-related activities. Id.

The Complaint alleges that two of the Plaintiffs were detained and suffered injury in Yolo Juvenile Detention Center in California. See Complaint ¶¶ 52-53[3], 74. However, Plaintiffs do not and cannot allege that Mr. Lloyd had supervisory authority over the Yolo facility, that he personally sent these juveniles to this facility, nor that he could have foreseen their injuries there. In fact, the foreseeability of causing injury in another state is *not* a sufficient benchmark for the exercise of personal jurisdiction See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Thus, this action should also be dismissed pursuant to Rule 12(b) (2).

### III. CONCLUSION

For all the foregoing reasons, Defendant Lloyd requests that the Complaint and Plaintiffs' action against him be dismissed in their entirety.

Dated: March 22, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ *David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Federal Defendant E. Scott Lloyd

---

[3] Plaintiffs allege that Plaintiff Miguel Angel S. was pepper sprayed on one occasion at Yolo. Complaint ¶ 52. Plaintiffs do not, however, explain what led up to this incident or how Mr. Lloyd personally was in any way part of this incident.