1  CENTER FOR HUMAN RIGHTS &
   CONSTITUTIONAL LAW
2  CARLOS R. HOLGUIN (90754)
   256 South Occidental Boulevard
3  Los Angeles, CA 90057
   Telephone: (213) 388-8693
4  Email: crholguin@centerforhumanrights.org

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on following page*

<br>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., et al., | Case No.  2:18-CV-05741 DMG PLA |
| Plaintiffs, | **MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT LLOYD'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| ALEX AZAR, et al., | |
| Defendants. | Hearing: May 17, 2019<br>Time: 9:30 a.m.<br>Room: 1st St. Courthouse<br>Courtroom 8C |

Ps and As iso Opp. to Lloyd's Mot. for
Judgment on the Pleadings
Case No. 2:18-cv-05741 DMG PLA

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
FREYA PITTS (295878)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
ndesai@youthlaw.org
pjuneja@youthlaw.org
fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: swynn@cooley.com
mkkelley@cooley.com
jcieslak@cooley.com
mdonohue@cooley.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page

I. Introduction ...................................................................................................1

II. Legal Standard................................................................................................1

III. The First Amended Complaint alleges a valid claim under *Bivens* for violations of class members' clearly established constitutional rights to due process. .........2

IV. The FAC alleges sufficient facts to state a valid claim against Defendant Lloyd in his personal capacity. ...................................................................................3

V. The Court may properly exercise personal jurisdiction over Defendant Lloyd...7

    A. Defendant Lloyd Waived Any Personal Jurisdiction Defense .................7

    B. Defendant Lloyd Is Subject to the Court's Jurisdiction ..........................7

        1. Defendant Lloyd Directed Activities at Class Members in California .................................................................................................9

        2. Plaintiffs' Claims Arise from Defendant Lloyd's Forum-Related Activities ...............................................................................................11

        3. Defendant Lloyd Cannot Carry His Burden to Show that Personal Jurisdiction Does Not Comport with Fair Play and Substantial Justice .....................................................................................................11

VI. Conclusion. ....................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Humanist Ass'n v. United States*,
63 F. Supp. 3d 1274 (D. Or. 2014) .................................................................... 4, 8

*Anderson v. Creighton*,
483 U.S. 635 (1987) ................................................................................................ 3

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009) (Sack, J., dissenting) ............................................. 3, 8

*Arocho v. Nafziger*,
367 Fed. App'x 942 (10th Cir. 2010) ............................................................ 4, 5, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................ 2

*Axiom Foods, Inc., v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) ............................................................................. 8, 9

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388 (1971) ........................................................................................ *passim*

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .............................................................................................. 12

*Calder v. Jones*,
465 U.S. 783 (1984) ........................................................................................... 9, 10

*Chappell v. Mandeville*,
706 F.3d 1052 (9th Cir. 2013) ................................................................................ 3

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ................................................................................ 9

*Flores v. Sessions*,
862 F.3d 863 (9th Cir. 2017) ....................................................................... 2, 6, 12

*Floyd v. Laws*,
929 F.2d 1390 (9th Cir. 1991) ................................................................................ 6

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*,
887 F.2d 228 (9th Cir. 1989) .................................................................................. 1

*Hill v. Pugh*,
75 Fed.App'x 715 (10th Cir. 2003) ..................................................................... 5, 7

*Hope v. Pelzer*,
536 U.S. 730 (2002) ............................................................................................... 2

*Int'l Shoe v. Washington*,
326 U.S. 310 (1945) ............................................................................................... 7

*Lanuza v. Love*,
899 F.3d 1019 (2018) ......................................................................................... 3, 4

*Larez v. Los Angeles*,
946 F.2d 630 (9th Cir. 1991) .................................................................................. 6

*MacDonald v. United States*,
2011 WL 6783327 (S.D. Cal. Dec. 23, 2011) ........................................................ 3

*Mavrix Photo, Inc. v. Brand Tech.*, Inc.,
647 F.3d 1218 (9th Cir. 2011) ................................................................................ 9

*McGann v. Ernst & Young*,
102 F.3d 390 (9th Cir. 1996) .................................................................................. 1

*Menken v. Emm*,
503 F.3d 1050 (9th Cir. 2007) .............................................................................. 11

*Pac. Atl. Trading Co. v. M/V Main Express*,
758 F.2d 1325 (9th Cir. 1985) ................................................................................ 8

*Papa v. United States*,
281 F.3d 1004 (9th Cir. 2002) ............................................................................ 3, 4

*Perez v. U.S.*,
103 F. Supp. 3d 1180 (S.D. Cal. 2015) .................................................................. 8

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Valadez-Lopez v. Chertoff*,
  656 F.3d 851 (9th Cir. 2011) .................................................................................. 2

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..................................................................................... 8, 10

*Wash. Shoe Co. v. A–Z Sporting Goods, Inc.*,
  704 F.3d 668 (9th Cir. 2012) .................................................................... 9, 11

*Ziglar v. Abbasi*,
  582 U.S. _; 137 S.Ct. 1843 (2017) ........................................................................ 4

**Statutes**

Cal. Code Civ. Proc. § 410.10 ................................................................................ 8

**Other Authorities**

Fed. R. Civ. P.
  12 ........................................................................................................................ 7
  12(c) ................................................................................................................... 1
  12(h)(1)(A) ........................................................................................................ 7
  12(h)(1)(B)(ii) .................................................................................................... 7
  15(a)(1) .............................................................................................................. 7

iv.

Ps and As iso Opp. to Lloyd's Mot. for
Judgment on the Pleadings
Case No. 2:18-cv-05741 DMG PLA

## I. INTRODUCTION

Defendant Scott Lloyd has presided over, directed, and personally participated in violating the constitutional and statutory rights of thousands of children in the custody of the Department of Homeland Security, Office of Refugee Resettlement. Defendant Lloyd, however, hopes to avoid responsibility for his actions based on purported legal technicalities.

But neither the law nor the facts are on Defendant Lloyd's side. Contrary to the assertions in his Motion for Judgment on the Pleadings and Motion to Dismiss (Dkt. 161), Plaintiffs have alleged sufficient facts about Defendant Lloyd's involvement in constitutional violations to state a *Bivens* claim against him. For example, the First Amended Complaint specifically alleges that Defendant Lloyd (1) extended the detention of youth by withholding his personal approval for their release, and (2) personally authorized the administration of psychotropic medication to youth in ORR custody without parental consent.

Defendant Lloyd is also incorrect about whether the Court has personal jurisdiction over him for two reasons. First, Defendant Lloyd waived any personal jurisdiction defense when he filed a Motion to Dismiss (Dkt. 51) and an Answer (Dkt. 145) without raising the defense. Second, Defendant Lloyd ordered thousands of class members to be detained in California, creating adequate contacts to subject him to the Court's jurisdiction.

The Court should deny Defendant Lloyd's Motion for Judgment on the Pleadings and Motion to Dismiss.

## II. LEGAL STANDARD

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996). All facts alleged in the complaint, as well as the logical inferences from such allegations, are assumed to be true. *Gen. Conference Corp. of Seventh-Day*

*Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). The complaint need only provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 858-59 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678.

### III. THE FIRST AMENDED COMPLAINT ALLEGES A VALID CLAIM UNDER *BIVENS* FOR VIOLATIONS OF CLASS MEMBERS' CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS TO DUE PROCESS.

Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), government officials may be sued in their individual capacities for civil damages. To plead a valid *Bivens* claim, Plaintiffs must first allege a constitutional violation. *Iqbal, supra,* 556 U.S. at 675. Second, the alleged conduct must violate "clearly established" statutory or constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Plaintiffs' First Amended Complaint, Dkt. 81 ("FAC"), does both.

Defendant Lloyd does not and could not credibly argue that Plaintiffs' complaint fails to allege multiple due process violations against class members.

In rejecting the official Defendants' argument that the FAC fails to plead cognizable constitutional violations, the Court held that Plaintiffs "satisfactorily identified the substantive rights underlying their procedural due process claims." Dkt. 126 at 15.[1] The Court held that Defendants' contending otherwise was "entirely without merit." *Id*. at 13.

---

[1] Among these substantive rights, the Court held, are "constitutionally protected substantive interest[s]" to "freedom from detention, familial association, and bodily integrity." *Id*. at 13-14. The Court further held the FAC adequately states a claim that ORR fails to supply due process in denying children substantive rights under the TVPRA and the *Flores* Settlement to prompt release and placement in least-restrictive facilities. *Id.*

2.

There is little question that Plaintiffs adequately allege that the treatment plaintiff class members experience during ORR custody violates clearly established constitutional rights.[2]

### IV. THE FAC ALLEGES SUFFICIENT FACTS TO STATE A VALID CLAIM AGAINST DEFENDANT LLOYD IN HIS PERSONAL CAPACITY.

The gravamen of Defendant Lloyd's motion is that, as ORR's Director, he was insufficiently connected to the multiple constitutional violations class members allege to incur liability under *Bivens*.

The Ninth Circuit has held, however, that a *Bivens* claim may lie against a federal official who violates a non-citizen's right to due process. *E.g., Lanuza v. Love*, 899 F.3d 1019, 1033-34 (2018). It has also recognized that a *Bivens* claim may lie when individuals suffer due process violations during immigration-related detention. *Papa v. United States*, 281 F.3d 1004, 1010-11 (9th Cir. 2002). Other courts have similarly held. *E.g., MacDonald v. United States*, 2011 WL 6783327 (S.D. Cal. Dec. 23, 2011) (recognizing due process claim under *Bivens* for wrongful detention and deportation); *see also Arar v. Ashcroft*, 585 F.3d 559, 597 (2d Cir. 2009) (Sack, J., dissenting) (noting that *Bivens* actions are routinely recognized under the Fifth Amendment and observing "[i]ncarceration in the United States without cause, mistreatment while so incarcerated, denial of access to counsel and the courts while so incarcerated, and the facilitation of torture by others . . . are hardly novel claims, nor do they present [courts] with a "new context" in any legally significant sense.").

The foregoing precedents differ from the instant case in that they involved individual plaintiffs whose treatment violated nominal agency policy, whereas here

---

[2] That the specific act in question has not previously been declared unlawful is not dispositive. Even in novel circumstances, officials can be on notice that their conduct violates the Constitution. *Chappell v. Mandeville*, 706 F.3d 1052, 1056-57 (9th Cir. 2013). The question is whether "[t]he contours of [a] right [are] sufficiently clear" that a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Those contours are abundantly clear here.

Plaintiffs seek class-wide nominal damages for injuries arising from practices that abridge class members' substantive constitutional, statutory, and contractual rights without due process of law, but that do not violate Defendants' self-professed policies.

Because the instant context is new in at least these respects, the Court must determine whether special factors counsel against recognizing a *Bivens* remedy. *Ziglar v. Abbasi*, 582 U.S. _; 137 S.Ct. 1843, 1859-60 (2017). None of the special factors courts have cited to limit *Bivens* claims argue against recognizing a *Bivens* remedy here.

These special factors are the following: (i) the rank of the officer involved; (ii) whether recognizing a *Bivens* remedy would interfere with policy planning and implementation; (ii) the burden on the government if such claims are recognized; (iii) whether recognizing the remedy would result in the disclosure of sensitive information; (iv) whether Congress has disfavored a *Bivens* remedy; (v) whether alternate relief is available; and (vi) whether, absent a *Bivens* remedy, there exist adequate deterrents against unconstitutional conduct. *Lanuza*, *supra*, 899 F.3d at 1028-34.[3]

The principal factor Defendant Lloyd argues forecloses the Court's entertaining Plaintiffs' *Bivens* claim is the first: *i.e.*, that a *Bivens* claim does not lie against a former executive official who merely directed an agency that commits constitutional violations. Yet that factor, standing alone, does not foreclose the availability of a *Bivens* remedy. *See, e.g., Am. Humanist Ass'n v. United States*, 63 F. Supp. 3d 1274 (D. Or. 2014) (recognizing *Bivens* claim against Bureau of Prisons Regional Director for violation of Establishment Clause); *Arocho v. Nafziger*, 367 Fed. App'x 942, 947–50 (10th Cir. 2010) (affirming availability of *Bivens* action against Bureau of Prisons Director for refusing to authorize medication recommended for out-of-state prisoner); *cf.*, *Papa*, 281 F.3d at 1007, 1010-11 (holding *Bivens* claim should proceed against unnamed immigration officials sued only as "one hundred John Does").

---

[3] The over-arching question is "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar, supra,* 137 S. Ct. at 1857-58.

Plaintiffs' instant claims are analogous to those recognized in *American Humanist Association* and *Arocho*. As Director of ORR, Defendant Lloyd directed his subordinates to pursue practices and policies that denied constitutionally due process to the named plaintiffs and those similarly situated: *i.e.,* administering psychotropic drugs to children without parental consent; dispatching youth to unlicensed, secure facilities without giving them any meaningful opportunity to be heard; summarily declaring children's parents and other proposed custodians unfit; confining children with disabilities in unsuitable facilities; and hobbling lawyers from helping children contest anything ORR might choose to do to them.

Regarding their claim of needlessly restrictive placement, Plaintiffs allege that ORR delayed or refused to release children it placed in secure or medium-secure facilities "until and unless" Director Lloyd *himself*, or his designee, approved their release. FAC ¶ 129. Plaintiffs therefore allege that Defendant Lloyd played a direct, personal role in unlawfully extending the placement of countless class members in facilities that were decidedly *not* the least restrictive setting consistent with their best interests.

Again with respect to the administration of psychotropic drugs, Defendant Lloyd admits that "at the time of the First Amended Complaint, the authorization of *the Director*, along with the clinical judgment of treating clinicians was considered sufficient documentation and protocol for prescribing [such] medications." Answer to First Amended Complaint, Jan. 9, 2019 (Dkt. 145), ¶ 60 (emphasis added). Here again, Defendant Lloyd admits a *personal* role in the injuries Plaintiffs allege.[4]

---

[4] As for their remaining claims, Plaintiffs allege that Defendant Lloyd's role involved directing subordinates to summarily declare class members' parents and other custodians unfit, dispatch children to psychiatric facilities and juvenile halls without hearing, and hobbling children's lawyers from helping them resist ORR mistreatment.

As Defendant points out, several courts have held a *Bivens* action lies only against the low-level perpetrators of constitutional violations, and not those who direct them to commit such violations. *See* Motion for Judgment on the Pleadings at 3, citing, *inter alia*, *Hill v. Pugh*, 75 Fed.App'x 715, 719 (10th Cir. 2003). Plaintiffs, however, have discovered no decision of the Ninth Circuit adopting such a pinched view of *Bivens*

Next, recognizing a *Bivens* claim against Defendant Lloyd would not unduly interfere with policy planning or implementation. As alleged in the FAC, Lloyd directed his subordinates to do all of the foregoing pursuant to policies and practices that "appear nowhere in the Code of Federal Regulations," FAC ¶ 123, are "torpid, opaque, and perfunctory," FAC ¶ 115, and are exercised with "opaque and arbitrary discretion . . ." FAC ¶ 147. Plaintiffs also allege that ORR's ephemeral practices violate explicit statutory, contractual and constitutional standards, most clearly, those of the TVPRA, in which Congress preserved the *Flores* Settlement and directed that ORR should place children in the least restrictive placement consistent with their best interests. *See generally Flores v. Sessions*, 862 F.3d 863, 870-71 (9th Cir. 2017). Recognizing a *Bivens* claim for violating Congress's directives could hardly constitute judicial intrusion into Defendant Lloyd's legitimate policy-making prerogatives.

Nor would recognizing Plaintiffs' *Bivens* claim unduly burden the Government. Plaintiffs here seek only nominal damages, and litigating actual injury is accordingly unnecessary. *Floyd v. Laws*, 929 F.2d 1390, 1402-03 (9th Cir. 1991) (nominal damages only require proof of violation, not existence or extent of actual injury). Plaintiffs assert their *Bivens* claim on behalf of nationwide class, and Lloyd could just as easily argue before this Court that no constitutional violation was committed as he could before any other.

Next, recognizing Plaintiffs' *Bivens* claim could not possibly threaten the political branches' supervision of national security or foreign policy or force the

---

liability. In Plaintiffs' view there is a good faith argument against doing so.

A federal agency must act, if it is to act at all, through its personnel, and subordinate personnel must obey their superiors on pain of discharge. It makes little sense to hold a low-level employee liable for damages under *Bivens* when he or she follows orders, while the official who gives the orders is immune from *Bivens* liability.

Limiting liability for constitutional torts to their actual perpetrators is not the rule in closely analogous settings. *See, e.g., Larez v. Los Angeles*, 946 F.2d 630, 645-46 (9th Cir. 1991) (collecting cases) (police chief liable for constitutional violations committed by subordinates under 42 U.S.C. § 1983 for "setting in motion of acts which cause others to inflict constitutional injury."). There is no obvious reason such a limitation should apply to *Bivens* claims.

disclosure of sensitive information. Plaintiffs' claims relate to the quotidian practices concerning "the placement, care, custody and release of 'unaccompanied alien children.'" FAC ¶ 1. They have nothing to do with national security or foreign policy.

Finally, Plaintiff class members—at the very least, those released from ORR custody and no longer entitled to prospective equitable relief—have no alternative remedy apart from recovery directly under the Constitution.

## V. THE COURT MAY PROPERLY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT LLOYD.

Defendant Lloyd next disputes this Court's jurisdiction over him on the grounds that he lacks minimum contacts with California "such that the maintenance of the suit [would] 'offend traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). This argument is frivolous both procedurally and substantively.

### A. Defendant Lloyd Waived Any Personal Jurisdiction Defense

Defendant Lloyd has waived any personal jurisdiction defense several times over. "A party waives [a personal jurisdiction defense] by . . . failing to . . . include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii). Defendant Lloyd filed his Answer on January 9, 2019 and did not raise a personal jurisdiction defense. Dkt.145 at 12. Defendant Lloyd also filed a motion to dismiss in which he did not raise a personal jurisdiction defense. Dkt. 51 at 2 ("Defendants will and do hereby move the Court . . . to dismiss this action for improper venue and/or duplicative of preexisting litigation."). This also waives any personal jurisdiction defense. *See* Fed. R. Civ. P. 12(h)(1)(A) ("A party waives [a personal jurisdiction defense] by . . . omitting it from" its first Rule 12 motion.).

### B. Defendant Lloyd Is Subject to the Court's Jurisdiction

Even if he had not waived the defense, Defendant Lloyd is subject to the Court's jurisdiction. Relying on *Hill v. Pugh, supra*, 75 Fed. App'x 715, and a number of

unreported district court cases, mostly from outside California, Defendant Lloyd argues that personal jurisdiction cannot be predicated on his supervising and directing ORR. His argument is incorrect.

Plaintiffs have found no Ninth Circuit precedent precluding personal jurisdiction over an official who directs or supervises subordinates who commit constitutional violations in a remote forum. *See, e.g. Am. Humanist Ass'n v. U.S.*, *supra*, 63 F. Supp. 3d at 1288 ("The Ninth Circuit has not decided on whether a district court can exercise personal jurisdiction of a Regional Director of the BOP who does not reside within that district but whose official responsibilities and actions include federal facilities within that district."); *see also Arar*, 585 F.3d at 563 ("We have no trouble affirming the district court's conclusions that Arar sufficiently alleged personal jurisdiction" over supervisory officials who directed policy of transferring non-citizens suspected of terrorism to countries where they would be tortured).[5]

The Circuit's general precedent suggests it would approve this Court's exercising specific personal jurisdiction over Defendant Lloyd here.

Specific jurisdiction over an official in his or her personal capacity depends generally on his or her connection to the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).[6] "Courts in this circuit apply the Ninth Circuit's purposeful direction test to constitutional claims against government supervisors." *Perez v. U.S.*, 103 F. Supp. 3d 1180, 1198 (S.D. Cal. 2015); *see generally Axiom Foods, Inc., v. Acerchem Int'l, Inc.*,

---

[5] The Tenth appears to be the only circuit to disfavor exercising personal jurisdiction over directors of agencies that act unlawfully within a remote forum, yet even it applies the rule selectively. *See, e.g., Arocho*, 367 Fed. App'x at 949–950 (affirming personal jurisdiction over Bureau of Prisons Director for refusing to authorize medication recommended for out-of-state prisoner because it was both an "intentional act" and "aimed at the forum state.").

[6] Personal jurisdiction over a nonresident defendant must also be authorized under the state's long-arm statute. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute permits the exercise of personal jurisdiction except as prohibited by the California or federal Constitution. Cal. Code Civ. Proc. § 410.10.

874 F.3d 1064, 1069-71 (9th Cir. 2017) (applying post-*Walden* personal jurisdiction analysis).[7]

The Ninth Circuit analyzes specific jurisdiction over a nonresident defendant under a three-prong test: (1) the Defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of, or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice: *i.e.* it must be reasonable. *Wash. Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (*superseded in part by Axiom Foods, Inc., supra*, 874 F.3d at 1070 ("Following *Walden*, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction.")).

### 1. Defendant Lloyd Directed Activities at Class Members in California

In claims arising under tort, the first element—purposeful direction or availment—is analyzed under the "effects" test set out in *Calder v. Jones*, 465 U.S. 783 (1984). *Axiom Foods, Inc., supra*, 874 F.3d at 1069; *Mavrix Photo, Inc. v. Brand Tech.*, *Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

Under *Calder* a plaintiff must allege that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state; (3) that caused harm that defendant knew would likely be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The analysis focuses on defendant's own conduct—not that of a third party— and such conduct must relate to the forum state

---

[7] To defeat a motion to dismiss predicated on the pleadings alone, a plaintiff is only required to make a prima facie showing of the required jurisdictional facts. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

itself, not to specific persons within it. *Walden*, *supra*, 571 U.S. at 284-85.

Here, Plaintiffs allege that Defendant Lloyd committed intentional acts violative of due process directed against class members in California. Plaintiffs allege that Defendant Lloyd [was] the Director of the ORR, and "responsible for the care, custody and release of unaccompanied alien children in federal custody." FAC ¶ 22. The further allege that under Lloyd's stewardship, ORR "placed more than 1,100 unaccompanied children in Los Angeles alone." FAC ¶ 20. To hold that many children in California, Defendant Lloyd would necessarily have had to negotiate contracts with numerous facilities in California. Plaintiffs also allege that under Lloyd ORR detained several of the named plaintiffs in California, conduct that is patently intentional. FAC ¶¶ 13, 40, 47, 52, 72.

The second prong of the *Calder* test requires that Defendant's conduct be "expressly aimed" at the forum state. Here, Defendant Lloyd's ordering that thousands of children be detained in California suffices. Under Defendant Lloyd, ORR contrived to detain class members in California, enter into contracts for their care and housing in the state, and transfer youth, including several of the named plaintiffs, to detention facilities in California.

Plaintiffs also sufficiently plead the third *Calder* element: Considered in the light most favorable to Plaintiffs, the FAC adequately alleges that Defendant Lloyd directed and oversaw implementation of policies and practices he could not help but know would impact children in California.

In sum, Plaintiffs have alleged sufficient facts to demonstrate that Defendant Lloyd purposefully directed activities injurious to class members detained in California.[8]

---

[8] With regard to Plaintiffs' claim concerning flawed custodial fitness determinations, Plaintiffs allege that under Defendant Lloyd ORR regularly delayed or refused to release class members to available custodians afforded children "little or no procedural protection against prolonged detention." FAC ¶¶ 109, 110-114. Many such children and their proposed custodians live in California. FAC ¶¶ 10, 12, 15, 16, 66.

Regarding needlessly restrictive placement, Plaintiffs allege that under Defendant

### 2. Plaintiffs' Claims Arise from Defendant Lloyd's Forum-Related Activities

Plaintiffs have also demonstrated the second prong of the Ninth Circuit's test for personal jurisdiction: whether the claims arise out of or relate to Defendant Lloyd's forum-related activities. *Wash. Shoe Co.*, 704 F.3d at 672. This is not a case where Plaintiffs have identified general contacts or activities in California, such as speeches, tours, or other visits. Rather, Defendant Lloyd's forum-related activities—such as authorizing the medication of youth without parental consent and delaying the release of class members, many of whom are located in California—form the foundation of Plaintiffs' claims. Accordingly, the second prong is met.

### 3. Defendant Lloyd Cannot Carry His Burden to Show that Personal Jurisdiction Does Not Comport with Fair Play and Substantial Justice

If the plaintiff meets the first two elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable, *i.e.* it would not comport with fair play and substantial justice. *Wash. Shoe Co.*, 704 F.3d at 672; *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (defendant must make a

---

Lloyd's direction ORR delayed and refused to release children it placed in secure or medium-secure facilities "until and unless" Lloyd himself, or his designee, approved release. FAC ¶ 129.

As has been seen, Defendant Lloyd admits having played a personal role in authorizing the administration of psychotropic medications to individual class members without informed parental consent. Answer to First Amended Complaint, *supra*, ¶ 62.

Regarding blocking children's access to legal assistance, Plaintiffs allege that under Defendant Lloyd ORR, routinely blocked legal services providers from representing children who object to ORR's custody, release, placement and medication decisions. FAC ¶¶ 147-150.

Plaintiffs also allege that under Defendant Lloyd ORR routinely "steps up children who need mental health services and supports," FAC ¶ 170; delays the release of children with disabilities to parents and other custodians, *id.* ¶ 170, and refuses to release such children from psychiatric facilities "until and unless RTC medical personnel declare the child mentally fit." *Id.* ¶ 173.

In sum, Plaintiffs allege that Defendant Lloyd not only directed ORR to implement challenged practices, but that he himself personally participated in many of the acts that directly injured class members in California.

"*compelling* case that the exercise of jurisdiction would not be reasonable." (emphasis added; internal quotes omitted)).

Defendant Lloyd has not even attempted to carry this burden, failing to make any argument about this third prong of the personal jurisdiction test. *See* Dkt. 161 at 3-4. In any case, the relevant factors demonstrate that it is reasonable for Defendant Lloyd to litigate these claims in this Court. There is no burden on Defendant Lloyd, who is represented by an Assistant United States Attorney located in the Central District. *Cf. Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) (the court may consider "the burden on the defendant"). This Court's familiarity with the related *Flores* case also supports jurisdiction. *Cf. id.* (the court should consider whether the forum promotes the "efficient resolution of controversies"). And Plaintiffs' choice of a convenient forum is given weight. *Cf. id.* ("the plaintiff's interest in obtaining convenient and effective relief" is a relevant factor). Accordingly, the Court should find that is has personal jurisdiction over Defendant Lloyd.

## VI.   CONCLUSION.

For the foregoing reasons, the Court should deny Defendant Lloyd's motion for judgment on the pleadings.

Dated: April 19, 2019

CARLOS HOLGUIN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
FREYA PITTS
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

SUMMER WYNN
MARY KATHRYN KELLEY
JON F. CIESLAK
MEGAN DONOHUE
Cooley LLP

By: */s/ Jon F. Cieslak*
    Jon F. Cieslak

    Attorneys for Plaintiffs
    Email: jcieslak@cooley.com