1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  DAVID PINCHAS (Cal. Bar No. 130751)
   Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-2920
8        Facsimile: (213) 894-7819
         E-mail: david.pinchas@usdoj.gov
9
   Attorneys for Defendant E. Scott Lloyd
10

11                  UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                        WESTERN DIVISION

14
   LUCAS R, et al.,                      No. CV 18-5741 DMG (PLAx)
15
             Plaintiff,
16                                        **DEFENDANT E. SCOTT LLOYD'S
                   v.                     REPLY IN SUPPPORT OF HIS
17                                        MOTION TO DISMISS**
   ALEX AZAR, et al.,
18                                        Honorable Dolly M. Gee
             Defendants.
19                                        Date: May 17, 2019
                                          Time: 9:30 a.m.
20                                        Place: Courtroom 8C
                                                First Street Courthouse
21

22

23

24

25

26

27

28

Defendant E. Scott Lloyd ("Defendant") hereby submits his reply to Plaintiffs' Opposition to his Motion to Dismiss (the "Opposition" and the "Motion").

## A.   The First Amended Complaint Fails to Allege an Actionable Bivens Claim

As noted in the Motion, Plaintiffs' operative First Amended Complaint ("FAC") fails to set forth specific allegations that Defendant, "through his own individual actions violated" the Plaintiffs' clearly established constitutional rights.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Oksner v. Blakely, 2007 WL 3238659 at * 8 (N.D. Cal. Oct. 31, 2007) (mere assertion that official implemented or enforced unlawful policies is insufficient to state a Bivens claim).

The Opposition cites only one paragraph in the FAC which refers to any specific action taken by Defendant:

> As a matter of policy and practice, ORR has refused to release children whom it has ever placed in a secure or medium-secure facility[1] until and unless its director or his designee approves release.  In practice, this policy prolongs non-dangerous children's detention for weeks or months notwithstanding that parents or other reputable custodians are available to care for them.

FAC ¶ 129.

Plaintiffs do not allege that Defendant could make such a decision without input from health care professionals nor that he is personally responsible for any improper delay in approving a release from a secure or medium-secure facility in which an unaccompanied alien child was placed.  Even if they had made such an allegation, their complaint would not state a claim for relief because a constitutional tort claim cannot be based on negligence.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).

Plaintiffs appear to object to a policy or practice that requires the director's signature on any such release.  However, as the former director of ORR, Defendant was

---

[1] Pursuant to 8 U.S.C. § 1232(c) (2), only children who have been determined to pose a danger to themselves or others are placed in secure facilities.

1    *required* by law to make these decisions and to "consider danger to self, danger to the

2    community and risk of flight." See 8 U.S.C. § 1232(c)(2)(A); 6 U.S.C.

3    § 279(b)(2)(A)(iii).  As such, the FAC's paragraph 129 does not state a plausible claim

4    upon which relief can be granted.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

5    557 (2007) (Rule 12(b)(6) requires factual allegations about defendant's conduct

6    "plausibly suggesting (not merely consistent with)" the asserted violation of plaintiff's

7    rights.).

8        In addition, Plaintiffs have not satisfied their burden of proof that Defendant's

9    conduct in approving releases constituted a clearly established constitutional violation of

10   which any reasonable official would have known.  See Davis v. Scherer, 468 U.S. 183,

11   197 (1984).  Thus, at the very least, Plaintiffs' claims against Defendant are barred by

12   the doctrine of qualified immunity.

13       The remaining allegations of the FAC are asserted against "Defendants" as a

14   group and therefore constitute impermissible shotgun pleading.  See Kwai Fun Wong v.

15   United States, 373 F.3d 952, 966-79 (9th Cir. 2004) (complaint must set forth what each

16   Defendant did to cause constitutional violation); Marcilis v. Township of Redford, 693

17   F.3d 589, 596 (6th Cir. 2012) (collective references to defendants do not adequately

18   establish a Bivens violation); Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013)

19   ("undifferentiated contention that 'defendants infringed' plaintiff's rights failed to state a

20   claim").

21   **B.  The FAC Fails to Satisfy the Requirements of Ziglar v. Abbasi**

22       In addition, the Opposition argues that the FAC states a claim against Defendant

23   pursuant to Ziglar v. Abbasi, 137 S.Ct. 1843 (2017).  Plaintiffs have misinterpreted

24   Abbasi, which does not support Plaintiffs' argument.[2]   In fact, the Abbasi Court

25

26

27       [2] An argument submitted in a reply is not "new" if it is submitted in response to
     proof and arguments first raised in an opposition.  See Terrell v. Contra Costa County,
     232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007); Lexington Ins. Co. v. Swanson, 2007 WL
28

1  rejected the assertion of a constitutional tort claim under Bivens v. Six Unknown Named

2  Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) premised on allegedly-

3  unconstitutional detention policies.  Abbasi, 137 S.Ct. at 1863.

4        Abbasi set forth a two-part test to determine whether a Bivens claim may proceed.

5  A district court must first consider whether the claim presents a new context from

6  previously established Bivens remedies.  If so, the court must then determine whether

7  "special factors counsel hesitation" in expanding Bivens absent affirmative action by

8  Congress.  Id. at 1857.

9        Under Abbasi, a court determines whether the asserted claim involves a "new

10  context" by comparing it to the specific Bivens theories that the Supreme Court has

11  previously authorized: a claim against FBI agents for handcuffing a man in his own

12  home without a warrant in violation of the Fourth Amendment; a claim for gender

13  discrimination under the Fifth Amendment by an employee who was not covered by

14  Title VII of the Civil Rights Act of 1964; and a claim against prison officials for failure

15  to treat an inmate's asthma under the Eighth Amendment.  Id. at 1860.  Expanding

16  Bivens beyond these three contexts "is now a disfavored judicial activity."  Id. at 1857.

17        1.  This Case Arises in a New Bivens Context

18        Here, Plaintiffs' Fifth and First Amendment claims contain little resemblance to

19  the above types of Bivens claims the Supreme Court has recognized.  Indeed, the Abbasi

20  Court found that the confinement conditions imposed on illegal aliens pursuant to a

21  high-level executive policy arises in a new constitutional context.  Id. at 1859-60.

22  Furthermore, the Supreme Court has never recognized a Bivens claim based on

23  procedural due process.  Id. at 1857 (citing cases).  See also K.B. v. Perez, 178

24  F.Supp.3d 1108, (D. Colo. 2016) (declining to recognize new Bivens claim for violation

25  of right to familial association).  Thus, the instant case presents a new or novel Bivens

26  case.

27
─────────────────────
28  1585099 at *5 (W.D. Wash. May 23, 2007); Tyson v. Oregon Anesthesiology Group,
   P.C., 2008 WL 2371420 at *16 (D.Or. June 6, 2008).

1    2.  <u>Special Factors Counsel Hesitation in Implying Plaintiffs' New Bivens Theory</u>

2        With respect to the second step of the <u>Abbasi</u> analysis, the Court stressed that "a

3    <u>Bivens</u> action is not 'a proper vehicle for altering an entity's policy.'"  <u>Abbasi</u>, 137 S.Ct.

4    at 1860 (citing <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 74 (2001)).  And

5    yet, that is precisely the type of action Plaintiffs have brought against Defendant in the

6    instant action.

7        The <u>Abbasi</u> Court's refusal to expand <u>Bivens</u> to alter policy strongly militates

8    against allowing Plaintiffs' requested new <u>Bivens</u> remedy against Defendant.[3]  The

9    Court noted its concern that allowing such a remedy would require inquiry of the

10   discussion and deliberations that led to the policies and government acts challenged, to

11   the detriment of the administrative process and the distraction of officials from their

12   duties.  <u>Abbasi</u>, 137 S.Ct. at 1860.

13       Another important special factor that weighs against creating new types of <u>Bivens</u>

14   liability is whether an "alternative remedial structure" exists relative to the alleged

15   wrongful conduct.  <u>Abbasi</u> 137 S. Ct. at 1858, 1865; <u>Vega v. United States</u>, 724

16   Fed.Appx. 536, 539 (9th Cir. 2018) (citing <u>Abbasi</u> for the view that the presence of an

17   alternative remedy structure alone may limit the court's power to infer a new <u>Bivens</u>

18   cause of action).

19       Here, the FAC already seeks injunctive and declaratory relief to alter ORR's

20   policies and practices.  Such categories of relief are alternative forms of relief that

21   counsel against the creation of a new <u>Bivens</u> remedy under the circumstances of this

22   action.  <u>See</u> <u>Abbasi</u>, 137 S. Ct. at 1862-63 (citing the availability of injunctive relief for

23   detained plaintiffs to address the policy decisions imposed on hundreds of prisoners);

24   <u>Zavala v. Rios</u>, 721 Fed.Appx. 720, 721-22 (9th Cir. 2018) (declining to recognize new

25

26       [3] Plaintiffs' attempt to deny that they challenge ORR policy is disingenuous.  <u>See</u>

27   Opposition at 4.  In fact, the FAC is replete with challenges to ORR policy.  <u>See, e.g.,</u>
     FAC § VI ("ORR POLICY & PRACTICE VIOLATES DUE PROCESS") and

28   individual paragraphs therein.

1    Bivens claims against prison-wide policy where injunctive and declaratory relief were

2    available).

3          Moreover, an action for nominal damages is the functional equivalent of a claim

4    for declaratory relief, which claim Plaintiffs are also already pursuing in this case.  See

5    Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1265 (10th Cir.

6    2004) (McConnell, J., concurring) (noting that nominal damages were originally sought

7    as the means to obtain declaratory relief before passage of declaratory judgment

8    statutes).  To the extent Plaintiffs allege that a nominal damages remedy is somehow

9    necessary to avoid mootness, both the Ninth Circuit and the Supreme Court disfavor the

10   practice of seeking nominal damages for such purposes.[4]  See Carter v. Tahsuda, 743

11   Fed.Appx. 823, 825 (9th Cir. 2018) (citing Arizonans for Official English v. Arizona,

12   520 U.S. 43, 71 (1997)).

13         Yet another alternative remedy that militates against creating a new Bivens

14   remedy here is the availability of habeas corpus relief.  See Abbasi, 137 S.Ct. at 1863;

15   Beltran v. Cardall, 222 F.Supp.3d 476, 489-90 (E.D. Va. 2016).  The Court may also

16   wish to consider whether Plaintiffs have alternative avenues for relief under the Federal

17   Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680, or the Administrative Procedure Act,

18   5 U.S.C. § 702 et seq. ("APA").  See Abbasi, 137 S.Ct. at 1858 (citing cases for the

19   proposition that state tort law may provide alternative means for relief); Western Radio

20   Services Co. v. United States Forest Service, 578 F.3d 1116, 1118, 1122 (9th Cir. 2009)

21   (affirming summary judgment as to Bivens claim for delay and inaction under the First

22   and Fifth Amendments and noting the availability of alternative relief under the APA).

23         Still another special factor counseling against implying new Bivens claims is the

24   "impact on government operations systemwide" resulting from a new damage remedy.

25   _____

26         [4]  During the February 22, 2019 Scheduling Conference of this matter,
     undersigned counsel for Defendant explained that Plaintiffs' counsel Carlos Holguin had
27   told him that the reason he brought the claim against Defendant was to ensure that the
     case did not become moot.  Mr. Holguin, who was present, did not dispute this.
28

                                        5

1   Abbasi, 137 S.Ct. at 1858.  If Plaintiffs new Bivens theory is accepted, then virtually

2   every policy decision made by the head of any Executive branch can be judicially

3   second-guessed if a plaintiff argues that procedural due process is impacted.  As the

4   Abbasi Court warned, the risk of money damages could cause an official to second-guess

5   difficult but necessary decisions.  Id. at 1861.  Although the weight given to such

6   societal costs requires a balancing of interests, the central point of Abbasi is that the

7   proper balance is one that Congress, not the courts, should undertake.  Id. at 1857

8   (separation-of-powers issue should be central to the Court's analysis).

9        Finally, in enacting 8 U.S.C. § 1232(c)(2) and 6 U.S.C. § 279, which granted

10  Defendant significant discretion in the exercise of his former duties, Congress did not

11  provide for a damages remedy therein.  This fact also counsels hesitation in creating the

12  new Bivens remedy Plaintiffs ask this Court to infer.  See Abbasi, 137 S.Ct. at 1862.

13  Therefore, Defendant requests that the Court decline to create the new Bivens remedy

14  based on the claims articulated in the FAC or in the Opposition.

15  **C.  Plaintiff Relies on Inapposite Authorities**

16       Plaintiffs' reliance on Lanuza v. Love, 899 F.3d 1019 (9th Cir. 2018) is misplaced.

17  In Lanuza, a low-level ICE prosecutor forged a document that caused a lawful

18  permanent resident to be ordered removed from this country.  Id. at 1022.  The Lanuza

19  Court distinguished this situation from that of Abbasi on the grounds that Lanuza did not

20  challenge high-level executive action or the policies of the political branches.  Id. at

21  1028-29.  Accordingly, Lanuza is inapposite.

22       Plaintiff's cited case of Arar v. Ashcroft, 585 F.3d 559, 574-575 (2d Cir. 2009)

23  *declined* to recognize a new Bivens remedy under the Fifth Amendment and noted that

24  the action operated as a constitutional challenge to policies promulgated by the executive

25  branch.  Moreover, the Arar court noted that the plaintiff's undifferentiated allegations

26  that "Defendants" denied his rights were properly dismissed because they failed to

27  specify culpable action taken by any single defendant.  Id. at 569.

28

6

1    In addition, <u>Papa v. United States</u>, 281 F.3d 1004 (9th Cir. 2002); <u>American</u>

2  <u>Humanist Ass'n v. United States</u>, 63 F.Supp.3d 1274 (D. Or. 2014); <u>Arocho v. Nafziger</u>,

3  367  Fed.Appx. 942 (10th Cir. 2010); and <u>MacDonald v. United States</u>, 2011 WL

4  6783327 (S.D. Cal. Dec. 23, 2011) all predate <u>Abbasi</u> and are therefore not persuasive

5  authorities on this issue.

6  **D.  The Court Lacks Personal Jurisdiction Over Defendant**

7    As explained above, the FAC does not sufficiently allege any specific acts on the

8  part of the Defendant and certainly none aimed at California or causing any harm.  In

9  addition, Plaintiffs have not presented any affidavits or other competent evidence that

10  Defendant has the requisite minimum contacts with California nor that he personally was

11  responsible for sending any unaccompanied alien children to California whose rights

12  were violated.  Therefore, Plaintiffs have also failed to satisfy their burden of proof with

13  respect to Defendant's motion to dismiss for lack of personal jurisdiction.  <u>See</u> <u>Time</u>

14  <u>Share Vacation Club v. Atlantic Resorts, Ltd.</u>, 735 F.2d 61, 66 n. 9 (3d Cir.1984) ("at no

15  point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's

16  Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.").

17    Defendant further submits that Plaintiffs' overly expansive view of supervisory

18  liability would permit any head of any executive agency to be hauled into court in every

19  state for implementation and oversight of polices under <u>Bivens</u>.  Such a result is exactly

20  what the <u>Abbasi</u> Court sought to avoid.  Plaintiffs' proposed approach should not be

21  adopted by this Court because it violates "traditional notions of fairplay and substantial

22  justice."  <u>Stone v. Derosa</u>, 2009 WL 798930 at *1 (D. Arizona Mar. 25, 2009).  <u>See also</u>

23  <u>Nuclear Transport & Storage, Inc. v. United States</u>, 890 F.2d 1348, 1355 (6th Cir. 1989);

24  <u>Hill v. Pugh</u>, 75 Fed.Appx. 715, 719 (10th Cir. 2003); <u>Munns v. Clinton</u>, 822  F.Supp.2d

25  1048, 1078 (E.D. Cal. 2011).

26  //

27  //

28  //

1   **CONCLUSION**

2          For all the above reasons, and those set forth in the Motion, Defendant requests

3   that the Court dismiss the action against him.

4                                          NICOLA T. HANNA
                                           United States Attorney
5                                          DAVID M. HARRIS
                                           Assistant United States Attorney
6                                          Chief, Civil Division
                                           JOANNE S. OSINOFF
7                                          Assistant United States Attorney
                                           Chief, General Civil Section
8

9                                           /s/  *David Pinchas*
                                           DAVID PINCHAS
10                                         Assistant United States Attorney

11                                         Attorneys for Federal Defendant E. Scott
                                           Lloyd
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28