UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741 DMG (PLAx) | Date | August 21, 2019 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS [161]**

On March 22, 2019, Defendant E. Scott Lloyd, the former director of the Office of Refugee Resettlement ("ORR"), filed a Motion to Dismiss for Lack of Personal Jurisdiction ("MTD") and a Motion for Judgment on the Pleadings ("MJP"). [Doc. # 161.] The matter has since been fully briefed. [Doc. ## 167, 173.] For the reasons discussed in this Order, the Court **DENIES** Lloyd's MTD but **GRANTS** his MJP.[1]

**I.
MOTION TO DISMISS**

Lloyd argues that the Court lacks personal jurisdiction over him. MTD at 5–6 [Doc. # 161].[2] Federal Rule of Civil Procedure 12(g)(2) provides that "a party that makes a [Rule 12] motion . . . must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *See* Fed. R. Civ. P. 12(g)(2). Further, Rule 12(h)(1) provides in pertinent part that a party waives the defense of lack of personal jurisdiction if that party "omit[s] it from a motion in the circumstances described in Rule 12(g)(2)" or fails to "include it in a responsible pleading . . . ." *See* Fed. R. Civ. P. 12(h)(1)(A)–(B). The Ninth Circuit construes these provisions strictly, and has held that the defense of lack of personal jurisdiction is permanently waived if it is not raised at the first opportunity. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106–08 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived. . . . The evidence is quite clear that [the defendant's] first

---

[1] The Court incorporates by reference the procedural and factual background included in its Amended Order re Defendants' Motion to Dismiss and Plaintiffs' Motion for Class Certification. *See* Am. Order at 1–4 [Doc. # 141].

[2] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5741 DMG (PLAx)** | Date | August 21, 2019 |
|---|---|---|---|

| Title | *Lucas R., et al. v. Alex Azar, et al.* | | Page | 2 of 6 |
|---|---|---|---|---|

responsive pleading to the district court raised one Rule 12 defense but did not object to personal jurisdiction.  Thus, we conclude that he has waived his ability to challenge jurisdiction now.").

Lloyd did not raise the defense of lack of personal jurisdiction in his prior motion to dismiss or in his Answer.  *See* Mem. of P. & A. re MTD at 1–22 [Doc. # 51-1]; Lloyd's Answer at 1–14 [Doc. # 145].³  Because Lloyd waived this defense, the MTD is **DENIED**.⁴

**II.
MOTION FOR JUDGMENT ON THE PLEADINGS**

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings under Rule 12(c) is properly granted only when, taking all the factual allegations in the pleadings as true, "the moving party is entitled to judgment as a matter of law."  *Fairbanks N. Star Borough v. U.S. Army Corps. of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) (quoting *Dunlap v. Credit Protection Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (*per curiam*)).  Motions under Rule 12(c) are "functionally identical" to motions under Rule 12(b).  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  A cause of action may be dismissed if it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

**B.    The FAC Fails to State a *Bivens* Claim for Nominal Damages Against Lloyd**

The First Amended Complaint ("FAC") brings only one claim against Lloyd in his individual capacity:  a claim for "nominal damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) . . . ."  *See* FAC at ¶ 22.  All other claims are asserted against the Director of ORR in that person's official capacity.  *See id.*  The

---

³ Although several Defendants filed another motion to dismiss, Lloyd did not join that motion in his individual capacity.  *See* Mem. of P. & A. re MTD at 8 n.1 ("This brief is filed on behalf of the agency and official-capacity Defendants.  The undersigned do not represent any Defendant in his or her personal capacity.") [Doc. # 101-2].

⁴ At the February 22, 2019 Scheduling Conference, the Court ordered Lloyd's counsel to raise any motion challenging personal jurisdiction within 30 days of that hearing.  *See* Feb. 22, 2019 Hr'g Tr. at 4:21–5:24 [Doc. #165].  The Court expressed no opinion on whether Lloyd had waived that defense.  *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741 DMG (PLAx) | Date | August 21, 2019 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 3 of 6 |

parties dispute whether: (1) *Bivens* and its progeny permit Plaintiffs to assert a claim against Lloyd for nominal damages, and (2) Lloyd is entitled to qualified immunity. *See, e.g.*, Opp'n at 8–13 [Doc. # 167]; Reply at 2–8 [Doc. # 173]. Because the Court declines to recognize Plaintiffs' *Bivens* claim for nominal damages, it need not address whether Lloyd is entitled to qualified immunity on that claim.

Plaintiffs frame their *Bivens* claim against Lloyd as such: "Plaintiffs seek class-wide nominal damages for injuries arising from [policies and] practices that abridge class members' substantive constitutional, statutory, and contractual rights without due process of law . . . ."[5] *See* Opp'n at 10 [Doc. # 167]; *see also id.* at 12 ("Lloyd directed his subordinates to do all of the foregoing [unlawful conduct] pursuant to policies and practices that 'appear nowhere in the Code of Federal Regulations[.]'" (quoting FAC at ¶ 115 [Doc. # 81]). In essence, Plaintiffs seek a declaration that Lloyd's adoption and implementation of such policies and practices was unlawful. *See, e.g.*, 13C Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Juris. at § 3533.3 (3d ed. 2019) ("The very determination that nominal damages are an appropriate remedy for a particular wrong implies a ruling that the wrong is worthy of vindication by an *essentially declaratory judgment*." (emphasis added)).

"[T]he [Supreme] Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" and that "a *Bivens* remedy will not be available [in a new context] if there are '"special factors counselling hesitation in the absence of affirmative action by Congress."'" *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). *Abbasi* held that, "[i]f there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." *See id.* at 1858. Plaintiffs concede that "[b]ecause the instant context is new[,] . . . the Court must determine whether special factors counsel against recognizing a *Bivens* remedy." *See* Opp'n at 10 [Doc. # 167]. Such special factors include:

> [T]he rank of the officer involved; whether *Bivens* is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternative avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors.

---

[5] The precise scope of this *Bivens* claim is not clearly defined in the FAC. This ambiguity is immaterial because Plaintiffs' *Bivens* claim for nominal damages would fail regardless of whether it was intended to cover all of the FAC's legal theories.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-5741 DMG (PLAx)** | Date | August 21, 2019 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 4 of 6 |

*See Lanuza v. Love*, 899 F.3d 1019, 1028 (9th Cir. 2018) (citing *Abbasi*, 137 S. Ct. at 1857–63).

Plaintiffs argue that Lloyd's rank does not weigh against recognizing their damages claim because he "played a direct, personal role" in violating their rights, and did not "merely direct[] an agency that commit[ted] constitutional violations." *See* Opp'n at 10–11 [Doc. # 167]. Plaintiffs also assert that their *Bivens* claim would not "unduly burden the Government" because they seek only nominal damages, and that it would not "threaten the political branches' supervision of national security or foreign policy or force the disclosure of sensitive information." *See id.* at 12–13. They further contend that class members who have been "released from ORR custody and [are] no longer entitled to prospective equitable relief . . . have no alternative remedy apart from" the *Bivens* remedy they seek. *See id.* at 13.

Assuming *arguendo* that Lloyd's rank and the federal government's interest in protecting sensitive information do not counsel against recognizing Plaintiffs' nominal damages claim, the Court nonetheless finds that it "must refrain from creating [this] remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." *See Abbasi*, 137 S. Ct. at 1858. Because Plaintiffs allege the functional equivalent of a declaratory relief claim, recognizing such a private right of action would run afoul of the Supreme Court's admonition that "a *Bivens* action is not 'a proper vehicle for altering an entity's policy.'" *See Abbasi*, 137 S. Ct. at 1860 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)); *see also* FAC at 4, 57 (claiming that ORR's policies and practices are "unlawful"); *City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1429 n.6 (D.C. Cir. 1994) (noting that requests for declaratory relief can "aim to prevent future illegal acts").

Likewise, the Court is not persuaded that class members who have been released in fact need this *Bivens* claim. Admittedly, unless such class members are returned to ORR's custody, they would not benefit from any prospective equitable relief awarded in this case. *See, e.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168 1177–82 (N.D. Cal. 2017) (noting that ORR had reassumed custody over three minors that the agency had initially released). Nonetheless, as nominal damages would be woefully ineffective at compensating class members for the injuries they allegedly suffered, these damages would not serve any purpose that is not already achieved via Plaintiffs' requests for injunctive and declaratory relief.[6] *See Freedom From Religion*

---

[6] During the February 22, 2019 Scheduling Conference, Lloyd's attorney asserted that Plaintiffs' counsel had told him that his clients asserted the *Bivens* claim against Lloyd in order to prevent the case from becoming moot. *See* Feb. 22, 2019 Hr'g Tr. at 4:21–5:3 [Doc. #165]. The Court notes that even if the ORR did change its policies and/or practices, voluntary cessation of the agency's illegal conduct would not necessarily render the underlying controversy moot. The doctrine of voluntary cessation imposes upon Defendants "the formidable burden of showing that it is *absolutely clear* the allegedly wrongful behavior could not reasonably be expected to recur."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-5741 DMG (PLAx) | Date | August 21, 2019 |
|---|---|---|---|

| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 5 of 6 |
|---|---|---|---|

*Found., Inc. v. Franklin Cty., Ind.*, 133 F. Supp. 3d 1154, 1158–59 (S.D Ind. 2015) ("[N]ominal damages are symbolic only, do not compensate for past wrongs, and were traditionally appropriate when an authoritative legal determination of a dispute is all that the parties require . . . ." (internal quotation marks omitted) (quoting *Freedom from Religion Found., Inc. v. City of Green Bay*, 581 F. Supp. 2d 1019, 1031 (E.D. Wis. 2008))). It also follows that "there is adequate deterrence absent [the] damages remedy" that Plaintiffs seek. *See Lanuza*, 899 F.3d at 1028.

In sum, the Court finds that "there are sound reasons to think Congress might doubt the *efficacy* or *necessity* of [the aforementioned] damages remedy as part of the system for enforcing the law and correcting a wrong . . . ." *See Abbasi*, 137 S. Ct. at 1858 (emphasis added). Consequently, "[t]he proper balance" between "deterrence of constitutional violations and the costs of allowing a lawsuit to proceed" is "one for the Congress, not the Judiciary, to undertake." *See Lanuza*, 899 F.3d at 1032; *Abbasi*, 137 S. Ct. at 1863.

**C.     Plaintiffs Are Not Entitled to Leave to Amend**

Plaintiffs' Opposition does not request leave to amend the FAC in the event the Court is inclined to grant Lloyd's MJP. Additionally, Plaintiffs fail to state a *Bivens* claim for nominal damages because special factors counsel against recognizing such a remedy in this context. As Plaintiffs' *Bivens* claim is not supported by a cognizable legal theory, permitting them to file an amended pleading would be a futile exercise. For these reasons, the Court **GRANTS** Lloyd's MJP without leave to amend. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("We conclude that the plaintiffs cannot cure [a] basic flaw in their pleading. Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment.").

**III.
CONCLUSION**

For the foregoing reasons, the Court issues the following rulings:

1.   Lloyd's MTD is **DENIED**;

---

*See Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1166 (9th Cir. 2013) (emphasis added) (internal quotation marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Thus, "this is not a case . . . in which 'it is damages or nothing.'" *See Abbasi*, 137 S. Ct. at 1862 (quoting *Bivens*, 403 U.S. at 410).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5741 DMG (PLAx) | Date | August 21, 2019 |
| Title | *Lucas R., et al. v. Alex Azar, et al.* | Page | 6 of 6 |

2. Lloyd's MJP is **GRANTED**; and

3. All of the FAC's claims against Lloyd in his individual capacity are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.