CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page and signature blocks*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>ALEX AZAR, et al.,<br><br>             Defendants. | Case No.  2:18-CV-05741 DMG PLA<br><br>**JOINT STIPULATION AND REQUEST RE SCHEDULE OF PRETRIAL AND TRIAL DATES**<br><br>[Proposed Order Filed Concurrently Herewith]<br><br>Complaint Filed: June 29, 2018<br>Discovery Cutoff Date: Jan. 31, 2020<br>Pretrial Conference Date: June 9, 2020<br>Trial Date: July 28, 2020<br>Judge: Hon. Dolly M. Gee |

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
       ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email:  swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

*Attorneys for Plaintiffs*

1    WHEREAS, on or about June 29, 2018, Plaintiffs filed a Complaint, and on or about September 7, 2018, filed a First Amended Complaint ("FAC") in the above-captioned action;

WHEREAS, on or about November 2, 2018, the Court denied Defendants' motion to dismiss the FAC and certified five nationwide classes, which were modified by order entered December 27, 2018 (Dkt. Nos. 126, 141);

WHEREAS, on or about January 9, 2019, Defendants answered the FAC (Dkt. Nos. 144, 145);

WHEREAS, on or about January 23, 2019, the Parties met and conferred, and on February 8, 2019, submitted a Joint Report of Parties' Planning Meeting Under Fed. R. Civ. P. 16 and 26(f) and L.R. 26-1, attaching as Exhibit A a Schedule of Pretrial & Trial Dates Worksheet listing the Parties' good-faith estimates of feasible pretrial and trial deadlines (Dkt. No. 148);

WHEREAS, on or about February 22, 2019, the Court entered a Scheduling and Case Management Order Re Court Trial, attaching a Schedule of Pretrial & Trial Dates (Court Trial) listing the Court-ordered pretrial and trial deadlines (collectively, "Scheduling Order") – which modified slightly, but generally tracked, the Parties' proposed dates, including but not limited to:

- Non-Expert Discovery Cut-Off:   January 31, 2020
- Expert Discovery Cut-Off:       March 2, 2020
- Motion Cut-Off:                 March 13, 2020
- Trial:                          July 28, 2020 (estimated 6-week trial)

(Dkt. No. 151);

WHEREAS, on or about March 6, 2019, the Parties participated in a Discovery Conference with Magistrate Judge Abrams, following which Judge Abrams, with the consent of Your Honor, revised the Initial Expert Disclosure and Report Deadline and the Rebuttal Expert Disclosure and Report Deadline at the request of the Parties and to correct an error in the dates initially requested by the Parties. The Court further ordered

that the Parties are entitled to 35 depositions per side, excluding expert depositions (Dkt. No. 157);

WHEREAS, on or about June 25, 2019, the Parties filed – and on June 26, 2019, the Court entered – a Stipulated Plan Regarding Discovery of Electronically Stored Information ("ESI"), providing for, *inter alia*, the completion of the Parties' ESI productions within 120-days of agreement on search terms and sources (Dkt. Nos. 180, 181);

WHEREAS, the Parties engaged in extensive meet-and-confer calls and correspondence and, on or around June 22, 2019, agreed to Defendants' ESI search terms and custodians;

WHEREAS, on or around October 21, 2019, Defendants' timely completed their rolling ESI production, but are still producing non-ESI documents, including those subject to the Parties' forthcoming meet-and-confer call regarding Plaintiffs' Requests for Production of Documents, Set Two;

WHEREAS, to date, Defendants have produced approximately 192,274 pages of documents in 11 volumes of production, which documents Plaintiffs are currently reviewing;

WHEREAS, on or around October 22, 2019, the Parties met and conferred regarding Defendants' redactions based on their assertions of the deliberative process privilege in their production of documents, and on or around October 29, 2019, the Parties agreed that – without waiver to Plaintiffs' rights or remedies – Defendants would (1) re-review the approximately 1,500 documents in which information was withheld based solely on the deliberative process privilege, and re-produce unredacted versions of documents which redacted recommendations relating to class members, (2) re-review any documents designated deliberative process privileged and attorney-client privileged or work product that Plaintiffs bring to Defendants' attention for potential unredaction, and (3) produce a new privilege log with more information to support their privilege designations;

WHEREAS, on November 6, 2019, Defendants completed their re-review of the 1,500 documents withheld solely based upon the deliberative process privilege, unredacted recommendations relating to class members, and produced an overlay of these documents to Plaintiffs for review and the new privilege log on November 8, 2019, and have since identified additional documents that need to be re-reviewed and designated pursuant to the Parties' October 29, 2019 agreement;

WHEREAS, Defendants require time to complete their reviews, productions, and privilege logs, and once produced, Plaintiffs will require time to review the re-produced documents and assess the Defendants' privilege designations;[1]

WHEREAS, on November 8, 2019, the Parties met and conferred regarding Plaintiffs' noticed 30(b)(6) topics and Plaintiffs' Requests for Production of Documents, Set Two, and are working towards a mutually acceptable agreement, which will result in additional time to review and produce the documents agreed upon, as well as conduct the noticed 30(b)(6) depositions;

WHEREAS, Plaintiffs have taken and/or noticed approximately 16 depositions, and Defendants have taken and/or noticed approximately 10 depositions, with most of the depositions coming between October and December, after Defendants' substantial completion of document production; but due to the Parties' desire to hold depositions after substantial document production and the scheduling of the parties and witnesses, the Parties require additional time to complete non-expert depositions;

WHEREAS, since as early as April 2019, the Parties have been engaged in extensive and productive settlement discussions, including but not limited to attending two Settlement Conferences with Magistrate Judge Pym, with a third Settlement Conference scheduled for December 11, 2019 (*see* Dkt. Nos. 169-72, 179, 196, 202);

WHEREAS, Plaintiffs have discussed settlement of their claims for Denial of Due Process: Determining Custodians' Fitness (First Claim for Relief), Denial of Due

---

[1] The Parties have worked cooperatively to resolve other disputes throughout the course of discovery, including with respect to written discovery and document productions.

Process: Restrictive Placement (Second Claim for Relief), and Blocking Legal Assistance in Matter Relating to Custody, Medication and Release (Fourth Claim for Relief), and are optimistic that they will reach a settlement on one or more of their claims;

WHEREAS, Plaintiffs' counsel additionally have been seeking settlement of their claim for Unlawful Administration of Psychotropic Drugs (Third Claim for Relief) in this action via mediation discussions in *Flores, et al. v. William P. Barr, et al.*, Central District of California Case No. CV 85-4544-DMG (AGRx);

WHEREAS, the Parties anticipate engaging in additional settlement discussions;

WHEREAS, in light of the extensive time and resources the Parties have expended in an effort to settle multiple claims in this case, including during the discovery phase of this case; as well as the myriad classes and claims at issue; the volume and complexity of discovery; the development of unanticipated issues in discovery, and the Parties' good-faith efforts to cooperatively resolve those issues; and the scheduling of the parties and witnesses for deposition; the Parties jointly request a modest continuance of the deadlines imposed in the Court's Scheduling Order (Dkt. No. 151), as modified by Judge Abrams's March 6, 2019 Order (Dkt. No. 157). Indeed, as a result of the Parties efforts' in both settlement and in discovery, the Parties would benefit from a modest extension of time to complete their non-expert and expert discovery and to continue their efforts to resolve claims through settlement. As such, the Parties jointly propose modest extensions of the non-expert discovery cut-off (approximately 6-week extension) and expert discovery cut-off (approximately 15-week extension), without extending trial significantly (12-week extension). The Parties also anticipate a reduction in the estimated time for trial in light of the Parties' efforts to resolve certain or all claims;

WHEREAS, for the foregoing reasons, the Parties submit that they have exhibited due diligence in conducting discovery and in otherwise prosecuting the case, and that good cause exists for the modest extensions requested. The Parties further

submit that no Party will be prejudiced by the relief sought, and such relief will not significantly delay trial in this action, but rather allow for efficient resolution of the claims;

NOW, THEREFORE, the Parties stipulate and respectfully request that the Court adjust the current schedule as follows, or as the Court's calendar permits:

| Schedule | | |
|---|---|---|
| **Matter** | **Existing Date** | **Proposed New Date** |
| **TRIAL** [ x ] Court [ ] Jury<br>Duration Estimate: 6 Weeks | 7-28-20<br>(Tuesday) | 10-20-20 |
| **FINAL PRETRIAL CONFERENCE (FPTC)**<br>4 wks before trial | 6-9-20<br>(Tuesday) | 9-22-20 |

| Matter | Existing Date | Proposed New Date |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 5-17-19 | Completed |
| Early Mediation Deadline | 8-5-19 | Completed |
| Joint Report re Results of Early Mediation | 8-19-19 | |
| Initial Expert Disclosure & Report Deadline | 12-9-19 | 3-27-20 |
| Rebuttal Expert Disclosure & Report Deadline | 2-3-2020 | 5-22-20 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | 1-31-20 | 3-13-20 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | 3-2-20 | 6-19-20 |
| Motion Cut-Off (filing deadline) | 3-13-20 | 7-3-20 |
| Settlement Conference Completion Date | 4-3-20 | N/A |
| Joint Status Report re Settlement | 4-17-20 | N/A |

| Matter | Existing Date | Proposed New Date |
|---|---|---|
| Motions in Limine Filing Deadline | 4-28-20 | 8-28-20 |
| Opposition in Motion in Limine Filing Deadline | 5-12-20 | 9-11-20 |
| | | |
| Early Mediation Deadline Proposed Pretrial Conference Order | 5-29-20 | 9-11-20 |
| Pretrial Exhibit Stipulation | 5-29-20 | 9-11-20 |
| Joint Exhibit List | 5-29-20 | 9-11-20 |
| Witness Lists & Joint Trial Witness Time Estimate Form | 5-29-20 | 9-11-20 |
| Witness Declarations or Marked Depositions | 6-30-20 | 9-22-20 |
| Objections to Witness Declarations/Marked Depositions | 7-14-20 | 10-6-20 |
| Proposed Findings of Fact and Conclusions of Law | 6-30-20 | 9-22-20 |
| Mark Up of Opponent's Proposed Findings/Conclusions | 7-14-20 | 10-6-20 |

| | | |
|---|---|---|
| 1 | Dated: November 12, 2019 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Jon F. Cieslak* |
| 4 | | Jon F. Cieslak (268951)<br>Attorneys for Plaintiffs<br>Email: jcieslak@cooley.com |
| 5 | Dated: November 12, 2019 | JOSEPH H. HUNT<br>Assistant Attorney General |
| 6 | | Civil Division |
| 7 | | ERNESTO MOLINA<br>JEFFREY ROBINS |
| 8 | | Deputy Directors<br>BENJAMIN MARK MOSS |
| 9 | | W. DANIEL SHIEH<br>Senior Litigation Counsel |
| 10 | | MARINA STEVENSON<br>JONATHAN K. ROSS |
| 11 | | ANTHONY J. MESSURI<br>Trial Attorneys |
| 12 | | Office of Immigration Litigation<br>Civil Division, U.S. Department of Justice |

By: */s/ W. Daniel Shieh*
W. Daniel Shieh
Senior Litigation Counsel
United States Department of Justice
Attorneys for Official-Capacity
Defendants
Email: daniel.shieh@usdoj.gov

### CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

Dated: November 12, 2019         COOLEY LLP

By: */s/ Jon F. Cieslak*
Jon F. Cieslak (268951)
Attorneys for Plaintiffs
Email: jcieslak@cooley.com