CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page and signature blocks*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALEX AZAR, et al.,<br><br>　　　　Defendants. | Case No. 2:18-CV-05741 DMG PLA<br><br>**JOINT STIPULATION FOR LIMITED DISCOVERY AFTER MARCH 13, 2020 NON-EXPERT DISCOVERY DEADLINE**<br><br>[Proposed Order Filed Concurrently Herewith]<br><br>Complaint Filed: June 29, 2018<br>Discovery Cutoff Date: Mar. 13, 2020<br>Pretrial Conference Date: Sept. 22, 2020<br>Trial Date: Oct. 20, 2020<br>Judge: Hon. Dolly M. Gee |

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
　　　　ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
　　　　ndesai@youthlaw.org
　　　　pjuneja@youthlaw.org
　　　　fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: swynn@cooley.com
　　　　mkkelley@cooley.com
　　　　mdonohue@cooley.com

COOLEY LLP
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: rtarneja@cooley.com
　　　　amayhugh@cooley.com

*Attorneys for Plaintiffs*

WHEREAS the Court's November 13, 2019 Order extending the case schedule set the deadline for non-expert discovery for March 13, 2020;

WHEREAS on October 8, 2019, Plaintiffs noticed the deposition of Dr. Micah Sickel pursuant to Federal Rule of Civil Procedure 30(a) for a deposition in Washington, D.C. on December 4, 2019.  Since October 8, 2019 and through the present, Dr. Sickel has been on administrative leave and therefore unable to testify, and no replacement has been hired;

WHEREAS because of the foregoing, it is not feasible for Dr. Sickel or his potential replacement's deposition to take place before the current deadline for non-expert discovery on March 13, 2020;

WHEREAS the Parties have agreed to extend non-expert discovery through the end of expert discovery for the limited purpose of allowing Plaintiffs to seek to complete the already-noticed deposition of Dr. Sickel or his potential replacement, provided either Dr. Sickel returns from administrative leave or a potential replacement is hired;[1]

WHEREAS on January 27, 2020, Plaintiffs noticed the depositions of two third-party witnesses, Rocio A. Lawrence, the lead case manager at Shiloh Treatment Center, and Dr. Javier Ruiz, the child psychiatrist at Shiloh Treatment Center, pursuant to Federal Rule of Civil Procedure 30(a) for depositions during the week of March 4-13, 2020, but counsel for the third-party witnesses represented that they are unavailable to testify by March 13, 2020;

WHEREAS on January 27, 2020, Plaintiffs noticed the deposition of a third-party witness, General Dynamics Information Technology (GDIT), to be held on February 21, 2020, but GDIT objected to the noticed topics, and GDIT and Plaintiffs' counsel are still negotiating the scope of the deposition;

WHEREAS because of the foregoing, it is not feasible for the three third-party depositions to proceed as presently noticed, or before the current deadline for non-

---

[1] In the concurrently filed Joint Stipulation and Request Regarding Schedule of Pretrial and Trial Dates, the parties have proposed August 14, 2020 for the new deadline for expert discovery.

expert discovery on March 13, 2020;

WHEREAS the Parties have agreed to extend non-expert discovery through April 13, 2020 for the limited purpose of allowing Plaintiffs to seek to complete these three third-party depositions;

WHEREAS on August 27, 2019, Defendants noticed the deposition of Reyna D., Jaime D.'s next friend, for a deposition in Washington, D.C., which was confirmed by Plaintiffs for November 5, 2019, postponed by Plaintiffs on October 30, 2019 due to Reyna D.'s temporary unavailability, and cancelled by Plaintiffs on January 14, 2020 due to Reyna D.'s permanent unavailability to be deposed;

WHEREAS on January 27, 2020, Defendants therefore noticed the deposition of Jaime D. pursuant to Federal Rule of Civil Procedure 30(a), for a deposition in Washington, D.C., confirmed by Plaintiffs for the week of March 2 or March 9, 2020;

WHEREAS on March 4, 2020, Plaintiffs informed Defendants that Jaime D.'s case worker indicated that because of the uncertainty and anxiety associated with an unexpected disruption in his foster placement, proceeding with the March 10 deposition was not in his best interest;

WHEREAS because of the foregoing, it is not feasible for Jaime D.'s deposition to proceed as presently noticed, or before the deadline for non-expert discovery on March 13, 2020;

WHEREAS the Parties have agreed to extend non-expert discovery for the limited purpose of allowing Defendants to depose Jaime D., which the parties will endeavor to do by April 13, 2020;

WHEREAS on February 28, 2020, Plaintiffs requested certain documents and information from Defendants with respect to psychotropic medications and a mental health presentation, as memorialized in Defendants' March 6, 2020 correspondence, attached hereto as Exhibit 1;

WHEREAS the Parties have agreed that Defendants will endeavor to produce or otherwise respond to these requests on or before April 13, 2020, and work cooperatively

with Plaintiffs if additional time is needed to produce the requested documents;

WHEREAS on March 3, 2020, Plaintiffs notified Defendants of a set of document requests Plaintiffs wish to seek from third parties, as memorialized in Defendants' March 6, 2020 correspondence (*see* Ex. 1);

WHEREAS the Parties have agreed to extend non-expert discovery through April 13, 2020 for the limited purpose of allowing Plaintiffs to seek these documents from the third parties;

WHEREAS Plaintiffs agree to engage in good faith, informal negotiations with counsel representing the third parties to conduct the depositions and seek the requested documents memorialized in Defendants' March 6, 2020 correspondence (*see* Ex. 1);

WHEREAS Plaintiffs agree to provide Defendants with electronic copies of any documents Plaintiffs obtain through third-party discovery;

WHEREAS the Parties agree that no further extensions of non-expert discovery shall be sought beyond the limited discovery agreed to in this stipulation;

WHEREAS Defendants agree not to obstruct Plaintiffs' efforts to seek the third-party discovery articulated in this stipulation and Exhibit 1, but make no representations or guarantees about third-party compliance with any requests or subpoenas; and

WHEREAS the Parties are mindful of their obligations to adhere to the case schedules adopted by the Court, and have been endeavoring to comply, but jointly believe there is good cause for a discrete modification of the case schedule because of the necessities of the case, as summarized above and in the Joint Stipulation and Request Regarding Schedule of Pretrial and Trial Dates filed concurrently herewith.

NOW THEREFORE the Parties through their respective counsel of record do hereby stipulate and request that the Court make and enter the following order:

1. The March 13, 2020 deadline for non-expert discovery shall not apply to the deposition of Dr. Micah Sickel if he becomes available or his potential replacement is hired, and the Parties may schedule the deposition at a mutually agreeable time up through the close of expert discovery;

2. The March 13, 2020 deadline for non-expert discovery shall not apply to the third-party deposition of Rocio A. Lawrence, the lead case manager at Shiloh Treatment Center. Any such deposition must occur, if at all, on or before April 13, 2020;

3. The March 13, 2020 deadline for non-expert discovery shall not apply to the third-party deposition of Dr. Javier Ruiz, the child psychiatrist at Shiloh Treatment Center. Any such deposition must occur, if at all, on or before April 13, 2020;

4. The March 13, 2020 deadline for non-expert discovery shall not apply to the deposition of Jaime D. Plaintiffs will endeavor to produce Jaime D. for his deposition on or before April 13, 2020;

5. The March 13, 2020 deadline for non-expert discovery shall not apply to the third-party deposition of GDIT. Any such deposition must occur, if at all, on or before April 13, 2020;

6. The March 13, 2020 deadline for non-expert discovery shall not apply to the information and document requests Plaintiffs seek from Defendants, as memorialized in Defendants' March 6, 2020 correspondence (*see* Ex. 1), which Defendants will endeavor to produce or otherwise respond to by April 13, 2020;

7. The deadline for non-expert discovery shall not apply to the set of documents Plaintiffs seek from third parties, also memorialized in Defendants' March 6, 2020 correspondence (*see* Ex. 1), which Plaintiffs may seek up to and including April 13, 2020;

8. Plaintiffs shall provide to Defendants electronic copies of all documents Plaintiffs receive in the third-party discovery articulated in this stipulation;

9. The deadline for all other non-expert discovery is closed as of March 13, 2020, with respect to all other document requests and challenges, including on privilege assertions for electronically stored information; and

10. Plaintiffs will comply with all applicable rules regarding the enforcement of any

third-party subpoenas.

Dated: March 6, 2020    COOLEY LLP

By: */s/ Alexandra R. Mayhugh*
Alexandra R. Mayhugh (300446)
Attorneys for Plaintiffs
Email: amayhugh@cooley.com

Dated: March 6, 2020    JOSEPH H. HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
JEFFREY ROBINS
Deputy Directors
BENJAMIN MARK MOSS
W. DANIEL SHIEH
Senior Litigation Counsel
MARINA STEVENSON
JONATHAN K. ROSS
ANTHONY J. MESSURI
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Department of Justice

By: */s/ W. Daniel Shieh*
W. Daniel Shieh
Senior Litigation Counsel
United States Department of Justice
Attorneys for Official-Capacity Defendants
Email: daniel.shieh@usdoj.gov

### CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

Dated: March 6, 2020    COOLEY LLP

By: */s/ Alexandra R. Mayhugh*
Alexandra R. Mayhugh (300446)
Attorneys for Plaintiffs
Email: amayhugh@cooley.com