**EXHIBIT 1**

**Mayhugh, Alexandra R.**

| | |
|---|---|
| **From:** | Shieh, Daniel (CIV) <Daniel.Shieh@usdoj.gov> |
| **Sent:** | Friday, March 6, 2020 1:45 PM |
| **To:** | Mayhugh, Alexandra R. |
| **Subject:** | Joint Stipulations for Extension of Case Schedule and Non-Expert Discovery |

**[External]**

Hi Alix,

As we discussed, please find attached: (1) the finalized joint stipulation for extending limited non-expert discovery, and (2) the finalized joint stipulation for extending the case schedule. Separately, here is a summary of the limited documents the parties agreed upon for purposes of the non-expert extension, to be attached as Exhibit 1 to the joint stipulation for extending limited non-expert discovery.

**ORR INFORMATION/DOCUMENTS**: Defendants will endeavor to produce the following by April 13, 2020:

1. Updated listing of prescription / administration of psych meds to class members: names of UACs on psych meds, A#, prescribing physician, city, and state of prescribing physician, May 2020 through January 2020, or as reasonably close to such date as practicable. If Defendants cannot produce this listing by April 13, 2020, Defendants will work cooperatively with Plaintiffs to ensure the listing is produced as soon as practicable.

2. If PCU aggregates records of dosage and duration of psychotropic medications for UACs in ORR custody, i.e., it stores the information in an electronic data field that can be collected digitally in a data pull rather than mined manually, that information will be produced for the time period from January 2019 through January 2020. If the information is not aggregated as described, the Parties agree Defendants will not produce the requested information. Defendants will provide a declaration confirming the information is not aggregated as described.

3. The 4-part webinar mental health training series on treating trauma in minors developed by Dr. Micah Sickel.

**THIRD PARTY DOCUMENTS**: The Parties agree that Defendants will not obstruct Plaintiffs' efforts to seek the third party discovery articulated in the Parties' joint stipulation for extending limited non-expert discovery and in this email, but make no representations or guarantees about third party compliance with any requests or subpoenas. The Parties also agree that Plaintiffs will comply with all applicable rules regarding the enforcement of any third-party subpoenas.

- **One document request to Children's Village, Southwest Key, BCFS, Heartland, and Morrison Paso**:
    - DOCUMENTS RELATING TO XX's POLICIES AND PRACTICES that RELATE TO the prescription and administration of PSYCHOTROPIC MEDICATIONS to CLASS MEMBERS at XX from January 1, 2017 to present, including refusal of CLASS MEMBERS to take PSYCHOTROPIC MEDICATIONS; INFORMED CONSENT and INFORMED ASSENT for such medications; and monitoring, review, and oversight of such medications.

- **Three document requests to Mercy First**:
    - DOCUMENTS sufficient to show the availability and provision of MENTAL HEALTH CARE and support to CLASS MEMBERS residing at MERCY FIRST from January 1, 2017 to the present.
    - DOCUMENTS sufficient to show the number of and reasons for hospitalizations of CLASS MEMBERS residing at MERCY FIRST from January 1, 2017 to the present.
    - DOCUMENTS RELATING TO MERCY FIRST's POLICIES AND PRACTICES that RELATE TO the prescription and administration of PSYCHOTROPIC MEDICATIONS to CLASS MEMBERS at MERCY FIRST from January 1, 2017 to present, including refusal of CLASS MEMBERS to take PSYCHOTROPIC MEDICATIONS;

INFORMED CONSENT and INFORMED ASSENT for such medications; and monitoring, review, and oversight of such medications.

- **Three document requests to PCU**:
    - DOCUMENTS sufficient to show mental health care provided to CLASS MEMBERS, including the prescription and administration of PSYCHOTROPIC MEDICATIONS to CLASS MEMBERS, from January 1, 2017 to present, including management, monitoring, review, and oversight of such medications.
    - DOCUMENTS sufficient to show review, approval, or denial of claims or treatment authorization requests (TARs) for mental health care for CLASS MEMBERS, including that RELATE TO PSYCHOTROPIC MEDICATIONS, from January 1, 2017 to present, including related policies, practices, and any individual level or aggregate data or information.
    - DOCUMENTS sufficient to show PCU'S POLICIES AND PRACTICES relating to any red flag, secondary review, or any other oversight system to monitor or oversee the prescription or administration of PSYCHOTROPIC MEDICATIONS to CLASS MEMBERS.

- **Two document requests to Magellan**:
    - DOCUMENTS sufficient to show mental health care provided to CLASS MEMBERS, including that RELATE TO PSYCHOTROPIC MEDICATIONS for CLASS MEMBERS, from January 1, 2017 to present.
    - DOCUMENTS sufficient to show review, approval, denial, or payment of claims or treatment authorization requests (TARs) for mental health care for CLASS MEMBERS, including that RELATE TO PSYCHOTROPIC MEDICATIONS, from January 1, 2017 to present.

Thanks again for handling the filing.  I really appreciate it.  Feel free to reach out any time.

Best regards,

Dan

W. Daniel Shieh
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
Tel. 202-305-9802
Fax. 202-305-1890

**CONFIDENTIALITY NOTICE:** This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.