UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 18-5741-DMG (PLAx)**    Date: **May 13, 2020**

Title:   **Lucas R., et al. v. Alex Azar, et al.**

---

PRESENT:  THE HONORABLE    **PAUL L. ABRAMS**
UNITED STATES MAGISTRATE JUDGE

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

**PROCEEDINGS:**       **(IN CHAMBERS)**

As directed (ECF No. 244), the parties have presented submissions to the Court's chambers pertaining to their dispute over whether defendants should be ordered to provide access to class member files under ORR policy. Plaintiffs argue that during the course of this litigation, they have requested and received class member case files directly from ORR pursuant to ORR policy, with written authorization of the specific class members, including having received files as recently as November 2019.  During the months of December 2019 through March 2020, they then obtained authorizations for the release of case files from a number of additional class members, and submitted requests for the files of 28 class members pursuant to ORR policy; defense counsel was copied on these requests.  On March 10, 2020, three days before the close of fact discovery in this action, ORR indicated that plaintiffs could *not* use this process to request case files of the class members in this action, and could not obtain such files "outside of the parameters negotiated during fact discovery."  Plaintiffs contend, however, that these requests are separate from formal discovery, and that "[d]efendants must produce those files under the Policy, litigation notwithstanding."  Plaintiffs argue that the case file requests are not impacted by limitations on formal discovery, as ORR cannot interfere with the rights a child possesses to the release of his or her own records, and "[d]iscovery does not limit the evidence Plaintiffs may seek through independent investigation," even after the close of formal discovery.  Thus, plaintiffs seek a Court determination that their case file requests are outside the scope of formal discovery, and that defendants cannot withhold those files based on this litigation and the parameters of discovery.

Defendants counter that plaintiffs are seeking to compel production of documents in their custody and control, that this dispute is governed by the discovery procedures in this action, and that plaintiffs have not raised this issue in a timely manner in light of the District Judge's Case Management Order.  See ECF Nos. 151, 221.  Indeed, that Order required that any motion to compel production be filed and calendared "sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted."  The cutoff here was March 13, 2020, and the instant case file issue was not brought to the Court's attention until the telephonic conference of April 29, 2020.  In the alternative, defendants argue that plaintiffs have circumvented the Rule 34 discovery process to obtain case files, and thus violated the Case Management Order and federal rules, and have offered no reason why administrative exhaustion rules should be disregarded to "compel production under a FOIA request they never made."  Defendants note that instead of producing all case files for all class members, the parties agreed that defendants would produce the files of 75 randomly

selected files as a compromise, resulting in the production of almost 100,000 pages of records. But instead of serving supplemental Rule 34 document requests on defendants' counsel for additional case files, plaintiffs sought documents directly from a represented party (ORR), and defendants did not have a "reasonable basis" to believe that emails sent by plaintiffs directly to ORR were connected to this action and were meant to be Rule 34 requests. Neither does the fact that plaintiffs previously received files directly from ORR "through a misapplication of ORR's procedures" warrant further violations of Rule 34. Defendants submit that by filing suit, plaintiffs are obligated to comply with the rules governing production of documents, and there is no basis to now allow for the reopening of discovery.

If this dispute is viewed as a discovery dispute, then it is clearly untimely under the District Judge's Case Management Order, as the issue was not presented to the Court until more than six weeks after fact discovery concluded.[1] See United States ex rel. U.S. Gen'l Servs. Admin. v. McMackin, 471 F. App'x 794, 795 (9th Cir. Mar. 15, 2012) (citable for its persuasive value pursuant to Ninth Circuit Rule 36-3) (where party in action did not demonstrate that he sought documents from the opposing party through discovery, but only through a FOIA request, district court did not abuse its discretion in denying his motion to compel a response to the request).[2]

If it is not a discovery dispute, but rather a question of whether or not plaintiffs are entitled as a general, non-litigation, matter to obtain documents from ORR *outside* of the discovery process in this action, then the Court will not order such production *as part of this action*. Instead, plaintiffs should: (1) seek to obtain the subject documents pursuant to the official ORR policies and procedures for obtaining such documents (which they claim to have followed), and (2) then follow whatever ORR procedures may exist for obtaining documents when ORR unreasonably refuses to produce documents in response to a request that otherwise complies with ORR policies and procedures for obtaining case file documents, does not present a safety concern, or that has not been rejected for some other "necessary" reason. (See, e.g., Pls.' Letter Brief Ex. A (Policy § 2)). While plaintiffs are certainly entitled to pursue evidence related to litigation outside of formal discovery processes, they may not then seek to obtain compliance with their extra-litigation efforts by Court intervention instead of pursuing remedies that may exist pursuant to the ORR policies and procedures.

Plaintiffs' request for an order that defendants produce the subject documents is **denied**.[3]

cc: Counsel of Record

Initials of Deputy Clerk ____ch____

---

[1] This Court will not revise the District Judge's scheduling order, and notes that the parties recently agreed to two revisions of that order that did not extend the fact discovery deadline as to these documents or even mention the documents at issue herein.

[2] The Court acknowledges that ORR Policy specifically states that requesting parties "must make a request . . . under the following policies and procedures," and "should not make a FOIA request" for case file information. (Pls.' Letter Brief Ex. A).

[3] The Court declines defendants' request that plaintiffs be ordered to destroy documents that they previously received from ORR; nor will the Court recommend to the District Judge that plaintiffs be prevented from utilizing such documents at trial.