# DX-53

Plaintiff Gabriela N.'s Responses to Defendants' Revised First Set of Interrogatories, June 29, 2019

CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LUCAS R., *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>ALEX AZAR, Secretary of U.S. Department of Health and Human Services; *et al.*,<br><br>       Defendants. | Case No. 2:18-CV-05741-DMG-PLA<br><br>PLAINTIFF GABRIELA N.'S RESPONSES TO DEFENDANTS' REVISED FIRST SET OF INTERROGATORIES. |

**CONFIDENTIAL**

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
      ccwhite@ucdavis.edu

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
POONAM JUNEJA (Cal. Bar No. 300848)
FREYA PITTS (Cal Bar. No. 295878)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
      ndesai@youthlaw.org
      pjuneja@youthlaw.org
      fpitts@youthlaw.org

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

SUMMER WYNN (Cal. Bar No. 240005)
MARY KATHRYN KELLEY (Cal. Bar No. 170259)
JON F. CIESLAK (Cal. Bar No. 268951)
MEGAN L. DONOHUE (Cal. Bar No. 266147)
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Email:  swynn@cooley.com
       mkkelley@cooley.com
       jcieslak@cooley.com
       mdonohue@cooley.com

| | |
|---|---|
| **PROPOUNDING PARTY:** | DEFENDANT ALEX AZAR, SECRETARY OF U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES |
| **RESPONDING PARTY:** | PLAINTIFF GABRIELA N. |
| **SET NUMBER:** | ONE (REVISED) |

Plaintiff Gabriela N. ("Plaintiff") hereby objects and responds to Defendants' First Set of Interrogatories ("Interrogatories") as follows:

## I. GENERAL RESPONSE

1. Plaintiff's response to the Interrogatories is made to the best of Plaintiff's present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Plaintiff's further discovery or investigation.

2. Plaintiff reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Interrogatories but discovered subsequent to the date of Plaintiff's initial response, including, but not limited to, any information obtained in discovery herein.

3. Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response.

4. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by such Interrogatory, or that such answer constitutes admissible evidence.

5. To the extent Plaintiff agrees to produce information or documents in response to any Interrogatory, Plaintiff will respond with responsive, non-privileged

information or documents currently in their possession, custody, or control. Plaintiff has no duty to produce or identify information or documents outside of their possession, custody, or control. By stating in these responses that Plaintiff will produce information or documents or are searching for information or documents, Plaintiff does not represent that any information or document actually exists, but rather that they will make a good faith search and reasonable inquiry to ascertain whether information or documents responsive to the Interrogatories do, in fact, exist, and to produce such information or documents if they are found to exist and are within Plaintiff's possession, custody, or control.

6. Plaintiff reserves the right to object on any grounds at any time to such other or supplemental interrogatories as Defendants may at any time propound involving or relating to the subject matter of these Interrogatories.

## II. GENERAL OBJECTIONS

Plaintiff makes the following general objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and document request made in the Interrogatories:

1. Plaintiff objects generally to the extent the Interrogatories seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest or joint defense doctrine, or any other applicable privilege or ground for non-production of documents or information. Plaintiff does not intend to provide such protected information. Any inadvertent disclosure of any privileged or protected information is not to be deemed a waiver of any applicable privilege or protection. Plaintiff expressly reserves the right to object to the introduction at trial or other use of any privileged or otherwise protected information that may be inadvertently disclosed.

2. Plaintiff objects to the Interrogatories to the extent they purport to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District

of California, or any other applicable rules, law, or orders issued in this case.

3. Plaintiff objects to the Interrogatories to the extent they are not full and complete in and of themselves.

4. Plaintiff objects to the Interrogatories to the extent they contain subparts, and are compound, conjunctive, or disjunctive questions.

5. Plaintiff objects to the Interrogatories to the extent they employ terms and phrases that are vague, ambiguous and/or unintelligible.

6. Plaintiff objects generally to all definitions, instructions, and Interrogatories inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory on the ground that such enlargement, expansion, or alteration renders said Interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

7. Plaintiff objects to the Interrogatories to the extent they seek information not relevant to the subject matter of the action or are not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to the Interrogatories to the extent they seek information that is neither relevant to this proceeding nor proportional to the needs of this case based on the importance of such discovery in resolving the specific issues of this case and Plaintiff's relative access to this information, as provided by Federal Rule of Civil Procedure 26(b)(1) and Federal Rules of Evidence 401 and 402. Plaintiff objects on the grounds that said demands are overly broad, and would subject Plaintiffs to undue annoyance, oppression, burden, and expense. Such information shall not be provided in response to the Interrogatories.

9. Plaintiff objects to the Interrogatories to the extent they seek information that pertains to a period of time not at issue in this action.

10. Plaintiff objects to the Interrogatories to the extent they seek documents or information not currently in Plaintiff's possession, custody or control, or refer to persons, entities or events not known to Plaintiff, on the grounds that such

Interrogatories seek to require more of Plaintiff than any obligation imposed by law, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or services who are equally or more readily accessible to Defendants.

11. Plaintiff objects to the Interrogatories to the extent they request that Plaintiff disclose information that would violate the privacy rights of third parties, including information relating to sensitive mental health or medical treatment or financial information. *See, e.g.*, *Applied Med. Distribution Corp. v. Ah Sung Int'l Inc.*, 2015 WL 12910698, at *3 (C.D. Cal. Dec. 21, 2015) (right of privacy in financial documents); *Valdez v. Local 9509, Commc'ns Workers of Am., AFL-CIO*, 2010 WL 11508784, at *2 (S.D. Cal. Oct. 25, 2010) (right of privacy with respect to medical files).

12. Plaintiff objects to the Request to the extent they request that Plaintiff disclose information that would violate the First Amendment privilege held by third parties. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518, at *11 (N.D. Cal. May 31, 2018).

13. Plaintiff objects to the Interrogatories to the extent that they seek the disclosure of information that calls for an expert witness opinion.

14. Plaintiff objects to the Interrogatories to the extent that they seek the disclosure of sensitive, proprietary, or confidential business information or trade secrets. Under appropriate circumstances, Plaintiff may agree to provide such information subject to the protective order entered in this case on March 12, 2019.

15. Plaintiff objects to the Interrogatories to the extent that they call for information equally available to Defendants.

16. Plaintiff objects to the Interrogatories to the extent they call for information concerning Plaintiff's legal conclusions and/or legal theories.

17. Plaintiff objects to the definition of the terms "you" or "your," and to

each Interrogatory containing those terms, on the grounds that the definition is vague, ambiguous, overbroad, and unduly burdensome. Without limiting the generality of the foregoing, Plaintiff objects that it would be impossible for them to know all of the persons and entities that Defendants purport to subsume within the definition as stated since the definition includes, e.g., any unidentified "person or entity over which either exercises authority with regard to the information sought, including but not limited to legal counsel." Plaintiff disclaims any obligation to solicit information or documentation from any other parties in responding to the Interrogatories, and will not provide information or documents protected by the attorney-client privilege, attorney work product, or any other applicable privilege held by Plaintiff.

18. Plaintiff objects to the definition of the terms "constituting," "reflecting," "evidencing, "concerning," and "regarding." These terms are overly broad, vague, ambiguous, and unintelligible, require subjective judgment on the part of Plaintiff and its attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine. Without waiving this objection, and subject to all other objections and privileges stated herein, Plaintiff will construe the terms "constituting," "reflecting," "evidencing, "concerning," and "regarding" as calling for information that on its face involves the subject matter of the Interrogatory.

19. Plaintiff objects to the definition of the terms "communication" to the extent it includes documents protected by the attorney-client privilege, attorney work product, or any other applicable privilege held by Plaintiff.

20. Plaintiff objects to the definition of the term "document" to the extent it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege or any other applicable privilege held by Plaintiff.

21. Plaintiff objects to all definitions, instructions, and Interrogatories in which phrases such as "state" or "identify" appear. These terms are overly broad,

vague, ambiguous, and unintelligible, require subjective judgment on the part of Plaintiff and their attorneys, and would require a conclusion or opinion of counsel in the violation of the attorney work product doctrine.

22. Plaintiff objects to the Interrogatories to the extent they seek information regarding "all" or "any" or "each" or "every" instance of a given conduct where a reasonable representative discussion would suffice to show the pertinent information. Plaintiff construes requests for "all" or "any" or "each" or "every" instance as only seeking a reasonable, representative discussion that is sufficient to show the information sought.

23. Plaintiff objects to Defendants' Instruction No. 4 regarding privilege logs to the extent it imposes obligations beyond the scope of privilege logs that the parties agree or shall agree will be prepared by both parties pursuant to a joint electronic discovery plan.

24. Plaintiff objects to the Interrogatories to the extent they seek to require Plaintiff to identify in its responses each or every document which may relate to, reflect or otherwise refer to specified matters on the grounds that such Interrogatories would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.

25. Plaintiff objects to the Interrogatories to the extent they request more than 100 interrogatories, as limited by the Court. (Dkt. No. 157.)

**III. SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Plaintiff responds to the Interrogatories as follows:

1. Identify all mental health services, and/or any mental health evaluations or assessments, you received prior to entering or after your release from ORR custody, including but not limited to the identification of the treating mental health clinician (e.g., psychiatrist, psychologist, social worker, licensed professional counselor, etc.).

Plaintiff's Response: Plaintiff incorporates the General Responses and General Objections set forth above and further objects that the Interrogatory to the extent it seeks information regarding periods after ORR released her on the grounds that such information is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objections, Plaintiff responds that prior to entering ORR custody, she did not receive any mental health services, and/or any mental health evaluations or assessments.

2. Identify all psychotropic medications prescribed to you prior to entering, or after your release from, ORR custody, including but not limited to the date of the prescription, the time period of prescription, the name of the medication, the prescribing medical professional, prescribed dosage, and any dosage changes over time.

Plaintiff's Response: Plaintiff incorporates the General Responses and General Objections set forth above and further objects that the Interrogatory to the extent it seeks information regarding periods after ORR released her on the grounds that such information is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objections, Plaintiff responds that prior to entering ORR custody, she was not prescribed any pychotropic medications.

3. Identify and describe the factual circumstance of each instance since January 2017 in which you claim Defendants blocked Vera Institute lawyers from representing you regarding custody, medication, placement, or release from ORR custody.

Plaintiff's Response: Plaintiff incorporates the General Responses and General Objections set forth above. Without waiving such objections, Plaintiff answers that she was not privy, and accordingly can neither identify nor describe, all of the factual circumstances in which Defendants blocked Vera Institute lawyers from representing you regarding custody, medication, placement, or release from ORR custody. Plaintiff further answers that while she was placed at St. Michael's Home for

Children in Houston, Texas, she asked the care provider staff on numerous occasions if she could call Paola Perez, her immigration attorney. Plaintiff states that the staff repeatedly denied her the ability to call Ms. Perez. Plaintiff further answers that to the best of her knowledge and recollection no lawyer ever represented her with respect to custody, medication, placement, or release except for Plaintiffs' counsel.

4. Identify all evidence you rely upon supporting your allegations that you were placed in any RTC, Staff Secure, Secure, or any other facility due to a disability.

<u>Plaintiff's Response</u>: Plaintiff incorporates the General Responses and General Objections set forth above. Without waiving such objections, Plaintiff answers that the evidence she relies upon to support her allegations that she was placed in an RTC due to a disability comprises (1) her ORR file; (2) the report of Dr. Amy Cohen, M.D., submitted in support of her motion for a preliminary injunction (ECF 48-1); and (3) Plaintiff's recollection of statements that staff from the Southwest Key Casita del Valle shelter and Shiloh RTC made to Plaintiff regarding the reasons she was placed in Shiloh RTC. In particular, Plaintiff recalls her therapist from the Southwest Key Casita del Valle shelter telling her that Shiloh RTC would take care of her depression more effectively than the shelter. Plaintiff further answers that her therapist told Plaintiff that Southwest Key Casita del Valle did not sufficiently train its staff how to treat depression. Plaintiff also remembers that staff at Shiloh RTC told her that the RTC would be a better placement for her.

5. Identify whether you have been arrested, regardless of the ultimate charging decision, since your release from ORR custody.

<u>Plaintiff's Response</u>: Plaintiff incorporates the General Responses and General Objections set forth above and further objects that the Interrogatory to the extent it seeks information regarding periods after ORR released her on the ground that such information is not reasonably calculated to lead to the discovery of admissible evidence.

I declare under penalty of perjury that the foregoing answers are true and correct.

Executed this ___ day of July, 2019, at San Jose, California.

_____
Plaintiff Gabriela N.

Dated: July 29, 2019.

CRYSTAL ADAMS
National Center for Youth Law

*Crystal Adams* (signature)
_____
Crystal Adams
Attorney for Plaintiff

CONFIDENTIAL