CENTER FOR HUMAN RIGHTS
& CONSTITUTIONAL LAW
CARLOS R. HOLGUÍN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

*Attorneys for Plaintiffs*

*Additional counsel listed on following pages*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, et al., <br><br> Defendants. | Case No. 2:18-CV-05741 DMG PLA <br><br> **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND EXHIBITS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Filed concurrently with (1) Declaration of Jayme B. Staten In Support of Plaintiffs' Application For Leave to File Under Seal Portions of Their Statement of Uncontroverted Facts and Conclusions of Law and Exhibits in Support of Their Motion for Partial Summary Judgment, and (2) [Proposed] Order re Plaintiffs' Application For Leave to File Under Seal Portions of Their Statement of Uncontroverted and Exhibits in Support of Their Motion for Partial Summary Judgment] <br><br> Complaint Filed: June 29, 2018 <br> Pretrial Conference Date: March 2, 2021 <br> Trial Date: March 30, 2021 <br> Judge: Hon. Dolly M. Gee |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
       ccwhite@ucdavis.edu
       dofelt@ucdavis.edu
       jmulligan@ucdavis.edu
       mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM *(ADMITTED PRO HAC VICE)*
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  bshum@youthlaw.org
        cadams@youthlaw.org

| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | SUMMER J. WYNN (240005) |
|   | MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*) |
| 3 | REBECCA L. TARNEJA (293461) |
|   | ALEXANDRA R. MAYHUGH (300446) |
| 4 | JAYME B. STATEN (317034) |
|   | 1333 2nd Street, Suite 400 |
| 5 | Santa Monica, CA 90401 |
|   | Telephone: (310) 883-6400 |
| 6 | Facsimile: (310) 883-6500 |
|   | Email: swynn@cooley.com |
| 7 | mmcmahon@cooley.com |
|   | rtarneja@cooley.com |
| 8 | amayhugh@cooley.com |
|   | jstaten@cooley.com |
| 9 | *Attorneys for Plaintiffs* |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 5.2; Local Rules 5.2-1 & 5.2.2, and 79-5.2.2(a) & (b); and Paragraphs 5 & 10 of the Stipulated Protective Order (the "Protective Order") (ECF No. 158), Plaintiffs and Class Members submit this Application For Leave to File Under Seal Portions of Their Statement of Uncontroverted Facts and Conclusions of Law and Exhibits in Support of Their Motion for Partial Summary Judgment (the "Application"). Plaintiffs' Application consists of two requests:

*First*, Plaintiffs seek leave to seal documents containing Plaintiff Class Members' and sponsors' personal information. Plaintiffs seek leave to file wholly under seal Exhibits 47–50, 99–130, & 140–143. These Exhibits are documents contained in and/or constituting minor Plaintiffs' case files maintained by the Office of Refugee Resettlement ("ORR"). (Declaration of Jayme B. Staten ("Staten Decl.") ¶ 5.) Likewise, Plaintiffs seek leave to redact the material reflecting minor Class Members' and their sponsor's identities and highly sensitive information contained in Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law, as well as in Plaintiffs' Exhibits 15, 21, 28, 43, 45–46, 58–82, 93–94, 97, & 137–139 (*Id.* ¶ 6.)

*Second*, at Defendants' request, Plaintiffs move to seal the personal identifying information of non-supervisory ORR employees designated by Defendants as "Confidential Personal Information" under Paragraph 5 of the Protective Order. While Plaintiffs have agreed to redact this information pursuant to the Protective Order, Plaintiffs take no position as to whether compelling reasons exist to seal this information.

## II. STATEMENT OF FACTS

On September 24, 2020, the parties met and conferred regarding the exchange of documents proposed to be filed under seal. (Staten Decl. ¶ 2.) The parties exchanged documents on September 28, 2020 and further met and conferred on September 29, 2020. (*Id.* ¶ 3.) Of Plaintiffs' information that Defendants intend to file with the Court,

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

Plaintiffs proposed to redact information reflecting minor Class Members' and their sponsors' personally identifying and otherwise sensitive information. (*Id.* ¶ 2.) Defendants did not object to Plaintiffs' proposed redaction of this material. (*Id.* ¶ 3.)

Defendants' counsel requested Plaintiffs redact the personal identifying information of non-supervisory federal employees and provided Plaintiffs with a specific list of individuals whose personal identifying information is the subject of these redactions. (*Id.*; *id.* n.1.) The parties agreed to request that this Court seal in their entirety minor Plaintiffs' records that are kept in the form of ORR's case files. (*Id.*)[1]

## III. LEGAL STANDARD

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption "applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and significant public events.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party must show compelling reasons[2] to seal a dispositive motion or the attachments thereto. *Foltz*, 331 F.3d at 1136.

---

[1] On September 29, 2020, the parties agreed not to oppose the filing of ORR case files or portions thereof entirely under seal. (*Id.*)

[2] The Protective Order in this action requires only that Plaintiffs show "good cause" to file "Confidential Personal Information" under seal. (Protective Order ¶ 10.) Because there are compelling reasons to seal Plaintiffs' designated material, *see* Section IV.A.1, *infra*, Plaintiffs have also demonstrated good cause should the Court apply that less burdensome standard.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

## IV. ARGUMENT

### A. Plaintiffs Request the Court Seal Highly Sensitive Personal Information Concerning Minor Plaintiffs

#### 1. There are compelling reasons to seal the information that Plaintiffs seek to protect from public disclosure.

Plaintiffs seek to (1) redact material reflecting Class Members' and their sponsors' personal identifying information and sensitive information, and (2) file wholly under seal Plaintiffs' ORR case files that constitute juvenile records. This material discloses the true names and identities of minor Plaintiffs—for whom the Court has already permitted the use of pseudonyms (*see* ECF. No. 95-1)—as well as the true names of Plaintiffs' adult sponsors. In combination with other filings in this matter, the documents would reveal highly personal information about Plaintiffs and result in significant harm. Plaintiffs therefore request the Court seal these documents, in whole or in part, for at least the following four reasons.

*First*, the materials filed in this matter—which could be connected to Plaintiffs if the Exhibits are not sealed—address a myriad of highly sensitive and personal matters, including the private health information and treatment of minor Plaintiffs. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest). The sensitive subject matter at-issue pertains to the privacy of minors. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs. Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing."). For this reason, Plaintiffs' sponsors'

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

and/or proposed sponsors' identifying information must also be protected, as the identification of a sponsor could easily result in the identification of a minor Class Member. *See Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *1 (N.D. Cal. Aug. 7, 2012) (sealing "confidential information that would reasonably lead to the minor's identity")

***Second***, the Exhibits and the Statement of Uncontroverted Facts and Conclusions of Law indirectly implicate the details of Plaintiffs' immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in ORR's custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

***Third***, the remaining portions of the Exhibits and Statement of Uncontroverted Facts and Conclusions of Law Plaintiffs seek to redact concern the personal identifying information of sponsors that implicates those individuals' rights to privacy, including information required to be redacted under Federal Rule of Civil Procedure 5.2 and other types of personal information irrelevant to Plaintiffs' motion for partial summary judgment. *See* Fed. R. Civ. P. 5.2(a); *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCx), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) (finding compelling reasons to seal "personal identifying information and medical records that are not put at issue by this action.").

***Finally***, many of the Exhibits are documents from minors' case files, such that they are juvenile records "not to be included in the public case file." Local Rule 5.2-2.2(5). As such, Plaintiffs seek to file these Exhibits entirely under seal. To be sure, this Court has previously found compelling reasons to seal such material in this case. (*See, e.g.*, ECF Nos. 103, 110, & 117)

### 2.  Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek a limited sealing order that permits them to file juvenile records

Cooley LLP
Attorneys At Law
Los Angeles

4

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

from ORR's case files wholly under seal to protect minor Class Members, and to redact documents containing minor and sponsor identities and file redacted versions of those same Exhibits and Statement of Uncontroverted Facts and Conclusions of Law in the public record. Other relevant information important to Plaintiffs' presentation of the issues will still be accessible in the public record, as will the Court's resolution of these matters. Accordingly, Plaintiffs' sealing requests are the least restrictive method of ensuring Plaintiffs' privacy while permitting public access to the maximum amount of information.

### B. Plaintiffs Move to Seal Defendants' Designated Material Pursuant to the Protective Order.

At Defendants' request, Plaintiffs also move to seal information that Defendants have designated as "Confidential Personal Information" under the Protective Order. "Confidential Personal Information" includes, *inter alia*, "personally identifiable information . . . of . . . non-supervisory federal and non-federal employees, including names and contact information . . . ." (Protective Order ¶ 5.) Because Plaintiffs intend to submit information Defendants have designated as Confidential Personal Information in support of Plaintiffs' motion for partial summary judgment, Plaintiffs are required to file this information "in accordance with Local Rule 79-5." (*Id.* ¶ 10.)

Defendants assert that the Exhibits identified in Paragraph 10 of the Staten Declaration reflect the Confidential Personal Information of non-supervisory federal employees. (Staten Decl. ¶ 3.) Although Plaintiffs move to seal in part this material, as they are required to do by the Protective Order, Plaintiffs take no position as to whether this material meets the "compelling reasons"[3] standard applicable here.

### RELIEF REQUESTED

For the foregoing reasons and those set out in the accompanying Declaration of

---

[3] Paragraph 10 of the Protective Order requires only that "good cause must be shown in the request to file under seal." Plaintiffs take no position on whether Defendants' designated information meets the good cause standard.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

1  Jayme B. Staten in Support of Plaintiffs' Application for Leave to File Under Seal
2  Portions of Their Statement of Uncontroverted Facts and Conclusions of Law and
3  Exhibits In Support of Their Motion for Partial Summary Judgment, Plaintiffs request
4  leave to file copies of their unredacted Statement of Uncontroverted Facts and
5  Conclusions of Law and Exhibits under seal. A Proposed Order granting that relief is
6  submitted herewith.

7  Dated:  October 2, 2020                    COOLEY LLP

9                                             By: */s/ Summer J. Wynn*
                                                  Summer J. Wynn (240005)
10                                                Attorneys for Plaintiffs
                                                  Email:  swynn@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA