# Exhibit 42

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL



# ADMINISTRATION FOR CHILDREN & FAMILIES

## Office of Refugee Resettlement
### Office of the Director
### Division of Policy & Procedures

### Flores Settlement Agreement Compliance

EXHIBIT 116
WIT: RAY
DATE: 10/23/19
REPORTER: J. HARMONSON

# **Objectives**

Why did a federal court order ORR to closely review all placements into restrictive settings, and what is my role in complying with the court order?

What is an appropriate placement in a secure setting? When is a step-up to secure not appropriate or allowed?

What rights do minors have to request reconsideration of their placement?

Why is ORR revising the Notice of Placement form?

# *Motion to Enforce* the
# Flores Settlement Agreement

## BASIS FOR PLACEMENT

## and

## NOTICE OF PLACEMENT

# Basis for Placement: Secure Setting

Court ORDERED that a minor shall not be placed in a secure facility *solely* because s/he is or was gang/cartel affiliated or involved in a gang/cartel without probable cause (i.e., evidence) that a crime was committed; or because s/he "may be chargeable" with an offense.

# Inappropriate Placements

*Are you stepping up a minor to a secure facility <u>solely</u> on one or more of the following?*

1.  Whether the minor *may be* chargeable (as opposed to *is chargeable*) with an offense;

2.  Whether the minor reported gang affiliation while in care, and ORR lacks probable cause (i.e. evidence) to believe that the individual committed any other specified offense; or

3.  Whether the minor self-disclosed gang involvement prior to placement in ORR custody that does not give rise to probable cause to believe that the individual has committed a specified offense.

   YES = Not Compliant

# Criteria for Secure Placements

**Criterion 1:**

- Is charged with a crime, or has been convicted of a crime; or are the subject of delinquency proceedings, have been adjudicated delinquent, or are chargeable with a delinquent act, *excluding isolated offenses* that were not:

    - Within a *pattern or practice* of criminal activity, **and**

    - Did *not* involve:

        - violence against a person

        - use or of carrying a weapon (e.g., breaking & entering, vandalism)

        - petty offenses (e.g., shoplifting)

# Criteria for Secure Placements

**Criterion 2:**

Have committed or have made credible threats to commit a violent or malicious act while in ORR custody.

**What is a violent act in this context?**

-- Can include destruction of another's property and use of physical force against a person. Examples:

- Breaking a window on purpose (in a non-life-threatening situation)

- Hitting someone with a chair; punching someone in the face

**What is not a violent act in this context?**

- Shoving another person while standing in line.

- Screaming at another person on the soccer field.

# Criteria for Secure Placements

**What is a malicious act is this context?**

-- Not an isolated offense; a *pattern* of acts with the intention to do harm. Examples:

- Intentionally knocking someone down in order to hurt them multiple times

- Repeated threats to hurt another minor's family back in home country

**What is not a malicious act in this context?**

- Slapping someone on the back out of anger after losing a soccer game

- Bumping hard into another minor while standing in line out of momentary irritation.

# Criteria for Secure Placements

**Criterion 3:**

Have committed, threatened to commit, or engaged in serious self-harming behavior that poses a danger to self while in ORR custody.

**If a residential treatment center has custody of a minor for whom they cannot effectively address his or her serious self-harming behavior.**

# Criteria for Secure Placements

**Criterion 4:**

Have engaged in conduct that has proven to be unacceptably disruptive of the normal functioning of a staff secure where a transfer may be necessary to ensure the minor's welfare or that of others.

**What is unacceptably disruptive conduct in this context?**

--Conduct that is part of a larger pattern; not an isolated incident. Examples include (but not limited to):

- Habitual stealing

- Multiple incidences of fighting

- Pattern of intimidating others

# Criteria for Secure Placements

**Criterion 5:**

Have self-disclosed violent criminal history prior to placement in ORR custody that requires further assessment.

**What constitutes violent criminal history in this context?**

Examples may include:

- Assault

- Attempted murder, murder

- Rape, sexual assault

- Participation in a violent act (e.g., being a lookout for a murder)

# Criteria for Secure Placements

**Criterion 6:**

Have a history or display of sexual predatory behavior, or have inappropriate sexual behavior.

**What is sexual predatory behavior in this context?**
-- *Sexual predatory behavior* refers to a UAC with:
1.  a history of sexual assault or sexual harassment,
2.  that is part of a pattern of behavior with the goal of committing a sexually based crime, and
3.  that is based on a mental disorder or impulse.

ORR may consider case history (e.g., law enforcement or court records, ORR custodial documents such as SIRs) and/or self-disclosures related to the UAC's history to determine whether their conduct is predatory in nature.

# Case Scenario

Johnny and Cody are playing a game of soccer with other minors at an ORR shelter, Johnny knocks Cody over in an attempt to steal the ball. After getting up off the ground, Cody pushes Johnny to the ground and the two children engage in a verbal altercation while Johnny is held back from taking a swing at Cody. Cody and Johnny are both stepped up to secure for engaging in conductive that has proven to be disruptive of the normal functioning of a staff secure facility in which they were placed such that transfer may be necessary to ensure your welfare or the welfare of others, and for having committed a violent or malicious act while in ORR custody.

# Case Scenario

Derek and Andy are friends in a staff-secure facility, one night, Derek tells Andy that while in his country of origin he was a member of a known gang, Andy then told a staff member about Derek's gang involvement, Derek is stepped up to secure for having disclosed involvement in a gang.

# Case Scenario

Roger has a lot of energy, and is routinely given SIRs by staff at his shelter. Over the course of 3-months in ORR care, Roger receives 15 SIRs, some of which include speaking out in class, mocking other children, disrupting art class, and kicking a basketball down a hill. Roger is stepped up to secure, and SIRs are cited as the reason.

# Case Scenario

While in an ORR shelter, James is charged with committing an armed robbery prior to entering ORR care. Before he is stepped up to secure, the Prosecutor drops all charges against James. James is stepped up to Secure because he is chargeable or charged with an offense.

# Case Scenario

Chuck is upset that he has been in a shelter for 6-months, he along with three friends devise a plan to leave their shelter, Chuck and his friends are successful, but Chuck is found less than 24-hours later and is then placed in a staff-secure facility. Chuck successful leaves the staff secure facility without the consent of the staff three times, and when he is picked up after the third time, he tells the staff that no matter how many times they catch him, he will always try to leave the facility.

According to the staff secure care provider, Chuck is stepped-up to secure because he poses an escape risk.

.

# Notice of Placement

Court ORDERED that ORR provide each minor with a *written**
*Notice of Placement* within a reasonable time* of ORR's placement decision.

*Notice of Placement* must be in a language the minor understands*.

# Notice of Placement

Court: Purpose of the *Notice of Placement* is to provide formal notice to the minor of the justification for their placement in a restrictive care provider facility.

Not providing *Notice of Placement* in language a minor understands is a breach of the Flores Settlement Agreement.

# Right to Placement Reconsideration

*Every minor in a restrictive setting has a right to request reconsideration of his/her placement:*

**Administrative Review:** ORR will review a minor's placement in a *secure facility* or *residential treatment center* every 30 days or less, to determine whether continued placement is necessary. After 30 days of initial placement, a minor can request, through the case manager, that the ORR Director review his/her case to reconsider placement.

If a minor in your care makes this request, the case manager immediately emails UCPolicy@acf.hhs.gov to start the process.*

# Right to Placement Reconsideration

**Judicial Review:** Immediately upon placement in a *secure facility, staff secure facility,* or *residential treatment center*, any minor may file a lawsuit in a Federal District Court if s/he feels s/he has been improperly treated or inappropriately placed in the restrictive setting.

A judge will review the minor's case and determine whether s/he should remain in a restrictive setting. (This is *not* a Flores Bond hearing.)

Separately, a **Flores Bond Hearing** may be requested by any minor in care, regardless of placement, so that an immigration judge can determine whether or not the minor is a danger to the community. The judge's determination does not automatically change the child's placement in a particular care provider facility.

# Questions | Comments

# Thank You!

**Faith A. Ray**
*Policy Analyst*
Faith.Ray@acf.hhs.gov

*Policy Analyst*