1  CENTER FOR HUMAN RIGHTS &
   CONSTITUTIONAL LAW
2  CARLOS R. HOLGUÍN (90754)
   256 South Occidental Boulevard
3  Los Angeles, CA 90057
   Telephone: (213) 388-8693
4  Email: crholguin@centerforhumanrights.email

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on following pages*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>ALEX AZAR, et al.,<br><br>                Defendants. | Case No.  2:18-CV-05741 DMG PLA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     Dec. 11, 2020<br>Time:     3:00 p.m.<br>Place:    Courtroom 8C, 8th Floor<br><br>Complaint Filed: June 29, 2018<br>Pretrial Conference Date: March 2, 2021<br>Trial Date:  March 30, 2021<br>Judge: Hon. Dolly M. Gee |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA**

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
  ccwhite@ucdavis.edu
  dofelt@ucdavis.edu
  jmulligan@ucdavis.edu
  mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
  ndesai@youthlaw.org
  pjuneja@youthlaw.org
  fpitts@youthlaw.org
  mwroe@youthlaw.org
  madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM *(ADMITTED PRO HAC VICE)*
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  bshum@youthlaw.org
  cadams@youthlaw.org

Cooley LLP
Attorneys At Law
Los Angeles

PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA

COOLEY LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAYME B. STATEN (317034)
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email:  swynn@cooley.com
        mmcmahon@cooley.com
        rtarneja@cooley.com
        amayhugh@cooley.com
        jstaten@cooley.com

*Attorneys for Plaintiffs*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA

**TO THIS COURT, ALL PARTIES, AND THEIR ATTORNEYS:**

Please take notice that on December 11, 2020, at 3:00 p.m., in Courtroom 8C of the above-captioned court, located at 350 West First Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Plaintiffs will, and hereby do, move this Court for an order under Federal Rule of Civil Procedure 56, granting partial summary judgment of Plaintiffs' First, Second, and Fourth Claims for Relief. Specifically, summary judgment is appropriate on the following grounds:

Plaintiffs—unaccompanied immigrant children in the custody of the Office of Refugee Resettlement ("ORR")—have constitutionally protected interests stemming from the Constitution, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 8 U.S.C. § 1232(c)(2)(a) ("TVPRA"), and the consent decree entered in *Flores v. Barr*, CV85-4544-DMG (C.D. Cal.). (*See* ECF No. 141 [Class Cert. Order] at 13-15.) As shown in the attached Memorandum, these interests include (a) constitutional rights to freedom from detention and familial association; (b) statutory rights to be placed promptly in the least restrictive setting that is in the best interest of the child and to not be placed in a secure facility absent a determination that the child poses a danger to self or others or otherwise has been charged with having committed a criminal offense; and (c) contractual rights to prompt release to proposed custodians and placement in non-secure, licensed facilities.

The Court should grant Plaintiffs' Motion for Partial Summary Judgment on their First and Second Claims because ORR's policies regarding custodial vetting and restrictive placement deprive Plaintiffs' constitutionally protected liberty interests, but fail to provide even minimal due process protections, such as notice and an opportunity to be heard. *See Zerezghi v. U.S. Citizenship and Immigration Serv.*, 955 F.3d 802, 808 (9th Cir. 2020); *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1075 (9th Cir. 2015); *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 797 (6th Cir. 2018). Where the Constitution requires a hearing, as it does here, the Administrative Procedure Act ("APA") prescribes the

Cooley LLP
Attorneys At Law
Los Angeles

1

PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA

procedures that ORR must provide. *Wong Yang Sung v. McGrath,* 339 U.S. 33, 50 (1950), *superseded in part by statute on other grounds Ardestani v. I.N.S.*, 502 U.S. 129 (1991); *see* 5 U.S.C. §§ 554, 556, 557.

The Court also should grant Plaintiffs' Motion on their First and Second Claims because the undisputed facts show that ORR's custodial vetting and restrictive placement policies (i) lack adequate procedural protections, (ii) the risk of erroneous deprivation of Plaintiffs' protected liberty interests is high, (iii) the probable value of additional safeguards is great, and (iv) there is a relatively low burden associated with Plaintiffs' requested relief. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

The Court should grant Plaintiffs' Motion on their Fourth Claim for Relief because the undisputed facts show that Defendants consistently and actually obstruct Plaintiffs' right to counsel with respect to ORR's decisions relating to release, placement, and medication, notwithstanding the fact that both the Constitution and the TVPRA guarantee children in ORR custody the right to counsel.

Plaintiffs are entitled to summary judgment on their First, Second, and Fourth Claims for Relief for the independent reason that the APA demands agency action to be set aside where the action is: (a) contrary to a constitutional right; or (b) "otherwise not in accordance with law." 5 USC §§ 706 (2)(A), (2)(B). Because ORR's custodial vetting and restrictive placement policies deny children basic due process rights and violate the TVPRA, the policies also violate the APA. Accordingly, this Court should compel ORR to afford basic due process protections to Plaintiffs, as requested in the concurrently filed ProposedOrder. *See* 5 USC § 706(1).

Finally, Plaintiffs are entitled to a permanent injunction. Plaintiffs' deprivation of liberty clearly constitutes irreparable harm. The harm caused by unlawful detention without adequate due process is particularly severe given that class members are unaccompanied minor children, detained for prolonged periods of time in jail-like conditions and separated from their families. Nor are money damages an option in this case. Finally, given the substantiality of the interests involved, and the minimal burden

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA

that would be imposed on the government to revise its policies and procedures, a permanent injunction would not hurt the public interest, but instead promote it; the balance therefore tips decidedly in Plaintiffs' favor. *See Saravia v. Sessions*, 905 F.3d 1137, 1143 (9th Cir. 2018); *Padilla v. Immigration & Customs Enf't*, 953 F.3d 1134, 1147-48 (9th Cir. 2020).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts and Conclusions of Law filed concurrently herewith, the Joint Stipulation Regarding Motion and Cross-Motion for Partial Summary Judgment filed concurrently herewith, the Declaration of Alexandra R. Mayhugh filed concurrently herewith, all cited authorities, pleadings and papers on file in this action, and such oral argument and other evidence or arguments as the Court shall consider prior to or at the time of the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place from June 16, 2020 to September 22, 2020.

Dated: October 2, 2020              COOLEY LLP

                                    /s/ *Summer J. Wynn*
                                    Summer J. Wynn (240005)
                                    Attorneys for Plaintiffs
                                    Email: swynn@cooley.com

Cooley LLP
Attorneys At Law
Los Angeles

3

PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA