1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11

12  LUCAS R., et al.,                    Case No.  2:18-CV-05741 DMG PLA

13              Plaintiffs,
                                         **[PROPOSED]    ORDER    GRANTING
14       v.                              SUMMARY JUDGMENT ON PLAINTIFFS'
                                         FIRST, SECOND, AND FOURTH CLAIMS
15  ALEX AZAR, et al.,                   FOR RELIEF**

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1         This matter came on regularly for hearing on the Plaintiffs' Motion for Partial
2   Summary Judgment on the First, Second, and Fourth claims for relief of Plaintiffs' First
3   Amended Complaint, and on Defendants' Cross-Motion for Partial Summary
4   Judgment. The Court has considered the briefs, evidence, and argument submitted by
5   Plaintiffs and Defendants.

6         Upon due consideration, the Court hereby **GRANTS** Plaintiffs' Motion for
7   Partial Summary Judgment.

8         Defendants' Cross-Motion for Partial Summary Judgment is hereby **DENIED**.

9         The Court further finds that entry of a permanent injunction is warranted here.
10  Plaintiffs will suffer irreparable injury in the absence of an injunction. Plaintiffs'
11  unnecessary deprivation of liberty clearly constitutes irreparable harm. The harm
12  caused by unlawful detention without adequate process is particularly severe given that
13  Class Members are unaccompanied minor children, detained for prolonged periods of
14  time, some in jail-like conditions separated from their families. "Courts in this and other
15  jurisdictions have found that deprivations of physical liberty are the sort of actual and
16  imminent injuries that constitute irreparable harm" and "have likewise recognized that
17  the 'major hardship posed by needless prolonged detention' is a form of irreparable
18  harm." *Garcia Ramirez v. ICE* --- F. Supp. 3d ---, 2020 WL 3604041, 148 (D.D.C. July
19  2, 2020) (citing *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 n.20 (D.D.C.
20  2002)); *R.I.L-R v, Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015); *see also Saravia v.
21  Sessions*, 905 F.3d 1137, 1143 (9th Cir. 2018); *Padilla v. Immigration & Customs Enf't*,
22  953 F.3d 1134, 1147-48 (9th Cir. 2020). Nor are money damages an option in this
23  case.  Finally, given the substantiality of the interests involved, and the minimal burden
24  that would be imposed on the government to revise its policies and procedures, a
25  permanent injunction would not hurt the public interest, but instead promote it; the
26  balance therefore tips significantly in Plaintiffs' favor. *Melendres v. Arpaio*, 695 F.3d
27  990, 1002 (9th Cir. 2012) ("[I]t is always in the public interest to prevent the violation
28  of a party's constitutional rights.") (internal quotation marks and citation omitted).

2.

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA**

For the reasons set forth in this Court's separate findings of fact and conclusions of law, IT IS HEREBY ORDERED as follows:

The following Class Members are granted injunctive relief under this Order: All minors in ORR custody pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232 —

- whom ORR is refusing or will refuse to release to parents or other available custodians within 30 days of the proposed custodian's submission of a complete family reunification packet on the ground that the proposed custodian is or may be unfit (i.e., the "unfit custodian class");

- who are or will be placed in a secure facility, medium-secure facility, or RTC, or whom ORR has continued to detain in any such facility for more than 30 days, without being afforded notice and an opportunity to be heard before a neutral and detached decision maker regarding the grounds for such placement (i.e., the "step-up class"); and

- who are natives of non-contiguous countries and to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs (i.e., the "legal representation class").

## Unfit Custodian Class

With respect to Plaintiffs' first claim for relief ("unfit custodian class"), Plaintiffs' Motion for Partial Summary Judgment is hereby **GRANTED**. Defendants' policies and practices regarding custodial vetting violate 8 U.S.C. § 1232(c)(2), the *Flores* Settlement Agreement, 5 U.S.C. §§ 706 (1), (2)(A), (2)(B), and the Due Process Clause of the Fifth Amendment to the United States Constitution and on these grounds are declared unlawful. Class Members have rights to due process and to freedom from detention and familial association.

The Office of Refugee Resettlement ("ORR"), their agents, employees, grantees, assigns, and all those acting in concert are enjoined as follows:

1. Upon ORR's determining that a Class Member's proposed custodian is unfit to receive the Class Member, or failing to decide within thirty (30) days following submission of a family reunification application ("FRA") whether a Class Member's proposed custodian is fit to receive the Class Member, ORR shall promptly provide the Class Member and proposed custodian a notice meeting the requirements of ¶ 2 of this Order, and within seven (7) calendar days of providing such notice, shall afford the Class Member a hearing on the proposed custodian's fitness unless the Class Member or proposed custodian requests additional time. Such hearing

3.

shall conform to the requirements of 5 U.S.C. §§ 554–557, and shall also afford the supplemental procedures described in ¶¶ 2–3 of this Order.

2.   The notice shall provide the following information in a language the minor understands:

   a.   The time, date, and location of the hearing regarding the fitness of the Class Member's proposed custodian to receive the Class Member (the "Hearing");

   b.   ORR's reason(s) for deeming the proposed custodian unfit, or for having failed to decide whether the proposed custodian is fit;

   c.   The evidence and information that ORR contends supports its decision or failure to reach a decision regarding the proposed custodian's fitness;

   d.   Instructions on how to obtain the minor's complete case file (which ORR shall provide immediately upon request);

   e.   Notice that the minor or potential sponsor may (but is not required to) submit additional evidence, including witness testimony, in support of the FRA at or before the Hearing; and

   f.   Notice to the minor that he or she may be represented by retained or pro bono counsel to represent them and their sponsor and provide the Class Member with the list of pro bono legal services maintained in accordance with 8 C.F.R. §§ 1003.61 *et seq*. ORR shall facilitate phone access for any child who indicates she or he wishes to contact an attorney or legal services provider.

3.   The Hearing shall afford the following procedures:

   a.   The Hearing shall be conducted before a neutral factfinder with available translator(s) in the minor's and proposed sponsor's native language;

   b.   The minor and their sponsor shall have the right to counsel in the Hearing.  Counsel may be provided from the legal service provider contracted to provide services at the facility, or from the list of pro bono counsel provided to the minor in the Notice pursuant to ¶ 2f, or the minor may retain counsel;

   c.   The neutral factfinder shall hear and consider the evidence and ORR shall bear the burden of production and the burden of proof by clear and convincing evidence to prove that the minor's proposed sponsor is unfit and that continued ORR custody is the least restrictive setting that is in the best interest of the child; and

   d.   Within two (2) business days of the Hearing, the neutral factfinder shall issue a written decision in a language the Class Member understands, either ordering release to the proposed sponsor or denying the release of the minor to the proposed sponsor.  If the neutral factfinder denies the FRA, the neutral factfinder's decision must set forth detailed, specific, and individualized reasoning for the

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. 2:18-CV-05741 DMG PLA**

1

2

3

denial.  The decision shall also include a notification to the minor, their proposed sponsor, the minor's and the sponsor's attorney(s) (as applicable), and any Child Advocate assigned under 8 U.S.C. § 1232(c)(6) (if any) that they may appeal to U.S. District Court.

4. This Order shall be implemented within six (6) months from the date of the Order. The Defendants will provide reporting to Class Counsel beginning six (6) months from the date of this Order regarding the Hearings and notice described in this Order. Class Counsel shall have the right to monitor the Hearings and meet with Class Members to monitor compliance, and Defendants shall provide monthly reports to Class Counsel, including the name, Alien Number, and date of birth for each Class Member and proposed sponsor who are the subjects of any Hearings, and all written decisions of any Hearings.  The notice provided for in this Order shall be provided to Class Counsel at the same time such Notice is provided to Class Members.

### Step-up Class

With respect to Plaintiffs' second claim for relief ("step-up class"), Plaintiffs' Motion for Partial Summary Judgment is hereby **GRANTED**. Defendants' policies and practices that grant broad and unilateral discretion to ORR to "step up" children to restrictive placements violate 8 U.S.C. § 1232(c)(2), the *Flores* Settlement Agreement, 5 U.S.C. §§ 706 (1), (2)(A), (2)(B), and the Due Process Clause of the Fifth Amendment to the United States Constitution and on these grounds are declared unlawful. Class Members have the right to due process and to placement in the least restrictive setting.

The court hereby ORDERS that ORR, its agents, employees, grantees, assignees, and all those acting in concert with them be permanently enjoined as follows:

5. ORR shall establish a Placement Review Hearing ("PRH") for all step-ups with a neutral factfinder and shall conform the PRH requirements to those stated in 5 U.S.C. §§ 554–557, and shall also afford the supplemental procedures described in ¶¶ 6–11 of this Order.  Except in exigent circumstances as provided in ¶ 8 below, ORR shall provide a child whom it intends to step-up with written notice of the intended restrictive placement at least seven (7) days prior to transfer.

6. The notice shall provide the following information in a language the minor understands:

   a. The time, date, and location of the PRH;

   b. Individualized allegations that ORR alleges support the step up, and attaching all supporting evidence;

5.

c.  Instructions on how to obtain the minor's complete case file (which ORR shall provide immediately upon request);

d.  Notice to the Class Member of his or her right to contest the restrictive placement at the PRH and advise the Class Member that he or she may be represented by retained or pro bono counsel to challenge the placement and provide the Class Member with the list of pro bono legal services maintained in accordance with 8 C.F.R. §§ 1003.61 *et seq.* ORR shall facilitate phone access for any child who indicates she or he wishes to contact an attorney or legal services provider; and

e.  An explanation of the procedures and rights set out in this Order and notice that the minor may (but is not required to) submit additional evidence, including witness testimony on their behalf.

7.  ORR shall also provide notice of restrictive placement described in ¶ 6 to the Class Member's counsel at the same time notice is provided to the minor.

8.  ORR may transfer a Class Member to a secure, OON, staff secure, therapeutic staff secure, therapeutic group home or RTC placement without prior notice only upon reasonable belief based on clearly articulable facts that the Class Member is a present, imminent danger to him or herself or others. Whenever ORR steps up a Class Member without prior notice or opportunity to be heard, it shall provide notice as provided in ¶¶ 6–7 within forty-eight (48) hours of the Class Member's arriving at the restrictive placement.

9.  A Class Member whom ORR intends to step up to secure, staff secure, therapeutic staff secure, therapeutic group home, RTC or OON facility shall automatically be accorded the opportunity to be heard five (5) business days prior to the step-up and no sooner than seventy-two (72) hours after receiving notice of the restrictive placement per ¶ 6 above; or if ORR invokes the exigency exception in ¶ 8, the hearing shall be conducted no later than seven (7) days following the transfer to restrictive placement.

10. The PRH shall provide the following:

a.  It shall be conducted before a neutral factfinder with available translator(s) in the minor's native language;

b.  The minor shall have the right to present evidence, including witness testimony;

c.  The minor shall have an opportunity to confront, inspect and rebut the evidence alleged to justify restrictive placement;

d.  The neutral factfinder shall hear and consider the evidence, including witness testimony, and ORR shall bear the burden of production and the burden of proof by clear and convincing evidence to prove that the Class Member is a present danger to themselves or others, that a less restrictive placement is not consistent with the Class Member's best interest, and the class

6.

member's current, or other, non-restrictive placement cannot and would not provide services or resources that would allow the class member to remain in a less restrictive placement;

e. ORR shall disclose all evidence supporting restrictive placement no later than five (5) business days prior to the placement review hearing;

f. Class members shall have the right to counsel;

g. The hearing officer shall issue a written decision, in a language the Class Member understands, within two (2) business days of the PRH setting forth detailed, specific, and individualized reasoning for the decision. The decision shall notify the Class Member of their automatic right to periodic 30-day hearings as described in ¶ 11 and right to challenge the decision in a U.S. District Court; and

h. The proceedings under this section or ¶ 11 shall be separate and apart from the Alien File, and shall form no part and shall not be relied upon in any deportation or removal hearing or any USCIS adjudication, including but not limited to final decisions and discretionary factors.

11. Periodic hearings reviewing restrictive placement:

a. The periodic hearings shall automatically and periodically review the placement of a Class Member in a secure, staff secure, therapeutic staff-secure, therapeutic group home, RTC, or OON facility after the Class Member has been in any restrictive placement for thirty (30) calendar days;

b. All periodic hearings shall be conducted in accordance with the procedures prescribed in ¶ 10 for initial placement review;

c. A 30-day hearing of a placement in an RTC or OON shall include a detailed and specific review prepared by a qualified, licensed psychologist or psychiatrist of the mental health needs of a class member ("30-day review report"). This shall include a list of the child's current diagnoses, all medication prescribed, reasons for prescription, type of therapeutic interventions being provided and the date and time of therapeutic sessions over the preceding thirty (30) days, an assessment of whether the child continues to be a danger to themselves or others, and an explanation of any and all reasons for continued placement in an RTC or OON. This shall also include an explanation of why a non-restrictive placement cannot and would not provide services or resources that would allow the class member to be detained in a less restrictive; and

d. Periodic hearings of secure placement shall include detailed, specific and individualized reasoning for continued restrictive placement.

12. ORR's step up of a child shall not operate to delay family reunification and ORR shall not refuse to transfer a child to a long-term foster care or other sponsor due solely to a child's classification in a restrictive

7.

placement. This includes, but is not limited to, any policy or practice requiring good behavior or receipt of no Significant Incident Reports for a certain time period before a step down to a less restrictive placement or release to a sponsor.

13. This Order shall be implemented within six (6) months from the date of the Order. In compliance with this Order, the Defendants will provide reporting to Class Counsel beginning six (6) months from the date of the Order regarding the hearings and notice described in this Order. Class Counsel shall have the right to monitor the hearings and meet with Class Members to monitor compliance, and Defendants shall provide additional monthly reports including:

   a. The name, Alien Number, date of birth, notice of step-up, and location and destination of the Class Member being transferred to a secure, staff secure, OON, or RTC facility;

   b. Notice of the PRH and periodic hearings, the name and Alien number of the minor who is the subject of the hearing, and the time, date, and location of the hearings, and all hearing decisions and 30-day review reports; and

   c. The notice provided in this Order in ¶ 6 shall be provided to counsel at the same time notice is provided to Class Members.

## Legal Representation Class

With respect to Plaintiffs' fourth claim for relief, Plaintiffs' Motion for Partial Summary Judgment is hereby **GRANTED**. Defendants' policy and practice to grant Case Managers, Case Coordinators, and Federal Field Specialists broad discretion to refuse detained children's legal representatives reasonable opportunity to advocate on children's behalf with respect to release, placement, or the administration of psychotropic medications violates 8 U.S.C. § 1232(c)(5), 5 U.S.C. §§ 706 (1), (2)(A), (2)(B), and the Due Process Clause of the Fifth Amendment to the United States Constitution, and on that ground are declared unlawful. Class Members have the right to effective legal representation, including representation with respect to placement, the conditions of their placement, release or reunification, step-up or step-down in placement, and access to health services.

Furthermore, Defendants' policy and practice to prohibit legal representatives from using funds appropriated in furtherance of 8 U.S.C. § 1232(c)(5) to represent detained children with respect to release, placement, or the administration of

psychotropic medications are contrary to 8 U.S.C. § 1232(c)(5), and on that ground are declared unlawful.

Defendants are accordingly permanently enjoined as follows:

14. ORR shall ensure that Class Members' legal representatives have prompt, reasonable and regular direct communication with Case Managers, Case Coordinators, and FFSs overseeing their clients' placement, release or reunification, step-up, step-down, and/or taking of psychotropic drugs.

15. Upon request, ORR shall promptly provide Class Members' legal representatives with the name and telephone number of all potential sponsors for their client. Notwithstanding the foregoing —

   a. Potential sponsors who assert they are United States citizens or lawful permanent resident aliens may instruct ORR to withhold their names and other information from Class Members' legal representatives;

   b. ORR may, on a limited basis and only for an attorney's representation of a specific Class Member, withhold potential sponsors' names and telephone numbers upon a good faith belief based on articulable facts that a Class Member's legal representative will use such information to unreasonably obstruct or delay the Class Member's release or reunification. In the event ORR determines to withhold potential sponsors' names and telephone numbers from a Class Member's legal representative, it shall promptly advise the Class Member's legal representative of the reasons for such non-disclosure. The attorney shall have the right to seek reconsideration from the FFS, and the FFS shall respond to the attorney with the basis for the determination within seven (7) calendar days; and

   c. Absent a reasonable belief based upon articulable facts that doing so would endanger a Class Member, ORR shall, within seven (7) days of request, permit Class Members' legal representative to review and copy the Class Members' complete ORR file. In the event ORR refuses to allow a Class Member's legal counsel to review the Class Member's complete ORR file, it shall promptly notify the Class Member's legal representative what material it is withholding and the reasons for withholding it. The attorney shall have the right to seek reconsideration of such withholding from the FFS, and the FFS shall respond to the attorney with the basis for the determination within seven (7) calendar days.

16. ORR is enjoined against prohibiting Class Members' legal representatives from using funds appropriated in furtherance of 8 U.S.C. § 1232(c)(5) to represent them with respect to release, placement, or the administration of psychotropic medications.

9.

1

**IT IS SO ORDERED.**

2

DATED: _____, 2020          _____

3                                                              DOLLY M. GEE
                                                               UNITED STATES DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:18-CV-05741 DMG PLA**