JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR.
Deputy Director
CHRISTOPHER A. BATES
Senior Counsel to the Assistant Attorney General
W. DANIEL SHIEH
BENJAMIN MARK MOSS
Senior Litigation Counsel
NANCY K. CANTER
ANTHONY J. MESSURI
JONATHAN K. ROSS
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-9802
Daniel.Shieh@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lucas R., *et. al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>Alex M. Azar,<br>Secretary of U.S. Dep't of Health and Human Services, *et al*.<br><br>　　　　　*Defendants*. | Case No.: 18-cv-05741-DMG-PLA<br><br>**DEFENDANTS' STATEMENT OF EVIDENTIARY OBJECTIONS**<br>Hearing Date: Dec. 11, 2020<br>Time: 3:00PM PT<br>Location: Courtroom 8C, 8th Floor<br>350 West 1st Street<br>Los Angeles, CA 90012<br><br>Honorable Dolly M. Gee<br>United States District Judge |

Defendants respectfully submit this separate statement of evidentiary objections to Plaintiffs' proposed facts in support of Plaintiffs' motion for partial summary judgment, ECF 271-2, as provided in the Court's July 9, 2018 order and authorized by the Federal Rules. *See* ECF 17 at 8; *see also* Fed. R. Civ. P. 56(c)(2). Defendants do not concede that Plaintiffs' expert witnesses meet *Daubert* standards, and Defendants reserve the right to raise further evidentiary challenges at a later stage of this litigation if necessary, including but not limited to objections to expert qualifications and methods, and any other objections permitted by law. Defendants also note that to the extent Plaintiffs rely on expert witnesses to render opinions on ultimate questions of law, that is improper. *Compare* Fed. R. Evid. 704, *with, e.g.*, *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (collecting cases from various circuits and noting that "while testimony on ultimate facts is authorized under Rule 704, . . . testimony on ultimate questions of law is not favored").

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 38. | Although Case Managers are the first of three actors involved in release decisions, they also have unilateral authority to declare a potential sponsor "non-viable," which ends the vetting process.<br><br>Ex. 30 [Deposition Transcript of Michelle Ortiz ("Ortiz Dep. Tr.")] at 110:24–113:2 ("And the aunt was told she was not a viable sponsor because they didn't have the same last name . . . . Once transferred to the permanent facility, the child was released within two weeks . . . ."). | Relevance, hearsay, foundation. Fed. R. Evid. 401, 602 & 802. Plaintiffs' only evidence in support of this statement is Ex. 30 [Ortiz Dep. Tr.] at 110:24–113:2—testimony by a legal service provider based on hearsay, from a single third-party source—and the deponent's testimony does not purport to establish that ORR allegedly has a policy or practice granting case managers unilateral authority to declare a potential sponsor "non-viable." Regardless, this passage does not lay an evidentiary foundation to establish the deponent's alleged knowledge of proposed fact 38. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 48. | ORR's policy of requiring all household members to submit fingerprints in the event of a home study can cause "significant[] delay[]" in releasing children to available custodians.<br><br>Ex. 20 [Deposition Transcript of Whitney Eich ("Eich Dep. Tr.")] at 46:22–48:13, 184:11–185:8 (it could take "[p]otentially five weeks" to receive fingerprint results). | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited passage does not stand for the proposition that ORR's current policy of requiring all household members to submit fingerprints in the event of a home study (rather than a prior policy requiring fingerprints of all household members in all circumstances) causes "significant delay", and therefore does not stand for the proposition that such a policy currently causes delays.  Indeed, within the cited passage, Ms. Eich clarified that her testimony about the impact of the policy referred to "*[p]reviously*, when that policy was in place for all household members . . . ." Ex. 20 [Eich Dep Tr.] at 47:7 to 48:13 (emphasis supplied). |
| 53. | ORR has no written standards on when it will require a Class Member to undergo a psychological evaluation as a prerequisite to release.<br><br>Ex. 16  [Contreras Dep. Tr.] at 175:11-23 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited passage does not address whether ORR has written standards on requiring a psychological evaluation as a release prerequisite.  *See* Ex. 16 [Contreras Dep. Tr.] at 175:11-23 ("Q. Does a psychological evaluation need to be completed before a child can be stepped down or reunified? A. ORR determines whether that's necessary for a step down or for reunification.  Q. Okay. And can you remember whether a psychological evaluation had to be completed before step down? A. Yes. Q. Okay. And can you remember whether a psychological evaluation had to be completed before reunification? A. Yes."). |

Defendants' Statement of Evidentiary Objections

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 54. | Notwithstanding the lack of written standards, ORR's practice is to delay releasing children detained at Shenandoah Valley Juvenile Center ("SVJC") to available custodians until they have had a psychological evaluation, which takes at least 30 days to complete.<br><br>Ex. 17 [Deposition Transcript of Melissa Cook ("Cook Dep. Tr.")] at 209:5–211:23 | *As to the phrase "Notwithstanding the lack of written standards"*:  (1) Foundation/assumes a fact not not supported by evidence, Fed. R. Evid. 602; and (2) Relevance, Fed. R. Evid. 401.  This source, Ex. 17 [Cook Dep. Tr.] at 209:5–211:23, does not address whether ORR has written standards on requiring a psychological evaluation as a release prerequisite. |
| 58. | ORR's Policy Guide contains limited guidance to Case Managers, Case Coordinators, and FFS concerning family reunification decisions—consisting of a short list of factors such as "[t]he sponsor's understanding of the . . . child's needs, as identified by ORR and the care provider."<br><br>Ex. 1 [ORR Policy Guide] § 2.4.1 at 41 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The phrases "limited guidance" and "short list of factors" are not facts but rather are Plaintiffs' arguments, or are lay opinions not here supported by expert testimony for Plaintiffs' Proposed Fact 58.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974) (statements of counsel "in the summary-judgment context, are not evidence . . . ."). |
| 59. | ORR's Policy Guide contains no guidance on how to weigh information collected from proposed sponsors or the short list of factors included in the Policy Guide before making release decisions.<br><br>Ex. 1 [ORR Policy Guide] §§ 2.2.4, 2.4.1 at 36–38, 41 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The phrases "no guidance" and "short list of factors" are not facts but rather are Plaintiffs' argument, or they are a lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 59.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 63. | None of ORR's limited guidance to Case Managers, Case Coordinators, and FFS concerning family reunification decisions is published in the Federal Register or a Notice of Proposed Rulemaking.<br><br>Ex. 11 [Deposition Transcript of 30(b)(6) Witness, Michael E. Bartholomew ("Bartholomew (30)(b(6) Dep. Tr.")] at 43:11–44:6; *Flores v. Sessions*, 862 F.3d 863, 871–72 (9th Cir. 2017) | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The phrase "limited guidance" is not a fact but rather is Plaintiffs' argument, or lay opinion about facts, not here supported by expert testimony for Plaintiffs' Proposed Fact 63.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>*As to the Bartholomew deposition passage*:  At Dr. Bartholomew's 30(b)(6) deposition, Defendants objected within this passage as beyond the scope of the noticed 30(b)(6) topics for this witness, and also as calling for a legal conclusion.  Defendants renew those objections.  *See, e.g., Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ("[A]nswers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. . . such answers were merely the answers or opinions of individual fact witnesses, not admissions of the party"). |
| 67. | Case Managers have at times unnecessarily delayed issuing recommendations regarding children's release to available custodians.<br><br>Ex. 25 [Deposition Transcript of Karen Husted ("Husted Dep. Tr.")] at 43:19–46:2 | Relevance.  Fed. R. Evid. 401(a).  Plaintiffs' cited deposition passage does not stand for Plaintiffs' contention that case managers have at times unnecessarily delayed issuing recommendations regarding children's release to available custodians.  Rather the cited passage only addresses whether the delay was within the case manager's control—not whether the delay was *unnecessary*. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 68. | ORR has delayed releasing children to available and fit sponsors until they have shown "good behavior" for some amount of time.<br><br>Ex. 28 [Deposition Transcript of Nithya Nathan-Pineau ("Nathan-Pineau Dep. Tr.")] at 55:17–56:24 | Hearsay.  Fed. R. Evid. 802.  Inadmissible double hearsay from a third-party legal service provider's recitation of what unspecified class members said.  Ex. 28 [Nathan-Pineau Dep.] at 55:17-56:1 ("Q. And is it your understanding that ORR may delay reunification with family members for a period say 30 days or 60 days where a child needs to be free of SIRs? A. That is my understanding. I've heard -- I've heard that a child, I've heard many children say to us that they have been informed that they're not eligible for reunification if they're not without what they would call a report for a specific period of time."). |
| 74. | ORR does not provide children a hearing before a neutral factfinder before denying release.<br><br>Ex. 5 [RFA 1st Set] No. 30 at 489–90 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The phrase "neutral fact finder" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not supported by expert testimony for Plaintiffs' Proposed Fact 74.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 82. | In at least one case, a Case Manager at one ORR facility rejected a child's aunt as a proposed sponsor because they did not share the same last name. Once the child was transferred to a new facility, the new Case Manager expressed no concerns about the aunt's last name and approved release within two weeks. | Hearsay.  Fed. R. Evid. 802.  Inadmissible double hearsay from a third-party legal service provider's recitation of what unspecified class members said.  Ex. 30 [Ortiz Dep. Tr.] at 110:23–112:7 relies on: (1) hearsay statements made by an unspecified class member to a third-party legal service provider; (2) hearsay statements of the unidentified class member's aunt to the unidentified class member; concerning (3) an unspecified third-party case manager's hearsay statements; and (4) hearsay |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | Ex. 30 [Ortiz Dep. Tr.] at 110:23–112:7 | statements of other unspecified class members to the third-party legal services provider.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition that the "new Case Manager expressed no concerns about the aunt's last name." Rather, the closest the passage comes is to state that: "Once transferred to the permanent facility, the child was released within two weeks, and that is a case that I sent multiple inquiries to the shelter director about." Ex. 30 [Ortiz Dep. Tr.] at 111:7-11. |
| 84. | Class Member A.N.P.C.'s case worker informed her that release to her proposed sponsor was denied because A.N.P.C. did not have an official birth certificate.<br><br>ECF No. 37-14 [A.N.P.C. Decl.] ¶ 8 | Hearsay. Fed. R. Evid. 802 (statement about what third-party caseworker said) |
| 88. | The limited appeal rights granted to proposed custodians who are parents or legal guardians are rarely exercised.<br><br>Ex. 5 [RFA 1st Set] No. 28 at 485–87 ("a relatively low proportion of proposed sponsors elect to pursue an administrative appeal process") | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrases "limited appeal rights" and "rarely exercised" are not facts but rather are Plaintiffs' argument, or are Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 88. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 92. | Contrary to child welfare practices across the country, ORR's policies do not provide for a neutral factfinder.<br><br>Ex. 53 [Edwards Expert Rep.] at | Argumentative/legal conclusion. The phrase "neutral factfinder" is not a fact but rather is Plaintiffs' argument or a legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion that assumes domestic child welfare practices are |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | 1340 | analogous to ORR care, and not a fact. Moreover, whether ORR's decisionmakers are neutral is a legal conclusion. |
| 93. | Contrary to child welfare practices across the country, ORR's policies do not include any form of evidentiary hearing at which children participate in the decision-making and present their own evidence and arguments.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | Argumentative/legal conclusion.  The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact. |
| 94. | Contrary to child welfare practices across the country, ORR's policies do not afford children the opportunity to meaningfully challenge the denial of a sponsor because ORR is not required under its policies to disclose the evidence it relies upon in denying a sponsor's application.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341–42 | Argumentative/legal conclusion.  The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance.  Fed. R. Evid. 401.  Ex. 53 [Edwards Expert Rep.] at 1341-42 points to no evidence of "child welfare practices across the country," rather, citing only the ORR Guide. |
| 95. | Contrary to child welfare practices across the country, ORR's policies do not require that children's interests be represented by counsel or any other advocates.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | Argumentative/legal conclusion.  The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance.  Fed. R. Evid. 401.  Ex. 53 [Edwards Expert Rep.] at 1341 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 96. | Contrary to child welfare practices across the country, ORR's policies do not include timelines that allow the case to keep moving toward resolution.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | Argumentative/legal conclusion.  The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance.  Fed. R. Evid. 401:  Ex. 53 [Edwards Expert Rep.] at 1341 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. |
| 97. | Contrary to child welfare practices across the country, ORR's policies do not universally afford children the right to appeal adverse decisions denying reunification with their sponsors.<br><br>Ex. 53 [Edwards Expert Rep.] at 1342 | Argumentative/legal conclusion.  The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance.  Fed. R. Evid. 401.  Ex. 53 [Edwards Expert Rep.] at 1342 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. |
| 114. | ORR policy does not provide placement criteria for therapeutic staff-secure facilities, therapeutic group homes, or OON facilities.<br><br>Ex. 1 [ORR Policy Guide] § 1 at 22–33 (providing placement criteria for secure, staff-secure and RTCs, but not therapeutic staff secure, therapeutic group homes or out-of-network facilities) | Rule of optional completeness.  Fed. R. Evid. 106.  Plaintiffs do not cite all relevant ORR policy provisions for this statement.  The following sections should also be considered because the ORR Guide contains placement considerations that apply to all placements, determinations, or recommendations:  ORR Guide §§ 1.2.1, 1.2.4.<br><br>Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities, therapeutic group homes, and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See* |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."); *see also Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019) (holding that "the scope of the injunctive relief is limited by the class definition"). |
| 115. | The longer ORR detains a child, the more likely he or she will be "stepped up" to a secure, staff-secure, therapeutic staff secure, OON facility, or RTC.<br><br>Ex. 57 [Expert Report of Dr. Emily Ryo ("Ryo Expert Rep.")] at 1398–1401; Ex. 56 [Matlow & Wang Expert Rep.] at 1388 ("Such children are likely to deteriorate and escalate behaviors and symptoms, often leading to step-up to more restrictive placement . . . with high cost both to the child and to the system."); Ex. 29 [Nathan-Pineau Dep. Tr.] at 110:17–111:2; Ex. 35 [Ryo. Dep. Tr.] at 100:14–19, 102:7–18 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that an increased length of care in ORR custody causes, versus is correlated with, a greater likelihood of being stepped up.<br><br>Rule of optional completeness. Fed. R. Evid. 106. Plaintiffs' expert Dr. Ryo testified: "I am not claiming causation in my report." DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion.").<br><br>Hearsay. Fed. R. Evid. 802. Ex. 29 [Nathan-Pineau Dep. Tr.] at 110:17–111:2 is based on hearsay statements of unspecified class members to third-party legal services provider.<br><br>Relevance. Fed. R. Evid. 401. Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |

Defendants' Statement of Evidentiary Objections

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 121. | OON facilities[] are often RTCs that are similarly restrictive as in-network RTCs.<br><br>Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 14:5–15; Ex. 23 [Fink Dep. Tr.] at 61:10–15; Ex. 18 [Deposition Transcript of James De La Cruz, Mar. 10, 2020 ("De La Cruz Dep. Tr.")] at 125:4–16 | Relevance.  Fed. R. Evid. 401.  OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 122. | Therapeutic staff-secure facilities are more restrictive than shelters.<br><br>Ex. 23 [Fink Dep. Tr.] at 37:22–38:8; Ex. 24 [Heath Dep. Tr.] at 108:7– 109:6; Ex. 20 [Eich Dep. Tr.] at 124:24–125:12 | Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 125. | Therapeutic group homes are more restrictive than shelters.<br><br>Ex. 23 [Fink Dep. Tr.] at 38:9-12, 57:7-10; Ex. 28 [Murray Dep. Tr.] at 140:23–141:4 (classifying therapeutic group homes and therapeutic staff- secure facilities as equally restrictive); Statement of Uncontroverted Fact ("SUF") ¶ 122, *supra* ("Therapeutic staff-secure facilities are more restrictive than shelters.") | Relevance.  Fed. R. Evid. 401.  Therapeutic group homes are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 133. | Children who ORR steps up to secure juvenile detention facilities or RTCs report feeling compelled to take psychotropic medications against their will. | Hearsay.  Fed. R. Evid. 802.  Plaintiffs' evidence contains hearsay statements from unspecified third-party grantee care provider staff and/or unspecified third-party medical providers, and sometimes |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | Ex. 59 [A.M.R.A. Decl.] ¶ 5; Ex. 62 [D.S.J.L. Decl.] ¶ 8; Ex. 63 [E.G.G.J. Decl.] ¶ 5; Ex. 65 [J.M.R.R. Decl.] ¶¶ 18–19; Ex. 66 [J.S.C.M. Decl.] ¶ 19; Ex. 68 [K.N.A.T. June 2018 Decl.] ¶ 6; Ex. 73 [M.M.H. Decl.] ¶ 8; Ex. 77 [N.B.C.R. Decl.] ¶ 6; Ex. 82 [Y.A.M.S. Decl.] ¶¶ 11–21; Ex. 72 [M.H.S. Decl.] ¶ 5; Ex. 81 [Lucas R. Decl.] ¶ 6; Ex. 58 [A.D.A. Decl.] ¶ 11; Ex. 60 [C.J.A.L. Decl.] ¶ 11; Ex. 79 [P.D.O.P. Decl.] ¶¶ 12–13; Ex. 61 [D.D.R.O. Decl.] ¶ 7 | no suggestion on the identity of the hearsay declarant at all. *E.g.*, Ex. 61 [D.D.R.O. Decl.] ¶ 7; Ex. 62 [D.S.J.L. Decl.] ¶ 8; Ex. 65 [J.M.R.R. Decl.] ¶¶ 18–19; Ex. 73 [M.M.H. Decl.] ¶ 8 (no identity of hearsay declarant); Ex. 77 [N.B.C.R. Decl.] ¶ 6 (no identity of hearsay declarant); Ex. 82 [Y.A.M.S. Decl.] ¶¶ 11–21; Ex. 58 [A.D.A. Decl.] ¶ 11; Ex. 79 [P.D.O.P. Decl.] ¶¶ 12–13.<br><br>Foundation/speculation.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).  Plaintiffs' evidence does not lay a sufficient evidentiary basis to show that the declarant's conclusion is more than speculative:  Ex. 66 [J.S.C.M. Decl.] ¶ 19; Ex. 68 [K.N.A.T. June 2018 Decl.] ¶ 6 (no statement that there is any connection between class member feeling a need to take medication and leaving detention); Ex. 77 [N.B.C.R. Decl.] ¶ 6 (same).<br><br>Relevance.  Fed. R. Evid. 401.  Plaintiffs' evidence does not stand for the proposition that children report feeling compelled against their will, as opposed to a feeling of regret for the need to take the medication, or disagreeing that there is a need for it.  Ex. 72 [M.H.S. Decl.] ¶ 5; Ex. 81 [Lucas R. Decl.] ¶ 6. |
| 134. | Children stepped up to Shiloh RTC report being forced to take psychotropic medication or seeing other children forced to take psychotropic medication.<br><br>Ex. 62 [D.S.J.L. Decl.] ¶ 11; Ex. 82 [Y.A.M.S. Decl.] ¶ 22; Ex. 63 | As to Ex. 62 [D.S.J.L. Decl.] ¶ 11:  Hearsay. Fed. R. Evid. 802.<br><br>As to Ex. 69 [K.N.A.T. Dec. 1, 2017 Decl.] ¶ 11: Foundation/speculation.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).  Plaintiffs' evidence does not lay a sufficient evidentiary basis to show that the declarant's conclusion is |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | [E.G.G.J. Decl.] ¶ 6; Ex. 70 [K.S.G.P. Decl.] ¶ 8; Ex. 69 [K.N.A.T. Dec. 1, 2017 Decl.] ¶ 11; Ex. 67 [K.L.F. Decl.] ¶ 14; Ex. 75 [M.Y.R.M. Decl.] ¶ 3. | more than speculative. |
| 135. | Children stepped up to therapeutic staff-secure facilities may be required to undergo sex offender treatment.<br><br>Ex. 24 [Heath Dep. Tr.] at 119:24– 122:15 | Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 144. | Children who ORR steps [up] to secure, staff-secure, therapeutic staff- secure, RTCs, and OONs are less likely to be reunified with proposed custodians than children who are not stepped up.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404; Ex. 34 [Ryo Dep. Tr.] at 33:17–20, 116:4–117:24 | To the extent Plaintiffs imply causation, relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that being stepped up causes, versus is correlated with, a decreased likelihood of (re)unification.<br><br>Rule of optional completeness.  Fed. R. Evid. 106.  Plaintiffs' expert Dr. Ryo testified:  "I am not claiming causation in my report."  DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion.").<br><br>Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 145. | Children who ORR places in therapeutic group homes are less likely to be reunified with proposed custodians than children who were only ever in shelter placement.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404; Ex. 34 [Ryo Dep. Tr.] at 116:4–117:24 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that being placed in therapeutic group homes causes, versus is correlated with, a decreased likelihood of (re)unification.<br><br>Rule of optional completeness.  Fed. R. Evid. 106.  Plaintiffs' expert Dr. Ryo testified: "I am not claiming causation in my report."  DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion.").<br><br>Relevance.  Fed. R. Evid. 401.  Therapeutic group homes are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 146. | Children who ORR steps up to secure, staff-secure, therapeutic staff-secure, RTCs and OONs are more likely to voluntarily depart the United States than children whom it does not step-up.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that being stepped up causes, versus is correlated with, a greater likelihood of voluntary departure.<br><br>Rule of optional completeness.  Fed. R. Evid. 106.  Plaintiffs' expert Dr. Ryo testified:  "I am not claiming causation in my report."  DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | conclusion."). |
| | | Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 147. | Children who ORR places in therapeutic group homes are more likely to voluntarily depart the United States than children who only ever spent time in ORR shelters.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that being placed in therapeutic group homes causes, versus is correlated with, a greater likelihood of voluntary departure.<br><br>Relevance.  Fed. R. Evid. 401.  Therapeutic group home facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 148. | ORR does not release children directly from restrictive placements to Unaccompanied Refugee Minor ("URM") programs.<br><br>Ex. 17 [Cook Dep.] 270:18–271:3; Ex. 111 at 1859; Ex. 107 at 1839; Ex. 97 at 1761 ("ORR is rarely able to place minors into the URM program out of a staff secure placement"); Ex. 105 at 1830; Ex. | Relevance.  Fed. R. Evid. 401.  The few sources cited by Plaintiffs do not stand for Plaintiffs' categorical proposition that ORR does not release children directly from restrictive placements to the URM program.<br><br>Relevance.  Fed. R. Evid. 401.  Some of Plaintiffs' own evidence says the opposite of what Plaintiffs assert; Plaintiffs' cited Exhibit 97 at 1761 notes that while instances of this are rare, "ORR is . . . able to place minors into the URM program out of a staff secure |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | 24 [Heath Dep. Tr.] at 214:8–215:6; Ex. 46 [Heath Dep. Ex. 169] at 1271 (stating the following with respect to minor F.M.J., "URM application sent 12/17 and 2/17. Drug history and staff secure therapeutic so not likely to get URM."); *id.* (stating the following with respect to minor F.J.M. who is placed at Friends of Youth McEachern therapeutic staff secure, "Pending URM placement" but "URM won't accept due to mental health needs.") | placement." As the evidence does not stand for, and in fact, rebuts, Plaintiffs' categorical assertion, it is at best irrelevant, or alternatively, if it is relevant, the impact of the evidence on Plaintiffs' proposed fact 148 speaks for itself.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' evidence on this point references Therapeutic staff secure facilities, but these facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 152. | As a matter of practice, ORR and its care providers require that children have at least 30 days of good behavior before they may be stepped down.<br><br>Ex. 14 [Castaneda Dep. Tr.] at 145:9–18; Ex. 35 [Smith Dep. Tr.] at 156:8– 158:7; Ex. 24 [Heath Dep. Tr.] at 199:10–13, 204:13–17, 206:14–208:1; Ex. 49 [Heath Dep. Ex. 171] at 1305 ("The minor does not qualify for a step down at this time, as the minor has not completed his 30 days without an SIR."); *id.* at 1303 (FFS Supervisor directing programs to accept lateral transfer); Ex. 16 [Contreras Dep. Tr.] at 141:18–143:5; Ex. 17 [Cook Dep. Tr.] at | Relevance. Fed. R. Evid. 401. The few sources cited by Plaintiffs do not stand for Plaintiffs' categorical proposition that ORR and all of its many third-party grantee care providers require that children have at least 30 days of good behavior before they may be stepped down. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | 181:10– 182:15 | |
| 153. | ORR evaluates a child's "good behavior" on, among other things, the number of SIRs the child has received.<br><br>Ex. 16 [Contreras Dep. Tr.] at 138:4– 7; Ex. 26 [Londino Dep. Tr.] at 236:22–237:11 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for the proposition that "good behavior" is based on the *number* of SIRs a child receives.  Ex. 16 [Contreras Dep. Tr.] at 138:4–7; Ex. 26 [Londino Dep. Tr.] at 236:22–237:11. |
| 158. | None of ORR's policies or practices concerning step-ups or step-downs is formally published in the Federal Register or a Notice of Proposed Rulemaking.<br><br>Ex. 5 [RFA 1st Set] No. 2 at 468; ECF 144 [Azar Answer] ¶¶ 109, 123; Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 43:11–44:6 | *As to the Bartholomew deposition passage*:  At Dr. Bartholomew's Rule 30(b)(6) deposition, Defendants objected to the question as beyond the scope of the noticed Rule 30(b)(6) topics for this witness, and also as calling for a legal conclusion.  Defendants renew those objections.  *See, e.g.*, *Detoy*, 196 F.R.D. at 367 (question outside scope of 30(b)(6) noticed topics does not bind responding party as admission). |
| 159. | ORR's online Policy Guide and ORR MAP are not always consistent.<br><br>Ex. 24 [Heath Dep. Tr.] at 92:6–14, 294:19–295:4; Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 46:15–47:4; Ex. 32 [Deposition Transcript of Mae C. Quinn ("Quinn Dep. Tr.")] at 17:9–14, 169:23–170:4 | Argumentative/Fed. R. Evid. 701.   Plaintiffs' assertion constitutes argumentation, not fact.  To the extent Plaintiffs offer in support lay opinion testimony, it is unhelpful.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance, foundation.  Fed. R. Evid. 401, 602.  Evidence offered in support of Plaintiffs' proposition that the two documents are not always consistent does not stand for the proposition that they are substantively inconsistent, or give foundation for that conclusion: |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | • Plaintiffs' cited passage of the Bartholomew Rule 30(b)(6) deposition—which contains Defendants' objection to the question as beyond the noticed Rule 30(b)(6) topics, an objection Defendants renew, see *Detoy*, 196 F.R.D. at 367—only indicates that it takes time for the MAP to be updated to reflect policy changes in the Guide, and that while this takes time, "they do their due diligence. . . .". Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 46:15–47:4. <br><br>• Plaintiffs' cited passage of the Quinn deposition contends that there are inconsistencies, but offers no foundation for that assertion, or examples. Ex. 32 [Quinn Dep. Tr.] at 17:9–14, 169:23–170:4 <br><br>Rule of optional completeness. Fed. R. Evid. 106. Ex. 24 [Heath Dep. Tr.] at 92:17-23 (stating that witness could not recall any examples of inconsistency). |
| 160. | ORR frequently changes the policies and procedures set out in its Policy Guide and MAP. <br><br>Ex. 24 [Heath Dep. Tr.] at 28:19–20, 90:16–18; Ex. 28 [Murray Dep. Tr.] at 59:7–8; *see* Ex. 132 (reflecting changes to ORR Policy Guide); Ex. 136 (reflecting to changes to ORR MAP) | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The word "frequently" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 160. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 163. | Case Coordinators rely almost exclusively on written documentation compiled and provided by Case Managers in formulating their recommendations regarding step-up or step-down.<br><br>Ex. 35 [Smith Dep. Tr.] at 80:15–22; Ex. 24 [Heath Dep. Tr.] at 81:23– 82:25; Ex. 28 [Murray Dep.] 46:6– 47:3, 104:14-25, 117:16–23, 119:2–24, 131:14–21 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.   The phrase "almost exclusively" is not a fact but rather is Plaintiffs' argument , or it is Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 163.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for the proposition implied by phrase "almost exclusively" that case coordinators have no other bases for reaching their step-up or step-down recommendations. |
| 168. | FFS rely exclusively on information and evidence provided by Case Managers in making step-up and step-down decisions.<br><br>Ex. 35 [Smith Dep. Tr.] at 99:12– 17, 100:4–8, 149: 9–25; Ex. 24 [Heath Dep. Tr.] at 83:5–10, 86:16–21; Ex. 20 [Eich Dep. Tr.] at 170:15–19 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for the proposition, included in the phrase "exclusively," that FFS have no other sources of information than that provided by case managers in making step-up and step-down decisions. |
| 169. | The information and evidence FFS rely on in making step-up and step-down decisions is not always accurate.<br><br>Ex. 24 [Heath Dep. Tr.] at 211:5–12 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for the proposition that FFS *rely* on inaccurate information.  Moreover, the testimony of a single, non Rule 30(b)(6) witness not purporting to speak for FFS in general in this passage does not stand for Plaintiffs' proposition concerning practices of FFS in general. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 174. | ORR policies do not require an FFS to consult with an FFS Supervisor or anyone else regarding step-up except for placement into OON facilities.<br><br>Ex. 23 [Fink Dep. Tr.] at 23:15–21, 169:5–25; Ex. 1 [ORR Policy Guide] § 1.2 at 22–23; Ex. 2 [ORR MAP] § 1.4, at 89; Ex. 18 [De La Cruz Dep. Tr.] at 58:19–59:3, 133:16–21, 135:14–24, 137:12–17; Ex. 35 [Smith Dep. Tr.] at 83:11–84:1 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for Plaintiffs' proposition.<br><br>Relevance.  Fed. R. Evid. 401.  OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 175. | FFS have not received formal training on the differences between therapeutic staff-secure, staff- secure, and RTC placements.<br><br>Ex. 35 [Smith Dep. Tr.] at 37:21–24; Ex. 23 [Fink Dep. Tr.] at 55:1–5; Ex. 39 [Vergara Dep. Tr.] at 97:11–25 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The word "formal" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 175.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' proposition that FFS have not received training on the differences between therapeutic staff-secure, staff-secure, and RTC placements.<br><br>Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 176. | Although ORR uses the criteria whether a child is a "danger to self or others" to determine step-up or step-down eligibility, ORR employs no standardized metric to determine whether a child meets this standard, *i.e.*, the child is a danger to self or others.<br><br>Ex. 24 [Heath Dep. Tr.] at 96:19–22, 97:23-25, 98:1-4; Ex. 1 [ORR Policy Guide] § 1.2.1 at 23 (placement consideration "danger to self" and "danger to the community"); *id.* § 1.2.4 at 24 (secure placement criteria includes "danger to self or others"); *id.* § 1.4.2 at 29 ("[s]tep downs may occur when ORR, in its discretion, determines the UAC no longer poses a danger to himself or others"); *id.* § 1.4.6 at 30 (RTC placement criteria – danger to self or others) | Vagueness/argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  Plaintiffs' phrase "standardized metric" is vague and includes Plaintiffs' argument, not supported by evidence, or opinion, that such a standardized metric is applicable to the ORR context.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 178. | ORR provides no guidance on how to weigh placement considerations under ORR Policy Guide § 1.2.1.<br><br>Ex. 1 [ORR Policy Guide] § 1.2.1 at 23 (absence of guidance or direction on how to weigh these factors); Ex. 2 [ORR | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  Whether the ORR Guide provides guidance is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | MAP] § 1.2.1 at 65 (same) | |
| 185. | A child placed in a therapeutic group home does not receive a NOP.<br><br>Ex. 2 [ORR MAP] § 1.2.4 at 65–66 (no mention of whether a child in a therapeutic group home would receive a NOP); Ex. 23 [Fink Dep. Tr.] at 151:5–8 | Relevance.  Fed. R. Evid. 401.  Therapeutic group homes are not claims Plaintiffs alleged in the First Amended Complaint or in the certified classes, so this allegation about those facilities and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 188. | Stepped up children do not always receive a NOP within 48 hours after arrival at a restrictive placement.[1]<br><br>Ex. 16 [Contreras Dep. Tr.] at 119:17–20; Ex. 33 [Ray Dep. Ex. 119]; Ex. 126 at 1948 (███████████████████████ ; Ex. 123 at 1928 (███ ████████████); Ex. 124 at 1934, 1936 (██████████████ ██████); Ex. 125 at 1940, 1943 ███████████████ █); Ex. 29 [Nathan-Pineau Dep. Tr.] at 60:1–10 | Hearsay.  Fed. R. Evid. 802.  Ex. 29 contains hearsay statements made by unspecified class members to a third-party legal service provider('s colleagues).  *See* Ex. 29 [Nathan-Pineau Dep. Tr.] at 60:1–10 ("We have seen forms in English and Spanish, and we've reviewed them with the clients and asked them if they saw the form or remembered the form. And many of the children we speak with don't remember seeing the form or don't recognize it.").<br><br>Relevance.  Fed. R. Evid. 401.  As to Plaintiffs' citation to "Ex. 33 [Ray Dep. Ex. 119]," it is unclear what portion of that deposition Plaintiffs intended; if page 119, that page does not stand for Plaintiffs' proposition that stepped up children do not always receive a NOP within 48 hours after arrival at a restrictive placement. |

[1] Insofar as they are referenced in Defendants' Evidentiary Objections, Defendants include the redactions to Plaintiffs' evidentiary citations that appear in the publically available filing of Plaintiffs' Statement of Uncontroverted Facts, Dkt. 271-2 ¶ 188 & 206.  The full unredacted text is available at Dkt. 267-1.

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | Rule of optional completeness.  Fed. R. Evid. 106.  The following sections should also be considered  because they show that after some noncompliance with an aspect of the NOP requirement, there was later 100% compliance.  DX-33 [Ray Dep.] 73:22 to 74:18  ("Q. So when is a notice of placement supposed to be provided to a child? A. Within 48 hours of placement in that facility. And then again at least every 30 days thereafter.  Q. All right. And during the time you were responsible for compliance, did that always happen? A. We found noncompliance with that.  Q. Can you quantify that at all for me? A. Yes, I can. At the initial start of my compliance review work there were 34 kids in the two secure facilities and 18 cases were noncompliant.  Q. And by the end of the five months, do you have a -- A. They were 100 percent compliant by then. Q. With regard to notice of placement? A. With regard for a basis of placement and notice of placement, both secure facilities were 100 percent compliant."). |
| 189. | Stepped up children do not consistently know or understand the reasons for restrictive placement.<br><br>Ex. 24 [Heath Depo. Tr.] at 283:21– 284:15; Ex. 70 [K.S.G.P. Decl.] ¶ 2; Ex. 82 [Y.A.M.S. Decl.] ¶ 42; Ex 65 [D.S.J.L. Decl.] ¶ 4; Ex. 44 [Ray Dep. Ex. 119] at 1264 (noting non- compliance issue of "[n]ot citing evidence for placement basis in NOP") | Speculation/foundation.  Fed. R. Evid. 602.  Ex. 24 [Heath Dep. Tr.] 283:21-284:15 (questions called for speculation; Defendants' counsel twice objected on that basis). Defendants renew these objections.<br><br>Rule of optional completeness.  Fed. R. Evid. 106.  To the extent the Court admits into evidence a portion of the Ray deposition, the following sections should also be considered because they show that after some noncompliance with the requirement of a NOP within 48 hours of placement, there was later |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | 100% compliance with including the reasons for the restrictive placement.  DX-33 [Ray Dep.] 73:22 to 74:18  ("Q. So when is a notice of placement supposed to be provided to a child?  A. Within 48 hours of placement in that facility. And then again at least every 30 days thereafter.  Q. All right. And during the time you were responsible for compliance, did that always happen? A. We found noncompliance with that.  Q. Can you quantify that at all for me? A. Yes, I can. At the initial start of my compliance review work there were 34 kids in the two secure facilities and 18 cases were noncompliant. Q. And by the end of the five months, do you have a -- A. They were 100 percent compliant by then. Q. With regard to notice of placement? A. With regard for a basis of placement and notice of placement, both secure facilities were 100 percent compliant."). |
| 202. | ORR policy does not afford children an opportunity to request reconsideration or otherwise challenge step-up to staff-secure, therapeutic staff-secure facilities or therapeutic group homes.<br><br>Ex. 1 [ORR Policy Guide] § 1.4.7 at 30 (only referring to ORR director review option for secure and RTC placements); Ex. 2 [ORR MAP] § 1.4.7 at 102 (same); Ex. 24 [Heath Dep. Tr.] at 133:20–134:11 | Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities and therapeutic group homes are not claims Plaintiffs alleged in the First Amended Complaint or in the certified classes, so this allegation about those facilities and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 203. | Stepped up children rarely seek reconsideration or otherwise challenge step-up through ORR's director review process.<br><br>Ex. 13 [Biswas 30(b)(6) Dep.] 94:5– 14; Ex. 24 [Heath Dep. Tr.] at 130:13–19, 137:24–138:5; Ex. 35 [Smith Dep. Tr.] at 132:11–18; Ex. 14 [Castaneda Dep. Tr.] at 81:12– 82:20; Ex. 19 [David Dep. Tr.] at 160:7–18; Ex. 23 [Fink Dep. Tr.] at 155:2– 12 | Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.   The word "rarely" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 205. | Although a child who ORR steps up may request a *Flores* bond hearing before an immigration judge, the outcome of the bond hearing has no determinative outcome on the child's level of placement in ORR custody.<br><br>Ex. 6 [RFA 2nd Set] No. 105 at 528–29 ("ORR…takes into consideration the immigration judge's decision"); Ex. 1 [ORR Policy Guide] § 1.4.2 at 28–29 (same); *id.* § 2.9 at 54 ("An immigration judge does not rule on any of the following…the unaccompanied alien child's placement… while in ORR custody."); Ex. 29 [Nathan-Pineau Dep. Tr.] at 47:9–23; Ex. 42 [Ray Dep. Ex. 116] at 1257 ("The judge's determination | Argumentative.   The phrase "no determinative outcome" is not a fact but rather is Plaintiffs' argument. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | does not automatically change the child's placement in a particular care provider facility) | |
| 206. | Stepped up children rarely, if ever, seek federal court review of restrictive placement without the assistance of counsel. There were only 9 instances of habeas petitions found within the Defendants hundreds of thousands of produced documents.[2]<br><br>Ex. 86 at 1579; Ex. 87 at 1583; Ex. 88 at 1586; Ex. 89 at 1589; Ex. 90 at 1593; Ex. 91 at 1596; Ex. 108 at 1842–43 (████████ ████████████); Ex. 110 at 1851 ████████); Ex. 98 at 1764 (subject line "BDAC habeas case") | Imperfect invocation of Fed. R. Evid. 803(7), foundation.  Fed. R. Evid. 602, 803(6) & (7).  Plaintiffs have failed to establish foundation for their requested inference; they have failed to establish that the search of ORR documents that resulted in Defendants' document productions to Plaintiffs—and within that, the habeas related information Plaintiffs cite—captured the universe of habeas petitions filed by all minors in ORR custody (or the subset of minors in a restrictive placement).  Without such a showing, Plaintiffs' requested inference that other habeas petitions do not exist lacks foundation.  *See* Fed. R. Evid. 803(7)(C) ("other circumstances" may indicate a lack of trustworthiness of the inference that a matter is not included in a record).<br><br>Argumentative.  The phrase "not determinative" is not a fact but rather is Plaintiffs' argument.<br><br>Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701.  The word "rarely" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |

---

[2] See *supra* note 1.

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 207. | All 50 states and the District of Columbia require a hearing before a neutral factfinder before a child can be detained in a secure facility.<br><br>Ex. 54 [Expert Report of Professor Jessica Heldman ("Heldman Expert Rep.")] at 1356–57 | Argumentative.  This proposed fact is not a fact but rather is Plaintiffs' legal argument.<br><br>Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that all 50 states and the District of Columbia require a hearing before a neutral factfinder before a child can be placed in a secure facility. |
| 208. | A majority of states also require a hearing before a neutral factfinder before a child can be detained in a staff-secure facility.<br><br>Ex. 54 [Heldman Expert Rep.] at 1356–57 | Argumentative.  This proposed fact is not a fact but rather is Plaintiffs' legal argument.<br><br>Relevance.  Fed. R. Evid. 401.  The source cited does not stand for the proposition that a majority of states require a hearing before a child can be placed in a staff-secure facility. |
| 212. | ORR sometimes fails to provide children with a 30-day placement review.<br><br>Ex. 44 [Ray Dep. Ex. 119] at 1264 (citing non-compliance issue of "[n]ot providing a NOP every 30 days"); Ex. 45 [Ray Dep. Ex. 120] at 1266 (email from policy analyst Faith Ray to FFS on 11/28/18 regarding a UAC who had not had a case review since 6/30/18) | Relevance.  Fed. R. Evid. 401.  The portion of Ex. 44 [Ray Dep. Ex. 119] at 1264 dealing with NOP compliance does not stand for the proposition that the 30-day placement review itself did not occur. |
| 213. | Stepped up children are not permitted to participate in or submit evidence for 30-day placement reviews.<br><br>Ex. 1 [ORR Policy Guide] § 1; Ex. | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence on this point does not stand for the proposition that children are not permitted to submit evidence for 30-day placement reviews. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | 2 [ORR MAP] § 1; Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 54:16–22, 92:2–7; Ex. 16 [Contreras Dep. Tr.] at 147:11–13; Ex. 6 [RFA 2nd Set] No. 114 at 532–33 ("Defendants admit that unaccompanied alien children do not have the opportunity to present witnesses or evidence before they are stepped down to a less restrictive setting") | |
| 219. | ORR has erroneously refused children step-down from restrictive placement.<br><br>Ex. 16 [Contreras Dep. Tr.] at 155:1– 5; ECF No. 144 [Answer] ¶ 75; Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 348:12–24, 393:1–7; Ex. 33 [Ray Dep. Tr.] at 170:19–23; Ex. 35 [Smith Dep. Tr.] at 82:20–83:5, 162:16–163:8; Ex. 24 [Heath Dep. Tr.] at 212:16–23; Ex. 18 [De La Cruz Dep. Tr.] at 162:3–16, 163:7–164:5; Ex. 17 [Cook Dep. Tr.] at 197:21–25; Ex. 28 [Murray Dep. Tr.] at 193:10–17, 156:18–23, 158:6–21, 170:3–7, 184:20-189:4, 192:18–193:4; Ex. 47 [Murray Dep. Ex. 162] ("I have several cases at yolo that are in need of RTC but our RTC keep rejecting them."); Ex. 16 [Contreras Dep. Tr.] at 151:17–152:8; Ex. 22 [Fields Dep. Tr.] at 148:8–23; Ex. 39 [Vergara Dep. Tr.] at | Relevance.  Fed. R. Evid. 401.  Source does not support Plaintiffs' assertion.  *See, e.g.,* Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 348:12-24 (discussing that it can take "several days" to find a facility to take the child, but not supportive of proposition that such operational realities make the determination a "refusal" or "erroneous"; nor that any real-world system could instantaneously find placement for a child immediately after a determination is made); *id.* at 349:1-21 (discussing procedures to ensure minor is stepped down expeditiously); 351:12-25 (seeking additional facilities, additional beds and bringing them on line can take up to nine months); Ex. 47 [Murray Dep. Ex. 162] (stating that "I have several cases at yolo that are in need of RTC but our RTC keep rejecting them" but not stating that ORR has refused step-down). |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | 129:15–130:17, 257:6–10 | |
| 220. | ORR policies and practices for placing children in restrictive settings are inconsistent with accepted state and federal child welfare practice.<br><br>Ex. 54 [Heldman Expert Rep.] at 1350 | Relevance, foundation.  Fed. R. Evid. 401, 602.  Plaintiffs' cited evidence on this point does not stand for the proposition asserted.  Plaintiffs' only evidence on this point, Ex. 54, does not opine on placements at residential treatment centers.  DX-70 [Heldman Dep.] 16:12-15 (Q. "Did you render any expert opinion on the placement of children in the residential treatment centers? A. No, I did not.").  It also uses the wrong definition of staff-secure.  The report defines "staff secure" as a "residential facilit[y] in which physical restriction is provided solely by staff."  DX-82 [Heldman Expert Rep.] at 6; *see also* DX-70 [Heldman Dep.] 104:16-20 ("The staff secure facility would be one in which staff are primarily – or staff are given the ability to physically restrain children from leaving").  That is not what an ORR staff-secure facility is; rather, such a facility is one where no physical restraints of *any kind* are used to restrain children from leaving.  Defs.' U.F. ¶ 39.  This inaccuracy demonstrates a lack of foundation that renders the cited source irrelevant to Plaintiffs' factual assertion. |
| 223. | As of March 13, 2020, 14 of the total 3,621 children in ORR in-network care were detained in a secure facility, 17 were placed in an RTC, 30 were placed in a staff- secure facility, 6 were placed in a therapeutic staff-secure facility, and 13 were placed in therapeutic group homes. | Relevance.  Fed. R. Evid. 401.  Therapeutic staff-secure facilities and therapeutic group homes are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it with respect to those facilities are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | Ex. 93 at Ex. 93 at Census Tab, at Row J at 1630–1745 (Program_Type) (number of children detained in ORR custody as of March 13, 2020) | |
| 224. | As of March 13, 2020, 11 children were placed in out-of-network RTCs.<br><br>Ex. 93 at Out of Network Placements Tab, at Row A at 1746 (children placed in OON RTC as of March 13, 2020) | Relevance.  Fed. R. Evid. 401.  OON RTCs are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 226. | Plaintiff Class Members are typically indigent, speak little or no English, and have little or no knowledge of the United States' legal system.<br><br>ECF No. 144 [Answer] ¶ 146; Ex. 6 [RFA 2nd Set] No. 141 at 538-39 | Speculative/foundation.  Fed. R. Evid. 602.  While these attributes may be shared by many class members, to the extent not admitted, the burden of proof is on Plaintiffs to make the necessary showing using evidence, not speculation.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance.  Fed. R. Evid. 401.  The cited RFA 141 response does not discuss indigence whatsoever. |
| 227. | ORR is required to ensure "to the greatest extent practicable" that children from noncontiguous countries have counsel to represent them "in legal proceedings or matters and protect them from mistreatment."<br><br>8 U.S.C. § 1232(c)(5) | Argumentative.  This is a legal argument; it is not a fact. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 237. | In practice, Case Managers have discretion to communicate—or not—with Class Members' lawyers. In some facilities, children's lawyers do not even know who a client's Case Manager is.<br><br>Ex. 37 [Sualog Dep. Tr.] at 101:8–21; Ex. 30 [Ortiz Dep. Tr.] at 28:4–30:22; Ex. 29 [Nathan-Pineau Dep. Tr.] at 20:4–25 | *Ortiz deposition excerpt*: Defendants objected at the deposition on grounds of misstating prior testimony, as well as foundation.  Fed. R. Evid. 602.  Defendants renew the same objections here. Ex. 30 [Ortiz Dept. Tr.] 30:14-22.<br><br>Hearsay.  Fed. R. Evid. 802.  Ex. 30 [Ortiz Dep. Tr.] at 28:4–30:22 and Ex. 29 [Nathan-Pineau Dep. Tr.] at 20:4–25.  Hearsay statements about what third-party grantee care facility staff stated to third-party legal service providers and/or legal service provider's colleagues. |
| 239. | In practice, FFS exercise discretion to communicate or not with children's lawyers.<br><br>Ex. 24 [Heath Dep. Tr.] at 50:20–23, 86:13–15, 241:15–17; Ex. 38 [Treviño Dep. Tr.] at 95:21–23; Ex. 25 [Husted Dep. Tr.] at 176:22–25; Ex. 35 [Smith Dep. Tr.] at 46:12– 47:3; Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–15 | Relevance.  Fed. R. Evid. 401.  Cited evidence does not stand for Plaintiffs' asserted proposition concerning discretion.  *See* Ex. 24 [Heath Dep. Tr.] at 51:11-14 (FFS consults with supervisor in communications and sometimes responds to attorneys' messages; no mention of discretion); Ex. 25 [Husted Dep. Tr.] at 176:22–25 (in cases of transfer to staff secure, has not communicated with attorneys; no discussion of other contexts and no mention of discretion); Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–15 (no mention of discretion); Ex. 38 [Trevino Dep. Tr.] at 95:21–23 (Q. Do you communicate with attorneys for children? A.Yes."); Ex. 35 [Smith Dep. Tr.] at 45:21-24 ("Q. Okay. Do you communicate with attorneys for the children or the sponsors? A. I communicate with the Vera grantee attorneys here."). |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 240. | ORR leaves it up to facilities and clinicians to communicate or not with children's legal counsel.<br><br>Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 181:3–13; Ex. 17 [Cook Dep. Tr.] at 66:1–17 | Relevance.  Fed. R. Evid. 401.   Plaintiffs' cited evidence does not stand for Plaintiffs' proposition. |
| 242. | Case Managers sometimes allow children's counsel to submit affirmative evidence in support of release or non-restrictive placement and sometimes they do not.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' proposition.  Ex. 30 [Ortiz Dep. Tr.] at 31:11–21 (discussing lack of an official channel at the [now-closed] Homestead facility to facilitate counsel sharing information about potential sponsors to case managers, not ability of counsel to submit evidence in support of non-restrictive placements), 140:2–9 (discussing a requirement of the former director of the [now-closed] Homestead influx facility regarding routing of emails; no discussion of not being allowed to submit evidence in support of release or non-restrictive placement).  Further, the Homestead influx facility is now closed, *see Flores v. Barr*, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2 (noting that according to a stipulation between the parties in that case, ORR provided a "Declaration executed under penalty of perjury . . . dated August 14, 2019 . . . [which] declares in part that (1) as of July 3, 2019, ORR stopped placement of class members at Homestead, (2) as of the date of the declaration, no class members remained at Homestead and the facility was not accepting referrals . . . . ."), so evidence about practices there is irrelevant to Plaintiffs' claims for prospective, injunctive relief.  Moreover, Plaintiffs' only cited evidence on this point relates to Homestead, not standard, non-influx |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | facilities that are currently open.<br><br>Hearsay.  Fed. R. Evid. 802.  Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9.  Hearsay statements about what third-party facility staff stated to legal service providers and/or legal service provider's colleagues. |
| 243. | ORR does not permit children's lawyers to see a Case Coordinator's recommendation regarding a client's release.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 38:3–7 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' proposition; for instance, the evidence does not address what is *permitted*.  Ex. 30 at 38:3-7 ("Q. And when those recommendations would go to the case coordinators, was AIJ ever provided a copy of the recommendation of the case coordinator with respect to release? A. No. Not to my knowledge.").<br><br>Foundation.  Fed. R. Evid. 602.  Lack of knowledge on the part of a single third-party legal service provider does not establish a policy or practice of not permitting a child's attorney to see the case coordinator recommendation. |
| 244. | FFS are under no obligation to receive evidence regarding a client's release or placement from children's legal counsel, and they rarely, if ever, do so.<br><br>Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–7 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' propositions.  *See* Ex. 29 [Nithya Nathan-Pineau Dep. Tr.] 18:1-7 ("Q. What kind of ability do you have to speak with Ms. David in order to advocate for your clients? A. We're able to communicate with her by email and phone, but we don't have any sort of regular types of meetings or opportunities for discussion.")  As noted, the deponent testified that she is "able to communicate with [the FFS] by email and phone."  The fact there are no "regular types of meetings or opportunities for |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | discuss" does not establish that FFS rarely receive evidence of a child's placement, or that they are under no obligation to do so.<br><br>Unhelpful lay opinion. Fed. R. Evid. 701. The phrase "rarely, if ever" is a statement of opinion, not fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 245. | In practice, Class Members' legal representatives are sometimes permitted to provide information about potential custodians for their clients to Case Managers and sometimes they are not.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' propositions; it never says a case manager does not allow evidence. *See* Ex. 30 [Ortiz Dep. Tr.] at 31:11-21 ("Q. Did Homestead permit AIJ lawyers to provide information about potential sponsors in the United States to case managers? A. I'm not sure if 'permit is the appropriate [word], simply because there was not a channel of communication to facilitate that."); *see id* at 140:2-9 (discussing emailing the program director too frequently; no mention of a prohibition on submitting evidence: "Q. So if I understand right, AIJ lawyers had her e-mail address -- had Ms. Wood's e-mail address and sent her e-mails, right? A. We were told that we were not to communicate with anyone, that everything had to go through her, that she was the only person who had reliable, accurate information. And then we were told that we sent too many e-mails.").<br><br>Relevance. Fed. R. Evid. 401. Moreover, the Homestead influx facility is now closed, *see Flores v. Barr*, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2 (noting that |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | according to a stipulation between the parties in that case, ORR provided a "Declaration executed under penalty of perjury . . . dated August 14, 2019 . . . [which] declares in part that (1) as of July 3, 2019, ORR stopped placement of class members at Homestead, (2) as of the date of the declaration, no class members remained at Homestead and the facility was not accepting referrals . . . . ."), so evidence about practices there is irrelevant to Plaintiffs' claims for prospective, injunctive relief.  Moreover, Plaintiffs' only cited evidence on this point relates to Homestead, not standard, non-influx facilities that are currently open.  Thus, the evidence is irrelevant. |
| | | Hearsay.  Fed. R. Evid. 802.  Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9.  Hearsay statements about what third-party facility staff stated to third-party legal service providers and/or legal service provider's colleagues. |
| 246. | As a matter of policy and practice, ORR does not regularly provide children's legal representatives a copies [sic] of FFS decisions for or against releasing the legal representatives' clients to available custodians.

Ex. 30 [Ortiz Dep. Tr.] at 38:3–7 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' propositions that ORR does not regularly provide children's legal representatives copies of FFS decisions for or against releasing the legal representatives' clients to available custodians.  *See* Ex. 30 [Ortiz Dep. Tr.] at 38:3–7 ("Q. And when those recommendations would go to the case coordinators, was AIJ ever provided a copy of the recommendation of the case coordinator with respect to release?  A. No. Not to my knowledge.").  This quotation is about *case coordinator recommendations*, not FFS decisions.  And the lack of knowledge on the part of a single third- |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | party legal service provider does not establish a policy or practice of not permitting a child's attorney to see the FFS recommendation, particularly when the passage cited by Plaintiffs is not even about the subject of Plaintiffs' factual assertion 246.<br><br>Unhelpful lay opinion.  Fed. R. Evid. 701.  Moreover, the phrase "does not regularly" is a statement of opinion, not fact.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 247. | If a child's counsel wishes to see the evidence and information ORR has for restrictive placement, she or he must formally request a copy of the client's file.<br><br>Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 272:14–23 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' propositions.  Indeed, Plaintiffs' cited deposition passage merely says the information will be shared with the lawyer when the lawyer asks for it; the cited passage does not mention a formal request for a case file, and regardless, does not say that a formal request for a case file is the only way to receive information ORR has for restrictive placement.  Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 272:14–23 ("Q All right.  So when is this information provided to the child's lawyer?  A When the child's attorney asks for it. Q Is that -- will it be provided before the step up is actually effected? A So it says "on demand," so it will be provided on demand. If the -- in most instances step ups have to occur fairly quickly because there's an exigent circumstance requiring the placement quickly."). |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| 249. | In practice, children's counsel may wait several weeks or months before ORR produces a client's file.<br><br>Ex. 29 [Nathan-Pineau Dep. Tr.] at 16:13–21; Ex. 30 [Ortiz Dep. Tr.] at 41:18–23 | Relevance, foundation.  Fed. R. Evid. 401, 602.  To the extent Plaintiffs imply a policy or practice, rather than simply some occasions, Plaintiffs' cited evidence from two third-party legal service providers does not lay a sufficient foundation for that assertion, nor does it stand for the proposition that there exists such a policy or practice—a burden Plaintiffs must carry for purposes of obtaining class-wide, injunctive relief.  *See Henry v. Cty. of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997) (a government entity is liable only when "the unlawful actions of its employees or agents were taken pursuant to that defendant's policies or customs, including a policy of being deliberately indifferent to the rights of its inhabitants") (internal citations omitted); *see also Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905 (8th Cir. 1999) (to find municipality liable requires proof of constitutional violation pursuant to official policy or misconduct so pervasive among employees as to constitute custom or usage). |
| 254. | ORR does not disclose a child's psychological report to his or her legal representative before relying on it to step-up a child to a secure or psychiatric facility.<br><br>Ex. 13 [Biswas 30)(b)(6) Dep. Tr.] at 70:5–21 | Relevance. Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' propositions.  Indeed, Ex. 13 [Biswas Rule 30(b)(6) Dep. Tr.] at 70:5–21, does not mention psychological reports, and does not say that psychological reports cannot be disclosed to a child's attorney before step-up occurs:  "Q. Is there anything else, sitting here today, that you can think of that instructs case managers to advise attorneys of record or legal services providers of an upcoming 30-day restrictive placement review? A. At Section 1.4.2, we talk about what the basis is for stepping up or stepping down a child and share that |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | information with the child's attorney of record or legal service provider on demand. Q. And you're referring to Section 1.4.2 – A. Yes. Q. -- in that response? All right, but is it fair to say that this information is provided to the youth's attorney of record following the 30-day restrictive placement case review?  A. Yes."). |
| 256. | ORR often wakes children in the middle of the night or early in the morning, sending them to psychiatric facilities, juvenile halls, and medium-secure facilities—*i.e.*, unlicensed facilities—without any prior notice or an opportunity to be heard.<br><br>Ex. 80 [Jaime D. Decl.] at ¶¶ 6–7; Ex. 81 [Lucas R. Decl.] at ¶ 5; Ex. 78 [Sirena P. Decl.] at ¶ 4 | Relevance.  Fed. R. Evid. 401.  Against the backdrop of thousands of children in ORR care every year, the few scattered examples cited by Plaintiffs do not stand for Plaintiffs' proposition that ORR wakes children at these times *often*.  Ex. 80 [Jaime D. Decl.] at ¶¶ 6–7; Ex. 81 [Lucas R. Decl.] at ¶ 5; Ex. 78 [Sirena P. Decl.] at ¶ 4.<br><br>Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not support Plaintiffs' proposition that children are transferred to unlicensed facilities.<br><br>Unhelpful lay opinion.  Fed. R. Evid. 701.  Moreover, the phrase "often" is being used as a statement of opinion, not fact.  Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. |
| 257. | ORR has identified no reason for failing to advise Class Members' legal representatives that their clients are to be stepped up prior to transfer.<br><br>Ex. 35 [Smith Dep. Tr.] at 93:1–4; Ex. 9 [Deposition Transcript of Stephen Antkowiak ("Antkowiak | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof.  The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants: "When faced with a Rule 56 motion, a plaintiff bears the burden of proof to establish every fact regarding which he or she would bear the burden at trial."  *Rogers v. Home Shopping* |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | Dep. Tr.")] at 159:10–160:4 | *Network, Inc.*, 57 F. Supp. 2d 973, 984 n.6 (C.D. Cal. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). |
| | | Relevance. Fed. R. Evid. 401. The allegation that ORR does not provide a reason for allegedly not advising class members' legal representatives prior to transfer is not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 260. | ORR has identified no burden that would result were Class Members' legal representatives to have access to Case Coordinators, which it has permitted in at least some instances in the past.<br><br>Ex. 37 [Sualog Dep. Tr.] at 136:1–23; Ex. 29 [Nathan-Pineau Dep. Tr.] at 23:20–24:24 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants. *See Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323).<br><br>*Sualog deposition*: Defendants objected at the deposition on grounds of speculation and mischaracterizing prior testimony. Defendants renew the same objections here. Fed. R. Evid. 602 (foundation). Ex. 37 [Sualog Dep. Tr.] at 136:1–23.<br><br>*Nathan-Pineau deposition*: Relevance. Fed. R. Evid. 401. The passage cited by Plaintiffs does not stand for Plaintiffs' propositions. Indeed, that passage does not discuss legal representatives having access to Case Coordinators. *See* Ex. 29 [Nathan-Pineau Dep. Tr.] at 23:20–24:24 (discussing procedures for attorneys visiting Shenandoah; no discussion of whether attorneys have |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | access to case coordinators, and no discussion of whether granting such access would pose a burden).  If by typographical error Plaintiffs intended to cite the Nathan-Pineau deposition beginning at Ex. 29 page 22, that page also does not stand for Plaintiffs' proposition concerning whether there is a burden on providing access to case coordinators.<br><br>Relevance.  Fed. R. Evid. 401.  Further, access to case coordinators as a guaranteed written policy is not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 261. | Children's legal counsel have no access to the persons who perform home studies of potential custodians, even though such home studies may be determinative in deciding whether ORR releases a child.<br><br>Ex. 37 [Sualog Dep. Tr.] at 210:24– 11:3; Ex. 30 [Ortiz Dep. Tr.] at 122:4–7; Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84:6; ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13 | Relevance.  Fed. R. Evid. 401.  Plaintiffs' cited evidence does not stand for Plaintiffs' proposition.  *See* Ex. 37 [Sualog Dep. Tr.] at 210:24–11:3; Ex. 30 [Ortiz Dep. Tr.] at 122:4–7; Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84:6; ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13.  Defendants further object as follows.<br><br>Relevance.  Fed. R. Evid. 401.  The passage from Ex. 30 [Ortiz Dep. Tr.] at 122:4-7 does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, that passage discusses whether counsel have access to *clinicians*.  *See* Ex. 30 [Ortiz Dep. Tr.] at 122:4-7 ("Q. But today here you cannot recall any instance where an AIJ |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | lawyer had a conversation with a clinician? A. No."). |
| | | Relevance. Fed. R. Evid. 401. The passage from Ex. 29 [Nathan-Pineau Dep. Tr.] does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, it demonstrates that attorneys are given information on home studies when they request it; nothing in the passage says attorneys are not given access to the person who performs the home study if the attorney so requests, nor does it say whether home studies are determinative of release. Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84. |
| | | Relevance. Fed. R. Evid. 401. The passage from ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13 does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, that passage discusses Madelyn's experience with the person who performed the home study, and makes no mention of any purported inability of counsel to access that person, and further makes no mention of whether a home study is determinative of release. |
| 264. | ORR's written policies do not guarantee the right to an interpreter.<br><br>*See generally* Ex. 1 [ORR Policy Guide]; Ex. 53 [Edwards Expert | Relevance, best evidence. Fed. R. Evid. 401, 1002. The ORR Guide, which is the best evidence of its contents, cited by Plaintiffs, does not stand for Plaintiffs' proposition that ORR's written policies do not guarantee the right to an interpreter. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | Rep.] at 1341 | Rule of optional completeness. Fed. R. Evid. 106. The following section should also be considered because it shows that interpreters *are* required: ORR Guide § 3.3.7 (provision of on-site staff or interpreters; allowing unaccompanied alien children to communicate in their preferred language; providing docuemnts in the child's preverred language; on-site staff or interprters or translation services). |
| 267. | In responding to Plaintiffs' Requests for Admission, Defendants failed to identify any state or local jurisdiction that denies children appointed counsel in proceedings to determine whether they may be detained, whether their parents are fit, whether they may be placed in secure juvenile detention facilities or psychiatric treatment centers, or whether they may be administered psychotropic medications.<br><br>Ex. 6 [RFA 2nd Set] Nos. 178–82 at 547-52 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants. *See Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323). |
| 268. | ORR's policies and practices regarding the role of counsel in release, step-up, and step-down decisions require Class Members' legal representatives to devote more time and resources to piece together the reasons for clients' restrictive placement or continued detention than they otherwise | Defendants objected at the deposition on grounds of vagueness. Defendants renew the same objection here. Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23. Regardless, Defendants further object as follows.<br><br>Relevance. Fed. R. Evid. 401. The passage from Ex. 29 [Ortiz Dep. Tr.] does not stand for Plaintiffs' proposition. *See* Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23 (testifying that an |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | would. This reduces the ability of children's lawyers to advocate for release or transfer to a less restrictive setting.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23 | unspecied "it" not referenced within this passage "limited our ability to most efficiently distribute our resources," but not explaining what the "it" was that caused the alleged limitation; legal services provider did not have resources to represent every child at the [now-closed] Homestead influx facility and not every child needed representation; the sponsorship category of some unspecified subset of children at that facility was unclear; and an unspecified lack of information "reduced our ability to advocate for children who needed representation in the sense that we did not have the information that we needed to be equipped to properly advocate for their release or for transfer.").  The passage cited by Plaintiffs does not clarify what the deponent believed was the cause of the limitations the deponent mentioned, and so the passage is not relevant to Plaintiffs assertion that the cause of these alleged limitations was ORR practices.<br><br>Relevance.  Fed. R. Evid. 401.  Further, the passage selected by Plaintiffs only refers to a single facility—the now-closed Homestead influx facility, *see Flores v. Barr*, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2; this passage does not support but in fact *counters* Plaintiffs' suggestion there is a widespread policy or practice that the deponent found limiting at Homestead; the deponent explained that at the one facility she would need to "piece together the puzzle through the child and the sponsor, if possible, *rather than a quick exchange of information as we do with the other shelters*." Ex. 30 [Ortiz |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | Dep. Tr.] at 51:23 to 51: 2 (emphasis supplied).<br><br>Rule of optional completeness.  Fed. R. Evid. 106.  The deponent later praises other facilities for  "very close relationships" with "regular meetings," and "constant communication" "with the case managers of the permanent facilities." Ex. 30 [Ortiz Dep. Tr.] at 59:19-24. |
| 269. | Apart from possibly delaying release, ORR has identified no governmental interest that would be adversely affected were FFS required to have regular communication with Class Members' legal representatives.<br><br>Ex. 37 [Sualog Dep. Tr.] at 136:24– 138:18 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof.  The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants: "When faced with a Rule 56 motion, a plaintiff bears the burden of proof to establish every fact regarding which he or she would bear the burden at trial." *Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323).<br><br>Argumentative/unhelpful lay opinion.  Fed. R. Evid. 701. This proposed fact is Plaintiffs' argument or lay opinion, not a fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence.  *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Defendants objected at the deposition on grounds of form, incomplete hypothetical, and mischaracterizing prior testimony. Defendants renew the same objections here. Ex. 37 [Sualog Dep. Tr.] at 136:24–38:18. Regardless, Defendants further object as follows. |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | | Relevance.  Fed. R. 401.  Ms. Sualog appeared for this deposition in her capacity as an ORR employee, not as a Fed. R. Civ. P. 30(b)(6) witness, so her statements do not necessarily speak for ORR under that rule.  Indeed, as Ms. Sualog explained, she was not able to speak authoritatively on these subjects:  "I don't know enough about the process to tell you that there's any adverse impact."  Ex. 37 [Sualog Dep. Tr.] at 138:16-18.  Her testimony excerpted by Plaintiffs therefore does not make Plaintiffs' proposed fact 269 "more or less probable than it would be without" her testimony on this point.  *See* Fed. R. Evid. 401.<br><br>Relevance.  Fed. R. Evid. 401.  Requiring FFS to have regular communications with class members' counsel is not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action.  *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. |
| 270. | ORR has not promulgated a regulation nor issued any formal interpretation of "legal proceedings or matters" as that phrase is used in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5).<br><br>Ex. 13 [Biswas 30(B)(6) Dep. Tr.] at 398:3–399:4; Ex. 37 | Relevance.  Fed. R. Evid. 401.  The passage from Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 398:3–399:4 does not stand for the proposition that ORR has not promulgated a regulation nor issued any formal interpretation of "legal proceedings or matters" as that phrase is used in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5).  *See* Ex. 13 [Biswas Rule 30(B)(6) Dep. Tr.] at 398:3–399:4 (stating that ORR interprets "legal matter or proceeding" to mean |

| ¶ | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) |
|---|---|---|
| | [Sualog Dep. Tr.] at 114:4–9 | "immigration proceedings that the child is in, such as a removal proceeding"; and aside from noting that this understanding "underlying basis of our legal service contract and the services we provide under that contract" with Vera, questions and answers did not address whether ORR has promulgated a regulation or issued a formal interpretation of the phrase).

Relevance.  Fed. R. Evid. 401.  As to the cited passage from Ms. Sualog's deposition, this passage does not address whether ORR promulgated a regulation or issued any formal interpretation of "legal proceedings or matters."  Instead, it reflects her lack of memory: "Q. So you've never seen a memorandum or anything in writing in which ORR has interpreted what legal matter, matters or proceedings are?  I don't recall looking at such a Document."  Ex. 37 [Sualog Dep. Tr.] at 114:4–9.

Rule of optional completeness.  Fed. R. Evid. 106.  The following passage should also be considered because Ms. Sualog confirmed that her familiarity with the TVPRA is not thorough enough to address what the "legal matters and proceedings" phrase means:  DX-83 [Sualog Dep. Tr.] at 113:20 to 114:3 ("Q. You're aware that the Trafficking Victims Protection Act requires HHS to do everything practicable to ensure that children in its custody or who have been in its custody are assisted by counsel in legal matters and proceedings. Is that fair to say? A. I will admit that I -- my knowledge, exact knowledge of what the TVPRA is not as thorough as that."). |

Dated November 6, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

ERNESTO H. MOLINA
Deputy Director

CHRISTOPHER A. BATES
Senior Counsel to the
Assistant Attorney General

*/s/ W. Daniel Shieh*
W. DANIEL SHIEH
BENJAMIN MARK MOSS
Senior Litigation Counsel

NANCY K. CANTER
JONATHAN K. ROSS
ANTHONY J. MESSURI
Trial Attorneys
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-9802
Email: Daniel.Shieh@usdoj.gov

*Counsel for Defendants*

Defendants' Statement of Evidentiary Objections