# DX-77

Deposition of Dr. Emily Ryo, August 13, 2020
(Excerpts)

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

LUCAS R., et al.,               )  Case No.:
                                )  2:18-CV-05741-DMG-PLA
        Plaintiffs,             )
                                )
    vs.                         )
                                )
ALEX AZAR, et al.,              )
                                )
        Defendants.             )
_____   )

CONFIDENTIAL VIRTUAL REMOTE DEPOSITION OF
EMILY RYO, Ph.D.
Thursday, August 13, 2020; 9:03 a.m.
Los Angeles, California

Magna Legal Services
866-624-6221   www.MagnaLS.com

Reported by Mimi Murray, CSR No. 13985



Page 31

1  fact of seeing that relationship would not allow one to
2  posit that x caused y.
3       Q    So based on that definition, if I understand
4  you correctly, that you're not able to, based on the
5  data that you considered, show that -- it would not
6  allow you to posit that step-ups and detention lengths
7  have any other type of correlation; correct?
8       A    I am not claiming causation in my report.
9  That's right.
10      Q    When you say "would not allow one to posit,"
11 what do you mean by that?
12      A    I'm sorry.  Could you repeat that question,
13 please?
14      Q    Certainly.  You said that you would not be
15 able -- that when you say "association" in this context
16 and you said it would not allow you to posit, is there
17 a certain level of confidence to your -- strike that.
18           What I'm trying to understand is how
19 confident -- is there a level of confidence that you
20 can associate between this association, as you put it,
21 between step-ups and detention length?
22      A    I -- I have shown in my report what that
23 nature of that relationship is and the relationship is
24 consistent, as shown in the figures that I have
25 included in the expert report.



Page 38

1    A    Which definition?
2    Q    Your previous testimony that you couldn't say
3  with greater confidence that one causes the other more
4  than just a random correlation.
5    A    I did not use the word "random" correlation.
6  I'm not sure what that means.
7    Q    I am -- then how would you describe it?
8    A    I apologize.  Describe what?
9    Q    The -- the greater -- what you mean by
10  "association" in terms of the confidence that you can
11  determine as to one -- one variable causing another, or
12  one data set causing another.
13    A    I am not making any causal inferences or
14  causal claims in my report, nor does the data allow for
15  that kind of an inference or conclusion.
16    Q    Did you form any other expert opinions in this
17  case, off the top of your head?
18    A    Not off the top of my head.
19    Q    Are any of the opinions that you formed in
20  this case tentative?
21    A    What is -- can you please define "tentative"
22  in this context?
23    Q    Absolutely.  Nonfinal.
24    A    My conclusions as stated in the report are
25  final to the extent that they accurately reflect my



Page 132

1    I, Mimi Murray, a licensed Certified Shorthand
2    reporter, before whom the foregoing deposition was
3    taken, do hereby certify that the foregoing transcript
4    is a true and correct record of the testimony given;
5    that said testimony was taken by me stenographically
6    and thereafter reduced to writing under my direction;
7    that reading and signing was requested; and that I am
8    neither counsel for, related to, nor employed by any of
9    the parties in this case and have no interest,
10   financial or otherwise, in its outcome.
11         IN WITNESS WHEREEOF, I have subscribed my name
12   this 25th day of August 2020.
13
14
15
16                         _____
                           Mimi Murray, CSR No. 13985
17
18
19
20
21
22
23
24
25

