CENTER FOR HUMAN RIGHTS
& CONSTITUTIONAL LAW
CARLOS R. HOLGUÍN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ALEX AZAR, et al.,<br><br>   Defendants. | Case No.  2:18-CV-05741 DMG PLA<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE**<br><br>Date:  Dec. 11, 2020<br>Time:  3:00 p.m.<br>Place:  Courtroom 8C, 8th Floor<br><br>Complaint Filed: June 29, 2018<br>Pretrial Conference Date: March 2, 2021<br>Trial Date:  March 30, 2021<br>Judge: Hon. Dolly M. Gee |

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu
        dofelt@ucdavis.edu
        jmulligan@ucdavis.edu
        mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM (ADMITTED PRO HAC VICE)
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  bshum@youthlaw.org
        cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAYME B. STATEN (317034)
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email:  swynn@cooley.com
          mmcmahon@cooley.com
          rtarneja@cooley.com
          amayhugh@cooley.com
          jstaten@cooley.com

*Attorneys for Plaintiffs*

Plaintiffs hereby object on the grounds set forth below to the exhibits submitted by Defendants in support of their Motion for Summary Judgment. Plaintiffs respectfully request that the Court rule on each of the following objections prior to ruling on Defendants' Motion for Summary Judgment.

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 1. | Shieh Decl.[1], DX-10 ¶ 59 <br><br>(Declaration of Toby Biswas) <br><br>("Starting in March 2020, ORR has a pilot project for the Director Review to occur through the Placement Review Panel (PRP). The Panel consists of three ORR staff – personnel with several years of experience as professionals in the fields of child welfare, mental health and related policy. They are also veteran Department of Health and Human Services staff, with experience in ORR's unaccompanied children's program. The PRP ensures that the unaccompanied alien child (or their attorney of record) reviews any evidence supporting | **Violation of FRCP 26(e); Failure to Comply with Disclosure and Discovery Response Obligations** <br><br>Plaintiffs object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a Placement Review Panel ("PRP") program, *see* Dkt. 263-2 ¶¶ 67-74, because Defendants failed to produce any information relating to this PRP pilot program during discovery, despite their clear obligation to do so under Rule 26(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(e) ("A party must who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner | Sustained: __ <br><br> Overruled: __ |

---

[1] All citations to "Shieh Decl." refer to those Exhibits attached to the Declaration of W. Daniel Shieh in Support of Defendants' Motion for Summary (Dkt. 263-3).

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| their continued placement at the secure or RTC placement prior to holding the panel. In addition, the minor (or their attorney) can opt to provide the PRP a written statement and/or request a hearing. It is the unaccompanied alien child's decision whether to have both a written statement and a hearing or elect to engage in only one of the options. In cases where the unaccompanied child does not have an attorney of record, ORR encourages the program to seek assistance from a contracted legal service provider or a Child Advocate. ORR also arranges for the Juvenile Coordinator to act as an advocate for the minor if needed. After reviewing the evidence, statements, and holding the hearing (if elected), the PRP provides the unaccompanied alien child a written decision regarding their placement.") | if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .").  Plaintiffs' discovery requests clearly obligated Defendants to supplement discovery with documents and information regarding this PRP pilot program, yet they failed to do so.  *See* Pls.' Request for Production 48 ("Please produce for inspection and copying all DOCUMENTS stating and/or discussing ORR POLICIES AND PRACTICES RELATING TO STEP UP or STEP DOWN of CLASS MEMBERS"); Pls.' Requests for Admission 105 ("Admit that, as a matter of POLICY and PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision that the CLASS MEMBER should be STEPPED UP"); 114 ("Admit that, as a matter of POLICY and PRACTICE, ORR allows CLASS MEMBERS no opportunity to present witnesses or evidence in determining whether to STEP DOWN the CLASS MEMBER"); 120 ("Admit that, as a matter of POLICY and | |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision refusing to STEP DOWN the CLASS MEMBER"). Defendants should not be permitted to admit or rely on evidence withheld in violation of Rule 26 and their discovery obligations.<br><br>**Relevance – FRE 401, 402**<br><br>Plaintiffs further object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a PRP program because the PRP program is not relevant and its existence is not "of consequence in determining the action."  FRE 401.  The PRP program is voluntary and is described as a "pilot program" by Defendants.  *See* DX-10 ¶ 59.  Given that it is not a permanent change, not available to all youth, and may be changed at any time based on Defendants' preference, the existence of the PRP program is not relevant.  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless "subsequent events made it | |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations omitted); *see also Bell v. City of Boise*, 709 F.3d 890, 899-901 (9th Cir. 2013) (internal policy change did not moot case because it is not a formal legislative enactment and "could be easily abandoned or altered in the future" by Chief of Police); *cf. White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (HUD memorandum that had been renewed on a yearly basis rendered case moot because it "represents a permanent change in the way HUD conducts FHA investigations, not a temporary policy that the agency will refute once this litigation has concluded"). **Prejudice – FRE 403** Plaintiffs also object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a PRP program because the PRP program is neither in ORR's Policy Guide nor the ORR Manual of Procedures ("MAP"). Indeed there is no reference to a | |

| | **Objectionable Material:** | **Grounds for Objection:** | **Ruling on Objection** |
|---|---|---|---|
| | | PRP program or a process by which a UAC and/or his attorney can request a *hearing* concerning continued placement at an RTC or secure facility.  *See* ORR Policy Guide; ORR MAP § 1. As noted above, Defendants also failed to supplement their discovery to provide information or documents relating to the PRP program, even though they were obligated to do so.  Introduction would therefore be unduly prejudicial.  *See Hagan v. California Forensic Med. Grp.*, 2009 WL 689740, at *2 (E.D. Cal. Mar. 5, 2009). | |
| 2. | Shieh Decl., DX-11  (ORR Juvenile Coordinator Annual Report) | **Violation of FRCP 26(e); Failure to Comply with Disclosure and Discovery Response Obligations**  Plaintiffs object to Defendants' repeated citation to the Annual Report for propositions relating to a Placement Review Panel ("PRP") program, *see* Dkt. 263-2 ¶¶ 67-74, because Defendants failed to produce any information relating to this PRP pilot program during discovery, despite their clear obligation to do so under Rule 26(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(e) ("A party must who has made a | Sustained: __  Overruled: __ |

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .").  Plaintiffs' discovery requests clearly obligated Defendants to supplement discovery with documents and information regarding this PRP pilot program, yet they failed to do so. *See* Pls.' Request for Production 48 ("Please produce for inspection and copying all DOCUMENTS stating and/or discussing ORR POLICIES AND PRACTICES RELATING TO STEP UP or STEP DOWN of CLASS MEMBERS"); Pls.' Requests for Admission 105 ("Admit that, as a matter of POLICY and PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision that the CLASS MEMBER should be STEPPED UP"); 114 | |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | ("Admit that, as a matter of POLICY and PRACTICE, ORR allows CLASS MEMBERS no opportunity to present witnesses or evidence in determining whether to STEP DOWN the CLASS MEMBER"); 120 ("Admit that, as a matter of POLICY and PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision refusing to STEP DOWN the CLASS MEMBER"). Defendants should not be permitted to admit or rely on evidence withheld in violation of Rule 26 and their discovery obligations. **Relevance – FRE 401, 402** Plaintiffs further object to Defendants' repeated citation to the Annual Report for propositions relating to a PRP program because the PRP program is not relevant and its existence is not "of consequence in determining the action."  FRE 401.  The PRP program is voluntary and is described as a "pilot program" by Defendants.  *See* DX-10 ¶ 59.  Given that it is not a permanent change, not available to all youth, and may be changed at any time based on Defendants' preference, the existence of the | |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | PRP program is not relevant. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations omitted); *see also Bell v. City of Boise*, 709 F.3d 890, 899-901 (9th Cir. 2013) (internal policy change did not moot case because it is not a formal legislative enactment and "could be easily abandoned or altered in the future" by Chief of Police); *cf. White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (HUD memorandum that had been renewed on a yearly basis rendered case moot because it "represents a permanent change in the way HUD conducts FHA investigations, not a temporary policy that the agency will refute once this litigation has concluded"). **Prejudice** – **FRE 403** | |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | Plaintiffs further object to Defendants' repeated citation to the Annual Report for propositions relating to a PRP program because the PRP program is neither in ORR's Policy Guide nor the ORR Manual of Procedures ("MAP"). Indeed there is no reference to a PRP program or a process by which a UAC and/or his attorney can request a hearing concerning continued placement at an RTC or secure facility.  *See* ORR Policy Guide; ORR MAP § 1. As noted above, Defendants also failed to supplement their discovery to provide information or documents relating to the PRP program, even though they were obligated to do so.  Introduction would therefore be unduly prejudicial.  *See Hagan v. California Forensic Med. Grp.*, 2009 WL 689740, at *2 (E.D. Cal. Mar. 5, 2009). | |
| 3. | Shieh Decl., DX-09 ¶ 11 (Declaration of Stephen M. Antkowiak) ("According to ORR's funding opportunity announcement for secure placement, secure care providers must have access | **Hearsay – FRE 801** The declarant offers an out of court statement to prove the truth of the matter asserted that "secure facilities are for youth who require the strictest level of supervision, and must have access to specialized services for UACs with substance abuse | Sustained: __ Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | to specialized services for UAC with substance abuse problems, anger management issues, mental health issues, and/or other special behavior needs in addition to all the services required of all care providers.")[2] | problems, anger management issues, mental health issues, and/or other special behavioral needs." *See* Dkt. 263-2 ¶ 41. | |
| 4. | Shieh Decl., DX-09 ¶ 11 (Declaration of Stephen M. Antkowiak) ("Should a minor who belongs in a secure setting be placed in one of these environments they may have more access to victimize others at the care provider.") | **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1024 (N.D. Cal. 2006). | Sustained: __ Overruled: __ |
| 5. | Shieh Decl., DX-09 ¶ 13 (Declaration of Stephen M. Antkowiak) | **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to | Sustained: __ Overruled: __ |

---

[2] Internal quotation marks, footnotes, and citations have been omitted, unless otherwise noted.

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | ("The two RTCs in ORR's network are based on a group home model. For example, at Shiloh RTC, the children live in cottages with an attached kitchen, generally have a roommate, and sleep in a bedroom without locked doors.") | show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | |
| 6. | Shieh Decl., DX-09 ¶ 14<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("An RTC also differs significantly from involuntary, acute inpatient psychiatric hospitalization. An RTC is sub-acute, is more home-like, and less institutional than a hospital. Its treatment is interdisciplinary, psycho-educational, and therapeutic, and it is designed to have a 24-hour-a-day structured program with community linkages to provide the support necessary for those with significant emotional needs or intellectual and developmental needs.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 7. | Shieh Decl., DX-09 ¶ 15<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("The process for stepping up a child is multi-disciplinary and iterative, based on the observations and input of numerous professionals – most of whom are independent of the care providers making the requests to transfer the child – and where attorneys can weigh in, informally, if they wish.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 8. | Shieh Decl., DX-09 ¶ 18<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("Stepping up a child to a more restrictive level of care is not an easy process for case managers or FFSs. In my experience, case coordinators and FFSs do not allow for the step-up if needs can be met at a lower level of care.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 9. | Shieh Decl., DX-09 ¶ 20<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("ORR reviews all step-up placements at least every 30 days.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 10. | Shieh Decl., DX-09 ¶ 29<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("In addition, clinical staff explain to the UAC why they are stepped up to an RTC or remain there.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 11. | Shieh Decl., DX-09 ¶ 31<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("The below table shows the numbers and percentages for total placements of UAC in fiscal year 2019 (October 1, 2018 through September 30, 2019), and again for fiscal year 2020 year to date (October 1, 2019 through June 30, 2020).") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements particularly because in Paragraph 30 of his declaration, he admits to having "asked the data team to produce data" contained in Paragraph 31.  The declarant himself did not analyze the data or make any of the calculations needed to formulate the information contained in Paragraph 31.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024.<br><br>**Improper Lay Witness Testimony – FRE 701**<br><br>This statement is offered to provide data and analysis on the number of youths in certain types of ORR placements and the proportion of youth in various types of placement.  The statement offers no basis for | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | where the data comes from, how the calculations were made, what was included in the data, etc. For example, it is unclear whether this data includes Out of Network Placements.  Moreover, the declarant is not offered as an expert witness and this information cannot be based on his perception.  *See* FRE 701(a).  Rather, this information is presented as data analysis for which there is insufficient foundation. | |
| 12. | Shieh Decl., DX-09 ¶ 33 <br><br> (Declaration of Stephen M. Antkowiak) <br><br> ("In my judgment and experience, overlaying a court-like process on these decisions would, on balance, be more detrimental than helpful. Normally when children are being stepped up, particularly to a secure juvenile detention, but also to a staff-secure, there is already considerable evidence that their behaviors are problematic, and time is of the essence. Any delay in moving them, such as to await a hearing, | **Foundation/Personal Knowledge/Speculation – FRE 602** <br><br> The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024.  Moreover, the declarant's belief that additional safeguards would "be more detrimental than helpful" is speculative. | Sustained: __ <br><br> Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | would put the children themselves at risk, other minors, and staff. If the current staff has a lower staff-child ratio, then the staff at the current shelter may not have the staffing to oversee the behaviors, without detracting from the ability to care for other minors. In addition, children who know they are leaving the current care provider may escalate behaviors – either because they know they will no longer be subject to behavior plans of the current shelter, or because they disagree with the transfer. If the minor hurts other children or staff through such behavior, this creates additional risk for the program, as well as potential liability for grantee care providers, potentially affecting their willingness to participate as licensed care providers in the program.") | **Improper Lay Witness Testimony – FRE 701**<br><br>The declarant is not offered as an expert witness and this information cannot be based on his perception.  *See* FRE 701(a). | |
| 13. | Shieh Decl., DX-09 ¶ 34<br><br>(Declaration of Stephen M. Antkowiak) | **Foundation/Personal Knowledge/Speculation – FRE 602** | Sustained: __<br><br>Overruled: __ |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE
2:18-CV-05741 DMG PLA

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| ("A hearing would prolong placement at a site that cannot meet the individual's needs. In certain cases, advance notice could trigger a reaction in an already vulnerable child with self-harming behavior. This could affect the minor's behavior toward him or herself, toward other children, and finally toward staff.") | The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024.  Moreover, the declarant's belief that a hearing would prolong placement is speculative.<br><br>**Improper Lay Witness Testimony – FRE 701**<br><br>The declarant is not offered as an expert witness and this information cannot be based on his perception.  *See* FRE 701(a). | |
| 14.  Shieh Decl., DX-09 ¶ 35<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("Adding automatic hearings to this process (when ORR cannot predict census) would increase workload: FFSs, case managers, clinicians and others at the grantee care provider would need to | **Foundation/Personal Knowledge/Speculation – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | stop working on their current assignments to prepare for and appear at any hearing, necessarily detracting from the time that would otherwise be spent caring for the minor and working toward unification and release.") | assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024.  Moreover, the declarant's belief that hearings would have an effect on ORR's workflow is speculative. | |
| 15. | Shieh Decl., DX-09 ¶ 36<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("For RTCs, it can be difficult for some care providers to locate culturally competent, bilingually staffed licensed mental health care providers who can offer the full range of services to unaccompanied children. Any additional demands on case managers or others at such settings could reduce the availability of such settings, and/or the willingness of independent licensed care providers to work with the ORR federal program.") | **Foundation/Personal Knowledge/Speculation – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024.  Moreover, the declarant's belief that additional safeguards "could reduce the availability of such settings, and/or the willingness of independent licensed care providers to work with the ORR federal program" is speculative. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 16. | Shieh Decl., DX-09 ¶ 52<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("I have also been aware of situations where individuals presented themselves as family members when they turned out not to be.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 17. | Shieh Decl., DX-09 ¶ 53<br><br>(Declaration of Stephen M. Antkowiak)<br><br>("Preparing for and appearing at an administrative hearing would take FFSs and grantee care provider staff away from their day-to-day responsibilities, thus shortchanging their ability to pursue releases.") | **Foundation/Personal Knowledge/Speculation – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. Moreover, the declarant's belief that "preparing for and appearing at an | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | administrative hearing" would "shortchang[e] [ORR's] ability to pursue releases" is speculative. | |
| 18. | Shieh Decl., DX-10 ¶ 32 (Declaration of Toby Biswas) ("An ORR residential treatment center differs from inpatient psychiatric hospitalization – it is subacute, not acute, and is more of a residential setting with children living in cottages or double rooms, and with attached kitchen or cafeterias for eating.") | **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __ Overruled: __ |
| 19. | Shieh Decl., DX-10 ¶ 42 (Declaration of Toby Biswas) ("Children might not receive an advance notice of transfer, as this could endanger other children or create a 'run risk.' A larger number of step-ups are due to a specific incident that occurred in the facility, and | **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth | Sustained: __ Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | it generally requires an expeditious transfer.") | of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | |
| 20. | Shieh Decl., DX-10 ¶ 44<br><br>(Declaration of Toby Biswas)<br><br>("In addition, when there is a step-up or continued placement in a staff-secure, secure or RTC placement, the case manager is required to share all of the information used in assessing the restrictive placement with the UAC's attorney of record, Legal Service Provider or Child Advocate, on demand. This does not require a request for the full case file, only proof of representation. Such information will include the recommendations of the case manager and case coordinator as well.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 21. | Shieh Decl., DX-10 ¶ 45<br><br>(Declaration of Toby Biswas) | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | ("After step-up, the ORR FFS and a team (including the child's clinician, case manager, and case coordinator) meet weekly to discuss the minor's case. Before a 30-day period has ended, the team meets to review whether the minor should be stepped down. ORR relies on the case coordinators to provide an independent review from a social worker who provides another perspective.") | show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | |
| 22. | Shieh Decl., DX-10 ¶ 47 (Declaration of Toby Biswas) ("Clinicians and FFS consider the factors in section 1.4.2 of the ORR Guide and MAP to determine whether the child's placement is still warranted, including for an RTC.") | **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __ Overruled: __ |
| 23. | Shieh Decl., DX-10 ¶ 48 | **Foundation/Personal Knowledge – FRE 602** | Sustained: __ Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | (Declaration of Toby Biswas)<br><br>("A UAC is told that there is a review of their case every 30 days.")<br><br>("A child is interviewed by the case manager in preparation for the 30-day review.")<br><br>("Although the child does not participate in the 30-day review, they are provided with the outcome and the evidence that is relied on in determining that continued placement is warranted.") | The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | |
| 24. | Shieh Decl., DX-10 ¶ 54<br><br>(Declaration of Toby Biswas)<br><br>("Children learn about the Flores bond hearing shortly upon entering a shelter.")<br><br>("UACs placed in staff-secure, secure, and RTC are reminded of their option to request a Flores bond hearing and provided an opportunity to do so during their review of the Notice of Placement. The | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | explanation and opportunity is provided to UACs in more restrictive placement every 30 days and at the time their Notice of Placement is reviewed. In addition, UACs are able to request such a bond hearing at any time while in ORR custody.") | | |
| 25. | Shieh Decl., DX-10 ¶ 55<br><br>(Declaration of Toby Biswas)<br><br>("For UACs without an attorney of record, ORR facilitates their bond hearing request by filing it on their behalf with the Immigration Court in the area where they are placed. ORR also files responsive documents, which either contest the UAC's position or indicates that ORR does not consider the UAC a danger to themselves or the community.") | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 26. | Shieh Decl., DX-10 ¶ 61<br><br>(Declaration of Toby Biswas) | **Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to | Sustained: __<br><br>Overruled: __ |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE
2:18-CV-05741 DMG PLA

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | ("Finally, in keeping with the standards of the *Flores* Settlement Agreement, all children in care are informed in writing of their ability to seek judicial review of their placement in a language they understand, which the *Flores* Agreement specifies should be reviewed for abuse of discretion. This is template language for the NOP, which is reviewed with the UAC every 30 days.") | show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | |
| 27. | Shieh Decl., DX-13 ¶ 30 (Expert Report of Ilze Earner) ("The proposal for a quasi-judicial 'fair' hearing would do nothing to further the safety of the UAC. Hearings are court-like processes that create an adversarial environment and only prolong the length of time that UAC spend in care."). | **Improper Expert Testimony – FRE 702** This statement is offered to support the proposition that the value of additional procedural safeguards for ORR's custodial vetting process is low.  *See* Dkt. 263-1 at 46.  Dr. Earner is a mental health professional and has no legal expertise and is therefore not qualified to offer an opinion on what constitutes an appropriate procedural safeguard. | Sustained: __ Overruled: __ |
| 28. | Shieh Decl., DX-30 ¶¶ 46-47 | **Improper  Expert  Testimony – FRE 702** | Sustained: __ Overruled: __ |

| | | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|---|
| | | (Expert Report of Joseph Ryan)<br><br>("[I]t is unclear what problem would be solved by injecting additional requirements of consulting with a child's legal representative at any instance that a potential step-up or step-down, or release was under consideration.") | This statement is offered to support the proposition that the value of additional procedural safeguards for ORR's custodial vetting process is low.  *See* Dkt. 263-1 at 46.  Dr. Ryan is a mental health professional and has no legal expertise and is therefore not qualified to offer an opinion on what constitutes an appropriate procedural safeguard. | |
| 29. | | Ross Decl.[3], DX-41 ¶¶ 33-45<br><br>(Declaration of James S. De La Cruz Regarding Class Representative Lucas R.) | **Relevance – FRE 401, 402**<br><br>Defendants cite 13 full paragraphs of the De La Cruz Declaration for the limited factual proposition that, "[o]n May 21, 2018, Lucas R. was placed at Shiloh Residential Treatment Center at the recommendation of a qualified medical professional, and with the consultation and recommendation of ORR and shelter staff." *See* Dkt. 263-2 ¶ 109.  Most of these paragraphs are not relevant to the cited proposition.  Defendants thereby attempt to introduce irrelevant statements that have no tendency | Sustained: __<br><br>Overruled: __ |

---

[3] All citations to "Ross Decl." refer to those Exhibits attached to the Declaration of Jonathon K. Ross in Support of Defendants' Application for Leave to File Under Seal. (Dkt. 265).

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | to make the asserted "fact" more or less probable. | |
| 30. | Ross Decl., DX-44 ¶ 8 (Declaration of David Fink Regarding Class Representative Jaime D.) ("He provided a detailed statement that while in Honduras, he killed four gang members and also sold and consumed marijuana. He named the price at which he sold each bag . . . and said he would use the money to purchase clothing for himself.  He said he committed these acts out of fear of being harmed if he did not comply. [. . .] In addition, in a conversation with Jaime D's aunt, she stated that while in home country Jaime D did not attend school and preferred to 'hangout with his friends in the 'streets.'") | **Hearsay – FRE 801** The declarant quotes statements from named-plaintiff Jaime D.'s ORR case file that are hearsay within hearsay and offered to prove the truth of the matter asserted that "Jaime D. disclosed that he was a part of a gang in Honduras, and provided a detailed statement that while in Honduras, he killed four gang members, sold and consumed marijuana, and was observed writing gang symbols on the wall."  *See* Dkt. 263-2 ¶ 115.  **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __  Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 31. | Ross Decl., DX-44 ¶ 10<br><br>(Declaration of David Fink Regarding Class Representative Jaime D.)<br><br>("During [a mental health session with his clinician], Jaime D. discussed his '[history] of gang involvement, drug use, and level of care.' Therein, Jaime D. acknowledged 'that he need[ed] a lot of help and that [Cayuga Centers shelter] could not provide him with the level of care he needed.' He 'agreed [] that a transfer [to another ORR grantee care provider] would be beneficial.'") | **Relevance – FRE 401, 402**<br><br>Defendants offer this statement for the proposition that "a case manager at Cayuga Centers shelter recommended that Jaime D. be transferred to a secure facility due to the risk he posed to himself and others, and the case coordinator concurred, noting that Jaime D.'s disclosures of a violent criminal history warranted an immediate transfer to guarantee the safety of the minor and others." *See* Dkt. 263-2 ¶ 116.  Defendants thereby attempt to introduce irrelevant statements that have no tendency to make the limited "fact" more or less probable. | Sustained: __<br><br>Overruled: __ |
| 32. | Ross Decl., DX-44 ¶ 18<br><br>(Declaration of David Fink Regarding Class Representative Jaime D.)<br><br>("Jaime D. reported that he 'ha[d] never been part of any gangs or caused any harm to anyone.' He further reported that he 'decided to make the information up of being a part of a gang and killing | **Hearsay – FRE 801**<br><br>The declarant cites to statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "after residing at Yolo for about a week, Jaime D. changed his story about his life in his home country, and reported that he had never been in a gang or murdered anyone, and that he made up the story because he believed it would help him | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | individuals as he thought it would help him remain in the [United States].'") | remain in the United States." *See* Dkt. 263-2 ¶ 119. | |
| 33. | Ross Decl., DX-50 ¶¶ 23, 26<br><br>(Declaration of David Fink Regarding Class Member Miguel Angel S.) | **Hearsay – FRE 801**<br><br>The declarant quotes statements from named-plaintiff Miguel Angel S.'s ORR case file that are hearsay within hearsay offered to prove the truth of the matter asserted that "Miguel Angel S.'s mood escalated in January 2018 and after he engaged in verbal and physical aggression against his peers and staff, Shiloh staff and the FFS met to discuss Shiloh's recommendation that Miguel Angel S. be transferred up to a higher level of case." *See* Dkt. 263-2 ¶ 131. | Sustained: __<br><br>Overruled: __ |
| 34. | Ross Decl., DX-52 ¶ 38<br><br>(Declaration of Micaela Vergara Regarding Class Representative Gabriela N.)<br><br>("According to Dr. Alvarado, '[Gabriela] continues to demonstrate depressive symptoms and PTSD symptoms and will continue to . . . require [a] higher level of care.' She also stated that "[Gabriela | **Hearsay – FRE 801**<br><br>The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "Gabriela N. was evaluated by a psychiatrist from Texas Tech University Psychiatry, and the psychiatrist recommended that she be placed in an residential treatment center to target her therapeutic needs." *See* Dkt. 263-2 ¶ 140. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | will benefit [from] a residential treatment center to target her therapeutic needs at this time. A residential treatment center serves as a live-in health care facility that will provide treatments including intensive individual and group therapy and psychopharmacology to address [Gabriela's] mental health.'") | **Foundation/Personal Knowledge – FRE 602** <br><br> The declarant claims to have knowledge, but there is an insufficient factual foundation to show that she has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | |
| 35. | Ross Decl., DX-52 ¶ 86 <br><br> (Declaration of Micaela Vergara Regarding Class Representative Gabriela N.) <br><br> ("Additionally, 'during the home study process, questions were raised regarding accuracy of the sponsor's work schedule and unclear information regarding his health history as related to his disclosure of recent Cancer diagnosis.'"). | **Hearsay – FRE 801** <br><br> The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "Isaac N. had a serious medical condition." *See* Dkt. 263-2 ¶ 135. <br><br> **Foundation/Personal Knowledge – FRE 602** <br><br> The declarant claims to have knowledge, but there is an insufficient factual foundation to show that she has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support.  A declarant's | Sustained: __ <br><br> Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | |
| 36. | Ross Decl., DX-55 ¶ 12 (Declaration of James De La Cruz Regarding Class Representative Sirena P.) ("SWK staff brought Sirena P. to a clinician. Sirena P. then revealed 'a history of self-harm and suicidal ideation.' Sirena P. told her clinician about her current suicidal ideation and 'that she had a plan' to commit suicide while living in Mexico. Sirena P. also revealed that her suicidal ideation began in 2017.  Sirena P. reported these suicidal thoughts 'would occur almost every day' and 'especially when she saw a family or children and their parents together and happy.'") | **Hearsay – FRE 801** The declarant quotes to statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "[w]hile Sirena P. was at a Southwest Key facility, she was recommended and approved for placement at Shiloh Residential Treatment Center due to mood instability, self-injurious behavior, and suicidal ideation, which made her a danger to herself."  *See* Dkt. 263-2 ¶ 143. **Foundation/Personal Knowledge – FRE 602** The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to | Sustained: __ Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | |
| 37. | Ross Decl., DX-55 ¶ 13<br><br>(Declaration of James De La Cruz Regarding Class Representative Sirena P.)<br><br>("Sirena P. told her clinician she could not stop thinking about cutting herself. Though she was aware she would soon be reunifying with her parents, Sirena P. still reported having the urge to cut herself. Id. In this regard, Sirena P. told her clinician 'I am a nuisance, nobody loves me, it would be better if I were dead.' Sirena P. reported that she was anxious at the prospect of reunifying with her father, who she suspected "will be angry and scold her for self-harming" and for having suicidal thoughts. By the end of the session, with the clinician providing active listening, validation, and support, Sirena P. reported no longer having the desire to cut herself.") | **Hearsay – FRE 801**<br><br>The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "[w]hile Sirena P. was at a Southwest Key facility, she was recommended and approved for placement at Shiloh Residential Treatment Center due to mood instability, self-injurious behavior, and suicidal ideation, which made her a danger to herself." *See* Dkt. 263-2 ¶ 143.<br><br>**Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | | | |
| 38. | Ross Decl., DX-55 ¶ 14<br><br>(Declaration of James De La Cruz Regarding Class Representative Sirena P.)<br><br>("On April 27, 2018, Sirena P. again expressed thoughts about wanting to harm herself. She told her clinician that she scratched herself with her nails 'to relieve feelings of anxiety and sadness.' The clinician instructed Sirena P. on breathing exercises and she calmed down. Sirena P. also mentioned the passing of her best friend and that she missed her family. Id. When asked who she felt could support her needs, Sirena P. cited 'clinicians, case manager, and youth care workers' before noting 'her parents and grandparents were also supportive.'") | **Hearsay – FRE 801**<br><br>The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "[w]hile Sirena P. was at a Southwest Key facility, she was recommended and approved for placement at Shiloh Residential Treatment Center due to mood instability, self-injurious behavior, and suicidal ideation, which made her a danger to herself." *See* Dkt. 263-2 ¶ 143.<br><br>**Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |

| | Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 39. | Ross Decl., DX-55 ¶ 15<br><br>(Declaration of James De La Cruz Regarding Class Representative Sirena P.)<br><br>("Sirena P. told her clinician she was afraid to be reunified with her parents, fearing they would scold her. The clinician reminded Sirena P. of her parents' support for her and asked if 'there was anything else that made her worry.' Sirena P. 'became fearful and started shaking,' but did not answer the question.") | **Hearsay – FRE 801**<br><br>The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "[w]hile Sirena P. was at a Southwest Key facility, she was recommended and approved for placement at Shiloh Residential Treatment Center due to mood instability, self-injurious behavior, and suicidal ideation, which made her a danger to herself." *See* Dkt. 263-2 ¶¶ 143.<br><br>**Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024. | Sustained: __<br><br>Overruled: __ |
| 40. | Ross Decl., DX-55 ¶ 17 | **Hearsay – FRE 801** | Sustained: __ |

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| (Declaration of James De La Cruz Regarding Class Representative Sirena P.)<br><br>("During her stay in the hospital, Sirena P. revealed that she tried to take her own life by hanging prior to entering ORR custody while living in Mexico. She also reported having 'constant thoughts of suicide with [an] impulse to cut [her]self with glass,' a state 'triggered and exacerbated" by separation from her family.'") | The declarant quotes statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "[w]hile Sirena P. was at a Southwest Key facility, she was recommended and approved for placement at Shiloh Residential Treatment Center due to mood instability, self-injurious behavior, and suicidal ideation, which made her a danger to herself."  *See* Dkt. 263-2 ¶¶ 143.<br><br>**Foundation/Personal Knowledge – FRE 602**<br><br>The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these statements. The declarant thereby only makes conclusory statements without support.  A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions.  *Boyd*, 458 F. Supp. 2d at 1024. | Overruled: __ |
| 41. Ross Decl., DX-58 ¶¶ 5, 8, 18-19, 23-30<br><br>(Declaration of James De La Cruz Regarding Class | **Relevance – FRE 401, 402**<br><br>Defendants cite 12 full paragraphs of the De La Cruz Declaration for the limited | Sustained: __<br><br>Overruled: __ |

| Objectionable Material: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| Representative Benjamin F.) | factual proposition that, "Benjamin F. was initially placed in the St. PJ's Children's Home shelter and shortly after entering, exhibited symptoms suggesting a need for a higher level of placement." *See* Dkt. 263-2 ¶ 145.  Most of these paragraphs are not relevant to the cited proposition.  Defendants thereby attempt to introduce irrelevant statements that have no tendency to make the asserted "fact" more or less probable. | |

Dated:  November 6, 2020            COOLEY LLP


                                    */s/ Summer J. Wynn*
                                    *Summer J. Wynn*

                                    *Attorneys for Plaintiffs*