| | |
|---|---|
| 1 | CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW |
| 2 | CARLOS R. HOLGUIN (90754) |
| | 256 South Occidental Boulevard |
| 3 | Los Angeles, CA 90057 |
| | Telephone: (213) 388-8693 |
| 4 | Email: crholguin@centerforhumanrights.email |
| 5 | *Attorneys for Plaintiffs* |
| 6 | *Additional counsel listed on following pages* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., | Case No. 2:18-CV-05741 DMG PLA |
| Plaintiffs, | **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR RESPONSE TO DEFENDANTS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND RESPONSES TO OBJECTIONS TO EVIDENCE AND OBJECTIONS TO OPPOSITION** |
| v. | |
| ALEX AZAR, et al., | |
| Defendants. | |
| | [Filed concurrently with (1) Declaration of Jayme B. Staten In Support of Plaintiffs' Application For Leave to File Under Seal Portions of Their Response to Defendants' Statement of Genuine Disputes of Material Fact and Responses to Objections to Evidence and Objections to Opposition, and (2) [Proposed] Order re Plaintiffs' Application For Leave to File Under Seal Portions of Their Response to Defendants' Statement of Genuine Disputes of Material Fact and Responses to Objections to Evidence and Objections to Opposition |
| | Complaint Filed: June 29, 2018 |
| | Pretrial Conference Date: March 2, 2021 |
| | Trial Date: March 30, 2021 |
| | Judge: Hon. Dolly M. Gee |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
 ccwhite@ucdavis.edu
 dofelt@ucdavis.edu
 jmulligan@ucdavis.edu
 mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
 ndesai@youthlaw.org
 pjuneja@youthlaw.org
 fpitts@youthlaw.org
 mwroe@youthlaw.org
 madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM *(ADMITTED PRO HAC VICE)*
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: bshum@youthlaw.org
 cadams@youthlaw.org

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

COOLEY LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAYME B. STATEN (317034)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: swynn@cooley.com
mmcmahon@cooley.com
rtarneja@cooley.com
amayhugh@cooley.com
jstaten@cooley.com

*Attorneys for Plaintiffs*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 5.2; Local Rules 5.2-1 & 5.2.2, and 79-5.2.2(a) & (b); and Paragraphs 5 & 10 of the Stipulated Protective Order (the "Protective Order") (ECF No. 158), Plaintiffs and Class Members submit this Application For Leave to File Under Seal Portions of Their (1) Response to Defendants' Statement of Genuine Disputes of Material Fact and (2) Responses to Objections to Evidence and Objections to Opposition (the "Application").

Plaintiffs seek leave to partially seal their Response to Defendants' Statement of Genuine Dispute of Fact and Responses to Objections to Evidence and Objections to Opposition (the "Documents"). These Documents reflect minor Class Members' and their sponsors' identities and highly sensitive information, as well as information drawn directly from previously filed Exhibits that the Court has already ordered to be filed under seal. (Declaration of Jayme B. Staten ("Staten Decl.") ¶ 4.) (*See* ECF Nos. 274, 275, 281, 288 and 293).

## II. STATEMENT OF FACTS

On November 13, 2020, the parties met and conferred regarding the exchange of documents proposed to be filed under seal. (Staten Decl. ¶ 2.) The parties exchanged documents on November 16, 2020 and further met and conferred that same day. (*Id.* ¶ 3.) Of Plaintiffs' information that Defendants intend to file with the Court, Plaintiffs proposed to redact information reflecting minor Class Members' and their sponsors' personally identifying and otherwise sensitive information. (*Id.* ¶ 2.) Defendants did not object to Plaintiffs' proposed redaction of this material. (*Id.* ¶ 3.)

## III. LEGAL STANDARD

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto.*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption "applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and significant public events.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party must show compelling reasons[1] to seal a dispositive motion or the attachments thereto. *Foltz*, 331 F.3d at 1136.

## IV.   ARGUMENT

### A.   There Are Compelling Reasons to Seal the Information Plaintiffs Seek to Protect From Public Disclosure.

Plaintiffs seek to redact (1) material reflecting Class Members' and their sponsors' personal identifying information and sensitive information; and (2) information drawn directly from previously filed Exhibits that the Court has already ordered to be filed under seal (*see* ECF Nos. 274, 275, 281, 288 and 293), as well as information from minors' case files. This material discloses the true names and identities of minor Plaintiffs—for whom the Court has already permitted the use of pseudonyms (*see* ECF. No. 95-1)—as well as the true names of Plaintiffs' adult sponsors. In combination with other filings in this matter, the documents would reveal highly personal information about Plaintiffs and result in significant harm. Plaintiffs therefore request the Court partially seal these documents for at least the following four reasons.

***First***, the materials filed in this matter—which could be connected to Plaintiffs if these documents are not sealed—address a myriad of highly sensitive and personal

---

[1] The Protective Order in this action requires only that Plaintiffs show "good cause" to file "Confidential Personal Information" under seal. (Protective Order ¶ 10.) Because there are compelling reasons to seal Plaintiffs' designated material, *see* Section IV.A.1, *infra*, Plaintiffs have also demonstrated good cause should the Court apply that less burdensome standard.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

matters, including the private health information and treatment of minor Plaintiffs. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest). The sensitive subject matter at issue pertains to the privacy of minors, and federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs. Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing."). For this reason, Plaintiffs' sponsors' and/or proposed sponsors' identifying information must also be protected, as the identification of a sponsor could easily result in the identification of a minor Class Member. *See Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *1 (N.D. Cal. Aug. 7, 2012) (sealing "confidential information that would reasonably lead to the minor's identity").

**Second**, the Documents indirectly implicate the details of Plaintiffs' immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in ORR's custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

**Third**, the Documents Plaintiffs seek to redact concern the personal identifying information of sponsors that implicates those individuals' rights to privacy, including information required to be redacted under Federal Rule of Civil Procedure 5.2 and other types of personal information irrelevant to Plaintiffs' motion for partial summary

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

judgment. *See* Fed. R. Civ. P. 5.2(a); *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCx), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) (finding compelling reasons to seal "personal identifying information and medical records that are not put at issue by this action.").

***Finally***, these Documents reflect information drawn directly from previously filed Exhibits in this action that constitute minor case files,[2] and which the Court has already found compelling reasons to be filed under seal. (*See* ECF Nos. 274, 275, 281, 288 and 293.)

### B. Plaintiffs' Sealing Request Is Narrowly Tailored.

Plaintiffs seek a limited sealing order that permits them to redact documents containing minor and sponsor identities and information the Court has found compelling reasons to be filed under seal, and file redacted versions of Response to Defendants' Statement of Genuine Disputes of Material Fact and Responses to Objections to Evidence and Objections to Opposition in the public record. Other relevant information important to Plaintiffs' presentation of the issues will still be accessible in the public record, as will the Court's resolution of these matters. Accordingly, Plaintiffs' sealing requests are the least restrictive method of ensuring Plaintiffs' privacy while permitting public access to the maximum amount of information.

---

[2] Certain of Defendants' alleged Statements of Genuine Dispute of Material Fact, and Exhibits cited therein, summarize and/or quote to documents that the Parties agreed to file under seal, such as minor Class Members' case files filed with the Court, as well as documents constituting case files not filed in the current record. *See, e.g.*, DX-41 [De La Cruz Decl.] ¶ 32 (citing to and paraphrasing excerpts of case files at DX-83). Defendants also quote without redaction portions of exhibits previously filed partially under seal. *See, e.g.*, ECF No. 283-1 (citing sealed portions of DX-52 [Vergara Decl.] ¶¶ 15, 17)). Consistent with this Application (and Plaintiffs' prior Applications, *see* ECF Nos. 266 and 286), Plaintiffs have redacted this information from their public filings, including their Response to Defendants' Statement of Genuine Disputes of Material Fact and Additional Material Fact, and seek to seal this information.

Cooley LLP
Attorneys At Law
Los Angeles

4

Plaintiffs' Application for
Leave to File Under Seal
Case No. 2:18-cv-05741 DMG PLA

Case 2:18-cv-05741-DMG-PLA   Document 298   Filed 11/20/20   Page 8 of 8   Page ID #:16904

## RELIEF REQUESTED

For the foregoing reasons and those set out in the accompanying Declaration of Jayme B. Staten in Support of Plaintiffs' Application for Leave to File Under Seal Portions of Their Response to Defendants' Statement of Genuine Disputes of Material Fact and Responses to Objections to Evidence and Objections to Opposition, Plaintiffs request leave to file copies of these unredacted documents under seal. A Proposed Order granting that relief is submitted herewith.

Dated: November 20, 2020         COOLEY LLP

By: */s/ Summer J. Wynn*
    Summer J. Wynn (240005)
    Attorneys for Plaintiffs
    Email: swynn@cooley.com

Attorneys At Law
Los Angeles

5

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA