1  CENTER FOR HUMAN RIGHTS
2  & CONSTITUTIONAL LAW
   CARLOS R. HOLGUÍN (90754)
3  256 South Occidental Boulevard
   Los Angeles, CA 90057
4  Telephone: (213) 388-8693
   Email: crholguin@centerforhumanrights.email

5  *Attorneys for Plaintiffs*

6  *Additional counsel listed on following pages*

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

11  LUCAS R., et al.,                    Case No.  2:18-CV-05741 DMG PLA

12        Plaintiffs,                    **PLAINTIFFS' RESPONSES TO
                                         OBJECTIONS TO EVIDENCE AND
13     v.                               OBJECTIONS TO OPPOSITION**

14  ALEX AZAR, et al.,
                                         Date:      Dec. 11, 2020
15        Defendants.                    Time:      3:00 p.m.
                                         Place:     Courtroom 8C, 8th Floor
16

17                                       Complaint Filed: June 29, 2018
                                         Pretrial Conference Date: March 2, 2021
18                                       Trial Date:  March 30, 2021
                                         Judge: Hon. Dolly M. Gee
19

20

21

22

23

24

25

26          **REDACTED VERSION OF DOCUMENT PROPOSED TO BE
27                      FILED UNDER SEAL**

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELIS

                                         **PLAINTIFFS' RESPONSES TO OBJECTIONS TO
                                         EVIDENCE AND OBJECTIONS TO OPPOSITION
                                         CASE NO. 2:18-CV-05741 DMG PLA**

237846104

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email:  hscooper@ucdavis.edu
        ccwhite@ucdavis.edu
        dofelt@ucdavis.edu
        jmulligan@ucdavis.edu
        mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM *(ADMITTED PRO HAC VICE)*
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: bshum@youthlaw.org
        cadams@youthlaw.org

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

237846104

PLAINTIFFS' RESPONSES TO OBJECTIONS TO
EVIDENCE AND OBJECTIONS TO OPPOSITION
CASE NO. 2:18-CV-05741 DMG PLA

1  COOLEY LLP
   SUMMER J. WYNN (240005)
2  MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
   REBECCA L. TARNEJA (293461)
3  ALEXANDRA R. MAYHUGH (300446)
   JAYME B. STATEN (317034)
4  1333 2nd Street, Suite 400
   Santa Monica, CA  90401
5  Telephone:   (310) 883-6400
   Facsimile:   (310) 883-6500
6  Email:  swynn@cooley.com
           mmcmahon@cooley.com
7           rtarneja@cooley.com
           amayhugh@cooley.com
8           jstaten@cooley.com

9  *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSES TO OBJECTIONS TO
EVIDENCE AND OBJECTIONS TO OPPOSITION
CASE NO. 2:18-CV-05741 DMG PLA

237846104

## I.   PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs submit the following response to Defendants' objections to evidence submitted by Plaintiffs in support of their Motion for Summary Judgment.  Defendants' objections should be overruled for the reasons stated below.

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| 38. Although Case Managers are the first of three actors involved in release decisions, they also have unilateral authority to declare a potential sponsor "non-viable," which ends the vetting process. Ex. 30 [Deposition Transcript of Michelle Ortiz ("Ortiz Dep. Tr.")] at 110:24–113:2 ("And the aunt was told she was not a viable sponsor because they didn't have the same last name . . . . Once transferred to the permanent facility, the child was released within two weeks . . . ."). | Relevance, hearsay, foundation. Fed. R. Evid. 401, 602 & 802. Plaintiffs' only evidence in support of this statement is Ex. 30 [Ortiz Dep. Tr.] at 110:24–113:2— testimony by a legal service provider based on hearsay, from a single third-party source—and the deponent's testimony does not purport to establish that ORR allegedly has a policy or practice granting case managers unilateral authority to declare a potential sponsor "non-viable." Regardless, this passage does not lay an evidentiary foundation to establish the deponent's alleged knowledge of proposed fact 38. | These objections are without merit.<br><br>Ortiz's testimony is relevant to Plaintiffs' unfit custodian claims, and specifically that ORR employees make final release decisions with minimal if any oversight.<br><br>Ortiz's testimony has proper foundation. Ortiz establishes her personal knowledge by stating she is familiar with the vetting process.  *See* Ex. 30 at 28:1-3. The cited statements, moreover, come directly from her personal knowledge.<br><br>Her testimony is also not hearsay.  Her testimony is sworn deposition testimony based on her personal knowledge, and is therefore not an out of court statement.  Her testimony is also being offered for a non-hearsay purpose, i.e. to establish the |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | | discretion case managers have to declare potential sponsors "non-viable," not for the truth of what the aunt was told. |
| 48. | ORR's policy of requiring all household members to submit fingerprints in the event of a home study can cause "significant[] delay[]" in releasing children to available custodians.<br><br>Ex. 20 [Deposition Transcript of Whitney Eich ("Eich Dep. Tr.")] at 46:22–48:13, 184:11–185:8 (it could take "[p]otentially five weeks" to receive fingerprint results). | Relevance. Fed. R. Evid. 401. Plaintiffs' cited passage does not stand for the proposition that ORR's current policy of requiring all household members to submit fingerprints in the event of a home study (rather than a prior policy requiring fingerprints of all household members in all circumstances) causes "significant delay", and therefore does not stand for the proposition that such a policy currently causes delays. Indeed, within the cited passage, Ms. Eich clarified that her testimony about the impact of the policy referred to "*[p]reviously*, when that policy was in place for all household members . . . ." Ex. 20 [Eich Dep Tr.] at 47:7 to 48:13 (emphasis supplied). | This objection is without merit.<br><br>Eich's testimony is relevant to Plaintiffs' unfit custodian claims, and specifically that fingerprints can potentially take weeks and result in delay in releasing children. |
| 53. | ORR has no written standards on when it will require a Class Member to undergo a psychological evaluation as a prerequisite to release. | Relevance. Fed. R. Evid. 401. Plaintiffs' cited passage does not address whether ORR has written standards on requiring a psychological evaluation as a release prerequisite. *See* Ex. 16 [Contreras Dep. Tr.] at 175:11-23 | This objection is without merit.<br><br>Contreras's testimony is relevant to Plaintiffs' unfit custodian claim, and specifically that Case Managers, Case Coordinators, and FFS make |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Ex. 16 [Contreras Dep. Tr.] at 175:11-23 | ("Q. Does a psychological evaluation need to be completed before a child can be stepped down or reunified? A. ORR determines whether that's necessary for a step down or for reunification. Q. Okay. And can you remember whether a psychological evaluation had to be completed before step down? A. Yes. Q. Okay. And can you remember whether a psychological evaluation had to be completed before reunification? A. Yes."). | release decisions with minimal if any oversight, which makes ORR's failure to provide a hearing all the more problematic. |
| 54. Notwithstanding the lack of written standards, ORR's practice is to delay releasing children detained at Shenandoah Valley Juvenile Center ("SVJC") to available custodians until they have had a psychological evaluation, which takes at least 30 days to complete. Ex. 17 [Deposition Transcript of Melissa Cook ("Cook Dep. Tr.")] at 209:5–211:23 | As to the phrase "Notwithstanding the lack of written standards": (1) Foundation/assumes a fact not [sic] supported by evidence, Fed. R. Evid. 602; and (2) Relevance, Fed. R. Evid. 401. This source, Ex. 17 [Cook Dep. Tr.] at 209:5–211:23, does not address whether ORR has written standards on requiring a psychological evaluation as a release prerequisite. | These objections are without merit. Defendants take an overly semantic approach by objecting to the introductory clause of Plaintiffs' statement of fact under the guise of a "foundation" objection. The introductory clause refers to ¶ 53, and even if deleted, this clause would not change the meaning of the proposed fact that ORR's practice is to delay releasing children at SVJC. The testimony is also relevant to Plaintiffs' unfit custodian claim because it directly addresses |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | | ORR's practice of delaying releasing children at SVJC. |
| 58. | ORR's Policy Guide contains limited guidance to Case Managers, Case Coordinators, and FFS concerning family reunification decisions— consisting of a short list of factors such as "[t]he sponsor's understanding of the . . . child's needs, as identified by ORR and the care provider." <br><br> Ex. 1 [ORR Policy Guide] § 2.4.1 at 41 | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrases "limited guidance" and "short list of factors" are not facts but rather are Plaintiffs' arguments, or are lay opinions not here supported by expert testimony for Plaintiffs' Proposed Fact 58. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974) (statements of counsel "in the summary-judgment context, are not evidence . . . ."). | This objection is without merit. <br><br> The phrase "limited guidance" and "short list of factors" are not argumentative nor are they lay opinions. These phrases are factual descriptions reflecting the cited evidence. *See* Pls. Resp. to Defs.' Statement of Genuine Dispute of Material Fact ("Response") ¶ 58. |
| 59. | ORR's Policy Guide contains no guidance on how to weigh information collected from proposed sponsors or the short list of factors included in the Policy Guide before making release decisions. <br><br> Ex. 1 [ORR Policy Guide] §§ 2.2.4, 2.4.1 at 36–38, 41 | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrases "no guidance" and "short list of factors" are not facts but rather are Plaintiffs' argument, or they are a lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 59. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | This objection is without merit. <br><br> The phrase "no guidance" and "short list of factors" are not argumentative nor are they lay opinions. These phrases are factual descriptions reflecting the cited evidence. *See also* Response ¶ 59. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| 63. None of ORR's limited guidance to Case Managers, Case Coordinators, and FFS concerning family reunification decisions is published in the Federal Register or a Notice of Proposed Rulemaking.<br><br>Ex. 11 [Deposition Transcript of 30(b)(6) Witness, Michael E. Bartholomew ("Bartholomew (30)(b(6) Dep. Tr.")] at 43:11–44:6; Flores v. Sessions, 862 F.3d 863, 871–72 (9th Cir. 2017) | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrase "limited guidance" is not a fact but rather is Plaintiffs' argument, or lay opinion about facts, not here supported by expert testimony for Plaintiffs' Proposed Fact 63. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>*As to the Bartholomew deposition passage*: At Dr. Bartholomew's 30(b)(6) deposition, Defendants objected within this passage as beyond the scope of the noticed 30(b)(6) topics for this witness, and also as calling for a legal conclusion. Defendants renew those objections. *See, e.g., Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ("[A]nswers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. . . such answers were merely the answers or opinions of individual fact | These objections are without merit.<br><br>The phrase "limited guidance" is not argumentative nor is it a lay opinion. This phrase is a factual description reflecting the cited evidence. *See also* Response ¶ 63.<br><br>The statements from Dr. Bartholomew's deposition are within the scope of the topics for examination. Regardless, even if the scope of examination went beyond these topics, these statements are within Dr. Bartholomew's personal knowledge, and therefore still support Plaintiffs' statement of fact. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | witnesses, not admissions of the party"). | |
| 67. | Case Managers have at times unnecessarily delayed issuing recommendations regarding children's release to available custodians.<br><br>Ex. 25 [Deposition Transcript of Karen Husted ("Husted Dep. Tr.")] at 43:19–46:2 | Relevance. Fed. R. Evid. 401(a). Plaintiffs' cited deposition passage does not stand for Plaintiffs' contention that case managers have at times unnecessarily delayed issuing recommendations regarding children's release to available custodians. Rather the cited passage only addresses whether the delay was within the case manager's control—not whether the delay was *unnecessary*. | This objection is without merit.<br><br>Husted's testimony is relevant to Plaintiffs' unfit custodian claims, and specifically to Plaintiffs' claim that that Case Managers have significant discretion in making release decisions, which makes ORR's failure to provide a hearing all the more problematic. *See also* Response ¶ 67. |
| 68. | ORR has delayed releasing children to available and fit sponsors until they have shown "good behavior" for some amount of time.<br><br>Ex. 28 [Deposition Transcript of Nithya Nathan-Pineau ("Nathan-Pineau Dep. Tr.")] at 55:17–56:24 | Hearsay. Fed. R. Evid. 802. Inadmissible double hearsay from a third-party legal service provider's recitation of what unspecified class members said. Ex. 28 [Nathan-Pineau Dep.] at 55:17-56:1 ("Q. And is it your understanding that ORR may delay reunification with family members for a period say 30 days or 60 days where a child needs to be free of SIRs? A. That is my understanding. I've heard -- I've heard that a child, I've heard many children say to us that they have been informed that they're not eligible for reunification if they're not without what they would | This objection is without merit.<br><br>Nathan-Pineau's testimony is not hearsay. Her testimony is sworn deposition testimony and based on her personal knowledge, and is therefore not an out of court statement. Assuming *arguendo* her testimony is an out of statement, the statement that children "have been informed that they're not eligible for reunification if they're not without what they would call a report for a specific period of time" is a statement of a party opponent. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | call a report for a specific period of time."). | |
| 74. ORR does not provide children a hearing before a neutral factfinder before denying release.<br><br>Ex. 5 [RFA 1st Set] No. 30 at 489–90 | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrase "neutral fact finder" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not supported by expert testimony for Plaintiffs' Proposed Fact 74. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | This objection is without merit.<br><br>The phrase "neutral fact finder" is not argumentative nor is it a lay opinion.  It is a factual description reflecting the cited evidence, as Defendants admit that they do not provide children a hearing before denying release, regardless of whether or not it is before any "neutral fact finder." *See also* Response ¶ 74. |
| 82. In at least one case, a Case Manager at one ORR facility rejected a child's aunt as a proposed sponsor because they did not share the same last name. Once the child was transferred to a new facility, the new Case Manager expressed no concerns about the aunt's last name and approved release within two weeks.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 110:23–112:7 | Hearsay. Fed. R. Evid. 802. Inadmissible double hearsay from a third-party legal service provider's recitation of what unspecified class members said. Ex. 30 [Ortiz Dep. Tr.] at 110:23–112:7 relies on: (1) hearsay statements made by an unspecified class member to a third-party legal service provider; (2) hearsay statements of the unidentified class member's aunt to the unidentified class member; concerning (3) an unspecified third-party case manager's hearsay statements; and (4) hearsay statements of other unspecified class | These objections are without merit.<br><br>Ortiz's testimony is not hearsay. Her testimony is sworn deposition testimony and based on her personal knowledge, and is therefore not an out of court statement.  Assuming *arguendo* that her testimony is an out of court statement, her testimony reflects statements of a party opponent—not third-parties.<br><br>Ortiz's testimony supports Plaintiffs' statement of fact and is relevant to Plaintiffs' unfit |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | members to the third-party legal services provider.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition that the "new Case Manager expressed no concerns about the aunt's last name." Rather, the closest the passage comes is to state that: "Once transferred to the permanent facility, the child was released within two weeks, and that is a case that I sent multiple inquiries to the shelter director about." Ex. 30 [Ortiz Dep. Tr.] at 111:7-11. | custodian claims.  More specifically, her testimony is relevant to Plaintiffs' claim that ORR policies provide case managers with significant discretion in making release decisions, which makes ORR's failure to provide a hearing all the more problematic. *See also* Response ¶ 82. |
| 84. | Class Member A.N.P.C.'s case worker informed her that release to her proposed sponsor was denied because A.N.P.C. did not have an official birth certificate.<br><br>ECF No. 37-14 [A.N.P.C. Decl.] ¶ 8 | Hearsay. Fed. R. Evid. 802 (statement about what third-party caseworker said) | This objection is without merit.<br><br>The statement from the A.N.P.C. declaration is not hearsay.  The statement is from a sworn declaration based on personal knowledge, and is therefore not an out of court statement. Assuming *arguendo* the statement is an out of court statement, it is a statement of a party opponent—not a third-party caseworker. |
| 88. | The limited appeal rights granted to proposed custodians who are | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The | This objection is without merit. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| parents or legal guardians are rarely exercised.<br>Ex. 5 [RFA 1st Set] No. 28 at 485–87 ("a relatively low proportion of proposed sponsors elect to pursue an administrative appeal process") | phrases "limited appeal rights" and "rarely exercised" are not facts but rather are Plaintiffs' argument, or are Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 88. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | The phrases "limited appeal rights" and "rarely exercised" are not argumentative nor are they lay opinions. These phrases are factual descriptions reflecting the cited evidence—Defendants' own admissions. *See also* Response ¶ 88. |
| 92. | Contrary to child welfare practices across the country, ORR's policies do not provide for a neutral factfinder.<br>Ex. 53 [Edwards Expert Rep.] at 1340. | Argumentative/legal conclusion. The phrase "neutral factfinder" is not a fact but rather is Plaintiffs' argument or a legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion that assumes domestic child welfare practices are analogous to ORR care, and not a fact. Moreover, whether ORR's decisionmakers are neutral is a legal conclusion. | This objection is without merit.<br><br>The phrase "neutral factfinder" is not argumentative nor is it a lay opinion.  It is a factual description by Plaintiffs' expert (a former state court judge) reflecting the cited evidence, as Defendants admit that they do not provide children a hearing before denying release, regardless of whether or not it is before any "neutral fact finder."  *See also* Response ¶ 92 |
| 93. | Contrary to child welfare practices across the country, ORR's policies do not include any form of evidentiary hearing at which children participate in the decision-making and present | Argumentative/legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are | This objection is without merit.<br><br>The phrase "[c]ontrary to child welfare practices across the country" is not argumentative nor is it a legal conclusion.  This phrase is a factual description by |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| their own evidence and arguments.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | analogous to ORR care, and not a fact. | Plaintiffs' expert (a former state court judge) reflecting the cited evidence. *See also* Response ¶ 93. |
| 94.   Contrary to child welfare practices across the country, ORR's policies do not afford children the opportunity to meaningfully challenge the denial of a sponsor because ORR is not required under its policies to disclose the evidence it relies upon in denying a sponsor's application.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341–42 | Argumentative/legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance. Fed. R. Evid. 401. Ex. 53 [Edwards Expert Rep.] at 1341-42 points to no evidence of "child welfare practices across the country," rather, citing only the ORR Guide. | These objections are without merit.<br><br>The phrase "[c]ontrary to child welfare practices across the country" is not argumentative nor is it a legal conclusion.  This phrase is a factual description by Plaintiffs' expert (a former state court judge) reflecting the cited evidence.  *See also* Response ¶ 94.<br><br>The evidence from the Edwards expert report supports Plaintiffs' statement of fact and is relevant to Plaintiffs' unfit custodian claim.  More specifically, the evidence is relevant to Plaintiffs' claim that ORR does not provide sufficient notice regarding sponsorship denials.  *See also* Response ¶ 94. |
| 95.   Contrary to child welfare practices across the country, ORR's policies do not require that children's interests be | Argumentative/legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or | This objection is without merit.<br><br>The phrase "[c]ontrary to child welfare practices across the |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | represented by counsel or any other advocates.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance. Fed. R. Evid. 401. Ex. 53 [Edwards Expert Rep.] at 1341 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. | country" is not argumentative nor is it a legal conclusion.  This phrase is a factual description by Plaintiffs' expert (a former state court judge) reflecting the cited evidence.  *See also* Response ¶ 95.<br><br>The evidence from the Edwards expert report is sufficient to support Plaintiffs' statement of fact and is relevant to Plaintiffs' claim that Class Members do not receive adequate legal representation.  *See also* Response ¶ 95. |
| 96. | Contrary to child welfare practices across the country, ORR's policies do not include timelines that allow the case to keep moving toward resolution.<br><br>Ex. 53 [Edwards Expert Rep.] at 1341 | Argumentative/legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance. Fed. R. Evid. 401: Ex. 53 [Edwards Expert Rep.] at 1341 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. | These objections are without merit.<br><br>The phrase "[c]ontrary to child welfare practices across the country" is not argumentative nor is it a legal conclusion.  This phrase is a factual description by Plaintiffs' expert (a former state court judge) reflecting the cited evidence.  *See also* Response ¶ 96.<br><br>The evidence from the Edwards expert report is sufficient to support Plaintiffs' statement of fact and is relevant to Plaintiffs' |

11

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | | claim that ORR delays release. *See also* Response ¶ 96. |
| 97. Contrary to child welfare practices across the country, ORR's policies do not universally afford children the right to appeal adverse decisions denying reunification with their sponsors.<br><br>Ex. 53 [Edwards Expert Rep.] at 1342 | Argumentative/legal conclusion. The phrase "[c]ontrary to child welfare practices across the country" is a legal conclusion or argument that assumes domestic child welfare practices are analogous to ORR care, and not a fact.<br><br>Relevance. Fed. R. Evid. 401. Ex. 53 [Edwards Expert Rep.] at 1342 includes no evidence of "child welfare practices across the country," rather citing only the ORR Guide. | This objection is without merit.<br><br>The phrase "[c]ontrary to child welfare practices across the country" is not argumentative nor is it a legal conclusion. This phrase is a factual description by Plaintiffs' expert (a former state court judge) reflecting the cited evidence. *See also* Response ¶ 97.<br><br>The evidence from the Edwards expert report is sufficient to support Plaintiffs' statement of fact and is relevant to Plaintiffs' claim that Class Members have no universal right to appeal ORR's adverse decisions. *See also* Response ¶ 97. |
| 114. ORR policy does not provide placement criteria for therapeutic staff-secure facilities, therapeutic group homes, or OON facilities.<br><br>Ex. 1 [ORR Policy Guide] § 1 at 22–33 (providing placement criteria for secure, staff-secure and RTCs, but not therapeutic staff secure, therapeutic group | Rule of optional completeness. Fed. R. Evid. 106. Plaintiffs do not cite all relevant ORR policy provisions for this statement. The following sections should also be considered because the ORR Guide contains placement considerations that apply to all placements, determinations, or recommendations: ORR Guide §§ 1.2.1, 1.2.4. | These objections are without merit.<br><br>The rule of completeness is not appropriate here. Plaintiffs cite to ORR Policy Guide § 1 in its entirety, which incorporates the sections identified by Defendants. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| homes or out-of-network facilities) | Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities, therapeutic group homes, and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."); see also *Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019) (holding that "the scope of the injunctive relief is limited by the class definition"). | Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. And, even they were not, Evidence relating to staff-secure facilities, therapeutic group homes, and out-of-network ("OON") facilities is relevant to Plaintiffs' step-up claims.  *See* FAC ¶ 122 ("The Fifth Amendment's Due Process Clause protects children's freedom from unnecessary physical restraint, including placement in *RTCs*, *medium-secure or secure facilities*.") (emphasis added); *see also* Class Certification Order, ECF No. 141, (step-up class definition referring to "*secure facility, medium-secure facility, or RTC*" placements) (emphasis added).  Therapeutic staff-secure facilities are more restrictive than shelters and are therefore medium-secure.  *See* Response ¶ 122.  Therapeutic group homes are also medium secure facilities because they are categorized similarly to therapeutic staff-secure facilities and are more restrictive than shelters. DX-72 at 139:10-12; Ex. 23 at 38:9-12; 57:7-10.  Out-of-network |

13

237846104

|  | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
|  |  |  | facilities are often RTCs. *See also* Response ¶ 114. |
| 115. | The longer ORR detains a child, the more likely he or she will be "stepped up" to a secure, staff-secure, therapeutic staff secure, OON facility, or RTC.<br><br>Ex. 57 [Expert Report of Dr. Emily Ryo ("Ryo Expert Rep.")] at 1398–1401; Ex. 56 [Matlow & Wang Expert Rep.] at 1388 ("Such children are likely to deteriorate and escalate behaviors and symptoms, often leading to step-up to more restrictive placement . . . with high cost both to the child and to the system."); Ex. 29 [Nathan-Pineau Dep. Tr.] at 110:17–111:2; Ex. 35 [Ryo. Dep. Tr.] at 100:14–19, 102:7–18 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that an increased length of care in ORR custody causes, versus is correlated with, a greater likelihood of being stepped up.<br><br>Rule of optional completeness. Fed. R. Evid. 106. Plaintiffs' expert Dr. Ryo testified: "I am not claiming causation in my report." DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion.").<br><br>Hearsay. Fed. R. Evid. 802. Ex. 29 [Nathan- Pineau Dep. Tr.] at 110:17–111:2 is based on hearsay statements of unspecified class members to third-party legal services provider.<br><br>Relevance. Fed. R. Evid. 401. Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in | These objections are without merit.<br><br>Defendants' relevance and rule of completeness objections regarding causation can be disregarded. Neither Plaintiffs' statement of fact nor the cited evidence relates to causation.<br><br>Nathan-Pineau's testimony is not hearsay. Her testimony is sworn deposition testimony and based on her personal observations, and is therefore not an out of court statement. Assuming *arguendo* that her testimony is an out of court statement, her testimony reflects statements of a party opponent—not third-parties.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. Therapeutic staff-secure and OON facilities are also relevant to Plaintiffs' step-up claims, and specifically the vicious cycle caused by Defendants' practices. *See supra* ¶ 114. |

14

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. See King, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | |
| 121. | OON facilities[] are often RTCs that are similarly restrictive as in-network RTCs.<br><br>Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 14:5–15; Ex. 23 [Fink Dep. Tr.] at 61:10–15; Ex. 18 [Deposition Transcript of James De La Cruz, Mar. 10, 2020 ("De La Cruz Dep. Tr.")] at 125:4–16 | Relevance. Fed. R. Evid. 401. OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | This objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. OON facilities are also relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |
| 122. | Therapeutic staff-secure facilities are more restrictive than shelters.<br><br>Ex. 23 [Fink Dep. Tr.] at 37:22–38:8; Ex. 24 [Heath Dep. Tr.] at 108:7– 109:6; Ex. 20 [Eich Dep. Tr.] at 124:24–125:12 | Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | The objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. Therapeutic staff-secure facilities are also relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |
| 125. | Therapeutic group homes are more restrictive than shelters.<br><br>Ex. 23 [Fink Dep. Tr.] at 38:9-12, 57:7-10; Ex. 28 [Murray Dep. | Relevance. Fed. R. Evid. 401. Therapeutic group homes are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation | This objection without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | Tr.] at 140:23–141:4 (classifying therapeutic group homes and therapeutic staff- secure facilities as equally restrictive); Statement of Uncontroverted Fact ("SUF") ¶ 122, *supra* ("Therapeutic staff-secure facilities are more restrictive than shelters.") | and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | Therapeutic group homes are also relevant to Plaintiffs' step-up claims.  See *supra* ¶ 114. |
| 133. | Children who ORR steps up to secure juvenile detention facilities or RTCs report feeling compelled to take psychotropic medications against their will.<br><br>Ex. 59 [A.M.R.A. Decl.] ¶ 5; Ex. 62 [D.S.J.L. Decl.] ¶ 8; Ex. 63 [E.G.G.J. Decl.] ¶ 5; Ex. 65 [J.M.R.R. Decl.] ¶¶ 18–19; Ex. 66 [J.S.C.M. Decl.] ¶ 19; Ex. 68 [K.N.A.T. June 2018 Decl.] ¶ 6; Ex. 73 [M.M.H. Decl.] ¶ 8; Ex. 77 [N.B.C.R. Decl.] ¶ 6; Ex. 82 [Y.A.M.S. Decl.] ¶¶ 11–21; Ex. 72 [M.H.S. Decl.] ¶ 5; Ex. 81 [Lucas R. Decl.] ¶ 6; Ex. 58 [A.D.A. Decl.] ¶ 11; Ex. 60 [C.J.A.L. Decl.] ¶ 11; Ex. 79 [P.D.O.P. Decl.] ¶¶ 12–13; Ex. 61 [D.D.R.O. Decl.] ¶ 7 | Hearsay.  Fed. R. Evid. 802. Plaintiffs' evidence contains hearsay statements from unspecified third-party grantee care provider staff and/or unspecified third- party medical providers, and sometimes no suggestion on the identity of the hearsay declarant at all. *E.g.*, Ex. 61 [D.D.R.O. Decl.] ¶ 7; Ex. 62 [D.S.J.L. Decl.] ¶ 8; Ex. 65 [J.M.R.R. Decl.] ¶¶ 18–19; Ex. 73 [M.M.H. Decl.] ¶ 8 (no identity of hearsay declarant); Ex. 77 [N.B.C.R. Decl.] ¶ 6 (no identity of hearsay declarant); Ex. 82 [Y.A.M.S. Decl.] ¶¶ 11–21; Ex. 58 [A.D.A. Decl.] ¶ 11; Ex. 79 [P.D.O.P. Decl.] ¶¶ 12–13.<br><br>Foundation/speculation. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4). Plaintiffs' evidence does not lay a sufficient evidentiary basis to show that the declarant's conclusion is | These objections are without merit.<br><br>The cited Class Member statements are not hearsay.  The statements are from sworn declarations based on personal knowledge, therefore they are not out of court statements. Regardless, these statements are not being offered for the truth of the matter asserted to the extent they reflect the Class Members' state of mind regarding feeling compelled to take psychotropic medications.<br><br>The Class Member statements also have proper foundation. The declarants all establish they are minors currently being held in ORR custody, and further establish that they are being required to take psychotropic |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | more than speculative: Ex. 66 [J.S.C.M. Decl.] ¶ 19; Ex. 68 [K.N.A.T. June 2018 Decl.] ¶ 6 (no statement that there is any connection between class member feeling a need to take medication and leaving detention); Ex. 77 [N.B.C.R. Decl.] ¶ 6 (same). Relevance. Fed. R. Evid. 401. Plaintiffs' evidence does not stand for the proposition that children report feeling compelled against their will, as opposed to a feeling of regret for the need to take the medication, or disagreeing that there is a need for it. Ex. 72 [M.H.S. Decl.] ¶ 5; Ex. 81 [Lucas R. Decl.] ¶ 6. | medication, even though they feel ready for release. The cited paragraphs from the M.H.S. and Lucas R. Declarations are relevant to Plaintiffs' step-up claims.  Both declarants provide statements indicating that they feel as though they must take medications in order to be released.  *See also* Response ¶ 133. |
| 134. | Children stepped up to Shiloh RTC report being forced to take psychotropic medication or seeing other children forced to take psychotropic medication. Ex. 62 [D.S.J.L. Decl.] ¶ 11; Ex. 82 [Y.A.M.S. Decl.] ¶ 22; Ex. 63 [E.G.G.J. Decl.] ¶ 6; Ex. 70 [K.S.G.P. Decl.] ¶ 8; Ex. 69 [K.N.A.T. Dec. 1, 2017 Decl.] ¶ 11; Ex. 67 [K.L.F. Decl.] ¶ 14; Ex. 75 [M.Y.R.M. Decl.] ¶ 3. | As to Ex. 62 [D.S.J.L. Decl.] ¶ 11: Hearsay. Fed. R. Evid. 802. As to Ex. 69 [K.N.A.T. Dec. 1, 2017 Decl.] ¶ 11: Foundation/speculation. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4). Plaintiffs' evidence does not lay a sufficient evidentiary basis to show that the declarant's conclusion is more than speculative. | These objections are without merit. The statement from the D.S.J.L. declaration is not hearsay.  The statement is from a sworn declaration based on D.S.J.L's personal knowledge, therefore it is not an out of court statement. Moreover, this statement is not being offered for the truth of the matter asserted to the extent it is being offered to show D.S.J.L.'s state of mind regarding being |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | | forced to take psychotropic medication.<br><br>The statement from the K.N.A.T. declaration also has proper foundation.  The declarant establishes personal knowledge by establishing they are a minor currently being held in ORR custody and that they are being administered psychotropic medications. |
| 135. | Children stepped up to therapeutic staff-secure facilities may be required to undergo sex offender treatment.<br><br>Ex. 24 [Heath Dep. Tr.] at 119:24–122:15 | Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | This objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. Therapeutic staff-secure facilities are relevant to Plaintiffs' step-up claims.  *See supra* ¶ 114. |
| 144. | Children who ORR steps [up] to secure, staff-secure, therapeutic staff- secure, RTCs, and OONs are less likely to be reunified with proposed custodians than children who are not stepped up.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404; Ex. 34 [Ryo Dep. Tr.] at 33:17–20, 116:4–117:24 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that being stepped up causes, versus is correlated with, a decreased likelihood of (re)unification. | These objections are without merit.<br><br>Defendants' relevance and rule of completeness objections regarding causation can be disregarded.  Neither Plaintiffs' statement of fact nor the cited evidence relates to causation. |

18

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | Rule of optional completeness. Fed. R. Evid. 106. Plaintiffs' expert Dr. Ryo testified: "I am not claiming causation in my report." DX- 77 [Ryo Dep.] 31:8; *see also id*. at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion.").<br><br>Relevance. Fed. R. Evid. 401. Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc*., 423 F. Supp. 3d at 878. | Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. Therapeutic staff-secure and OON facilities are also relevant to Plaintiffs' step-up claims.  *See supra* ¶ 114. |
| 145. Children who ORR places in therapeutic group homes are less likely to be reunified with proposed custodians than children who were only ever in shelter placement.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404; Ex. 34 [Ryo Dep. Tr.] at 116:4–117:24 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that being placed in therapeutic group homes causes, versus is correlated with, a decreased likelihood of (re)unification.<br><br>Rule of optional compeltness.  Fed. R. Evid. 106. Plaintiffs' expert Dr. | These objections are without merit.<br><br>Defendants' relevance and rule of completeness objections regarding causation can be disregarded.  Neither Plaintiffs' statement of fact nor the cited evidence relates to causation. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | Ryo testified: "I am not claiming causation in my report." DX-77 [Ryo Dep.] 31:8; *see also id.* at 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion."). | Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. Therapeutic group homes are also relevant to Plaintiffs' step-up claims.  *See supra* ¶ 114. |
| | | Relevance. Fed. R. Evid. 401. Therapeutic group homes are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | |
| 146. | Children who ORR steps up to secure, staff-secure, therapeutic staff-secure, RTCs and OONs are more likely to voluntarily depart the United States than children whom it does not step- up.<br><br>Ex. 57 [Ryo Expert Rep.] at 1404 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that being stepped up causes, versus is correlated with, a greater likelihood of voluntary departure.<br><br>Rule of optional completeness. Fed. R. Evid. 106. Plaintiffs' expert Dr. Ryo testified:  "I am not claiming causation in my report." DX- 77 [Ryo Dep.] 31:8; *see also id.* at | These objections are without merit.<br><br>Defendants' relevance and rule of completeness objections regarding causation can be disregarded.  Neither Plaintiffs' statement of fact nor the cited evidence relates to causation.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | 38:13-15 ("I am not making any causal inferences or causal claims in my report, nor does the data allow for that kind of an inference or conclusion."). Relevance. Fed. R. Evid. 401. Therapeutic staff-secure and OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | Therapeutic staff-secure and OON facilities are also relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |
| 147. | Children who ORR places in therapeutic group homes are more likely to voluntarily depart the United States than children who only ever spent time in ORR shelters. Ex. 57 [Ryo Expert Rep.] at 1404 | To the extent Plaintiffs imply causation, relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that being placed in therapeutic group homes causes, versus is correlated with, a greater likelihood of voluntary departure. Relevance. Fed. R. Evid. 401. Therapeutic group home facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d | These objections are without merit. Defendants' relevance objection regarding causation can be disregarded. Neither Plaintiffs' statement of fact nor the cited evidence relates to causation. Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. Therapeutic group home facilities are also relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | |
| 148. ORR does not release children directly from restrictive placements to Unaccompanied Refugee Minor ("URM") programs.<br><br>Ex. 17 [Cook Dep.] 270:18–271:3; Ex. 111 at 1859; Ex. 107 at 1839; Ex. 97 at 1761 ("ORR is rarely able to place minors into the URM program out of a staff secure placement"); Ex. 105 at 1830; Ex. 24 [Heath Dep. Tr.] at 214:8–215:6; Ex. 46 [Heath Dep. Ex. 169] at 1271 (stating the following with respect to minor F.M.J., "URM application sent 12/17 and 2/17. Drug history and staff secure therapeutic so not likely to get URM."); *id.* (stating the following with respect to minor F.J.M. who is placed at Friends of Youth McEachern therapeutic staff secure, "Pending URM placement" but "URM won't accept due to mental health needs.") | Relevance. Fed. R. Evid. 401. The few sources cited by Plaintiffs do not stand for Plaintiffs' categorical proposition that ORR does not release children directly from restrictive placements to the URM program.<br><br>Relevance. Fed. R. Evid. 401. Some of Plaintiffs' own evidence says the opposite of what Plaintiffs assert; Plaintiffs' cited Exhibit 97 at 1761 notes that while instances of this are rare, "ORR is . . . able to place minors into the URM program out of a staff secure placement." As the evidence does not stand for, and in fact, rebuts, Plaintiffs' categorical assertion, it is at best irrelevant, or alternatively, if it is relevant, the impact of the evidence on Plaintiffs' proposed fact 148 speaks for itself.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' evidence on this point references Therapeutic staff secure facilities, but these facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' delayed release claims. Defendants' objection, moreover, is not a proper relevance objection because it addresses whether Plaintiffs' evidence is sufficient to support the stated fact, not its overall relevance and admissibility. Accordingly, Defendants are not only incorrect, *see* Response ¶ 148, but their objection also does not impact the admissibility of Plaintiffs' evidence.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. Therapeutic staff secure facilities are relevant to Plaintiffs' step-up claims.  *See supra* ¶ 114. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | |
| 152. | As a matter of practice, ORR and its care providers require that children have at least 30 days of good behavior before they may be stepped down.<br><br>Ex. 14 [Castaneda Dep. Tr.] at 145:9–18; Ex. 35 [Smith Dep. Tr.] at 156:8– 158:7; Ex. 24 [Heath Dep. Tr.] at 199:10–13, 204:13–17, 206:14–208:1; Ex. 49 ██████████████████; *id.* at 1303 (██████████████████ as Dep. Tr.] at 141:18–143:5; Ex. 17 [Cook Dep. Tr.] at 181:10–182:15 | Relevance. Fed. R. Evid. 401. The few sources cited by Plaintiffs do not stand for Plaintiffs' categorical proposition that ORR and all of its many third-party grantee care providers require that children have at least 30 days of good behavior before they may be stepped down. | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' step-up claim. Testimony from two care provider lead Case Managers, a clinician, two FFS, and a letter from an FFS Supervisor directing a lateral transfer rather than step down due to the lack of 30 days without an SIR are relevant and sufficient to support Plaintiffs' statement of fact. |
| 153. | ORR evaluates a child's "good behavior" on, among other things, the number of SIRs the child has received. | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition that "good behavior" is based on the *number* of SIRs a child receives. Ex. 16 [Contreras Dep. Tr.] at 138:4–7; Ex. | The cited evidence is relevant to Plaintiffs' step-up claim and the corrected factual statement made. *See also* Response ¶ 153 (noting correction). |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | Ex. 16 [Contreras Dep. Tr.] at 138:4– 7; Ex. 26 [Londino Dep. Tr.] at 236:22–237:11 | 26 [Londino Dep. Tr.] at 236:22–237:11. | |
| 158. | None of ORR's policies or practices concerning step-ups or step-downs is formally published in the Federal Register or a Notice of Proposed Rulemaking.<br><br>Ex. 5 [RFA 1st Set] No. 2 at 468; ECF 144 [Azar Answer] ¶¶ 109, 123; Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 43:11–44:6 | *As to the Bartholomew deposition passage*: At Dr. Bartholomew's Rule 30(b)(6) deposition, Defendants objected to the question as beyond the scope of the noticed Rule 30(b)(6) topics for this witness, and also as calling for a legal conclusion. Defendants renew those objections. *See, e.g., Detoy*, 196 F.R.D. at 367 (question outside scope of 30(b)(6) noticed topics does not bind responding party as admission). | This objection is without merit.<br><br>The statements from Dr. Bartholomew's deposition are within the scope of the topics for examination. Regardless, even if the scope of examination went beyond these topics, these statements are within Dr. Bartholomew's personal knowledge, and therefore still support Plaintiffs' statement of fact. |
| 159. | ORR's online Policy Guide and ORR MAP are not always consistent.<br><br>Ex. 24 [Heath Dep. Tr.] at 92:6–14, 294:19–295:4; Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 46:15–47:4; Ex. 32 [Deposition Transcript of Mae C. Quinn ("Quinn Dep. Tr.")] at 17:9–14, 169:23–170:4 | Argumentative/Fed. R. Evid. 701. Plaintiffs' assertion constitutes argumentation, not fact. To the extent Plaintiffs offer in support lay opinion testimony, it is unhelpful. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance, foundation. Fed. R. Evid. 401, 602. Evidence offered in support of Plaintiffs' proposition that the two documents are not always consistent does not stand for | These objections are without merit.<br><br>Plaintiffs' statement of fact is not argumentative nor is it a lay opinion, it is a description reflecting the cited evidence. *See also* Response ¶ 159.<br><br>The statements from Dr. Bartholomew's deposition are within the scope of the topics for examination. Regardless, even if the scope of examination went beyond these topics, these statements are within Dr. |

24

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | the proposition that they are substantively inconsistent, or give foundation for that conclusion:<br><br>• Plaintiffs' cited passage of the Bartholomew Rule 30(b)(6) deposition—which contains Defendants' objection to the question as beyond the noticed Rule 30(b)(6) topics, an objection Defendants renew, see *Detoy*, 196 F.R.D. at 367—only indicates that it takes time for the MAP to be updated to reflect policy changes in the Guide, and that while this takes time, "they do their due diligence. . . .". Ex. 11 [Bartholomew 30(b)(6) Dep. Tr.] at 46:15–47:4.<br>• Plaintiffs' cited passage of the Quinn deposition contends that there are inconsistencies, but offers no foundation for that assertion, or examples. Ex. 32 [Quinn Dep. Tr.] at 17:9–14, 169:23– 170:4<br><br>Rule of optional completeness. Fed. R. Evid. 106. Ex. 24 [Heath Dep. Tr.] at 92:17-23 (stating that witness could not recall any examples of inconsistency). | Bartholomew's personal knowledge, and therefore still support Plaintiffs' statement of fact.<br><br>The statement from the Quinn deposition has proper foundation.  She establishes her personal knowledge by stating she reviewed the ORR step-up policies and procedures. Moreover, she provides an example of an inconsistency between the policies and procedures. *See* Ex. 32 at 169:20-170:1 (testifying that there are inconsistencies between the two with respect to the notice of placement).<br><br>The rule of completeness is not appropriate here.  Portions of statements to be admitted under the rule of completeness must be relevant, and they must explain or qualify the portion already admitted.  The additional testimony from the Heath deposition is not relevant, nor does it add additional context. Even though Heath could not— off the top of her head—recall any examples of inconsistencies, that does not add context to |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | | testimony indicating that such inconsistencies exist. |
| 160. | ORR frequently changes the policies and procedures set out in its Policy Guide and MAP.<br><br>Ex. 24 [Heath Dep. Tr.] at 28:19–20, 90:16–18; Ex. 28 [Murray Dep. Tr.] at 59:7–8; *see* Ex. 132 (reflecting changes to ORR Policy Guide); Ex. 136 (reflecting to changes to ORR MAP) | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The word "frequently" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 160. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | This objection is without merit.<br><br>The word "frequently" is not argumentative nor is it a lay opinion. It is a factual description reflecting the cited evidence. *See also* Response ¶ 160. |
| 163. | Case Coordinators rely almost exclusively on written documentation compiled and provided by Case Managers in formulating their recommendations regarding step-up or step-down.<br><br>Ex. 35 [Smith Dep. Tr.] at 80:15–22; Ex. 24 [Heath Dep. Tr.] at 81:23– 82:25; Ex. 28 [Murray Dep.] 46:6–47:3, 104:14-25, 117:16–23, 119:2–24, 131:14–21 | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The phrase "almost exclusively" is not a fact but rather is Plaintiffs' argument , or it is Plaintiffs' lay opinion not here supported by expert testimony for Plaintiffs' Proposed Fact 163. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition implied by phrase "almost exclusively" that | These objections are without merit.<br><br>The phrase "almost exclusively" is not argumentative nor is it a lay opinion. This phrase is a factual description reflecting the cited evidence. *See also* Response ¶ 163.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims. Smith, Heath, and Murray all testify case coordinators almost exclusively rely on the information uploaded to the UAC portal in making recommendations, and that case |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | case coordinators have no other bases for reaching their step-up or step- down recommendations. | managers are the only individuals uploading information to that portal. *See also* Response ¶ 163. |
| 168. | FFS rely exclusively on information and evidence provided by Case Managers in making step-up and step-down decisions. Ex. 35 [Smith Dep. Tr.] at 99:12–17, 100:4–8, 149: 9–25; Ex. 24 [Heath Dep. Tr.] at 83:5–10, 86:16–21; Ex. 20 [Eich Dep. Tr.] at 170:15–19 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition, included in the phrase "exclusively," that FFS have no other sources of information than that provided by case managers in making step-up and step-down decisions. | This objection is without merit. The cited evidence is relevant to Plaintiffs' step-up claims. Two FFS testifying that they make final placement decisions by "exclusively relying on the documents in the UAC portal" or the child's file, as well as program director stating the same, are relevant evidence that FFS rely exclusively on information provided by a case manager, particularly where ORR procedures clearly indicate that case managers compile the information to be reviewed for transfer requests. Ex. 2 [ORR MAP] § 1.4 at 83; *see also* Response ¶ 168. |
| 169. | The information and evidence FFS rely on in making step-up and step-down decisions is not always accurate. Ex. 24 [Heath Dep. Tr.] at 211:5–12 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for the proposition that FFS rely on inaccurate information. Moreover, the testimony of a single, non Rule 30(b)(6) witness not purporting to speak for FFS in general in this passage does not | This objection is without merit. The cited evidence is sufficient to support Plaintiffs' statement of fact and is relevant to Plaintiffs' step-up claims.  Heath testifies that information in the UAC portal is not always |

237846104

| | | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|---|
| | | | stand for Plaintiffs' proposition concerning practices of FFS in general. | accurate.  The information from the UAC portal is used to make placement decisions.  *See supra* ¶¶ 163, 168; *see also* Response ¶ 169. |
| 174. | | ORR policies do not require an FFS to consult with an FFS Supervisor or anyone else regarding step-up except for placement into OON facilities.<br><br>Ex. 23 [Fink Dep. Tr.] at 23:15–21, 169:5–25; Ex. 1 [ORR Policy Guide] § 1.2 at 22–23; Ex. 2 [ORR MAP] § 1.4, at 89; Ex. 18 [De La Cruz Dep. Tr.] at 58:19–59:3, 133:16–21, 135:14–24, 137:12–17; Ex. 35 [Smith Dep. Tr.] at 83:11–84:1 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for Plaintiffs' proposition.<br><br>Relevance. Fed. R. Evid. 401. OON facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc*., 423 F. Supp. 3d at 878. | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims. The cited evidence shows that ORR's policies do not require an FFS to consult with an FFS Supervisor or any other type of supervisor regarding step up except for placement into an OON facility, and only that FFS can or may consult at their discretion.  *See also* Response ¶ 174.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. OON facilities are also relevant to the step-up claim. *See supra* ¶ 114. |
| 175. | | FFS have not received formal training on the differences between therapeutic staff-secure, staff-secure, and RTC placements. | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The word "formal" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion not here supported by expert testimony for | These objections are without merit.<br><br>The word "formal" is not argumentative nor is it a lay opinion.  It is a factual |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Ex. 35 [Smith Dep. Tr.] at 37:21–24; Ex. 23 [Fink Dep. Tr.] at 55:1–5; Ex. 39 [Vergara Dep. Tr.] at 97:11–25 | Plaintiffs' Proposed Fact 175. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' proposition that FFS have not received training on the differences between therapeutic staff-secure, staff-secure, and RTC placements.<br><br>Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | description reflecting the cited evidence. *See also* Response ¶ 175.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims. Fink testifies that only some, meaning not all, FFS have received training on the differences between therapeutic staff-secure, staff-secure, and RTCs. *See also* Response ¶ 175.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are also unfounded. *See* Reply at 25. Therapeutic staff-secure facilities are relevant to the step-up claim. See *supra* ¶ 114. |
| 176. Although ORR uses the criteria whether a child is a "danger to self or others" to determine step-up or step-down eligibility, ORR employs no standardized metric to determine whether a child meets this standard, *i.e.*, the child is a danger to self or others. | Vagueness/argumentative/unhelpful lay opinion. Fed. R. Evid. 701. Plaintiffs' phrase "standardized metric" is vague and includes Plaintiffs' argument, not supported by evidence, or opinion, that such a standardized metric is applicable to the ORR context. | This objection is without merit.<br><br>The phrase "standardized metric" is not argumentative nor is it a lay opinion. This phrase is a factual description reflecting the cited evidence. *See also* Response ¶ 176. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | Ex. 24 [Heath Dep. Tr.] at 96:19–22, 97:23-25, 98:1-4; Ex. 1 [ORR Policy Guide] § 1.2.1 at 23 (placement consideration "danger to self" and "danger to the community"); *id.* § 1.2.4 at 24 (secure placement criteria includes "danger to self or others"); *id.* § 1.4.2 at 29 ("[s]tep downs may occur when ORR, in its discretion, determines the UAC no longer poses a danger to himself or others"); *id.* § 1.4.6 at 30 (RTC placement criteria – danger to self or others) | Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | |
| 178. | ORR provides no guidance on how to weigh placement considerations under ORR Policy Guide § 1.2.1.<br><br>Ex. 1 [ORR Policy Guide] § 1.2.1 at 23 (absence of guidance or direction on how to weigh these factors); Ex. 2 [ORR MAP] § 1.2.1 at 65 (same) | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. Whether the ORR Guide provides guidance is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | This objection is without merit.<br><br>Plaintiffs' statement of fact is not argument, nor a lay opinion, it is a factual characterization reflecting the cited evidence. *See also* Response ¶ 178. |
| 185. | A child placed in a therapeutic group home does not receive a NOP. | Relevance. Fed. R. Evid. 401. Therapeutic group homes are not claims Plaintiffs alleged in the First Amended Complaint or in the certified classes, so this allegation | This objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are also unfounded. *See* Reply at 25. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | Ex. 2 [ORR MAP] § 1.2.4 at 65–66 (no mention of whether a child in a therapeutic group home would receive a NOP); Ex. 23 [Fink Dep. Tr.] at 151:5–8 | about those facilities and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | The cited evidence is relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |
| 188. | Stepped up children do not always receive a NOP within 48 hours after arrival at a restrictive placement.[1]<br><br>Ex. 16 [Contreras Dep. Tr.] at 119:17–20; Ex. 33 [Ray Dep. Ex. 119]; Ex. 126 at 1948; Ex. 123; Ex. 124 at 1934, 1936; Ex. 125 at 1940, 1943; Ex. 29 [Nathan-Pineau Dep. Tr.] at 60:1-10 | Hearsay. Fed. R. Evid. 802. Ex. 29 contains hearsay statements made by unspecified class members to a third-party legal service provider('s colleagues). *See* Ex. 29 [Nathan-Pineau Dep. Tr.] at 60:1–10 ("We have seen forms in English and Spanish, and we've reviewed them with the clients and asked them if they saw the form or remembered the form. And many of the children we speak with don't remember seeing the form or don't recognize it.").<br><br>Relevance. Fed. R. Evid. 401. As to Plaintiffs' citation to "Ex. 33 [Ray Dep. Ex. 119]," it is unclear what portion of that deposition Plaintiffs intended; if page 119, that page does not stand for Plaintiffs' proposition that stepped up children do not always receive a NOP within | These objections are without merit.<br><br>Nathan-Pineau's testimony is not hearsay. It is sworn deposition testimony based on personal knowledge, and is therefore not an out of court statement. The testimony is also not based on the allegedly hearsay statements of unspecified Class Members— it is based on her personal knowledge.<br><br>Plaintiffs citation to "Ex. 33 [Ray Dep. Ex. 119]" contains a clerical error. The correct citation is to Ex. 44, which contains Ray deposition exhibit 119.<br><br>The rule of completeness is not appropriate here. Portions of |

---

[1] Insofar as they are referenced in Defendants' Evidentiary Objections, Defendants include the redactions to Plaintiffs' evidentiary citations that appear in the publically available filing of Plaintiffs' Statement of Uncontroverted Facts, ECF 271-2 ¶ 188 & 206. The full unredacted text is available at ECF 267-1.

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | 48 hours after arrival at a restrictive placement.<br><br>Rule of optional completeness. Fed. R. Evid. 106. The following sections should also be considered because they show that after some noncompliance with an aspect of the NOP requirement, there was later 100% compliance. DX-33 [Ray Dep.] 73:22 to 74:18 ("Q. So when is a notice of placement supposed to be provided to a child? A. Within 48 hours of placement in that facility. And then again at least every 30 days thereafter. Q. All right. And during the time you were responsible for compliance, did that always happen? A. We found noncompliance with that. Q. Can you quantify that at all for me? A. Yes, I can. At the initial start of my compliance review work there were 34 kids in the two secure facilities and 18 cases were noncompliant. Q. And by the end of the five months, do you have a -- A. They were 100 percent compliant by then. Q. With regard to notice of placement? A. With regard for a basis of placement and notice of placement, both secure facilities were 100 percent compliant."). | statements to be admitted under the rule of completeness must be relevant, and they must explain or qualify the portion already admitted.  The additional statements offered by Defendants are not relevant, nor do they add additional context. Statements describing how ORR eventually provides a NOP to Class Members who did not receive a NOP within 48 hours, does not affect Plaintiffs' statement that stepped up children do not *always* receive a NOP within 48 hours. |

32

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| 189. | Stepped up children do not consistently know or understand the reasons for restrictive placement.<br><br>Ex. 24 [Heath Depo. Tr.] at 283:21– 284:15; Ex. 70 [K.S.G.P. Decl.] ¶ 2; Ex. 82 [Y.A.M.S. Decl.] ¶ 42; Ex 65 [D.S.J.L. Decl.] ¶ 4; Ex. 44 [Ray Dep. Ex. 119] at 1264 (noting non- compliance issue of "[n]ot citing evidence for placement basis in NOP") | Speculation/foundation. Fed. R. Evid. 602. Ex. 24 [Heath Dep. Tr.] 283:21-284:15 (questions called for speculation; Defendants' counsel twice objected on that basis). Defendants renew these objections.<br><br>Rule of optional completeness.  Fed. R. Evid. 106. To the extent the Court admits into evidence a portion of the Ray deposition, the following sections should also be considered because they show that after some noncompliance with the requirement of a NOP within 48 hours of placement, there was later 100% compliance with including the reasons for the restrictive placement. DX-33 [Ray Dep.] 73:22 to 74:18 ("Q. So when is a notice of placement supposed to be provided to a child? A. Within 48 hours of placement in that facility. And then again at least every 30 days thereafter. Q. All right. And during the time you were responsible for compliance, did that always happen? A. We found noncompliance with that. Q. Can you quantify that at all for me? A. Yes, I can. At the initial start of my compliance review work there were 34 kids in the two secure facilities and 18 cases were noncompliant. Q. | These objections are without merit.<br><br>The questions in the Heath deposition did not call for speculation.  The questions asked by examining counsel sought information within her personal knowledge.  Heath is an FFS with personal knowledge of both NOPs and notice of step-ups to Class Members.<br><br>The rule of completeness is not appropriate here.  Portions of statements to be admitted under the rule of completeness must be relevant, and they must explain or qualify the portion already admitted.  The additional statements offered by Defendants are not relevant, nor do they add additional context. Statements describing how ORR eventually provides a NOP to Class Members who did not receive a NOP within 48 hours, does not affect Plaintiffs' statement that stepped up children do not consistently know or understand the reasons for restrictive placement. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | And by the end of the five months, do you have a -- A. They were 100 percent compliant by then. Q. With regard to notice of placement? A. With regard for a basis of placement and notice of placement, both secure facilities 100 percent compliant."). | |
| 202. | ORR policy does not afford children an opportunity to request reconsideration or otherwise challenge step-up to staff-secure, therapeutic staff-secure facilities or therapeutic group homes.<br><br>Ex. 1 [ORR Policy Guide] § 1.4.7 at 30 (only referring to ORR director review option for secure and RTC placements); Ex. 2 [ORR MAP] § 1.4.7 at 102 (same); Ex. 24 [Heath Dep. Tr.] at 133:20–134:11 | Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities and therapeutic group homes are not claims Plaintiffs alleged in the First Amended Complaint or in the certified classes, so this allegation about those facilities and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc*., 423 F. Supp. 3d at 878. | This objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. Therapeutic staff-secure and therapeutic group homes are also relevant to Plaintiffs' step-up claims. *See supra* ¶ 114. |
| 203. | Stepped up children rarely seek reconsideration or otherwise challenge step-up through ORR's director review process.<br><br>Ex. 13 [Biswas 30(b)(6) Dep.] 94:5– 14; Ex. 24 [Heath Dep. Tr.] at 130:13–19, 137:24–138:5; Ex. 35 [Smith Dep. Tr.] at | Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. The word "rarely" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. | This objection is without merit.<br><br>The word "rarely" is not argumentative nor is it a lay opinion. It is a factual description reflecting the cited evidence. *See also* Response ¶ 203. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | 132:11–18; Ex. 14 [Castaneda Dep. Tr.] at 81:12– 82:20; Ex. 19 [David Dep. Tr.] at 160:7–18; Ex. 23 [Fink Dep. Tr.] at 155:2–12 | *See generally Mack Trucks, Inc.,* 505 F.2d at 1249. | |
| 205. | Although a child who ORR steps up may request a Flores bond hearing before an immigration judge, the outcome of the bond hearing has no determinative outcome on the child's level of placement in ORR custody.<br><br>Ex. 6 [RFA 2nd Set] No. 105 at 528–29 ("ORR…takes into consideration the immigration judge's decision"); Ex. 1 [ORR Policy Guide] § 1.4.2 at 28–29 (same); id. § 2.9 at 54 ("An immigration judge does not rule on any of the following…the unaccompanied alien child's placement… while in ORR custody."); Ex. 29 [Nathan-Pineau Dep. Tr.] at 47:9–23; Ex. 42 [Ray Dep. Ex. 116] at 1257 ("The judge's determination does not automatically change the child's placement in a particular care provider facility) | Argumentative. The phrase "no determinative outcome" is not a fact but rather is Plaintiffs' argument. | This objection is without merit.<br><br>The phrase "no determinative outcome" is not argumentative. This phrase is a factual description reflecting the cited evidence. *See also* Response ¶ 205. |
| 206. | Stepped up children rarely, if ever, seek federal court review of | Imperfect invocation of Fed. R. Evid. 803(7), foundation. Fed. R. | These objections are without merit. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| restrictive placement without the assistance of counsel. There were only 9 instances of habeas petitions found within the Defendants hundreds of thousands of produced documents.[2]<br><br>Ex. 86 at 1579; Ex. 87 at 1583; Ex. 88 at 1586; Ex. 89 at 1589; Ex. 90 at 1593; Ex. 91 at 1596; Ex. 108 at 1842–43; Ex. 110 at 1851; Ex. 98 at 1764 (subject line "BDAC habeas case") | Evid. 602, 803(6) & (7). Plaintiffs have failed to establish foundation for their requested inference; they have failed to establish that the search of ORR documents that resulted in Defendants' document productions to Plaintiffs—and within that, the habeas related information Plaintiffs cite—captured the universe of habeas petitions filed by all minors in ORR custody (or the subset of minors in a restrictive placement). Without such a showing, Plaintiffs' requested inference that other habeas petitions do not exist lacks foundation. *See* Fed. R. Evid. 803(7)(C) ("other circumstances" may indicate a lack of trustworthiness of the inference that a matter is not included in a record).<br><br>Argumentative. The phrase "not determinative" is not a fact but rather is Plaintiffs' argument.<br><br>Argumentative/unhelpful lay opinion. Fed. R. Evid. 701.        The word "rarely" is not a fact but rather is Plaintiffs' argument, or it is Plaintiffs' lay opinion. Relatedly, Defendants object to the extent | The documents from Defendants' document productions have proper foundation.  Defendants' objection, moreover, seems to imply that it may not have produced all the habeas petitions filed by minors in ORR custody, which would itself be cause for objection.<br><br>Additionally, to the extent Defendants argue the documents are hearsay, these documents are not being offered for the truth of the matter asserted.  They are being introduced to show the number of petitions that have been filed, not for the truth of petitions themselves.<br><br>The phrase "not determinative" does not appear in Plaintiffs' statement of fact.<br><br>The word "rarely" is not argumentative nor is it a lay opinion. It is a factual description reflecting the cited evidence.  *See also* Response ¶ 206. |

---

[2] See *supra* note 1.

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | |
| 207. All 50 states and the District of Columbia require a hearing before a neutral factfinder before a child can be detained in a secure facility.<br><br>Ex. 54 [Expert Report of Professor Jessica Heldman ("Heldman Expert Rep.")] at 1356–57 | Argumentative.  This proposed fact is not a fact but rather is Plaintiffs' legal argument.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that all 50 states and the District of Columbia require a hearing before a neutral factfinder before a child can be placed in a secure facility. | These objections are without merit.<br><br>Plaintiffs' statement of fact is not argumentative.  It is a factual description of Plaintiffs' expert (a law professor) reflecting the cited evidence.  *See also* Response ¶ 207.<br><br>The cited evidence is relevant to Plaintiffs' step-up claim and the corrected factual statement made. *See also* Response ¶ 207 (noting correction). |
| 208. A majority of states also require a hearing before a neutral factfinder before a child can be detained in a staff-secure facility.<br><br>Ex. 54 [Heldman Expert Rep.] at 1356–57 | Argumentative.  This proposed fact is not a fact but rather is Plaintiffs' legal argument.<br><br>Relevance. Fed. R. Evid. 401. The source cited does not stand for the proposition that a majority of states require a hearing before a child can be placed in a staff-secure facility. | These objections are without merit.<br><br>Plaintiffs' statement of fact is not argumentative.  It is a factual description of Plaintiffs' expert (a law professor) reflecting the cited evidence.  *See also* Response ¶ 208.<br><br>The cited evidence is relevant to Plaintiffs' step-up claim and the corrected factual statement |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | | made. *See also* Response ¶ 208 (noting correction). |
| 212. | ORR sometimes fails to provide children with a 30-day placement review.<br><br>Ex. 44 [Ray Dep. Ex. 119] at 1264 (citing non-compliance issue of "[n]ot providing a NOP every 30 days"); Ex. 45 [Ray Dep. Ex. 120] at 1266 (email from policy analyst Faith Ray to FFS on 11/28/18 regarding a UAC who had not had a case review since 6/30/18) | Relevance. Fed. R. Evid. 401. The portion of Ex. 44 [Ray Dep. Ex. 119] at 1264 dealing with NOP compliance does not stand for the proposition that the 30-day placement review itself did not occur. | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims.  The exhibit to the Ray deposition implies that if there is no 30-day NOP that no 30-day review occurred.  *See also* Response ¶ 212. |
| 213. | Stepped up children are not permitted to participate in or submit evidence for 30-day placement reviews.<br><br>Ex. 1 [ORR Policy Guide] § 1; Ex. 2 [ORR MAP] § 1; Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 54:16–22, 92:2–7; Ex. 16 [Contreras Dep. Tr.] at 147:11–13; Ex. 6 [RFA 2nd Set] No. 114 at 532–33 ("Defendants admit that unaccompanied alien children do not have the opportunity to present witnesses or evidence before they are | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence on this point does not stand for the proposition that children are not permitted to submit evidence for 30-day placement reviews. | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims because it shows that children are not allowed to participate in the staffing of their case and not provided an opportunity to submit evidence to be considered in the placement review.  *See also* Response ¶ 213. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| stepped down to a less restrictive setting") | | |
| 219.  ORR has erroneously refused children step-down from restrictive placement.  Ex. 16 [Contreras Dep. Tr.] at 155:1– 5; ECF No. 144 [Answer] ¶ 75; Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 348:12–24, 393:1–7; Ex. 33 [Ray Dep. Tr.] at 170:19–23; Ex. 35 [Smith Dep. Tr.] at 82:20–83:5, 162:16–163:8; Ex. 24 [Heath Dep. Tr.] at 212:16–23; Ex. 18 [De La Cruz Dep. Tr.] at 162:3–16, 163:7–164:5; Ex. 17 [Cook Dep. Tr.] at 197:21–25; Ex. 28 [Murray Dep. Tr.] at 193:10–17, 156:18–23, 158:6–21, 170:3–7, 184:20-189:4, 192:18–193:4; Ex. 47 [Murray Dep. Ex. 162] (███████ ████████████████) Tr.] at 151:17–152:8; Ex. 22 [Fields Dep. Tr.] at 148:8–23; Ex. 39 [Vergara Dep. Tr.] at 129:15–130:17, 257:6–10 | Relevance. Fed. R. Evid. 401. Source does not support Plaintiffs' assertion. See, e.g., Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 348:12-24 (discussing that it can take "several days" to find a facility to take the child, but not supportive of proposition that such operational realities make the determination a "refusal" or "erroneous"; nor that any real-world system could instantaneously find placement for a child immediately after a determination is made); id. at 349:1-21 (discussing procedures to ensure minor is stepped down expeditiously); 351:12-25 (seeking additional facilities, additional beds and bringing them on line can take up to nine months); Ex. 47 [Murray Dep. Ex. 162] (██████████ ███████████████) | This objection is without merit.  The cited evidence is relevant to Plaintiffs' step-up claims because it shows that children who have been deemed eligible for step down have remained in a more restrictive setting than warranted, thus converting their continued placement in such a restrictive setting into an erroneous placement. *See also* Response ¶ 219. |
| 220.  ORR policies and practices for placing children in restrictive settings are inconsistent with | Relevance, foundation. Fed. R. Evid. 401, 602. Plaintiffs' cited evidence on this point does not | This objection is without merit. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | accepted state and federal child welfare practice.<br><br>Ex. 54 [Heldman Expert Rep.] at 1350 | stand for the proposition asserted. Plaintiffs' only evidence on this point, Ex. 54, does not opine on placements at residential treatment centers. DX-70 [Heldman Dep.] 16:12-15 (Q. "Did you render any expert opinion on the placement of children in the residential treatment centers? A. No, I did not."). It also uses the wrong definition of staff-secure. The report defines "staff secure" as a "residential facilit[y] in which physical restriction is provided solely by staff." DX-82 [Heldman Expert Rep.] at 6; *see also* DX-70 [Heldman Dep.] 104:16-20 ("The staff secure facility would be one in which staff are primarily – or staff are given the ability to physically restrain children from leaving"). That is not what an ORR staff-secure facility is; rather, such a facility is one where no physical restraints of *any kind* are used to restrain children from leaving. Defs.' U.F. ¶ 39. This inaccuracy demonstrates a lack of foundation that renders the cited source irrelevant to Plaintiffs' factual assertion. | The cited evidence is relevant to Plaintiffs' step-up claims. Professor Heldman's expert report supports the statement that ORR's policies and procedures for placing children in a restrictive setting, specifically secure and staff-secure settings, are inconsistent with accepted state and federal child welfare practices. That Heldman's report does not address RTC placements does not make her report and findings with respect to secure and staff-secure facilities irrelevant or lacking in foundation. *See also* Response ¶ 220. |
| 223. | As of March 13, 2020, 14 of the total 3,621 children in ORR in-network care were detained in a | Relevance. Fed. R. Evid. 401. Therapeutic staff-secure facilities and therapeutic group homes are not | This objection is without merit. |

40

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | secure facility, 17 were placed in an RTC, 30 were placed in a staff- secure facility, 6 were placed in a therapeutic staff- secure facility, and 13 were placed in therapeutic group homes.<br><br>Ex. 93 at Ex. 93 at Census Tab, at Row J at 1630–1745 (Program_Type) (number of children detained in ORR custody as of March 13, 2020) | alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it with respect to those facilities are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. Therapeutic staff-secure facilities and therapeutic group homes are also relevant to Plaintiffs' step-up claims.  *See supra* ¶ 114. |
| 224. | As of March 13, 2020, 11 children were placed in out-of-network RTCs.<br><br>Ex. 93 at Out of Network Placements Tab, at Row A at 1746 (children placed in OON RTC as of March 13, 2020) | Relevance. Fed. R. Evid. 401. OON RTCs are not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | This objection is without merit.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. OON facilities are also relevant to Plaintiffs' step-up claim. *See supra* ¶ 114. |
| 226. | Plaintiff Class Members are typically indigent, speak little or no English, and have little or no knowledge of the United States' legal system.<br><br>ECF No. 144 [Answer] ¶ 146; Ex. 6 [RFA 2nd Set] No. 141 at 538-39 | Speculative/foundation. Fed. R. Evid. 602. While these attributes may be shared by many class members, to the extent not admitted, the burden of proof is on Plaintiffs to make the necessary showing using evidence, not speculation. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | These objections are without merit.<br><br>Plaintiffs' statement of fact is not speculative—it is based on Defendants' own admissions. Defendants' Answer admits that "Plaintiffs and the members of the proposed class are almost uniformly indigent, and speak |

41

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | Relevance. Fed. R. Evid. 401. The cited RFA 141 response does not discuss indigence whatsoever. | little to no English."  Moreover, subject to objections, Defendants' admitted a majority of Class Members have little or no knowledge of the United States legal system.<br><br>To the extent Defendants are arguing the phrase "little or no knowledge" is speculative, Defendants have detained thousands of Class Members over many years and have personal knowledge of Class Members' familiarity with the United States' legal system.<br><br>Plaintiffs' relevance objection should be overruled. *See* Answer ¶ 146 (discussing indigence). |
| 227. | ORR is required to ensure "to the greatest extent practicable" that children from noncontiguous countries have counsel to represent them "in legal proceedings or matters and protect them from mistreatment."<br><br>8 U.S.C. § 1232(c)(5) | Argumentative. This is a legal argument; it is not a fact. | This objection is without merit.<br><br>Plaintiffs' statement of fact is not argumentative.  It is a factual description reflecting the cited evidence. *See also* Response ¶ 227. |
| 237. | In practice, Case Managers have discretion to communicate—or | *Ortiz deposition excerpt*: Defendants objected at the | These objections are without merit. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| not—with Class Members' lawyers. In some facilities, children's lawyers do not even know who a client's Case Manager is.<br><br>Ex. 37 [Sualog Dep. Tr.] at 101:8–21; Ex. 30 [Ortiz Dep. Tr.] at 28:4–30:22; Ex. 29 [Nathan-Pineau Dep. Tr.] at 20:4–25 | deposition on grounds of misstating prior testimony, as well as foundation. Fed. R. Evid. 602. Defendants renew the same objections here. Ex. 30 [Ortiz Dept. Tr.] 30:14-22.<br><br>Hearsay. Fed. R. Evid. 802. Ex. 30 [Ortiz Dep. Tr.] at 28:4–30:22 and Ex. 29 [Nathan-Pineau Dep. Tr.] at 20:4–25. Hearsay statements about what third-party grantee care facility staff stated to third-party legal service providers and/or legal service provider's colleagues. | Plaintiffs' question at the Oritz deposition did not lack foundation or misstate prior testimony.  It merely sought clarification from the witness regarding a previous statement. *See, e.g.,* Ex. 30 at 28:23-29:2 ("Q. Now, in your experience, what was the ability of AIJ lawyers to speak with case managers regarding the release of children at Homestead? A. Absolutely none.").<br><br>Ortiz and Nathan-Pineau's testimony is not hearsay.  The testimony is from sworn depositions and based on personal knowledge, therefore is not an out of court statement. Assuming *arguendo* these statements are out of court statements, they are statements of a party opponent—not a third-parties. |
| 239. | In practice, FFS exercise discretion to communicate or not with children's lawyers.<br><br>Ex. 24 [Heath Dep. Tr.] at 50:20–23, 86:13–15, 241:15–17; Ex. 38 [Treviño Dep. Tr.] at 95:21–23; | Relevance. Fed. R. Evid. 401. Cited evidence does not stand for Plaintiffs' asserted proposition concerning discretion. *See* Ex. 24 [Heath Dep. Tr.] at 51:11-14 (FFS consults with supervisor in communications and sometimes | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members.  The cited evidence provides examples of |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Ex. 25 [Husted Dep. Tr.] at 176:22–25; Ex. 35 [Smith Dep. Tr.] at 46:12– 47:3; Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–15 | responds to attorneys' messages; no mention of discretion); Ex. 25 [Husted Dep. Tr.] at 176:22–25 (in cases of transfer to staff secure, has not communicated with attorneys; no discussion of other contexts and no mention of discretion); Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–15 (no mention of discretion); Ex. 38 [Trevino Dep. Tr.] at 95:21–23 (Q. Do you communicate with attorneys for children? A. Yes."); Ex. 35 [Smith Dep. Tr.] at 45:21-24 ("Q. Okay. Do you communicate with attorneys for the children or the sponsors? A. I communicate with the Vera grantee attorneys here."). | testimony demonstrating that FFS do not speak to Class Members' attorneys or involve those attorneys in placement or release decisions. *See also* Response ¶ 239. |
| 240. | ORR leaves it up to facilities and clinicians to communicate or not with children's legal counsel.

Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 181:3–13; Ex. 17 [Cook Dep. Tr.] at 66:1–17 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' proposition. | This objection is without merit.

The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members while in custody. *See also* Response ¶ 240. |
| 242. | Case Managers sometimes allow children's counsel to submit affirmative evidence in support of release or non-restrictive placement and sometimes they do not. | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' proposition. Ex. 30 [Ortiz Dep. Tr.] at 31:11–21 (discussing lack of an official channel at the [now-closed] Homestead facility to facilitate | These objections are without merit.

The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members. The cited |

44

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9 | counsel sharing information about potential sponsors to case managers, not ability of counsel to submit evidence in support of non-restrictive placements), 140:2–9 (discussing a requirement of the former director of the [now-closed] Homestead influx facility regarding routing of emails; no discussion of not being allowed to submit evidence in support of release or non-restrictive placement). Further, the Homestead influx facility is now closed, *see Flores v. Barr*, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2 (noting that according to a stipulation between the parties in that case, ORR provided a "Declaration executed under penalty of perjury . . . dated August 14, 2019 . . . [which] declares in part that (1) as of July 3, 2019, ORR stopped placement of class members at Homestead, (2) as of the date of the declaration, no class members remained at Homestead and the facility was not accepting referrals . . . ."), so evidence about practices there is irrelevant to Plaintiffs' claims for prospective, injunctive relief. Moreover, Plaintiffs' only cited evidence on this point relates to Homestead, not standard, non- | evidence provides examples of attorneys who were unable to submit evidence to ORR about placements and potential sponsors. *See also* Response ¶ 242.<br><br>Ortiz's testimony is not hearsay. Her testimony is from a sworn deposition and based on her personal knowledge, and therefore it is not an out of court statement. Assuming *arguendo* her testimony is an out of court statement, it is a statement of a party opponent—not third-party facility staff. |

45

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | influx facilities that are currently open.<br><br>Hearsay. Fed. R. Evid. 802. Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9. Hearsay statements about what third-party facility staff stated to legal service providers and/or legal service provider's colleagues. | |
| 243. ORR does not permit children's lawyers to see a Case Coordinator's recommendation regarding a client's release.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 38:3–7 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' proposition; for instance, the evidence does not address what is *permitted*. Ex. 30 at 38:3-7 ("Q. And when those recommendations would go to the case coordinators, was AIJ ever provided a copy of the recommendation of the case coordinator with respect to release? A. No. Not to my knowledge.").<br><br>Foundation. Fed. R. Evid. 602. Lack of knowledge on the part of a single third-party legal service provider does not establish a policy or practice of not permitting a child's attorney to see the case coordinator recommendation. | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members. *See also* Response ¶ 243.<br><br>The cited evidence is sufficient to support Plaintiffs' statement of fact. Defendants' objection, moreover, is not a proper foundation objection—the objection is not directed at Plaintiffs' evidence, but at whether the cited evidence is sufficient to support Plaintiffs' statement of fact. |
| 244. FFS are under no obligation to receive evidence regarding a | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not | These objections are without merit. |

46

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| client's release or placement from children's legal counsel, and they rarely, if ever, do so.<br><br>Ex. 29 [Nathan-Pineau Dep. Tr.] at 18:1–7 | stand for Plaintiffs' propositions. *See* Ex. 29 [Nithya Nathan-Pineau Dep. Tr.] 18:1-7 ("Q. What kind of ability do you have to speak with Ms. David in order to advocate for your clients? A. We're able to communicate with her by email and phone, but we don't have any sort of regular types of meetings or opportunities for discussion.") As noted, the deponent testified that she is "able to communicate with [the FFS] by email and phone." The fact there are no "regular types of meetings or opportunities for discuss" does not establish that FFS rarely receive evidence of a child's placement, or that they are under no obligation to do so.<br><br>Unhelpful lay opinion. Fed. R. Evid. 701. The phrase "rarely, if ever" is a statement of opinion, not fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | The cited evidence is relevant to Plaintiffs' legal representation claims. *See also* Response ¶ 244.<br><br>The phrase "rarely, if ever" is not a lay opinion. It is a factual description reflecting the cited evidence. *See also* Response ¶ 244. |
| 245. | In practice, Class Members' legal representatives are sometimes permitted to provide information about potential custodians for | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' propositions; it never says a case manager does not allow evidence. See Ex. 30 [Ortiz | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that case |

47

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| their clients to Case Managers and sometimes they are not.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9 | Dep. Tr.] at 31:11-21 ("Q. Did Homestead permit AIJ lawyers to provide information about potential sponsors in the United States to case managers? A. I'm not sure if 'permit is the appropriate [word], simply because there was not a channel of communication to facilitate that."); see id at 140:2-9 (discussing emailing the program director too frequently; no mention of a prohibition on submitting evidence: "Q. So if I understand right, AIJ lawyers had her e-mail address -- had Ms. Wood's e-mail address and sent her e-mails, right? A. We were told that we were not to communicate with anyone, that everything had to go through her, that she was the only person who had reliable, accurate information. And then we were told that we sent too many e-mails.").<br><br>Relevance. Fed. R. Evid. 401. Moreover, the Homestead influx facility is now closed, see Flores v. Barr, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2 (noting that according to a stipulation between the parties in that case, ORR provided a "Declaration executed under penalty of perjury . . . dated August 14, 2019 . . . [which] | managers have discretion in determining what information from Class Members' legal representatives will be considered in making recommendations. *See also* Response ¶ 245. The testimony regarding the Homestead facility is also relevant because it informs ORR current practices.<br><br>Ortiz's testimony is not hearsay. Her testimony is from a sworn deposition and based on personal knowledge, and therefore is not an out of court statement. Assuming *arguendo* her testimony is an out of court statement, it is a statement of a party opponent—not a third-party. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | declares in part that (1) as of July 3, 2019, ORR stopped placement of class members at Homestead, (2) as of the date of the declaration, no class members remained at Homestead and the facility was not accepting referrals . . . . ."), so evidence about practices there is irrelevant to Plaintiffs' claims for prospective, injunctive relief. Moreover, Plaintiffs' only cited evidence on this point relates to Homestead, not standard, non-influx facilities that are currently open. Thus, the evidence is irrelevant.<br><br>Hearsay. Fed. R. Evid. 802. Ex. 30 [Ortiz Dep. Tr.] at 31:11–21, 140:2–9. Hearsay statements about what third-party facility staff stated to third-party legal service providers and/or legal service provider's colleagues. | |
| 246. | As a matter of policy and practice, ORR does not regularly provide children's legal representatives a copies [sic] of FFS decisions for or against releasing the legal representatives' clients to available custodians.<br><br>Ex. 30 [Ortiz Dep. Tr.] at 38:3–7 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' propositions that ORR does not regularly provide children's legal representatives copies of FFS decisions for or against releasing the legal representatives' clients to available custodians. *See* Ex. 30 [Ortiz Dep. Tr.] at 38:3-7 ("Q. And when those | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR does not provide sufficient information to Class Members' legal representatives. *See also* Response ¶ 246. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | recommendations would go to the case coordinators, was AIJ ever provided a copy of the recommendation of the case coordinator with respect to release? A. No. Not to my knowledge."). This quotation is about *case coordinator recommendations*, not FFS decisions. And the lack of knowledge on the part of a single third-party legal service provider does not establish a policy or practice of not permitting a child's attorney to see the FFS recommendation, particularly when the passage cited by Plaintiffs is not even about the subject of Plaintiffs' factual assertion 246.

Unhelpful lay opinion. Fed. R. Evid. 701. Moreover, the phrase "does not regularly" is a statement of opinion, not fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | The phrase "does not regularly" is not a lay opinion. This phrase is a factual description reflecting the cited evidence. *See also* Response ¶ 246. |
| 247. | If a child's counsel wishes to see the evidence and information ORR has for restrictive placement, she or he must | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' propositions. Indeed, Plaintiffs' cited deposition passage merely says the information | This objection is without merit.

The cited evidence is relevant to Plaintiffs' claim that ORR does not provide sufficient |

50

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | formally request a copy of the client's file.<br><br>Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 272:14–23 | will be shared with the lawyer when the lawyer asks for it; the cited passage does not mention a formal request for a case file, and regardless, does not say that a formal request for a case file is the only way to receive information ORR has for restrictive placement. Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 272:14–23 ("Q All right. So when is this information provided to the child's lawyer? A When the child's attorney asks for it. Q Is that -- will it be provided before the step up is actually effected? A So it says "on demand," so it will be provided on demand. If the -- in most instances step ups have to occur fairly quickly because there's an exigent circumstance requiring the placement quickly."). | information to Class Members' legal representatives. *See also* Response ¶ 247. |
| 249. | In practice, children's counsel may wait several weeks or months before ORR produces a client's file.<br><br>Ex. 29 [Nathan-Pineau Dep. Tr.] at 16:13–21; Ex. 30 [Ortiz Dep. Tr.] at 41:18–23 | Relevance, foundation. Fed. R. Evid. 401, 602. To the extent Plaintiffs imply a policy or practice, rather than simply some occasions, Plaintiffs' cited evidence from two third-party legal service providers does not lay a sufficient foundation for that assertion, nor does it stand for the proposition that there exists such a policy or practice—a burden Plaintiffs must carry for purposes of obtaining class-wide, injunctive | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR does not provide necessary information to Class Members' legal representatives in a timely manner. *See also* Response ¶ 249. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | relief. *See Henry v. Cty. of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997) (a government entity is liable only when "the unlawful actions of its employees or agents were taken pursuant to that defendant's policies or customs, including a policy of being deliberately indifferent to the rights of its inhabitants") (internal citations omitted); *see also Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905 (8th Cir. 1999) (to find municipality liable requires proof of constitutional violation pursuant to official policy or misconduct so pervasive among employees as to constitute custom or usage). | The cited evidence is sufficient to support Plaintiffs' statement of fact. Defendants' objection, moreover, is not a proper foundation objection—the objection is not directed at Plaintiffs' evidence, but at whether the cited evidence is sufficient to support Plaintiffs' statement of fact. |
| 254. | ORR does not disclose a child's psychological report to his or her legal representative before relying on it to step-up a child to a secure or psychiatric facility.<br><br>Ex. 13 [Biswas 30)(b)(6) Dep. Tr.] at 70:5–21 | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' propositions. Indeed, Ex. 13 [Biswas Rule 30(b)(6) Dep. Tr.] at 70:5–21, does not mention psychological reports, and does not say that psychological reports cannot be disclosed to a child's attorney before step-up occurs: "Q. Is there anything else, sitting here today, that you can think of that instructs case managers to advise attorneys of record or legal services providers of an upcoming 30-day restrictive placement | This objection is without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR does not provide sufficient information to Class Members' legal representatives. *See also* Response ¶ 254. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | review? A. At Section 1.4.2, we talk about what the basis is for stepping up or stepping down a child and share that information with the child's attorney of record or legal service provider on demand. Q. And you're referring to Section 1.4.2 – A. Yes. Q. -- in that response? All right, but is it fair to say that this information is provided to the youth's attorney of record following the 30-day restrictive placement case review? A. Yes."). | |
| 256. | ORR often wakes children in the middle of the night or early in the morning, sending them to psychiatric facilities, juvenile halls, and medium-secure facilities—*i.e.*, unlicensed facilities—without any prior notice or an opportunity to be heard.<br><br>Ex. 80 [Jaime D. Decl.] at ¶¶ 6–7; Ex. 81 [Lucas R. Decl.] at ¶ 5; Ex. 78 [Sirena P. Decl.] at ¶ 4 | Relevance. Fed. R. Evid. 401. Against the backdrop of thousands of children in ORR care every year, the few scattered examples cited by Plaintiffs do not stand for Plaintiffs' proposition that ORR wakes children at these times *often*. Ex. 80 [Jaime D. Decl.] at ¶¶ 6–7; Ex. 81 [Lucas R. Decl.] at ¶ 5; Ex. 78 [Sirena P. Decl.] at ¶ 4.<br><br>Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not support Plaintiffs' proposition that children are transferred to unlicensed facilities.<br><br>Unhelpful lay opinion. Fed. R. Evid. 701. Moreover, the phrase "often" is being used as a statement of | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' step-up claims, and specifically that Class Member, and their legal representatives, do not receive proper notice of step-up decisions prior to placement. *See also* Response ¶ 256.<br><br>The word "often" is not a lay opinion. It is a factual description reflecting the cited evidence. *See also* Response ¶ 256. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | opinion, not fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249. | |
| 257. | ORR has identified no reason for failing to advise Class Members' legal representatives that their clients are to be stepped up prior to transfer.<br><br>Ex. 35 [Smith Dep. Tr.] at 93:1–4; Ex. 9 [Deposition Transcript of Stephen Antkowiak ("Antkowiak Dep. Tr.")] at 159:10–160:4 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants: "When faced with a Rule 56 motion, a plaintiff bears the burden of proof to establish every fact regarding which he or she would bear the burden at trial." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 984 n.6 (C.D. Cal. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).<br><br>Relevance. Fed. R. Evid. 401. The allegation that ORR does not provide a reason for allegedly not advising class members' legal representatives prior to transfer is not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this | These objections are without merit.<br><br>Plaintiffs' statement of fact is not phrased to suggest Defendants have the burden of proof. Defendants' failure to identify any burden as to why they have not, or cannot, advise Class Members' legal representatives that their clients have been stepped up is relevant to Plaintiffs' claims.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. The cited evidence is also relevant to Plaintiffs' claim that ORR could provide additional due process protections to Class Members at little or no cost. *See also* Response ¶ 257. |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878 | |
| 260. | ORR has identified no burden that would result were Class Members' legal representatives to have access to Case Coordinators, which it has permitted in at least some instances in the past. Ex. 37 [Sualog Dep. Tr.] at 136:1–23; Ex. 29 [Nathan-Pineau Dep. Tr.] at 23:20–24:24 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants. *See Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323). *Sualog deposition*: Defendants objected at the deposition on grounds of speculation and mischaracterizing prior testimony. Defendants renew the same objections here. Fed. R. Evid. 602 (foundation). Ex. 37 [Sualog Dep. Tr.] at 136:1–23. *Nathan-Pineau deposition*: Relevance. Fed. R. Evid. 401. The passage cited by Plaintiffs does not stand for Plaintiffs' propositions. Indeed, that passage does not discuss legal representatives having access to Case Coordinators. See Ex. 29 [Nathan-Pineau Dep. Tr.] at 23:20–24:24 (discussing procedures for attorneys visiting Shenandoah; no discussion of whether attorneys | These objections are without merit. Plaintiffs' statement of fact is not phrased to suggest Defendants have the burden of proof. Defendants' failure to identify any burden to ORR that would result from Class Members' legal representatives having access to case coordinators is relevant to Plaintiffs' claims. There was proper foundation for the questions asked in the Sualog deposition. Examining counsel asked the witness questions within the witness's personal knowledge, based on the answers the witness had previously given. The questions did not require the witness to speculate on matters outside of her personal knowledge or mischaracterize her prior testimony. The testimony from the Nathan-Pineau deposition is relevant to |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | have access to case coordinators, and no discussion of whether granting such access would pose a burden). If by typographical error Plaintiffs intended to cite the Nathan-Pineau deposition beginning at Ex. 29 page 22, that page also does not stand for Plaintiffs' proposition concerning whether there is a burden on providing access to case coordinators. | Plaintiffs' claim that ORR could provide additional due process protections to Class Members at little or no cost. *See also* Response ¶ 260. |
| | | Defendants' arguments based on *King* and *Al Otro Lado* are unfounded. *See* Reply at 25. |
| | Relevance. Fed. R. Evid. 401. Further, access to case coordinators as a guaranteed written policy is not alleged in the First Amended Complaint or covered in the certified classes, so this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc.*, 423 F. Supp. 3d at 878. | |
| 261. | Children's legal counsel have no access to the persons who perform home studies of potential custodians, even though such home studies may be determinative in deciding whether ORR releases a child.<br><br>Ex. 37 [Sualog Dep. Tr.] at 210:24– 11:3; Ex. 30 [Ortiz Dep. | Relevance. Fed. R. Evid. 401. Plaintiffs' cited evidence does not stand for Plaintiffs' proposition. See Ex. 37 [Sualog Dep. Tr.] at 210:24–11:3; Ex. 30 [Ortiz Dep. Tr.] at 122:4–7; Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84:6; ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13. Defendants further object as follows. | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members. *See also* Response ¶ 261. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Tr.] at 122:4–7; Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84:6; ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13 | Relevance. Fed. R. Evid. 401. The passage from Ex. 30 [Ortiz Dep. Tr.] at 122:4-7 does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, that passage discusses whether counsel have access to *clinicians*. See Ex. 30 [Ortiz Dep. Tr.] at 122:4-7 ("Q. But today here you cannot recall any instance where an AIJ lawyer had a conversation with a clinician? A. No.").

Relevance. Fed. R. Evid. 401. The passage from Ex. 29 [Nathan-Pineau Dep. Tr.] does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, it demonstrates that attorneys are given information on home studies when they request it; nothing in the passage says attorneys are not given access to the person who performes the home study if the attorney so requests, nor does it say whether home studies are determinative of | |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | release. Ex. 29 [Nathan-Pineau Dep. Tr.] at 83:8–84. Relevance. Fed. R. Evid. 401. The passage from ECF No. 37-13 [Madelyn R. Decl.] ¶¶ 10–13 does not stand for the proposition that children's legal counsel have no access to the people who perform home studies (nor does it address whether home studies are determinative). Rather, that passage discusses Madelyn's experience with the person who performed the home study, and makes no mention of any purported inability of counsel to access that person, and further makes no mention of whether a home study is determinative of release. | |
| 264. | ORR's written policies do not guarantee the right to an interpreter. *See generally* Ex. 1 [ORR Policy Guide]; Ex. 53 [Edwards Expert Rep.] at 1341 | Relevance, best evidence. Fed. R. Evid. 401, 1002. The ORR Guide, which is the best evidence of its contents, cited by Plaintiffs, does not stand for Plaintiffs' proposition that ORR's written policies do not guarantee the right to an interpreter. Rule of optional completeness. Fed. R. Evid. 106. The following section should also be considered because it shows that interpreters are required: ORR Guide § 3.3.7 (provision of on-site staff or interpreters; allowing | These objections are without merit. The cited evidence is relevant to Plaintiffs' claim that ORR does not provide Class Members with proper notice of placement or release decisions. *See also* Response ¶ 264. The best evidence rule is not appropriate here. Plaintiffs cite directly to the ORR Policy |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | unaccompanied alien children to communicate in their preferred language; providing docuemnts in the child's preverred language; on-site staff or interprters or translation services). | Guide—there is no superior document.<br><br>The rule of completeness is not appropriate here.  Portions of statements to be admitted under the rule of completeness must be relevant, and they must explain or qualify the portion already admitted.  The additional statements offered by Defendants are not relevant, nor do they add additional context.  The ORR Guide section cited by Defendants does not guarantee the right to an interpreter, it only requires provision of "on-site staff or interpreters as needed." |
| 267. | In responding to Plaintiffs' Requests for Admission, Defendants failed to identify any state or local jurisdiction that denies children appointed counsel in proceedings to determine whether they may be detained, whether their parents are fit, whether they may be placed in secure juvenile detention facilities or psychiatric treatment centers, or whether they may be administered psychotropic medications. | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants. *See Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323). | This objection is without merit.<br><br>Plaintiffs' statement of fact is not phrased to suggest Defendants have the burden of proof.  Defendants' failure to identify any state or local jurisdiction that denies children appointed counsel in the enumerated proceedings is relevant to Plaintiffs' claims. |

59

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| Ex. 6 [RFA 2nd Set] Nos. 178–82 at 547-52 | | |
| 268.  ORR's policies and practices regarding the role of counsel in release, step-up, and step-down decisions require Class Members' legal representatives to devote more time and resources to piece together the reasons for clients' restrictive placement or continued detention than they otherwise would. This reduces the ability of children's lawyers to advocate for release or transfer to a less restrictive setting.  Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23 | Defendants objected at the deposition on grounds of vagueness. Defendants renew the same objection here. Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23. Regardless, Defendants further object as follows.  Relevance. Fed. R. Evid. 401. The passage from Ex. 29 [Ortiz Dep. Tr.] does not stand for Plaintiffs' proposition. *See* Ex. 30 [Ortiz Dep. Tr.] at 51:7–52:23 (testifying that an unspecied "it" not referenced within this passage "limited our ability to most efficiently distribute our resources," but not explaining what the "it" was that caused the alleged limitation; legal services provider did not have resources to represent every child at the [now-closed] Homestead influx facility and not every child needed representation; the sponsorship category of some unspecified subset of children at that facility was unclear; and an unspecified lack of information "reduced our ability to advocate for children who needed representation in the sense that we did not have the | These objections are without merit.  The questions asked at the Ortiz deposition were sufficient for the witness to understand the question and answer within her personal knowledge.  The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members while in custody. *See also* Response ¶ 268.  The testimony regarding the Homestead facility is also relevant because it informs ORR current practices.  Defendants' objections, moreover, are not proper relevance objections because they address the weight Plaintiffs' evidence should be given, not its overall relevance and admissibility. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | information that we needed to be equipped to properly advocate for their release or for transfer."). The passage cited by Plaintiffs does not clarify what the deponent believed was the cause of the limitations the deponent mentioned, and so the passage is not relevant to Plaintiffs assertion that the cause of these alleged limitations was ORR practices.<br><br>Relevance. Fed. R. Evid. 401. Further, the passage selected by Plaintiffs only refers to a single facility—the now-closed Homestead influx facility, *see Flores v. Barr*, Case No. 85-4544, ECF 676 (Sept. 18, 2019) at 2; this passage does not support but in fact counters Plaintiffs' suggestion there is a widespread policy or practice that the deponent found limiting at Homestead; the deponent explained that at the one facility she would need to "piece together the puzzle through the child and the sponsor, if possible, *rather than a quick exchange of information as we do with the other shelters*." Ex. 30 [Ortiz Dep. Tr.] at 51:23 to 51: 2 (emphasis supplied).<br>Rule of optional completeness. Fed. R. Evid. 106. The deponent later | |

237846104

| | Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|---|
| | | praises other facilities for "very close relationships" with "regular meetings," and "constant communication" "with the case managers of the permanent facilities." Ex. 30 [Ortiz Dep. Tr.] at 59:19-24. | |
| 269. | Apart from possibly delaying release, ORR has identified no governmental interest that would be adversely affected were FFS required to have regular communication with Class Members' legal representatives.<br><br>Ex. 37 [Sualog Dep. Tr.] at 136:24– 138:18 | Defendants object to proposed facts, such as this one, phrased to suggest that Defendants have the burden of proof. The burden of proving each and every one of Plaintiffs' facts and claims is on Plaintiffs, not Defendants: "When faced with a Rule 56 motion, a plaintiff bears the burden of proof to establish every fact regarding which he or she would bear the burden at trial." *Rogers*, 57 F. Supp. 2d at 984 n.6 (citing *Celotex*, 477 U.S. at 323).<br><br>Argumentative/unhelpful lay opinion. Fed. R. Evid. 701. This proposed fact is Plaintiffs' argument or lay opinion, not a fact. Relatedly, Defendants object to the extent Plaintiffs' characterizations are not supported by admissible evidence. *See generally Mack Trucks, Inc.*, 505 F.2d at 1249.<br><br>Defendants objected at the deposition on grounds of form, | These objections are without merit.<br><br>Plaintiffs' statement of fact is not phrased to suggest Defendants have the burden of proof. Defendants' failure to identify any government interest that would be adversely affected if FFS were required to have regular communication with legal representatives is relevant to Plaintiffs' claims.<br><br>Plaintiffs' statement of fact is not argumentative nor is it a lay opinion. It is a description reflecting the cited evidence. *See also* Response ¶ 269.<br><br>The objections made at Sualog's depositions should be overruled. Examining counsel asked the witness questions within her personal knowledge, based on the answers she had previously |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | incomplete hypothetical, and mischaracterizing prior testimony. Defendants renew the same objections here. Ex. 37 [Sualog Dep. Tr.] at 136:24–38:18. Regardless, Defendants further object as follows.<br><br>Relevance. Fed. R. 401. Ms. Sualog appeared for this deposition in her capacity as an ORR employee, not as a Fed. R. Civ. P. 30(b)(6) witness, so her statements do not necessarily speak for ORR under that rule. Indeed, as Ms. Sualog explained, she was not able to speak authoritatively on these subjects: "I don't know enough about the process to tell you that there's any adverse impact." Ex. 37 [Sualog Dep. Tr.] at 138:16-18. Her testimony excerpted by Plaintiffs therefore does not make Plaintiffs' proposed fact 269 "more or less probable than it would be without" her testimony on this point. *See* Fed. R. Evid. 401.<br><br>Relevance. Fed. R. Evid. 401. Requiring FFS to have regular communications with class members' counsel is not alleged in the First Amended Complaint or covered in the certified classes, so | given. The questions did not require her to speculate on matters outside of her personal knowledge or mischaracterize her prior testimony. The form was also appropriate.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR could provide additional due process protections at little or no cost. *See also* Response ¶ 269. Defendants' objections, moreover, are not proper relevance objections because they address the weight Plaintiffs' evidence should be given, not its overall relevance and admissibility.<br><br>Defendants' arguments based on *King* and *Al Otro Lado* are unfounded.  *See* Reply at 25. |

63

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | this allegation and any evidence when offered in support of it are irrelevant to this cause of action. *See King*, 814 F.2d at 567; *see also Al Otro Lado, Inc*., 423 F. Supp. 3d at 878. | |
| 270. ORR has not promulgated a regulation nor issued any formal interpretation of "legal proceedings or matters" as that phrase is used in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5).<br><br>Ex. 13 [Biswas 30(B)(6) Dep. Tr.] at 398:3–399:4; Ex. 37 [Sualog Dep. Tr.] at 114:4–9 | Relevance. Fed. R. Evid. 401. The passage from Ex. 13 [Biswas 30(b)(6) Dep. Tr.] at 398:3–399:4 does not stand for the proposition that ORR has not promulgated a regulation nor issued any formal interpretation of "legal proceedings or matters" as that phrase is used in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5). *See* Ex. 13 [Biswas Rule 30(B)(6) Dep. Tr.] at 398:3–399:4 (stating that ORR interprets "legal matter or proceeding" to mean "immigration proceedings that the child is in, such as a removal proceeding"; and aside from noting that this understanding "underlying basis of our legal service contract and the services we provide under that contract" with Vera, questions and answers did not address whether ORR has promulgated a regulation or issued a formal interpretation of the phrase). | These objections are without merit.<br><br>The cited evidence is relevant to Plaintiffs' claim that ORR limits the ability of counsel to serve Class Members. *See also* Response ¶ 270.  Defendants' objections, moreover, are not proper relevance objections because they address the weight Plaintiffs' evidence should be given, not its overall relevance and admissibility.<br><br>The rule of completeness is not appropriate here.  Portions of statements to be admitted under the rule of completeness must be relevant, and they must explain or qualify the portion already admitted.  The additional statements offered by Defendants are not relevant, nor do they add additional context.  The fact that Sualog is not familiar with the requirements |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | Relevance. Fed. R. Evid. 401. As to the cited passage from Ms. Sualog's deposition, this passage does not address whether ORR promulgated a regulation or issued any formal interpretation of "legal proceedings or matters." Instead, it reflects her lack of memory: "Q. So you've never seen a memorandum or anything in writing in which ORR has interpreted what legal matter, matters or proceedings are? I don't recall looking at such a Document." Ex. 37 [Sualog Dep. Tr.] at 114:4–9.<br><br>Rule of optional completeness. Fed. R. Evid. 106. The following passage should also be considered because Ms. Sualog confirmed that her familiarity with the TVPRA is not thorough enough to address what the "legal matters and proceedings" phrase means: DX-83 [Sualog Dep. Tr.] at 113:20 to 114:3 ("Q. You're aware that the Trafficking Victims Protection Act requires HHS to do everything practicable to ensure that children in its custody or who have been in its custody are assisted by counsel in legal matters and proceedings. Is that fair to say? A. I will admit that I -- my knowledge, exact knowledge of what the | for legal counsel under the TVPRA, does not affect her testimony regarding whether she has seen an ORR regulation or interpretation regarding what constitutes legal matters or proceedings. |

237846104

| Plaintiffs' Uncontroverted Facts and Supporting Evidence | Defendants' Objection(s) | Plaintiffs' Responses to Defendants' Objections |
|---|---|---|
| | TVPRA is not as thorough as that."). | |

66

237846104

## II.   PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

In addition to Plaintiffs' Objections to Defendants' Evidence, ECF No. 289-1, Plaintiffs submit the following specific objections to the evidence Defendants cited in support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment.  To the extent Defendants cite to evidence in their Opposition materials to which Plaintiffs previously objected, Plaintiffs incorporate their prior objections by reference against these citations.

Further, in addition to the specific objections propounded below, Plaintiffs object to the extent Defendants' exhibits violate Local Rule 11-3.3, which states that "[a]ll documents shall be numbered consecutively at the bottom of every page." Defendants' violation of Local Rule 11-3.3 adds unwarranted confusion and unnecessarily increases the burden of reviewing their evidence without proper pagination.  Plaintiffs further generally object that Defendants mischaracterize the source and content of many documents they submit.

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 1. | Shieh Decl., DX-02 at 72:15-17[3]<br><br>(30(b)(6) Deposition of Toby Biswas) | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants' DX-02 does not contain this section of the Biswas 30(b)(6) deposition. Any reliance on this evidence lacks foundation. *See* Response ¶ 158. | Sustained: __<br>Overruled: __ |

---

[3] All citations to "Shieh Decl." refer to those Exhibits attached to the Declaration of W. Daniel Shieh in Support of Defendants' Motion for Summary Judgment (ECF No. 263-3).

PLAINTIFFS' RESPONSES TO OBJECTIONS TO EVIDENCE AND OBJECTIONS TO OPPOSITION
CASE NO. 2:18-CV-05741 DMG PLA

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 2. | Shieh Decl., DX-09 ¶ 22 <br><br> (Declaration of Stephen M. Antkowiak) <br><br> ("The care provider staff document the basis for continued placement in a secure, staff-secure, or RTC facility in the UAC's case file and provides the information to the youth's attorney of record, legal service provider, or Child Advocate, on demand.") | **Foundation/Personal Knowledge – FRE 602** <br><br> The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to establish the truth of those assertions. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1024 (N.D. Cal. 2006). | Sustained: __ <br> Overruled: __ |
| 3. | Shieh Decl., DX-09 ¶ 51 <br><br> (Declaration of Stephen M. Antkowiak) <br><br> ("I understand that Plaintiffs advocate for some sort of trial-like administrative hearing if an applicant sponsor has submitted what they refer to as a complete family reunification application and a certain amount of time has passed. In my view, there would be several public harms or costs associated with such a | **Foundation/Personal Knowledge/Speculation – FRE 602** <br><br> The declarant claims to have knowledge, but there is an insufficient factual foundation to show that he has personal knowledge of these events.  The declarant thereby only makes conclusory statements without support. A declarant's mere assertion of personal knowledge, without additional evidence, is insufficient to | Sustained: __ <br> Overruled: __ |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | process.") | establish the truth of those assertions. *Boyd*, 458 F. Supp. 2d at 1024.  Moreover, the declarant's belief that "there would be several public harms or costs associated with such a process" is speculative.<br><br>**Unhelpful Lay Opinion – FRE 701**<br><br>The declarant's statement that "[i]n my view, there would be several public harms or costs associated with such a Process" is an unhelpful lay opinion.  The declarant has not been offered as an expert witness and his personal knowledge cannot speak to the public harms associated with additional due process protections. | |
| 4. | Shieh Decl., DX-10 ¶ 60<br><br>(Declaration of Toby Biswas)<br><br>("There have been six PRP requests filed by UACs (all of whom were in secure juvenile detention) through September 11, 2020. In two of the cases, the minor was stepped down prior | **Violation of FRCP 26(e); Failure to Comply with Disclosure and Discovery Response Obligations**<br><br>Plaintiffs object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a Placement Review Panel ("PRP") program, *see* ECF | Sustained: __<br>Overruled: __ |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | to a panel review. In two cases, the minors did not continue to pursue review. In two cases the minor had a PRP hearing - and in both such cases, the minor was stepped down after panel review.") | 263-2 ¶¶ 67-74; *see also* ECF 283-1 ¶¶ 204, 213, 215-16, 225, 251, because Defendants failed to produce any information relating to this PRP pilot program during discovery, despite their clear obligation to do so under Rule 26(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(e) ("A party must who has made a disclosure under Rule 26(a)-- or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."). Plaintiffs' discovery requests clearly obligated Defendants to supplement discovery with documents and information regarding this PRP pilot program, yet they failed to do so. *See* Pls.' Request for Production 48 ("Please produce for inspection and copying all | |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | DOCUMENTS stating and/or discussing ORR POLICIES AND PRACTICES RELATING TO STEP UP or STEP DOWN of CLASS MEMBERS"); Pls.' Requests for Admission 105 ("Admit that, as a matter of POLICY and PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision that the CLASS MEMBER should be STEPPED UP"); 114 ("Admit that, as a matter of POLICY and PRACTICE, ORR allows CLASS MEMBERS no opportunity to present witnesses or evidence in determining whether to STEP DOWN the CLASS MEMBER"); 120 ("Admit that, as a matter of POLICY and PRACTICE, ORR does not provide CLASS MEMBERS the right to appeal administratively from a decision refusing to STEP DOWN the CLASS MEMBER").  Defendants should not be permitted to admit or rely on evidence withheld in violation of Rule 26 and their discovery obligations.<br><br>**Relevance – FRE 401, 402** | |

71

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | Plaintiffs further object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a PRP program because the PRP program is not relevant and its existence is not "of consequence in determining the action." FRE 401.  The PRP program is voluntary and is described as a "pilot program" by Defendants.  *See* DX-10 ¶ 59.  Given that it is not a permanent change, not available to all youth, and may be changed at any time based on Defendants' preference, the existence of the PRP program is not relevant.  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations omitted); *see also Bell v. City of Boise*, 709 F.3d 890, 899-901 (9th Cir. | |

72

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | 2013) (internal policy change did not moot case because it is not a formal legislative enactment and "could be easily abandoned or altered in the future" by Chief of Police); *cf. White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (HUD memorandum that had been renewed on a yearly basis rendered case moot because it "represents a permanent change in the way HUD conducts FHA investigations, not a temporary policy that the agency will refute once this litigation has concluded"). **Prejudice – FRE 403** Plaintiffs also object to Defendants' repeated citation to Toby Biswas's Declaration for propositions relating to a PRP program because the PRP program is neither in ORR's Policy Guide nor the ORR Manual of Procedures ("MAP"). Indeed there is no reference to a PRP program or a process by which a UAC and/or his attorney can request a *hearing* concerning continued placement at an | |

73

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | RTC or secure facility.  *See* ORR Policy Guide; ORR MAP § 1.  As noted above, Defendants also failed to supplement their discovery to provide information or documents relating to the PRP program, even though they were obligated to do so.  Introduction would therefore be unduly prejudicial.  *See Hagan v. California Forensic Med. Grp.*, 2009 WL 689740, at *2 (E.D. Cal. Mar. 5, 2009). | |
| 5. | Shieh Decl., DX-16 at 177:5-8; 177:13-17<br><br>(Deposition of "*Carina Contreras*") | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants cite to "DX-16 [Contreras Dep.] 177:5-8."  *See* ECF No. 283-1 ¶ 54.  DX-16 contains excerpts from the deposition of James De La Cruz.  Even if Defendants intended to cite to Plaintiffs' Ex. 16, which are excerpts from the deposition of Carina Contreras, Plaintiffs' Ex. 16 does not contain these excerpts.  Any reliance on this evidence lacks foundation. | Sustained: __<br>Overruled: __ |
| 6. | Shieh Decl., DX-22 at 73:20-74:8 | **Foundation – FRE 602** | Sustained: __ |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | (Deposition of "*Marvic Fields*") | **Confusion – FRE 403**<br><br>Defendants cite to "DX-22 [Fields Dep.] 73:20-74:8." *See* ECF No. 283-1 ¶ 44. DX-22 contains excerpts from the deposition of Carina Contreras.  Even if Defendants intended to cite to Plaintiffs' Ex. 22, which are excerpts from the deposition of Marvic Fields, Plaintiffs' Ex. 22 does not contain these excerpts. Any reliance on this evidence lacks foundation. | Overruled: __ |
| 7. | Shieh Decl., DX-24 at 238:25-239:15<br><br>(Deposition of "Yesenia Heath") | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants cite to "DX-24 [Heath Dep.] 238:25-239." *See* ECF No. 283-1 ¶ 44. Defendants' DX-24 does not contain these excerpts. | Sustained: __<br>Overruled: __ |
| 8. | Ross Decl.[4], DX-35, Addendum 5<br><br>(Expert Report of Roy Lubit) | **Best Evidence Rule – FRE 1002** | Sustained: __<br>Overruled: __ |

[4] All citations to "Ross Decl." refer to those Exhibits attached to the Declaration of Jonathon K. Ross in Support of Defendants' Application for Leave to File Under Seal. (ECF No. 265).

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | Defendants offer Dr. Lubit's analysis of the UAC case files, not the actual case files.  The best evidence rule requires Defendants to cite to the case files themselves. | |
| 9. | Ross Decl., DX-41 ¶¶ 8, 30, 35 (Declaration of James De La Cruz Regarding Class Member Lucas R.) | **Foundation – FRE 602 Confusion – FRE 403** Defendants cite to "DX-41 [De La Cruz LR Decl.] ¶¶ 8, 30, 35" to support the proposition that "[b]efore a child is stepped up, the case manager will have met with the child, often repeatedly, to discuss the child's placement and reunification efforts, and it is during that time that the child would provide information regarding step-up." *See* ECF No. 283-1 ¶ 197  None of these paragraphs from De La Cruz declaration relate to step-ups.  Any reliance on this evidence lacks foundation. | Sustained: __ Overruled: __ |
| 10. | Ross Decl., DX-52 ¶ 69. | **Hearsay – FRE 801** | Sustained: __ Overruled: __ |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | (Decl. of Micaela Vegara Regarding Class Member Gabriela N.)<br><br>(" █████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ████████ ) | The declarant cites to statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "at times children found their mental health symptoms so distressing that they requested PRN medications to alleviate them or asked for an increased dosage of a prescribed medication." *See* ECF No. 283-1 ¶ 133. | |
| 11. | Ross Decl., DX-52 ¶ 86.<br><br>(Decl. of Micaela Vegara Regarding Class Member Gabriela N.) | **Hearsay – FRE 801**<br><br>The declarant cites to multiple statements that are hearsay within hearsay offered to prove the truth of the matter asserted that there were "many concerns expressed by [a] home study worker concerning Gabriela N.'s grandfather ability to case for her)." *See* ECF No. 283-1 ¶ 156. | Sustained: __<br>Overruled: __ |
| 12. | Shieh Opp. Decl.[5], DX-63 at 132:1-7 (Deposition of Ryan Matlow) | **Foundation – FRE 602** | Sustained: __<br>Overruled: __ |

---

[5] All citations to "Shieh Opp. Decl." refer to those Exhibits attached to the Declaration of W. Daniel Shieh in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 283-3).

PLAINTIFFS' RESPONSES TO OBJECTIONS TO EVIDENCE AND OBJECTIONS TO OPPOSITION
CASE NO. 2:18-CV-05741 DMG PLA

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | ("... . peer-reviewed study conducted on the impacts of detention in ORR custody, it is our expert opinion that the findings on institutional care would apply.") | Defendants' DX-63 excerpt begins in the middle of sentence.  There is no foundation for the out-of-context statement Defendants cite.  Without additional context it cannot support Defendants' proposition that "Plaintiffs' cited experts concede that their opinions are not based on 'a peer-reviewed study conducted on the impacts of detention in ORR custody.'"  *See* ECF No. 283-1 ¶ 3. | |
| 13. | Shieh Opp. Decl., DX-64, p. 14 n. 9<br><br>("*Dr. Londino*" Expert Rebuttal Report) | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants cite to "DX-64 [Dr. Londino Expert Rebuttal Rep.], p. 14 n. 9."  *See* ECF No. 283-1 ¶ 133.  Defendants' DX-64 is the expert rebuttal report of Dr. Ilze Earner, which is only seven (7) pages long, and the Londino expert rebuttal report is not among Defendants' exhibits.  Any reliance on this evidence lacks foundation. | Sustained: __<br>Overruled: __ |

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 14. | Shieh Opp. Decl., DX-67 at 54:25-55:4-7; 435:19-436:18, and 444:16-446:12<br><br>(Toby Biswas 30(b)(6) Deposition) | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants cite these sections of DX-67. *See* ECF No. 283-1 ¶¶ 178, 197, 225. Defendants' DX-67 does not contain these excerpts.  Any reliance on this evidence lacks foundation. | Sustained: __<br>Overruled: __ |
| 15. | Shieh Opp. Decl., DX. 68 at 101:24-102:4<br><br>(Deposition of Jallyn Sualog)<br><br>("ORR may have policies and procedures regarding ensuring that case managers or facilities update, update attorneys and in my experience attorneys and case managers who have been on site visits in the past interacting in the facility.") | **Personal Knowledge/Speculation – FRE 602**<br><br>Defendants cite this statement in support of the proposition that "[t]he ORR Guide's requirement that case managers inform 'other stakeholders of the progress of a child's case' includes a UAC's attorney of record, and this requirement is mandatory."  *See* ECF No. 283-1 ¶ 236. The deponent, however, is openly speculating as to whether ORR has policies and procedures requiring case managers and care providers to engage with Class Members' attorneys. | Sustained: __<br>Overruled: __ |
| 16. | Shieh Opp. Decl., DX-69 at 134:14-18 | **Foundation – FRE 602** | Sustained: __ |

79

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | (Deposition of Dr. Ilze Earner)<br><br>("You can look at that in child welfare. In child welfare, every child is appointed an attorney, and the average length of stay in child welfare, in congregate care, out-of-home care is quite extensive.") | **Confusion – FRE 403**<br><br>Defendants cite attribute this quote to DX-69 at 134:14-18.  *See* ECF No. 283-1 ¶ 92.  This quote does not appear anywhere in DX-69.  Any reliance on this evidence lacks foundation. | Overruled: __ |
| 17. | Shieh Opp. Decl., DX-79 at 257:21-23<br><br>(Deposition of Dr. Javier Ruiz)<br><br>("Well, it's our code that patients have to be in the least restrictive environment possible, and we try to fulfill that.") | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants attribute this statement to DX-79.  *See* ECF No. 283-1 ¶ 116.  Defendants' DX-79 does not contain the excerpt containing this statement.  Any reliance on this evidence lacks foundation. | Sustained: __<br>Overruled: __ |
| 18. | Shieh Opp. Decl., DX-83 at 3<br><br>(Case File Excerpts)<br><br>( ███████████████████████ | **Hearsay – FRE 801**<br><br>Defendants cite to statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "case files records do not show that the declarant UACs were compelled to take | Sustained: __<br>Overruled: __ |

80

237846104

| | **Objectionable Material** | **Grounds for Objection** | **Ruling on Objection** |
|---|---|---|---|
| | ███████████████████████ ) | psychotropic medications against their will." *See* ECF No. 283-1 ¶ 133. | |
| 19. | Shieh Opp. Decl., DX-83 at 40-42 (██████████████████████ ████████████████ ) (███████████████████████ ██████████ (Case File Excerpts) | **Hearsay – FRE 801** Defendants cite to statements that are hearsay with hearsay offered to prove the truth of the matter asserted that "case files records do not show that the declarant UACs were compelled to take psychotropic medications against their will." *See* ECF No. 283-1 ¶ 133. | Sustained: __ Overruled: __ |
| 20. | Shieh Opp. Decl., DX-84 at 43-45 (Case File Excerpts) (███████████████████████ █████████████████████████ █████████████████████████ ████████ ) | **Hearsay – FRE 801** Defendants cite to statements that are hearsay with hearsay offered to prove the truth of the matter asserted that "at times children found their mental health symptoms so distressing that they requested PRN medications to alleviate them or asked for an increased dosage of a prescribed medication." *See* ECF No. 283-1 ¶ 133. | Sustained: __ Overruled: __ |
| 21. | Shieh Opp. Decl., DX-84 at 46 | **Hearsay – FRE 801** | Sustained: __ |

81

237846104

| | Objectionable Material | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | (Case File Excerpts)<br><br>( ██████████████████████████ ) | Defendants cite to statements that are hearsay with hearsay offered to prove the truth of the matter asserted that "at times children found their mental health symptoms so distressing that they requested PRN medications to alleviate them or asked for an increased dosage of a prescribed medication." *See* ECF No. 283-1 ¶ 133. Also offered to prove the truth of the matter asserted that "case file records do not support UACs' allegations that they or other children were 'forced' to take psychotropic medications at Shiloh." *See* ECF No. 283-1 ¶ 134. | Overruled: __ |
| 22. | Shieh Opp. Decl., DX-84 at 130-136<br><br>(Case File Excerpts)<br><br>( ████████████████ ) | **Foundation – FRE 602**<br>**Confusion – FRE 403**<br><br>Defendants attribute this statement to DX-84. *See* ECF No. 283-1 ¶ 133. Defendants' DX-84 does not contain this statement. *See* DX-84 at 130 ( ████████ ██████████████████████ ) | Sustained: __<br>Overruled: __ |

237846104

| | **Objectionable Material** | **Grounds for Objection** | **Ruling on Objection** |
|---|---|---|---|
| | | ██████████████ ); *Id.* at 132 (same). Any reliance on this evidence lacks foundation. | |
| 23. | Shieh Opp. Decl., DX-84 at 264-91 (Case File Excerpts) (█████████████████████████ | **Hearsay – FRE 801** Defendants cite to statements that are hearsay within hearsay offered to prove the truth of the matter asserted that "the completed home studies revealed significant concerns about the potential sponsor's capability to care for the child's physical and mental well-being as is required by the TVPRA." *See* ECF No. 283-1 ¶ 156. | Sustained: __ Overruled: __ |

83

237846104

1

2   Dated: November 20, 2020                    COOLEY LLP

3

4                                               /s/ *Summer J. Wynn*
                                                Summer J. Wynn (240005)
5                                               Attorneys for Plaintiffs
                                                Email: swynn@cooley.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

84

PLAINTIFFS' RESPONSES TO OBJECTIONS TO
EVIDENCE AND OBJECTIONS TO REPLY
CASE NO. 2:18-CV-05741 DMG PLA

237846104 v5