1　CENTER FOR HUMAN RIGHTS
　　& CONSTITUTIONAL LAW
2　CARLOS R. HOLGUIN (90754)
　　256 South Occidental Boulevard
3　Los Angeles, CA 90057
　　Telephone: (213) 388-8693
4　Email: crholguin@centerforhumanrights.email

5　*Attorneys for Plaintiffs*

6　*Additional counsel listed on following pages*

7

8　　　　　　UNITED STATES DISTRICT COURT

9　　　　　CENTRAL DISTRICT OF CALIFORNIA

10　　　　　　　　WESTERN DIVISION

11

| | |
|---|---|
| 12　LUCAS R., et al., | Case No.  2:18-CV-05741 DMG PLA |
| 13　　　　　Plaintiffs, | **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS TO THEIR SUPPLEMENTAL SUBMISSION** |
| 14　　　　v. | |
| 15　ALEX AZAR, et al., | [Filed concurrently with (1) Declaration of Michael J. McMahon In Support of Plaintiffs' Application For Leave to File Under Seal Exhibits to Plaintiffs' Supplemental Submission, and (2) [Proposed] Order re Plaintiffs' Application For Leave to File Under Seal Exhibits to Plaintiffs' Supplemental Submission] |
| 16　　　　　Defendants. | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Complaint Filed: June 29, 2018 |
| 22 | Judge: Hon. Dolly M. Gee |

23

24

25

26

27

28

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu
        dofelt@ucdavis.edu
        jmulligan@ucdavis.edu
        mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM *(ADMITTED PRO HAC VICE)*
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email:  bshum@youthlaw.org
        cadams@youthlaw.org

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

1  COOLEY LLP
2  SUMMER J. WYNN (240005)
   MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
3  REBECCA L. TARNEJA (293461)
   ALEXANDRA R. MAYHUGH (300446)
4  JAYME B. STATEN (317034)
   1333 2nd Street, Suite 400
5  Santa Monica, CA  90401
   Telephone: (310) 883-6400
6  Facsimile:  (310) 883-6500
   Email:  swynn@cooley.com
7          mmcmahon@cooley.com
           rtarneja@cooley.com
8          amayhugh@cooley.com
           jstaten@cooley.com
9  *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

On December 22, 2020, upon hearing from the Parties on their cross-motions for summary judgment, the Court ordered Plaintiffs to file a supplemental submission describing any incidents where a stepped-up minor was incorrectly found to be a danger to self or others that occurred after the Court's Order in *Flores v. Sessions*, No. CV 85-4544-DMG (AGRx), 2018 WL 10162328 (C.D. Cal. July 30, 2018).  (Dkt. 320.) Pursuant to Federal Rule of Civil Procedure 5.2; Local Rules 5.2-1 & 5.2.2, and 79-5.2.2(a) & (b); and Paragraphs 5 & 10 of the Stipulated Protective Order (the "Protective Order") (ECF No. 158), Plaintiffs and Class Members submit this Application For Leave to File Under Seal Exhibits to Their Supplemental Submission (the "Application"). Plaintiffs' Application consists of two requests:

*First*, Plaintiffs seek leave to seal documents containing Plaintiff Class Members' and sponsors' personal information. Plaintiffs seek leave to file wholly under seal Exhibits 205–207 and Exhibits 211–212. These Exhibits are documents contained in and/or constituting minor Plaintiffs' case files maintained by the Office of Refugee Resettlement ("ORR"). (*See* Declaration of Michael J. McMahon ("McMahon Decl.") ¶¶ 5–6.)

*Second*, at Defendants' request, Plaintiffs move to seal the personal identifying information of non-supervisory ORR employees designated by Defendants as "Confidential Personal Information" under Paragraph 5 of the Protective Order. While Plaintiffs have agreed to redact this information pursuant to the Protective Order, Plaintiffs take no position as to whether compelling reasons exist to seal this information. (McMahon Decl. ¶¶ 9–10.)

## II.   STATEMENT OF FACTS

On January 4 and 5, 2021, Plaintiffs identified and conferred with Defendants regarding documents that Plaintiffs proposed to file under seal in connection with Plaintiffs' Supplemental Submission. (McMahon Decl. ¶¶ 2, 4.) Defendants did not oppose Plaintiffs' proposal and agreed that no further meet and confer was necessary.

Cooley LLP
Attorneys At Law
Los Angeles

1

Plaintiffs' Application for
Leave to File Under Seal
Case No. 2:18-cv-05741 DMG PLA

(McMahon Decl. ¶ 3.)

## III.   LEGAL STANDARD

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption "applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and significant public events.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *see also Hiramanek v. Clark*, 2016 WL 11033964, at *1 (N.D. Cal. July 5, 2016) (treating motions to seal "supplemental briefing" related to summary judgment as dispositive pleadings). Thus, a party must show compelling reasons[1] to seal a dispositive motion or the attachments thereto. *Foltz*, 331 F.3d at 1136.

## IV.   ARGUMENT

### A.   Plaintiffs Request the Court Seal Highly Sensitive Personal Information Concerning Minor Plaintiffs.

#### 1.   There are compelling reasons to seal the information that Plaintiffs seek to protect from public disclosure.

Plaintiffs seek to file wholly under seal material reflecting Class Members' and their sponsors' personal identifying information and sensitive information, and Class

---

[1] The Protective Order in this action requires only that Plaintiffs show "good cause" to file "Confidential Personal Information" under seal. (Protective Order ¶ 10.) Because there are compelling reasons to seal Plaintiffs' designated material, *see* Section IV.A.1, *infra*, Plaintiffs have also demonstrated good cause should the Court apply that less burdensome standard.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

Members' ORR case files that constitute juvenile and medical records. Among other things, this material discloses the true names and identities of minor Plaintiffs—for whom the Court has already permitted the use of pseudonyms (*see* ECF. No. 95-1)—as well as the true names of Plaintiffs' adult sponsors. In combination with other filings in this matter, the documents would reveal highly personal information about Plaintiffs and result in significant harm. Plaintiffs therefore request the Court seal these documents, in whole or in part, for at least the following four reasons.

*First*, the materials filed in this matter—which could be connected to Plaintiffs if the Exhibits are not sealed—address a myriad of highly sensitive and personal matters, including the private health information and treatment of minor Plaintiffs. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest). The sensitive subject matter at-issue pertains to the privacy of minors. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs. Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing."). For this reason, Plaintiffs' sponsors' and/or proposed sponsors' identifying information must also be protected, as the identification of a sponsor could easily result in the identification of a minor Class Member. *See Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *1 (N.D. Cal. Aug. 7, 2012) (sealing "confidential information that would reasonably lead to the minor's identity")

*Second*, the Exhibits indirectly implicate the details of Plaintiffs' immigration detention and asylum claims. Federal law and policy maintain personally identifying

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

information related to such matters as confidential, particularly for minors in ORR's custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

**Third**, the Exhibits Plaintiffs seek to file under seal concern the personal identifying information of sponsors that implicates those individuals' rights to privacy, including information required to be redacted under Federal Rule of Civil Procedure 5.2. *See* Fed. R. Civ. P. 5.2(a); *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCx), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) (finding compelling reasons to seal "personal identifying information and medical records that are not put at issue by this action.").

**Finally**, many of the Exhibits are documents from minors' case files, such that they are juvenile records "not to be included in the public case file." Local Rule 5.2-2.2(5). As such, Plaintiffs seek to file these Exhibits entirely under seal. To be sure, this Court has previously found compelling reasons to seal such material in this case. (*See, e.g.*, ECF Nos. 275, 293, 306.)

### 2.   Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek a limited sealing order that permits them to file juvenile and medical records from ORR's case files and other documents containing minor and sponsor identities wholly under seal to protect minor Class Members and their sponsors. Other relevant information important to Plaintiffs' presentation of the issues will still be accessible in the public record, as will the Court's resolution of these matters. Accordingly, Plaintiffs' sealing requests are the least restrictive method of ensuring Plaintiffs' privacy while permitting public access to the maximum amount of information.

### B.   Plaintiffs Move to Seal Defendants' Designated Material Pursuant to the Protective Order.

At Defendants' request, Plaintiffs also move to seal information that Defendants

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA

1   have designated as "Confidential Personal Information" under the Protective Order.

2   "Confidential Personal Information" includes, *inter alia*, "personally identifiable

3   information . . . of . . . non-supervisory federal and non-federal employees, including

4   names and contact information . . . ." (Protective Order ¶ 5.) Because Plaintiffs intend

5   to submit information Defendants have designated as Confidential Personal Information

6   in support of Plaintiffs' Supplemental Submission, Plaintiffs are required to file this

7   information "in accordance with Local Rule 79-5." (*Id.* ¶ 10.)

8   Defendants assert that the Exhibits identified in Paragraph 10 of the McMahon

9   Declaration reflect the Confidential Personal Information of non-supervisory federal

10   employees. (McMahon Decl. ¶¶ 9–10.)[2] Although Plaintiffs move to seal in part this

11   material, as they are required to do by the Protective Order, Plaintiffs take no position

12   as to whether this material meets the "compelling reasons"[3] standard applicable here.

13   **RELIEF REQUESTED**

14   For the foregoing reasons and those set out in the accompanying Declaration of

15   Michael J. McMahon in Support of Plaintiffs' Application for Leave to File Under Seal

16   Exhibits In Support of Their Supplemental Submission, Plaintiffs request leave to file

17   copies of their unredacted Exhibits under seal. A Proposed Order granting that relief is

18   submitted herewith.

19   Dated:  January 8, 2021                    COOLEY LLP

20

21                                             By: */s/ Summer J. Wynn*
                                                   Summer J. Wynn (240005)
22                                                 Attorneys for Plaintiffs
                                                   Email:  swynn@cooley.com
23

24   _____

25   [2] Defendants' proposed redactions are indicated by red highlighting.  Other black
     markings on the Exhibits appear on the original versions of the documents as Plaintiffs
26   received them from Defendants.

27   [3] Paragraph 10 of the Protective Order requires only that "good cause must be shown in
     the request to file under seal." Plaintiffs take no position on whether Defendants'
28   designated information meets the good cause standard.

Cooley LLP
Attorneys At Law
Los Angeles

5

PLAINTIFFS' APPLICATION FOR
LEAVE TO FILE UNDER SEAL
CASE NO. 2:18-CV-05741 DMG PLA