BRIAN M. BOYNTON
Acting Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR. (181304)
Deputy Director
BENJAMIN M. MOSS
Senior Litigation Counsel
NANCY K. CANTER (263198)
ANTHONY J. MESSURI
JONATHAN K. ROSS
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9344
Ernesto.H.Molina@usdoj.gov

*Counsel for Defendants*

*Additional counsel listed on following page and signature blocks*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lucas R., *et. al.*, | Case No.: 18-cv-05741-DMG-PLA |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | Complaint filed: June 29, 2018 |
| Xavier Becerra, Secretary of U.S. Dep't of Health and Human Services, *et al.*, | Honorable Dolly M. Gee United States District Judge |
| Defendants. | |

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
CARLOS R. HOLGUIN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
MONICA J. JULIAN (265075)
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email:   hscooper@ucdavis.edu
         ccwhite@ucdavis.edu
         dofelt@ucdavis.edu
         jmulligan@ucdavis.edu
         mjulian@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

*Attorneys for Plaintiffs*

The parties respectfully submit this further status report to the Court regarding the status of settlement discussions to date.  ECF Nos. 348, 353, 359.

## I.  STATUS OF THE PARTIES' SETTLEMENT DISCUSSIONS

Final settlement has not been reached on any of Plaintiffs' five claims for relief.[1] Since submitting the last status report regarding settlement, ECF No. 355, however, the parties have participated in a telephonic status conferences before Judge Pym on April 29, 2021.  The parties also engaged in a productive settlement conference on May 6, 2021 regarding the psychotropic medication class, and have a further status conference presently scheduled with Judge Pym for May 20, 2021.

## II.  PLAINTIFFS' SEPARATE STATEMENT

- **First Claim for Relief: Unfit Custodian Class.**

Plaintiffs sent Defendants a settlement proposal for Plaintiffs' First Claim for Relief on April 2, 2021.  Although Defendants informed Plaintiffs and the Court that they hoped to provide a response to Plaintiffs' proposal during the week of April 19, 2021 (ECF 355), as of the time of this writing they have not yet done so.

- **Second Claim for Relief: Step-Up Class.**

In an effort to resolve Plaintiffs' Second Claim for Relief, Plaintiffs provided Defendants with an amended settlement proposal on February 17, 2021 which attempted to incorporate the substance of this Court's tentative ruling as provided in part orally on December 22, 2020. The parties have met on multiple occasions since the tentative ruling to discuss settlement of the step-up claim in detail, and also have

---

[1] The parties' cross-motions for partial summary judgment addressed only three of Plaintiffs' claims for relief: Plaintiffs' first cause of action relating to the Unfit Custodian Class; second cause of action relating to the step-up class; and fourth cause of action relating to the Legal Representation Class.  However, the Parties have engaged in settlement discussion with respect to all five claims, including Plaintiffs' third cause of action relating to Psychotropic Medication Class and Plaintiffs' fifth cause of action relating to the Disability Class.

kept Judge Pym apprised of issues related to the step-up claim and efforts to settle it.

To further address Defendants' concerns with Plaintiffs' February 17, 2021 proposal, Plaintiffs provided Defendants an updated draft proposal, which incorporated substantial additional compromises, into a new proposal which was sent to Defendants on March 25, 2021. The parties met and discussed Plaintiffs' new proposal on April 12, 2021 at length. Although Defendants advised they would respond to Plaintiffs' proposal by April 19, 2021, they did not do so until May 7, 2021. After reviewing Defendants' latest proposal, Plaintiffs believe the parties are not close to reaching an agreement.

- **Third Claim for Relief: Psychotropic Medications Class.**

Since the last status report, the parties have made progress regarding a potential settlement for Plaintiffs' Third Claim for Relief relating to the psychotropic medication class. Defendants sent revisions on the parties' settlement draft on April 28, 2021, and Plaintiffs responded with additional revisions on May 5, 2021. The parties had a lengthy settlement discussion focused on this claim on May 6, 2021, and Plaintiffs thereafter sent a further revised draft based on that discussion. The parties plan to have a further settlement call on this claim during the week of May 17, 2021 or shortly thereafter.

- **Fourth Claim for Relief: Legal Representation Class.**

The parties previously negotiated an agreement that would settle Plaintiffs' Fourth Claim for Relief in December 2019. However, in January 2020, Defendants advised that they refused to settle upon the terms the parties had provisionally agreed.

Plaintiffs have remained amenable to settling this claim in accord with the parties' tentative agreement. Following the Court's tentative ruling on the parties' cross-motions for summary judgment, Defendants have from time to time advised

that they would supply a counteroffer to the December 2019 draft. Defendants most recently indicated they would do so during the week of April 19, 2021 (ECF No. 355), but as of this writing they have yet to do so.

- **Fifth Claim for Relief: Disability Class.**

Plaintiffs sent Defendants a settlement proposal for Plaintiffs' Fifth Claim for Relief relating to the disability class on March 5, 2021. Although Defendants informed Plaintiffs and the Court that they hoped to provide a response to Plaintiffs' proposal by the end of April 2021 (ECF 355), as of the time of this writing they have not done so.

- **Request for Entry of Summary Judgment**

Unfortunately, Plaintiffs have considerable concerns as to the parties' ability to effectively resolve Plaintiffs' claims in the best interests of Class Members. On December 22, 2020—some five months ago—the Court heard argument and issued a tentative oral ruling on the parties' cross-motions for summary judgment on Plaintiffs' First (unfit custodian), Second (step-up), and Fourth (legal representation) Claims for Relief. Defendants have yet to provide counter-proposals for settling Plaintiffs' First or Fourth Claims for Relief, and they have belatedly proposed terms for settling Plaintiffs' Second Claim for Relief that give little reason to believe that this claim will settle soon.

Plaintiffs appreciate the operational challenges ORR has faced during the past months and have responded accordingly with patience and adaptability in awaiting responses and scheduling meetings with Defendants. Nonetheless, the number of unaccompanied children being transferred to ORR appears to be stabilizing.[2] Even should apprehensions of unaccompanied children remain elevated, it should not be

---

[2] *See* www.cbp.gov/newsroom/stats/southwest-land-border-encounters (last visited May 13, 2021).

long before ORR could be reasonably expected to supply the process the Court has tentatively determined the Constitution demands.

In order to balance these competing considerations in the short term, Plaintiffs see no alternative but to ask that the Court enter summary judgment and direct the parties to meet and confer with respect to remedy. In Plaintiffs' view, a final order will provide the parties additional guidance and incentive to compromise, allow time for ORR's population to stabilize before additional procedures are implemented, and give the parties a final chance to come to agreement on remedy.

## III.   DEFENDANTS' SEPARATE STATEMENT

Defendants remain committed to the settlement process on all five of Plaintiffs' claims for relief.  The continued influx of unaccompanied children at the southern border has imposed a strain on ORR's small group of employees – especially on the even smaller subset of decision makers crucial to making informed decisions on settlement terms – which were reallocated to support the care and placement of children.  Despite the redeployment of resources limiting the speed of discussions, the agency has continued to make good faith efforts to engage in settlement discussions, and those efforts have been largely successful, as demonstrated by the significant progress on at least one issue that is the subject of the forthcoming trial – *i.e.*, the Psychotropic Medication issue.

With regard to issues that are the subject of the Court's tentative order, the Step-Up issue has been significantly vetted by the parties.  The parties have devoted significant time and effort, but admittedly, further discussion of the issue seem unlikely to make much more progress.  However, the parties may be meeting the week of May 24 to discuss the issue further, and as will be discussed below, that may be in tandem with the Unfit Custodian Class.

With respect to the two remaining issues that are before the Court on summary judgment, Defendants anticipate delivering a counter-proposal or proposed revisions to the settlement proposal regarding the Unfit Custodian Class

on the date of this filing (May 14, 2021).  That is important because, in light of the substantial discussions on the Step-Up issue, Defendants anticipate discussions concerning Plaintiffs' cause of action relating to the Unfit Custodian Class to progress relatively quickly, as the two claims involve comparable procedural components.

Furthermore, the remaining issue subject to the Court's ruling on summary judgment, the cause of action relating to the Legal Representation Class, is currently pending review by agency leadership.

For future steps, if the meeting on the tandem issues of the Step-Up and Unfit Custodian Classes is not fruitful, in the near future, Defendants anticipate suggesting that the issues be referred to Judge Pym (if available) to attempt to bridge the gap between the parties.  Alternatively, it may be appropriate for the parties to submit proposed procedures to assist the Court in preparing a final order on the parties' cross-motions for summary judgment.

Plaintiffs wish to end the current discussions, but their proposed request for entry of summary judgment includes a request that the Court direct the parties to engage in a "meet and confer" on remedies.  Remedies, however, are the very matters that are the current subject of talks between the parties, and thus, Plaintiffs' proposed course seems circuitous.  Nevertheless, Defendants remain committed to engaging in continued settlement discussions on all five of Plaintiffs' causes of actions and a decision, by the Court, on the parties' cross-motions for summary judgment may aid in reaching resolution.

Respectfully submitted,

Dated:  May 14, 2021                COOLEY LLP

By: */s/ Summer J. Wynn*
Summer J. Wynn (2400056)
Attorney for Plaintiffs
Email:  swynn@cooley.com

Dated:  May 14, 2021                BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

By: */s/ Ernesto H. Molina, Jr.*
ERNESTO H. MOLINA, JR. (181304)
Deputy Director
Email: Ernesto.h.molina@usdoj.gov
BENJAMIN MARK MOSS
Senior Litigation Counsel
JONATHAN K. ROSS
ANTHONY J. MESSURI
NANCY CANTER
Trial Attorneys
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Attorneys for Official-Capacity Defendants

# CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

       */s/ Ernesto H. Molina*
       ERNESTO H. MOLINA
       Deputy Director

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I electronically transmitted the forgoing document to the Clerk for the United States District Court for the Central District of California using the CM/ECF system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through the CM/ECF system.

       */s/ Ernesto H. Molina*
       ERNESTO H. MOLINA
       Deputy Director