CARLOS R. HOLGUÍN (90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*
(*Additional counsel listed on next page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucas R., *et. al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>Xavier Becerra, Secretary of U.S. Department of Health and Human Services, *et al.*,<br><br>　　　　*Defendants*. | Case No.: 18-cv-05741-DMG-PLA<br><br>**PLAINTIFFS' STATUS REPORT AND NOTICE OF FILING PROPOSED ORDER PURSUANT TO THE COURT'S MARCH 11, 2022 ORDER**<br><br>Honorable Dolly M. Gee<br>United States District Judge |

UNIVERSITY OF CALIFORNIA DAVIS SCHOOL OF LAW
HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
DAISY O. FELT (307958)
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
       ccwhite@ucdavis.edu
       dofelt@ucdavis.edu
       jmulligan@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: ndesai@youthlaw.org
       pjuneja@youthlaw.org
       fpitts@youthlaw.org
       mwroe@youthlaw.org
       madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM (OR. BAR NO. 961146), *admitted pro hac vice*
CRYSTAL ADAMS (308638)
712 H Street NE, DPT #32020
Washington, DC 20002
Telephone: (202) 868-4785
Email: bshum@youthlaw.org
       cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAMIE D. ROBERTSON (326003)
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email:  swynn@cooley.com
        mmcmahon@cooley.com
        rtarneja@cooley.com
        amayhugh@cooley.com
        jdrobertson@cooley.com

*Attorneys for Plaintiffs*

On March 11, 2022, the Court ordered that, "[s]hould the parties agree on additional or alternate procedures to the ones ordered by the Court, they may submit a joint status report . . . ." ECF 376 at 52.  Since the Court's order, the parties have conferred four separate times and exchanged numerous draft proposed preliminary injunctions.  Defendants did not provide their latest draft preliminary injunction to Plaintiffs until 9:06 p.m. on the date of filing.  Two hours later, at approximately 11:01 p.m., in lieu of a "position statement" to be included in the joint status report, Defendants then provided Plaintiffs with a 12-page brief, including argument regarding the now-decided motions for summary judgment and citations to case law.  Indeed, Defendants' brief is akin to a motion for reconsideration, although they are now well past their time for submitting such a motion.  As Defendants' proposed submission is not in the spirit of a "joint status report," and Defendants have left Plaintiffs with no time to review and assess their submission, Plaintiffs make this unilateral submission.  To the extent the Court accepts Defendants' submission, Plaintiffs respectfully request that the Court permit Plaintiffs leave to respond with a brief of no more than 15 pages on or before April 11, 2022.

With respect to Plaintiffs' report, Plaintiffs submit that their Proposed Preliminary Injunction tracks as closely as possible their understanding of the Court's March 11, 2022 order. (*See* Ex. A.)  However, certain additions to the plain language of the order have also been included where Plaintiffs believe that further language is required to effectuate the spirit of the order with sufficient detail to comply with Federal Rule of Civil Procedure 65(d)(1) and to discharge Plaintiffs' duty to adequately represent class members.  Plaintiffs describe below their understanding of Defendants' approach with respect to two key provisions of the preliminary injunction applicable to the unfit custodian and step-up classes—an approach that Plaintiffs believe significantly departs from the Court's March 11, 2022 order. Plaintiffs also include a chart summarizing additions and clarifications they believe are required to effectuate the Court's order.

### A. Impasse Regarding Reduced Procedures for Category 2 Sponsors and Minors in Staff-Secure Placements

As Plaintiffs understand it, Defendants wish to reduce the procedural protections for Category 2 sponsors and minors placed in staff-secure facilities. During the parties' meet and confer sessions, and draft exchanges, Defendants repeatedly suggested that Category 2 sponsors and minors placed in staff-secure facilities be offered an alternative appeal pathway with undefined, and likely diminished, procedural protections. Despite repeated requests by Plaintiffs, Defendants had not shared their proposed alternative procedure for Category 2 sponsors and minors placed in staff-secure facilities as of the time of filing. Indeed, Defendants only shared their draft order less than three hours before the filing deadline.

For purposes of the preliminary injunction, Plaintiffs propose the following language in Unfit Custodian Class, ¶ 1 (Ex. A): "ORR shall extend the notice and appeal processes and procedures it currently affords Category 1 sponsors pursuant to ORR's Policy Guide ("Policy Guide") Section 2.7 and Manual of Procedures ("MAP") Section 2.7 to Category 2 sponsors. ECF 376 at 39; *see also* ECF 272-1 at 47-50, 198-212." Plaintiffs' proposed language tracks the Court's order, which summarizes the ***current*** notice and appeal processes offered to Category 1 sponsors before concluding: "The balance of *Mathews* factors weighs in favor of extending ***this*** notice and appeal process to Category 2 sponsors." ECF 376 at 39 (emphasis added). Defendants have struck this language in favor of a vague statement that "ORR shall extend notice and appeal processes and procedures to Category 1 proposed sponsors to Category 2 proposed sponsors." Defendants' approach is inconsistent with this Court's order and leaves discretion to Defendants to construct notice and appeal processes and procedures that have not been reviewed or approved by the Court.

Similarly, Plaintiffs propose the following language in Step Up Class, ¶ 6 (Ex. A): "ORR shall make the PRP a permanent agency wide policy and extend the existing procedures and additional procedures described below to all minors in restrictive placement." Plaintiffs' proposed language tracks the Court's order, which refers to restrictive placements as both secure and medium-secure facilities, including staff-secure facilities. *See* ECF 376 at 6, 7 n.8 (defining secure and medium-secure facilities); *see also id.* at 32 ("[A]ll step-up class members must have the opportunity to request affirmative review.  That includes minors placed in staff-secure, therapeutic staff-secure, secure, RTC, and OON RTC facilities, because all of these minors have interests under the Constitution, TVPRA, and FSA in accurate determinations justifying their placement in more restrictive care.").

### B. Additional Procedures and Clarifications

Plaintiffs propose the following additions and/or clarifications to the Proposed Preliminary Injunction, which are necessary to give effect to or are within the spirit of the Court's order:

| Section of Plaintiffs' PI | Plaintiffs' Proposed Language | Rationale |
|---|---|---|
| Unfit Custodian Class, Preamble, P. 2 (Ex. A)<br><br>Step-Up Class, Preamble, P. 6 (Ex. A)<br><br>Legal Rep. Class Preamble, P. 10 (Ex. A) | ". . . the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below.  *See* F.R.C.P. 65(d)(2).  ORR is further ordered to ensure that its grantees understand and comply with the terms of this order." | The preliminary injunction necessarily should apply to agents and others acting on ORR's behalf to ensure that the unfit custodian class, the step-up class, and the legal representation class receive the additional procedural protections ordered by the Court.  Plaintiffs' proposed order accordingly includes language to make clear that ORR is responsible for affording children in its custody due process and may not evade this responsibility by placing |

| | | | class members with third parties. These qualifications are not only necessary but reasonable and consistent with Federal Rule of Civil Procedure 65(d). |
|---|---|---|---|
| | Unfit Custodian Class, ¶¶ 2-3 (Ex. A) | "Case managers must begin working on family reunification within 24 hours of receiving a minor.  ECF 376 at 41."<br><br>"Absent unexpected delays as described in Section 2.2.2 of the MAP, family reunification applications ("FRAs") submitted by Category 1 and Category 2A sponsors should be processed within 10 calendar days of receipt.  FRAs submitted by Category 2B sponsors should be processed within 14 calendar days of receipt.  ECF 376 at 41." | Plaintiffs' proposed language tracks the Court's order, which recognizes that "significant and unexplained delay[s] in responding to [a proposed sponsor's] unification request violate due process," and then concludes that "for the most part, ORR's *existing* timeframes are sufficient."  ECF 376 at 41 (internal quotation marks omitted; emphasis added).  Like the Court's order, Paragraphs 2-3 restate these existing timeframes.  (*Id*.)  As communicated during the meet and confer process, Defendants' position appears to be that nothing in the preliminary injunction should reference policies and procedures that ORR already has in place, in an apparent effort to retain flexibility in *changing* the same policies and procedures the Court has reviewed for compliance with due process.  Plaintiffs' concern is that ORR could change its policies and procedures at any point in the future.  The only way to ensure the unfit custodian class gets the benefit of "ORR's existing timeframes" is if the preliminary injunction requires that ORR |

| | | |
|---|---|---|
| | | maintain (or improve) those timeframes and that they be incorporated into the order. |
| Unfit Custodian Class, ¶ 9.b (Ex. A)<br><br>Step-Up Class, ¶ 6.c. (Ex. A)<br><br>Legal Rep. Class, ¶ 5 (Ex. A) | "ORR shall deliver a minor's complete case file, apart from any legally required redactions, to the proposed sponsor's or the minor's counsel *within seven days of the request*." (ECF 376 at 48, 52) | The Court's summary judgment order states, "[T]o facilitate minors' due process right to challenge ORR's administrative decisions, ORR should promptly deliver minors' case files to legal representatives, upon request, with any legally required redactions."  ECF 376 at 48. The order does not specify what would constitute "prompt" delivery, but in Plaintiffs' view, the preliminary injunction should.  *See* Fed. R. Civ. Proc. 65(d)(1); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 444 (1974) (preliminary injunction must provide the person enjoined with a "fair and precisely drawn notice of what the injunction actually prohibits.").  Plaintiffs' proposed injunction accordingly specifies that ORR will be required to produce a minor's case file within seven days following a request, which should allow Defendants sufficient time to prepare a file for release while not unduly delaying a minor's ability to contest restrictive placement or continued separation from their parents or other close relatives, or to decide whether to do so. |

| | | |
|---|---|---|
| Step-Up Class, ¶ 2 (Ex. A) | "ORR shall have the burden of proving by clear and convincing evidence that sufficient grounds exist for stepping up *or continuing to hold* a minor in a restrictive placement." ECF 376 at 29. | As a pre-deprivation protection, the Court's order requires the use of "a 'clear and convincing' evidentiary standard in deciding whether a minor should be stepped up." ECF 376 at 29. Plaintiffs believe that a uniform evidentiary standard is needed as a pre- and post-deprivation protection in order to protect minors' due process rights throughout their placement and appeals process and to effectuate the Court's findings. |
| Step-Up Class ¶ 3 (Ex. A) | "ORR shall provide minors with a Notice of Placement ("NOP") before step-up or within 48 hours of step-up to a restrictive placement, as well as every 30 days the minor remains in a *restrictive* placement (ECF 376 at 10, 29), pursuant to the requirements of § 1.2.4 of the Policy Guide and §§ 1.2.4 and 1.4.2 of the MAP (*see* ECF 272 at 24-25, 65-66, 90-95)." (footnote omitted) | Plaintiffs' proposed language tracks the Court's order and the Court's understanding of ORR's current policies and practices. ECF 376 at 10, 29. As explained above, Defendants' position appears to be that nothing in the preliminary injunction should reference policies and procedures that ORR already has in place. Plaintiffs disagree. The only way to ensure the step-up class gets the benefit of ORR's existing policies and practices is to incorporate them into the preliminary injunction. (*See supra*, p. 7.) |
| Step-Up Class, ¶ 3.b (Ex. A) | "The NOP shall inform the minor of their right to contest the restrictive placement before a Placement Review Panel ("PRP") appeal upon receipt of the NOP and the procedures by which the | Plaintiffs' proposed language tracks the Court's order. Plaintiffs believe "thorough NOP's, with explanation of appeal rights…" (ECF 376 at 50) includes informing the minor of the opportunity to request judicial review, an important |

| | | |
|---|---|---|
| | minor may do so.  ECF 376 at 30, 32, 50.  *The NOP shall further inform the minor of the opportunity to request judicial review.*  ECF 376 at 50." | procedural safeguard.  ECF 376 at 42 ("[I]n individual cases of egregious delay, minors retain the option to seek judicial review of their continued detention."). |
| Step-Up Class, ¶ 4 (Ex. A) | "ORR shall require that a copy of the NOP is automatically provided to the minor's legal counsel of record; and to a parent or legal guardian of record, rather than only upon request, within 48 hours of step-up.  ECF 376 at 30, 51." | Plaintiffs' proposed language tracks the Court's order.  During discussions with Defendants, they proposed adding subparagraphs (a) and (b) to ¶ 4. Plaintiffs were amenable to these proposed exceptions to the automatic notice to a parent or legal guardian as ordered by the Court, but requested two modifications in return to address some concerns: (1) in subparagraph (a), Plaintiffs removed Defendants' exception that a notice to a parent or legal guardian shall not be required "where the parent or legal guardian cannot be reached"; and (2) Plaintiffs added subparagraph (c) to ensure that ORR provides automatic notices to a parent or legal guardian as required by the Court's summary judgment order, unless ORR can document an agreed upon basis for not doing so.  Given the Court ordered ORR to *always* provide an automatic NOP to a parent or legal guardian, Plaintiffs believe that on balance, Plaintiffs' counter to Defendants' alternative procedures is reasonable. As |

| | | |
|---|---|---|
| | | such, we respectfully request that the Court either (1) accept ¶ 4 and subparagraphs (a) through (c) as proposed in Plaintiffs' Proposed Preliminary Injunction, or (2) revert to the Court's original order, as articulated in ¶ 4, which always requires an automatic NOP to a parent or legal guardian. |
| Step-Up Class, ¶ 6.a (Ex. A) | "The PRP shall afford any minor in a restrictive placement the opportunity to request a PRP review as soon as he or she receives *an NOP*. ECF 376 at 32." (footnote omitted) | Plaintiffs' proposed language tracks the Court's order. Plaintiffs have further included a footnote in the Proposed Preliminary Injunction hoping to further clarify that the Court finding that an NOP triggering a PRP review of restrictive placement is not limited to the initial step-up only. |

### C.     Implementation

Finally, with respect to implementation, Plaintiffs request that this Court's preliminary injunction be entered without further delay and Defendants effectuate its provisions immediately. The Court should *reject* Defendants' invitation to delay implementation for 120 days. Defendants have been on notice that they would need to institute additional procedural protections since December 2020. The relief that Class Members have sought should be delayed no further, as their constitutional rights to sufficient notice and the opportunity to be heard have been clearly expressed by this Court.

Respectfully submitted,

Dated: April 1, 2022

/s/ *Summer J. Wynn*
SUMMER J. WYNN (240005)
Cooley, LLP
Email: swynn@cooley.com
Attorneys for Plaintiffs