# EXHIBIT A

## Plaintiffs' Proposed Preliminary Injunction

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>XAVIER BECERRA, et al.,<br><br>   Defendants. | Case No. 2:18-CV-05741 DMG PLA<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 29, 2018<br><br>Judge: Hon. Dolly M. Gee |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

This matter came on regularly for hearing on the parties' Cross-Motions for Partial Summary Judgment on the First, Second, and Fourth claims for relief of Plaintiffs' First Amended Complaint ("Cross-Motions"). ECF 263, 271. The Court has considered the briefs, evidence, and argument submitted by Plaintiffs and Defendants.

The Court finds that entry of a preliminary injunction is warranted. Based on the law and facts presented in the Cross-Motions, Plaintiffs have demonstrated that they are likely to succeed on the merits of parts of their claims and are likely to suffer irreparable injury in the absence of a preliminary injunction. *See* Order on Cross-Motions, ECF 376 at 49 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) ("Order"). The balance of equities tips in Plaintiffs' favor and a preliminary injunction is in the public interest. *Id*.

**IT IS HEREBY ORDERED** as follows:

Plaintiffs are granted injunctive relief as described herein.[1]

### Definitions

1. "Category 1" sponsors are persons bearing the following relationships to the minor: parent or legal guardian, including qualifying step-parents that have legal or joint custody of the minor. *See* ECF 376 at 11.

2. "Category 2A" sponsors are adults bearing the following relationships to the minor: an immediate relative, including a brother, sister, grandparent, or other close relative (aunt, uncle, first cousin) who previously served as the minor's primary caregiver. This includes biological relatives, relatives through legal marriage, and half-siblings. *See* ECF 376 at 11.

3. "Category 2B" sponsors are adults bearing the following relationships to the minor: immediate relatives including an aunt, uncle, or first cousin who

---

[1] Plaintiffs have incorporated certain provisions which are necessary to give effect to or are within the spirit of the Court's Order. Such provisions are italicized in this proposed order for ease of identification.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

266894927 v5

did not previously serve as the minor's primary caregiver. This includes biological relatives and relatives through legal marriage. *See* ECF 376 at 11.

4. "Category 2" sponsors means both Category 2A sponsors and Category 2B sponsors.

5. "Secure facilities" or "secure placements" refer to all of the facilities that are at the same level of restriction: juvenile detention centers, Residential Treatment Centers ("RTCs"), and Out-of-Network RTCs ("OON RTCs"). ECF 376 at 7 n.8. OON RTCs may also be referred to as TAR RTCs by ORR.

6. "Medium-secure facilities" refer to all staff-secure and therapeutic staff-secure facilities. ECF 376 at 6.

7. "Restrictive placement" refers to placement in secure or medium-secure facilities, as defined above. *See* ECF 376 at 6, 7 n.8 (defining secure and medium-secure facilities).

### Unfit Custodian Class

With respect to Plaintiffs' first claim for relief on behalf of the "unfit custodian class," the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below. *See* F.R.C.P. 65(d)(2). ORR is further ordered to ensure that its grantees understand and comply with the terms of this order.

1. ORR shall extend the notice and appeal processes and procedures it currently affords Category 1 sponsors pursuant to ORR's Policy Guide ("Policy Guide") Section 2.7 and Manual of Procedures ("MAP") Section

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

2

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

2.7[2] to Category 2 sponsors. ECF 376 at 39; *see also* ECF 272-1 at 47-50, 198-212.

2. Case managers must begin working on family reunification within 24 hours of receiving a minor. ECF 376 at 41.

3. Absent unexpected delays as described in Section 2.2.2 of the MAP, family reunification applications ("FRAs") submitted by Category 1 and Category 2A sponsors should be processed within 10 calendar days of receipt. FRAs submitted by Category 2B sponsors should be processed within 14 calendar days of receipt. ECF 376 at 41.

4. ORR shall institute policies requiring an automatic review of all pending FRAs by ORR supervisory staff. The first automatic review shall occur 90 days after the FRA is submitted and an automatic review shall occur every 90 days thereafter to determine what steps are needed to accelerate the minor's safe release. ECF 376 at 41.

5. The ORR Director, or their designee who is a neutral and detached decision maker, shall review denials of FRAs submitted by Category 1 or Category 2 proposed sponsors and shall make a release decision within the time limits prescribed in ¶ 3. *See* ECF 376 at 39 (extending existing notice and appeal procedures afforded to Category 1 proposed sponsors to Category 2 proposed sponsors); *see also* ECF 272-1 at 201 (The MAP provides that the "ORR Director must review any release decision denying sponsorship to a Category 1 sponsor.").

6. Upon determining that a minor cannot safely be released to a Category 1 or Category 2 proposed sponsor, the ORR Director, or their designee who is a neutral and detached decision maker, shall promptly provide the

---

[2] References to specific sections of the Policy Guide and/or the MAP refer to the versions of those documents filed in conjunction with the parties' Cross-Motions.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

3

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

proposed sponsor written notice meeting the requirements of ¶ 8 of this order. *See* ECF 376 at 39 (extending existing notice and appeal procedures afforded to Category 1 proposed sponsors to Category 2 proposed sponsors); *see also* ECF 272-1 at 49-50 (Policy Guide Section 2.7.7);

7. ORR shall notify the minor and minor's counsel of its decision to deny release to a Category 1 or Category 2 proposed sponsor and shall inform the minor and their counsel that they have the right to inspect the evidence underlying ORR's decision. If the sole reason for the denial of release is that the minor poses a danger to self or others, the ORR Director shall provide written notice of the denial directly to the minor and the minor's counsel. ECF 376 at 41.

8. The written notice shall provide at least the following information:

   a. ORR's bases for a negative home study or sponsorship denial (ECF 376 at 39);

   b. The evidence and information that ORR contends supports its decision regarding release, and the notice shall advise the proposed sponsor that they have the opportunity to examine the evidence (ECF 376 at 39);

   c. Notice that the proposed sponsor may request a hearing to appeal the release decision to the Assistant Secretary for Children and Families, or their designee who is a neutral and detached decision maker ("Hearing") (ECF 376 at 39);

   d. Notice that the proposed sponsor may submit additional evidence, in writing before a Hearing, or orally during a Hearing (*see* ECF 376 at 39);

   e. Notice that the proposed sponsor may present witnesses and cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify (*see* ECF 376 at 39);

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

4

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

     f.    Notice that the proposed sponsor may be represented by counsel in proceedings related to the denial of their FRA at no cost to the federal government (ECF 376 at 51).

9.    The appeal process shall afford the following procedures:

    a.    ORR shall acknowledge a request for an appeal within five business days of receipt (ECF 376 at 39);

    b.    ORR shall deliver a minor's complete case file, apart from any legally required redactions, to the proposed sponsor's or the minor's counsel *within seven days of the request* (ECF 376 at 48);

    c.    The appeal process, including notice of decision on appeal sent to the proposed sponsor, shall be complete within 30 calendar days of the proposed sponsor's request for an appeal (ECF 376 at 39);

    d.    The appeal shall be considered by and any Hearing conducted before the Assistant Secretary for Children and Families, or their designee who is a neutral and detached decision maker (*see* ECF 376 at 39);

    e.    The proposed sponsor shall have the right to counsel throughout the appeal process, including at any Hearing, at no cost to the federal government (ECF 376 at 51);

    f.    The minor has the right to counsel during the sponsor's appeal process at no cost to the federal government;

    g.    The neutral, detached decision maker shall hear and consider the evidence *de novo* (*see* ECF 376 at 39 (extending existing notice and appeal procedures afforded to Category 1 proposed sponsor to Category 2 proposed sponsor); *see also* ECF 272-1 at 50 (Policy Guide Section 2.7.8 provides that the "Assistant Secretary conducts a de novo review [of Category 1 release denials] and may affirm or overturn the ORR Director's decision, or send the case back to ORR for further action.")); and

5   [PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

      h.      Upon making a decision to reverse or uphold the decision denying release to the proposed sponsor, the neutral, detached decision maker shall issue a written decision, either ordering release to the proposed sponsor or approving continued ORR custody prior to the expiration of the time frame described in paragraph 9.c (*see* ECF 376 at 39). If the decision maker denies release to the proposed sponsor, the decision must set forth detailed, specific, and individualized reasoning for the decision. ORR shall also notify the minor and their attorney of the denial. ORR shall inform the proposed sponsor and the minor of any right under 8 U.S.C. § 1232(c)(6) (if any) to seek review of an adverse decision in U.S. District Court.

## **Step-Up Class**

With respect to Plaintiffs' second claim for relief on behalf of the "step-up class", the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below. *See* F.R.C.P. 65(d)(2). ORR is further ordered to ensure that its grantees understand and comply with the terms of this order.

1. ORR shall develop written policies and procedures within the ORR Policy Guide and MAP that provide the specific criteria for transfer or placement in an OON RTC. ECF 376 at 28-29.

2. ORR shall have the burden of proving by clear and convincing evidence that sufficient grounds exist for stepping up *or continuing to hold* a minor in a restrictive placement. The evidence supporting a restrictive placement decision shall be recorded in the minor's case file. ECF 376 at 29.

3. ORR shall provide minors with a Notice of Placement ("NOP") before step-up or within 48 hours of step-up to a restrictive placement, as well as

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

6

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

every 30 days the minor remains in a *restrictive* placement[3] (ECF 376 at 10, 29), pursuant to the requirements of § 1.2.4 of the Policy Guide, and §§ 1.2.4 and 1.4.2 of the MAP (*see* ECF 272-1 at 24-25, 65-66, 90-95).

    a. The NOP shall clearly and thoroughly set forth the reason for placement and supporting evidence. ECF 376 at 29, 50.

    b. The NOP shall inform the minor of their right to contest the restrictive placement before a Placement Review Panel ("PRP") appeal upon receipt of the NOP and the procedures by which the minor may do so. ECF 376 at 30, 32, 50. *The NOP shall further inform the minor of the opportunity to request judicial review.* ECF 376 at 50.

    c. The NOP shall include an explanation of the minor's right to be represented by counsel at no cost to the federal government in challenging such restrictive placement. *See* ECF 376 at 30-31.

    d. A Case Manager shall explain the NOP to the minor, in a language the minor understands. ECF 376 at 29.

4. ORR shall require that a copy of the NOP is automatically provided to the minor's legal counsel of record; and to a parent or legal guardian of record, rather than only upon request, within 48 hours of step-up. ECF 376 at 30, 51.

    a. Service of the NOP on a parent or legal guardian shall not be required where there are child welfare reasons not to do so, or where a minor 14 or over states that the minor does not wish for the parent or legal

---

[3] Plaintiffs have replaced "secure" with "restrictive" placement. ECF 376 at 29. Plaintiffs believe the reference to "secure" was likely an oversight, particularly given § 1.2.4 of the Policy Guide and § 1.4.2 of the MAP, which require ORR to provide a 30-day NOP to all minors in secure *and* medium-secure facilities. *See* ECF 376 at 10 (citing DSUF ¶¶60-62).

Cooley LLP
Attorneys At Law
Los Angeles

7

[Proposed] Order Granting Prelim. Inj.
Case No. 2:18-cv-05741 DMG PLA

266894927 v5

    guardian to receive the NOP.

  b. Child welfare rationales include but are not limited to: a finding that the automatic provision of the notice could endanger the child; potential abuse or neglect by the parent or legal guardian; a parent or legal guardian who resides in the United States but refuses to act as the minor's sponsor; or a scenario where the parent or legal guardian is non-custodial and the minor's prior caregiver (such as a caregiver in home country) requests that the non-custodial parent not be notified of the placement.

  c. When an NOP is not automatically provided to a parent or legal guardian, ORR shall document, within the minor's case file, the child welfare reason for not providing the NOP to the parent or legal guardian.

5. ORR shall, upon request, afford a minor who is in a restrictive placement a hearing at which they may, with the assistance of counsel at no cost to the federal government, present evidence on their own behalf. ECF 276 at 30-31, 48.

6. ORR shall make the PRP a permanent agency wide policy and extend the existing procedures and additional procedures described below to all minors in restrictive placement:

  a. The PRP shall afford any minor in a restrictive placement the opportunity to request a PRP review as soon as he or she receives *an NOP*.[4]  ECF 376 at 32.

  b. ORR shall permit the minor or the minor's counsel to review the

---

[4] Plaintiffs understand the Court's language to provide a minor the right to request a PRP review as soon as they receive an NOP, and do not limit this to the initial step-up NOP.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

8

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

      c. ORR shall deliver a minor's complete case file, apart from any legally required redactions, to their counsel *within seven days of the request*. ECF 376 at 48.

      evidence in support of step-up or continued restrictive placement before the PRP review is conducted. ECF 376 at 31.

      d. The minor or their counsel shall have the opportunity to provide the PRP with a written statement or request a hearing concerning step-up or continued placement. ECF 376 at 31.

      e. The minor or their attorney may call live witnesses or cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify. ECF 376 at 32.

      f. Where the minor does not have an attorney, ORR shall encourage the grantee care program to seek assistance for the minor from a contracted legal service provider or child advocate. *See* ECF 376 at 31-32.

      g. The PRP shall be comprised of three ORR staff members with several years of experience as professionals in the fields of child welfare, mental health, and policy related to child welfare and mental health. ECF 376 at 31. None of the PRP panel members may be an FFS involved in making the original restrictive placement decision. ECF 376 at 32.

      h. A minor contesting his or her placement through the PRP process shall receive a hearing and decision within seven days of a minor's requesting PRP review. ECF 376 at 33 (citing *Saravia v. Session*'s injunction ordering a hearing within seven days of a minor's restrictive placement").

7. ORR shall further ensure the following automatic administrative reviews:

      a. A 30-day administrative review for all restrictive placements, as well

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

9

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

as a more intensive 90-day review by ORR supervisory staff for minors in secure facilities (ECF 376 at 30-31), as provided in §§ 1.4.2 of the Policy Guide and MAP, respectively (ECF 272-1 at 28, 90-95); and

    b. For minors in RTCs, a review every 30 days by a psychiatrist or psychologist to determine whether the minor should remain in restrictive residential care (ECF 376 at 31) as provided in § 1.4.2 of the Policy Guide (ECF 272-1 at 28).

## Legal Representation Class

With respect to Plaintiffs' fourth claim for relief on behalf of the "legal representation class", the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below. *See* F.R.C.P. 65(d)(2). ORR is further ordered to ensure that its grantees understand and comply with the terms of this order.

1. ORR shall automatically serve a minor's NOP on counsel either before step-up or no later than 48 hours after step-up. ORR shall automatically serve a new NOP on a minor's counsel every 30 days the minor remains in a restrictive placement. ECF 376 at 29-30, 48.

2. ORR shall not prohibit a care facility, third-party contractor, or ORR employee to communicate with a minor's counsel if they wish.

3. ORR shall permit minors the assistance of counsel in presenting evidence relevant to step-up or step-down. ECF 376 at 51-52.

4. ORR shall permit minors the assistance of counsel with respect to release or the denial of release to a proposed sponsor. ECF 376 at 51-52.

5. ORR shall deliver a minor's complete case file, apart from any legally required redactions, to their counsel *within seven days of the request*. ECF 376 at 52.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v5

10

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

## Period of Validity

Consistent with the Court's March 11, 2022 Order, this Preliminary Injunction will remain in effect until final judgment is entered. Should the parties wish to modify the terms of this Preliminarily Injunction while it is in effect, they may seek appropriate relief from this Court.

**IT IS SO ORDERED.**

DATED: _____, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT COURT JUDGE

Cooley LLP
Attorneys At Law
Los Angeles

11

[Proposed] Order Granting Prelim. Inj.
Case No. 2:18-CV-05741 DMG PLA

266894927 v5