# Exhibit B

Defendants' Proposed Preliminary Injunction

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., <br><br>      Plaintiffs, <br><br>  v. <br><br>ALEX AZAR, et al., <br><br>      Defendants. | Case No.  2:18-CV-05741 DMG PLA <br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** <br><br>Complaint Filed: June 29, 2018 <br><br>Judge: Hon. Dolly M. Gee |

\* *Defendants endeavored to attach the language they believe is Plaintiffs' most recent draft (identified as 266894927 v5).  Any typographical errors are inadvertent.*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER GRANTING PRELIM. INJ.**
**CASE NO. 2:18-CV-05741 DMG PLA**

266894927 v4

This matter came on regularly for hearing on the parties' Cross-Motions for Partial Summary Judgment on the First, Second, and Fourth claims for relief of Plaintiffs' First Amended Complaint ("Cross-Motions"). ECF 263, 271. The Court has considered the briefs, evidence, and argument submitted by Plaintiffs and Defendants.

The Court finds that entry of a preliminary injunction is warranted. Based on the law and facts presented in the Cross-Motions, Plaintiffs have demonstrated that they are likely to succeed on the merits of parts of their claims and are likely to suffer irreparable injury in the absence of a preliminary injunction. *See* Order on Cross-Motions, ECF 376 at 49 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) ("Order"). The balance of equities tips in Plaintiffs' favor and a preliminary injunction is in the public interest. *Id*.

**IT IS HEREBY ORDERED** as follows:

For the reasons explained in the Court's March 11, 2022 Order (Dkt. 376), Plaintiffs are granted injunctive relief as described herein.

### Definitions

1. "Category 1" sponsors are adults bearing the following relationships to the minor: parent or legal guardian, including qualifying step-parents that have legal or joint custody of the minor. *See* ECF 376 at 11.

2. "Category 2A" sponsors are adults bearing the following relationships to the minor: an immediate relative, including a brother, sister, grandparent, or other close relative (aunt, uncle, first cousin) who previously served as the minor's primary caregiver. This includes biological relatives, relatives through legal marriage, and half-siblings. *See* ECF 376 at 11.

3. "Category 2B" sponsors are adults bearing the following relationships to the minor: immediate relatives including an aunt, uncle, or first cousin who did not previously serve as the minor's primary caregiver. This includes biological relatives and relatives through legal marriage. *See* ECF 376 at 11.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v 4

1

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

4. "Category 2" sponsors means both Category 2A sponsors and Category 2B sponsors.

5. "Secure facilities" or "secure placements" refer to juvenile detention centers, Residential Treatment Centers ("RTCs"), and Out-of-Network RTCs ("OON RTCs"). ECF 376 at 7 n.8. OON RTCs may also be referred to as TAR RTCs by ORR.

6. "Medium-secure facilities" refer to all staff-secure and therapeutic staff-secure facilities. ECF 376 at 6.

7. "Restrictive placement" refers to placement in secure or medium-secure facilities, as defined above. *See* ECF 376 at 6, 7 n.8 (defining secure and medium-secure facilities).

## Unfit Custodian Class

With respect to Plaintiffs' first claim for relief on behalf of the "unfit custodian class," the Court hereby **ORDERS** that ORR is preliminarily enjoined as described below.

1. ORR shall extend notice and appeal processes and procedures to Category 1 proposed sponsors to Category 2 proposed sponsors. ECF 376 at 39.

2. ORR shall institute policies requiring that, where a pending family reunification application ("FRA") by a Category 1, Category 2A, or Category 2B proposed sponsor has been pending for at least 90 days, such FRA shall receive an automatic review every 90 calendar days that it remains pending. ECF 376 at 41.

3. The ORR Director, or their designee, who is a neutral and detached decision maker, shall review denials of FRAs submitted by Category 1 or Category 2 proposed sponsors and shall make a release decision within reasonable time limits to be prescribed by ORR. *See* ECF 376 at 39.

4. Upon determining that a minor cannot safely be released to a Category 1 or Category 2 proposed sponsor, the ORR Director, or their designee, who

ATTORNEYS AT LAW
LOS ANGELES

266894927 v 4

2

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

is a neutral and detached decision maker, shall promptly provide the proposed sponsor written notice meeting the requirements of ¶ 5 of order. *See* ECF 376 at 39.

5.  The written notice shall provide at least the following information:

    a.  ORR's reason(s) for declining to release a minor to (ECF 376 at 39);

    b.  The evidence and information that ORR contends supports its decision regarding release (ECF 376 at 39);

    c.  Notice that the proposed sponsor may request a hearing to appeal the release decision to the Assistant Secretary for Children and Families, or their designee, who is a neutral and detached decision maker ("Hearing") (ECF 376 at 39);

    d.  Notice that the proposed sponsor may submit additional evidence, in writing before a Hearing, or orally during a Hearing (*see* ECF 376 at 39);

    e.  Notice that the proposed sponsor may present witnesses and cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify (*see* ECF 376 at 32);

    f.  Notice that the proposed sponsor may be represented by counsel in proceedings related to the denial of their FRA at no cost to the federal government (ECF 376 at 51).

6.  The appeal process shall afford the following procedures:

    a.  ORR shall establish a timeframe for the completion of the appeal process (ECF 376 at 39);

    b.  The appeal shall be considered by and any Hearing conducted before the Assistant Secretary for Children and Families, or their designee who is a neutral and detached decision maker (*see* ECF 376 at 39);

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

266894927 v 4

3

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

    c.    The proposed sponsor shall have the right to counsel throughout the appeal process, including at any Hearing, at no cost to the federal government (ECF 376 at 51);

    d.    The minor has the right to consult with an attorney during the sponsor's appeal process at no cost to the federal government; and

    e.    Upon making a decision to reverse or uphold the decision denying release to the proposed sponsor, the neutral, detached decision maker shall issue a written decision, either ordering release to the proposed sponsor or denying release to the proposed sponsor within a reasonable time frame to be specified by ORR (*see* ECF 376 at 39). If the decision maker denies release to the proposed sponsor, the decision must set forth detailed, specific, and individualized reasoning for the decision. ORR shall also notify the minor and their attorney of the denial. ORR shall inform the proposed sponsor and the minor of any right under 8 U.S.C. § 1232(c)(6) (if any) to seek review of an adverse decision in U.S. District Court.

## **Step-Up Class**

With respect to Plaintiffs' second claim for relief on behalf of the "step-up class", the Court hereby **ORDERS** that ORR is preliminarily enjoined as described below.

1. ORR shall clarify, within the ORR Policy Guide, that the standards and criteria for transfer or placement in an RTC (currently included in sections 1.4.6 and 1.4.7 of the ORR Policy Guide) apply to transfers or placement to OON RTCs. ECF 376 at 28-29.

2. ORR shall have the burden of proving by clear and convincing evidence that sufficient grounds exist for stepping up a minor in a restrictive placement. The evidence supporting a restrictive placement decision shall be recorded in the minor's case file. ECF 376 at 29.

3. ORR shall provide minors with a Notice of Placement ("NOP") within 48

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

266894927 v4

hours of step-up to a restrictive placement (ECF 376 at 10, 29)

    a. The NOP shall clearly and thoroughly set forth the reason(s) for placement and a summary of supporting evidence. ECF 376 at 29, 50.

    b. The NOP shall inform the minor of their right to contest the restrictive placement before a Placement Review Panel ("PRP"), or other administrative process, upon receipt of the NOP and the procedures by which the minor may do so. ECF 376 at 30, 32, 50. The NOP shall further inform the minor of all other available administrative review processes. ECF 376 at 50.

    c. The NOP shall include an explanation of the minor's right to be represented by counsel at no cost to the federal government in challenging such restrictive placement. *See* ECF 376 at 30-31.

4. ORR shall require that a copy of the NOP is automatically provided to the minor's legal counsel of record; and to a parent or legal guardian of record, rather than only upon request. ECF 376 at 30, 51.

    a. Service of the NOP on a parent or legal guardian shall not be required where there are child welfare reasons not to do so, where the parent/legal guardian cannot be reached, or where a minor 14 or over states that the minor does not wish for the parent or legal guardian to receive the NOP.

    b. Child welfare rationales include but are not limited to: a finding that the automatic provision of the notice could endanger the child; potential abuse or neglect by the parent or legal guardian; a parent or legal guardian who resides in the United States but refuses to act as the minor's sponsor; or a scenario where the parent or legal guardian is non-custodial and the minor's prior caregiver (such as a caregiver in home country) requests that the non-custodial parent not be

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

266894927 v 4

notified of the placement.

5. ORR shall, upon request, afford a minor who is in a restrictive placement a hearing, or other administrative process, at which they may, with the assistance of counsel at no cost to the federal government, present evidence on their own behalf. ECF 276 at 30-31, 48. Nothing in this injunction imposes upon ORR any obligation to seek pro bono counsel for minors.

6. ORR shall make the PRP a permanent agency wide policy and extend the existing procedures and additional procedures, or a similar administrative process, described below to all minors in restrictive placement (different procedures may apply to review of step-ups to staff-secure facilities):

   a. The PRP, or other neutral and detached decision maker not involved in the step-up decision, shall afford any minor in a restrictive placement the opportunity to request a PRP, or other administrative review, as soon as they receive *an NOP*. ECF 376 at 32. ORR shall have the discretion to develop procedures, including but not limited to procedures governing situations where a minor makes repeated requests for PRP or other administrative review within a given period of time.

   b. ORR shall within a reasonable time after the step-up decision make available to minor's counsel the evidence relied upon to make the decision, apart from any legally required redactions. ECF 376 at 48.

   c. The minor shall have the opportunity to provide the PRP, or other neutral and detached decisionmaker, with a written statement and/or request a hearing or other administrative review concerning step-up or continued placement. ECF 376 at 31.

   d. The minor or their attorney may call live witnesses or cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify. ECF 376 at 32.

Cooley LLP
Attorneys At Law
Los Angeles

266894927 v 4

6

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

    e. None of the PRP panel members or other neutral and detached decision maker may be an FFS involved in making the original restrictive placement decision. ECF 376 at 32.

    f. The PRP or other neutral and detached decision maker will issue a written decision within 7 business days of a hearing and submission of evidence, or, if no hearing or administrative review is requested, within 7 business days following receipt of minor's written statement. ORR shall have the discretion to institute procedures, including but not limited to procedures for the PRP or other similar administrative process to request clarification or additional evidence, if warranted, or to extend the 7-day deadline as necessary under specified circumstances.

### ()**Legal Representation Class**

With respect to Plaintiffs' fourth claim for relief on behalf of the "legal representation class", the Court hereby **ORDERS** that ORR is preliminarily enjoined as described below.

1. ORR shall automatically serve a new NOP on a minor's counsel every 90 days the minor remains in a restrictive placement. ECF 376 at 29-30, 48.

2. ORR shall issue policy clarifying that minors are able to seek the assistance of counsel, at no cost to the federal government, to challenge ORR decisions, including matters related to release or the denial of release to a proposed sponsor. ECF 376 at 51-52.

3. ORR shall, within a reasonable timeframe deliver a minor's complete case file, apart from any legally required redactions, to their counsel upon request. ECF 376 at 52.

### **Period of Validity**

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7

[PROPOSED] ORDER GRANTING PRELIM. INJ.
CASE NO. 2:18-CV-05741 DMG PLA

266894927 v 4

|   |   |
|---|---|
| 1 | This injunction goes into effect 120 days from the date of entry of order. |
| 2 | Consistent with the Court's March 11, 2022 Order, this Preliminary Injunction will |
| 3 | remain in effect until final judgment is entered.  Should the parties wish to modify the |
| 4 | terms of this Preliminarily Injunction while it is in effect, they may seek appropriate |
| 5 | relief from this Court. |

**IT IS SO ORDERED.**

DATED: _____, 2022     _____
                                  DOLLY M. GEE
                                  UNITED STATES DISTRICT COURT JUDGE

Cooley LLP
Attorneys At Law
Los Angeles

266894927 v4

8

[Proposed] Order Granting Prelim. Inj.
Case No. 2:18-CV-05741 DMG PLA