1   CENTER FOR HUMAN RIGHTS &
    CONSTITUTIONAL LAW
2   CARLOS R. HOLGUIN (90754)
    256 South Occidental Boulevard
3   Los Angeles, CA 90057
    Telephone: (213) 388-8693
4   Email: crholguin@centerforhumanrights.email

5   *Attorneys for Plaintiffs*

6   *Additional counsel listed on following page*

7

8

9                   UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

12   LUCAS R., *et al.*,                    Case No.  2:18-CV-05741-DMG

13              Plaintiffs,                 **APPLICATION FOR LEAVE TO FILE
                                            UNDER SEAL PORTIONS OF**
14        v.                                **DOCUMENTS SUBMITTED IN
                                            CONNECTION WITH PLAINTIFFS'**
15   XAVIER BECERRA, Secretary of U.S.      **REQUEST TO FILE ADVISAL PENDING
     Department of Health and Human         ISSUANCE OF PRELIMINARY**
16   Services; *et al*.,                    **INJUNCTION**

17              Defendants.                 Complaint Filed:  June 29, 2018
                                            Judge: Hon. Dolly M. Gee
18

19

20

21

22

23

24

25

26

27

28

*Counsel for Plaintiffs, continued*

UNIVERSITY OF CALIFORNIA DAVIS SCHOOL OF LAW
HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
JONATHAN P. MULLIGAN (CAL RLSA NO. 803383)
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu
        jmulligan@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
NEHA DESAI (CAL. RLSA NO. 803161)
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        madamson@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM (OR. BAR NO. 961146), *admitted pro hac vice*
CRYSTAL ADAMS (308638)
712 H Street NE, DPT #32020
Washington, DC 20002
Telephone: (202) 868-4785
Email:  bshum@youthlaw.org
       cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAMIE D. ROBERTSON (326003)
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email:  swynn@cooley.com
       mmcmahon@cooley.com
       rtarneja@cooley.com
       amayhugh@cooley.com
       jdrobertson@cooley.com

*Attorneys for Plaintiffs*

APPLICATION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
CV 2:18-CV-05741

1    Pursuant to Federal Rule of Civil Procedure 5.2, and Local Rules 5.2-1 and 79-
2    5.2.2(a), Plaintiffs and Class Members submit this unopposed[1] Application for Leave
3    to File Under Seal Portions of Documents Submitted in Connection with Plaintiffs'
4    Request for Leave to File Advisal Pending Issuance of Preliminary Injunction (the
5    "Application").  As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently
6    with this Application the Declaration of Jamie D. Robertson, unredacted Exhibits 1, 2,
7    3, 4, & 5 (the "Exhibits"), and a Proposed Order.

8    Plaintiffs seek leave to seal portions of declarations submitted by Plaintiff Class
9    Members which contain highly sensitive personal identifying information, including
10    full names, A-numbers, dates of birth, and residences.

11    I.    **LEGAL STANDARD**

12    "Unless the court orders otherwise, in an electronic or paper filing with the court
13    that contains a[] . . . birth date [or] the name of an individual known to be a minor . . .,
14    a party or nonparty making the filing may include only: . . . the year of the individual's
15    birth [and] the minor's initials."  Fed. R. Civ. Proc. 5.2(a); *see also* L.R. 5.2-1.  For
16    other information sought by a party to be sealed "a court may seal records only when it
17    finds 'a compelling reason and articulate[s] the factual basis for its ruling, without
18    relying on hypothesis or conjecture.'"  *Center for Auto Safety v. Chrysler Grp. LLC*,
19    809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of
20    Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)) (alteration in original).  Under this
21    standard, the "party seeking to seal a judicial record then bears the burden
22    of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that
23    outweigh the general history of access and the public policies favoring disclosure, such
24    as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at
25    1178-79 (internal quotation marks and citations omitted).   "[T]he court must
26    conscientiously balance[] the competing interests of the public and the party who seeks

27
28    _____
[1] Defendants' counsel, Ms. Nancy Canter (Nancy.K.Canter@usdoj.gov), has informed
Plaintiffs that Defendants have no opposition to Plaintiffs' proposed redactions.

1  to keep certain judicial records secret." *Id.* at 1179 (internal quotes and citations

2  omitted) (alteration in original).[2]

3  **II.   ARGUMENT**

4        **A.    There are compelling reasons to seal the information that Plaintiffs

5              seek to protect from public disclosure.**

6        The Exhibits annexed to Plaintiffs' Advisal Pending Issuance of Preliminary

7  Injunction contain highly sensitive, personal identifying information regarding

8  unnamed Class Members.  This material discloses the true names and identities of minor

9  Class Members and disclosure would cause each of them significant harm.

10       ***First***, the sensitive subject matter at issue pertains to the privacy of minors, and

11 federal courts recognize the importance of protecting minors' identities and personal

12 information in court proceedings.  *Doe v. Kamehameha Schs. Bernice Pauahi Bishop*

13 *Est.*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g

14 en banc) ("[T]he interest of minors in privacy is greater than the public's interest in

15 learning their names, even when there is no particular threat to the juvenile's physical

16 safety or wellbeing."); *see* Fed. R. Civ. P. 5.2(a).  For this reason, Class Members'

17 proposed sponsors' identifying information, including city of residence, must also be

18 protected, as the identification of the sponsor could easily result in the identification of

19 a minor Class Member.  *See Belinda K. v. Baldovinos*, No. 10-cv-02507, 2012 WL

20 3249481, at *1 (N.D. Cal. Aug. 7, 2012) (sealing "confidential information that would

21 reasonably lead to the minor's identity"); *see also Weisberg v. Takeda Pharms. U.S.A.,*

22 *Inc.*, No. 18-cv-00784, 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) (finding

23 compelling reasons to seal "personal identifying information . . . that are not put at issue

24 by this action").

25

26 _____
[2] The Protective Order in this action requires only that Plaintiffs show "good cause" to
27 file "Confidential Personal Information" under seal. (Protective Order ¶ 10.)  Because
   there are compelling reasons to seal Plaintiffs' designated material, *see infra* Section II,
28 Plaintiffs have also demonstrated good cause should the Court apply that less
   burdensome standard.

APPLICATION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
CV 2:18-CV-05741

***Second***, the Exhibits indirectly implicate the details of Plaintiffs' immigration detention.  Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in ORR's custody.  *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

### B.    Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek a limited sealing order that permits them to redact documents containing minor Class Members' identities and file redacted versions of those same Exhibits in the public record.   All relevant information important to Plaintiffs' submission to the Court will still be accessible in the public record.   Accordingly, Plaintiffs' sealing requests are the least restrictive method of ensuring Plaintiffs' privacy and compliance with Federal Rule of Civil Procedure 5.2, while permitting the public access to the maximum amount of information.

### III.   CONCLUSION

For the foregoing reasons and those set out in the accompanying Declaration of Jamie D. Robertson in support of Plaintiffs' Application, Plaintiffs request leave to file copies of their unredacted Exhibits 1-5 under seal.  A Proposed Order granting that relief is submitted herewith.

Dated:        July 18, 2022                COOLEY LLP


                                           */s/ Summer J. Wynn*
                                           Summer J. Wynn
                                           Attorneys for Plaintiffs
                                           Email:  swynn@cooley.com