UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>XAVIER BECERRA, et al.,<br><br>　　　　Defendants. | Case No.  CV 18-5741-DMG (PLAx)<br><br>**PRELIMINARY INJUNCTION** |

This matter came on regularly for hearing on the parties' Cross-Motions for Partial Summary Judgment on the First, Second, and Fourth claims for relief of Plaintiffs' First Amended Complaint ("Cross-Motions"). [Doc. ## 263, 271.] The Court has duly considered the parties' briefs, evidence, and argument.

The Court has found that entry of a preliminary injunction is warranted. Based on the law and facts presented in the Cross-Motions, Plaintiffs have demonstrated that they are likely to succeed on the merits of parts of their claims and are likely to suffer irreparable injury in the absence of a preliminary injunction. *See* Order on Cross-Motions at 49 ("MSJ Order") (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) [Doc. # 376]. The balance of equities tips in Plaintiffs' favor and a preliminary injunction is in the public interest. *Id*.

**IT IS HEREBY ORDERED** as follows:

For the reasons explained in the MSJ Order, Plaintiffs are granted preliminary injunctive relief as described herein.

## Definitions

1. "Category 1" sponsors are persons bearing the following relationships to the minor: parent or legal guardian, including qualifying step-parents that have legal or joint custody of the minor.

2. "Category 2A" sponsors are adults bearing the following relationships to the minor: an immediate relative, including a brother, sister, grandparent, or other close relative (aunt, uncle, first cousin) who previously served as the minor's primary caregiver. This includes biological relatives, relatives through legal marriage, and half-siblings.

3. "Category 2B" sponsors are adults bearing the following relationships to the minor: immediate relatives including an aunt, uncle, or first cousin who did not previously serve as the minor's primary caregiver. This includes biological relatives and relatives through legal marriage.

4. "Category 2" sponsors means both Category 2A sponsors and Category 2B

sponsors.

5. "Secure facilities" or "secure placements" refer to juvenile detention centers, Residential Treatment Centers ("RTCs"), and Out-of-Network RTCs ("OON RTCs"). OON RTCs may also be referred to as TAR RTCs by the Office of Refugee Resettlement ("ORR").

6. "Medium-secure facilities" refer to all staff-secure and therapeutic staff-secure facilities.

7. "Restrictive placement" refers to placement in secure or medium-secure facilities, as defined above.

## Unfit Custodian Class

With respect to Plaintiffs' first claim for relief on behalf of the "unfit custodian class," the Court hereby **ORDERS** that ORR, its agents, employees, attorneys, and all those who are in active concert or participation with them, are preliminarily enjoined as described below. *See* Fed. R. Civ. P. 65(d)(2).

1. ORR shall extend the notice and appeal processes and procedures it affords Category 1 proposed sponsors pursuant to ORR's Policy Guide ("Policy Guide") Section 2.7 and Manual of Procedures ("MAP") Section 2.7[1] to Category 2 proposed sponsors.

2. ORR shall institute policies requiring an automatic review of all pending Family Reunification Applications ("FRAs") by ORR supervisory staff. The first automatic review shall occur 90 days after the FRA is submitted and an automatic review shall occur every 90 days thereafter to determine what steps are needed to accelerate the minor's safe release.

3. The ORR Director, or a designee who is a neutral and detached decision maker, shall review denials of FRAs submitted by Category 1 or Category

---

[1] References to specific sections of the Policy Guide and/or the MAP refer to the versions of those documents filed in conjunction with the parties' Cross-Motions.

      2 proposed sponsors. Absent unexpected delays as described in Section 2.2.2 of the MAP, FRAs should be processed within 10 calendar days of receipt for Category 1 and Category 2A proposed sponsors, and within 14 calendar days for Category 2B proposed sponsors.

4. Upon determining that a minor cannot safely be released to a Category 1 or Category 2 proposed sponsor, the ORR Director, or a designee who is a neutral and detached decision maker, shall promptly provide the proposed sponsor full written notice meeting the requirements of ¶ 6 of this Order.

5. ORR shall notify the minor and minor's counsel of its decision to deny release to a Category 1 or Category 2 proposed sponsor and shall inform the minor and the minor's counsel that they have the right to inspect the evidence underlying ORR's decision upon request. If the sole reason for the denial of release is that the minor poses a danger to self or others, the ORR Director shall provide directly to the minor and the minor's counsel full written notice of the denial meeting the requirements of ¶ 6 of this Order.

6. Full written notice shall provide at least the following information:

   a. ORR's reasons for sponsorship denial;

   b. The evidence and information that ORR contends supports its decision regarding release, and the notice shall advise the proposed sponsor that he/she has the opportunity to examine the evidence upon request;

   c. Notice that the proposed sponsor may request a hearing to appeal the release decision to the Assistant Secretary for Children and Families, or a designee who is a neutral and detached decision maker ("Hearing");

   d. Notice that the proposed sponsor may submit additional evidence, in writing before a Hearing, or orally during a Hearing;

  e. Notice that the proposed sponsor may present witnesses and cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify; and

  f. Notice that the proposed sponsor may be represented by counsel in proceedings related to the denial of their FRA at no cost to the federal government.

7. The appeal process shall afford the following procedures:

  a. ORR shall acknowledge a request for an appeal within five business days of receipt;

  b. ORR shall deliver a minor's complete case file, apart from any legally required redactions, to the proposed sponsor's or the minor's counsel within a reasonable timeframe to be established by ORR;

  c. The appeal process, including notice of decision on appeal sent to the proposed sponsor, shall be completed within 30 calendar days of the proposed sponsor's request for an appeal, unless an extension of time is warranted under reasonable guidelines that ORR establishes;

  d. The appeal shall be considered by and any Hearing conducted before the Assistant Secretary for Children and Families, or a designee who is a neutral and detached decision maker;

  e. The proposed sponsor shall have the right to counsel throughout the appeal process, including at any Hearing, at no cost to the federal government;

  f. The minor has the right to consult with an attorney during the sponsor's appeal process at no cost to the federal government; and

  g. Upon making a decision to reverse or uphold the decision denying release to the proposed sponsor, the neutral, detached decision-maker shall issue a written decision, either ordering release to the proposed sponsor or denying release to the proposed sponsor within

the timeframe described in paragraph 9.c. If the decision-maker denies release to the proposed sponsor, the decision must set forth detailed, specific, and individualized reasoning for the decision. ORR shall also notify the minor and the minor's attorney of the denial. ORR shall inform the proposed sponsor and the minor of any right under 8 U.S.C. § 1232(c)(6) (if any) to seek review of an adverse decision in the United States District Court.

### Step-Up Class

With respect to Plaintiffs' second claim for relief on behalf of the "step-up class," the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below. *See* Fed. R. Civ. P. 65(d)(2).

1. ORR shall clarify, within the ORR Policy Guide, that the standards and criteria for transfer or placement in an RTC (currently included in sections 1.4.6 and 1.4.7 of the ORR Policy Guide) apply to transfers or placement to OON RTCs.

2. ORR shall have the burden of proving by clear and convincing evidence that sufficient grounds exist for stepping up or continuing to hold a minor in a restrictive placement. The evidence supporting a restrictive placement decision shall be recorded in the minor's case file.

3. ORR shall provide minors with a Notice of Placement ("NOP") no later than 48 hours after step-up to a restrictive placement, as well as every 30 days the minor remains in a restrictive placement.

    a. The NOP shall clearly and thoroughly set forth the reason(s) for placement and a summary of supporting evidence.

    b. The NOP shall inform the minor of his/her right to contest the restrictive placement before a Placement Review Panel ("PRP") upon receipt of the NOP and the procedures by which the minor may

do so. The NOP shall further inform the minor of all other available administrative review processes.

   c. The NOP shall include an explanation of the minor's right to be represented by counsel at no cost to the federal government in challenging such restrictive placement.

   d. A Case Manager shall explain the NOP to the minor, in a language the minor understands.

4. ORR shall require that a copy of the NOP is automatically provided to the minor's legal counsel of record, and to a parent or legal guardian of record, no later than 48 hours after step-up.

   a. Service of the NOP on a parent or legal guardian shall not be required where there are child welfare reasons not to do so, where the parent/legal guardian cannot be reached, or where a minor 14 or over states that the minor does not wish for the parent or legal guardian to receive the NOP.

   b. Child welfare rationales include but are not limited to: a finding that the automatic provision of the notice could endanger the child; potential abuse or neglect by the parent or legal guardian; a parent or legal guardian who resides in the United States but refuses to act as the minor's sponsor; or a scenario where the parent or legal guardian is non-custodial and the minor's prior caregiver (such as a caregiver in home country) requests that the non-custodial parent not be notified of the placement.

   c. When an NOP is not automatically provided to a parent or legal guardian, ORR shall document, within the minor's case file, the child welfare reason for not providing the NOP to the parent or legal guardian.

5. ORR shall, upon request, afford a minor who is in a restrictive placement

a hearing before the PRP at which the minor may, with the assistance of counsel at no cost to the federal government, present evidence on his/her own behalf.

6. ORR shall make the PRP a permanent agency-wide policy and extend the existing procedures and additional procedures described below to all minors in restrictive placement:

  a. The PRP shall afford any minor in a restrictive placement the opportunity to request a PRP review as soon as the minor receives an NOP.

  b. ORR shall permit the minor or the minor's counsel to review the evidence in support of step-up or continued restrictive placement before the PRP review is conducted.

  c. ORR shall deliver a minor's complete case file, apart from any legally required redactions, to their counsel within a reasonable time to be established by ORR.

  d. The minor or his/her counsel shall have the opportunity to provide the PRP with a written statement or request a hearing concerning step-up or continued placement.

  e. The minor or his/her attorney may call live witnesses or cross-examine ORR's witnesses, if such witnesses are willing to voluntarily testify.

  f. Where the minor does not have an attorney, ORR shall encourage the grantee care program to seek assistance for the minor from a contracted legal service provider or child advocate.

  g. The PRP shall be comprised of three ORR staff members with relevant experience. None of the PRP panel members may be an ORR Federal Field Specialist ("FFS") involved in making the original restrictive placement decision.

      h. The PRP shall hold a hearing within 7 days of a minor's request for a hearing. The PRP will issue a written decision within 7 days of a hearing and submission of evidence or, if no hearing or review of additional evidence is requested, within 7 days following receipt of a minor's written statement. ORR may institute procedures to request clarification or additional evidence, if warranted, or to extend the 7-day deadline as necessary under specified circumstances.

7. ORR shall further ensure the following automatic administrative reviews:

      a. A 30-day administrative review for all restrictive placements, as well as a more intensive 90-day review by ORR supervisory staff for minors in secure facilities, as provided in §§ 1.4.2 of the Policy Guide and MAP, respectively [*see* Doc. # 272-1 at 28, 90-95]; and

      b. For minors in RTCs, a review every 30 days by a psychiatrist or psychologist to determine whether the minor should remain in restrictive residential care as provided in § 1.4.2 of the Policy Guide [*see* Doc. # 272-1 at 28].

## **Legal Representation Class**

With respect to Plaintiffs' fourth claim for relief on behalf of the "legal representation class", the Court hereby **ORDERS** that ORR, its agents, employees, assignees, and all those acting on its behalf are preliminarily enjoined as described below. *See* Fed. R. Civ. P. 65(d)(2).

1. ORR shall automatically serve a minor's NOP on counsel no later than 48 hours after step-up. ORR shall automatically serve a new NOP on a minor's counsel every 30 days the minor remains in a restrictive placement.

2. ORR shall permit minors to have the assistance of counsel, at no cost to the federal government, in presenting evidence relevant to step-up or step-down.

3. ORR shall permit minors to have the assistance of counsel, at no cost to the federal government, with respect to release or the denial of release to a proposed sponsor.

4. ORR shall deliver a minor's complete case file, apart from any legally required redactions, to the minor's counsel upon request, within a reasonable timeframe to be established by ORR.

### Period of Validity

This injunction goes into effect 60 days from the date of entry of this Order. Consistent with the Court's March 11, 2022 Order, this Preliminary Injunction will remain in effect until final judgment is entered.

**IT IS SO ORDERED.**

DATED: August 30, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE