BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR. (181304)
Deputy Director
SARAH WILSON
Assistant Director
BENJAMIN MARK MOSS
NANCY K. CANTER (263198)
Senior Litigation Counsel
ANTHONY J. MESSURI
JONATHAN K. ROSS
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4700
Sarah.s.wilson@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucas R., *et. al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Alex M. Azar, <br> Secretary of U.S. Dep't of Health and Human Services, *et al.*, <br><br> *Defendants*. | Case No.: 18-cv-05741-DMG-PLA <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR 30-DAY EXTENSION OF THE DEADLINE FOR COMPLYING WITH THE PRELIMINARY INJUNCTION ORDER (ECF 391)** <br><br><br> Honorable Dolly M. Gee <br> United States District Judge |

Defendants respectfully request that the Court extend the time for complying with the injunction's requirements by thirty days. The Office of Refugee Resettlement (ORR) has finalized its policies implementing the preliminary injunction and those policies will become effective by the current deadline for complying with the injunction, October 31, 2022. ORR requests the extension so that these significant policy changes may be implemented alongside a comprehensive training program scheduled to take place over the next thirty days. Allowing ORR a thirty-day transition period will ensure a more successful implementation of the injunction, and will not prejudice Plaintiffs. Therefore, Defendants ask that the Court extend the compliance deadline from October 31, 2022, to November 30, 2022.

## I. Factual and Procedural Background

### A. The Preliminary Injunction Order

On March 11, 2022, this Court granted in part and denied in part cross motions for summary judgment on three of the five claims at issue in this case: the step-up, unfit-custodian, and legal-representation claims. ECF 376. As relevant here, the Court determined that ORR must provide a Notice of Placement to a child's counsel within 48 hours after step-up, permit appeals and assistance of counsel for challenged step-ups and release denials, and provide case files to denied sponsors and counsel upon request. *See id*. The Court instructed the parties to propose terms of a preliminary injunction to effectuate its ruling. *Id*. at 52. The parties did not agree on terms and, instead, filed separate statements. *See* ECF 379, 380.  In its statement, Defendants indicated that ORR would likely need 120 days to complete its implementation process based in part on the nature of the changes required and the agency's limited resources. *See* ECF 380 at 14.

On August 30, 2022, the Court issued the preliminary injunction order. ECF 391. The order requires ORR to provide additional notice and appeal procedures in connection with decisions: (1) not to release a child to a proposed sponsor; and

(2) stepping up or continuing to hold a child in a restrictive placement. *Id*. at 5-9. Specifically, the Court ordered ORR to extend the notice and appeal procedures ORR affords parents (Category 1 proposed sponsors) to other close relatives (Category 2 proposed sponsors). *Id*. at 2-5. The Court also ordered automatic review of Family Reunification Applications (FRAs) every 90-days, and that the ORR Director (or a designee) review denials of FRAs submitted by Category 1 or Category 2 proposed sponsors within 10 or 14 days, respectively. *Id*. at 5-8. Finally, the Court required ORR to institute new procedures in connection with: (1) access to counsel at no cost to the government to challenge ORR decisions concerning release and step-up; (2) notice automatically provided to counsel; and (3) case files provided to sponsors and counsel upon request. *Id*. at 8-9. The Court afforded ORR a 60-day implementation period and ordered the preliminary injunction effective October 31, 2022. *Id*. at 9.

### B. Implementation Efforts

National policy changes, like the one at issue here, require a multi-step effort that begins with the publication of new policies, coupled with trainings, question-and-answer sessions, and the provision of written guidance. Exhibit A, Declaration of Laura Kiesler, Acting Director of the Division of Unaccompanied Children Operations, ORR, (Kiesler Decl.) at ¶ 10. To implement the policy changes called for by the injunction, ORR initially focused its efforts on revising its Unaccompanied Children Program Policy Guide (Policy Guide) and the Manual of Procedures (MAP) to the reflect the terms of the preliminary injunction. *Id*. at ¶ 12. This is a time-consuming process as it requires ORR to identify all impacted sections of the Policy Guide and MAP, translate the preliminary injunction into new or revised policies, and then clear those policies through multiple levels of agency leadership. *Id*. at ¶ 11.

In addition, ORR has been engaged in marshaling the human resources necessary to ensure the new procedures are appropriately scaled to meet anticipated

demand from the increased number of unaccompanied children (UCs) and sponsors who will be able to avail themselves of those procedures (*e.g.*, staff secure step-ups, Category 2 appeals). *Id*. at ¶ 13.  This includes ensuring a sufficient number of appropriately credentialed ORR personnel are available to participate in the appeals process; ORR's case file processing team is appropriately staffed to handle the increased number of case files that will need to be collected, collated, and redacted; and Federal Field Specialists (FFS) are aware of the new evidentiary and documentation requirements that will bear on their routine step-up and release decisions. *Id*. at ¶ 13.

These efforts have taken place while the parties have been engaged in settlement negotiations on the two claims that were not addressed by the preliminary injunction order. Exhibit B, Declaration of Sarah Wilson (Wilson Decl.) at ¶ 5. These negotiations included a two-day session with a mediator, a follow up session, and multiple preparatory sessions, all attended by key ORR decisionmakers during the 60-day implementation period. *Id*.

Although ORR has worked diligently on its implementation efforts since receipt of the injunction order on August 30, 2022, it has not been able to train the field on the updated guidance. Kiesler Decl. at ¶ 11-12. ORR is not in a position to train from a court order as the affected individuals are not attorneys. *Id*. at ¶ 14. The order must first be translated into policy documents before ORR can provide training. *Id*. at ¶ 11.

The size and nature of ORR's network makes training important for a coherent rollout of major, nationwide policy changes. ORR's nationwide network includes approximately 175 grantees, who operate a total of 289 different facilities located in 28 states. *Id*. at ¶ 8. ORR grantees employ a total of approximately 28,000 personnel. In turn, grantees are overseen by a cadre of approximately 100 FFS, who are the ORR personnel responsible for making major decisions regarding the care and custody of UCs, such as the decisions to step-up an unaccompanied child (UC) to a

more secure setting or grant/deny release to a particular sponsor. *Id*. at ¶ 8. Unlike other federal agencies involved in the immigration system, ORR does not operate the facilities that house UCs or employ the personnel who care for UCs on a daily basis. *Id*. at ¶ 9. Under this indirect operating structure, ORR does not have control over its grantees such that it can ensure a particular operational change will occur instantaneously across its nationwide network simply by issuing a new policy. *Id*.

ORR intends to use the next thirty days to provide training sessions to grantees on the new and revised policies and procedures, with each training taking place approximately one week apart. *Id*. at ¶ 16. The trainings will be recorded and made available to grantees and their staff for future reference. *Id*. Between these trainings, grantees and their staff will have the opportunity to submit questions to ORR regarding the new policies and procedures. *Id*. ORR will then hold a question-and-answer session with grantees to provide answers to their questions and focus on areas of potential confusion or hurdles to implementation. *Id*. Finally, ORR plans to develop and distribute a frequently-asked-questions document memorializing the grantee questions and ORR's responses, as well as any other written guidance that is needed based on grantee feedback. *Id*. This process is consistent with typical ORR practice and represents the training and preparation necessary to ensure grantees and FFS are able to correctly implement the major policy changes required by the preliminary injunction. *Id*. at ¶ 17.

### C.  Conference of the Parties

On October 21, 2022, the parties had a telephone conference to discuss several implementation issues, including ORR's request for thirty days to complete its training process. Wilson Decl. at ¶ 2. During that conference, government counsel explained that ORR is prepared to issue guidance implementing the preliminary injunction order, but that ORR viewed the training as an important part of its rollout process. *Id*. Based on this, ORR asked Plaintiffs' counsel to consent to a 30-day extension of the deadline, with the understanding that the policies would be issued

and in effect during this training period. *Id*. Government counsel requested that Plaintiffs provide their position by the end of the day Friday, but agreed to allow Plaintiffs until Monday to consider the request. *Id*.

On Monday evening, Plaintiffs' counsel provided their response. *Id*. at ¶ 4. Counsel indicated that Plaintiffs would not agree to the thirty-day extension and offered instead to temporarily modify several of the provisions that government counsel flagged as the basis for Defendants' motion to modify the injunction.[1] *See id*. & e-mail attachment. Because Plaintiffs' proposal does not address ORR's need for the thirty-day extension for training, Defendants elected to seek relief from this Court.

## II.  Defendants' Request for Extension of Time to Comply

Defendants respectfully request that the Court extend the time for complying with the injunction's requirements by thirty days. ORR has finalized its policies implementing the injunction, and will issue them by the current deadline for complying with the injunction. Kiesler Decl. at ¶ 12, 15. However, due to the large number of grantees and facilities affected by this nationwide injunction, ORR believes that the changes should be implemented alongside a training program. *Id*. at ¶ 15-17. ORR plans to conduct training and question/answer sessions over the next thirty days. *Id*. at ¶ 16. Affording ORR a thirty-day transition period will allow ORR to focus on training and result in a more successful implementation of the injunction. Therefore, Defendants ask that the Court amend the compliance deadline to November 30, 2022.

---

[1] In its initial communications, government counsel indicated that if the parties could not reach agreement on the extension, Defendants planned to file this motion as an *ex parte* application and then file a motion to modify the injunction on October 28 (as a noticed motion). The reason for the October 28 date is so that the modification motion may be submitted within the 30-day extension period. Ideally, the modification motion will be resolved early in the implementation process and potentially save time, resources, and confusion.

First, ORR has worked diligently to implement the injunction. *Id*. at ¶12. The preliminary injunction made extensive changes to ORR's release and step-up processes, which are core ORR functions embodied in a number of long-standing policies, in terms of the number and sequence of procedural steps, applicable evidentiary standards, and documentation and notice requirements. *Id*. at ¶ 11. Consequently, ORR had to identify all of the impacted policies, and then translate the preliminary injunction into new or revised policies. *Id*. Those policies then had to be cleared through several levels of agency leadership. ORR has, nonetheless, accomplished this task in less than two months and is prepared to issue updated policies on or about October 31, 2022. *Id*.

Second, training will meaningfully improve the success of the implementation process. *Id*. at ¶ 15-18. The training and question/answer sessions will allow ORR to identify areas of confusion and correct issues. *Id*. This will improve ORR's compliance efforts and the outcomes for UCs covered by these new provisions. It will also prevent unnecessary litigation over issues that the parties can agree upon and address through proper training. This will conserve the limited resources of ORR (as well as Plaintiffs and the Court) and allow ORR to focus on their operational mission.

Third, Plaintiffs will not be prejudiced by the delay. As noted, the policy changes will be issued by October 31, 2022, and effective by that date. As a result, this motion will not impact any substantive entitlement under the injunction. Plaintiffs have not suggested that Defendants' lack good cause for the delay or that they would be prejudiced by that delay. In objecting to the extension, Plaintiffs' counsel noted only that "the Court delayed the effective date of the injunction for 60 days and in so doing denied Defendants' request for greater delay." Wilson Decl. at ¶ 4 & e-mail attachment. The Court's initial deadline should not control over the realities of the implementation process as they have developed over the last sixty days.

Finally, Plaintiffs' offer to temporarily modify the injunction does not address the issues raised by this motion. Although Defendants appreciate that Plaintiffs appear sympathetic to the child welfare concerns raised by the wording of the injunction order, the modification request was made in addition to the extension request, not in the alternative. The primary basis for the extension request is to allow for a more complete rollout of the policies prior to the compliance deadline. Plaintiffs' offer, however, supports Defendants' view that there are modifications that should be made to this injunction prior to the compliance deadline, and suggests an additional reason to delay the compliance deadline.

## IV. Conclusion

For these reasons, Defendants respectfully request that the Court grant Defendants' *ex parte* application and extend the deadline for compliance to November 30, 2022.

Respectfully submitted,
BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR. (181304)
Deputy Director
BENJAMIN MARK MOSS
NANCY K. CANTER (263198)
Senior Litigation Counsel
ANTHONY J. MESSURI
JONATHAN K. ROSS
Trial Attorneys

/s/Sarah Wilson
SARAH WILSON
Assistant Director
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4700
Sarah.s.wilson@usdoj.gov
Counsel for Defendants