BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR. (181304)
Deputy Director
SARAH WILSON
Assistant Director
BENJAMIN MARK MOSS
NANCY K. CANTER (263198)
Senior Litigation Counsel
ANTHONY J. MESSURI
JONATHAN K. ROSS
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4700
Sarah.s.wilson@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucas R., *et. al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Alex M. Azar,<br>Secretary of U.S. Dep't of Health and Human Services, *et al.*,<br><br>*Defendants*. | Case No.: 18-cv-05741-DMG-PLA<br><br>**DECLARATION OF SARAH WILSON IN SUPPORT OF DEFENDANTS'** *EX PARTE* **APPLICATION FOR 30-DAY EXTENSION OF THE DEADLINE FOR COMPLYING WITH THE PRELIMINARY INJUNCTION ORDER (ECF 391)**<br><br>Honorable Dolly M. Gee<br>United States District Judge |

# DECLARATION OF SARAH WILSON.

I, Sarah Wilson, declare and state as follows:

1. I am an attorney in good standing and authorized to practice before this Court and an Assistant Director at the United States Department of Justice, Civil Division, Office of Immigration Litigation, Appellate Section. I am a member of the State Bar of Georgia. I am counsel of record for Defendants Alex M. Azar, Secretary of the United States Department of Health and Human Services, et al. I make this Declaration in support of Defendants' *Ex Parte* Application for a 30-day extension of the deadline for complying with the preliminary injunction order (ECF 391). I have personal knowledge of the following facts and if called upon to testify, would do so competently as follows. Because I submit this Declaration for a limited purpose, it does not contain all information I know about the above-captioned matter.

2. On October 21, 2022, the parties had a telephone conference to discuss several implementation issues and questions. During that conference, I explained that ORR is prepared to issue guidance implementing the preliminary injunction order, but that ORR requires 30 days to complete training sessions on the guidance. Based on this, we asked Plaintiffs' counsel to consent to a 30-day extension of the deadline for which the Defendants were required to be in technical compliance with the order, with the understanding that the policies would be issued and in effect during this training period. We requested that Plaintiffs provide their position by the end of the day Friday, but agreed to allow Plaintiffs until Monday to consider the request.

3. On the evening of October 21, 2022, at Plaintiff's counsel's request, I provided Defendants' requests in writing, including both the substance of Defendants' anticipated *ex parte* application, and the motion to modify the preliminary injunction.

4. On October 24, 2022, Plaintiffs' counsel responded to my inquiry, stating:

> We've had the chance to meet as a co-counsel team and conclude that our duty to vigorously represent our clients will not allow us to further delay the effective date of the preliminary injunction. As you recall, the Court delayed the effective date of the injunction for 60 days and in so doing denied Defendants' request for greater delay. That said, if ORR believes it cannot meet the deadline to comply for a reason other than what you've already explained (i.e. other than providing training sessions to care providers), we are open to discussing those reasons with you.

At Plaintiffs' counsel's request, a true and correct copy the e-mail exchange between the parties is attached to this declaration.

5. Since the August 30, 2022 order, the parties have been engaged in settlement negotiations on the two claims that were not addressed by the preliminary injunction order. These negotiations included a two-day session with a mediator, a follow up session with the mediator, and multiple preparatory sessions, all attended by key ORR decisionmakers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed October 25, 2022, in Birmingham, Alabama.

/s/ Sarah Wilson
SARAH WILSON
Assistant Director
Office of Immigration Litigation
United States Department of Justice

| | |
|---|---|
| **From:** | Wynn, Summer |
| **To:** | Wilson, Sarah S. (CIV); McMahon, Michael J; Robertson, Jamie D; Carlos Holguín; Holly Cooper; Mishan Wroe; Neha Desai; Poonam Juneja; b shum; Mayhugh, Alexandra R. |
| **Cc:** | Molina, Ernesto H. (CIV); Canter, Nancy K. (CIV); Messuri, Anthony (CIV); Ross, Jonathan K. (CIV); Moss, Benjamin M. (CIV) |
| **Subject:** | [EXTERNAL] RE: Lucas R. - Request to confer re: PI implementation |
| **Date:** | Monday, October 24, 2022 7:56:38 PM |

Additionally, if, despite my email and Plaintiffs' offer below, Defendants elect to proceed ex parte, pursuant to L.R. 7-19.1 Plaintiffs ask that you advise the Court as follows: (1) that Plaintiffs believe an ex parte application improper, *see Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); (2) that Plaintiffs have offered to meet and confer with Defendants in a good faith effort to resolve concerns regarding the disclosure of information regarding class members to Category 2 custodians who might harm or neglect them; and (3) that Plaintiffs respectfully request five business days from filing within which to respond to Defendants' ex parte application. Please include both of my emails as attachments to any filing.

Thanks,
Summer

**From:** Wynn, Summer
**Sent:** Monday, October 24, 2022 4:46 PM
**To:** 'Wilson, Sarah S. (CIV)' <Sarah.S.Wilson@usdoj.gov>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** RE: Lucas R. - Request to confer re: PI implementation

Hi Sarah,
We've had the chance to meet as a co-counsel team and conclude that our duty to vigorously represent our clients will not allow us to further delay the effective date of the preliminary injunction. As you recall, the Court delayed the effective date of the injunction for 60 days and in so doing denied Defendants' request for greater delay. That said, if ORR believes it cannot meet the deadline to comply for a reason other than what you've already explained (i.e. other than providing training sessions to care providers), we are open to discussing those reasons with you.
As to Defendants' concerns regarding denied Category 2 sponsors, Plaintiffs understand those concerns and see no reason the Parties should not reach agreement on appropriate changes to these relevant provisions of the PI. However, the limited information provided by Defendants to date is insufficient to adequately weigh Defendants'
proposals. Plaintiffs are willing to continue discussing these issues and believe it is possible the parties can reach agreement without Court involvement.
To allow us time to have those discussions, Plaintiffs can agree on a limited and specific

basis to the following for a temporary period (i.e., as long as both sides continue to negotiate productively and in good faith):
> 1. Notwithstanding paragraph 7.b, ORR would not be required to provide denied Category 2 sponsors with a child's full casefile if the child objects to its release or if the sponsor was denied based on trafficking concerns. This will not change the child or the child's counsel's access to information or ORR's obligation under paragraph 6 to provide the evidence and information that ORR contends supports its decision regarding release (and therefore evidence that is used in any administrative hearing) and an opportunity to inspect the evidence to the denied Category 2 sponsor;
> 2. Notwithstanding paragraph 6.b, ORR would not be required to disclose specific pieces of evidence underlying a category 2 sponsor denial if the child requests that ORR not share this specific evidence; and
> 3. If a child is released to another sponsor while the sponsor appeal process is ongoing, ORR would not be required to continue the administrative appeal process.

We trust Defendants will find the above proposal a reasonable accommodation of the Parties' respective interests. If so, Plaintiffs propose the Parties confer on October 31st at 10am PST, November 1st at 1pm PST, or November 2nd at 1pm PST. If Defendants are unable to meet on any of these dates, please forward alternative dates and times, and we will do our best to accommodate.

Summer

**Summer Wynn**
Partner
Cooley LLP
10265 Science Center Drive
San Diego, CA 92121-1117
+1 858 550 6030 office
+1 858 550 6420 fax
swynn@cooley.com
www.cooley.com/swynn

Cooley is committed to **racial justice**

---

**From:** Wilson, Sarah S. (CIV) <Sarah.S.Wilson@usdoj.gov>
**Sent:** Friday, October 21, 2022 7:32 PM
**To:** Wynn, Summer <swynn@cooley.com>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** RE: Lucas R. - Request to confer re: PI implementation

**[External]**

Hi Summer (and all),

Thank you again for joining a Friday afternoon call with us. Here is a brief recap of the meet and confer.  Please let us know if you have any questions or additions.

We indicated that we are contemplating two motions: a motion to extend the deadline for complying with the injunction and a motion to modify the disclosure requirements for denied category two sponsors. We see these as separate though related requests. As discussed, your position on the extension motion may impact whether we suggest that the forthcoming modification motion is an additional reason to give us more time for implementation. We mention that only to be transparent on the possible additional reason we may give supporting the ex parte application. If we take that approach, we will likely file the ex parte extension request as soon as we have your position next week and then file the modification motion next Friday so that it can be noticed before the end of the 30 days extension period.

Regarding the extension motion, we shared that ORR is in the final review process for updating the Policy Manual to include the injunction's requirements. ORR has set a training schedule that includes multiple training sessions and Q&A sessions that are scheduled to take place over the next 4 weeks. We believe issuing the guidance likely means that we are compliant with the injunction's terms, but believe it would be prudent to conduct these training before the compliance deadline to ensure that we are able to roll this out in an orderly fashion. As you know, this injunction will impact a large number of facilities and will require licensees to apply new and unfamiliar standards and procedures.  We asked whether you would be willing to stipulate to extend the compliance deadline, with the understanding that the new policies will be in place by the 31st, but that ORR will have a 30-day period to complete training before any issues will be considered noncompliant with the injunction. If we cannot reach agreement on this, we anticipate filing an ex parte application seeking that additional time (30 days or potentially through to a decision on the modification motion).

For the modification issues, we note that we have some time pressure here as the likelihood that we can get these corrections made to the injunction will have a big impact on whether we need to appeal the decision (either now or at the permanent injunction stage).  We attempted to convey that these are the issues that, if we can resolve, would likely resolve the need to appeal the preliminary injunction order. Here are the three issues we discussed raising in the modification motion:

(1) We think we have a legitimate argument for eliminating the requirement that we make "complete" case files available to all denied category two sponsors. The court appears to have misapprehended the burden associated with this requirement, both in terms of the number of appeals it will apply to and in the time and effort that it takes to compile and redact the files. Conversely, we think there is not any clear reason why a category 2 sponsor will need this information for the appeal.

Although we are likely to challenge this requirement as to all denied category two sponsors if we brief it to the court, we noted that there are two specific situations that are a priority for ORR. We shared this in case it was helpful to your thinking about whether there are any grounds for compromise.

1a – ORR would like to have the flexibility to withhold the case file where the child (or advocate) does not consent to its release.  If you have concerns about the mechanics of this, we think ORR could accomplish the same purpose with a child welfare exception, like the one discussed below in (2).

1b – If the sponsor is denied based on trafficking concerns, ORR will not provide the case file (even if the child does not object). This is because the file will contain a wealth of information that would be of interest to traffickers by revealing investigative methods, sources, and witnesses.

None of these proposed limitations would impact any rights afforded to the child or their representative. The concerns addressed here relate only to category two sponsors.

(2) ORR would like a limited child welfare exception to the requirement that it provide all evidence relied upon in reaching its decision to denied category two sponsors. ORR is concerned about situations where the denial is based on private information about the child, like sexual orientation or the child's statements that they do not want to reside with the sponsor, that the child does not want shared with the sponsor. We noted that this may be addressed either through language that allows ORR to use its judgment on child welfare issues. Alternatively, perhaps the child could have the opportunity to prevent a category two sponsor from filing an appeal and thereby obtaining this information. We are open to different ways to address this concern, but think there needs to be similar protection for the child's privacy as the court afforded to the sponsor's privacy.  Our sense is that this was likely an oversight.

(3) Finally, we raised the question regarding the handling of sponsor appeals where the child is subsequently released to a different sponsor. Our view is that ORR may continue to look for other sponsors during the appeal process and if the child is released to another sponsor, ORR would not have to provide evidence, case files, or adjudicate the appeal from the sponsor who was not selected. We asked you to let us know if you have a different view of the order so that we may seek clarification of this issue.

We look forward to hearing from you. Thank you again for your time today.

Sarah

**From:** Wilson, Sarah S. (CIV)
**Sent:** Friday, October 21, 2022 10:27 AM
**To:** Wynn, Summer <swynn@cooley.com>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV)

<Benjamin.M.Moss2@usdoj.gov>

**Subject:** RE: Lucas R. - Request to confer re: PI implementation

Sorry, Summer. Hopefully it is showing up now. Please let me know if you have any trouble accessing the meeting.

Sarah

**From:** Wynn, Summer <swynn@cooley.com>
**Sent:** Friday, October 21, 2022 12:17 AM
**To:** Wilson, Sarah S. (CIV) <Sarah.S.Wilson@usdoj.gov>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Lucas R. - Request to confer re: PI implementation

Hi Sarah – we have not yet received an invite. Would you prefer for us to send one in the morning?

Thanks,
Summer

**Summer Wynn**
Partner
Cooley LLP
10265 Science Center Drive
San Diego, CA 92121-1117
+1 858 550 6030 office
+1 858 550 6420 fax
swynn@cooley.com
www.cooley.com/swynn

Cooley is committed to **racial justice**

**From:** Wynn, Summer
**Sent:** Thursday, October 20, 2022 11:34 AM
**To:** 'Wilson, Sarah S. (CIV)' <Sarah.S.Wilson@usdoj.gov>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV)

<Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** RE: Lucas R. - Request to confer re: PI implementation

Thanks, Sarah. Any additional details you can provide in advance of the call would be appreciated. Talk with you all tomorrow.

Summer

### Summer Wynn
Partner
Cooley LLP
10265 Science Center Drive
San Diego, CA 92121-1117
+1 858 550 6030 office
+1 858 550 6420 fax
swynn@cooley.com
www.cooley.com/swynn

Cooley is committed to **racial justice**

---

**From:** Wilson, Sarah S. (CIV) <Sarah.S.Wilson@usdoj.gov>
**Sent:** Thursday, October 20, 2022 11:28 AM
**To:** Wynn, Summer <swynn@cooley.com>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** RE: Lucas R. - Request to confer re: PI implementation

**[External]**

---

Hi Summer, I have confirmed that 4:30 ET/1:30 PT Friday works for us. I will go ahead and send a calendar invite for the call. Thanks again.

---

**From:** Wilson, Sarah S. (CIV)
**Sent:** Wednesday, October 19, 2022 8:41 PM
**To:** Wynn, Summer <swynn@cooley.com>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>

**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** RE: Lucas R. - Request to confer re: PI implementation

Thanks, Summer. I think we can do 430 ET, but I will confirm and let you know tomorrow. Our questions center on category two sponsor appeals and records issues, but we'd also like to update you on our compliance efforts more generally.

---

**From:** Wynn, Summer <swynn@cooley.com>
**Sent:** Wednesday, October 19, 2022 8:26 PM
**To:** Wilson, Sarah S. (CIV) <Sarah.S.Wilson@usdoj.gov>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín <crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Lucas R. - Request to confer re: PI implementation

Hi Sarah – our team can be available for a call on Friday at 4:30 PM Eastern. We could also make 1:00 PM Eastern work if needed.

What are the issues? Will you please provide us with some information in advance so that we can try to be prepared for the discussion?

Thanks,
Summer

**Summer Wynn**
Partner
Cooley LLP
10265 Science Center Drive
San Diego, CA 92121-1117
+1 858 550 6030 office
+1 858 550 6420 fax
swynn@cooley.com
www.cooley.com/swynn

Cooley is committed to **racial justice**

---

**From:** Wilson, Sarah S. (CIV) <Sarah.S.Wilson@usdoj.gov>
**Sent:** Wednesday, October 19, 2022 3:50 PM
**To:** Wynn, Summer <swynn@cooley.com>; McMahon, Michael J <mmcmahon@cooley.com>; Robertson, Jamie D <jdrobertson@cooley.com>; Carlos Holguín

<crholguin@centerforhumanrights.email>; Holly Cooper <hscooper@ucdavis.edu>; Mishan Wroe <mwroe@youthlaw.org>; Neha Desai <ndesai@youthlaw.org>; Poonam Juneja <pjuneja@youthlaw.org>; b shum <bshum@youthlaw.org>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Cc:** Molina, Ernesto H. (CIV) <Ernesto.H.Molina@usdoj.gov>; Canter, Nancy K. (CIV) <Nancy.K.Canter@usdoj.gov>; Messuri, Anthony (CIV) <Anthony.Messuri@usdoj.gov>; Ross, Jonathan K. (CIV) <Jonathan.K.Ross@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Subject:** Lucas R. - Request to confer re: PI implementation

**[External]**

Hi Summer,

We'd like to schedule a meet and confer with you on Friday to discuss a few issues that have come up during the PI implementation process. Could you provide us with some times that will work for your team?

Best,
Sarah

**Sarah Wilson**
Assistant Director
U.S. Department of Justice
Civil Division - Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tele: 202.598.9510 (cell)
*sarah.s.wilson@usdoj.gov*

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.