# Exhibit B

CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

   *Attorneys for Plaintiffs*
   *(Additional counsel listed on next page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

LUCAS R., et al.,
          Plaintiffs,

     v.

XAVIER BECERRA, Secretary of U.S.
Department of Health and Human
Services, *et al.*,
          Defendants.

No. 2:18-CV-05741 DMG PLA

[PROPOSED] STIPULATED SETTLEMENT
OF PLAINTIFFS' FOURTH CLAIM FOR
RELIEF

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
JONATHAN P. MULLIGAN
(CAL RLSA NO. 803383)
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu
        jpmulligan@ucdavis.edu


NATIONAL CENTER FOR YOUTH LAW
POONAM JUNEJA (300848)
FREYA PITTS (295878)
MISHAN WROE (299296)
MELISSA ADAMSON (319201)
DIANE DE GRAMONT (324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: pjuneja@youthlaw.org
        fpitts@youthlaw.org
        mwroe@youthlaw.org
        ddegramont@youthlaw.org


NATIONAL CENTER FOR YOUTH LAW
BRENDA SHUM (*ADMITTED PRO HAC VICE*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4785
Email: bshum@youthlaw.org

Cooley LLP
SUMMER J. WYNN (240005)
MICHAEL J. MCMAHON (*ADMITTED PRO HAC VICE*)
REBECCA L. TARNEJA (293461)
ALEXANDRA R. MAYHUGH (300446)
JAMIE D. ROBERTSON (326003)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500
Email: swynn@cooley.com
          mmcmahon@cooley.com
          rtarneja@cooley.com
          amayhugh@cooley.com
          jdrobertson@cooley.com

*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
United States Department of Justice
Civil Division

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation

SARAH S. WILSON
Assistant Director

BENJAMIN MARK MOSS
NANCY K. CANTER (263198)
Senior Litigation Counsel

JONATHAN K. ROSS
ANTHONY MESSURI
Trial Attorneys
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202-616-9344)
ernesto.h.molina@usdoj.gov

*Attorneys for Official-Capacity Defendants*

## PREAMBLE

This Settlement Agreement ("Agreement") is entered into by all Plaintiffs and Defendants in this class action lawsuit (collectively "the Parties"). Plaintiffs and class representatives Lucas R., Daniela Marisol T., Gabriela N., Jaime D., Sirena P., and Benjamin F. are or were minors formerly in the custody of the Office of Refugee Resettlement of the U.S. Department of Health and Human Services. Defendants are the Secretary of Health and Human Services and the Director of the Office of Refugee Resettlement ("ORR"), an agency in the United States Department of Health and Human Services ("HHS"), both of whom are sued in their respective official capacities.

WHEREAS Plaintiffs filed this lawsuit challenging, *inter alia*, Defendants' policies and practices with respect to the right of minors in ORR custody to legal assistance;

WHEREAS the District Court certified this case as a class action on behalf of, *inter alia*, all minors in ORR custody pursuant to 6 U.S.C. § 279 and/or 8 U.S.C. § 1232 "who are natives of non-contiguous countries and to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs (*i.e.*, the 'legal representation class');"

WHEREAS Congress enacted the Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA 2008"), Pub. L. 110-457, 122 Stat. 5044 (2008), on December 23, 2008, and § 235(c)(5) of the TVPRA 2008 directs the Secretary of HHS to ensure, to the greatest extent practicable and consistent with § 292 of the Immigration and Nationality Act that all unaccompanied alien children who are or have been in the custody of the Secretary of HHS and who are not from contiguous countries "have counsel to represent them in legal proceedings or matters and protect them from mistreatment, exploitation, and trafficking;"

1

WHEREAS the Parties have conducted discussions and negotiations in good faith with respect to a compromise and resolution of Plaintiffs' Fourth Claim for Relief in its First Amended Complaint [Doc #81], with a view to settling the issues in dispute and achieving the most effective relief possible consistent with the interests of the Parties;

WHEREAS on March 11, 2022, the Court entered partial summary judgment in Plaintiffs' favor and partial summary judgment in Defendants' favor [Doc #376], and on August 30, 2022, entered a preliminary injunction [Doc #391] regarding children's rights to the assistance of counsel for ORR decisions regarding step-up, placement, and release to sponsors as it relates to Plaintiffs' Fourth Claim for Relief;

WHEREAS a trial on this claim would be costly to all parties, and the decision of the District Court may be subject to appeal by the losing Party with the final outcome uncertain; and

WHEREAS the Parties have concluded that the terms and conditions of this Settlement are fair, reasonable, and in the best interests of the named Plaintiffs and all class members, after considering the Court's order issuing a preliminary injunction regarding the "Legal Representation Class" and the substantial benefits that the Parties will receive from settlement of Plaintiff's Fourth Claim for Relief in the First Amended Complaint.

NOW, THEREFORE, in settlement of Plaintiffs' Fourth Claim for Relief in the First Amended Complaint and in consideration of the promises and undertakings set forth herein and other consideration, the sufficiency of which is hereby acknowledged, it is hereby AGREED, by and among the Parties to this Settlement, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that the Fourth Claim for Relief shall be settled and resolved through this Agreement and will not be part of any future permanent

2

injunction, subject to the following terms and conditions:

## I.   DEFINITIONS

As used throughout this Agreement the following definitions shall apply:

1.     "Class member" or "class members" applies to all minors to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic medications, including minors from contiguous countries who are not removed under the circumstances set forth in 8 U.S.C. § 1232(a)(2)(A) and who enter ORR custody.

2.     "Legal representative" refers to an attorney admitted and in good standing to practice before the highest court of any State or any Article III court of the United States, whether privately retained or funded through appropriation in furtherance of 8 U.S.C. § 1232(c)(5) or any other Act of Congress, and who enters an appearance for a class member in accordance with ORR's policies and procedures.

3.     "Effective date" is the date of final approval of the Agreement by the Court, in accordance with Paragraph 22.

4.     "Impeding" or "will impede" as it relates to class membership refers to an act or failure to act that is violative of this Agreement.

5.     "Party" or "Parties" applies to Defendants and Plaintiffs.

6.     "Plaintiff" or "Plaintiffs" applies to the named Plaintiffs and all class members as defined herein.

7.     "Termination Date" is the date upon which all terms of this Agreement will terminate, which shall be three years from the Effective Date, unless Paragraph 28 applies which allows for possible early termination.

## II.   TERMS OF SETTLEMENT

8.     Class members shall have the right to seek the assistance of a legal representative of their choice with respect to decisions involving their placement, release, custody, and/or the administration of psychotropic medications although ORR need not fund such representation.

3

9.     Legal representatives, including those directly funded by ORR, shall not be prohibited from representing class members with respect to placement, release, custody, and/or the administration of psychotropic medications. However, ORR is not required to fund such representation. ORR will not interfere with or take adverse action against a legal representative, or the program employing them, because such legal representative assists a class member using non-ORR funding with respect to placement, release, custody, and/or the administration of psychotropic medications.

10.     ORR shall implement policies and procedures such that class members' legal representatives are able to receive updates, excluding matters ORR is legally required not to disclose and other highly sensitive information (e.g., certain medical information) that the child has requested to remain confidential, on their client's placement, release, custody, and/or the administration of psychotropic medications from ORR promptly. Pre-notice of ORR's decisions on placement, release, custody, and/or the administration of psychotropic medications is not required.

11.     ORR will create and maintain a resource email box at UCLegalServicesSupport@acf.hhs.gov for complaints from legal representatives regarding emerging issues related to immediate performance of legal services at care provider facilities. ORR will collaborate with the regional organizational representative to address such emerging issues as needed.

12.     Upon a legal representative's request to ORR, ORR shall promptly provide the legal representative with the name and telephone number of all potential sponsors who have submitted a completed family reunification application to ORR for their client if the sponsor provides consent to release their information. Within 12 months of the Effective Date of this Agreement, ORR will send potential sponsors a form that offers sponsors the opportunity to consent to the release of their name and telephone number to the child's legal representative. The form will be sent to sponsors at the initiation of the family reunification process. In the interim, ORR shall promptly afford potential sponsors an opportunity to consent to the release of their name and

4

telephone number to a class member's legal representative upon the legal representative's request to ORR for the information. ORR will also provide each sponsor the name and contact information for the legal representative to which their information was released.

13.    Absent a reasonable belief based upon articulable facts that doing so would endanger a class member, ORR shall ensure that class members are allowed, upon request, to review, in the company of their legal representative, if any, such papers, notes, and other writings as they possessed at the time they were apprehended that are in ORR or an ORR care provider's possession. Notwithstanding the foregoing, ORR may, on a limited basis and only for a legal representative's representation of a specific class member, refuse to allow a class member's legal representative to review such papers, notes, and other writings as the class member possessed at the time they were apprehended upon a good faith belief based on articulable facts that a class member's legal representative will use such information to unreasonably obstruct or delay the class member's release to a sponsor. ORR may only make this decision on a case-by-case basis with respect to a legal representative's representation of a specific class member and only with the approval of the Federal Field Specialist ("FFS") with authority over the class member's placement. ORR shall not maintain a list of attorneys from whom it will categorically withhold such papers, notes, and other writings as the class member possessed at the time they were apprehended. In the event ORR refuses to allow a class member's legal representative to review such papers, notes, and other writings as the class member possessed at the time they were apprehended, it shall promptly advise the class member's legal representative of the reasons for such decision. The legal representative shall have the right to seek reconsideration from the FFS, and the FFS shall respond to the legal representative with the basis for the determination within seven calendar days, either telephonically or by electronic communication.

14.     Except as otherwise provided in the Court's Preliminary Injunction [Doc. #391] or such final judgment as the Court may enter, upon request, ORR shall provide a class member's legal representative with a full and complete copy of a class member's ORR case file, apart from any legally required redactions, within a reasonable time and no more than 40 calendar days after receiving an executed ORR case file request form.

15.     In the event a legal representative indicates on the ORR case file request form that the class member's file is needed on an expedited basis in order to prepare for a legal proceeding or matter, ORR shall, within seven calendar days (unless a shorter timeframe is required by the Court's preliminary injunction or such further injunction as the Court may enter), provide the class member's legal representative with the following information from its database, if relevant to the proceeding or matter:

a.      UC Assessment;

b.      UC Case Review (two most recent);

c.      Referral Information;

d.      Initial Intakes Assessment;

e.      Notice of Placement in a Restrictive Setting (if any for the current placement);[1]

f.      Completed Transfer Requests (if any for the current or prior placement) or Verification of Release;

g.      Potential sponsor contact information and completed Home Study report (if there is approval from the potential sponsor in writing);

h.      Individual Service Plan;

---

[1] As detailed herein, the Notice of Placement in a Restrictive Setting is automatically provided to the class member and their legal representative no later than 48 hours after step-up to a restrictive placement, as well as every 30 days the class member remains in a restrictive placement.

6

i.      SIRs for the current placement (where the child has 10 or more SIRs, the legal representative should specify if there are specific SIRs or types of SIRs that are requested in order for ORR to expeditiously process the request);

j.      UC identity documents;

k.      Reports of medical and psychological examinations (if any);

l.      Notice to Appear;

m.     Log of prescribed medications and corresponding consent forms; and

n.      Trafficking eligibility letter copy (if any).

16.     As used in paragraph 15, "expedited basis"[2] refers to any of the following situations:

a.      UC or released child has been reported missing to the National Center for Missing and Exploited Children;

b.      Child has a court hearing scheduled within 30 calendar days;

c.      Child is turning 18 years old in less than 30 calendar days;

d.      Child has an immigration court related bond hearing scheduled within 30 calendar days;

e.      Records are needed for the provision of medical services to the child;

f.      Records are needed for the child's enrollment or continued enrollment in school; and/or

g.      Records are needed for a Federal, State, or local agency investigation (i.e., OIG, GAO, State licensing or Child Protective Services, law enforcement not related to immigration enforcement) related to the subject of the request.

17.     The legal representative requesting a file on an expedited basis shall provide copies of documents supporting the reason(s) for the expedited request. ORR

---

[2] Nothing in this Agreement shall limit the right of, or timeline for, legal representatives to receive case files in conjunction with appeals related to placement and release decisions as required by the Court's order(s) regarding the First and Second Claims for Relief in Plaintiffs' First Amended Complaint.

7

may, on a limited basis and only for an attorney's representation of a specific class member, decline to expedite the release of a class member's information upon a good faith determination based on articulable facts that their counsel has engaged in a pattern of dilatory requests. ORR shall not maintain a list of attorneys to whom it will categorically refuse expedited access to such information. In the event ORR refuses to expedite a legal representative's access to information, it shall promptly advise the class member's legal representative of the reasons for such decision. The legal representative shall have the right to seek reconsideration from the Case File Team supervisor, and the Case File Team supervisor shall respond to the legal representative with the basis for the determination within seven calendar days, either telephonically or by electronic communication.

18.     ORR will automatically serve a class member's Notice of Placement ("NOP") on the class member's legal representative no later than 48 hours after step-up. ORR shall automatically serve a new NOP on a class member's legal representative every 30 days the class member remains in a restrictive placement.

19.     ORR shall ensure that all care provider facilities permit class members reasonable, confidential communication, both in person and telephonically, with their legal representatives.  When a minor requests an attorney, ORR will ensure that staff document the date of the request and any follow-up to that request, including but not limited to confirming that class members have received the list and contact information for pro bono attorneys serving that facility, and reasonable assistance to ensure that minors are able to successfully engage an attorney.

## III.     DISMISSAL OF PLAINTIFFS' FOURTH CLAIM FOR RELIEF

20.     Upon the District Court's approval of this Agreement, the Parties will, within ten calendar days jointly move to dismiss Plaintiffs' Fourth Claim for Relief with prejudice.

21.     Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Agreement and to promptly agree

8

upon and execute all other documentation as may be reasonably required to obtain final approval by the Court of the Agreement.

22.     This Agreement is effective only with Court approval. The Effective Date is the date of final approval of the Agreement by the Court.

23.     On the Effective Date, the Named Plaintiffs, the Class, and the Class Members, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners, and any persons they represent, shall be deemed to have fully, finally, and forever released, relinquished, and discharged, all claims for systemic declarative and injunctive relief presented in the Fourth Claim for Relief in Plaintiffs' First Amended Complaint arising or accruing against the Defendants on or before the Termination Date, as well as all claims for systemic declarative and injunctive relief based on an identical factual predicate as the Fourth Claim for Relief in Plaintiffs' First Amended Complaint arising or accruing against the Defendants on or before the Termination Date, even if such claims were not presented or might not have been presentable in this class action. The provisions of the preliminary injunction [Doc. # 391] that specifically address the "Legal Representation Class" are resolved through this Agreement and will not be part of any future permanent injunction.  Notwithstanding the foregoing, this Agreement does not release, relinquish, or discharge the First, Second, Third, and/or Fifth Claims for Relief in the operative First Amended Complaint, nor does it supersede any judgment or relief that the Court has entered or may enter or grant on those Claims for Relief, including the preliminary injunction [Doc. # 391]. In addition, all disputes regarding this Agreement arising before the Termination Date will be resolved in accordance with the dispute resolution process in Section IV.

24.     This Agreement is intended to provide a class-wide solution to matters covered by the Agreement.  Nothing in this Agreement is intended to limit the ability of any individual class member to obtain individual relief to which they would

9

otherwise be entitled under state or federal law.  Likewise, nothing in this Agreement
is intended to create an individual right of action to enforce this Agreement.

25.    This Agreement, whether or not executed, and any proceedings taken
pursuant to it —

a.    shall not be offered or received against any party as evidence of, or
construed as or deemed to be evidence of, any presumption, concession, or admission
by any of the parties of the truth in any fact or the validity of any claim that had been
or could have been asserted in the action or in any litigation, or the deficiency of any
defense that has been or could have been asserted in the action, or any liability,
negligence, fault, or wrongdoing of the Defendants; or any admission by the
Defendants of any violations of, or failure to comply with, the Constitution, laws or
regulations; and

b.    shall not be offered or received against the Defendants as evidence of a
presumption, concession, or admission of any liability, negligence, fault, wrongdoing,
or in any way referred to for any other reason as against the parties to this Agreement,
in any other civil, criminal, or administrative action or proceeding, other than in
proceedings to enforce this Agreement; provided, however, that if this Agreement is
approved by the Court, Defendants may refer to it and rely upon it to effectuate the
liability protection granted them hereunder.

26.    This Agreement does not constitute and shall not be construed or viewed
as an admission of any wrongdoing or liability by any Party.

27.    The Agreement shall be deemed null and void if the Court does not
approve the Agreement.

28.    This Agreement shall be superseded by subsequent enactment of
statute(s) or statutory amendments by the United States Congress governing class
members' access to legal representatives or by promulgation of regulations by HHS
governing class members' access to legal representatives that are consistent with this

10

Agreement. Either occurrence will terminate this Agreement, but only to the extent such statute(s), amendment(s), or regulations are consistent with this Agreement.

29.     All terms of this Agreement will terminate three years from the Effective Date unless Paragraph 28 applies which allows for early termination.

## IV.     DISPUTE RESOLUTION

30.     The Parties agree that insignificant deviations from the requirements set forth in this Agreement do not constitute class-wide noncompliance with the Agreement.

31.     The Parties agree that if Plaintiffs believe that Defendants are failing or have failed to comply with any term(s) of this Agreement on a class-wide basis, the process contained in this Paragraph 31 constitutes the sole and exclusive means to resolve disputes related to such claims of class-wide noncompliance with the term(s) of the Agreement.

a.     Should an issue regarding class-wide noncompliance arise, the Parties will confer with each other in a good faith effort to cure the issue(s). If informal resolution does not lead to complete and timely resolution, the Parties will utilize the procedures set forth in Paragraph 31 (b)–(f).

b.     If Plaintiffs assert that Defendants are failing or have failed to comply with any term(s) of this Agreement on a class-wide basis, Plaintiffs will give written notice ("Notice of Noncompliance") to Defendants that, with specificity, sets forth the details of the alleged noncompliance, including the specific provision(s) of this Agreement alleged to have been violated, and the reasons why Plaintiffs believe the provision(s) were violated.

c.     Upon issuance of a written Notice of Noncompliance, Defendants will have 30 calendar days from the date of such written notice to respond, and to describe the steps that Defendants will take, if any, to cure the alleged noncompliance.

d.     Following Defendants' response to the Notice of Noncompliance, Plaintiffs may either accept Defendants' response or may request a meet and confer to resolve the disagreement. A meet and confer will be held within 14 calendar days of

11

the request. At the meet and confer, the Parties agree to confer in good faith in an attempt to resolve their differences.

e.  If these steps do not resolve the differences between the Parties, the Parties agree to engage a neutral and detached mediator to mediate the dispute and/or make recommendation(s) to address the issue(s). The Parties agree that upon the request of any party for mediation by a mediator, the Parties will participate in mediation in good faith. The cost of a mediator shall be shared by the Parties equally. The Parties agree to first approach the Court-appointed monitor overseeing the settlement agreements related to Plaintiffs' Third and Fifth Claims for Relief to serve as the mediator.

f.  If mediation is unsuccessful and does not resolve the differences between the Parties, Plaintiffs may petition the Court to enforce the Agreement.

g.  Notwithstanding the foregoing, this Paragraph 31 does not address whether Plaintiffs must exhaust the dispute resolution process prescribed herein before seeking relief pursuant to Federal Rule of Civil Procedure 65(b). This agreement does not address whether any relief under Rule 65(b) is available.

32.  The Parties agree to work collaboratively to achieve the purpose of this Agreement.

## V.  NOTICE

33.  All counsel shall be informed promptly in the event that any substitution is to be made in counsel or representatives designated to receive notification under this Agreement, and the name and contact information for substitute counsel or designated representative shall be promptly provided to the opposing party. Contact information for the Parties is as follows:

PLAINTIFFS:

Carlos Holguín
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
crholguin@centerforhumanrights.org

12

Holly Cooper
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
hscooper@ucdavis.edu

Mishan Wroe
National Center for Youth Law
1212 Broadway, Suite 600
Oakland, CA 94612
mwroe@youthlaw.org

DEFENDANTS:

Benjamin Mark Moss
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
benjamin.m.moss2@usdoj.gov

Nancy K. Canter
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Nancy.K.Canter@usdoj.gov

Jonathan K. Ross
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Jonathan.k.ross@usdoj.gov

## VI.    NOTICE TO CLASS MEMBERS

34.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, within 30
days after signing this Agreement, the Parties will jointly move the Court to approve

13

and direct notice to the legal representation class, schedule a fairness hearing, and approve this Agreement.

35.    Within 45 days of the Court approval and direction of Notice, Defendants shall inform the public about the existence of this Agreement via ORR's website. The Parties shall pursue such other public dissemination of information regarding this Agreement as they may independently deem appropriate.

36.    Within 30 days of the Effective Date of this Agreement, Defendants shall distribute to ORR facilities receiving federal funds to provide shelter services to class members an electronic copy of this Agreement. If Defendants forward to their officers, employees, or agents any memorandum or instructions to implement this Agreement, they will within five business days forward copies of such memoranda or instructions to Plaintiffs' counsel. Defendants may redact privileged information from the copies of memoranda or instructions given to Plaintiffs' counsel.

37.    Within 30 days of the Effective Date of this Agreement, Defendants shall post in a prominent location at each facility in which ORR houses minors a current list of free legal services available to minors housed at such facility.

## VII.    ATTORNEYS' FEES AND COSTS

38.    Plaintiffs reserve their right to seek attorneys' fees and costs associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The Parties agree to meet and confer in a good faith effort to settle such fees and costs. This Agreement is without prejudice to Plaintiffs' right to seek future attorneys' fees and/or litigation costs in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## VIII.    CONSTRUCTION

39.    This Agreement constitutes the entire agreement among the Parties as to Plaintiffs' Fourth Claim for Relief and the "Legal Representation Class" provisions of the Court's Preliminary Injunction [Doc. # 391], and supersedes all prior agreements,

14

representations, warranties, statements, promises, covenants, and understandings, whether oral or written, express or implied, with respect to the subject matter thereof.

40. This Agreement is an integrated agreement at the time of authorization and modification and may not be altered, amended, or modified except in writing executed by Plaintiffs and Defendants.

41. If any provision of this Agreement is declared invalid, illegal, or unenforceable in any respect, the remaining provisions shall remain in full force and effect, unaffected and unimpaired.

42. This Agreement may be executed in a number of identical counterparts, all of which shall constitute one agreement, and such execution may be evidenced by signatures delivered by electronic transmission.

43. Titles and headings to Articles and Sections herein are inserted for convenience and reference only and are not intended to be part of, or to affect the meaning or interpretation of, this Agreement.

44. Counsel for the Parties, on behalf of themselves and their clients, represent that they know of nothing in this Agreement that exceeds the legal authority of the Parties or is in violation of any law. Defendants' counsel represents and warrant that they are fully authorized and empowered to enter into this Settlement on behalf of the Secretary of HHS and acknowledge that Plaintiffs enter into this Agreement in reliance on such representation. Plaintiffs' counsel represents and warrants that they are fully authorized and empowered to enter into this Agreement on behalf of Plaintiffs, and acknowledge that Defendants enter into this Agreement in reliance on such representation. The undersigned, by their signatures on behalf of Plaintiffs and Defendants, warrant that upon execution of this Agreement in their representative capacities, their principals, agents, assignees, employees, successors, and those working for or on behalf of Defendants and Plaintiffs shall be fully and unequivocally bound hereunder to the full extent authorized by law.

15

Dated: November 2, 2023

Attorneys for Plaintiffs

CARLOS R. HOLGUÍN
Center for Human Rights & Constitutional
Law

HOLLY S. COOPER
CARTER C. WHITE
U.C. Davis School of Law Immigration Law
Clinic

BRENDA SHUM
POONAM JUNEJA
FREYA PITTS
MISHAN WROE
MELISSA ADAMSON
DIANE DE GRAMONT
National Center for Youth Law

Cooley LLP
SUMMER J. WYNN

Attorneys for Defendants

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
United States Department of Justice
Civil Division

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation

SARAH S. WILSON
Assistant Director

BY: /s/  BENJAMIN MOSS   Digitally signed by BENJAMIN MOSS
Date: 2023.11.02 14:11:02 -04'00'

BENJAMIN MARK MOSS
NANCY K. CANTER (263198)
Senior Litigation Counsel

JONATHAN K. ROSS
ANTHONY MESSURI

16

STIPULATED SETTLEMENT
CASE NO. 2:18-CV-05741 DMG PLA

Exhibit B
Page 69

Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202-616-9344)
ernesto.h.molina@usdoj.gov

17