# Exhibit E



United States District Court
*Lucas R. v. Azar*
Case No. 2:18-CV-05741

# Class Action Notice

## *Authorized by the U.S. District Court*

**To All Children in Office of Refugee Resettlement (ORR) Custody and Who are Experiencing or Will Experience Obstacles to Accessing Legal Assistance Related to Their Placement, Release, and/or the Use of Psychotropic Medication**

**If this notice is posted in a facility where you are currently living, then it may apply to you. Please read this notice carefully.**

[links to translated versions of notice]

### Why am I seeing this notice?

You might be a "Class Member" in a lawsuit called *Lucas R. v. Azar*, Case no. 2:18-cv-05741-DMG-PLA (C.D. Cal.). This lawsuit is for children in Office of Refugee Resettlement (ORR) custody and is partly about how ORR allows and helps you talk to and work with lawyers to help you with your placement, release, and special medicines called psychotropic medications.

If you are a child in ORR custody and you have experienced or will experience obstacles to talking to your attorney or giving information to your attorney about your placement, release, and psychotropic medications, then you are a "Class Member."

There is a Proposed Settlement that will end this lawsuit without a trial. If you are a "Class Member," this could affect you. This notice explains more about what the lawsuit is about, what the Proposed Settlement says, how you can read the Proposed Settlement, and how you can tell the Judge in charge of the case what you think about the Proposed Settlement.

## Court Hearing

### How can I tell the Judge what I think of this Proposed Settlement?

You can write a letter with your thoughts about the Proposed Settlement, participate by phone or video in the Court hearing and speak to the Judge directly, or do both.

On _____, 2023, there will be a court hearing before Judge Dolly Gee of the United States District Court for the Central District of California.  Judge Gee will decide whether to approve the settlement.  Judge Gee can only approve the Proposed Settlement if she finds it fair, reasonable, and adequate.

**You may virtually participate in the Court hearing and tell the Judge what you think about the Proposed Settlement.**

- **Hearing Time:** [X]
- **Location:** United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor or virtually [Insert Zoom Info]

There are directions below about how to send a letter about your thoughts on the Proposed Settlement.  You can get more information and ask questions by following the directions below.  Please do not call or contact Judge Gee or the Clerk of the Court about the Proposed Settlement.

## Learning About the Lawsuit

### Who is Involved in this Lawsuit?

This case is for children in ORR custody that ORR is blocking, or will block in the future, from getting help from lawyers with their placement, release, and psychotropic medications.  They are called the "Class" or "Class Members."  "Psychotropic medication" is a type of medication that treats mental, emotional, or behavioral conditions and changes behavior, mental processes, or emotions/moods.

**What is a class action lawsuit?**

In a class action lawsuit, one or more people can sue for a group (called a "Class") who have similar claims.

Two organizations, San Fernando Valley Refugee Children Center, Inc. and Unaccompanied Central American Refugee Empowerment also sued.  Together, the Class and these organizations are called the "Plaintiffs."  This lawsuit is brought against the Office of Refugee Resettlement. They are called the "Defendants" or "ORR."

### What is this Lawsuit About?

This lawsuit is about whether ORR makes it harder for children to speak with and work with lawyers to help with their placement, release, and/or psychotropic medications.

Plaintiffs claim that ORR makes it harder for children to get legal help with these important matters.  Plaintiffs say that these practices violate the legal rights of children in the Class.  The Defendants disagree.  The lawsuit asked the court to require ORR to make improvements.

## What Does the Proposed Settlement Do?

Instead of going to trial, the Plaintiffs and Defendants have met many times to negotiate a "Proposed Settlement" to fix the issues the Plaintiffs have raised.  The Parties have asked Judge Gee to approve the Proposed Settlement for the Class.

This notice is a summary of the Proposed Settlement.  The Proposed Settlement is a plan for ORR to improve its practices related to getting legal help.  These improvements include the following new procedures:

**Full Agreement**

You have the right to review the entire Proposed Settlement. To get a copy of the Proposed Settlement, please follow the instructions below or visit the National Center for Youth Law website at [LINK]

| | |
|---|---|
| **Access to Lawyers** | This Agreement says that you have the right to look for legal help from a lawyer you choose for decisions about placement, release, custody, and/or psychotropic medications. ORR is not required to pay for your lawyer.  ORR cannot interfere with your relationship with your lawyer. |
| **Access to Documents** | ORR will create policies and procedures to make sure lawyers get updates about their clients' cases and can see their case files.  ORR will also give lawyers case files quickly to help prepare for legal proceedings. |

## Ending the Proposed Settlement

ORR must continue to do the things required by the Proposed Settlement for three years after the Judge approves the Proposed Settlement.  The Settlement may end early if ORR finalizes regulations that have the same

terms as the Settlement.

The lawsuit does not request any money damages, so the Proposed Settlement does not include payment of any money damages to any Class Members.  It only requires the changes summarized above.

## Attorneys' Fees

Plaintiffs' lawyers can ask Defendants to pay attorneys' fees and expenses. Plaintiffs' lawyers will not ask for any payment from you and Class Members will not owe any money, costs, or fees because of this lawsuit.

## Deciding What You Want to Do

## What are my options?

**You don't have to do anything, but you have the right to tell the Judge what you think about the Proposed Settlement to help the Judge decide whether to approve it.** You can do this by sending written comments, virtually participating in the Final Approval Hearing, or both. Instructions on how to do this are below.

| Comment or Object | If you do not think that the Judge should approve the Proposed Settlement, you can "object" and tell the Judge why. |
| --- | --- |
| | If you do think that the Judge should approve the Proposed Settlement or you have other thoughts about whether she should approve the Proposed Settlement, you can "comment." |
| | You can comment or object to the Proposed Settlement by sending your thoughts in writing, via regular mail, to |

| | the Plaintiffs' lawyers, who will share your thoughts with the Court. |
|---|---|
| | If you want to comment or object, please tell a staff member at your facility and they will give you paper, a pen or pencil, and an envelope and a stamp. Please sign your letter and write down the date. You can then give the letter to a staff member, and it will be mailed for you. |
| | **Address the envelope to:** |
| | Mishan Wroe, National Center for Youth Law, 1212 Broadway, Suite 600, Oakland, California 94612 |
| | **To be on time, you must mail your letter no later than: [DATE]. If you do not send your letter by this date, you will lose your right to object**. |
| | You can also send comments by email to lucasrsettlement@youthlaw.org or by phone to 800-266-7313. |
| | Plaintiffs' lawyers will share your comments with the Judge and Defendants before the hearing. |
| **Virtually Participate in the Fairness Hearing** | There will be a public hearing for the Judge to decide if the Proposed Settlement is fair, reasonable, and adequate. The hearing will be at __ [A.M./P/M/] on [DATE]. |
| | If you send a comment, you may virtually participate in the hearing to share your comments with the Judge, but you are not required to. If you send a comment and want to virtually participate, ask a staff member to help you participate. After the hearing, the Court will make a final decision about whether the agreement should be approved.  The Judge can only approve or reject |

the Proposed Settlement and is not allowed to change the Proposed Settlement.

If the date, time, or location of the hearing changes, or if any other information about the hearing changes, the new information will be posted on the National Center for Youth Law website at: [LINK]. This website is the only place new hearing information will be shared.

Unless the Judge decides to make an exception, the Judge will only consider objections sent by [DATE].

## How Can I Get More Information or Ask Questions?

A copy of the Proposed Settlement and other useful information, including how to participate in the hearing, is available at [web address]. You can also ask a staff member for a copy of the Proposed Settlement. You can also contact the National Center for Youth Law directly with any questions or to request a copy of the Proposed Settlement by mail at: Mishan Wroe, National Center for Youth Law, 1212 Broadway, Suite 600, Oakland, California 94612, or by email or phone at: lucasrsettlement@youthlaw.org or 800-266-7313.

**\*\*Please do not call Judge Dolly Gee or the Clerk of the Court\*\***

*Judge Dolly Gee and the Clerk of the Court will not be able to answer specific questions about the lawsuit or the Proposed Settlement. But you can look at any public materials that have been filed with the Court. You can ask for these records from the Office of the Clerk of the U.S. District Court for the Central District of California, Western Division at 255 East Temple Street, Suite 180, Los Angeles, CA 90012. The Clerk's Office counter is open 9 am – 4 pm, Monday through Friday, except federal holidays. You can also look at the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic*

*Records (PACER) system at https://pacer.uscourts.gov/. To look at public materials in this case, use Case No. 2:18-cv-05741-DMG-PLA.*