BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ERNESTO H. MOLINA, JR.
Deputy Director
BENJAMIN MARK MOSS
NANCY K. CANTER
Senior Litigation Counsel
JONATHAN K. ROSS
ANTHONY J. MESSURI
Trial Attorneys
SARAH S. WILSON
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4700
Sarah.S.Wilson@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucas R., *et. al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>Xavier Becerra,<br>Secretary of U.S. Dep't of Health and Human Services, *et al.*,<br><br>　　　　　*Defendants*. | Case No.: 18-cv-05741-DMG-BFM<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN EXTENSION OF TIME TO FILE RESPONSE TO MOTION**<br><br>**Memorandum and Points of Authority in Support of** ***Ex Parte*** **Application**<br><br>Honorable Dolly M. Gee<br>Chief United States District Judge |

Defendants submit this *ex parte* application, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and Local Rule 7-19, for a 28-day extension of time—until May 10, 2024—to file their response to Plaintiffs' Motion for Declaratory Judgment, Permanent Injunction, and Entry of Final Judgment, and to re-notice the motion hearing for May 31, 2024. Defendants' response is currently due April 12, 2024. This is Defendants' first request for an extension of the response deadline. The application is supported by the attached Memorandum of Points and Authorities, the Declaration of Sarah Wilson, and the Declaration of Jenifer Smyers.

There is good cause for the *ex parte* application. An extension of time is appropriate because the agency anticipates promulgation of its Foundational Rule in the near future. By no later than April 30, 2024, the Department of Health and Human Services (HHS) plans to have a final rule signed and submitted to the Federal Register for publication. Smyers Decl., ¶ 4. The Foundational Rule will provide many protections for unaccompanied children in the custody of HHS's Office of Refugee Resettlement (ORR); while HHS cannot discuss the contents of the final rule prior to its publication, the proposed rule would have codified many provisions of the final injunction, and HHS has considered Plaintiffs' Counsel's comments in crafting the final rule. The final rule is directly relevant to the relief sought by Plaintiffs' motion. Accordingly, following publication of the Foundational Rule, Defendants anticipate filing a motion seeking dissolution of the preliminary injunction. Consideration of the final rule's contents will be essential for the Court to determine whether permanent injunctive relief is warranted here. A short delay in briefing Plaintiffs' motion will not prejudice Plaintiffs and is necessary for the Court to fully consider the issue. In the meantime, Defendants are continuing to operate under and comply with the Court's preliminary injunction, which affords class members the very same protections Plaintiffs seek to make permanent in their motion. Thus, there is no prejudice from the brief requested delay.

Pursuant to Local Rule 7-19.1, on March 18, 2024, Defendants informed Plaintiffs' counsel of their intent to request an extension if Plaintiffs filed their motion prior to the publication of the final rule. The parties met and conferred on Plaintiffs' motion and Defendants' extension request on March 21, 2024. Though Defendants were not able to give a firm publication date, Defendants explained to Plaintiffs that they anticipated the final rule being published sometime in April 2024 and recommended that Plaintiffs delay filing until Plaintiffs had an opportunity to review the final rule. Plaintiffs indicated that they would consider the matter further and follow up with their position. Defendants requested that, if Plaintiffs decided to file their motion, Plaintiffs share their position on Defendants' extension request prior to filing. Instead, on April 5, 2024, Plaintiffs filed their motion without any further communication on this topic. On April 7, 2024, Defendants requested Plaintiffs' position on Defendants' request for an extension. On April 8, 2024, Plaintiffs indicated that they oppose Defendants' request for an extension of time.

| | |
|---|---|
| Dated: April 8, 2024 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | ERNESTO H. MOLINA, JR.<br>Deputy Director |
| | BENJAMIN MARK MOSS<br>NANCY K. CANTER<br>Senior Litigation Counsel |
| | ANTHONY J. MESSURI<br>JONATHAN K. ROSS<br>Trial Attorneys |
| | */s/ Sarah Wilson*<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 532-4700<br>Sarah.S.Wilson@usdoj.gov |
| | *Counsel for Defendants* |

Defendants' *Ex Parte* Application for Extension of Time         3

**Memorandum and Points of Authority in Support of *Ex Parte* Application**

There is good cause for granting Defendants' request for a 28-day extension of the deadline for Defendants to file a response to Plaintiffs' motion seeking to convert the Court's August 30, 2022 preliminary injunction order to a permanent injunction. On October 4, 2023, the Department of Health and Human Services (HHS) issued a notice of proposed rulemaking (NPRM), which proposes a comprehensive framework for protecting unaccompanied children in the custody of HHS's Office of Refugee Resettlement (ORR). The final rule, which HHS intends to have signed and submitted to the Federal Register for publication by April 30, 2024, is anticipated to directly impact the claims at issue in this litigation. HHS intends for the Foundational Rule to, among other things, implement the *Flores* Settlement Agreement, codify the *Lucas R.* preliminary injunction requirements, and provide many more additional protections to unaccompanied children in ORR's custody.[1] Smyers Decl., ¶ 2. The short delay has the potential to allow the Court to consider these issues in one set of briefing (with the benefit of complete information regarding the scope and content of the Foundation Rule) and avoid unnecessary briefing on these issues. The requested extension will not prejudice class members, who continue to be protected by the preliminary injunction order. Accordingly, Defendants respectfully request that the Court grant the ex parte application.

**I.   Relevant Background**

On August 30, 2022, the Court issued a preliminary injunction on Plaintiffs' claims for the step-up, unfit custodian, and legal representation classes. ECF 391. The preliminary injunction went into effect in late 2022, and "will remain in effect until final judgment is entered." *Id.*; ECF 399. In the preliminary injunction, the Court ordered that HHS:

---

[1] Defendants cannot divulge specifics regarding the content for this or any other regulation, as the draft rule and its contents remain pre-decisional, deliberative, and subject to change as the draft rule proceeds through final review.

Defendants' *Ex Parte* Application for Extension of Time                                            1

- Provide additional notice and appeal procedures in connection with decisions: (1) not to release a child to a proposed sponsor; and (2) stepping up or continuing to hold a child in a restrictive placement. Specifically, the Court ordered ORR to extend the notice and appeal procedures ORR affords Category 1 proposed sponsors (parents and legal guardians) to Category 2 proposed sponsors (other close relatives).
- Conduct automatic review of Family Reunification Applications (FRAs) every 90-days, requiring that the ORR Director (or a designee) review denials of FRAs submitted by Category 1 or Category 2 proposed sponsors within 10 or 14 days, respectively.
- Institute new procedures in connection with: (1) access to counsel at no cost to the Government to challenge ORR decisions concerning release and step-up; (2) notice automatically provided to counsel; and (3) case files provided to counsel upon request.

ECF 391; *see also* ECF 394 (granting joint request to correct injunction under Rule 60(a)).

On October 4, 2023, HHS published a notice of proposed rulemaking (proposed rule) to replace and supersede regulations at 45 CFR part 410 and to codify policies and requirements concerning the placement, care, and services provided to unaccompanied children referred to ORR. 88 Fed. Reg. 68908. The purpose of the new and more comprehensive Rule is to establish a foundation for the Unaccompanied Children Program that is consistent with ORR's statutory duties, for the benefit of unaccompanied children and to enhance public transparency as to the policies governing the operation of the Unaccompanied Childrens Program. Included within the programmatic requirements proposed by NPRM are provisions incorporating the preliminary injunction. *See, e.g.*, 88 Fed. Reg. 68931, 68984-86, 68959.

Defendants' *Ex Parte* Application for Extension of Time        2

During a 60-day public comment period, which expired on December 4, 2023, the agency received more than 73,000 comments, including a lengthy comment from class counsel. *See* Plaintiffs' public comments to the Rule, https://www.regulations.gov/comment/ACF-2023-0009-58376 (last accessed April 7, 2024). The agency is obligated to respond to all "significant" comments received during the comment period, including those of class counsel, and is in the process of doing so. 5 U.S.C. § 553(c); *see Am. Mining Congress v. U.S. EPA*, 965 F.2d 759, 771 (9th Cir. 1992) (defining significant comments are "those which raise relevant points and which, if adopted, would require a change in the agency's proposed rule").

By no later than April 30, 2024, HHS plans to have a final rule signed and submitted to the Federal Register for publication. Smyers Decl., ¶ 4. This is consistent with the current version of the Unified Agenda of Federal Regulatory and Deregulatory Actions, a semi-annual publication required by the Regulatory Flexibility Act, 5 U.S.C. 602, lists an expected publication date for the final rule in April 2024.[2] The agency submitted the final rule for review by the Office of Information and Regulatory Affairs (OIRA) on March 5, 2024.[3] For significant rules (like this one), review by OIRA is typically the final stage of the review process before the rule is published in the Federal Register. Executive Order 12,866, Regulatory Planning and Review, 58 FR 51735 (1993). OIRA review will ordinarily be completed within 45-90 days, *id.*, ¶ 6. There is, therefore, good reason to believe a final rule will be issued very soon.

---

[2] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202310&RIN=0970-AC93 ("Final action date: 4/00/2024") (last visited April, 7, 2024).

[3] https://www.reginfo.gov/public/jsp/EO/eoDashboard.myjsp?agency_cd=0900&agency_nm=HHS&stage_cd=4&from_page=index.jsp&sub_index=0 ("RECEIVED DATE: 3/5/2024") (last visited April 7, 2024).

## II. There is good cause for the extension.

The anticipated rulemaking provides a compelling basis for extending Defendants' deadline to respond to Plaintiffs' premature motion. The requested extension will allow the Court to consider Plaintiffs' motion in the context of the panoply of procedural protections afforded to the classes under the proposed rule. Consideration of those protections in the final Rule will be necessary to determine whether injunctive relief is an appropriate remedy for Plaintiffs' claims. Indeed, if the Court does not grant an extension, the parties are likely to brief this issue in supplemental briefing or through the filing of additional motions. There are also compelling reasons for allowing the public regulatory process to play out ahead before subjecting the government to nationwide permanent injunctions. This is particularly true where the classes will enjoy the very same protections in the interim period and will not be prejudiced by the delay.

First, there is every reason to believe that the promulgation of a final rule would meaningfully assist in the Court's resolution of Plaintiffs' motion. In the interest of judicial economy, the Court should wait to receive additional filings on this issue until it can be fully briefed with all relevant information. *See, e.g.*, *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996) (observing that when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court "lacks the ability to grant effective relief").[4] An extension of time to respond is likely to avoid unnecessary briefing, and conserve judicial resources, and

---

[4] Although the parties have not reached agreement on this extension, the parties seem to agree that to the extent the final rule ultimately provides the same protections as the preliminary injunction, injunctive relief will not be necessary. It is the recollection of undersigned counsel Benjamin Mark Moss and Jonathan K. Ross that at the parties' March 21, 2024 meet-and-confer, Plaintiffs' counsel Carlos Holguin advised Defendants' counsel to this effect. If Defendants' understanding of Plaintiffs' position on that point is mistaken, Defendants would welcome clarification.

Defendants' *Ex Parte* Application for Extension of Time                    4

allow the parties to focus on the upcoming fairness hearing. When the anticipated final rule is published, the parties will need to address the contents of the rule and brief the appropriateness of classwide relief on these claims (whether preliminary or permanent) in light of the contents of the rule. The requested extension will streamline that briefing and allow the parties to brief the issue with the benefit of the final rule language.

*Second,* there should be a strong preference for having these matters managed through the public rulemaking process, rather than through permanent nationwide judicial orders. Nationwide injunctions are an increasingly disfavored form of relief, particularly where nationwide relief is not necessary to protect the litigants. *See, e.g.*, *California v. Azar*, 911 F. 3d 558, 582 (9th Cir. 2018) ("Although there is no bar against nationwide relief in federal district court or circuit court, such broad relief must be *necessary* to give prevailing parties the relief to which they are entitled. (emphasis in original) (cleaned up)); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."). Conversely, the rulemaking process is designed to allow for the democratic participation in the agency rulemaking process.[5] HHS should be permitted to address class counsel's public comments, and adopt any appropriate changes if warranted, in the first instance. Only then should the Court consider whether it needs to enter a permanent nationwide injunction.

---

[5] *See, e.g.,* Jim Rossi & Kevin M. Stack, *Representative Rulemaking*, Iowa 109 L. Rev. 1, 3 (2003); Nina A. Mendelson, *Democracy, Rulemaking, and Outpourings of Comments*, The Regulatory Review (Dec. 20, 2021), https://www.theregreview.org/2021/12/20/mendelson-democracy-rulemaking-and-comments/; Donald J. Kochan, *The Commenting Power: Agency Accountability Through Public Participation*, 3 Okla. L. Rev. 3, 609 (2018).

Finally, Plaintiffs will not be prejudiced by the delay. The preliminary injunction remains in place and will remain in place until the government can justify its vacatur. Plaintiffs do not allege any prejudice associated with a delay, but instead appear to oppose the extension based on their unfounded speculation that their comments to the proposed rule may not be addressed by the agency or that the final rule might not be published as scheduled. *See* ECF 422-1 at 4 n.1. This is an insufficient basis for asking the Court to prematurely rule on a motion without the benefit of all relevant information. Accordingly, there is no prejudice, and there is significant benefit, in waiting to receive further briefing on this issue.[6]

For these reasons, Defendants respectfully request that the Court grant a 28-day extension of Defendants' briefing deadline, and re-notice the hearing on Plaintiff's Motion for Declaratory Judgment, Permanent Injunction, and Entry of Final Judgment for May 31, 2024.

---

[6] Plaintiffs fail to explain why they believe judgment on all claims must be entered at the fairness hearing. Entry of final judgment on all claims was, notably, not a term of the settlement agreements. To the extent Plaintiffs have concerns about the case proceeding on two tracks, it is hard to understand that concern given the trifurcated nature of the litigation to date. In any event, parties often settle and litigate claims on different tracks. For the reasons discussed in this motion, there is good reason to follow that approach here.

Defendants' *Ex Parte* Application for Extension of Time         6

| | |
|---|---|
| Dated: April 8, 2024 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | ERNESTO H. MOLINA, JR.<br>Deputy Director |
| | BENJAMIN MARK MOSS<br>NANCY K. CANTER<br>Senior Litigation Counsel |
| | ANTHONY J. MESSURI<br>JONATHAN K. ROSS<br>Trial Attorneys |
| | */s/ Sarah Wilson*<br>SARAH WILSON<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 532-4700<br>Sarah.S.Wilson@usdoj.gov |
| | *Counsel for Defendants* |

# CERTIFICATE OF COMPLIANCE

I, the undersigned counsel of record for Defendants, certify that this motion contains 2,683 words and 7 pages, which complies with the word and length limits permitted in this Court's Standing Order.

Dated: April 8, 2024                    Respectfully submitted,

                                        s/ Sarah Wilson
                                        Assistant Director
                                        Office of Immigration Litigation
                                        United States Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I electronically transmitted the forgoing document to the Clerk for the United States District Court for the Central District of California using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through the CM/ECF system. I will also transmit copy of this filing by email.

                                        Respectfully submitted,

                                        s/ Sarah Wilson
                                        Assistant Director
                                        Office of Immigration Litigation
                                        United States Department of Justice