UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS R., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, Secretary of U.S. Department of Health and Human Services, *et al.*, <br><br> Defendants. | Case No. CV 18-5741-DMG (BFMx) <br><br> **ORDER RE DEFENDANTS' MOTION TO DISMISS, PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT, AND PARTIES' CROSS-MOTIONS FOR FINAL JUDGMENT [440, 441]** |

Presently before the Court are Defendants' Motion to Dismiss Plaintiffs' first and second claims for relief and Plaintiffs' Motion for Declaratory Judgment on the same claims. [Doc. ## 440 ("Defs.' MTD"), 441 ("Pls.' Notice of MDJ").] Both sides also move for entry of final judgment in this action. The motions are fully briefed. [Doc. ## 442 ("Pls.' MDJ & MTD Opp."), 444 ("Defs.' MTD Reply & MDJ Opp."), 445 ("Pls.' MDJ Reply").] The Court held a hearing on September 13, 2024. For the reasons set forth below, the Court **DENIES** Defendants' MTD, **GRANTS** Plaintiffs' MDJ, and enters final judgment.

# I.
# FACTUAL AND PROCEDURAL BACKGROUND[1]

Class members are unaccompanied non-citizen minors detained by the Office of Refugee Resettlement ("ORR") of the Department of Health and Human Services ("HHS"). The class members in this action are also class members in the related action, *Flores v. Garland*, No. CV 85-4544-DMG (AGRx) (C.D. Cal.). In this action, the class challenged ORR's policies and practices concerning: (1) the placement of children in restrictive facilities without adequate notice (the "step-up" claim), (2) the refusal to release children to family members because the family member was allegedly "unfit" (the "unfit custodian" claim), (3) the administration of psychotropic medication to children without sufficient procedural safeguards (the "psychotropic medications" claim), (4) the interference with children's ability to obtain legal assistance with respect to their custody, placement, and release (the "legal representation" claim), and (5) the placement of children in restrictive facilities solely because of their disabilities (the "disability" claim).

On March 11, 2022, the Court granted in part and denied in part the parties' cross-motions for summary judgment ("MSJ"). [Doc. # 376 ("MSJ Order").] In doing so, the Court granted partial summary judgment to Plaintiffs on the due process allegations of the Step-Up and Unfit Custodian classes and partial summary judgment to Defendants on the TVPRA[2]/APA allegations of the same classes. On August 30, 2022, the Court issued a preliminary injunction to effectuate the MSJ Order. [Doc. # 391 ("PI").]

---

[1] A detailed discussion of the factual and procedural background in this matter up until summary judgment is included in the Court's March 11, 2022 Summary Judgment Order, and is incorporated herein by this reference. [Doc. # 376 ("Ord. re MSJs").] The Court will therefore provide only an abbreviated version of the background here.

[2] William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457 (codified in principal part at 8 U.S.C. § 1232).

In November 2023, the parties informed the Court that they had reached a partial settlement and moved for preliminary approval of the settlements on Plaintiffs' third, fourth, and fifth claims. [Doc. # 408 ("MPA").] The Court entered final approval of the settlements on May 3, 2024 and dismissed Plaintiffs' third, fourth, and fifth claims for relief. [Doc. # 433.] The Court did not enter final judgment on those claims, however, because the Federal Rules of Civil Procedure disfavor the entry of partial judgment in an action when all claims have not yet been resolved. *See* Fed. R. Civ. P. 54(b).

HHS promulgated the Unaccompanied Children Program Foundational Rule ("Foundational Rule" or "Rule") in April 2024, and the Rule went into effect on July 1, 2024. *See* 89 Fed. Reg. 34,384 (promulgated April 30, 2024) (codified at 45 C.F.R. pt. 410). On July 2, 2024, the parties filed, and the Court approved, a Joint Stipulation to dissolve the Court's August 2022 PI, based on the fact that the Rule fully implemented the terms of the Court's PI. [Doc. # 438.]

Defendants now move to dismiss Plaintiffs' remaining two claims, arguing that they have been rendered moot by the Foundational Rule. Plaintiffs oppose the motion to dismiss and request that the Court enter a declaratory judgment incorporating its March 2022 summary judgment order.

## II.
## LEGAL STANDARDS

### A. Mootness

A claim becomes moot if it has been remedied independent of the court. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). Nonetheless, "[i]t is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). For voluntary cessation to moot a case, the defendant arguing mootness "bears [a]

formidable burden of showing that it is *absolutely clear* the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190 (emphasis added). The defendant arguing mootness also must show that "any effects of the alleged violation must be permanently reversed." *Health Freedom Def. Fund, Inc. v. Carvalho*, 104 F.4th 715, 722 (9th Cir. 2024) (citing *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)). Further, this "formidable burden" "holds for governmental defendants no less than for private ones." *Id.* (quoting *FBI v. Fikre*, 601 U.S. 234, 241 (2024)).

**B.  Declaratory Relief**

Under the Declaratory Judgment Act, courts may only grant declaratory relief to resolve a "case of actual controversy" between interested parties. 28 U.S.C. § 2201(a). That phrase refers to the "type of 'Cases' and 'Controversies' that are justiciable under Article III." *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Even when a plaintiff alleges sufficient facts to establish a justiciable controversy, courts have the discretion to determine whether declaratory relief is necessary or proper. *See* 28 U.S.C. 2201; *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts."). Declaratory relief may be appropriate where: (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (citation and internal quotation marks omitted). Although Federal Rule of Civil Procedure 57 states that "the existence of another adequate remedy does not preclude a declaratory judgment," "the availability of other adequate remedies *may* make declaratory relief inappropriate[.]" Fed. R. Civ. P. 57; *United Safeguard Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 960–61 (C.D. Cal. 2015).

# III.
# DISCUSSION

## A.     Mootness

As a preliminary matter, the Court must address Defendants' contention that they are entitled to a "presumption of mootness" pursuant to the Ninth Circuit's decision in *Board of Trustees of Glazing Health & Welfare Trust v. Chambers*. *See* 941 F.3d 1195, 1199 (9th Cir. 2019). In *Glazing*, the court distinguished between voluntary cessations by private parties and legislative bodies, concluding that while voluntary cessations by private parties were unlikely to render a case moot, voluntary cessations by legislative bodies—via passage of legislation—are entitled to a "presumption of mootness." *Id.* Here, Defendants argue that they—via implementation of the Foundational Rule—are entitled to a presumption of mootness on Plaintiffs' first two claims and that Plaintiffs therefore bear the burden of overcoming that presumption. Defs.' MTD at 19.[3]

This argument fails for two reasons. First, ORR, the agency responsible for the Foundational Rule, is not a "legislative body." *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213 (1976) ("The rulemaking power granted to an administrative agency . . . is not the power to make law."). Second, *Glazing* was decided prior to the Supreme Court's decision in *Fikre*, where the Court explained that "governmental defendants" bear the same "formidable burden" as private defendants when attempting to prove mootness. *See Fikre*, 601 U.S. at 241. Although the Supreme Court did not address *Glazing* in its *Fikre* decision, there is at least some tension between the two opinions. *See Chang v. Cnty of Siskiyou*, --- F. Supp. 3d --- (E.D. Cal. Aug. 21, 2024). Nonetheless, to the extent the Court must resolve this tension in order to reach a decision here, the Court finds it possible to harmonize the two by interpreting *Glazing* to apply to legislative bodies (e.g., state legislatures, Congress) and *Fikre* to apply to other government entities (e.g., executive or agency action)—but in both instances, the overarching consideration is whether there is a reasonable expectation that the

---

[3] Page citations herein refer to the page numbers inserted by the CM/ECF system.

challenged action or conduct or something similar will not recur. Defendants are not entitled to a presumption of mootness under the circumstances of this case, where the regulation has been in place for little more than two months and already there has been an effort on the part of some members of Congress to undermine it.

Without a presumption of mootness, Defendants are unable to overcome their "formidable" burden because it is not clear that "[all] effects of the alleged violation[s] [are] *permanently* reversed." *See Health Freedom*, 104 F.4th at 722 (emphasis added). Although the Court commends Defendants on the promulgation of the Foundational Rule, it is nonetheless true that the Rule's "permanence" is not guaranteed at this time. *See* Pls.' MDJ Reply at 8. The Court assumes the Government has "act[ed] in good faith," but through no fault of Defendants', 46 senators have introduced a joint resolution pursuant to the Congressional Review Act ("CRA") providing for congressional disapproval of the Foundational Rule. *See Rosebrock v. Mathis*, 745 F.3d 963, 974 (9th Cir. 2014). Although Defendants attempt to downplay the significance of the CRA, if the CRA joint disapproval were approved by both houses of Congress and signed by the President, the Rule could be wholly terminated or prevented from being given its full effect. *See* 5 U.S.C. § 802. If this occurred after the Court's dismissal of Plaintiffs' first two claims, minors in ORR custody would be left without the important protections they recently obtained in this case.[4] Thus, with the CRA resolution pending, the Court cannot conclude that it is "absolutely clear" that there is no reasonable expectation of recurrence.

In light of the foregoing, the Court **DENIES** Defendants' MTD.

---

[4] The Court employed a similar reasoning in its recent *Flores* decision conditionally terminating the *Flores* Settlement Agreement ("FSA") as to HHS, in light of the Foundational Rule: "If the Court relinquishes jurisdiction over HHS due to the Foundational Rule and Congress subsequently enacts this joint resolution, *Flores* class members in ORR custody could be left without *any* protections—which would be contrary to the terms of the FSA. The Court's termination of the FSA as to HHS is therefore conditional on there not being a recission of those regulations, such as the Foundational Rule, in a manner inconsistent with the FSA." *Flores v. Garland*, No. CV 85-4544-DMG (AGRx), 2024 WL 3467715 at *9 (C.D. Cal. June 28, 2024).

B.     **Declaratory Relief**

Because the Court does not find Plaintiffs' first two claims to have been rendered moot by the Foundational Rule, it is within the Court's discretion whether to grant declaratory relief to Plaintiffs. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) (explaining that declaratory relief is inappropriate for moot issues). Plaintiffs admit that so long as the Foundational Rule is in place, their requested declaratory relief would function as little more than backup in ensuring children in ORR custody are afforded the rights to which they are entitled. Pls.' MDJ & MTD Opp. at 24–25. Because the Rule could be terminated or weakened—via the proposed CRA resolution or otherwise—declaratory judgment would "serve a useful purpose in clarifying and settling the legal relations in issue." *See Guerra*, 783 F.2d at 1376. The Foundational Rule is an impressive achievement by all parties in this action and the *Flores* action, and it will hopefully provide critical protections to non-citizen children for generations to come. It is nonetheless true that in the absence of the Rule or the Court's now-dissolved preliminary injunction, Plaintiffs would once again find themselves and their rights back at square one, and Defendants could land back in court in the future, re-litigating many of the same issues. Given the past six years of hard-fought litigation, that would be an undesirable result. The Court therefore concludes that declaratory relief is appropriate here in order to "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *See id; see also Rosebrock*, 745 F.3d at 974 (describing the potential utility of a declaratory judgment if the "objectionable conduct" could recur in the future, but denying injunctive relief for mootness).

The Court **GRANTS** Plaintiffs' motion for declaratory judgment, which amounts to nothing more than memorializing in a final judgment what the Court already articulated in its MSJ Order.

### C. Final Judgment

All claims in this action have now been resolved—claims one and two through summary judgment and claims three, four, and five through settlement. It is now appropriate to enter a final judgment to resolve this action.

## IV.
## CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss Plaintiffs' first and second claims for relief is **DENIED**, Plaintiffs' Motion for Declaratory Judgment regarding their first and second claims for relief is **GRANTED**, and the Court will enter final judgment in this action consistent with the following:

1. In entering final judgment, the Court hereby INCORPORATES its findings and legal conclusions in the MSJ Order entered March 11, 2022, with respect to Plaintiffs' first claim for relief on behalf of the "unfit custodian class" and second claim for relief on behalf of the "step-up class." *See* MSJ Order [Doc. # 376].

2. Regarding Plaintiffs' "psychotropic medications," "legal representation," and "disability" claims, as provided in the Parties' Agreements and approved by the Court on May 3, 2024, "the Court will retain jurisdiction over its judgment and [Approval Order] only for the purposes of interpreting and enforcing the Agreements until the Termination Dates, as set forth in the Agreements." *See* Approval Order at 3 [Doc. # 433].

**IT IS SO ORDERED.**

DATED: September 16, 2024

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE